

Plaintiffs' Exhibit 157

U.S. GOVERNMENT ACCOUNTABILITY OFFICE
*A Century of Non-Partisan Fact-Based Work*

441 G St. N.W.
Washington, DC 20548

# EXHIBIT 82

# Decision

**Matter of:** Centers for Disease Control and Prevention—Applicability of Congressional Review Act to Requirement for Persons to Wear Masks While on Conveyances and at Transportation Hubs

**File:** B-333501

**Date:** December 14, 2021

## DIGEST

On February 3, 2021, the Centers for Disease Control and Prevention (CDC) published a document in the Federal Register entitled *Requirement for Persons to Wear Masks While on Conveyances and at Transportation Hubs*, 86 Fed. Reg. 8025 (Mask Requirement). Under the CDC's Mask Requirement all persons using public conveyances such as planes, trains, and buses must wear facial coverings while on the conveyance and at transportation hubs such as airports and bus stations. CDC did not submit a CRA report to Congress or the Comptroller General on the Mask Requirement.

The Congressional Review Act (CRA) requires that before a rule can take effect, an agency must submit the rule to both the House of Representatives and the Senate as well as the Comptroller General, and provides procedures for congressional review where Congress may disapprove of rules. We conclude that the Mask Requirement meets the definition of a rule for purposes of CRA and, therefore, is subject to CRA's requirements for submission and congressional review. With this decision, we are not taking a position on the policy of imposing a mask requirement or what steps the agency or Congress may take next; our decision only addresses CDC's compliance with CRA's procedures for congressional review.

## DECISION

The Centers for Disease Control and Prevention (CDC), a component of the U.S. Department of Health and Human Services (HHS), issued a document entitled *Requirement for Persons to Wear Masks While on Conveyances and at Transportation Hubs*, 86 Fed. Reg. 8025 (Mask Requirement) that was published in the Federal Register on February 3, 2021. Senator Rand Paul, M.D., subsequently requested our legal decision as to whether the Mask Requirement is a rule for purposes of the Congressional Review Act (CRA). Letter from Senator Rand Paul,

M.D., to Comptroller General (Aug. 9, 2021). For the reasons explained below, we conclude that it is.

Our practice when rendering decisions is to contact the relevant agencies to obtain their legal views on the subject of the request. GAO, *Procedures and Practices for Legal Decisions and Opinions*, GAO-06-1064SP (Washington, D.C.: Sept. 2006), *available at* https://www.gao.gov/products/gao-06-1064sp. Accordingly, we reached out to HHS to obtain the agency's legal views. Letter from Managing Associate General Counsel, GAO, to Acting General Counsel, HHS (Aug. 12, 2021). We received HHS's response on September 28, 2021. Letter from Acting General Counsel, HHS, to Managing Associate General Counsel, GAO (Sept. 28, 2021) (Response Letter).

BACKGROUND

<u>CDC Mask Requirement</u>

On January 31, 2020, in response to confirmed cases of Novel Coronavirus Disease 2019 (COVID-19), the Secretary of HHS declared a public health emergency under the Public Health Service Act.[1] The Secretary has renewed that declaration, most recently on October 15, 2021.[2] Subsequently, the President declared that the COVID-19 outbreak constitutes a national emergency under the National Emergencies Act. Proclamation No. 9994, 85 Fed. Reg. 15,337 (Mar. 18, 2020). The national emergency declaration was continued on February 24, 2021. 86 Fed. Reg. 11,599 (Feb. 26, 2021).

On January 29, 2021, CDC issued the Mask Requirement pursuant to its regulatory authorities under the Public Service Health Act with an effective date of February 1, 2021.[3] Mask Requirement, at 8025-26. It was published in the Federal Register on February 3, 2021.

---

[1] HHS, *Determination that a Public Health Emergency Exists* (Jan. 31, 2020), *available at* https://www.phe.gov/emergency/news/healthactions/phe/Pages/2019-nCoV.aspx (last visited Oct. 26, 2021).

[2] HHS, *Public Health Emergency Declarations*, *available at* https://www.phe.gov/emergency/news/healthactions/phe/Pages/default.aspx (last visited Nov. 2, 2021).

[3] Regulations implementing the Public Health Service Act empower CDC to take measures to prevent the introduction or spread of communicable diseases. 42 U.S.C. § 264; 42 C.F.R. §§ 70.2, 71.31, 71.32. Actions CDC can take include inspection, fumigation, disinfection, sanitation, and pest extermination, among others. 42 C.F.R. §§ 70.2, 71.31, 71.32.

The Mask Requirement states that masks help prevent the spread of COVID-19. Mask Requirement at 8028. The stated intent of the Mask Requirement is to preserve human life; maintain a safe and secure operating transportation system; mitigate further introduction, transmission, and spread of COVID–19 into and within the United States; and support response efforts. *Id.* at 8027 (statement of intent).

Under the Mask Requirement, a person must wear a mask while boarding, disembarking, and traveling on any conveyance (such as an aircraft, train, road vehicle, or vessel) into or within the United States. *Id.* at 8026, 8029. A person also must wear a mask while at a transportation hub (such as an airport, bus terminal, port, or subway station) that provides transportation within the United States. *Id.* It also requires conveyance operators to only provide service to masked passengers and to use best efforts to ensure passengers stay masked during the entire trip. *Id* at 8029.

The Mask Requirement provides several exemptions based on the characteristics of a passenger or the travel scenario. *Id.* at 8027-28. For instance, passengers under the age of two are exempt, as is travel by private conveyance for personal, non-commercial use. *Id.* at 8027, 8029. Other federal agencies are required to take additional steps to enforce the Mask Requirement. *Id.* at 8028, 8030. The Mask Requirement will remain in effect until rescinded by CDC or the public health emergency is ended by the Secretary of HHS. *Id.* at 8026.

<u>Congressional Review Act</u>

CRA, enacted in 1996 to strengthen congressional oversight of agency rulemaking, requires federal agencies to submit a report on each new rule to both Houses of Congress and to the Comptroller General for review before a rule can take effect. 5 U.S.C. § 801(a)(1)(A). The report must contain a copy of the rule, "a concise general statement relating to the rule," and the rule's proposed effective date. *Id.* Each House of Congress is to provide the report on the rule to the chairman and ranking member of each standing committee with jurisdiction. 5 U.S.C. § 801(a)(1)(C). The CRA allows Congress to review and disapprove rules issued by federal agencies for a period of 60 days using special procedures. 5 U.S.C. § 802. If a resolution of disapproval is enacted, then the new rule has no force or effect. *Id.*

CRA adopts the definition of rule under the Administrative Procedure Act (APA), 5 U.S.C. § 551(4), which states that a rule is "the whole or a part of an agency statement of general or particular applicability and future effect designed to implement, interpret, or prescribe law or policy or describing the organization, procedure, or practice requirements of an agency." 5 U.S.C. § 804(3). CRA excludes three categories of rules from coverage: (1) rules of particular applicability; (2) rules relating to agency management or personnel; and (3) rules of agency organization, procedure, or practice that do not substantially affect the rights or obligations of non-agency parties. *Id.*

CDC did not submit a CRA report to Congress or the Comptroller General on the Mask Requirement. In its response to us, CDC stated the Mask Requirement was not subject to the CRA because it was an emergency action under CDC's regulatory authorities and that any delays could result in serious harms. Response Letter, at 1.

DISCUSSION

The issue here is whether the CDC Mask Requirement is a rule under CRA. Applying the statutory framework of CRA, we first address whether the Mask Requirement meets the definition of a rule under APA. We conclude that it does. Second, we address whether any of the CRA exceptions apply. We conclude they do not. Therefore, we conclude the Mask Requirement is a rule for purposes of CRA.

CDC considers the Mask Requirement to be an order issued under its regulatory authorities implementing the Public Health Service Act. *See* Response Letter, at 1-2 ("[t]he mask order is an emergency action taken under 42 C.F.R. §§ 70.2, 71.31(b), and 71.32(b) . . . implementing regulations of 42 U.S.C. § 264"). Although an agency's characterization should be considered in deciding whether its action is a rule under the APA definition (and whether, for example, it is subject to notice and comment rulemaking requirements), "[an] agency's own label . . . [is] not dispositive." *Chamber of Commerce of the U.S. v. OSHA*, 636 F.2d 464, 468 (D.C. Cir. 1980); B-329272, Oct. 19, 2017.

The APA defines a rule as "the whole or a part of an agency statement of general or particular applicability and future effect designed to implement, interpret, or prescribe law or policy or describing the organization, procedure, or practice requirements of an agency . . . ." 5 U.S.C. § 551(4). By contrast, the APA defines an order to be "the whole or a part of a final disposition, whether affirmative, negative, injunctive, or declaratory in form, of an agency in a matter other than rule making but including licensing." 5 U.S.C. § 551(6). As we have noted in our prior decisions, these two definitions make rules and orders mutually exclusive categories. *See* B-332233, Aug. 13, 2020, at 3.

Here the Mask Requirement meets the APA definition of a rule rather than an order. Regarding the first element of a rule, the Mask Requirement is an agency statement because it is an official document published in the Federal Register by CDC. Mask Requirement at 8025-26. It is of future effect, satisfying the second element, because the order states that it remains in place until rescinded or the public health emergency is terminated. *Id.* at 8026. Third, it implements and prescribes law or policy as it requires all travelers to wear a mask where previously they were not required to do so. *Id.* at 8028-29. Thus, the Mask Requirement falls within the APA's definition of rule.

Conversely, despite its label, the Mask Requirement is not an order for purposes of the APA because it is not the result of an adjudicatory process. *See Coalition for*

*Common Sense in Gov't Procurement v. Sec'y for Veterans Affairs*, 464 F.3d 1306, 1316-17 (Fed. Cir. 2006). As noted previously, an order is defined as "the whole or a part of a final disposition, whether affirmative, negative, injunctive, or declaratory in form." 5 U.S.C. § 551(6). Thus, an order results from an adjudicatory process. *See Coalition for Common Sense in Gov't Procurement*, 463 F.3d at 1316-17. Here, the Mask Requirement was not the result of an adjudicatory process but a prospective requirement setting process. In its response to us, CDC described its process for drafting the Mask Requirement. "[It] was drafted and cleared by the CDC program (Division of Global Migration and Quarantine), Center (National Center for Emerging and Zoonotic Infectious Diseases), and CDC's Office of the Director before it was provided to HHS for Departmental review. Following HHS review and clearance, it was provided to OMB." Response Letter at 2. This is a process used to draft rules, not an adjudicatory proceeding.

In support of its position that the agency action here is an order not a rule, CDC asserted that its long-standing regulations permit it to act quickly to prevent the spread of communicable diseases and any delay in issuance of the Mask Requirement "could result in serious harm." Response Letter, at 1. CDC further stated that the order was an emergency action and requiring the order to go through notice and comment before taking effect "would exacerbate the substantial harm that the order was intended to mitigate." *Id.*

While CRA does not provide an emergency exception from its procedural requirements to submit rules for congressional review, CRA and APA address an agency's need to take emergency action without delay. Agencies can waive the required delay in effective date requirement when an agency for "good cause" finds (and incorporates the finding and a brief statement of reasons in the rule issued) that notice and public procedure are "impracticable, unnecessary, or contrary to the public interest." 5 U.S.C §§ 553(b), 808(2). Therefore, an agency can provide for a rule to take effect immediately while still complying with the agency's statutory obligation to submit the rule to Congress for review.[4]

Having determined the Mask Requirement meets the definition of a rule, we must determine if any of the CRA exceptions apply. We conclude they do not. First, it is not a rule of particular applicability as it applies to all travelers using public conveyances and is not limited to specific parties. Mask Requirement, at 8028-29. Second, it does not deal with agency management or personnel but with travelers and conveyance operators. *Id.* at 8026. Finally, it is not a rule of agency organization, procedure, or practice that does not substantially affect the rights or obligations of non-agency parties as it imposes new requirements on people who are traveling to wear masks while in transit and at transportation hubs. *Id.* at 8028-

---

[4] Over the course of the COVID-19 public health emergency, several agencies have submitted rules for congressional review while waiving the delay in effective date by invoking CRA's good cause exception. *See, e.g.,* B-333486, Aug. 10, 2021; B-333381, Jul. 9, 2021; B-332918, Feb. 5, 2021.

29. It also requires operators to only provide service to masked passengers. *Id.* Thus, no exception applies.

CONCLUSION

The Mask Requirement is a rule for purposes of CRA because it meets the APA definition of a rule and no CRA exception applies. Accordingly, before it can take effect, the Mask Requirement is subject to the requirement that it be submitted to both Houses of Congress and the Comptroller General for review, which provides Congress a period of 60 days in which it may disapprove the rule using special procedures in accordance with the CRA. While CDC asserted the need to act quickly as its justification for not submitting the Mask Requirement for congressional review, there is not an emergency exception under CRA. An agency may, however, invoke the CRA's good cause exception and provide for a rule to take effect immediately while still complying with the agency's statutory obligation to submit the rule to Congress for review. With this decision, we are not taking a position on the policy of imposing a mask requirement or what steps the agency or Congress may take next; our decision only addresses CDC's compliance with CRA's procedures for congressional review.

*Edda Emmanuelli Perez*

Edda Emmanuelli Perez
General Counsel