**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAY – 1 2023
CLERK, U.S. DISTRICT COURT
By_____ Deputy

AARON ABADI,

      Plaintiff

CASE # **2-23 C V - 0 7 4 - 2**

V.

AMERICAN AIRLINES GROUP, INC., et al

---

## PLAINTIFF'S MOTION TO THE COURT TO

## REQUEST A PRO BONO ATTORNEY

COMES NOW Plaintiff, *pro se*, with this motion, pursuant to 28 U.S.C. § 1915(e)(1), Plaintiff would like to ask this court to do its best to facilitate an appointment of a pro bono attorney on his behalf. While, the court is not required to provide attorney in civil lawsuits, the court will sometimes provide one, specifically in circumstances where the court believes that justice may not be served properly without it.

1

Plaintiff has filed a Complaint against 46 airlines, several employees, 2 attorneys, 2 medical advisory groups, federal agencies, federal employees, and even the President himself for their mishandling of the Covid-19 era policies, specifically with relation to mask mandates, and for their discriminating against him and not allowing him to travel. Plaintiff has a medical disability, specifically sensory processing disorder, where he cannot wear a mask. Defendants refused to allow him to travel on airplanes without wearing a mask in spite of his disability, and/or made discriminatory requirements of him in order to do so. The injuries were colossal, and the damages were astronomical.

### Legal Standard:

The in forma pauperis statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. Hodge v. Police Officers, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to seek pro bono representation for a civil litigant. Id.

Even if a court does believe that a litigant should have a free lawyer, under the in forma pauperis statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant.

2

Mallard v. U.S. Dist. Court for the S. Dist. Of Iowa, 490 U.S. 296, 301–310 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore request the services of pro bono counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 172-73 (2d Cir. 1989).

In Hodge, the Second Circuit Court of Appeals set forth the factors a court should consider in deciding whether to grant a litigant's request for pro bono counsel. 802 F.2d at 61–62. Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed in forma pauperis. The court must then consider whether the litigant's claim "seems likely to be of substance" – "a requirement that must be taken seriously." Id. at 60–61.

If these threshold requirements are met, the court must next consider such factors as: the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination. (The above was quoted verbatim from Vivar v. City of New York, 2021 WL 568548, at *1 (S.D.N.Y., 2021)).

3

The second test if the court should provide an attorney is that "the court must then consider whether the litigant's claim "seems likely to be of substance." In this case, the court will do a thorough review pursuant to 1915 to confirm that the case is likely of substance. I am confident that this court will determine that this case is of substance.

## ARGUMENTS

Plaintiff will show that there is very little chance for him to succeed in this lawsuit on his own without an attorney. If this court will not provide him with an opportunity to have a pro bono attorney, it is most likely that Plaintiff will not receive the justice that he deserves, as a citizen of the United States. The fact that this Plaintiff can articulate his claims reasonably well, should not reflect on his ability to receive proper justice. As in Henderson, the Seventh Circuit found, "And Henderson can show prejudice. As noted, prejudice in this context means "a reasonable likelihood that the presence of counsel would have made a difference in the outcome of the litigation." Pruitt, 503 F.3d at 659." Henderson v. Ghosh, 755 F.3d 559, 566 (C.A.7 (Ill.), 2014).

Here, in our case, there is a very unique and uncommon situation. For some strange reason, although Plaintiff is disabled, and this normally would bring out people's empathy and caring, in this scenario, it has been the complete opposite. I

will concede that such a disability is relatively rare, yet Americans are not like this. Americans look around the world and we judge all other countries with respect to human rights violations. Not allowing a disabled person access to a public accommodation is a classic human rights violation, yet, we, the American people have been put to that test, and failed horribly.

Many stores across the country had no problem throwing Plaintiff out, with extreme rudeness. At times the police were called to remove him. Starbucks, Walmart, Target, Apple, and so many others had no problem throwing Plaintiff out of their stores. He showed them his Doctor's letter; he explained to them the relative federal, state, and local laws, but to no avail. They were mean, obnoxious, and not interested. Plaintiff has taken many of them to courts or local human rights commissions, and almost all of them are fighting back to the end. They believe that they were right about what they did, as no one seems to be standing up to them, and they are willing to spend hundreds of thousands of dollars to win.

Hospitals and doctor's offices have been throwing Plaintiff out and withholding essential medical care. Over 50 airlines refused Plaintiff access to fly on their planes, in spite of very clear statements by the Dept. of Transportation ("DOT") that they are required to allow me to fly without a mask due to my disability. Many airlines were even given violations by the DOT. Now, if Plaintiff had an ability to wear a mask, he would wear it all day, and even in the shower.

5

Unfortunately, as Plaintiff's doctors attest to it, Plaintiff's disability causes him not to be able to wear a mask. Imagine if a person in a wheelchair was not allowed to fly on an airplane "because everyone who flies on our planes must only walk in," wouldn't that be horrible and a serious violation of human rights? Yet, with Covid-19, political bias and possibly the excessive fear is causing people to ignore the law and defy all morals and just throw me out or deny me access.

Of course, if there was a safety or health issue that justifies their actions, that would be reasonable.  However, the disability laws themselves come with specific rules and laws regarding this, specifically requiring an individual evaluation to determine if there is a direct threat. As you can see in the complaint, if that evaluation was ever done, Plaintiff would not be considered a direct threat. Yet, so many people, companies, and even federal agencies had no problem denying Plaintiff access due to his disability, and none did an individual evaluation as required by law.

Each state has a human rights commission. Plaintiff filed complaints in multiple states, and almost all, threw the cases out.  They used vague explanations like "the public interest is not served by continuing the investigation," and/or "the Commission finds NO REASONABLE CAUSE..."  The real reason was probably as described.  The Department of Justice ("DOJ") has an office exclusively

6

enforcing The Americans with Disabilities Act ("ADA"). Plaintiff filed multiple complaints with them, and they threw every one out, due to lack of interest.

This is what I am facing. There is a strange political bias against anyone who does not want to wear a mask. There is an intense animus towards me. I am not against wearing masks. My children all wore masks when so advised by the doctors and/or the executive orders, or store policies. I wish I could wear a mask. I wish I could wear glasses and sunglasses. Unfortunately, I cannot.

Somehow the people are so angry and full of fear that they forgot their morals. Since when do Americans mistreat the disabled?! How often do we see people denying access to people in wheelchairs?! Almost never. Yet, with this mask situation, it is rampant. Plaintiff was never a serial litigant, yet he now has more than a dozen cases filed in courts and a similar amount filed with human rights commissions.

The laws are clear. A person with a disability has rights and cannot be treated differently at a place of public accommodation. Those rights were denied to me and are continued to being denied to me as I litigate these cases. The DOT, while it cited many airlines with violations, it said that it will not enforce them. There will be no repercussions whatsoever for those airlines. Plaintiff filed with the 2nd Circuit and the DC Circuit Courts of Appeal a Petition for Review, to ask the courts to compel the DOT to do their job and enforce the violations. They denied

7

Plaintiff with barely an explanation. Nobody likes an indigent pro se plaintiff complaining about disability discrimination. They cannot even hide their disdain. I get it.

Police officers are joining with these people to throw Plaintiff out of public accommodations, in spite of the laws that they are violating, both civil and criminal. The TSA tried throwing me out of Kennedy Airport in New York. I am 58 years old and I've never seen such barbarism in my life. Some judges are accepting insane arguments that make zero sense, just to get this idiot indigent pro se fellow out of their courtroom. As they say, "you can't fight city hall."

If this Plaintiff was required to proceed alone without any attorney's assistance, it is most likely that he will lose the case. This is not because he will lose on the merits, but rather he would lose due to the overwhelming bias that exists amongst the American people, possibly the jury, and even often in the courts themselves. On the other hand, if the court could provide Plaintiff with a qualified attorney, who is hopefully unbiased, he/she can help clarify the law and articulate it properly. The attorney can help the opposing counsel and the court see beyond the political side of this issue. The attorney can respond to multiple elaborate motions to dismiss, discovery requests and responses, and multiple pleadings and filings, and hopefully, this Plaintiff can have a chance at real justice.

## **CONCLUSION**

As Plaintiff explains herein, Plaintiff hereby asks this court to provide a pro bono attorney, to hopefully ensure that justice is provided to him. If Plaintiff loses this case, let it be on the merits, and not on his inability to receive real justice.


WHEREFORE, Plaintiff asks this court to provide him with an attorney, pro bono. Respectfully submitted this 26th day of April, 2023.

AARON ABADI, Plaintiff
82 Nassau Street Apt 140
New York, NY 10038
516-639-4100
Email: aa@neg.com



RECEIVED
MAY - 1 2023
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

US POSTAGE
$31.90
CPU
PKGS
04/27/23   Mailed from: 08701

**USPS RETAIL GROUND®**

R2303S101934   2000052201

026W

9 LB 2.2 OZ

SHIP
TO:
205 SE 5TH AVE
AMARILLO TX 79101-1559

FROM: Abadi
82 Nassau st 140
NY, NY 10038

TO: COURT CLERK
US District Court
205 SE 5th Ave Rm 133
Amarillo TX
79101-1559