IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

AARON ABADI,

    Plaintiff,

v.    2:23-CV-074-Z

AMERICAN AIRLINES GROUP
INC., *et al.*,

    Defendants.

## ORDER

On May 1, 2023, Plaintiff — a resident of New York — filed his Complaint before this Court. ECF No. 3. The Complaint lists myriad defendants who allegedly prevented Plaintiff from flying without a facemask during the COVID-19 pandemic. Among the defendants are more than forty domestic and international airlines, other individuals and entities, along with President Biden, Dr. Anthony Fauci, and a few federal agencies for good measure. *Id.* at 5–26. By the Court's count, only two of the sixty-two parties — American Airlines Group, Inc. and Southwest Airlines Co. — reside in the Northern District of Texas for venue purposes. Yet, Plaintiff asserts venue is proper in this District under 28 U.S.C. § 1391(b) or (e)(1). *Id.* at 30. Not so.

### A. A Substantial Part of the Events Did Not Occur in This District

Generally, a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2). "Although the chosen venue does not have to be the place where the most relevant events took place, the selected district's contacts still must be substantial." *McClintock v. Sch. Bd. E. Feliciana Par.*, 299 Fed. Appx. 363, 365 (5th Cir. 2008). That is not the case here. Plaintiff alleges "the airline defendants denied Plaintiff his

civil rights by not allowing him to fly through their airlines to and from Amarillo." ECF No. 3 at 30. But the fact that Plaintiff allegedly desired to travel *to* this District does not mean a substantial part of the events occurred *in* this District. Plaintiff states he flies over forty times a year and lists California, England, Switzerland, Israel, Texas, Florida, Chicago, Saudi Arabia, India, United Arab Emirates, "and many other destinations." ECF No. 3-1 at 38, 42, 103. But aside from a trip to Paris, Plaintiff's 292-page Complaint mostly reads as a list of times he stayed put in New York. In other words, when a New Yorker is told he cannot board a flight out of New York, the event did not occur in the Northern District of Texas. Therefore, Plaintiff cannot establish proper venue under Section 1391(b)(2).

### B. Section 1391(e)(1) Applies Only to Federal Defendants

"A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which" "a defendant in the action resides." 28 U.S.C. § 1391(e)(1). As mentioned, two of the airline defendants do reside in the Northern District of Texas. However, Section 1391(e)(1) "applies only to proper federal defendants." 14D FED. PRAC. & PROC. JURIS. § 3815 (4th ed.). In other words, venue "must be determined separately for defendants not covered by Section 1391(e)." *Id.*; *see also Hensley v. U.S. Dist. Ct. E. Dist. of Cal.*, No. CIV S-07-1546 FCD DAD PS, 2008 WL 480000, at *5 (E.D. Cal. Feb. 19, 2008) (additional defendants may be joined with the federal defendant *only* in accordance with "such other venue requirements as would be applicable if the United States or one of its officers, employees, or agencies were not a party.") (quoting 28 U.S.C. § 1391(e)); *A.J. Taft Coal Co. v. Barnhart*, 291 F. Supp. 2d 1290, 1300–01 (N.D. Ala. 2003) ("[A] defendant" in Section 1391(e)(1) "refers only to federal agencies

and officers."). Because no federal defendant resides in this district, venue is improper under Section 1391(e).

### C. The Court Has Discretion to Dismiss or Transfer the Case

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Under Section 1391(e)(1)(c), venue is proper where "the plaintiff resides if no real property is involved in the action." Plaintiff resides in the borough of Manhattan in New York City, New York. ECF No. 3 at 5. Therefore, the case could have been brought in the Southern District of New York. Accordingly, the Court in its discretion **TRANSFERS** this case to the Southern District of New York. *See also Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962) (Section 1406 transfer is authorized even if the transferring court may lack personal jurisdiction over some defendants).

**SO ORDERED.**

May 2, 2023

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

3