UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AARON ABADI,

       Plaintiff,

-against-

AMERICAN AIRLINES GROUP, INC., *et al.*,

       Defendants.

23-CV-4033 (LJL)

ORDER OF SERVICE

LEWIS J. LIMAN, United States District Judge:

  Plaintiff, who is appearing *pro se*, brings this action under the Air Carrier Access Act ("ACAA"), 49 U.S.C. § 41705; 42 U.S.C. §§ 1985, 1986; Section 504 of the Rehabilitation Act of 1973; and 28 U.S.C. § 1332, alleging that Defendants discriminated against him and prohibited him from traveling. By order dated August 21, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

## STANDARD OF REVIEW

  The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

  While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id*.

## DISCUSSION

Because Plaintiff alleges that his constitutional rights were violated by President Biden, the National Institutes of Health, Dr. Anthony Steven Fauci, the Centers for Disease Control and Prevention, Dr. Robert Ray Redfield, Jr., and the United States Department of Health and Human Services, the Court liberally construes Plaintiff's claims against these Defendants as asserting claims against these federal officials and federal agencies under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) ("[*Bivens*] is the federal analog to suits brought against state officials under [§ 1983].").

A.      **Sovereign Immunity**

Under the doctrine of sovereign immunity, these Defendants are immune from any liability arising out of Plaintiff's claims. The doctrine of sovereign immunity bars federal courts from hearing all suits against the federal government, including suits against federal agencies, unless sovereign immunity has been waived.[1] *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *see Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency . . . is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived.").

The Court therefore dismisses all claims brought against President Biden, the National Institutes of Health, Dr. Anthony Steven Fauci, the Centers for Disease Control and Prevention, Dr. Robert Ray Redfield, Jr., and the United States Department of Health and Human Services under the doctrine of sovereign immunity.[2] *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

---

[1] The Federal Tort Claims Act, codified at 28 U.S.C. §§ 2671-80 ("FTCA"), provides for a waiver of sovereign immunity for certain claims for monetary damages arising from the tortious conduct of federal government officers or employees acting within the scope of their office or employment. *See* 28 U.S.C. § 1346(b)(1). Plaintiff fails, however, to allege facts showing compliance with the FTCA's procedural requirements. *See Johnson v. Smithsonian Inst.*, 189 F.3d 180, 189 (2d Cir. 1999). Before bringing a claim in a federal district court under the FTCA, a claimant must first exhaust her administrative remedies by filing a claim with the appropriate federal government entity and must receive a final written determination. 28 U.S.C. § 2675(a). If no final written determination is made by the appropriate federal government entity within six months of the date of the claimant's filing, the claimant may bring a FTCA action in a federal district court. *Id.* This requirement is jurisdictional and cannot be waived. *See Celestine v. Mount Vernon Neighborhood Health Cir.*, 403 F.3d 76, 82 (2d Cir. 2005). Plaintiff does not allege facts showing that he has filed an administrative claim under the FTCA with any federal government entity with respect to his claims.

[2] The President is absolutely immune from suit for damages "predicated on his official acts." *Nixon v. Fitzgerald*, 457 U.S., 749 (1982); *Int'l Siva Consciousness, et al. v. United States, et al.*, ECF 1:92-CV-8188, 32, 1993 WL 322862, at *1 (S.D.N.Y. Aug. 18, 1993). Plaintiff's claims against President Biden for acts performed in his official capacity as President of the United States are therefore also foreclosed by absolute immunity and are frivolous. *See* 28

B.  **Service on Remaining Defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[3] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendants — 46 airlines, several employees, two attorneys, and two medical advisory groups — through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for these Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

---

U.S.C. § 1915(e)(2)(B)(i), (iii); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989))).

[3] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summonses and complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

C.     **New York Legal Assistance Group**

Plaintiff may consider contacting the New York Legal Assistance Group's ("NYLAG") Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this court. The clinic is run by a private organization; it is not part of, or run by, the court. It cannot accept filings on behalf of the court, which must still be made by any *pro se* party through the Pro Se Intake Unit. A copy of the flyer with details of the clinic is attached to this order.

## CONCLUSION

The Court dismisses Plaintiff's claims against President Biden, the National Institutes of Health, Dr. Anthony Steven Fauci, the Centers for Disease Control and Prevention, Dr. Robert Ray Redfield, Jr., and the United States Department of Health and Human Services, as barred by the doctrines of sovereign immunity, absolute immunity and as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989))).

The Clerk of Court is instructed to issue summonses for the remaining Defendants, complete the USM-285 forms with the addresses for these Defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to mail an information package to Plaintiff.

Plaintiff is referred to NYLAG. A copy of the Clinic's flyer is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: August 23, 2023
       New York, New York

                                        LEWIS J. LIMAN
                                  United States District Judge