UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **AARON ABADI,**<br><br>　　　　Plaintiff,<br><br>-against-<br><br><br>**AMERICAN AIRLINES GROUP, INC., et al.,**<br><br>　　　　Defendants. | **Case 23-CV-4033 (LJL)** |

## MOTION FOR RECONSIDERATION

　　The Plaintiff hereby would like to move this Court to reconsider the recent Order dated August 23, 2023 dismissing the complaints against the federal defendants.

　　In the Court's Order it states, "Plaintiff fails, however, to allege facts showing compliance with the FTCA's procedural requirements."  (Doc. 15 footnote 1 on page 3 of 6).

On the contrary, I believe that I did allege those facts.

In Document 3-2 on Page 41 of 67, paragraph 1234 it says the following: "Plaintiff filed directly with the agencies, and was denied, and is therefore entitled by law to sue them in this complaint." It also mentions it elsewhere in the Complaint. On page 29 of 67 paragraph 1166, in the same document it says, "As mentioned above, Plaintiffs exhausted their administrative remedies, and now should be entitled to relief through State Civil Rights laws specifically created for this purpose." (not sure how I mistakenly made Plaintiffs plural).

I apologize for not being more clear, and for not saying the words FTCA specifically. I'm new to this and it was a huge undertaking. As you will see from the attached Exhibits, Plaintiff exhausted the administrative remedies, and he did follow the procedural requirements.

On January 18, 2023, the attorneys for the HHS, NIH, and CDC acknowledged receipt of my FTCA claims. (Exhibit A).

On January 3, 2023, the attorneys for the DOJ, TSA, and DOT acknowledged receipt of my FTCA claims. (Exhibit B).

On January 19, 2023 the attorneys for the HHS, NIH, and CDC officially denied my claims. (Exhibit C).

The attorneys for the DOJ, TSA, and DOT never responded to me after the initial acknowledgment, and the six months required has since expired.

This case was filed initially May 1, 2023, in the District Court in Northern Texas. It was transferred by the District Judge from Texas to this Court on or about May 8, 2023. This was well within the six months allowed by the FTCA laws with respect the HHS, NIH, and CDC denial of the claims.

The DOJ, TSA, and DOT were added in Supplemental Complaint (Doc. 12 & 12-1 – currently awaiting approval) on or about July 10, 2023, which is right after the six months ended from the filing of the complaint. Being that they did not respond, Plaintiff has six months to sue them in court, starting from around July 3rd.

Additionally, in the causes of action, Counts one through three are violations of the Administrative Procedure Act laws ("APA"), which Plaintiff should be entitled to litigate against federal agencies in this Court. Many of the other Counts should be available too.

Considering the above, Plaintiff wonders if it is fair to say that an appeal would be in bad faith.

WHEREFORE, Plaintiff asks this court to reconsider its decision dismissing the Complaint against the federal defendants, or alternatively allow for an appeal utilizing Plaintiff's in forma pauperis status.

Respectfully submitted this 24th day of August, 2023.

s/Aaron Abadi
AARON ABADI, Plaintiff
82 Nassau Street Apt 140
New York, NY 10038
Tel: 516-639-4100
Email: abadi.rne@gmail.com

**DEPARTMENT OF HEALTH & HUMAN SERVICES**

EXHIBIT A

Office of the General Counsel
General Law Division
Claims Office
330 C Street, SW.
Switzer Building, Suite 2100
Washington, D.C. 20201
Heather.Hill@hhs.gov

Sent via e-mail to: *aa@neg.com*

January 11, 2023

Aaron Abadi
82 Nassau Street, Apartment 140
New York, NY 10038

**Re:    Administrative Tort Claim of Aaron Abadi**,
       **Claim No. 2023-0140**

Dear Aaron Abadi:

This will acknowledge the receipt of the administrative tort claim you filed for *personal injury and/or, loss of property or other damage(s)* occurring on or about January 31, 2021 to April 18, 2022. Your administrative tort claim was received in the Claims Office on December 31, 2022 for consideration and reply.

In order to evaluate your administrative tort claim, please forward the following substantiating evidence within thirty (30) days of receipt of this letter:

1) For each claim of personal injury alleged in the administrative claim, provide medical records, including reports by medical providers concerning the nature and extent of the injury, nature and extent of medical treatment, any degree of temporary or permanent physical or mental disability, the prognosis, any period of hospitalization, and any diminished earning capacity resulting from your injuries.

2) For any claim of personal injury alleged in the administrative claim, provide all X-rays, ultrasonography, computed tomography ("CT"), and magnetic resonance imaging ("MRI"), **preferably on CDs or thumb drives and shipped by FEDEX, DHL OR UPS**.

3) Itemized bills pertaining to any medical expenses you claim to have incurred in relation to any claim of personal injury;

4) If a claim is made for lost wages, a signed statement from your current or former employer showing actual time and wages lost;

5) If a claim is made for loss of income and the claimant is self-employed, documentary evidence showing the amount of earnings actually lost.

6) If your claim is for damage to or loss of property, real or personal, please submit the following evidence:

        (i) Proof of ownership.

        (ii) A detailed statement of the amount claimed with respect to each item of property.

        (iii) Evidence relating to the date of purchase, purchase price, and market value of the property as of the date of loss;

        (iv) Any other evidence or information that may have a bearing either on the responsibility of the United States for the injury to or loss of property or the damages claimed.

7)      Any other documents, evidence or information that you believe has bearing on the responsibility of the federal government for the injuries and/or the damages claimed.

8)      If any of the documents requested above have already been provided to the OGC's Claims Office in support of your administrative tort claim, please disregard those requests.

**Please e-mail the package to <u>heather.hill@hhs.gov</u>.**

Please be advised that all evidence must be furnished by the claimant within a reasonable period of time. By operation of 45 C.F.R. § 35.4(d), a claimant's failure to furnish evidence necessary to make a determination of his/her administrative tort claim within three months after a request for such evidence has been made, may be deemed an abandonment of the administrative tort claim. Further, a claimant's failure to provide requested evidence during the administrative tort claim process may result in a finding that his/her administrative remedies have not been exhausted, even if suit is filed more than six months after filing an administrative tort claim. See <u>Swift v. United States</u>, 614 F.2d 812 (1st Cir. 1980).

                                                                Yours truly,

                                                                *Heather E. Hill*

                                                                Heather E. Hill
                                                                Paralegal Specialist
                                                                Claims and Employment Law Branch

EXHIBIT B

**aa@neg.com**

---

| | |
|---|---|
| **From:** | Johnson, Gail K. (CIV) <Gail.K.Johnson@usdoj.gov> |
| **Sent:** | Tuesday, January 3, 2023 11:55 PM |
| **To:** | aa@neg.com |
| **Subject:** | Your Three FTCA Claims |
| **Attachments:** | [EXTERNAL] FTCA Claim against TSA & officers/employees (135 KB); [EXTERNAL] FTCA Claim against DOT & Buttigieg  (136 KB); [EXTERNAL] FTCA Claim against TSA & officers/employees (136 KB) |

Dear Mr. Abadi:

Your three Federal Tort Claims Act (FTCA) claims have been forwarded to my office.  This office will handle the processing of your claims.  To do so, we need the originals with your signature.  Please send those documents to the attention of the FTCA Director James G. Touhey at the address in my signature block.  Thank you.

Any future inquiries should be by U.S. Mail as we do not have the resources to respond to emails from claimants or their counsel.  Your correspondence, if any, should be sent to the same address used to send your claims.   Thank you for your cooperation in this matter.

Sincerely yours,
Gail
Gail K. Johnson
Supervisory Trial Counsel
U.S. Department of Justice
Federal Tort Claims Act Section
Torts Branch, Civil Division
P.O. Box 888
Benjamin Franklin Station
Washington, D.C.  20044

1

EXHIBIT C



DEPARTMENT OF HEALTH & HUMAN SERVICES

Office of the General Counsel
General Law Division
Claims Office
330 C Street, SW.
Switzer Building, Suite 2100
Washington, D.C. 20201
Ph: (202) 691-2369
Heather.Hill@hhs.gov

JAN 19 2023

**CERTIFIED MAIL - RETURN RECEIPT REQUESTED**

Certified Receipt Number: 7021 0350 0001 4365 8476

Aaron Abadi
82 Nassau Street, Apartment 140
New York, NY 10038

Re:   **Administrative Tort Claim of Aaron Abadi,**
      **Claim No. 2023-0140**

Dear Aaron Abadi:

On December 31, 2022, you presented an administrative tort claim to the Department of Health and Human Services under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2401(b), 2671- 80, alleging, inter alia, that, from January 31, 2021 to April 18, 2022, you suffered discrimination, loss of business deals and income, and violation of your constitutional rights as a result of COVID-19 mandates and restrictions.

The FTCA authorizes the settlement of any claim of money damages against the United States for injury or death caused by the negligent or wrongful act or omission of any employee of the Federal Government, while acting within the scope of employment. Under the FTCA, the act or omission must be such that the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. *See* 28 U.S.C.§ 2672.

This letter constitutes the notice of final determination on this claim, as required by 28 U.S.C. §§ 2401(b), 2675(a). Your claim is denied on the following grounds:

1.   The evidence fails to establish that your alleged injuries resulted from the acts or omissions of a federal employee.

2.   The United States has not waived its sovereign immunity as to tort claims based upon the exercise of discretionary functions. 28 U.S.C. § 2680(a).

3.   The United States has not waived its sovereign immunity as to tort claims alleging interference with contract rights. 28 U.S.C. § 2680(h).

Aaron Abadi
Page 2

4.  Claims alleging violation of the Constitution are not compensable under the FTCA.

If you are dissatisfied with this determination, you may:

1. file a written request with the Department for reconsideration of this final determination denying the claim within six (6) months from the date of mailing of this determination (28 C.F.R. § 14.9); or

2. file suit against the United States in an appropriate federal district court within six (6) months from the date of mailing of this determination (28 U.S.C. § 2401(b)).

In the event that you request reconsideration, the agency will review your claim within six (6) months from the date the request is received. If the reconsidered claim is denied, you may file suit within six (6) months from the date of mailing of the final determination.

Sincerely yours,

Jennifer B. Smith -S
Digitally signed by Jennifer B. Smith -S
Date: 2023.01.17 13:47:20 -05'00'

Jennifer B. Smith
Deputy Associate General
Claims and Employment Law Branch