UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AARON ABADI,

                Plaintiff,

      -against-

AMERICAN AIRLINES GROUP, INC., *et al.*,

                Defendants.

23-CV-4033 (LJL)

ORDER

LEWIS J. LIMAN, United States District Judge:

    Plaintiff filed this action *pro se*. On August 23, 2023, the Court issued an order of service dismissing Plaintiff's claims against President Biden, the National Institutes of Health, Dr. Anthony Steven Fauci, the Centers for Disease Control and Prevention, Dr. Robert Ray Redfield, Jr., and the United States Department of Health and Human Services as barred by sovereign immunity and directing service on the remaining Defendants. (ECF No. 15.) The next day, on August 24, 2023, Plaintiff filed a motion for reconsideration challenging the Court's dismissal of his claims against President Biden, the National Institutes of Health, Dr. Anthony Steven Fauci, the Centers for Disease Control and Prevention, Dr. Robert Ray Redfield, Jr., and the United States Department of Health and Human Services.

    For the reasons set forth below, the Court grants Plaintiff's motion in part, denies the motion in part, and directs the Clerk of Court to vacate the August 23, 2023 Order of Service. The Court will issue a new Order of Service in accordance with this order.

## DISCUSSION

    In his motion for reconsideration, Plaintiff asserts that he brings claims against President Biden, the National Institutes of Health, Dr. Anthony Steven Fauci, the Centers for Disease Control and Prevention, Dr. Robert Ray Redfield, Jr., and the United States Department of

Health and Human Services under the Federal Tort Claims Act ("FTCA") and the Administrative Procedures Act ("APA"), and that he has exhausted his administrative remedies under the FTCA.

### A.        **Presidential Immunity**

Plaintiff's claims against President Biden remain dismissed. The President is absolutely immune from suit for damages "predicated on his official acts." *Nixon v. Fitzgerald*, 457 U.S., 749 (1982); *Int'l Siva Consciousness, et al. v. United States, et al.*, ECF 1:92-CV-8188, 32, 1993 WL 322862, at *1 (S.D.N.Y. Aug. 18, 1993). Plaintiff's claims against President Biden for acts performed in his official capacity as President of the United States are therefore also foreclosed by absolute immunity and are frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989))).

### B.        **FTCA**

The Federal Tort Claims Act, codified at 28 U.S.C. §§ 2671-80 ("FTCA"), provides for a waiver of sovereign immunity for certain claims for monetary damages arising from the tortious conduct of federal government officers or employees acting within the scope of their office or employment. *See* 28 U.S.C. § 1346(b)(1). Before bringing a claim in a federal district court under the FTCA, a claimant must first exhaust her administrative remedies by filing a claim with the appropriate federal government entity and must receive a final written determination. 28 U.S.C. § 2675(a). If no final written determination is made by the appropriate federal government entity within six months of the date of the claimant's filing, the claimant may bring a FTCA action in a federal district court. *Id.* This requirement is jurisdictional and cannot be waived. *See Celestine v. Mount Vernon Neighborhood Health Cir.*, 403 F.3d 76, 82 (2d Cir. 2005).

Plaintiff alleges facts suggesting that he has exhausted his administrative with respect to his FTCA claims. (ECF No. 16 at 2-3, 5-9.) The Court therefore vacates the August 23, 2023 Order of Service that dismissed Plaintiff's claims against the National Institutes of Health, Dr. Anthony Steven Fauci, the Centers for Disease Control and Prevention, Dr. Robert Ray Redfield, Jr., and the United States Department of Health and Human Services.[1]

## CONCLUSION

Because Plaintiff's claims against President Biden are barred by the doctrine of presidential immunity, Plaintiff's motion for reconsideration is denied as to Defendant President Biden.

The Court, however, grants Plaintiff's motion for reconsideration as to Defendants the National Institutes of Health, Dr. Anthony Steven Fauci, the Centers for Disease Control and Prevention, Dr. Robert Ray Redfield, Jr., and the United States Department of Health and Human Services.

The Clerk of Court is directed to vacate the August 23, 2023 Order of Service. (ECF No. 15.)

The Court will issue a new Order of Service directing service on all Defendants except for Defendant President Biden.

---

[1] The Administrative Procedure Act (APA) provides for judicial review of agency action that is "unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). Judicial review is unavailable, however, with respect to agency action that "is committed to agency discretion by law." *Id.* § 701(a)(2). Thus, whether Plaintiff can obtain relief under the APA turns on whether he can compel Defendants to act because they have a clear, nondiscretionary duty to do so. *See Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004) ("[A] claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*.") (emphasis in original). Because the mask mandate has been lifted, Plaintiff's challenge to the mask mandate, under the APA, is likely moot.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:  August 31, 2023
          New York, New York

                                                LEWIS J. LIMAN
                                     United States District Judge