UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AARON ABADI,<br><br>                    Plaintiff,<br><br>        -against-<br><br>AMERICAN AIRLINES GROUP, INC., *et al.*,<br><br>                    Defendants. | 23-CV-4033 (LJL)<br><br>ORDER OF SERVICE |

LEWIS J. LIMAN, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action asserting claims under the Federal Tort Claims Act ("FTCA") and the Administrative Procedures Act ("APA") against President Biden, the National Institutes of Health, Dr. Anthony Steven Fauci, the Centers for Disease Control and Prevention, Dr. Robert Ray Redfield, Jr., and the United States Department of Health and Human Services and claims under the Air Carrier Access Act ("ACAA"), 49 U.S.C. § 41705; 42 U.S.C. §§ 1985, 1986; Section 504 of the Rehabilitation Act of 1973; and 28 U.S.C. § 1332, against the remaining Defendants, alleging that they discriminated against him and prohibited him from traveling. By order dated August 21, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## DISCUSSION

**A.    Presidential Immunity**

The President is absolutely immune from suit for damages "predicated on his official acts." *Nixon v. Fitzgerald*, 457 U.S., 749 (1982); *Int'l Siva Consciousness, et al. v. United States, et al.*, ECF 1:92-CV-8188, 32, 1993 WL 322862, at *1 (S.D.N.Y. Aug. 18, 1993).

Plaintiff's claims against President Biden for acts performed in his official capacity as President of the United States are therefore also foreclosed by absolute immunity and are frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989))).

**B.      Service on Remaining Defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants — the National Institutes of Health, Dr. Anthony Steven Fauci, the Centers for Disease Control and Prevention, Dr. Robert Ray Redfield, Jr., the United States Department of Health and Human Services, 43 airlines, several employees, two attorneys, and two medical advisory groups — through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for these Defendants. Because the National Institutes of Health, Dr. Anthony Steven Fauci, the Centers for Disease Control and Prevention, Dr. Robert Ray Redfield, Jr., and the United States Department of Health and Human Services are federal Defendants, the Clerk of

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summonses and complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

Court is further instructed to mark the box labeled "Check for service on U.S.A" on the USM-285 form for each of these federal Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**C.     New York Legal Assistance Group**

Plaintiff may consider contacting the New York Legal Assistance Group's ("NYLAG") Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this court. The clinic is run by a private organization; it is not part of, or run by, the court. It cannot accept filings on behalf of the court, which must still be made by any *pro se* party through the Pro Se Intake Unit. A copy of the flyer with details of the clinic is attached to this order.

## CONCLUSION

The Court dismisses Plaintiff's claims against President Biden, as barred by the doctrine of absolute immunity and as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear

that the defendants are immune from suit.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989))).

The Clerk of Court is instructed to issue summonses for the remaining Defendants, complete the USM-285 forms with the addresses for these Defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service. The Clerk of Court is further instructed to mark the box labeled "Check for service on U.S.A" on the USM-285 form for each of the federal Defendants.

The Clerk of Court is directed to mail an information package to Plaintiff.

Plaintiff is referred to NYLAG. A copy of the Clinic's flyer is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   August 31, 2023
         New York, New York

_____
LEWIS J. LIMAN
United States District Judge

# DEFENDANTS AND SERVICE ADDRESSES[2]

1. American Airlines Group, Inc.
   1 Skyview Drive
   Fort Worth, Texas 76155

2. PJSC AEROFLOT - RUSSIAN AIRLINES DBA AEROFLOT
   254 SEQUAMS LANE CENTER
   WEST ISLIP, NY, UNITED STATES, 11795

3. Aerovias de Mexico, S.A. de C.V. DBA Aeromexico Airlines
   2702 N LOOP W STE 410
   HOUSTON, TX 77092- 8904

4. Allegiant Air, LLC
   211 E. 7TH STREET SUITE 620
   AUSTIN, TX 78701

5. Asiana Airlines Inc.
   3530 WILSHIRE BLVD, 1700
   LOS ANGELES, CA, UNITED STATES, 90010

6. AVIANCA S.A.
   501 THE MAIN BLDG
   HOUSTON, TX 77032

7. Azul Linhas Aereas Brasileiras *SI*A
   28 LIBERTY STREET
   NEW YORK, NY, 10005

8. Austrian Airlines AG
   c/o LEGAL DEPARTMENT
   1400 RXR PLAZA WEST TOWER
   UNIONDALE, NY 11556

9. Air Canada
   Terminal E at Dallas Fort Worth Airport (DFW)
   DFW Airport, TX, 75261

10. AIR CHINA LIMITED
    701 BRAZOS SUITE 1050
    AUSTIN, TX 78701

---

[2] Addresses copied directly from Plaintiff's complaint. All capitalization is as in the complaint. (ECF No. 3 at 5-26.)

11. British Airways PLC
 11 West 42nd Street, 24th Floor
 New York, NY 10036

12. Cathay Pacific Airways Ltd.
 2520 WEST AIRFIELD DRIVE, SUITE 301
 DFW AIRPORT, TX 75261

13. China Southern Airlines Company Limited
 295 MADISON AVENUE, SUITE 4500
 NEW YORK, NY 10017

14. Delta Air Lines, Inc.
 211 E. 7TH STREET SUITE 620
 AUSTIN, TX 78701

15. EL AL ISRAEL AIRLINES LTD.
 100 Wall Street, 4th floor
 New York, NY 10005

16. Emirates
 3700 North Terminal Road George Bush Intercontinental Airport
 Terminal D
 Houston, TX 77032

17. ETIHAD AIRWAYS PJSC DBA ETIHAD AIRWAYS COMPANY
 211 E. 7TH STREET, SUITE 620
 AUSTIN, TX 78701

18. Eva Airways Corporation
 1999 BRYAN ST., STE. 900
 DALLAS, TX 75201

19. Finnair OYJ
 11 W 42ND ST FL 24
 NEW YORK, NY 10036-8002

20. FRONTIER AIRLINES, INC.
 211 E. 7TH STREET SUITE 620
 AUSTIN, TX 78701

21. GULF AIR HOLDING B.S.C
 3050 Post Oak Blvd, Suite 1320
 Houston, TX 77056

22. Iberia Lineas Aereas de Espana, S.A. Operadora, Sociedad Unipersonal, DBA Iberia Airlines
    1 World Way
    Los Angeles, CA 90045

23. JetBlue Airways Corporation
    211 E. 7th Street, Suite 620
    Austin, TX 78701

24. Alia - The Royal Jordanian Airlines Company, DBA Royal Jordanian Airlines
    Los Angeles International Airport
    380 World Way
    Los Angeles, California 90045

25. Lot Polish Airlines SA
    C/O CONDON AND FORSYTH LLP
    7 TIMES SQUARE, SUITE 1800
    NEW YORK, NY 10036

26. Lufthansa Systems Americas, Inc.
    1999 BRYAN ST., STE. 900
    DALLAS, TX 75201

27. SOUTHERN AIRWAYS EXPRESS, LLC DBA Mokulele Airlines
    355 Hukilike Street, Suite 103
    Kahului, HI 96732-2973

28. PHILIPPINE AIRLINES
    5959 West Century Blvd., Suite 600
    Los Angeles, CA 90045

29. QATAR AIRWAYS Q.C.S.C. DBA QUATAR AIRWAYS Q.C.S.C. CORPORATION
    211 E. 7TH STREET, SUITE 620
    AUSTIN, TX 78701

30. Royal Air Maroc, LTD.
    ONE ROCKEFELLER PLAZA, SUITE 1630
    NEW YORK, NY 10020

31. SCANDINAVIAN AIRLINES OF NORTH AMERICA INC. DBA SAS
    206 E. 9TH STREET, SUITE 1300
    AUSTIN, TX 78701

32. Silver Airways LLC
    1999 BRYAN ST SUITE 900
    DALLAS, TX 75201

33. Singapore Airlines
    3870 N Terminal Rd
    Houston, TX 77032

34. Southwest Airlines Co.
    10801 Airport Blvd.
    Amarillo, TX 79111

35. SPIRIT AIRLINES, INC.
    211 E. 7TH STREET SUITE 620
    AUSTIN, TX 78701

36. Sun Country, Inc. DBA Sun Country Airlines
    129 S. IRVING
    SAN ANGELO, TX 76902

37. Swiss International Air Lines AG
    14694 FM 1050
    UTOPIA, TX 78884

38. Air Tahiti Nui
    5901 WEST CENTURY BLVD. SUITE 1414
    LOS ANGELES CA  90045

39. TAP Portugal, Inc.
    263 Lafayette Street, 3rd FL
    Newark, NJ 07105

40. Turkish Airlines, Inc.
    1400 OLD COUNTRY RD STE 304
    WESTBURY, NY 11590-5119

41. United Airlines, Inc.
    10801 Airport Blvd.
    Amarillo, TX 79111

42. Fast Colombia S.A.S., DBA Viva Air Colombia
    C T CORPORATION SYSTEM
    1200 SOUTH PINE ISLAND ROAD
    PLANTATION, FL 33324

43. Concesionaria Vuela Compafiia de Aviaci6n, S.A.B. de C.V. OBA Volaris
    9800 AIRPORT BLVD.
    SAN ANTONIO, TX 78216

44. Matthew Roberts
    Airport Manager for British Air at Washington Dulles Airport and at the Baltimore International Airport
    P.O. Box# 17286
    Washington, DC 20041

45. Roy Goldberg
    An attorney with STINSON LLP
    1775 Pennsylvania Avenue, N.W. Suite 800
    Washington, D.C. 20006

46. Miguel Morel
    An attorney with STINSON LLP
    Wells Fargo Center
    333 SE 2nd Avenue, Suite 2700
    Miami, FL 33131

47. Nathalie Simon
    An employee of Delta in their Customer Care Department
    Delta Air Lines, Inc.
    1030 Delta Boulevard
    Atlanta, Ga 30354-1989

48. MedAire, Inc.
    4722 North 24th St., Suite 450
    Phoenix, *AZ* 85016

49. Center for Emergency Medicine of Western Pennsylvania, Inc., OBA STATMD
    200 Lothrop St. #Fl301
    Pittsburgh, PA 15213

50. Robert C. Land
    Senior Vice President Government Affairs and Associate General Counsel for JetBlue
    2701 Queens Plaza N. STE 1
    Long Island City, NY 11101-4021

51. Debbie Castleton
    Customer Support for JetBlue
    2701 Queens Plaza N. STE 1
    Long Island City, NY 11101-4021

52. Anita Ayala
    Complaint Resolution Official ("CRO") for the Customer Relations North America, of Lufthansa
    1400 RXR Plaza West Tower 14th Floor
    Uniondale, NY 11556

53. NATIONAL INSTITUTES OF HEALTH
    9000 ROCKVILLE PIKE
    BETHESDA, MARYLAND 20892

54. Anthony Stephen Fauci (FORMERLY OF NIH IN HIS PERSONAL CAPACITY)
    31 Center Dr. Bldg 31
    Bethesda, MD 20892

55. CENTERS FOR DISEASE CONTROL & PREVENTION
    1600 CLIFTON ROAD
    ATLANTA, GA 30329

56. Robert Ray Redfield Jr. (FORMERLY OF CDC BEING SUED IN HIS PERSONAL CAPACITY)
    725 W. Lombard St.
    Baltimore, MD 21201

57. US DEPARTMENT OF HEALTH & HUMAN SERVICES
    200 INDEPENDENCE AVENUE, S.W.
    WASHINGTON, D.C. 20201



Since 1990, NYLAG has provided free civil legal services to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Civil Litigants in Federal District Court for the Southern District Of New York

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys, law students and paralegals to assist those who are representing themselves or planning to represent themselves in civil lawsuits in the Southern District of New York. The clinic does not provide full representation. The clinic, which is not part of or run by the court, assists litigants with federal civil cases including cases involving civil rights, employment discrimination, labor law, social security benefits, foreclosure and tax.

## To Contact the Clinic:

Call (212) 659-6190 or complete our online intake form (found here: https://tinyurl.com/NYLAG-ProSe-OI). A staff member will contact you within a few business days.

Those looking for assistance can also contact the clinic at the kiosk located across the hall from the pro se clinic office in the courthouse.

**At this time, the clinic offers remote consultations only. Requests for in-person appointments will be reviewed on a case-to-case basis.**

## Location and Hours:

Thurgood Marshall United States Courthouse

> Room LL22
> 40 Foley Square
> New York, NY 10007
> (212) 659 6190
>
> Open weekdays
> 10 a.m. – 4 p.m.
> Closed on federal and court holidays

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.

