# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AARON ABADI, | § |
| Plaintiff, | § § § |
| v. | § Case No. 1:23-cv-04033-LJL § |
| AMERICAN AIRLINES GROUP, INC., ET AL., | § § § |
| Defendants. | § § |

## DEFENDANT SILVER AIRWAYS, LLC'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS UNDER RULE 8 AND RULE 12(b)(6)

Defendant Silver Airways, LLC ("Silver") files the following Memorandum in Support of its Motion to Dismiss under Federal Rules of Civil Procedure 8 and 12(b)(6).

## SUMMARY

Plaintiff's Complaint alleges a vast conspiracy amongst dozens of airlines, government personnel and agencies, and medical providers to deprive him of his right to travel without a mask during the COVID-19 pandemic. The pleading consists of nearly 300 pages and hundreds more pages of exhibits, over 1,300 paragraphs, 38 causes of action, and 61 named defendants, and includes hundreds of paragraphs of random allegations and diatribes, quotations from statutes and cases, and various redundant and immaterial allegations. Plaintiff's Complaint is exactly the sort of prolix, rambling, unintelligible, argumentative, and disjointed pleading that courts of this Circuit have routinely dismissed as failing to satisfy Federal Rule of Civil Procedure 8, and this case should be no different. Plaintiff's Complaint should be dismissed, and Plaintiff should be required to amend his pleading to comply with Rule 8.

## BACKGROUND

Plaintiff is a resident of New York. (Dkt. 3 at ¶ 1). On May 1, 2023, he filed a Complaint in the Amarillo Division of the Northern District of Texas against dozens of airlines, government agencies and officials, and medical providers. (Dkt. 3). Silver is a regional airline in the United States that has been named as one of the many defendants. (Dkt. 3 at ¶ 36).

Plaintiff alleges that the various defendants discriminated against him due to a disability by implementation of a mask mandate during the COVID-19 pandemic that prevented him from flying, or engaged in a wide-ranging conspiracy to do so. (*See generally* Dkt. 3). Plaintiff's Complaint itself alleges 38 causes of action against 61 named defendants. It is approximately 292 pages long (not including its 83 exhibits), consisting of over 1,300 numbered paragraphs, many of which appear to be excerpts from cases or statutes from various jurisdictions. (*See generally* Dkt. 3).

The case was originally assigned to Judge Matthew J. Kacsmaryk, who issued a *sua sponte* order transferring this matter to the Southern District of New York, where it was assigned to this Court. (Dkt. 9). Silver was served with a copy of Plaintiff's voluminous Complaint on October 12, 2023. However, a review of this pleading clearly shows that it is not a "short and plain statement of the claim" that complies with Federal Rule of Civil Procedure 8. Silver therefore requests that the Court dismiss this pleading pursuant to Federal Rule of Civil Procedure 12(b)(6).

## ARGUMENTS AND AUTHORITIES

**I.  Plaintiff's Complaint should be dismissed for failure to comply with the pleading requirements of Federal Rule of Civil Procedure 8.**

A complaint may be dismissed for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). A plaintiff's complaint is required to provide "a short and plain statement of the claim showing that the pleader is entitled to relief". Fed. R. Civ. P. 8(a)(2). "Each

allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "The statement should be short because unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (internal citation and quotation marks omitted). Pleadings of "labyrinthian prolixity of unrelated and vituperative charges that def[y] comprehension" do not comply with Rule 8 and are subject to dismissal. *Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972). "Complaints which ramble, which needlessly speculate, accuse, and condemn, and which contain circuitous diatribes far removed from the heart of the claim do not comport with [Rule 8's] goals and this system; such complaints must be dismissed." *Ceparano v. Suffolk Cnty.*, No. 10-CV-2030-SJF-ATK, 2010 WL 5437212, at *3 (E.D.N.Y. Dec. 15, 2010) (quoting *Infanti v. Scharpf,* 06 CV 6552, 2008 WL 2397607, at *1 (E.D.N.Y. June 10, 2008)).

While Plaintiff is pro se and is therefore entitled to a certain degree of latitude, courts of the Second Circuit nonetheless have not hesitated to dismiss complaints just like the one Plaintiff has filed that are hundreds of pages long and are filled with repetitive, irrelevant, unnecessary, and extraneous allegations. *See, e.g.*, *Mendes Da Costa v. Marcucilli*, 675 Fed. Appx. 15, 17 (2d Cir. 2017) (dismissing complaint that was "nearly 50 pages long, with hundreds of pages of exhibits, [and] convoluted and repetitive"); *Jones v. Nat'l Communications & Surveillance Networks*, 266 Fed. Appx. 31, 33 (2d Cir. 2008) (affirming dismissal of "single-spaced 58–page complaint with 87 additional pages of attachments, alleging over twenty separate causes of action against more than 40 defendants" for failing to comply with Rule 8); *Grimes v. Fremont Gen. Corp.*, 933 F. Supp. 2d 584, 595 (S.D.N.Y. 2013) (dismissing complaint that was "over 300 pages long and contains over 1000 specifically numbered paragraphs and hundreds of additional un-numbered paragraphs", including where [s]ome paragraphs are single spaced; others, double spaced");

*Ruggiero v. Mobile Crisis Team*, No. 3:12-CV-499 VLB, 2012 WL 4854660, at *4 (D. Conn. Oct. 11, 2012) (dismissing complaint consisting of hundreds of pages of allegations and attachments against nearly 30 defendants because it was "rambling, verbose, at times incoherent and . . . include random extraneous material the purpose of which the Court is unable to discern"); *In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.*, 218 F.R.D. 76, 78 (S.D.N.Y. 2003). Plaintiff's Complaint justifies a similar disposition.

Plaintiff's Complaint (much like the one seen in *Grimes*) spans nearly 300 pages and over 1,300 paragraphs, naming approximately 61 defendants in 38 causes of action, and includes 83 exhibits with hundreds of additional pages. (Dkt. 3). It includes hundreds of paragraphs that do no more than quote case law or statutes, make purported legal arguments, or provide theories regarding the COVID-19 pandemic and the apparent conspiracy it prompted to discriminate against disabled people who could not wear masks at the time. As the *Grimes* court noted, "[c]ourts have dismissed complaints that are far shorter and clearer pursuant to Federal Rule 8(a)(2)." *Grimes*, 933 F. Supp. 2d at 595; *see also Mendes Da Costa*, 675 Fed. Appx. at 17; *Gonzales v. Wing*, 167 F.R.D. 352, 354-55 (N.D.N.Y. 1996) (dismissing 287-page complaint that was "incredibly dense and verbose, containing so many factual averments of such specificity that it is impossible to discern which facts support, or are even relevant to, which claims" and "larded with legal argument, citation to case-law and legislative history"). The nature of Plaintiff's Complaint, in its current form, clearly does not comply with Rule 8 and renders it nearly impossible for Silver, or any other defendant, to reasonably respond to its allegations. *See Gonzales*, 167 F.R.D. at 355 (dismissing similar pro se complaint that "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims").

Accordingly, Silver respectfully requests that the Court dismiss Plaintiff's Complaint in its current form. Mindful of prior cases that provide pro se litigants with at least one opportunity to amend pleadings to comply with the Federal Rules, *see Ceparano*, 2010 WL 5437212, at *3, Silver submits that the Court should order Plaintiff to amend his Complaint in a manner that complies with Federal Rule of Civil Procedure 8 within a reasonable amount of time.

## CONCLUSION AND PRAYER

WHEREFORE, Silver respectfully requests that the Court dismiss Plaintiff's Complaint, without prejudice to re-file an amended pleading that complies with Federal Rule of Civil Procedure 8 within a reasonable amount of time to be set by the Court, and for all other relief the Court deems just and proper.

Dated: November 1, 2023        Respectfully submitted,

*/s/ Gary A. Gardner*
Gary A. Gardner
New York State Bar No. 2680015
**CUNNINGHAM SWAIM, LLP**
200 Broadhollow Road, Suite 207
Melville, NY 11747
Tel: (917) 538-2774
Fax: (214) 613-1163
gagardner@cunninghamswaim.com

Don Swaim
*Pro Hac Vice* Forthcoming
Alex J. Whitman
*Pro Hac Vice* Forthcoming
**CUNNINGHAM SWAIM, LLP**
4015 Main Street, Suite 200
Dallas, Texas 75226
Telephone: (214) 646-1495
Facsimile: (214) 613-1163
dswaim@cunninghamswaim.com
awhitman@cunninghamswim.com

**ATTORNEYS FOR DEFENDANT
SILVER AIRWAYS, LLC**

**CERTIFICATE OF SERVICE**

      The undersigned counsel hereby certifies that a copy of this document is being served via CM/ECF on all counsel of record who have agreed to accept service electronically in accordance with the applicable Local Rules and Federal Rules of Civil Procedure on November 1, 2023.

                                              */s/ Gary A. Gardner*
                                              Gary A. Gardner