UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **AARON ABADI,** Plaintiff V. **AMERICAN AIRLINES, INC., et al** | **CASE #  1:23-cv-04033-LJL** |

# PLAINTIFF'S RESPONSE IN OPPOSITION TO THE MOTION TO DISMISS BY SILVER AIRWAYS, LLC

BY:

AARON ABADI
Pro Se Plaintiff
82 Nassau Street Apt 140
New York, NY 10038
Tel: 516-639-4100
Email:  aa@neg.com

1

COMES NOW Plaintiff, *pro se*, and responds to Defendant's Motion to Dismiss (Docs. 130-132). Defendant has one complaint and wants the Court to dismiss the case on that basis. Plaintiff will show that that complaint is not correct, and will ask the Court to DENY this Motion to Dismiss.

Plaintiff, Aaron Abadi, has sensory processing disorder. He cannot wear a mask or glasses, or anything on his head or face. When the airlines started requiring masks, they refused to allow Plaintiff to fly, and/or discriminated against him constantly. He was yelled at, denied access to fly, and even once left stranded in France. This lasted throughout the mask policies and mandates. He provided evidence of his disability, but these airlines did not care.

The inability to travel, caused severe financial injuries to Plaintiff, who is currently penniless and had to file this with the generous help of the Court, through an IFP Motion. Plaintiff had his entire income destroyed and ability to make income was taken from him. The Motion to Dismiss addresses one issue, and Plaintiff will respond accordingly.

## SHOTGUN PLEADING

Without using these exact words, Defendant Silver Airways, LLC ("Silver") was accusing Plaintiff of shotgun pleading in his Complaint. I do not believe that this is true. Yes, the complaint is lengthy, and yes there's a lot to read. But

Plaintiff organized it carefully, detailed each factual allegations for each Defendant separately, and specified which cause of action was alleged on which Defendant. It would certainly have been simpler and more pleasant if Plaintiff did not have so many complaints against so many people. That actually would have been wonderful. Unfortunately, that is not the case.

While the Plaintiff cannot afford an expensive law firm at this time, and must proceed pro se, he realizes that his pleadings in the complaint may need some improved wording, and he apologizes to the court for that. Plaintiff did not graduate high school, and lacked the financial capability to go to college and law school.

On the other hand, however, from a legal perspective, Plaintiff believes that the complaint is clear enough for the Defendants, who can afford and have hired very sharp attorneys, and that those attorneys can understand very well which causes of action go to which defendant. It is not confusing. It may be long and it may be a bit unprofessional, but it is clear enough to understand that Plaintiff did state claims for which relief can be granted.

The Defendant is welcome to debate all the issues of facts and of law at trial, but there is no basis for Silver to be able to dismiss this before discovery and before a complete trial.

In GJR Investments, Inc. v. County of Escambia, Fla., 132 F. 3d 1359 - Court of Appeals, 11th Circuit 1998, which was a classic case of shotgun pleading, the Circuit Court said, "Rule 8 requires that federal courts give pleadings a liberal reading in the face of a 12(b)(6) motion to dismiss. This admonition is particularly true when the parties are proceeding pro se. Courts do and should show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education."

Here is a very clear and concise description of all types of shotgun pleadings, updated as recently as the year 2015:

> "Though the groupings cannot be too finely drawn, we have identified four rough types or categories of shotgun pleadings. The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most 1322*1322 common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of 1323*1323 shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Weiland v. Palm Beach County Sheriff's Office, 792 F. 3d 1313 - Court of Appeals, 11th Circuit 2015.

As can be seen from the Complaint, none of these scenarios exist. The biggest headache is the length of this Complaint and its attachments. Unfortunately, the extent of the violations and the number of violators, determined the length, not the Plaintiff.

It is not type one of shotgun pleading, where each count includes the preceding count. It is not type two, "being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," as every claim, story, fact, and allegation are clearly connected to their appropriate cause of action and Defendant.

It is not type three, as each claim is separated in a different count. It may not be a perfect job, as I'm sure it is not, but it is not chaotic and unreadable. Finally, it is not type four, as every claim clearly specifies who it is against. All the Defendants had adequate notice of the claims against them and the grounds upon which each claim rests.

**WHEREFORE**, Plaintiff asks this court to DENY Silver's motion to dismiss.

Respectfully submitted this 16th Day of November, 2023.

    s/Aaron Abadi
    AARON ABADI, Plaintiff
    82 Nassau Street Apt 140
    New York, NY 10038
    516-639-4100  Email:  aa@neg.com