IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AARON ABADI, | § |
| | § |
| Plaintiff, | § |
| | § Case No. 1:23-cv-04033-LJL |
| v. | § |
| | § |
| AMERICAN AIRLINES GROUP, INC., | § |
| ET AL., | § |
| | § |
| Defendants. | § |

**DEFENDANT SILVER AIRWAYS, LLC'S REPLY
IN SUPPORT OF MOTION TO DISMISS UNDER RULE 8 AND RULE 12(b)(6)**

Defendant Silver Airways, LLC ("Silver") files the following Reply in Support of its Motion to Dismiss under Federal Rules of Civil Procedure 8 and 12(b)(6) and Memorandum in Support (Dkt. 130, 132), responding to the arguments raised in Plaintiff's Response (Dkt. 170).

**SUMMARY**

Plaintiff's Response characterizes Silver's Motion as a challenge to his "shotgun pleadings", and claims his Complaint meets the standard laid out by the Eleventh Circuit. (Dkt. 170 at 2-5). His Response misses the mark. Plaintiff's pleas of poverty and ignorance of the Federal Rules of Civil Procedure as a pro se litigant cannot overcome what he has effectively admitted: that his Complaint does not comply with Rule 8 and is subject to dismissal under binding Second Circuit precedent. His Complaint should be dismissed, and at the very least he should be required to replead in a manner consistent with the rules that bind his pleadings.

**ARGUMENTS AND AUTHORITIES**

Plaintiff does not dispute that the Federal Rules of Civil Procedure require his Complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief" and that his individual allegations "be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2); Fed. R.

1

Civ. P. 8(d)(1). Nor does he attempt to distinguish or dispute the binding and persuasive case law Silver cites that conclusively show his Complaint—in its current form—does not comply with the Second Circuit's federal pleading standards. (Dkt. 132 at 2-4) (citing, among others, *Mendes Da Costa v. Marcucilli*, 675 Fed. Appx. 15, 17 (2d Cir. 2017); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988); *Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972); *Grimes v. Fremont Gen. Corp.*, 933 F. Supp. 2d 584, 595 (S.D.N.Y. 2013)). On the contrary, he acknowledges its extraordinary length (without attempting to deny it is filled with random citations to case law, irrelevant general observations about his own personal views, and grand pronouncements of vast conspiracies), but relies upon his pro se status, apparent poverty, and lack of education as excuses to let his pleadings stand. The Court should do no such thing. Plaintiff's Complaint is exactly the sort of pro se pleading that the courts of the Second Circuit have repeatedly dismissed as failing to meet federal pleading standards. (Dkt. 132 at 3-4) (citing cases). This case is no different, and none of Plaintiff's arguments, such as they are, can avoid the dismissal that the Federal Rules require.

Plaintiff claims that Silver should not be able to have the Court dismiss his Complaint "before discovery and before a complete trial." (Dkt. 170 at 3). But the Supreme Court has held in no uncertain terms that a plaintiff's pleadings must sufficiently state a claim for relief before a plaintiff can gain access to discovery and further proceedings. "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss[,]" and a plaintiff whose complaint is insufficiently pled "does not unlock the doors of discovery". *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Plaintiff must present a pleading that complies with the Federal Rules of Civil Procedure. He clearly has not.

Plaintiff also cites to non-binding cases from the Eleventh Circuit involving "shotgun pleadings" and tries to distinguish his own Complaint from pleadings that do not meet that

standard. (Dkt. 170 at 4-5). This strawman argument fails. Silver is not challenging Plaintiff's Complaint as a "shotgun pleading" that does not meet the Eleventh Circuit's standards, but as being the kind of lengthy, confusing, prolix, and unintelligible pleading that the Second Circuit and its lower courts have repeatedly held should be dismissed for noncompliance with federal pleading standards. *E.g. Mendes Da Costa*, 675 Fed. Appx. at 17; *Salahuddin*, 861 F.2d at 42; *Prezzi*, 469 F.2d at 692. Even if Plaintiff's Complaint would survive judicial review under another Circuit's standards (and as discussed below, it would not), Plaintiff has not demonstrated that his pleadings comply with the law binding upon this Court. And they do not.

Even so, Plaintiff's defense of his Complaint under Eleventh Circuit standards would fail because it includes many of the very characteristics of a "shotgun pleading" that he claims it does not contain. For example, contrary to his denial, the Complaint includes counts that "adopt the allegations of all preceding counts, causing each successive count to carry all that came before it and the last count to be a combination of the entire complaint." (Dkt. 170 at 4 (quoting *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015); *compare, e.g.*, Dkt. 3-2 at ¶ 1349 (final count of Plaintiff's Complaint that "incorporate[s] the foregoing paragraphs as if fully set forth herein")). It is also "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," (Dkt. 170 at 5), including numerous immaterial allegations about everything from legal arguments regarding the invalidity of judicial precedents to the source of the COVID-19 pandemic. (*See generally* Dkt. 3). Even if the Eleventh Circuit's "shotgun pleading" standard did apply, Plaintiff's Complaint fails to meet it, and would still be subject to dismissal.

In sum, Plaintiff's Response does not address or justify the core and central problem with his Complaint: that it does not meet the Second Circuit's and Federal Rules of Civil Procedure's

requirement that it provide a "short and plain statement of the claim" with "simple, concise, and direct" allegations. Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P. 8(d)(1). Plaintiff's Complaint should be dismissed, and he should be required to replead in a manner that satisfies these requirements.

## **CONCLUSION AND PRAYER**

WHEREFORE, Silver respectfully requests that the Court grant its Motion and dismiss Plaintiff's Complaint, without prejudice to re-file an amended pleading that complies with Federal Rule of Civil Procedure 8 within a reasonable amount of time to be set by the Court, and for all other relief the Court deems just and proper.

Dated: November 27, 2023

Respectfully submitted,

/s/ Gary A. Gardner
Gary A. Gardner
New York State Bar No. 2680015
**CUNNINGHAM SWAIM, LLP**
200 Broadhollow Road, Suite 207
Melville, NY 11747
Tel: (917) 538-2774
Fax: (214) 613-1163
gagardner@cunninghamswaim.com

Don Swaim
Admitted *Pro Hac Vice*
Alex J. Whitman
Admitted *Pro Hac Vice*
**CUNNINGHAM SWAIM, LLP**
4015 Main Street, Suite 200
Dallas, Texas 75226
Telephone: (214) 646-1495
Facsimile: (214) 613-1163
dswaim@cunninghamswaim.com
awhitman@cunninghamswim.com

**ATTORNEYS FOR DEFENDANT
SILVER AIRWAYS LLC**

## **CERTIFICATE OF SERVICE**

 The undersigned counsel hereby certifies that a copy of this document is being served via CM/ECF on all counsel of record who have agreed to accept service electronically in accordance with the applicable Local Rules and Federal Rules of Civil Procedure on November 27, 2023.

          */s/ Gary A. Gardner*
          Gary A. Gardner