# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **AARON ABADI,** | |
| Plaintiff | **CASE #  1:23-cv-04033-LJL** |
| V. | |
| **AMERICAN AIRLINES, INC., et al** | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO
## THE JOINT MOTION TO DISMISS BY DEFENDANTS,
## CONCESIONARIA VUELA COMPAÑÍA DE AVIACIÓN, S.A.P.I. DE C.V.
## ROYAL AIR MAROC,  AEROVÍAS DE MÉXICO S.A. DE C.V.,
## TRANSPORTES AÉREOS PORTUGUESES, S.A.,
## SPIRIT AIRLINES, INC., AVIANCA S.A., SINGAPORE AIRLINES,
## LATAM AIRLINES GROUP S.A., IBERIA LÍNEAS AÉREAS DE ESPAÑA,
## S.A. OPERADORA, SOCIEDAD, UNIPERSONAL,
## LOT POLISH AIRLINES, SA, BRITISH AIRWAYS P.L.C.,
## AND MATTHEW ROBERTS

BY:

AARON ABADI
Pro Se Plaintiff
82 Nassau Street Apt 140
New York, NY 10038
Tel: 516-639-4100
Email:  aa@neg.com

COMES NOW Plaintiff, *pro se*, and responds to Defendants' Motions to Dismiss (Docs. 179-180). The Complaint was pretty thorough and did address many of the issues raised in these motions. Plaintiff will attempt to focus in this response on elaborating on some of that, and/or addressing issues not responded to in the Complaint itself.

Plaintiff, Aaron Abadi, has sensory processing disorder. He cannot wear a mask or glasses, or anything on his head or face. When the airlines started requiring masks, they refused to allow Plaintiff to fly, and/or discriminated against him constantly. He was yelled at, denied access to fly, and even once left stranded in France. This lasted throughout the mask policies and mandates. He provided evidence of his disability, but these airlines did not care.

The inability to travel, caused severe financial injuries to Plaintiff, who is currently penniless and had to file this with the generous help of the Court, through an IFP Motion. Plaintiff had his entire income destroyed and ability to make income was taken from him. The Motion to Dismiss addresses many of the Counts of the Causes of Action, and Plaintiff will respond accordingly.

OPPOSING COUNSEL INITIALLY BROKE DOWN RESPONSES BY EACH DEFENDANT SEPARATELY (Pages 11-16): THIS IS PLAINTIFF'S RESPONSE TO THOSE POINTS:

**AEROMEXICO**

As described in the Complaint (Paragraphs 201-209), AEROVÍAS DE MÉXICO S.A. DE C.V. ("Aeromexico") required the disabled Plaintiff to provide a medical certificate in order to consider allowing him to fly.  The doctor's letter describing my disability, and inability to wear a mask would not suffice. This was made clear on their website (Complaint Exhibit 18), and from the email correspondence (Complaint Exhibit 19).

The email wrote the following: "Passengers with health conditions need to provide a medical certificate proving their condition, which must contain the reason why a face mask cannot be worn during the flight, as well as the physician's signature, seal, and Professional ID Number. This medical certificate must be delivered to our staff directly at the airport."

That means that my doctor's letter would not be sufficient, and it would not be enough to let me fly.

Now, first of all, I learned the hard way. When airlines do not tell you in advance that you are allowed to fly, and they say come to the airport and bring it to the staff there, that usually means you cannot fly. That happened to me with several airlines.  Non-disabled people get to go to the airport with a ticket, knowing they can and will fly.  Disabled people won't get a confirmation in

advance.  You plan this whole trip, but never really know if you'll ever get to go.
You book hotels, but you may never arrive.

Second, the Air Carrier Access Act ("ACAA") laws provide very clear
instructions.  The Dept. of Transportation ("DOT") is not authorized to modify the
laws.  They probably should be enforcing them, although they do not.  They cannot
just adjust them when they want to.

The ACAA reads as follows:

**14 CFR § 382.23** "May carriers require a passenger with a disability to provide
a medical certificate?"
(a) Except as provided in this section, <u>you must not require a passenger with a
disability to have a medical certificate as a condition for being provided
transportation</u>.
(b) (1) You may require a medical certificate for a passenger with a
disability—
(i) Who is traveling in a stretcher or incubator;
(ii) Who needs medical oxygen during a flight; or
(iii) Whose medical condition is such that there is reasonable doubt that the
individual can complete the flight safely, without requiring extraordinary
medical assistance during the flight."

It is very clear in the ACAA laws that Aeromexico was not entitled to ask
for this medical certificate.

Third, this conversation started in September of 2021 (See Exhibit A).  It
was not only the April 2022 conversation. In the initial email to their disability
office, they played games with me.  I get it.  They don't want idiots to show up
without masks, disability or not. So, they made up this story that the disability

4

office email is only for wheelchair orders. Their website clearly directs the disabled to address any requests to that email.[1] Of course, in April, when they finally responded, more than seven months later, they emailed their response from that same disability office (AM SSR Team amssr@aeromexico.com). They also made sure to send it from a "no reply" address, so I cannot respond.

So, then, on Nov. 5, 2021, Plaintiff filed a complaint with the DOT (Exhibit B). In response to that complaint, Aeromexico sent an email on Nov. 12, 2021, to which I again responded on that same day (Exhibit C). I'm confident that Aeromexico has all these correspondences in their records. Aeromexico writes to me the same baloney about a medical certificate, so I respond that I already sent my doctor's letter, BUT HERE IT IS AGAIN. There was no response at all. I get it. They don't want me to go on their plane without a mask.

In summation, Aeromexico ignored me continuously for months and refused to allow me to travel without a medical certificate with several rules and conditions. In one place they demand I bring it to the airport only. In another they request to send it 5 days in advance. The DOT complaint that I filed didn't faze them, as they know the DOT does not and cannot do anything to them. Plaintiff is not an idiot. If the airline plays these games, there is no question that if and when

---

[1] https://vuela.aeromexico.com/special-services/

he showed up at the gate, even with a medical certificate, there is no chance he can fly.

Defendant Aeromexico was dishonest in their motion and wrote the following: "Finding this requirement "unnecessary," Plaintiff did not reply to the email or make any further effort to travel on an Aeroméxico flight." Distorting the truth and/or omitting pertinent information is the same as lying.


## AVIANCA

AVIANCA S.A. ("Avianca") ignored me for about a year, from October 2021 till October 2022 (See Complaint Exhibits 25 & 26). The attorneys wrote in their motion (Pg 12) "(the letter is dated "October 3, 2022" but this is an apparent typo)." This was an apparent typo, because it is impossible for the attorneys to believe that their client, Avianca, was that irresponsible and obnoxious to respond an entire year later. Well, sorry to present the facts here, but the date is correct. They ignored my letter, and even ignored my DOT complaint for an entire year. (See Exhibit D) I Attached the email that the letter arrived with. The date and year are very clear.

My doctor's letter should have been more than sufficient, clarifying and affirming that I am disabled and cannot wear a mask. In order to get wheelchair service, no one is allowed to demand a doctor's letter. I provided it anyway, due to

the hypersensitive mask fears. But, there is no entitlement for Avianca to deny my doctor's letter. But, in any case, by not responding for an entire year, that was their way of denying me the abilty to fly.  Even after I filed a DOT complaint they did not respond, as they admit to in their letter.  They are required to respond right away.  They did not. The purpose of not responding was to make sure that I do not fly, and they were successful in that.

If they wanted a medical certificate, that is against ACAA law as described above regarding Aeromexico.  The fact that they refused to respond to my request for a year, even after my DOT complaint was their way of causing that I should not be able to fly, because I have a disability and could not wear a mask.

Defendant Avianca was dishonest in their motion and wrote the following: "his doctor's letter did not contain information sufficient to perform the "individualized assessment" required by the ACAA…" There is no such requirement by the ACAA. They also wrote, "the letter is dated "October 3, 2022" but this is an apparent typo," which was a lie. Distorting the truth and/or omitting pertinent information is also the same as lying.


**<u>BRITISH AIRWAYS AND MATTHEW ROBERTS</u>**

These Defendants, British Airways P.L.C ("British Airways") and its Complaint Resolution Official ("CRO"), Matthew Roberts, wrote a lot of words on

page 12 & 13, but I'm not sure if they were trying to put forth an argument, a defense, or just tried to tell a story.

Let's try to unpack all that. The statement that I was denied due to visa issues is an absolute lie. The staff lied about a visa issue, because they didn't want me to fly without a mask. They went to the back and called the disability office at headquarters and were told to allow me to fly, but they just could not do it, so they made up a story, and told me to come back in a few days. After I kept coming back every few days, they finally gave up and told me the truth that there was no visa issue, and I was denied because of my inability to wear a mask.

The sequence of the story is correct as Plaintiff described it in the Complaint (Paragraphs 294-317). On February 3, 2021, after a long period of harassment and abuse at the British Airways counter, they pressured me to get an updated letter from British Airways disability office. I wrote this email to them saying "I tried flying tonight (Feb 3) from New York and they said this medical clearance is outdated. They will allow me to fly on Friday evening if I bring a more recent email. Can you please send this again."

They responded that they didn't understand why I should need another email (Exhibit E). They wrote, "I am puzzled to understand why the Airport require another email from ourselves, we are not providing an exemption to wearing a face mask but rather your Doctor's letter is proof of your medical validity." To anyone

who understands English, that should mean that I have the medical validity to fly. Defendants tried to distort that and say that it doesn't mean that.

The disability office understood the law.  They realized that if I have that letter, that was more than enough proof that I can fly. The staff at the airports didn't want anyone flying without a mask, no matter what anyone says, and no matter what the law is. They figure the DOT doesn't do much, and if he sues us, we will throw some money at it and get rid of this nuisance. In the meantime, Congress made these laws and wanted them to be properly enforced and obeyed.

The fact that Plaintiff previously sued them in this court is not very relevant. I know the Defendants' attorneys were very upset and filed a motion on that case, but the Judge knew I was right, so he denied the motion.  I didn't lie or play games. I made a motion asking to withdraw without prejudice, as I regroup.  I regrouped and refiled.  Plaintiff was completely honest and straightforward.

In any case, besides the items that they claimed which were not true, these two Defendants did not deny that Plaintiff was not permitted to fly due to his inability to wear a mask.  It would have been difficult to argue that when you read the correspondence (Complaint Exhibit #32). There's no question that I was denied the ability to fly without any conditions or a way around it.

**IBERIA**

In the case of IBERIA LÍNEAS AÉREAS DE ESPAÑA ("Iberia"), again the opposing counsel and/or the Defendant is not being perfectly candid. If you read the correspondence referred to (Complaint Exhibit 48), it tells a different story. Defendant tries to make it sound like, he sent us an email, we told him to fill out a form, he didn't wanna do it, so he didn't respond. That is not what happened. Look at the correspondence.

They saw my doctor's letter that was clear proof that I have a disability and cannot wear a mask. They demanded a medical certificate, which is illegal as described above in reference to Aeromexico. They had other demands too, as follows:

"…all the fields in the application have to be filled in capital letters or by typewriter (put an X in the Yes or No corresponding boxes, and please be as concise as possible in your answers) and the application form must be signed by the attendant doctor and by the passenger who requires this special service.

Also the service must be requested up to 3 working days before departure for medical approval."

These are not allowed for a person who needs a wheelchair. These are not allowed for any disabled person. The ACAA laws were described at length in the

Complaint (Paragraph 106, a-f, and again in many of the causes of action). These Defendants violated this Plaintiff's human rights.

## LATAM

LATAM AIRLINES GROUP S.A. ("LATAM") gives a similar dishonest story as did Iberia. The Latam correspondence (Complaint Exhibit 54) tells a different story.   "If you want to travel without a mask, your doctor must complete the attached form, the Latam doctors will study it and give you an answer, however, you must remember, this is an ordinance of the health authorities, so finally at the airport they will say the last word."

This means that even if I fill out their medical form, which is illegal (See Aeromexico above), that still doesn't mean I can fly.  I can plan a whole trip, but when I get to the airport, they can say, "sorry, but no," on a whim. That doesn't count as allowing me to fly.  That certainly is multiple violations of the ACAA. Requiring a medical certificate, requiring advance notice, treating the disabled different than the non-disabled, and probably several others.

Additionally, in response to my DOT complaint, Latam responded (Exhibit F). They wrote the following:

"Upon a confirmed reservation, persons with a disability or a medical condition who cannot wear a face mask or cannot wear it safely due to the disability or medical condition must send a medical certificate to our Help Center via our Contact Form, at least 48 hours before the scheduled flight. The medical certificate must be dated within 10 days of the scheduled flight and it must

include information from the person's doctor that the person has a medical condition precluding the wearing or safe wearing of a mask. Once the medical certificate is assessed, we will inform you whether you may travel without a face mask."

They required a medical certificate which is illegal. They required 48-hour advance notice, which is illegal. They required that the medical certificate must be dated within ten days of the flight, which is illegal, and ridiculous.  No, it wasn't as they described, saying "you needed to fill out a form," but he wouldn't do that.

Plaintiff has sensory processing disorder.  He had it from birth till 58.  He will continue to have it till he days.  These airlines should not be asking for constant updates of a doctor's letter, and certainly not a medical certificate.


## LOT POLISH

LOT POLISH AIRLINES, SA ("Lot Polish") also distorted what actually happened and tried to make it seem like they did not discriminate. Attached to the Complaint (Complaint Exhibit 56) on Sept 8, 2021 Lot Polish wrote,

"I am writing to inform you that wearing a mask is mandatory during a flight. If there is a lack of possibility of you wearing a mask, you need to have a document stating that you have a disease what prevents you from doing that. What is more, it needs to be in accordance with a current ordinance introduced by the government."

When they say you need a document, again they're asking for a medical certificate, which is illegal. The doctor's letter they received already. That it needs

to be in accordance with a current ordinance, is another way of just saying no. What does that even mean?!

So, I responded on Oct 12, 2021, with the following:

"For the United States government this is sufficient. Please confirm that I can fly on your airline without a mask."

Their response on that same day was, "Frankly speaking it is possible for you to fly without a mask, but the final decision is left for the personnel at the gate."

That response did not convey much confidence. It said that maybe when I get to the airport, they will let me fly and maybe they won't.  I went through that torture with British Airways, and I was not up to another whole set of trauma. Again, this is all violations of the ACAA.

Lot Polish even sent a follow-up letter (Exhibit G) after my complaint to the DOT, trying to justify why they wouldn't allow me to fly, requesting a medical certificate, and even making this bizarre statement: "Moreover, kindly allow us to note that you have not yet entered a contract of carriage with LOT Polish Airlines and, therefore, a violation of passenger's rights could not have occurred." That is not how these violations work.

## ROYAL AIR MAROC

This airline's excuse is that they don't fly to anywhere that I wanted to go. That is not the truth.  They fly to London from New York, with a stopover in Casablanca. I needed to be in London.  From there, I can get to India.  Or, I can fly from Casablanca to Dubai, which I needed to get to. So many of the places that I needed to get to can be easily reached from Morocco. Just go online to their website[2] and you can see all these places that they do go to, which would have gotten me to many of my required destinations.

They point out that I didn't buy a ticket.  Let's analyze that.  I was turned away by over 50 airlines (46 sued here). If I had to buy 50 flights to Europe and beyond for at least $1,000 each, that would cost me $50,000 just to be able to have my rights.  That is unreasonable.  If the question is if I was really looking to travel, or am I just a tester, the evidence will be very clear that I needed to travel, and on several occasions, I was lucky enough to travel. Just look at the affidavit by Mr. Khan (Complaint Exhibit 80). Requiring me to buy a ticket just to reserve my rights is not appropriate at all.

Royal Air Maroc didn't just ignore me.  It acknowledged receipt of my request and then continued to ignore me. On Dec. 6, 2021, I filed a Complaint with

---

[2] https://www.royalairmaroc.com/us-en

the DOT.  They never ever responded to that. I was not allowed to fly with this airline.  The DOT did find them to be in violation of the ACAA laws (Exhibit H).

## SINGAPORE AIRLINES

This airline claims that Plaintiff refused to provide an updated doctor's note. That is baloney. The airline wrote the following (Complaint Exhibit 64): "Please be informed, on basis of attach document from doctor and as per US CDC's requirement to wear a mask you does not qualify for exemption of mask requirement. Thank you for choosing Singapore Airlines." It baffles me how someone would say something untrue, that they know will be easily exposed.

I think that was clear enough. I'm not sure why these Defendants keep asking about my itinerary. If they won't let me fly, what is the difference.  If they will let me fly, then I will book with them, as I did with JetBlue, American, Delta, British, Air France, and possibly a few others.

## SPIRIT AIRLINES

This airline made a full list of demands, which were all violations of the ACAA and this Plaintiff's rights. It was so ridiculous, there was no chance of getting past that list and succeeding in flying.  In any case, everything required on

their list was a violation of ACAA laws. They wrote the following (Complaint

Exhibit 66):

"If you meet the criteria above, you then need to meet all the requirements by
following the steps listed below:
1. Contact us 48 hours prior to scheduled departure to let us know you will be
asking for an exemption on the day of your flight. You can contact us through
our Chat feature here or via WhatsApp at 855-728-3555 with the words "ADA
face mask exemption" .
2. Arrive at the airport 3 hours prior to your flight's scheduled departure since
you may be screened by our medical experts.
3. Have your medical doctor or medical professional complete the Spirit ADA
Face Covering Exemption Form or provide a letter from your medical doctor.
This letter needs to be dated 10 days prior to departure for
each flight on your itinerary (including your return flight) and needs to meet all
the following requirements:
☐ Be on the medical doctor office's official letterhead
☐ Acknowledge that you have a disability recognized under the ADA/ACAA
that inhibits you from wearing a mask or from safely wearing one
☐ Acknowledge that the doctor understands that this exemption is not for a
person who simply may find mask wearing difficult
☐ State that you are under their care and they specialize in the area pertaining
to your disability
☐ Contain the medical professional's NPI number (if available)
☐ Contain the medical professional's license number, license type, and date
license was issued
☐ Have the license jurisdiction
☐ Contain the medical doctor's business name
☐ Contain the medical doctor's business phone number
4. Present a negative COVID-19 PCR or Antigen test result, taken within 24
hours prior to scheduled departure at the airport. Please see requirements for
testing:
☐ The test result can be in written or electronic form and must include
information that identifies the person, a

specimen collection date and the type of test.

☐ Guests who have received the COVID-19 vaccine or tested positive for antibodies must still provide a negative viral test result as described above.

☐ If you have recovered from COVID-19 within the last 90 days from your date of travel and have met requirements to end your quarantine, you are NOT required to provide a negative test. However, you must provide documentation of your positive viral test result AND a letter from your healthcare provider or a public health official on official letterhead stating that you have been approved to travel.

☐ If you're returning to the U.S. from an international destination, in order to obtain a mask exemption, your COVID-19 test must still be taken within 24 hours. You will only need to present one negative COVID-19 test taken within 24 hours.

☐ If at an international location, you must comply with any local face covering requirements before and during boarding.

I think it is very dishonest for the Defendant and its attorney to present this as a simple, "As he had in every other case, Plaintiff found the requirements to qualify for an exemption "frustrating and unfair."" When Mayor Guiliani broke up the mafia control of the garbage industry, which is Plaintiff's industry, they rounded up all the garbagemen in the City of NY into an auditorium in Downtown Manhattan around 1996. They lectured all the garbagemen and demanded that from now on, they expect HONESTY, INTEGRITY, and GOOD CHARACTER. Can we expect the same from airlines and their attorneys?!

**TAP AIR PORTUGAL**

TRANSPORTES AÉREOS PORTUGUESES, S.A. ("TAP Air Portugal")
claims it was a simple lack of response from Plaintiff that was the issue. That is a
lie. From Sept 1, 2021 until January 11, 2022 there was no response other than to
say in November, that if I need to take it off for short periods it would be okay,
otherwise not (Complaint Exhibit 70). That would not work for my disability. I
cannot wear a mask at all. Then there was no further response till January. That's
over four months refusing to let me fly at all, in violation of the ACAA. Then,
when they finally responded, they gave a list of demands as did Spirit Airlines and
many others. These demands are each a violation of the ACAA.

**VOLARIS**

CONCESIONARIA VUELA COMPAÑÍA DE AVIACIÓN, S.A.P.I. DE
C.V. DBA Volaris ("Volaris") again makes that similar claim that "Plaintiff claims
he submitted a request for a mask exemption, with a copy of his doctor's note, to
Volaris... The airline responded with the requirements to qualify for an exemption,
including a medical note containing certain information and, for any flight from the
US, a negative COVID test…Plaintiff made no effort to provide this information or
book a Volaris flight…" As in all the other cases above, it wasn't that simple, and
even if it was, the airline is in violation of the ACAA.

As you can see in the correspondence with Volaris (Complaint Exhibit 75), the airline flat out denied me on Oct. 1, 2021, in response to my request on Sept 1, 2021.  Later, two and a half months after my initial request, after I complained to the DOT, they sent me a new email on Nov. 12, 2021 saying that there were ways I can travel without a mask, and then proceeded to make demands like Covid tests and Medical Certificates which are violations of the ACAA.

## ATTACKING THE VICTIM

It seems like the best way to defend oneself nowadays is to attack the victim. These airlines know that they have violated the law, they almost admit it in their motion by their preemption arguments. They just figure if they put the victim of their discretions up to scrutiny, then they don't have to pay for their misdeeds. Plaintiff will respond to their allegations.

Defendants are trying to DEFAME Plaintiff through insinuation. The attorneys for sure should know better than that. Isn't this something that deserves sanctions?!

## THERE IS NO COALITION THAT PLAINTIFF IS A PART OF

Defendants mention that "Plaintiff is part of an online coalition of persons – Americans Against Mask Mandates."  That is misleading and dishonest.  Yes, there

is a Facebook group with such a name.  Plaintiff is a member of over fifty

Facebook groups.  These are not coalitions.  The Defendants were trying to group

all the people together and then make this Plaintiff responsible for someone else's

lawsuit and/or actions.  That would not be fair.

Every American is entitled to his own due process. How do we know why or

how those other Plaintiffs presented their cases? Were they actually disabled? Do

they have evidence? Did they file in a timely manner? I can go on for days with

these questions.  There are so many parts to a lawsuit, and so many reasons a case

can be won or lost. This Plaintiff is entitled to a Jury of his peers. How can he get

justice, if it means something if someone else had a similar case and he lost.  That

is un-American. Besides, I'm sure there are others that did not lose. Did the

Defendants list all cases, whether they won or lost, and all the reasons? Of course

not.

Yes, there is a guy, Lucas Wall, mentioned below from the case, Wall v.

Transportation Sec. Admin, that sued a few of these airlines. He may have

suggested that there's such a group. It is Plaintiff's understanding that it is not

actually an organized group, and Plaintiff is not a member of any such group.

Plaintiff asks this Court to ignore all those cases and allow this Plaintiff his

due process, without requiring him to review every other case from this so-called

coalition that does not exist.

## PLAINTIFF IS NOT A SERIAL LITIGANT

The Defendants list many cases that this Plaintiff filed in this and other courts. The real number is probably many times that. In their motion, Defendants seemingly tried to suggest that Claimant was a serial litigant, assumably because courts do not appreciate such actions. The goal of the Defendants was to appeal to this court's discontent of serial litigants, and those bringing frivolous lawsuits just to bother the courts and annoy people, and maybe make a few dollars on the way. Obviously, the purpose of presenting all those cases were to make it seem like Claimant is a serial litigant.

Please allow me to respond. If Claimant was a serial litigant, why would he have not brought a single complaint or lawsuit prior to the Covid era? Claimant is 58 years old and had ample opportunity to bring lawsuits. The actual truth is that Claimant suffered significantly during Covid, because suddenly big corporations that often lecture us about virtue, were suddenly throwing him out of stores, hospitals, modes of transportation, and other places, due to his disabilities, and/or banning him from entering. Employees were emboldened and encouraged to yell at him and even on many instances they called the police to remove him.

What happened to our society?! How have we fallen so low?! Not allowing a person with a disability to enter a store, or enter an airplane, due to his disability; is

that who we are?! Is there a difference between banning me from entering your store, or banning a person in wheelchair from entering?! Put up a big sign, "everyone must walk; no wheelchairs allowed." Why is one considered very wrong, and the other is encouraged. There seems to be some strange political bias with regards to mask wearing in the United States. In other countries, I'm glad to say that I was treated wonderfully, when I was lucky enough to find an airline that would take me there. The second I say medical disability, everyone would immediately accommodate. This was the case in India and in Germany. What happened here in the United States. Have we lost our moral compass due to a little extra fear?!

I have been fighting this in courts, in human rights commissions, and in many forums. I won't stop fighting until I know that this can never happen again. My entire business, my income, and any money that I had was destroyed by these horrible actions done by people who could not get their moral compass in check. I cannot and probably will not survive another situation like this, where during a two-year period I was banned from hotels, stores, airplanes, restaurants, and even hospitals. I will keep fighting until I know that this cannot happen again. You see, because of Claimant's inability to travel and to move about, his income was destroyed. He has been in the waste management industry for over thirty years, and

his entire career requires extensive travel and interaction with companies and people.

I have settled with at least five companies already. The ones that chose to fight me back, end up spending hundreds of thousands to millions on their legal fees alone. If that's what it takes to discourage future actions like this, then I have been successful. The ones that settle, have it much easier. I accept a few dollars, a fraction of the cost of the filing of a single pleading, and most important, I get some kind of assurance and/or assistance that this can never happen to me again. I usually get a point of contact within the company that I can call in the future if this were to reoccur.

So, no, I am not a serial litigant. I believe that as a disabled person, my rights have been trampled upon. The fact that so many people and companies were comfortable trampling on my civil rights, and the fact that some lawyers, and even some courts were okay with my rights being stripped from me, does not make me a serial litigant and does not make me wrong in my actions of fighting back.

While I don't consider this in any way similar to Martin Luther King Jr. ("MLK"), I want to point out a simple example. Imagine if MLK were to shy away from his fight, because so many people were comfortable denying human rights to black people in those years. Wouldn't that be sad. He fought and he fought and he won. There is only one way to proceed when a person's human rights are violated;

especially when the violations are rampant, and unapologetic.  It is not just for

myself.  Hundreds of people shared similar stories over the past two years. We

should not have to suffer like this. We all need to fight.

Thank God, the suggestions that Defendants made that would make it seem

like I am losing everywhere, is NOT TRUE AT ALL. I won an appeal in Florida

against Disney and against the Florida Commission on Human Rights. I won

against many airlines at the Dept. of Transportation's ("DOT") disability complaint

division. These airlines were determined by the DOT to be in violation of federal

disability complaints, because they refused to allow me access to fly on their

airplanes. Unfortunately, the DOT refused to enforce it or punish them in any way,

so hence I filed this lawsuit in federal court against the majority of airlines (46)

flying in the United States and from the US abroad, as I believe without

repercussions this can happen again. I claim that their actions directly caused my

suffering, my damages, and my loss of business and income.

I won against Target at the Third Circuit Court of Appeals. This is not how I

want it to go down. My biggest wins were with companies like Nordstrom, where

upon my initial complaint internally to their regional manager, they immediately

apologized and offered to send me the $30 pair of shoes that I was trying to buy,

until their manager threw me out. The shoes were a nice touch, but the immediate

apology was awesome. Best Buy also apologized immediately. There are some

decent people left. Trader Joes never threw me out even once. It's the only chain that I went to so many of their stores and the people were wonderful. It is not easy living with a disability. I'm glad that there still are some decent people around.

Sadly, while the lawyers make hundreds of thousands of dollars litigating this, probably knowing it is wrong, the clients spend all that money thinking that I'm just another baloney disability complaint. I will continue fighting until I hit the end of the road or I win. I've had five or six cases in federal circuit courts. I have six or seven cases that I have filed in the US Supreme Court. I cannot stop this fight. No, I am not a serial litigant. I am a person with a disability whose life was destroyed by discrimination. This is happening right here in the United States, the country who lectures every other country on human rights, and by those same big corporations like these airlines, Apple, Target, and Walmart, who love to lecture us on right and wrong! They should all first look in the mirror.

## THIS COURT HAS PERSONAL JURISDICTION OVER DEFENDANT MATTHEW ROBERTS

Defendant claims that he was not involved at all with the New York flights. That is not true.  Plaintiff asked him to resolve the issue and he handled New York, New Jersey, Maryland, and Dulles Airport in Virginia for this issue with this Plaintiff. The New York JFK Airport staff continued to claim that Plaintiff can fly

with them, without a mask.  They kept blaming his inability to fly on a visa issue. That is why Plaintiff asked Mr. Roberts to look into this purported visa issue. In the end, Mr. Roberts confirmed that there was no visa problem, but reversed the original approval and said that Plaintiff cannot fly at all with British Airways without a mask.

If and when Mr. Roberts was to resolve the issue, it would have been for British Airways in any of the Northeast airports.  You can see that clearly, when Plaintiff followed up months later, in December, to see if hopefully British Airways was finally ready to follow the law and allow him to fly. Attached to the Complaint (Complaint Exhibit 33) was an email from Plaintiff to Mr. Roberts asking him just that. Plaintiff wrote the following:

"I realize that policies evolve. As you are aware, I have a disability and cannot wear a mask. Previously, you told me that I cannot fly on British Airways. Has anything changed on your end? Please let me know if I can now fly either from JFK, EWR, BWI, or Dulles. I need to fly to Bangalore India again."

His Response was as follows:

"Dear Mr. Abadi,
Thank you for your email. I regret to advise that nothing has changed since February regarding the rules and regulations on mask wearing in the airports and on-board. The same criteria applies as last time. I wish I could bring you better news.
Sincerely,
Matt Roberts"

He did not say "I can only speak for Dulles Airport." He responded to the question with regards to all four airports that British flies from in the Northeast. JFK, EWR, BWI, or Dulles are the airports in New York, New Jersey, Maryland, and Virginia, respectively. If he would have helped me, it would have been good at all four airports. When he chose to discriminate against me, it was for all four airports. We both understood that, and it is clear from the back and forth.

The involvement that Mr. Roberts had due to his senior position reached to New York, from the beginning to the end of our involvement with each other. Defendant Roberts' violations of Plaintiff's rights, the torts, and all the claims affected Plaintiff in all four of those states. However, Plaintiff is confused. He is not sure what their play is here. If British Airways and Mr. Roberts would rather that Plaintiff sues him separately in the District Court of Virginia, they should let him know. Defendant quotes N.Y. C.P.L.R. § 301 and its requirements for a person to fit under the long arm statute of New York. Defendant Roberts fits under those rules as described here.

## 42 U.S.C. § 1983 & 1985(3) & 1986 – DEPRIVATION OF RIGHTS UNDER COLOR OF LAW & THE FEDERAL CONSPIRACY STATUTES

Plaintiff elaborated in the complaint, carefully addressing all the arguments that Defendants were going to present with respect to these statutes.

## ACAA PRIVATE RIGHT OF ACTION

This was addressed thoroughly in the Complaint. There is no binding precedent or settled law saying there is no private right of action.  There is a belief that there is a robust enforcement scheme at the Department of Transportation ("DOT"). That was the entire basis of the idea that there should be no private right. Well, guess what, that was proven wrong.

There probably was no need for major enforcement in the past, because airlines would police themselves, often to avoid bad publicity. We may have believed there was an enforcement scheme. No one really knew, because there wasn't much to enforce. Suddenly, there is Covid and an all-encompassing mask mandate, and we find out very clearly that there is no enforcement at all.  Congress wants these laws to be kept, and it is appropriate for this Court to confirm that the disabled are entitled to enforcement of their laws protecting their civil rights.

The Circuit Court cases were not en-banc and there is no binding precedent. They were based on a mistake or misunderstanding.  The Circuit Court cannot say that they cannot require the DOT to enforce the law and simultaneously say that there is a robust enforcement scheme.  It is only possible to be one or the other. This is a contradiction. See the Complaint for more on this argument.

Defendants bring Lopez v. Jet Blue Airways, 662 F.3d 593, 597 (2d Cir. 2011) as evidence and as precedent. They write, "Plaintiff does not point to any change in the ACAA's enforcement structure since Lopez was decided, nor any case law superseding Lopez, so there is no basis to deviate from the Second Circuit's holding."

As described in the Complaint, Lopez says the following: "…because the statute provides an administrative enforcement scheme designed to vindicate fully the rights of disabled passengers." Lopez v. Jet Blue Airways, 662 F. 3d 593 - Court of Appeals, 2nd Circuit 2011. Plaintiff proved in the Complaint that this is a mistake. There is no enforcement scheme, and that is exactly why the airlines can do what they want. They are a cynical bunch. They discriminate against people with disabilities. The DOT ignores it, as there is no process set up to enforce it. Then the airlines go to court to fight it, saying "there is a robust enforcement by the DOT," knowing all that time that this is bogus.

The Lopez case is not precedent. It relies on Sandoval. Many lawyers and sometimes judges might rely on Sandoval, but that case is not an ACAA violation. See the Complaint where Plaintiff clarifies these differences (Paragraph 1050 & 1051). At the time of Lopez, the real truth of the DOT lack of enforcement and lack of ability to enforce was not yet clear. Covid-19 brought out the low moral character of the airlines, and the absolute inability of the DOT to address it. The

Circuit Court decisions brought down in the Complaint Abadi v. DOT in the 2nd

Circuit AKA In Re: Aaron Abadi, and Abadi v. DOT in the DC Circuit (described

in the Complaint), showed that the DOT had no real enforcement mandate and

therefore the Circuit Courts have no power over them to require enforcement.

    Without any real precedent, and with the understanding that there was no

real enforcement process set up through the DOT, this Court must look at this with

fresh eyes, and make a decision based on the facts and the understanding of the

law.

## **ACAA and ADA PREEMPTION**

    Preemption was addressed in the Complaint and below.

## **DOT AUTHORITY**

    "The DOT's position with respect to the mandate is that the "authority to

pursue or not to pursue enforcement action against airlines with respect to air travel

consumer protection and civil rights requirements, including compliance with the

ACAA, lies with OACP."  This was written by the Defendants in their Motion to

Dismiss.  They seem to state that the DOT's position is the law of the land.

    Well, the DOT write in their responses to DOT Complaints, the following:

"Notwithstanding our decision not to pursue enforcement action, however, private legal action may be pursued in the courts based on private contract rights or on civil rights statutes that provide for a private right of action and, in such a proceeding, monetary damages may be sought."

Defendant cannot use two opposite arguments, each time when it works for them. Either the DOT's understanding is accurate, then there is no preemption. Or they're not the ones to decide what their authority is.

The truth is that preemption only is a problem when there is a conflict. State law is always valid when it does not override or conflict with federal law. There are ADA laws for disabilities and then almost every state enacted disability law to add to and to complement the ADA. The ACAA is similar.

## THE REHABILITATION ACT ("RA")

The RA was also argued thoroughly, and here in their Motion, Defendants admit that they had to sign the paper stating that they would be subject to… the RA. Plaintiff plans to request a copy of the actual signed agreement in discovery.

## STATE CIVIL RIGHTS CLAIMS

Defendants tried to have the UNRUH & NJLAD & Texas Civil Rights & New York City Civil Rights counts dismissed.

Preemption does not apply, as the entire purpose of state human rights laws are in addition to federal laws. If preemption existed, these laws would all be meaningless. The only time preemption exists is if there is a conflict. For example, if federal law requires a 15-foot ramp for wheelchair access, and state law says only 14-feet, then the state law would be preempted by the federal law. Adding damages to existing federal law that has no damages, is not a problem of preemption.

Even the Defendants know this concept and they themselves use it in their Motion. They write (Page 33), "…those laws "conflict with" the Mandate and are expressly preempted…" They know that only a conflict can bring up a preemption issue. They try to say that there is conflict here, because the "mandate" from the DOT says that they can ask for medical certificates and other ACAA violations. That is not true and not honest. The "mandate" is not legally binding and is not allowed to conflict with federal ACAA laws. If they are violating this Plaintiff's rights as to State Law or ACAA law, then they cannot quote a footnote to a letter that was obviously against the law, to authorize their violations of the law. That is absurd.

Here is a clarification of the preemption concept by the Supreme Court of the United States.

"Article VI of the Constitution provides that the laws of the United States "shall be the supreme Law of the Land;. .. any Thing in the Constitution or

Laws of any state to the Contrary notwithstanding." Art. VI, cl. 2. Thus, since our decision in McCulloch v. Maryland, 4 Wheat. 316, 427 (1819), it has been settled that state law that conflicts with federal law is "without effect." Maryland v. Louisiana, 451 U. S. 725, 746 (1981). Consideration of issues arising under the Supremacy Clause "start[s] with the assumption that the historic police powers of the States [are] not to be superseded by . . . Federal Act unless that [is] the clear and manifest purpose of Congress." Rice v. Santa Fe Elevator Corp., 331 U. S. 218, 230 (1947). Accordingly, "`[t]he purpose of Congress is the ultimate touchstone' " of pre-emption analysis. Malone v. White Motor Corp., 435 U. S. 497, 504 (1978) (quoting Retail Clerks v. Schermerhorn, 375 U. S. 96, 103 (1963)).

Congress' intent may be "explicitly stated in the statute's language or implicitly contained in its structure and purpose." Jones v. Rath Packing Co., 430 U. S. 519, 525 (1977). In the absence of an express congressional command, <u>state law is pre-empted if that law actually conflicts with federal law</u>, see Pacific Gas & Elec. Co. v. State Energy Resources Conservation and Development Comm'n, 461 U. S. 190, 204 (1983), or if federal law so thoroughly occupies a legislative field "`as to make reasonable the inference that Congress left no room for the States to supplement it.' " Fidelity Fed. Sav. & Loan Assn. v. De la Cuesta, 458 U. S. 141, 153 (1982) (quoting Rice v. Santa Fe Elevator Corp., 331 U. S., at 230)." Cipollone v. Liggett Group, Inc., 505 US 504 - Supreme Court 1992.

There most certainly is no preemption without a real conflict.

Here is another example of preemption issues needing a conflict to be an

issue:

"Thus, <u>there is no basis for us to find either that it would have been "impossible" for Independence to comply with both state law and the ACAA, or that state law would have been an "obstacle to the accomplishment and execution of the full purposes and objectives of Congress</u>." English, 496 U.S. at 79, 110 S.Ct. 2270." Elassaad v. Independence Air, Inc., 613 F.3d 119

(2010) 3rd Circuit.  (While this is a 3rd Circuit case, the decision is quoted from Supreme Court caselaw).

And finally, the bizarre argument that New Jersey law requires a disability, and not being able to wear a mask is not a disability. Plaintiff made his medical issues very clear and his doctors confirmed that he has a valid disability. Defendant wrote the following: "The Complaint does not cite to any authority for the position that refusal to wear a mask qualifies as a disability under the NJLAD." This sounds a bit like gaslighting. NJLAD follows the ADA guidelines for what is a disability. Plaintiff proved that his disability falls under ADA guidelines. Defendants' statement is frankly offensive, as it makes light of Plaintiff's disability and his struggles because of them.


## TORT, NEGLIGENCE, & INFLICTION OF EMOTIONAL DISTRESS

Defendants brought up preemption again. Please see above.

The Defendants also claim that "the Complaint fails to allege the requisite elements of the tort claims, including an allegation that the Moving Defendants engaged in "an intentional infliction of economic damage, without excuse or justification." That is not true.  They should read the Complaint.

## PROMISSORY ESTOPPEL & INJURIOUS FALSEHOODS

The Complaint describes many of the Injurious Falsehoods.

The Complaint says the following regarding Promissory Estoppel, "Defendants in their advertisements, on their websites, in their brochures and statements all allege that they are decent people, that they will treat those with disabilities and/or special needs with care."

There are probably dozens of places on their websites and in their advertisements where they promise to be nice to the disabled.  They breached those promises and were just horrible.  Here are some examples:

### VOLARIS:

"Assistance for passengers with disabilities[3]
Our Commitment:
At Volaris, we are committed to offering an efficient and inclusive air transportation service, which is why we are always working to guarantee that your travel experience is as pleasant as possible and of the highest quality.
Do you need special assistance?
If you or one of your travel companions requires special assistance due to a disability, let our staff know and they will be happy to do everything they can to provide you with the best service possible."

---

[3] https://cms.volaris.com/en/travel-info/special-services/special-assistance-for-people-with-disabilities/

**ROYAL AIR MAROC**:[4]

"Royal Air Maroc provides a personalized service according to your needs.

Reduced mobility, blindness or partial blindness, deafness or partial deafness, etc."

**AEROMEXICO:**[5]

"To our customers with disabilities or special needs:
Aeromexico would like to thank you for choosing us, and inform you of the services that our airlines Aeromexico, Aeromexico Connect, and Aeromexico Travel, (hereafter jointly referred to as "Aeromexico") can offer you to make your trip a comfortable and enjoyable experience .
As there are many disabilities that are not visible, we rely on the information you provide us to give you the best service fitting your needs. To avoid making you uncomfortable with questions regarding your disability, we would appreciate you letting us know which services you need to make your trip a pleasant one."

**TAP AIR PORTUGAL:**[6]

"Special needs: Your well-being is our priority.
Travel rested and without any worries!
We provide services designed to help you reach your destination in maximum comfort."

**SPIRIT AIRLINES:**[7]

"We are happy to assist Guests traveling with a disability."

---

[4] https://www.royalairmaroc.com/us-en/reduced-mobility
[5] https://aeromexico.com/en-ca/travel-information/special-services
[6] https://www.flytap.com/en-us/special-needs
[7] https://customersupport.spirit.com/en-us/category/article/KA-01512

### AVIANCA:[8]

"At Avianca, in collaboration with the airports, we work to facilitate accessible air transportation."

### SINGAPORE:[9]

"Disability assistance:

We care about the journey that each passenger takes with us. So it's our pleasure to provide care and assistance to our passengers with disabilities, whether at the airport, during the flight or when making flight connections."

### LATAM:[10]

"Do you need special assistance?  We have services that will be useful for your trip, just inform us in advance and we will give you the necessary help with a pleasant, comfortable and safe experience. Depending on the type of assistance you require, you must send us the request 24 or 48 hours before your trip. Our team is always ready and willing to help when you need it. To continue providing you with the best experience, we recommend that you review each of our sections depending on your needs"

### IBERIA:[11]

"Having air transport available is a right for individuals with disabilities and an obligation for airline companies to their customers. In Iberia, with the

---

[8] https://www.avianca.com/en/information-and-help/special-assistance/?gad_source=1&gclid=CjwKCAiA04arBhAkEiwAuNOsIhjaRebRafZ5hoqRyIGzcaOx5SOy77JOMrj0_RRjaQG6CWltmrwhVhoCM3IQAvD_BwE
[9] https://www.singaporeair.com/en_UK/sg/travel-info/special-assistance/disability-assistance/
[10] https://www.latamairlines.com/us/en/experience/prepare-your-trip/well-being/special-assistance
[11] https://www.iberia.com/us/fly-with-iberia/special-needs/

collaboration of individual country's Airport departments, we have revised processes to make your travels easier and we work daily on designing more accessible airplanes and specific procedures adapted to your needs. It is our great pleasure to constantly learn to better offer you the safe and comfortable journey that you deserve."

**LOT POLISH:**[12]

"Accessible travel: We are committed to make your travel an easy and stress-free experience. Tell us if you need assistance at the airport and on board our aircraft."

**BRITISH AIRWAYS:**[13]

"We believe our unique British Airways' service should be accessible to everyone, and we're committed to making flights as easy as possible for customers travelling with disabilities."

**<u>INVASION OF PRIVACY:</u>**

Defendants claim, "Given that Airline Defendants' requests for medical information were squarely required by the Federal Mask Mandate, they cannot plausibly be considered "unjustified" and "outrageous.""

---

[12] https://www.lot.com/us/en/journey/special-services/accessible-lot
[13] https://www.britishairways.com/en-us/information/disability-assistance/assistance-available

Again, they give this "mandate" the value of a federal law.  There is no such evidence presented that a letter from DOT or TSA becomes federal law.

Yes, some of the information that they tried to force Plaintiff to provide was not provided. But, much of what Plaintiff did provide, was private and he should not have been forced to provide. It is ironic that although he did provide more than enough to prove his disability, they refused to allow him to travel anyway.  It has been proven over and over, airline by airline, that the purpose of all the demands of private information, and all the hoops that needed to be jumped through, these were all just ways to keep Plaintiff and those similarly situated away from their airplanes.  This was not for safety.  This was probably to avoid having to explain to other passengers why someone was not wearing a mask.


## FRAUDULENT MISREPRESENTATION

Defendants want this dismissed due to preemption.  This was responded to in several places in this document and in the Complaint.  That same response applies to negligence and inflicting emotional distress.

Additionally, Defendants claim that the fraudulent misrepresentation was not sufficiently clear.  Plaintiff does not believe that this is the case. If the Court agrees with the Defendant, Plaintiff would like to take the opportunity to clarify it in an amended complaint.

## THE CONSTITUTIONAL RIGHT TO TRAVEL

Defendants brought caselaw that stated that "minor restrictions on travel simply do not amount to the denial of a fundamental right." They brought Town of Southold v. Town of E. Hampton, 477 F.3d 38, 54 (2d Cir. 2007) ("travelers do not have a constitutional right to the most convenient form of travel, and minor restrictions on travel simply do not amount to the denial of a fundamental right"). They also brought another case with the same concept.

This has no similarity to our case where almost every airline, Greyhound Buses, Amtrak Trains, and ride-share companies ALL DENIED PLAINTIFF ACCESS and/or created regulations and demands that were in violation of disability laws, which Plaintiff alleges was done deliberately to deny Plaintiff and those similarly situated access to travel.

Here's an example.  A non-disabled person, and a disabled person prior to Covid and now after Covid fears subsided, are able to decide to fly somewhere, book a flight, and get on a plane.  Then when they want to return home, they can book a flight and head home. During these Covid restrictions that were placed on Plaintiff, if Plaintiff wanted to fly, he had to get a medical certificate.  The date had to be right before the flight.  For his flight back, he needs another.  He would have to have a doctor on retainer, to keep providing medical certificates. Then there are

always multiple rules added, with the intention of discouraging someone like Plaintiff from traveling.

Defendants keep saying that Plaintiff wasn't completely denied, but that's a game. Even airlines like Delta and Air France that formally approved Plaintiff to fly, they had multiple scenarios where Plaintiff was denied, and/or yelled at and asked to leave. British Airways is another example as described herein and in the complaint.

The ACAA laws are clear. Medical Certificates are only for specific situations, where the doctor needs to confirm that patient is physically able to fly. It is illegal to request that for mask mandates. Congress knew what airlines might try to do, and they arranged for a law against that.

Plaintiff shows that his constitutional right to travel was seriously hampered to a point where he lost enormous amounts of money, and was significantly injured. They cannot say with a straight face that this was just a minor restriction on travel. The Andreadakis case that Defendants quoted is obviously different, as the judge states in the quote presented that that Plaintiff could have traveled with a mask. That is NOT the case with this Plaintiff.

## BREACH OF CONTRACT

Defendant wrote the following argument, why Breach of Contract does not apply.

"What Plaintiff does not cite is any provision in his alleged contract with British Airways that would have obligated British Airways to allow him to fly maskless without qualifying for an exemption to the Federal Mask Mandate. Of course, there is no such provision as this would have violated federal law and endangered British Airways' other passengers and crew."

The facts and the law are not as they present it. British was required to take Plaintiff, as he was exempt due to his medical disability. Defendant refused.  There are multiple breaches here.  Here is one example.  The contract states, "If you are a passenger with a disability we will carry you where arrangements have been made to provide for your special needs. If you do not inform us at the time of booking of your special needs, we will nevertheless use reasonable efforts to accommodate your special needs."[14]

British Airways breached this contract.

Defendants also wrote, "In the absence of such a "self-imposed undertaking," the Wolens exception does not apply and the claim is preempted."

---

[14] https://www.britishairways.com/en-us/information/legal/british-airways/general-conditions-of-carriage

The problem with that argument is again that since ACAA law does not allow these restrictions, demands, and requirements, it was exactly that; a self-imposed undertaking.

## **MOOTNESS**

Defendants brought up the MOOTNESS justification hidden in a footnote, as they probably knew that it won't stick. They are asking this Court to consider this case moot, as currently the mask requirement is no longer in effect.

This issue was addressed thoroughly in this Complaint. Even till this day there are constant new Covid rules, restrictions, and actions taken by the CDC, private companies, and various government agencies.

The CDC just put a new expansive testing project for multiple diseases at airports. It was in the news just recently.[15]

Mootness does not apply in this case for multiple reasons. Now, suddenly there are companies, organizations, hospitals, schools and the like that are reinstating mask policies.[16]

In order to claim mootness, the Defendants have a heavy burden to prove, as in *Sheely,* "The "formidable," "heavy burden of persuading the court that the

---

[15] https://www.cdc.gov/media/releases/2023/s1107-testing-respiratory-viruses.html
[16] https://www.newsweek.com/mask-mandates-return-list-places-restrictions-1823069

challenged conduct cannot reasonably be expected to start up again lies with the

party asserting mootness." Sheely v. MRI Radiology Network, P.A., 505 F.3d

1173 (11th Cir. 2007).

In order to be considered moot it has to pass the following test:

"“A case might become moot if subsequent events made it absolutely clear

that the allegedly wrongful behavior could not reasonably be expected to recur."

United States v. Concentrated Phosphate Export Assn., 393 U.S. 199, 203, 89 S.Ct.

361, 21 L.Ed.2d 344 (1968).

If tomorrow morning, there is an increase in the Covid deaths and

hospitalizations, it is likely that they will try to reinstate mask mandates. If a new

pandemic showed up, it is likely that they will try to reinstate mask mandates. The

CDC, NIH, Anthony Fauci, and even Bill Gates have been predicting another

pandemic in the very near future. I would listen to them, because they predicted the

last pandemic.[17]

Besides, initially, before there was a mandate, the airlines all had their own

policies, and when the mandate ended, many airlines continued their own policies.

The DC Circuit writes the following in a challenge to the TSA mask

mandate: "Because there is a more-than-speculative chance that the challenged

---

[17] https://centerforhealthsecurity.org/our-work/tabletop-exercises/event-201-pandemic-tabletop-exercise

conduct will recur, these cases are not moot." Wall v. Transportation Sec. Admin.,

No. 21-1220, 2023 WL 1830810, at *2 (D.C. Cir. Feb. 9, 2023).

Besides all that, the fact that there are injuries alleged and damages claimed,

it is important to litigate all the discrimination claims in order to determine if there

was discrimination, get declaratory relief, and only then damages can be applied to

the state claims.  It is still extremely relevant. Even with respect to Federal

Defendants it is thus relevant. The point of mootness stopping a lawsuit, is the idea

that there is nothing the court can do to bring redress or rectify the wrong. The bar

isn't very high.  The Supreme Court recently held that even just nominal damages

are sufficient redress to warrant a litigation.

"For purposes of this appeal, it is undisputed that Uzuegbunam experienced

a completed violation of his constitutional rights when respondents enforced their

speech policies against him. Because "every violation [of a right] imports

damage," Webb, 29 F. Cas., at 509, nominal damages can redress Uzuegbunam's

injury even if he cannot or chooses not to quantify that harm in economic terms."

UZUEGBUNAM et al v. PRECZEWSKI  et al - U.S. Supreme Court March  8,

2021.

Also, see this Supreme Court decision in full; here is an excerpt:

"A declaratory judgment can then be used as a predicate to further relief, including

an injunction. 28 U. S. C. § 2202; see Vermont Structural Slate Co. v. Tatko

Brothers Slate Co., 253 F. 2d 29 (C. A. 2d Cir. 1958); United States Lines Co. v.

Shaughnessy, 195 F. 2d 385 (C. A. 2d Cir. 1952)."

Powell v. McCormack, 395 US 486 - Supreme Court 1969

Let us put the MOOTNESS claims behind us and move forward on this

litigation.

## **<u>CONCLUSION</u>**

This case is a complex case, with many aspects, both of facts and legal

issues. The above response in conjunction with the Complaint itself should

sufficiently resolve any of the issues brought up in the Motion to Dismiss. The

U.S. Constitution affords each citizen their own due process. Plaintiff asks this

Court to allow for the lawsuit to proceed and we can address all these items in trial.

A motion to dismiss should not be used to take away a person's right to justice.

**WHEREFORE**, Plaintiff asks this court to DENY this motion to dismiss in its

entirety, and to schedule an Initial Case Management Conference in accordance

with Rule 16(b) of the Federal Rules of Civil Procedure.

Respectfully submitted this November 27, 2023.

*s/Aaron Abadi*

AARON ABADI, Plaintiff
82 Nassau Street Apt 140
New York, NY 10038
516-639-4100
Email:  aa@neg.com

**abadi.rne@gmail.com**                   Exhibit A

| | |
|---|---|
| **From:** | abadi.rne@gmail.com |
| **Sent:** | Wednesday, September 1, 2021 5:23 PM |
| **To:** | '. AM SSR WEB CC' |
| **Subject:** | RE: Disability Assistance |

That is unacceptable.
If you need to, forward it to the proper email address.  Please don't send me on a wild goose chase.
You are the disability assistance office, and if you will not answer my question, I will have to assume that it is a no, and I will immediately file a complaint with the Department of Transportation.
You did not offer me an email address or any real way to reach anyone.
I tried the chat, it doesn't work.
Your response was clearly just avoidance.

Please find a supervisor and pass it upward.  I will give you a few days before I file a formal complaint.

Thank you,

Aaron Abadi

**From:** . AM SSR WEB CC <amssrwebcc@aeromexico.com>
**Sent:** Wednesday, September 1, 2021 5:03 PM
**To:** abadi.rne@gmail.com
**Subject:** Re: Disability Assistance

Good Morning

This email is only and exclusively to request wheelchair service.

For any other inquiry, please address it thru this numbers: in Mexico at: 5551334000 or in USA at: 18002376639.

You can also contact us thru Chat service window.

To address a complaint, please address it thru this email: amcustomersupport@aeromexico.com

Or you can look for contact information about Aeromexico on this link https://aeromexico.com/en-us/contact-us

Thank you for preference in Aeromexico.

Have a great day.

---

**De:** abadi.rne@gmail.com <abadi.rne@gmail.com>
**Enviado:** miércoles, 1 de septiembre de 2021 02:28 p. m.
**Para:** . AM SSR WEB CC <amssrwebcc@aeromexico.com>
**Asunto:** [EXTERNO] Disability Assistance

> **Este correo fue enviado por alguien externo a Grupo Aeroméxico, no abras vínculos o archivos adjuntos a menos que reconozcas al remitente y confíes que sea un contenido seguro.**

I have a sensory integration disorder, which is a medical disability that
causes me not to be able to wear a mask or a face shield.  I carry around a doctor's letter (attached) to
that effect, that also states that I already had Covid, which would indicate
that there is no significant health risk, as the CDC clearly states that covid reinfection is rare
I have already flown several times without a mask on airlines that agreed to accommodate me.

CDC Guidelines and federal laws exempt someone like me from wearing a mask.  Additionally, DOT instructed the
airlines to allow people like me to fly without a mask.
Federal ADA laws require that you provide an accommodation for disabilities.
I would like to travel on your airline.
Can I travel on your airline without a mask?
Or can you provide an accommodation that will allow me to use your airline?

Thank you in advance.

Aaron  Abadi
82 Nassau Street apt 140
New York, NY 10038
516-639-4100



Este mensaje y sus anexos son propiedad de Aerovias de Mexico, S.A. de C.V. (y/o sus respectivas afiliadas y subsidiarias) y contiene informacion que puede ser confidencial, protegida por el secreto profesional u otros privilegios, o protegida por derechos de propiedad intelectual u otros derechos. Si usted recibio este mensaje por equivocacion, se le notifica que no esta autorizado para imprimirlo, copiarlo, reenviarlo y/o archivarlo y que dichos actos podrian ser ilegales. Si usted recibio este correo por error, por favor notifique inmediatamente al remitente y destruya el mensaje original y sus archivos adjuntos sin imprimirlos, copiarlos, reenviarlos y/o archivarlos. Aunque hemos tomado ciertas precauciones para evitar que este correo electronico y sus anexos contengan virus, es responsabilidad del destinatario asegurarse que ese sea el caso.

This message and its attachments are the property of Aerovias de Mexico, S.A. de C.V. (and/or its affiliates or subsidiaries) and may contain information that is confidential, protected by privilege from disclosure or by intellectual property rights or other rights. If you are not the intended recipient, you are hereby notified that any printing, copying, forwarding and/or saving this message and its attachments is prohibited and may be illegal. If you received this email in error, please notify the sender immediately and delete the message and attachments without printing, copying, forwarding and/or saving them. Although we have taken steps to ensure that this email and attachments are virus-free, it is the recipient's responsibility to ensure that this is the case.

# EXHIBIT  B

**abadi.rne@gmail.com**

| | |
|---|---|
| **From:** | alex.taday@dot.gov |
| **Sent:** | Friday, November 5, 2021 11:36 AM |
| **To:** | ABADI.RNE@GMAIL.COM |
| **Cc:** | alex.taday@dot.gov |
| **Subject:** | AT2021110007 - (AARON ABADI) MZ2300 |
| **Attachments:** | AT2021110007_2_ES.pdf; AT2021110007_1_ES.pdf |

Mr. Abadi:

Thank you for writing to us concerning your problem involving disability issues. We were sorry to hear of your dissatisfaction and will investigate your complaint.

We are sending the company a copy of your complaint and asking it to reply to you, with a copy to us. We will review the response and take further action, as appropriate. We will advise you of the disposition of your complaint when our investigation is concluded; however, you should be aware that due to the time necessary for the carrier to conduct its own review of your complaint and get back to you and us, coupled with our need to review your case and the hundreds of others that we receive each year, our response to you will likely take some time.

In addition to ensuring prompt corrective action when a complaint and carrier response indicate that the airline's policies and procedures are not in compliance with the Air Carrier Access Act (ACAA), the Department generally will pursue further enforcement action on the basis of a number of complaints from which it may infer a pattern or practice of discrimination. However, where one or a few complaints describe particularly egregious conduct on the part of a carrier and those complaints are supported by adequate evidence, we will pursue enforcement action as our resources permit. You should be aware that the Department is statutorily limited in the remedies it may pursue for violations of the ACAA. In this regard, the Department may not award monetary damages or pecuniary relief to the injured party. The Department is limited to issuing cease and desist orders proscribing unlawful conduct by carriers in the future and assessing civil penalties payable to the government. The Department may only take such action through a settlement or after a formal hearing before an administrative law judge. Particularly egregious records of repeated violations may warrant the revocation of a carrier's economic authority to operate. To obtain a personal monetary award of damages, a complainant would have to file a private legal action that may be based on private contract rights or on civil rights statutes that provide for a private right of action.

We have also entered your complaint in our computerized industry monitoring system, and the company will be charged with the complaint in our monthly complaint report. This report is made available to the aviation industry, the news media and the general public so that both consumers and air travel companies can compare the overall and disability-related complaint records of individual airlines. We also use this complaint data to track trends or spot areas of concern which we feel may warrant further action in the future. This system also serves as a basis for rulemaking, legislation and research.

A summary of the Department's ACAA rules and general travel tips for air travelers with disabilities are available at www.transportation.gov/individuals/aviation-consumer-protection/traveling-disability. Other useful consumer information for air travelers, including the above referenced complaint report and our pamphlet "Fly-Rights, a Consumer's Guide to Air Travel", can be found on our website at http://www.transportation.gov/airconsumer.

I hope this information is useful. Thank you for taking the time to contact us.

Alexander A. Taday III
Director of Civil Rights Advocacy

Aviation Consumer Protection Division
US Department of Transportation

**Case Number: AT2021110007**

**Consumer Information**

| Inquirer Type | Name | Address | E-mail Address | Office Phone | Home Phone |
|---|---|---|---|---|---|
| AA | MR AARON ABADI | 82 NASSAU STREET, APT. 140 NEW YORK NY 10038 | ABADI.RNE@GMAIL.COM | 5166394100 | 5166394100 |

**Complaints Information**

**Complaint Code** **Carrier Name** **Flight Date** **Flight Itinerary**
MZ2300          AEROMEXICO

**Description of Problem/Inquiry**

I have a medical disability, specifically a sensory integration disorder, and I cannot wear a mask or a face shield. I notified the airline with a copy of a doctor's letter attesting to my inability to wear a mask. Additionally, the doctor's letter attests to the fact that I already had Covid in 2020. CDC very clearly states that "Covid reinfection is rare," and therefore, I do not pose a health risk. The airline emailed me that I cannot fly with them without a mask, unless that the disability email address is only for wheelchair. The website itself clearly demands that I follow a list of requirements that are unnecessary and only designed to keep me from flying. All regular normal people can fly by just ordering a ticket online and heading to the airport. This airline requires a special medical form filled out and signed by a Doctor with a seal. Those medical forms were intended for people who medical conditions that might not be able to fly at all. Then the doctor must confirm that they are approved to fly. They are using it for my scenario just to discourage me from flying. Other people don't need Doctor's approving them to fly before each flight. I usually fly in excess of 40 flights a year, so I would need a Doctor on payroll handling my paperwork, This is unfair. This is discrimination against me because of my disability. I did not book an itinerary, as I wanted to confirm first if they will allow me to fly.

**abadi.rne@gmail.com**                    EXHIBIT  C

| | |
|---|---|
| **From:** | abadi.rne@gmail.com |
| **Sent:** | Friday, November 12, 2021 4:57 PM |
| **To:** | 'AM Legal Team' |
| **Cc:** | abadi.rne@gmail.com |
| **Subject:** | RE: AT2021110007 - (AARON ABADI) MZ2300 | 02071455    [ ref:_00D2EpOtD._5002E1shy0J:ref ] |
| **Attachments:** | NYU Langone Health MyChart - Letter re mask.pdf |

I submitted a doctor's letter, but I was totally ignored.
Here it is again, attached.
It doesn't need to be given in advance and it doesn't need to be updated.  This is a permanent condition.
I had it since birth, and I will have it till I die.
ACAA laws don't allow an airline to discriminate against someone for their disability.  You may want to refresh your knowledge of those laws.

Please confirm that I will have no problems flying on your airline.

Thank you,

Aaron Abadi

---

**From:** noreply@salesforce.com <noreply@salesforce.com> **On Behalf Of** AM Legal Team
**Sent:** Friday, November 12, 2021 4:44 PM
**To:** abadi.rne@gmail.com
**Subject:** AT2021110007 - (AARON ABADI) MZ2300 | 02071455 [ ref:_00D2EpOtD._5002E1shy0J:ref ]



November 12, 2021

AARON ABADI
RE: DOT case - AT2021110007 - (AARON ABADI) MZ2300

Dear Mr. Abadi,

Thank you for the time you took to contact Aeromexico Customer Relations through the United States Department of Transportation.

Regarding your case, it is important to mention that passengers must wear masks at all times. Nonetheless, there are exceptions for passengers with disabilities such as respiratory issues unrelated to COVID-19 or passengers who cannot remove their masks on their own during meals.

Aeromexico also exempts from the mask mandate any passenger who has a medical condition / disability that

prevents wearing it. Please note that in order to make this exception and to inform the related aircraft staff it is necessary for our customers to provide a medical document that validates this condition, covering the travel dates and issued by a health professional. Said document has to be sent to the email address amssr@aeromexico.com at least 5 business days prior departure. It is recommended to make this process prior any ticket purchase.

We appreciate your kind understanding during this unprecedented time. We sincerely hope that you and your family stay safe.


Cordially,


Anibal Rodriguez

Customer Relations Representative


ref:_00D2EpOtD._5002E1shy0J:ref

**abadi.rne@gmail.com**                EXHIBIT  D

| | |
|---|---|
| **From:** | Marielos Lopez Hernandez <marielos.lopez@avianca.com> |
| **Sent:** | Monday, October 3, 2022 4:33 PM |
| **To:** | ABADI.RNE@GMAIL.COM |
| **Subject:** | Avianca - AARON ABADI – Caso: 211120000984 DOT AT2021110029 |
| **Attachments:** | AARON ABADI.pdf |

Hello Mr. Abadi

First, I apologize for the involuntary delay on my reply to your complaint. Attached you will find a letter to respond your concern.

Kind regards,

## Marielos López
**Analista Derecho de Consumo**
San Salvador, El Salvador
Marielos.lopez@avianca.com



# EXHIBIT  E

**Aaron Abadi**

| | |
|---|---|
| **From:** | PMCU <pmcu.pmcu@ba.com> |
| **Sent:** | Thursday, February 4, 2021 4:00 AM |
| **To:** | Aaron Abadi |
| **Subject:** | Re: Face Mask |

Good morning

Thank you for your email.

I am puzzled to understand why the Airport require another email from ourselves, we are not providing an exemption to wearing a face mask but rather your Doctor's letter is proof of your medical validity.  As previously advised despite it being mandatory for all passengers to wear a face mask, we do recognise that this may not be possible for everyone.  You will be challenged by Airport Personnel and Cabin Crew, so please be prepared to present your Doctors letter at all times.

This information refers to travelling on-board our aircraft, and doesn't apply to rules that may apply in the US or India.

Kind regards, Caroline
Passenger Medical Clearance Unit
British Airways

Tel. 44 (0) 208 738 5444
Fax. 44 (0) 208 738 9644

Revised Office Opening Hours:
Monday - Friday 8am to 4pm
Weekends/Bank Holidays - Closed

**To reply to this email send to: pmcu.pmcu@ba.com **
<u>DATA PROTECTION</u>
The personal and medical details you provide will be used by British Airways to handle your request for medical clearance and to arrange the necessary travel assistance.  British Airways Plc is the 'data controller' of your personal information under European Union and UK data protection law.  In order to assess and manage your request it may be necessary for British Airways to disclose information relating to your health to third parties such as medical professionals, airport staff, the Civil Aviation Authority and border control.  In cases where you request mobility assistance we will need to provide your information to the relevant airport operator.

British Airways will retain the information for a period of 13 months after which it will be destroyed.

If you have any questions about the way we use your information, please contact us by writing to: Data Protection Officer, British Airways Plc, Waterside (HCB3), PO Box 365, Harmondsworth UB7 0GB, England or alternatively, refer to our online Private Policy at <u>www.ba.com</u>.



**From:** Aaron Abadi <aa@neg.com>
**Sent:** 04 February 2021 06:34
**To:** PMCU <pmcu.pmcu@ba.com>
**Cc:** 'Aaron Abadi' <aa@neg.com>
**Subject:** RE: Face Mask

> CAUTION: This email originated from outside of the organisation. Do not click links or open attachments unless you recognise the sender and know the content is safe.

I tried flying tonight (Feb 3) from New York and they said this medical clearance is outdated.
They will allow me to fly on Friday evening if I bring a more recent email.
Can you please send this again.

Thank you,


Aaron Abadi
CEO
National Environmental Group
Cell 516-639-4100




---

**From:** PMCU <pmcu.pmcu@ba.com>
**Sent:** Monday, December 14, 2020 4:08 AM
**To:** Aaron Abadi <aa@neg.com>
**Subject:** Face Mask

Good morning

Thank you for your email.

Although it is mandatory for all passengers to wear a face mask, we do recognise that this may not be possible for everyone.  You will be challenged by Airport Personnel and Cabin Crew, so please be prepared to present your Doctors letter at all times.

Kind regards
Passenger Medical Clearance Unit
British Airways

Tel. 44 (0) 208 738 5444
Fax. 44 (0) 208 738 9644

Revised Office Opening Hours:
Monday - Friday 8am to 4pm

Weekends/Bank Holidays - Closed

**To reply to this email send to: pmcu.pmcu@ba.com **

DATA PROTECTION
The personal and medical details you provide will be used by British Airways to handle your request for medical clearance and to arrange the necessary travel assistance.  British Airways Plc is the 'data controller' of your personal information under European Union and UK data protection law.  In order to assess and manage your request it may be necessary for British Airways to disclose information relating to your health to third parties such as medical professionals, airport staff, the Civil Aviation Authority and border control.  In cases where you request mobility assistance we will need to provide your information to the relevant airport operator.

British Airways will retain the information for a period of 13 months after which it will be destroyed.

If you have any questions about the way we use your information, please contact us by writing to: Data Protection Officer, British Airways Plc, Waterside (HCB3), PO Box 365, Harmondsworth UB7 0GB, England or alternatively, refer to our online Private Policy at www.ba.com.



---

**From:** Aaron Abadi <aa@neg.com>
**Sent:** 13 December 2020 20:12
**To:** PMCU <pmcu.pmcu@ba.com>
**Subject:** Medical Disability

> CAUTION: This email originated from outside of the organisation. Do not click links or open attachments unless you recognise the sender and know the content is safe.

The CDC recommendation regarding wearing masks includes the following:
"Wearing masks may be difficult for some people with sensory, cognitive, or behavioral issues. If they are unable to wear a mask properly or cannot tolerate a mask, they should not wear one..."

I am one of those people, unfortunately. I have serious sensory issues and cannot wear a mask for a flight.

The State of New York mandate similarly has exclusions for someone like me and requires that as a person with disabilities, we are accommodated. I believe most mandates concur.

I already had Covid. I tested positive in early October, so there is no actual health risk to other passengers. Additionally, I can provide a recent negative Covid test and a doctor's letter confirming my disability and my recovery from Covid.

Here is my question:
Is it possible for me to fly with your airline and not wear a mask? Would you be able to accommodate my disability?

Thank you,

Aaron Abadi
CEO
National Environmental Group
Cell # 516-639-4100

3

12/10/2020

Name: Aaron

# Letter Details



**Yelena Karasina, MD**
**NYU LANGONE AMBULA**
355 WEST 52ND ST
NEW YORK NY 10019-6239

This message is private and confidential and may also be legally privileged. If you have received this message in error, please email it back to the sender and immediately permanently delete it from your computer system. Please do not read, print, re-transmit, store or act in reliance on it or any attachments. British Airways may monitor email traffic data and also the content of emails, where permitted by law, for the purposes of security and staff training and in order to prevent or detect unauthorised use of the British Airways email system. Virus checking of emails (including attachments) is the responsibility of the recipient. British Airways Plc is a public limited company registered in England and Wales. Registered number: 1777777. Registered office: Waterside, PO Box 365, Harmondsworth, West Drayton, Middlesex, England, UB7 0GB. Additional terms and conditions are available on our website: www.ba.com

This message is private and confidential and may also be legally privileged. If you have received this message in error, please email it back to the sender and immediately permanently delete it from your computer system. Please do not read, print, re-transmit, store or act in reliance on it or any attachments. British Airways may monitor email traffic data and also the content of emails, where permitted by law, for the purposes of security and staff training and in order to prevent or detect unauthorised use of the British Airways email system. Virus checking of emails (including attachments) is the responsibility of the recipient. British Airways Plc is a public limited company registered in England and Wales. Registered number: 1777777. Registered office: Waterside, PO Box 365, Harmondsworth, West Drayton, Middlesex, England, UB7 0GB. Additional terms and conditions are available on our website: www.ba.com

EXHIBIT F

**aa@neg.com**

| | |
|---|---|
| **From:** | Margarita Corredor (LATAM Airlines) <support@casounico.zendesk.com> |
| **Sent:** | Thursday, November 11, 2021 5:17 PM |
| **To:** | AARON ABADI |
| **Subject:** | [LATAM] Resolución del caso #35531857 |

##- Por favor, escriba su respuesta por encima de esta línea -##



**Margarita Corredor** (LATAM)

11 nov. 2021 19:16 GMT−3

RE: DOT AT2021100036 - (AARON ABADI) MG2300 / ZD 35531857

Dear Mr. Abadi,

We are in receipt of your recent claim addressed to the U.S. Department of Transportation regarding your request for information about our face-mask policies for traveling in our flights.  We appreciate the opportunity to reply to your concerns and will address the points mentioned in your correspondence.

Please be advised that for the safety of our passengers due to Covid19 and pursuant to applicable regulation, LATAM Airlines' policy is that on board use of face masks is mandatory. Further information about our COVID19 safety and hygiene measures is available in our COVID-19 Information Center at www.latam.com.

Notwithstanding the foregoing, pursuant to the applicable regulation exemptions, we make reasonable accommodations for persons with a disability or a medical condition who cannot wear a mask, or who cannot safely wear a mask because of a disability or medical condition.

Upon a confirmed reservation, persons with a disability or a medical condition who cannot wear a face mask or cannot wear it safely due to the disability or medical condition must send a medical certificate to our Help Center via our Contact Form, at least 48 hours before the scheduled flight. The medical certificate must be dated within 10 days of the scheduled flight and it must include information from the person's doctor that the person has a medical condition precluding the wearing or safe wearing of a mask. Once the medical certificate is assessed, we will inform you whether you may travel without a face mask.

Finally, below please find our responses to the specific items you addressed in your correspondence:

1. **Request of information about traveling without a mask throughout our Contact Center:** Our records indicate that our Contact Center did not state that you would not be able to travel; they indicated that you needed to fill out a form and send it back for revision. We regret that our personal caused any misunderstanding regarding our process for traveling without a face-mask due to a medical condition or disability.

1. **Discrimination on the basis of disability.** LATAM Airlines promptly provides various special needs services to passengers when requested by or on behalf of passengers with disabilities.  Our records do not indicate that you were discriminated against in any way by LATAM. Nonetheless, we are concerned to hear that our communication was not clear and complete and that it was perceived as uncooperative under the circumstances. We apologize for any lapse in our expected performance. Your comments have been transferred to the responsible area managers for further evaluation and review.

Once more Mr. Abadi, we extend our apologies for any disappointment experienced by the information provided in reference to the use of a mask. We remain available for any future assistance you may need and sincerely hope you will allow us to welcome you onboard our flights again in the future.

Sincerely,

Margarita Corredor
Customer Relations Executive
LATAM Airlines

cc: DOT

Margarita Corredor

Servicio al Cliente

LATAM Airlines

**Do you need help? Contact us**

**Follow your case status at our Help Center**

For more information, visit www.latam.com

© LATAM Airlines Group S.A. - all rights reserved

# EXHIBIT  G

**aa@neg.com**

| | |
|---|---|
| **From:** | passenger.claims@lot.pl |
| **Sent:** | Thursday, December 9, 2021 4:36 AM |
| **To:** | aa@neg.com |
| **Cc:** | alex.taday@dot.gov |
| **Subject:** | RP/13739/21/EK |

Our reference: RP/13739/21/EK

Dear Mr. Abadi,

In reference to your complaint we would like to assure you that the safety and comfort of our passengers is of paramount importance to us at LOT Polish Airlines. In order to provide those, we strictly follow the laws and regulations in place, among them those established by Polish authorities.

According to the Regulation of the Council of Ministers of 6 May 2021 on the establishment of certain restrictions, orders, and prohibitions in connection with the occurrence of an epidemic (Dziennik Ustaw 2021, item 861), article 25.4.4, the exemptions from the obligation to cover one's nose and mouth in public transport are:

-pervasive developmental disorders, mental disorders, moderate, severe or profound intellectual disability,

-difficulty in covering or uncovering the mouth or nose unassisted,

-advanced illnesses of the neurological, respiratory or circulatory system, with respiratory or circulatory failure.

Please be advised that if a passenger suffers from one of these conditions and presents a certificate to confirm it, they are welcome onboard our planes without being required to wear a face mask.

Moreover, kindly allow us to note that you have not yet entered a contract of carriage with LOT Polish Airlines and, therefore, a violation of passenger's rights could not have occurred.

We hope that we will soon have the pleasure of welcoming you onboard.

Yours sincerely,

Emilia Kowalczyk

Specialist

Passenger Claims Section



LOT Polish Airlines
43, Komitetu Obrony Robotników St.,
02-146 Warsaw, Poland

lot.com

Polskie Linie Lotnicze LOT S.A. z siedzibą w Warszawie, przy ul. Komitetu Obrony Robotników 43 (02-146 Warszawa), zarejestrowane w Rejestrze Przedsiębiorców prowadzonym przez Sąd Rejonowy dla m.st. Warszawy, XIV Wydział Gospodarczy KRS pod nr KRS 0000056844, o nr NIP 522-000-23-34 i kapitale zakładowym 203.214.923,28 PLN (opłaconym w całości).

LOT Polish Airlines joint stock company with its head office at 43, Komitetu Obrony Robotników St., 02-146 Warsaw, registered in the Register of Entrepreneurs kept by the District Court for the City of Warsaw XIV-th Commercial Division of the Domestic Court Register under the no. KRS 0000056844. Tax Identification Number NIP 522-000-23-34, and equity capital of PLN 203.214.923,28 (paid up in full).

**Zanim wydrukujesz, pomyśl o środowisku. / Think about the environment before printing.**

Przetwarzamy Twoje dane osobowe podane w zgłoszeniu w celu przeprowadzenia procedury reklamacji w transporcie lotniczym. Administratorem Twoich danych osobowych jest PLL LOT S.A. z siedzibą w Warszawie. Przysługuje Ci prawo wniesienia sprzeciwu, prawo dostępu do danych, prawo żądania ich sprostowania, ich usunięcia lub ograniczenia ich przetwarzania. Szczegółowe informacje na temat przetwarzania Twoich danych osobowych znajdziesz tutaj.

We process your personal data provided in the application in order to conduct the complaint procedure regarding air carriage. The data controller of your personal data is PLL LOT S.A. with its registered office in Warsaw. You have the right to object, the right to access the data, and the right to request their rectification or their erasure or to restriction of processing. Detailed information on the processing of your personal data can be found here.

# EXHIBIT H



**U.S. Department of Transportation**

**GENERAL COUNSEL**

1200 New Jersey Ave., S.E.
Washington, DC 20590

Office of the Secretary
of Transportation

September 29, 2023

Mr Aaron Abadi
82 Nassau Street, Apt. 140
New York, NY 10038

Dear Mr Abadi:

This letter is in further reference to your disability complaint regarding Royal Air Maroc. We were sorry to hear of the incident and appreciate the opportunity to advise you of the outcome of our investigation. Enclosed you will find an Investigation Summary Sheet that details the results of our investigation, which was based on the Air Carrier Access Act (ACAA), 49 U.S.C. Section 41705, and our implementing rule, 14 CFR Part 382.

In particular, the Investigation Summary Sheet identifies the applicable section of 14 CFR Part 382, provides a brief summary of that section and explains this office's view on whether the carrier has violated the ACAA and 14 CFR Part 382. If your complaint raises more than one disability issue, an additional Investigation Summary Sheet has been attached to address each issue.

If we believe the complaint or incident involves a violation, the Investigation Summary Sheet indicates the action that we plan to take. We will either pursue formal enforcement action or by copy of this letter notify the airline specified in your complaint of our determination and warn it that any similar incidents could lead to formal enforcement action. Generally, we will pursue enforcement action on the basis of a number of complaints from which we may infer a pattern or practice of discrimination. However, where one or a few complaints describe particularly egregious conduct on the part of a carrier and those complaints are supported by adequate evidence, we will pursue enforcement action as our resources permit. If we decide to seek enforcement action against the airline, your complaint will be among those considered in the context of this action, which may lead to the issuance of a cease and desist order and to the assessment of civil penalties. In the event that this enforcement action leads to litigation, it is possible that we may need sworn statements or witnesses for a hearing. We will advise you if, in fact, we need your further help.

For your information, in an enforcement case, the U.S. Department of Transportation is limited to issuing cease and desist orders and assessing civil penalties not to exceed $34,174 per violation. Such action can only be accomplished through settlements or formal hearings before administrative law judges. We cannot order compensation for aggrieved parties. To obtain a personal monetary award of damages, a complainant would have to file a private legal action that may be based on private contract rights or on civil rights statutes that provide for a private right of action.

If we have insufficient evidence or it appears that the airline specified in your complaint has not violated the ACAA, we will not pursue enforcement action. Notwithstanding our decision not to pursue enforcement action, however, private legal action may be pursued in the courts based on private contract rights or on civil rights statutes that provide for a private right of action and, in such a proceeding, monetary damages may be sought.

Regardless of whether the airline has been determined to have violated the ACAA, we have entered your complaint in our computerized industry monitoring system, and the carrier's ACAA complaint totals in our monthly *Air Travel Consumer Report* reflect your complaint. Our monthly report is made available to the

aviation industry, the news media and the general public so that both consumers and air travel companies can compare the overall complaint records of individual airlines, as well as the number of disability complaints filed against particular carriers. This system also serves as a basis for rulemaking, legislation, and research.

Moreover, we also routinely monitor our complaint records to determine the extent to which carriers are in compliance with the ACAA and to track trends or spot areas of concern which we feel may warrant further action. This ongoing process also enables us to ensure prompt corrective action whenever we determine that an airline's policies or procedures are not in compliance with our ACAA regulations. Your complaint will be among those considered in the context of this overall process.

I hope this further information is useful. Thank you again for taking the time to contact us.

Sincerely,

Livaughn Chapman, Jr.
Deputy Assistant General Counsel
 for Aviation Consumer Protection

/s/

By: Maegan Johnson
Senior Trial Attorney

Enclosures
cc: Royal Air Maroc



**U.S. Department of Transportation**
Office of the Secretary
of Transportation

**GENERAL COUNSEL**

1200 New Jersey Ave., S.E.
Washington, DC 20590

## INVESTIGATION SUMMARY SHEET

| | |
|---|---|
| **Case Number:** | AT2021120007 |
| **Complainant Title:** | MR |
| **Name:** | AARON ABADI |
| **Address:** | 82 NASSAU STREET, APT. 140<br>NEW YORK, NY 10038 |
| **Passenger(s):** | Mr. Aaron Abadi |
| **Airline:** | Royal Air Morac |
| **Travel Date(s):** | Not Provided |
| **Flight Number(s):** | Not Provided |
| **City Pair:** | Not Provided |
| **Location of Incident:** | Not Applicable |
| **Complaint/Issue:** | Failure to inform a passenger of the process to obtain an exemption to the mask reqirement. |
| **Applicable Section of 14 CFR Part 382:** | 382.41(c) and 382.155(d) |
| **Section Summary:** | 382.41 As a carrier, you must provide the following information, on request, to qualified individuals with a disability or persons making inquiries on their behalf concerning the accessibility of the aircraft expected to make a particular flight. The information you provide must be specific to the aircraft you expect to use for the flight unless it is unfeasible for you to do so (e.g., because unpredictable circumstances such as weather or a mechanical problem require substitution of another aircraft that could affect the location or availability of an accommodation). The required information is: |
| | (c) Any aircraft-related, service-related or other limitations on the ability to accommodate passengers with a disability, including limitations on the availability of level-entry boarding to the aircraft at any airport involved with the flight. You must provide this information to any passenger who states that he or she uses a wheelchair for boarding, even if the passenger does not explicitly request the information. |
| | 382.155(d) As a carrier, you must make a dispositive written response to a written disability complaint within 30 days of its receipt. The response must specifically admit or deny that a violation of this part has occurred. |
| | (1) If you admit that a violation has occurred, you must provide to the complainant a written statement setting forth a summary of the facts and the steps, if any, you will take in response to the violation. |

|  |  |
|---|---|
|  | (2) If you deny that a violation has occurred, your response must include a summary of the facts and your reasons, under this part, for the determination. |
|  | (3) Your response must also inform the complainant of his or her right to pursue DOT enforcement action under this part. |
| **Rule Violated?** | Yes |
| **Remarks:** | Mr. Abadi states that he is unable to wear a mask due to his disability and he reached out to the carrier to obtain an exemption to the mask requirement.  Mr. Abadi states that he never received a response. |
|  | In it's February 22, 2023, response to Mr. Abadi, Royal Air Maroc fails to state why Mr. Abadi's inquiries where not responded to. |
|  | In this instance Royal Air Maroc failed to provide Mr. Abadi information regarding his ability to travel due to his disability and failed to respond timely and dispositive to Mr. Abadi's written complaint.  Therefore the carrier has violated the Air Carrier Access Act and its implementing regulation 14 CFR Part 382. |
|  | If we decide to seek enforcement action against the airline with respect to this issue, this complaint will be among those considered, which may lead to the issuance of a cease and desist order and to the assessment of civil penalties.  By copy of this letter, the carrier will be warned in this instance. |