IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AARON ABADI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:23-cv-04033-LJL |
| ) | |
| AMERICAN AIRLINES, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOVING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AS TO COUNT SEVEN OF THE COMPLAINT**

**STINSON LLP**

Kieran M. Corcoran (KC4935)
100 Wall Street, Suite 201
New York, NY 10005
Tel: (646) 883-7480
Email: kieran.corcoran@stinson.com

M. Roy Goldberg
(Admitted *Pro Hac Vice*)
1775 Pennsylvania Avenue, N.W., Suite 800
Washington, D.C. 20006
Tel: (202) 728-3005
Email: roy.goldberg@stinson.com

Paul Lackey (PL7651)
2200 Ross Avenue, Suite 2900
Dallas, TX 75201
Tel: (214) 560-2206
Email: paul.lackey@stinson.com

*Attorneys for Defendants American Airlines, Inc., Delta Air Lines, Inc., JetBlue Airways Corporation, Southwest Airlines Co., United Airlines, Inc., Robert Land, Debbie Castleton and Nathalie Simon (the "Moving Defendants")*

Dated:  November 28, 2023

**TABLE OF CONTENTS**

I. STATEMENT OF FACTS ................................................................................................. 1
II. APPLICABLE STANDARD.............................................................................................. 2
III. ARGUMENT ...................................................................................................................... 2
    A. PLAINTIFF'S SECTION 1983 CLAIM (COUNT 7) FAILS TO ALLEGE FACTS THAT WOULD GIVE RISE TO A PLAUSIBLE CLAIM AGAINST THE FIVE AIRLINE DEFENDANTS OR THEIR EMPLOYEES........................ 2
IV. CONCLUSION................................................................................................................... 8

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Afkhami v. Carnival Corp.*,
  305 F. Supp. 2d 1308 (S.D. Fla. 2004) .................................................................................5

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ..............................................................................................................2

*Badar v. Swissport USA, Inc.*,
  492 F. Supp. 3d 54 (E.D.N.Y. 2020) ....................................................................................7

*Berlin v. JetBlue Airways Corp.*,
  36 F. Supp. 3d 550 (E.D.N.Y. 2020) .................................................................................4, 8

*Best v. BWIA West Indies Airways Ltd.*,
  581 F. Supp. 2d 359 (E.D.N.Y. 2008) ..................................................................................7

*Blythe v. Southwest Airlines Co.*,
  383 Fed. Appx. 766 (10th Cir. 2010) ....................................................................................4

*Ciambriello v. County of Nassau*,
  292 F.3d 307 (2d Cir. 2002) ..............................................................................................3, 6

*CIT Bank, N.A. v. Neris*,
  385 F. Supp. 3d 241 (S.D.N.Y. 2019) ..................................................................................2

*Cleveland v. Caplaw Enters.*,
  448 F.3d 518 (2d Cir. 2006) .................................................................................................2

*Cortec Indus., Inc. v. Sum Holding*,
  949 F.2d 42 (2d Cir. 1991) ...................................................................................................2

*Dennis v. Sparks*,
  449 U.S. 24 (1980) ................................................................................................................3

*Dounce Al Dey v. Eye Express Optical*,
  No. 22-CV-3861 (LTS), 2022 WL 2342625 at *2 (S.D.N.Y. June 28, 2022) .......................5

*Ehrlich v. Am. Airlines Inc.*,
  360 F.3d 366 (2d Cir. 2004) .................................................................................................6

*El Al Isr. Airlines, Ltd. v. Tseng*,
  525 U.S. 155 (1999) ..........................................................................................................6, 7

*Fisk v. Letterman*,
    401 F. Supp. 2d 362 (S.D.N.Y. 2005)............................................................................3, 6

*Fournier v. Cuddeford*,
    573 Fed. Appx. 641 (9th Cir. 2014)..................................................................................4

*Gayle v. Pfizer Inc.*,
    452 F. Supp. 3d 78 (S.D.N.Y. 2020)..............................................................................2, 8

*Jenn-Ching Luo v. Baldwin Union Free School Dist.*,
    556 Fed. Appx. 1 (2d Cir. 2013)........................................................................................5

*Johnson v. United States*,
    642 F. Supp. 2d 1 (D.D.C. 2009).......................................................................................3

*Myers v. Redwood City*,
    400 F. 3d 765 (9th Cir. 2005) ...........................................................................................4

*In re Nigeria Charter Flights Contract Litig.*,
    520 F. Supp. 2d 447 (E.D.N.Y.2007) ............................................................................6, 7

*Sanchez-Naek v. TAP Portugal, Inc.*,
    260 F. Supp. 3d 185 (D. Conn. 2017)................................................................................8

*Sellers v. M.C. Floor Crafters Inc.*,
    842 F.2d 639 (2d Cir. 1988)..............................................................................................2

*Stewart v. Victoria's Secret Stores, LLC*,
    851 F. Supp. 2d 442 (E.D.N.Y. 2012) ..........................................................................4, 6

*Trans World Airlines, Inc. v. Franklin Mint Corp.*,
    466 U.S. 243 (1984)..........................................................................................................6

*Wagner v. Metro. Nashville Airport Auth.*,
    772 F. 2d 227 (6th Cir. 1985) ...........................................................................................5

*Waters v. Port Authority of New York & New Jersey*,
    158 F. Supp. 2d 415 (D.N.J. 2001) ................................................................................7, 8

*West v. Atkins*,
    487 U.S. 42 (1988).............................................................................................................4

**Statutes**

42 U.S.C. § 1983.........................................................................................1, 2, 3, 4, 5, 6, 8

974 UNTS 177 ........................................................................................................................6

49 U.S.C. § 41705...................................................................................................................5

Fed. R. Civ. P. Rule 12(c)............................................................................................................1, 2

Rule 12(b)(6)..................................................................................................................................2

**Other Authorities**

14 C.F.R. pt. 382............................................................................................................................5

Pursuant to Rule 12(c), Fed. R. Civ. P., Defendants American Airlines, Inc., Delta Air Lines, Inc., JetBlue Airways Corporation, Southwest Airlines Co., and United Airlines, Inc. (the "Five Airline Defendants"), and Robert Land, Debbie Castleton and Nathalie Simon (collectively, the "Moving Defendants"), respectfully move for judgment on the pleadings with regard to Count 7 of the Plaintiff's Complaint, ECF No. 3-1. Count 7 purports to state a claim against the Five Airline Defendants "and their employees" – which includes Land, Castleton and Simon – for violation of 42 U.S.C. § 1983. *Id.* at 124, ¶ 920. However, as set forth below, Plaintiff has failed to allege any facts to support a finding that the Five Airline Defendants or their employees violated Section 1983 in their treatment of Plaintiff. There is no allegation that the Five Airline Defendants or their employees acted "under color of state law" in connection with the "deprivation of any rights, privileges or immunities."

## I.     STATEMENT OF FACTS

On May 1, 2023, *pro se* Plaintiff filed a 212-page Complaint in the U.S. District Court for the Northern District of Texas against 46 air carriers, medical consultants, attorneys, airline employees and various federal agencies and officials, because of his opposition to the Federal Transportation Mask Mandate ("FTMM") and the airlines' adherence to the FTMM and their masking policies during the COVID-19 pandemic. ECF No. 3. By order dated May 8, 2023, the N.D. Tex. court *sua sponte* transferred the case to this Court. ECF No. 10.  Count 7 of the Complaint purports to hold the Five Airline Defendants "and their employees" liable for violation of 42 U.S.C. § 1983 (ECF No. 3-1, at 206, ¶ 920) and was not the subject of the pending motion to dismiss filed by the Moving Defendants, ECF No. 122.  The Complaint in Count Seven alleges that Plaintiff "experienced multiple situations during Covid-19, where the flight attendants" on unidentified air carriers "barked commands, expecting Plaintiff to follow orders, or else." ECF No. 3-1, p. 206, ¶ 930. In addition, the Complaint states Plaintiff's concern that if he "were to

ignore the mask demands from the airlines . . . all hell would break loose and the police would be there instantly." *Id.* ¶ 928. However, the Complaint does not allege that local law enforcement was called to deal with Plaintiff – including not in connection with the Five Airline Defendants.

## II. APPLICABLE STANDARD

Rule 12(c), Fed. R. Civ. P., permits a party to "move for judgment on the pleadings." *CIT Bank, N.A. v. Neris*, 385 F. Supp. 3d 241, 243-44 (S.D.N.Y. 2019). "Disposition of a litigation on the pleadings is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings." *Id*. at 244 (cleaned up); *Sellers v. M.C. Floor Crafters Inc.*, 842 F.2d 639, 642 (2d Cir. 1988)). "The standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Cleveland v. Caplaw Enters*., 448 F.3d 518, 521 (2d Cir. 2006). "The granting of a motion for judgment on the pleadings is appropriate" if, "with all reasonable inferences drawn in favor of the non-moving party, the nonmoving party has failed to allege facts that would give rise to a plausible claim or defense." *CIT Bank*, 385 F. Supp. at 244 (cleaned up). In ruling on the motion, a court may rely on documents for which plaintiff has actual notice of and relied upon in framing the complaint. *Gayle v. Pfizer Inc.*, 452 F. Supp. 3d 78, 90-91 (S.D.N.Y. 2020) (citing *Cortec Indus., Inc. v. Sum Holding*, 949 F.2d 42 48 (2d Cir. 1991)). A claim should be dismissed if the plaintiff has not offered sufficient factual allegations that render the claim facially plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III. ARGUMENT

### A. PLAINTIFF'S SECTION 1983 CLAIM (COUNT 7) FAILS TO ALLEGE FACTS THAT WOULD GIVE RISE TO A PLAUSIBLE CLAIM AGAINST THE FIVE AIRLINE DEFENDANTS OR THEIR EMPLOYEES.

Count 7 of the Complaint should be dismissed because it fails to allege facts that would support a finding of a violation of 42 U.S.C. § 1983. Section 1983 provides that "Every person

2

who, under color of any statute, ordinance, regulation, custom, or usage, **of any State or Territory…**, subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action . . . for redress . . . ." (Emphasis added.)

To state a Section 1983 conspiracy claim, a complaint "must allege (1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Ciambriello v. County of Nassau*, 292 F.3d 307, 324-25 (2d Cir. 2002). The pleadings must "present facts tending to show agreement and concerted action." *Fisk v. Letterman*, 401 F. Supp. 2d 362, 376 (S.D.N.Y. 2005).

First, Section 1983 does not apply because Plaintiff challenges the conduct of private entities and persons to enforce **federal** law, not state law. Specifically, Plaintiff contends that the "Government created laws unlawfully, and recruited the flight crew to enforce them together," and that the "flight crew believe that they have a higher authority, a quasi police power on the plane." ECF No. 3-1, ¶¶ 924-25. Plaintiff adds that he "experienced multiple situations during Covid-19, where the flight attendants barked commands, expecting Plaintiff to follow orders, or else." ECF No. 3-1, ¶ 930. All of this relates to the **federal** FTMM, not any state law.

Second, for a private person to be subject to liability under Section 1983, that person must be "jointly engaged with **state officials** in the challenged action." *Dennis v. Sparks*, 449 U.S. 24, 28 (1980) (emphasis added). Federal officials at FAA and TSA are not "state officials." This is fatal to Count 7 because "Section 1983, by its terms, is not available in suits against parties who act under color of federal law." 1 Section 1983 Litigation in State and Federal Courts § 2:8; *see Johnson v. United States*, 642 F. Supp. 2d 1, 4 (D.D.C. 2009) ("§ 1983 only applies to state actors; it does not apply to federal officials acting purely under the color of federal law").

Third, the Complaint refers to the potential role that theoretically might be played by local law enforcement if Plaintiff were to refuse to wear a mask, but this is entirely speculative. Plaintiff is concerned that the local police might have been summoned had he refused to wear a mask. ECF No. 3-1, p. 206, ¶ 930. However, there is no allegation in the Complaint that local law enforcement was called to deal with Plaintiff, including not in connection with the Five Airline Defendants.[1]

Fourth, even if a state government rather than the federal government had imposed the FTMM, it still would be the case that the Airline Defendants did not act "under color of state law." Liability for deprivation of civil rights pursuant to 42 U.S.C. § 1983 does not typically apply to impose liability on private entities acting in a non-governmental capacity. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Blythe v. Southwest Airlines Co.,* 383 Fed. Appx. 766, 768-69 (10th Cir. 2010) (Section 1983 claim rejected for lack of allegation of the defendants "acting under color of state law" given that it was "clear that Southwest Airlines and its stewardesses are private, not state, actors"); *Berlin v. JetBlue Airways Corp.*, 36 F. Supp. 3d 550, 563 (E.D.N.Y. 2020) (airline and its employees were not "state actors," thus barring passenger's proposed § 1983 claim arising from his altercation with flight attendants during flight from Mexico to Florida that resulted in his detention and prosecution, where air carrier and its employees were private actors); *Stewart v. Victoria's Secret Stores, LLC*, 851 F. Supp. 2d 442, 446 (E.D.N.Y. 2012) (plaintiff failed to allege

---

[1] Even if there was evidence of police being called because of a disturbance involving refusal to wear a mask (and the Complaint does not contain such an allegation with regard to the Five Airline Defendants), a *de minimis* role played by local police officers does not rise to the level of state action. *See Fournier v. Cuddeford*, 573 Fed. Appx. 641, 642 (Mem) (9th Cir. 2014) (no state action occurred where sheriff's deputy responded to a 911 call reporting that the plaintiffs were being unlawfully evicted because the deputy "was summoned to a scene not of his making after the confrontation had already occurred); *Myers v. Redwood City*, 400 F. 3d 765, 771-72 (9th Cir. 2005) (police officers who were summoned to a scene not of their making, where the confrontation was not conducted under their purview, "were not so enmeshed in effectuating the repossession that the deprivation and seizure . . . is attributable to the state").

4

facts to support claim for violation of Section 1983 where the complaint "amount[ed] to nothing more than a bare recitation of the elements of a cause of action"); *Dounce Al Dey v. Eye Express Optical*, No. 22-CV-3861 (LTS), 2022 WL 2342625 at *2 (S.D.N.Y. June 28, 2022) (dismissing Section 1983 claim based on defendant's enforcement of COVID-19 mask mandate because "[d]efendant Eye Express Optical is a private party and does not appear to work for any state or other government body"); *Wagner v. Metro. Nashville Airport Auth.*, 772 F. 2d 227, 229-30 (6th Cir. 1985) (an air carrier, which leases airport space from state entity and was required to obtain approval of its security plan from the FAA, did not act under color of state law); *Afkhami v. Carnival Corp.*, 305 F. Supp. 2d 1308, 1326 (S.D. Fla. 2004) (regulations of cruise shipping industry did not transform a cruise ship company into a state actor even if it used government-owned ports).

Fifth, requiring a passenger to wear a mask onboard aircraft during a pandemic does not deprive the passenger of any rights, privileges, or immunities secured by the Constitution or laws of the United States. *See Jenn-Ching Luo v. Baldwin Union Free School Dist.*, 556 Fed. Appx. 1, 2 (2d Cir. 2013) (affirming granting of judgment on the pleadings against claim for violation of section 1983).

Sixth, to allow passengers to use Section 1983 to pursue claims for disability discrimination by an air carrier would improperly circumvent the exclusive regime under the Air Carrier Access Act ("ACAA"), 49 U.S.C. § 41705, and its implementing regulations at 14 C.F.R. Part 382. The procedure set forth in the ACAA and the regulations implementing it provide the exclusive remedy to passengers seeking to pursue a disability discrimination claim.

Seventh, the Complaint fails to allege the existence of a conspiracy. "[S]tating a Section 1983 conspiracy claim against a private individual requires more than pleading simply, and in

5

conclusory fashion that the defendant 'conspired' with state actors." *Ciambriello*, 293 F. 3d at 324; *Stewart*, *supra*, 851 F. Supp. 2d. at 445. "Complaints alleging nothing more than vague and general allegations of conspiracy are properly dismissed." *Stewart*, 851 F. Supp. 2d at 445 (citing *Ciambriello*, 293 F. 3d at 325). "Moreover, . . . a plaintiff must plead more than mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action will not do." *Stewart*, 851 F. Supp. 2d. at 445; *see Fisk, supra*, 401 F. Supp. 2d at 376 ("plaintiff has not set forth any allegations of agreement or 'meeting of the minds' between CBS and the state actors"); *id.* at 377 ("Taking the plaintiff's allegations as true, the alleged interaction between CBS and the state actors does not rise to the level of 'joint participation' or conspiracy"); *id*. ("Communications between a private and a state actor, without facts supporting a concerted effort or plan between the parties, are insufficient to make the private party a state actor").

Eighth, Plaintiff's claims against JetBlue and Delta relate to international air transportation, which is governed by the Montreal Convention, and the Montreal Convention preempts Plaintiff's claims under Section 1983. The "Convention for the Unification of Certain Rules for International Carriage by Air," known as the "Montreal Convention" ("Convention") entered into force in the United States on November 4, 2003, and updated and replaced "the uniform system of liability for international air carriers previously established by the Warsaw Convention." [predecessor to the Montreal Convention]. *See* 974 UNTS 177; *In re Nigeria Charter Flights Contract Litig.,* 520 F. Supp. 2d 447, 452 (E.D.N.Y.2007) (citing *Ehrlich v. Am. Airlines Inc.,* 360 F.3d 366, 371 n. 4 (2d Cir. 2004)). The Dominican Republic, France and the United States have all signed the Montreal Convention. Like its predecessor, the "cardinal purpose" of the Montreal Convention is to establish uniform "rules governing the claims arising from international air transportation." *El Al Isr. Airlines, Ltd. v. Tseng,* 525 U.S. 155, 169 (1999); *see Trans World Airlines, Inc. v. Franklin Mint*

*Corp.,* 466 U.S. 243, 256 (1984) (noting that the overriding purpose of the Warsaw Convention was to establish a "stable, predictable, and internationally uniform" system of carrier liability).

The Montreal Convention "governs the uniform system of liability for international air carriers." *Badar v. Swissport USA, Inc*., 492 F. Supp. 3d 54, 57 (E.D.N.Y. 2020). The Convention "preempts state and federal claims that fall within its scope." *Badar*, 492 F. Supp. 3d at 58; *see Best v. BWIA West Indies Airways Ltd*., 581 F. Supp. 2d 359, 362 (E.D.N.Y. 2008) ("By its own terms, the treaty, where applicable, preempts the remedies of a signatory's domestic law, whether or not the application of the Convention will result in recovery in a particular case.") (citing *El Al Israel Airlines, Ltd. v. Tseng*, 525 U.S. 155, 161 (1999)); *see also* Convention Article 29 (claims under the Convention "can only be brought subject to the conditions and such limits of liability as are set out in this Convention"). Article 29 of the Montreal Convention facilitates this objective by requiring that "any action for damages, however founded . . . can only be brought subject to the conditions and such limits of liability as are set out in this Convention." Montreal Convention, Art. 29. Courts applying the Montreal Convention adhere to this dictate and routinely find that the Convention, where applicable, preempts state law remedies for claims within its "substantive scope." *See In re Nigeria Charter Flights Contract Litig.,* 520 F. Supp. 2d at 453 ("[T]he Montreal Convention preempts state law claims falling within its scope"). The Convention provides the exclusive remedy for plaintiffs to pursue claims for damages arising under the Convention. *See Badar*, *supra*, at *7; *Tseng*, *supra*, at 161.

In *Waters v. Port Authority of New York & New Jersey*, 158 F. Supp. 2d 415 (D.N.J. 2001), the court held that the Warsaw Convention preempted a handicapped passenger's claim for disability discrimination in connection with his flight to Rome, Italy. *Id.* at 437. The court stated that "plaintiff seeks to recover damages for alleged injuries sustained as a result of what he claims

7

were acts of discrimination by the defendants. Although his cause of action is grounded in discrimination statutes, the thrust of his claim is one of personal injury. Undoubtedly, this falls within the scope of the Convention and the goal of providing a uniform scheme of liability." *Id.* at 420; *see Berlin v. JetBlue, supra*, 436 F. Supp. 3d at 561 ("In the PAC, Plaintiff seeks to assert claims under section 1983 and under state law for battery, intentional infliction of emotional distress, false arrest, and false imprisonment. . . . However, any such amendment would be futile as these claims are preempted by the Montreal/Warsaw Conventions") (citing *Sanchez-Naek v. TAP Portugal, Inc.*, 260 F. Supp. 3d 185, 192 (D. Conn. 2017) ("The Second Circuit has held that civil rights and discrimination claims, such as those brought under Section 1981 or Section 1983, are precluded by the Montreal Convention if they arise from acts that fall under the Montreal Convention's substantive scope").

Finally, Plaintiff should not be permitted to avoid judgment on Count 7 by claiming he needs discovery to properly allege a violation of Section 1983. As set forth above, there is no basis in the Complaint for Plaintiff's claim for violation of Section 1983, and discovery should not be permitted to allow Plaintiff to proceed. *See Gayle v. Pfizer, supra*, 452 F. Supp. 2d at 91 ("Plaintiffs also seek to conduct discovery. But Plaintiffs cannot breeze by Rule 12(c) when they have failed to state a claim upon which relief can be granted. No amount of discovery will remedy the deficiencies in the Proposed Amended Complaint").

## IV.   CONCLUSION

For the reasons set forth above, the Moving Defendants respectfully request that the Court grant their Motion for Judgment on the Pleadings, and dismiss Count 7 with prejudice.

Dated: New York, New York
November 28, 2023

Respectfully submitted,

**STINSON LLP**


By: */s/ Kieran M. Corcoran*
Kieran M. Corcoran (KC4935)
100 Wall Street, Suite 201
New York, New York 10005
Tel: (646) 883-7480
Fax: (646) 883-7472
Email: kieran.corcoran@stinson.com

Paul Lackey (PL7651)
2200 Ross Avenue, Suite 2900
Dallas, TX 75201
Tel: (214) 560-2206
Email: paul.lackey@stinson.com

M. Roy Goldberg (*Admitted Pro Hac Vice*)
1775 Pennsylvania Avenue, N.W., Suite 800
Washington, D.C. 20006
Tel: (202) 728-3005
Email: roy.goldberg@stinson.com

*Attorneys for American Airlines, Inc., Delta Air Lines, Inc., JetBlue Airways Corporation, Southwest Airlines Co., United Airlines, Inc., Robert Land, Debbie Castleton and Nathalie Simon (the "Moving Defendants")*

9