IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| AARON ABADI, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 1:23-cv-04033-LJL |
| | ) | |
| AMERICAN AIRLINES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**REPLY BRIEF IN SUPPORT OF MOVING DEFENDANTS' MOTION TO DISMISS**

**STINSON LLP**

Kieran M. Corcoran (KC4935)
100 Wall Street, Suite 201
New York, NY 10005
Tel: (646) 883-7480
Email: kieran.corcoran@stinson.com

M. Roy Goldberg
(Admitted *Pro Hac Vice*)
1775 Pennsylvania Avenue, N.W., Suite 800
Washington, D.C. 20006
Tel: (202) 728-3005
Email: roy.goldberg@stinson.com

Paul Lackey (PL7651)
2200 Ross Avenue, Suite 2900
Dallas, TX 75201
Tel: (214) 560-2206
Email: paul.lackey@stinson.com

*Attorneys for Defendants American Airlines, Inc., Delta Air Lines, Inc., JetBlue Airways Corporation, Southwest Airlines Co., United Airlines, Inc., Robert Land, Debbie Castleton and Nathalie Simon (the "Moving Defendants")*

Dated:  November 28, 2023

# TABLE OF CONTENTS

**Page**

INTRODUCTION ...................................................................................................1

ARGUMENT .........................................................................................................1

I. THE COMPLAINT FAILS TO STATE A CLAIM FOR VIOLATION OF 42 U.S.C. § 1985(3)..............................................................................................1

II. THE CLAIM FOR VIOLATION OF 42 U.S.C. § 1986 SHOULD BE DISMISSED. .....3

III. THE COMPLAINT FAILS TO STATE A CLAIM AGAINST THE INDIVIDUAL ATTORNEY DEFENDANTS...................................................................................4

IV. PLAINTIFF LACKS A PRIVATE RIGHT OF ACTION UNDER THE AIR CARRIER ACCESS ACT.........................................................................................5

V. PLAINTIFF HAS NO CLAIM FOR VIOLATION OF THE REHABILITATION ACT. ..................................................................................................................6

VI. THE COMPLAINT FAILS TO STATE A CLAIM FOR VIOLATION OF THE CALIFORNIA UNRUCH CIVIL RIGHTS ACT. ...........................................................7

VII. PLAINTIFF HAS NO CLAIM AGAINST THE MOVING DEFENDANTS FOR VIOLATION OF THE NEW JERSEY CIVIL RIGHTS ACT AGAINST DISCRIMINATION. ..............................................................................................9

VIII. THE COMPLAINT FAILS TO STATE A CLAIM FOR VIOLATION OF THE NEW YORK CIVIL RIGHTS LAW.............................................................................9

IX. PLAINTIFF HAS NO CLAIM FOR VIOLATION OF THE TEXAS CIVIL RIGHTS LAW...................................................................................................10

X. THE COMPLAINT FAILS TO ALLEGE A CLAIM FOR INTENTIONAL OR UNINTENTIONAL TORT AGAINST THE MOVING DEFENDANTS. .....................10

XI. PLAINTIFF LACKS A CLAIM FOR NEGLIGENCE. ..................................................10

XII. PLAINTIFF'S CLAIM FOR INFLICTION OF EMOTIONAL DISTRESS SHOULD BE DISMISSED............................................................................................11

XIII. THE CLAIM FOR BREACH OF CONTRACT SHOULD BE DISMISSED................12

XIV. PLAINTIFF HAS NOT ALLEGED A CLAIM FOR PROMISSIORY ESTOPPEL......12

XV. THE COMPLAINT FAILS TO ALLEGE A CLAIM FOR INJURIOUS FALSEHOODS. ...................................................................................................13

XVI. THE COMPLAINT FAILS TO ALLEGE A CLAIM FOR INVASION OF PRIVACY..........................................................................................................13

XVII. THE CLAIM FOR FRAUDULENT MISREPRESENTATION SHOULD BE DISMISSED. ......................................................................................................13

XVIII. THE REQUEST FOR NOMINAL DAMAGES SHOULD BE STRICKEN. ................13

XIX.    THE REQUEST FOR PUNITIVE DAMAGES IS PREEMPTED BY THE
        DEREGULATION ACT. ...................................................................................................14

XX.     PLAINTIFF LACKS STANDING TO PURSUE HIS CLAIMS.....................................14

XXI.    PLAINTIFF'S CLAIMS ARE MOOT. ............................................................................15

CONCLUSION...........................................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aaron Abadi v. DOT*,
    Case No. 22-1012, Doc. No. 1932300 (D.C. Cir. Jan. 23, 2022) ...........................................3

*Aaron Abadi v. TSA*,
    Case No. 21-1258, Doc. No. 1926144 (D.C. Cir.).........................................................3

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)......................................................................................2

*Bergman v. Alaska Airlines, Inc.*,
    484 P.3d 480 (2021).....................................................................................12

*Berlin v. JetBlue Airways*,
    436 F. Supp. 3d 550 (E.D.N.Y. 2000) ........................................................9, 10, 11

*Brown v. City of New York*,
    No. 09 CV 1809 (RJD)(MG), 2010 WL 60914 (E.D.N.Y. Jan. 8, 2010)...............................15

*Cipollone v. Liggett Group, Inc.*,
    505 U.S. 504 (1992)......................................................................................8

*Cobb v. Yost*,
    342 Fed. Appx. 858 (3d Cir. 2009)....................................................................15

*Collins v. Giving Back Fund*,
    No. 18 Civ. 8812 (CM), 2019 WL 3564578 (S.D.N.Y. Aug. 6, 2019) ...................................6

*Connaughton v. Chipotle Mexican Grill, Inc.*,
    29 N.Y.3d 137 (N.Y. 2017) ...........................................................................14

*Farese v. Scherer*,
    342 F.3d 1223 (11th Cir. 2003) .........................................................................4

*Fidelity Fed. Sav. & Loan Ass'n v. De la Cuesta*,
    458 U.S. 141 (1982)......................................................................................8

*Heffernan v. Hunter*,
    189 F.3d 405 (3d Cir. 1999).............................................................................4

*Hodges v. Delta Airlines, Inc.*,
    44 F.3d 334 (5th Cir. 1995) (en banc) .................................................................8

*Kronos, Inc. v. AVX Corp.*,
   81 N.Y.2d 90 (N.Y. 1993) ...................................................................................14

*Morales v. TWA*,
   504 U.S. 374 (1992) ..............................................................................................7

*In re Nat. Res. Def. Council, Inc.*,
   956 F.3d 1134 (9th Cir. 2020) ..............................................................................6

*Pacific Gas & Elec. Co. v. State Energy Res. Conservation and Dev. Comm'n*,
   461 U. S. 190 (1983) ..............................................................................................8

*Sanchez-Naek v. TAP Portugal, Inc.*,
   260 F. Supp. 3d 185 (D. Conn. 2017) ...................................................................9

*Seklecki v. CDC*,
   636 F. Supp. 3d 15 (D. Mass. 2022) ......................................................................7

*Smith v. Conair, Inc.*,
   134 F.3d 254 (4th Cir. 1998) .................................................................................8

*Starr v. Sony BMG Music Enter.*,
   592 F.3d 314 (2d Cir. 2010) ..................................................................................2

*Telecommunications Rsch. & Action Ctr. v. F.C.C.*,
   750 F.2d 70 (D.C. Cir. 1984) ................................................................................6

*Western Parcel Express v. UPS*,
   No. C 96-1526, 1996 WL 756858 (N.D. Cal. Dec. 3, 1996) ................................8

**Statutes**

29 U.S.C. § 794(a) .......................................................................................................6

29 U.S.C. § 794(b)(3) ..................................................................................................6

42 U.S.C. § 1985(3) ..............................................................................................1, 2, 3

42 U.S.C. § 1986 .......................................................................................................3, 4

49 U.S.C. § 41713(b)(1) ..............................................................................................7

49 U.S.C. § 46110(a) ...................................................................................................5

N.J.S.A 10:5-5..............................................................................................................9

**Other Authorities**

14 C.F.R. Part 382.....................................................................................................2, 6

Restatement [Second] of Torts, § 907..........................................................................................14

## INTRODUCTION

Plaintiff's brief in response to the motion to dismiss (ECF No. 172) does not refute the showing by the Five Airline Defendants and related individual defendants (the "Moving Defendants") that Plaintiff's claims should be dismissed for failure to state a claim for which relief may be granted. Plaintiff is in search of a legal theory to address his desire not to be required to wear a mask onboard aircraft during the pandemic. However, Plaintiff has failed to allege violation of any federal or state law or cause of action by the Moving Defendants in connection with their enforcement of the Federal Transportation Mask Mandate ("FTMM") and masking policies during the pandemic. Plaintiff's allegations of a federal conspiracy lack the requisite allegations of an agreement among the various parties and face other legal obstacles which Plaintiff fails to overcome. In addition, Plaintiff's state law claims are preempted by federal law and his federal claims suffer from a lack of a private right of action. Although Plaintiff is proceeding *pro se*, his brief makes it clear that Plaintiff has considerable experience litigating as a *pro se* plaintiff. Plaintiff's *pro se* status does not remove the fact that the claims in his Complaint lack merit.[1]

## ARGUMENT

**I.    THE COMPLAINT FAILS TO STATE A CLAIM FOR VIOLATION OF 42 U.S.C. § 1985(3).**

Plaintiff's brief fails to support his allegations of a civil conspiracy in violation of 42 U.S.C. § 1985(3). Nothing in Plaintiff's response brief refutes the showing of the Moving Defendants that Count 8 should be dismissed because: (1) Section 1985(3) does not apply to a person claiming inability to wear a mask while flying onboard commercial aircraft during a pandemic; (2) Section

---

[1]The Moving Defendants join the other motions to dismiss filed by other defendants in this action, including ECF No. 180, and incorporate their arguments to the extent any basis for dismissal they raise was not addressed by the Moving Defendants in their briefs in support of their motion to dismiss.

1985(3) may not be used to circumvent the process for resolving discrimination claims under the Air Carrier Access Act, 49 U.S.C. § 47105 ("ACAA"), and its implementing regulations at 14 C.F.R. Part 382; (3) the Complaint does not set forth the existence of a conspiracy; and (4) there is no constitutional right to travel by aircraft.

Plaintiff does not rebut the fact that there is no predicate for applying Section 1985(3) to a claim for discrimination in having to wear a mask onboard aircraft during a pandemic, or the fact that allowing a Section 1985(3) claim to proceed would improperly circumvent the ACAA and its implementing regulations.

Nor does Plaintiff point to facts to support his claim of the existence of an illicit conspiracy among the Moving Defendants to violate his rights. Plaintiff claims that he satisfied the requirement of pleading the existence of a conspiracy because of his assertion that "Forty-six airlines, federal agencies, medical advisory companies, and their employees happen to be doing the exact same discrimination. . . ." ECF No. 172, at 10. However, general allegations of parallel conduct on the part of defendants are not sufficient to demonstrate the existence of a conspiracy. *See, e.g., Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007) ("Without more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality," and "allegations of parallel conduct . . . must be placed in a context that raises a suggestion of a preceding agreement, not merely parallel conduct that could just as well be independent action"); *Starr v. Sony BMG Music Enter.*, 592 F.3d 314, 322 (2d Cir. 2010) ("an allegation of parallel conduct coupled only with a bare assertion of conspiracy is not sufficient," but rather, "allegations of parallel conduct must be placed in a context that raises a suggestion of a preceding agreement, not merely parallel conduct that could just as well be independent action") (cleaned up).

Finally, as set forth in the Opening Brief, Plaintiff does not actually possess a constitutional right to travel onboard the Five Airline Defendants' aircraft. ECF No. 122, at 39-40. In response, Plaintiff contends that there should be a constitutional right to travel by aircraft, ECF No. 172, at 13-16, but fails to support this desire with any case law. He also asserts that it might be okay to deprive a person of such a right "[i]f there was a valid health or safety regulation or policy that was implemented . . . ." *Id.* at 14.

## II.    THE CLAIM FOR VIOLATION OF 42 U.S.C. § 1986 SHOULD BE DISMISSED.

As set forth in the opening brief (ECF No. 122, at 12-13), there is no claim for violation of Section 1986 where, as here, there is no claim alleged for violation of Section 1985(3). Plaintiff responds by asserting that "Being that 1985(3) is valid, then the same goes for 1986." ECF No. 172, at 11. So this is an admission by Plaintiff that if his Section 1985(3) claim is dismissed, the same should occur for his 1986 claim.

In addition, Plaintiff fails to overcome the one-year statute of limitations applicable to Section 1986, which applies here because Plaintiff filed suit more than one year after the FTMM was terminated. ECF No. 122, at 13. Plaintiff asserts that "he had no way of knowing he can sue and that he should sue much before he did sue." ECF No. 172, at 16. However, this is contradicted by the fact that Mr. Abadi claimed unlawful discrimination in 2021. Specifically, on December 9, 2021, Plaintiff filed a petition for review with the U.S. Court of Appeals for the D.C. Circuit. *Aaron Abadi v. TSA*, Case No. 21-1258, Doc. No. 1926144 (D.C. Cir.) (Petition available on Pacer). In that case, which Plaintiff filed 1.5 years before filing the instant suit, Plaintiff challenged the legality of TSA Security Directives which required "all passengers in the United States transportation sector wear face masks." Similarly, in another case filed by Plaintiff, *Aaron Abadi v. DOT*, Case No. 22-1012, Doc. No. 1932300 (D.C. Cir. Jan. 23, 2022) (Petition available on Pacer), more than one year before the instant case was filed, Plaintiff stated:

> This is a case where the Petitioner is being discriminated against due to his disability that causes him not to be medically capable of wearing a mask. Almost all airlines have denied him access to fly with them without a mask. The ACAA discrimination laws are pretty clear and the DOT agrees that this is illegal discrimination as will be shown herein, yet it refuses to enforce those laws. (*Id.* at 2)

Accordingly, there is no basis for Plaintiff's claim that he lacked knowledge to file his Section 1986 claims during the one-year statute of limitations.

## III. THE COMPLAINT FAILS TO STATE A CLAIM AGAINST THE INDIVIDUAL ATTORNEY DEFENDANTS.

The claims against the airlines' attorneys should be dismissed. Plaintiff's opposition does not cite any legal authority to refute the cases set forth in the opening brief, which demonstrate that "as long as an attorney's conduct falls within the scope of the representation of his client, such conduct is immune from an allegation of a § 1985 conspiracy." ECF No. 122, at 14-15 (citing *Farese v. Scherer*, 342 F.3d 1223, 1230-32 (11th Cir. 2003)). Instead, Plaintiff claims that he can sue American Airlines' outside counsel because, according to Plaintiff, the lawyer did not merely represent an alleged bank robber but also "open[ed] the safe for him." ECF No. 172, at 11. This assertion that counsel for an airline committed the equivalent of aiding and abetting a federal crime is meritless.[2] An attorney can represent a client in connection with application of the Air Carrier Access Act to airline transportation in the midst of a pandemic – including compliance with DOT and TSA requirements – without being sued by the party claiming discrimination. *See Heffernan v. Hunter,* 189 F.3d 405, 408 (3d Cir. 1999) (when an attorney's conduct falls within the scope of his representation of his client, a § 1985 conspiracy cannot exist, which reflects the fact that "[t]he right of a litigant to independent and zealous counsel is at the heart of our adversary system and,

---

[2]Plaintiff's brief focuses on one attorney's representation of American Airlines in connection with Plaintiff's request to travel without a mask (and does not event attempt to make any argument regarding JetBlue in-house attorney Rob Land). *See* ECF No. 172, at 23-24.

indeed, invokes constitutional concerns").

Plaintiff's attempt to include lawyers for the airlines in this case should be rejected and the claims against attorneys should be dismissed.

## IV.    PLAINTIFF LACKS A PRIVATE RIGHT OF ACTION UNDER THE AIR CARRIER ACCESS ACT.

In their opening brief, the Moving Defendants demonstrated that Counts 10, 11, 12, 13, 14, 15, 16, 17 and 18 should be dismissed because of the lack of a private right of action to sue airlines for violation of the ACAA. ECF No. 122, at 16-17. Nothing in the Plaintiff's opposition refutes the showing of a lack of private right of action under the ACAA. Plaintiff's brief asserts that the "Circuit Court cases" holding that no private right of action exists for ACAA claims "were non en-banc and are not binding precedent," and "were based on a mistake or misunderstanding." ECF No. 172, at 12. This is clearly insufficient to overcome the holdings of those cases.

Moreover, Plaintiff admits in his response brief that he pursued administrative complaints against air carriers under the ACAA and that he "won against many airlines at the" DOT "disability complaint division." ECF No. 172, at 7. Plaintiff adds that "These airlines were determined by the DOT to be in violation of federal disability complaints, because they refused to allow me access to fly on their airplanes." *Id.* To the extent that Plaintiff maintains that DOT did not take sufficient or timely action on his complaints, his exclusive remedy was to file a petition for review with the U.S. Circuit Court of Appeals pursuant to 49 U.S.C. § 46110(a) ("a person disclosing a substantial interest in an order issued by the Secretary of Transportation . . . may apply for review of the order by filing a petition for review in the United States Court of Appeals for the District of Columbia Circuit or in the court of appeals of the United States for the circuit in which the person resides or has its principal place of business").

In the case of agency delay, a Circuit Court may order DOT to take action on an ACAA

complaint, but that does not change the fact that the Circuit Courts possess the exclusive right to do so. *See In re Nat. Res. Def. Council, Inc.*, 956 F.3d 1134, 1138 (9th Cir. 2020) (where Circuit Court has jurisdiction to review agency decision it also has power to issue mandamus for agency to act); *Telecommunications Rsch. & Action Ctr. v. F.C.C.*, 750 F.2d 70, 79–80 (D.C. Cir. 1984) (factors to determine if agency delay should be subject to mandamus order by Circuit Court).

## V. PLAINTIFF HAS NO CLAIM FOR VIOLATION OF THE REHABILITATION ACT.

Plaintiff has not rebutted the Moving Defendants' showing that the air carrier receipt of CARES Act funds does not subject them to the Rehabilitation Act ("RA"), 29 U.S.C. § 794(a). ECF No. 122, at 17-21. Specifically, Plaintiff offers no refutation to the fact that: (1) the CARES Act money was limited to payroll replacement and was not to be used for general corporate expenses; and (2) to allow plaintiffs to sue under the RA would improperly circumvent the administrative structure in the ACAA and its implementing regulations (14 C.F.R. Part 382) for handling discrimination claims against the airlines. In addition, Plaintiff does not assert that the Five Airline Defendants are "principally engaged" in providing education, health care, housing, social services, or parks and recreation to the public. This is crucial because a subsidy only subjects an entire corporate entity – rather than a specific program – to the RA if the entity is "principally engaged in the business of providing education, health care, housing, social services, or parks and recreation," or if the subsidy is provided to the corporation "as a whole." *See* 29 U.S.C. § 794(b)(3); *Collins v. Giving Back Fund*, No. 18 Civ. 8812 (CM), 2019 WL 3564578 at *10 (S.D.N.Y. Aug. 6, 2019) (finding the "principally engaged in" clause "clearly shows that Congress intended the RA to apply only to organizations that act as surrogates by providing what are traditional conceived of as 'public services'").

## VI.    THE COMPLAINT FAILS TO STATE A CLAIM FOR VIOLATION OF THE CALIFORNIA UNRUCH CIVIL RIGHTS ACT.

As set forth in the Opening Brief, the Unruh Act claim should be dismissed because (1) the claim is preempted by the Airline Deregulation Act, 49 U.S.C. § 41713(b), the ACAA and the Federal Aviation Administration Act; and (2) there are no allegations that the Five Airline Defendants took actions in California. ECF No. 122, at 21. Plaintiff's response does not refute the fact that his claims relate to an air carrier "service" and therefore his claims are preempted by the Airline Deregulation Act, 49 U.S.C. § 41713(b). *Id*. at 22-23. Nor does Plaintiff rebut the fact that the Unruh Act claims are preempted by the ACAA and the Federal Aviation Administration Act. *Id*. at 23-24.

Instead, Plaintiff asserts that federal "[p]reemption does not apply, as the entire purpose of state human rights laws are in addition to federal laws," and that if "preemption existed, these laws would all be meaningless." ECF No. 172, at 18. These arguments fully disregard the language of the federal statutes at issue (the Deregulation Act, the ACAA and the FAA Act) and the case law which applies the preemption language of effect of those laws.

Plaintiff asserts that preemption does not exist here because "[t]here is most certainly no preemption without a real conflict" between the federal law and the state law in question. ECF No. 172, at 19; *see also id*. at 18 ("The only time preemption exists is if there is a conflict"). However, preemption by the Deregulation Act is not confined to situations in which there is an express conflict between federal and state law. Rather, preemption exist where, as here, the state law being enforced "relates" to an air carrier "price, route or service." 49 U.S.C. § 41713(b)(1). "The Supreme Court explained that this preemption provision of the ADA should be construed broadly and that claims having a 'connection with, or reference to,' an airline's prices, routes, or services are preempted." *Seklecki v. CDC*, 636 F. Supp. 3d 15, 23 (D. Mass. 2022) (citing *Morales v. TWA*,

504 U.S. 374, 484 (1992)).

To enable a plaintiff to pursue a state law claim simply by alleging that there is no express conflict with federal law would have an untenable negative impact "on federal law in this area" and would contribute to the re-regulation of the airline industry that is contrary to the purpose of the Deregulation Act. *Smith v. Conair, Inc*., 134 F.3d 254, 258 (4th Cir. 1998). "If passengers could challenge airlines' boarding procedures under general contract claims alleging failure to transport, [it] would allow the fifty states to regulate an area of unique federal concern – airlines' boarding practices." *Id.* at 258-59; *see Hodges v. Delta Airlines, Inc.*, 44 F.3d 334, 339 (5th Cir. 1995) (en banc) (allowing claims alleging wrongful exclusions from flights "would result in significant de facto regulation of the airlines' boarding practices").

Similarly here, the claims for unlawful discrimination under the Unruh Act and similar state laws should not be permitted to "result in significant de facto regulation of the airlines' boarding practices." *Hodges v. Delta Airlines, Inc.*, 44 F.3d at 339; *see Western Parcel Express v. UPS*, No. C 96-1526, 1996 WL 756858 (N.D. Cal. Dec. 3, 1996) ("Contrary to WPX's contention, as express preemption statutes, section 14501(c)(1) and 41713(b)(4) preempt the application of all state laws relating to UPS's prices, routes, or services, and not merely those that conflict with federal laws"). Notably, the cases relied on by Plaintiff did not involve airlines or the Deregulation Act. *See Pacific Gas & Elec. Co. v. State Energy Res. Conservation and Dev. Comm'n*, 461 U. S. 190, 204 (1983) (involving the Atomic Energy Act of 1958 and the Nuclear Waste Policy Act of 1982); *Fidelity Fed. Sav. & Loan Ass'n v. De la Cuesta*, 458 U.S. 141, 153 (1982) (involving the Home Owners' Loan Act of 1933); *Cipollone v. Liggett Group, Inc*., 505 U.S. 504, 510 (1992) (involving the Federal Cigarette Labeling and Advertising Act).

In addition, Plaintiff's claims against JetBlue and Delta relate to international air

transportation, which is governed by the Montreal Convention, and the Montreal Convention preempts Plaintiff's claims. *See Berlin v. JetBlue Airways*, 436 F. Supp. 3d 550, 561 (E.D.N.Y. 2000) (state law claims for "battery, intentional infliction of emotional distress, false arrest, and false imprisonment" were preempted by the Montreal/Warsaw Conventions) (citing *Sanchez-Naek v. TAP Portugal, Inc.*, 260 F. Supp. 3d 185, 192 (D. Conn. 2017) ("The Second Circuit has held that civil rights and discrimination claims, such as those brought under Section 1981 or Section 1983, are precluded by the Montreal Convention if they arise from acts that fall under the Montreal Convention's substantive scope").

Finally, the Unruh Act claims also should be dismissed because Plaintiff does not controvert the fact that Plaintiff is not a citizen of California and the Five Airline Defendants did not make challenged decisions in California. ECF No. 122, at 25.

## VII.  PLAINTIFF HAS NO CLAIM AGAINST THE MOVING DEFENDANTS FOR VIOLATION OF THE NEW JERSEY CIVIL RIGHTS ACT AGAINST DISCRIMINATION.

As set forth in the Opening Brief, there is no basis for the allegation in Counts 21 and 22 for violation of the New Jersey Civil Rights Law Against Discrimination, N.J.S.A 10:5-5. ECF No. 122 at 25-26. First, any claim under New Jersey law is preempted by federal law. As set forth above, Plaintiff's assertions regarding the lack of preemption are baseless. Second, the fact that Plaintiff claims that he likes to visit New Jersey (ECF No. 172, at 18) does not eradicate the fact that most of his claims do not involve flights to or from New Jersey.

## VIII.  THE COMPLAINT FAILS TO STATE A CLAIM FOR VIOLATION OF THE NEW YORK CIVIL RIGHTS LAW.

As set forth in the Opening Brief, Counts 23, 24 and 25 should be dismissed because they are preempted by federal law, as is the case with the Unruh Act claim. ECF No. 122, at 26.

## IX.    PLAINTIFF HAS NO CLAIM FOR VIOLATION OF THE TEXAS CIVIL RIGHTS LAW.

As set forth in the Opening Brief, there is no basis for the allegation in Count 26 of a violation of the Texas Civil Rights Laws. Any claim under the Texas law is preempted by federal law (similar to the Unruh Act claim). ECF No. 122, at 26.

## X.    THE COMPLAINT FAILS TO ALLEGE A CLAIM FOR INTENTIONAL OR UNINTENTIONAL TORT AGAINST THE MOVING DEFENDANTS.

As set forth in the Opening Brief, federal law preempts the allegations in Count 27 regarding alleged violation of various state laws for intentional or unintentional tort. ECF No. 122, at 27. First, the Deregulation Act preempts these claims. Second, the Complaint fails to allege the requisite elements of the tort claim, including an allegation that the Moving Defendants engaged in an intentional infliction of economic damage, without excuse or justification. Third, under New York law, the statute of limitations for a claim for intentional tort is one year. *Id.*

In response, Plaintiff claims that the Moving Defendants "should read the Complaint" if they want to learn the "requisite elements of the tort claim." ECF No. 172, at 21. However, Plaintiff does not cite to any specific provision in his long Complaint. Because Plaintiff fails to use his opposition brief to refute the Moving Defendants' arguments, Count 27 of the Complaint should be dismissed.

In addition, Plaintiff's claims against JetBlue and Delta relate to international air transportation, which is governed by the Montreal Convention, and the Montreal Convention preempts Plaintiff's claims. *See Berlin v. JetBlue, supra*, 436 F. Supp. 3d at 561 (state law claims for "battery, intentional infliction of emotional distress, false arrest, and false imprisonment" were preempted by the Montreal/Warsaw Conventions).

## XI.    PLAINTIFF LACKS A CLAIM FOR NEGLIGENCE.

As set forth in the Opening Brief, federal law preempts the allegations in Count 28

regarding alleged acts of negligence by the Five Airline Defendants. ECF No. 122, at 28-29. In response, Plaintiff asserts that his Complaint contains the requisite elements for a claim of negligence, ECF No. 172, at 11, without referring to any specific portion of this Complaint, or addressing the fact that his state law claims, including for negligence, are preempted by federal law. Accordingly, Plaintiff's claims for negligence should be dismissed.

In addition, Plaintiff's claims against JetBlue and Delta relate to international air transportation, which is governed by the Montreal Convention, and the Montreal Convention preempts Plaintiff's claims. *See Berlin v. JetBlue, supra*, 436 F. Supp. 3d at 561 (state law claims for "battery, intentional infliction of emotional distress, false arrest, and false imprisonment" were preempted by the Montreal/Warsaw Conventions).

## XII.   PLAINTIFF'S CLAIM FOR INFLICTION OF EMOTIONAL DISTRESS SHOULD BE DISMISSED.

As set forth in the Opening Brief, there is no basis for Plaintiff's claim for infliction of emotional distress in violation of various state laws, as asserted in Count 29. ECF No. 122, at 29-30. Not only is the claim preempted by federal law, but Plaintiff's allegation of being required to wear a mask to board an aircraft does not rise to the level of outrageous and extreme conduct that is required to support a claim. Plaintiff's brief fails to rebut these arguments. *See* ECF No. 172, at 22-23. In addition, Plaintiff fails to overcome the fact that his claim for IIED is barred by the one-year statute of limitations. ECF No. 122, at 30.

In addition, Plaintiff's claims against JetBlue and Delta relate to international air transportation, which is governed by the Montreal Convention, and the Montreal Convention preempts Plaintiff's claims. *See Berlin v. JetBlue, supra*, 436 F. Supp. 3d at 561 (state law claims for "battery, intentional infliction of emotional distress, false arrest, and false imprisonment" were preempted by the Montreal/Warsaw Conventions).

**XIII.    THE CLAIM FOR BREACH OF CONTRACT SHOULD BE DISMISSED.**

As set forth in the Opening Brief, Plaintiff has failed to allege a claim for breach of contract against the Five Airline Defendants. ECF No. 122, at 30-36. Plaintiff does not allege that he purchased a ticket from United or Southwest, so clearly there is no breach of contract claim against these defendants.

The Complaint does allege that Plaintiff purchased a ticket from JetBlue and actually flew on a JetBlue aircraft with a mask to the Dominican Republic. ECF No. 3, ¶ 429-42. Plaintiff also asserts he bought a ticket on American. ECF No. 172, at 23-24. However, there is no allegation that the contract of carriage entered into between Plaintiff and JetBlue or American contained a promise not to require Plaintiff to wear a mask. In any event, the claim alleging that JetBlue, American and Delta breached the contract of carriage when requiring Plaintiff to wear a mask when the parties did not agree to it in the contract is preempted by the Deregulation Act because it relates to an air carrier service. ECF No. 172, at 33.

Finally, because Plaintiff's allegations against Delta and JetBlue relate to international flights from France to the United States (ECF No. 3, ¶ 338-51), and from Newark to the Dominican Republic (ECF No. 3, ¶ 439), these claims are also preempted by the Montreal Convention, which applies given that the air transportation was international.

**XIV.    PLAINTIFF HAS NOT ALLEGED A CLAIM FOR PROMISSIORY ESTOPPEL.**

The Opening Brief demonstrated that Count 31, which purports to allege a state law claim for promissory estoppel, is preempted by federal law. ECF No. 122, at 36-37. In response, Plaintiff contends that the Five Airline Defendants are liable for promissory estoppel because they promised to "treat those with disabilities and/or special needs with care," and similar representations. ECF No. 172, at 24-25. However, even if such statements might be otherwise actionable for promissory estoppel (and they are not), it is clear that claims for promissory estoppel relating to air

transportation are preempted by the Deregulation Act. *See, e.g., Bergman v. Alaska Airlines, Inc.*, 484 P.3d 480, 484 (2021) (claim for promissory estoppel against Alaska Airlines preempted by the Deregulation Act).

## XV. THE COMPLAINT FAILS TO ALLEGE A CLAIM FOR INJURIOUS FALSEHOODS.

As set forth in the Opening Brief, Count 33, which purports to allege a state law claim for "injurious falsehoods" regarding the efficacy of wearing a mask on an airplane, is preempted by federal law and fails to allege a claim for relief. ECF No. 122, at 37. Plaintiff's brief (ECF No. 177, at 26), fails to rebut this argument.

## XVI. THE COMPLAINT FAILS TO ALLEGE A CLAIM FOR INVASION OF PRIVACY.

Count 34 seeks to allege a state law claim for invasion of privacy. The state law claim for invasion of privacy is preempted by the Deregulation Act because it relates to the airlines' services. ECF No. 122, at 37-38. Plaintiff's brief (ECF No. 177, at 26-27), fails to rebut this argument.

## XVII. THE CLAIM FOR FRAUDULENT MISREPRESENTATION SHOULD BE DISMISSED.

As set forth in the Opening Brief, Count 36 should be dismissed because federal law preempts state law claims for fraudulent misrepresentation. ECF No. 122, at 38-39. In response, Plaintiff once again fails to respond to the argument. ECF No. 172, at 27.

## XVIII. THE REQUEST FOR NOMINAL DAMAGES SHOULD BE STRICKEN.

There is no basis for Plaintiff's request for nominal damages in connection with his claims against the Moving Defendants. ECF No. 122, at 40. This is because there is no merit to Plaintiff's claims for relief against the Moving Defendants. Plaintiff's response brief (ECF No. 172, at 28-29) does not rebut this argument. Plaintiff claims he included his request for nominal damages to "ensure there is no chance of the case being dismissed for lack of standing . . . ." *Id.* at 28. However,

this argument ignores the fact that in order to recover nominal damages, there must be merit to the legal claim. "Nominal damages are . . . available in breach of contract actions," if the existence of the breach has been established. *Kronos, Inc. v. AVX Corp.*, 81 N.Y.2d 90, 95 (N.Y. 1993). However, here there is no breach of contract that has been adequately alleged, and, therefore, there is no basis for the nominal damages request. In addition, "[n]ominal damages are not available when actual harm is an element of the tort," *Connaughton v. Chipotle Mexican Grill, Inc.*, 29 N.Y.3d 137, 143-44 (N.Y. 2017) (citing Restatement [Second] of Torts, § 907), which is the case for the torts alleged by Plaintiff.

## XIX. THE REQUEST FOR PUNITIVE DAMAGES IS PREEMPTED BY THE DEREGULATION ACT.

In their Opening Brief, Moving Defendants showed that Plaintiff's request for punitive damages is preempted by the Deregulation Act. ECF No. 122, at 41-42. In response, Plaintiff acknowledges that the Montreal Convention bars claims for punitive damages, but otherwise ignores the argument as to why the Deregulation Act preempts claims for punitive damages. ECF No. 172, at 29-32.

## XX. PLAINTIFF LACKS STANDING TO PURSUE HIS CLAIMS.

In their Opening Brief, Moving Defendants demonstrated that Plaintiff lacks standing to pursue his claims against the Moving Defendants. ECF No. 122, at 41-43. This is because Plaintiff did not buy a ticket, or did not apply for and was denied a mask exemption, and in any event has not alleged that he was damaged as a result of the airline act or omission. In response, Plaintiff asserts: "Plaintiff did not have to buy a ticket on any specific airline, in order to be denied. Plaintiff tried to travel on all 46 airlines. If Plaintiff had to buy a ticket on each in order to be considered discriminated against, that would be cost prohibitive to this Plaintiff." ECF No. 172, at 33. However, this assertion disregards the need to allege an actual harm from the alleged conduct in

order to satisfy the standing requirement.

## XXI.    PLAINTIFF'S CLAIMS ARE MOOT.

Plaintiff's claims against the Moving Defendants are moot (and were moot when filed), given the fact that the FTMM was effectively terminated on April 18, 2022, which was more than a year before the Plaintiff filed his Complaint (on May 1, 2023). ECF No. 122, at 43-46. Plaintiff disputes this, asserting that: "If tomorrow morning, there is an increase in the Covid deaths and hospitalizations, it is likely that they will try to reinstate mask mandates. If a new pandemic showed up, it is likely that they will try to reinstate mask mandates." ECF No. 172, at 35. Such speculation as to what might occur in the future does not avoid a finding of mootness. *See, e.g., Brown v. City of New York*, No. 09 CV 1809 (RJD)(MG), 2010 WL 60914 at *1 (E.D.N.Y. Jan. 8, 2010) ("the court finds that plaintiffs' allegations of imminent harm are likely moot or in any event too speculative to justify injunctive relief"); *Cobb v. Yost,* 342 Fed. Appx. 858, 859 (3d Cir. 2009) (mootness cannot be overcome by speculation that the Plaintiff may return to prison).

## <u>CONCLUSION</u>

For the reasons set forth above and in their opening brief, Moving Defendants respectfully request that the Complaint and action be dismissed with prejudice.

Dated: New York, New York
        November 28, 2023

Respectfully submitted,

**STINSON LLP**

By:    */s/ Kieran M. Corcoran*
       Kieran M. Corcoran (KC4935)
       100 Wall Street, Suite 201
       New York, New York 10005
       Tel: (646) 883-7480
       Fax: (646) 883-7472
       kieran.corcoran@stinson.com

Paul Lackey (PL7651)
2200 Ross Avenue, Suite 2900
Dallas, TX 75201
Tel: (214) 560-2206
Email: paul.lackey@stinson.com

M. Roy Goldberg *(Admitted Pro Hac Vice)*
1775 Pennsylvania Avenue, N.W., Suite 800
Washington, D.C. 20006
Tel: (202) 728-3005
Email: roy.goldberg@stinson.com

***Attorneys for American Airlines, Inc.,
Delta Air Lines, Inc., JetBlue Airways
Corporation, Southwest Airlines Co.,
United Airlines, Inc., Robert Land, Roy
Goldberg, Debbie Castleton and Nathalie
Simon (the "Moving Defendants")***