| | |
|---|---|
| AARON ABADI,<br><br>                      Plaintiff,<br><br>-against-<br><br>AMERICAN AIRLINES GROUP, INC., *et al.*,<br><br>                      Defendants. | 23-CV-4033 (LJL)<br><br>ORDER |

LEWIS J. LIMAN, United States District Judge:

      Plaintiff moves the Court for an order requesting the appointment of *pro bono* counsel. Dkt. No. 6. The motion is denied.

      The courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike criminal cases, in civil cases there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "[b]road discretion" when deciding whether to seek *pro bono* representation for a civil litigant. *Id.* Even if a court does believe that a civil litigant should have a free lawyer, it has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–10 (1989). Moreover, courts do not have unlimited funds to pay counsel in civil matters. *Torres v. Sushi Sushi Holdings Inc.*, 2021 WL 2887693, at *1 (S.D.N.Y. July 9, 2021). Courts must therefore request the services of *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of the time of volunteer lawyers. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

      In *Hodge*, the Circuit set forth the factors a court should consider in deciding whether to grant a litigant's request for pro bono counsel. 802 F.2d at 61–62. Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to

proceed in forma pauperis. The court must then consider whether the litigant's claim "seems likely to be of substance"—"a requirement that must be taken seriously." *Id.* at 60. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.* at 61–62; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel and the litigant's ability to gather facts if unassisted by counsel).

In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392–93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

At this early stage, the Court cannot make a finding that Plaintiff's claims are likely to be of substance, that they might require substantial factual investigation, that the legal issues presented are complex, or that there is any other special reason why appointment of counsel would be more likely to lead to a just determination. *See, e.g.*, *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203–04 (2d Cir. 2003). The case is at its incipiency, and it has not yet been tested by a motion to dismiss. *See Washington v. Chase Bank N.A.*, 2022 WL 4238102, at *1 (S.D.N.Y. Sept. 14, 2022) (denying motion for appointment of counsel because of early stage of the case); *Eichie v. Kuakazi*, 2022 WL 1517242, at *1 (S.D.N.Y. Apr. 27, 2022) (same); *Nieves v. Best*, 2021 WL 4806376, at *3 (S.D.N.Y. Oct. 13, 2021) (same).

Plaintiff has demonstrated his ability to frame a complaint setting forth his grievances articulately and in language that is understandable. Accordingly, Plaintiff's motion for *pro bono* counsel is DENIED without prejudice. If the Court ultimately determines that his complaint is "likely to be of substance," Plaintiff may renew this application.

SO ORDERED.

Date: December 1, 2023

LEWIS J. LIMAN
United States District Judge