# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| AARON ABADI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:23-cv-04033-LJL |
| | ) | |
| AMERICAN AIRLINES GROUP, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS OF FRONTIER AIRLINES, INC. AND ALLEGIANT AIR, LLC

/s/ Evan Kwarta
Evan Kwarta
SDNY Bar No.: EK0712
NY Bar No.: 4401543
HINSHAW & CULBERTSON LLP
800 Third Avenue, 13th Floor
New York, NY 10022
Phone: (212) 471-6200
Fax:    (212) 935-1166
Email: ekwarta@hinshawlaw.com

Brian T. Maye
HINSHAW & CULBERTSON LLP
151 North Franklin Street, Suite 2500
Chicago, IL 60606
Tel: (312) 422-5313
Fax: (312) 704-3001
Email: bmaye@hinshawlaw.com
(*Pro Hac Vice application pending*)

Dated: December 5, 2023

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................................... 1

SUMMARY OF ARGUMENT ....................................................................................... 1

STATEMENT OF FACTS ............................................................................................. 4

    A.    The Covid-19 Federal Transportation Mask Mandate ........................... 4

    B.    Plaintiff and His Complaints ................................................................... 4

    C.    Additional Facts Relevant to Frontier ..................................................... 6

    D.    Additional Facts Relevant to Allegiant .................................................. 7

APPLICABLE LEGAL STANDARD ............................................................................ 8

    A.    Rule 12(b)(6) ........................................................................................... 8

    B.    Rule 12(b)(1) ........................................................................................... 8

ARGUMENT .................................................................................................................. 9

    I.    PLAINTIFF LACKS STANDING TO ASSERT HIS CLAIMS AGAINST THE DEFENDANTS ................................................................... 9

    II.    THE COMPLAINT FAILS TO STATE A CLAIM FOR VIOLATION OF 42 U.S.C. §§ 1983, 1985(3), and 1986 (COUNTS 7-9) ..................................... 10

        A.    Plaintiff's § 1983 Claim (Count 7) Should be Dismissed ....................... 10

        B.    Plaintiff's § 1985 Claim (Count 8) Should be Dismissed ....................... 13

            1.    Plaintiff's Claims are Not Covered by § 1985 ............................. 13

            2.    Plaintiff Cannot Use §1985(3) to Circumvent the ACAA ........... 14

            3.    The Complaint Fails to Allege the Existence of a Conspiracy or Animus ................................................................ 15

        C.    The § 1986 Claim Should Be Dismissed ................................................ 17

    III.    PLAINTIFF HAS NO PRIVATE RIGHT OF ACTION TO SUE DEFENDANTS UNDER THE AIR CARRIER ACCESS ACT, AND ALL ACAA CLAIMS MUST THEREFORE BE DISMISSED ......................... 18

    IV.    PLAINTIFF DOES NOT HAVE A CLAIM AGAINST THE DEFENDANTS FOR VIOLATION OF THE REHABILITATION ACT ......... 20

61560\315477951.v1

|  | A. | The CARES Act Funding Did Not Constitute Federal Financial Assistance ................................................................................. 20 |

|  | B. | The RA Relates Only to Services Inapplicable Here ............................... 21 |

|  | C. | Plaintiff Cannot Use the RA to Circumvent the ACAA .......................... 22 |

| V. | | PLAINTIFF'S STATE LAW CLAIMS—BOTH STATUTORY AND AT COMMON LAW—ALL FAIL TO STATE A CLAIM AND SHOULD BE DISMISSED ................................................................................. 23 |

|  | A. | All State Law Claims are Preempted by the ADA, the FTMM, the ACAA, and the Federal Aviation Act ....................................................... 23 |

|  | B. | Plaintiff's Unruh Act Cause of Action Fails to State a Claim ................. 25 |

|  | C. | Plaintiff Fails to State a Claim for Violation of New Jersey Civil Rights Law ............................................................................................... 25 |

|  | D. | Plaintiff Fails to State a Claim under New York and Texas Civil Rights Law ............................................................................................... 26 |

|  | E. | Plaintiff Fails to State a Claim for Intentional and Unintentional Torts under Any of Texas, New York, New Jersey, California or Other State Law ....................................................................................... 26 |

|  | F. | Plaintiff Fails to State Claims for Negligence and Intentional Infliction of Emotional Distress ............................................................... 27 |

|  | G. | Plaintiff's Emotional Distress Claim Should be Dismissed ..................... 28 |

|  | H. | The Claim for Breach of Contract Should be Dismissed .......................... 28 |

|  | I. | Plaintiff's Claim for Promissory Estoppel Should Be Dismissed ........... 30 |

|  | J. | Plaintiff's Claim for "Injurious Falsehoods" Also Must be Dismissed ............................................................................................... 30 |

|  | K. | The Claim for Invasion of Privacy Should be Dismissed ........................ 31 |

|  | L. | The Claim for Fraudulent Misrepresentation Should be Dismissed ......... 32 |

| VI. | | THE COMPLAINT FAILS TO ALLEGE A CLAIM FOR INFRINGEMENT OF A CONSTITUTIONAL RIGHT TO TRAVEL AND THERE IS NO SUCH RIGHT .................................................................. 32 |

| VII. | | THE REQUEST FOR PUNITIVE DAMAGES IS PREEMPTED BY THE ADA ................................................................................................... 33 |

61560\315477951.v1

VIII.    PLAINTIFF'S CLAIMS SHOULD BE DISMISSED BECAUSE THEY
         ARE MOOT ........................................................................................................ 34

CONCLUSION ............................................................................................................................. 35

61560\315477951.v1

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abadi v. Target Corp.*,
No. 23-1050, 2023 WL 4045373 (3d Cir. June 16, 2023) ......................................9, 10, 18, 21

*Adamore v. Southwest Airlines Corp.*,
NO. H-11-0564, 2011 WL 6301398 (S.D. Tex. Dec. 15, 2011).......................................16, 27

*Ahlers v. Rabinowitz*,
684 F.3d 53 (2d Cir. 2012)......................................................................................................10

*Air Transp. Ass'n of Am., Inc. v. Cuomo*,
520 F.3d 218 (2d Cir. 2008)....................................................................................................27

*Alexander v. Sandoval*,
532 U.S. 275 (2001)...........................................................................................................18, 19

*In re Am. Airlines, Inc. Privacy Litig.*,
370 F. Supp.2d 552 (N.D. Tex. 2005) ....................................................................................31

*Amidax Trading Group v. S.W.I.F.T.*,
671 F.3d 140 (2d Cir. 2011)......................................................................................................9

*Andreadakis v. CDC*,
No. 22-cv-52 (DJN), 2022 WL 2674194 (E.D. Va. July 11, 2022) (case
dismissed) (appeal pending) ............................................................................................ *passim*

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009).................................................................................................................8

*Badar v. Swissport USA, Inc.*,
2020 U.S. Dist. LEXIS 185392 (E.D.N.Y. 2020).................................................................29

*Bartell v. Lohiser*,
215 F.3d 550 (6th Cir. 2000) ............................................................................................14, 17

*Baur v. Veneman*,
352 F.3d 625 (2d Cir. 2003).....................................................................................................9

*Bd. of Educ. v. Farmingdale Classroom Teachers Ass'n*,
38 N.Y.2d 397 (1975) .............................................................................................................26

*Bender v. City of New York*,
78 F.3d 787 (2d Cir. 1996).....................................................................................................28

iv

*Bergman v. Alaska Airlines, Inc.*,
 16 Wash.App.2d 553, 560-61 (Ct. App. Div. 2021)................................................29

*Best v. BWIA West Indies Airways Ltd.*,
 581 F. Supp.2d 359 (E.D.N.Y. 2008) ....................................................................29

*Bisbee v. John C. Conover Agency, Inc.*,
 452 A.2d 689 (N.J. App. Div. 1982)......................................................................31

*Bloom v. Novello*,
 573 F. Supp. 2d 732 (E.D.N.Y. 2004) ...................................................................11

*Boswell v. Skywest Airlines, Inc.*,
 361 F.3d 1263 (10th Cir. 2004) .............................................................................19

*Brannon v. Delta Airlines, Inc.*,
 434 F. Supp. 3d 124 (S.D.N.Y. 2020)....................................................................11

*Breitling U.S.A., Inc. v. Federal Exp. Corp.*,
 45 F. Supp.2d 179 (D. Conn. 1999).......................................................................33

*Brooklyn Ctr. for Independence of the Disabled v. Metro. Transp. Auth.*,
 11 F.4th 55 (2d Cir. 2021) .......................................................................................7

*Chasse v. Humphreys*,
 No. CV–07–189, 2008 WL 4846208 (D. Or. Nov. 3, 2008) ..................................14

*Cheruvu v. HealthNow New York, Inc.*,
 No. 22-1993, 2023 WL 3443362 (2d Cir. May 15, 2023) ......................................10

*Christian v. Transperfect Global, Inc.*,
 17-cv-5544, 18 .......................................................................................................29

*City of Rancho Palos Verdes Cal. v. Abrams*,
 544 U.S. 113 (2005)...............................................................................................13

*Collins v. Giving Back Fund*,
 No. 18-cv-8812, 2019 WL 3564578 (S.D.N.Y. Aug. 6, 2019)...............................21

*Compass Airlines, LLC v. Montana Dep't of Lab. and Indus.*,
 No. CV 12-105-H-CCL, 2013 WL 4401045 (D. Mont. Aug. 12, 2013) ................14

*D'Amato v. Wis. Gas Co.*,
 760 F.2d 1474 (7th Cir. 1985) ...............................................................................14

*D'Amico v. Arnold Chevrolet, LLC*,
 31 Misc. 3d 1201(A) (N.Y. Sup. Ct. 2011) ...........................................................27

v

*Daimler Chrysler Corp. v. Cuno*,
  547 U.S. 332 (2006) ....................................................................................34

*Deeper Life Christian Fellowship, Inc. v. Sobol*,
  948 F.2d 79 (2d Cir. 1991) ............................................................................8

*Deerskin Trading Post, Inc. v. United Parcel Service of America, Inc.*,
  972 F. Supp. 665 (N.D. Ga. 1997) ...............................................................33

*Dennis v. Sparks*,
  449 U.S. 24 (1980) .......................................................................................12

*DiFolco v. MSNBC Cable L.L.C.*,
  622 F.3d 104 (2d Cir. 2010) ..........................................................................8

*Doe v. Mobile Video Tapes, Inc.*,
  43 S.W.3d 40 (Tex. App. 2001) ...................................................................31

*Dounce Al Dey v. Eye Express Optical*,
  No. 22-CV-3861, 2022 WL 2342625 (S.D.N.Y. June 28, 2022) ...............12

*Elliott v. Grp. Med. & Surgical Serv.*,
  714 F.2d 556 (5th Cir.1983) ........................................................................16

*Exportaciones del Futoro S.A. de C.V. v. Iconix Brand Group, Inc.*,
  636 F. Supp.2d 223 (S.D.N.Y. 2009) ...........................................................30

*Farmer v. Cnty. of Westchester*,
  No. 18 CIV. 2691, 2022 WL 3902729 (S.D.N.Y. Aug. 30, 2022) .............18

*Fawemimo v. Am. Airlines, Inc.*,
  751 F. App'x 16 (2d Cir. 2018) ...............................................................23, 24

*Flaster/Greenberg P.C. v. Brendan Airways, LLC*,
  No. 08-4333, 2009 WL 1652156 (D.N.J. June 10, 2009).......................32, 33

*Frederico v. Home Depot*,
  507 F.3d 188 (D.N.J. 2007) ..........................................................................32

*Friends of Falun Gong v. Pacific Cultural Enterprise, Inc.*,
  88 F. Supp. 2d 273 (E.D.N.Y. 2003) ...........................................................15

*Gallagher v. Director's Guild of Am.*,
  144 A.D.2d 261 (1st Dept. 1988)..................................................................26

*Gerritsen v. de la Madrid Hurtado*,
  819 F.2d 1511 (9th Cir. 1985) ......................................................................17

vi

*Gilmore v. Gonzalez*,
    435 F.3d 1125 (9th Cir. 2006) ............................................................32

*Griffin v. Breckenridge*,
    403 U.S. 88 (1971)...............................................................................15, 17

*Grimes v. Fremont Gen. Corp.*,
    933 F. Supp. 2d 584 (S.D.N.Y. 2013)....................................................1

*Harrell v. New York State Dep't of Corr. & Cmty. Supervision*,
    No. 150-CV-7065, 2019 WL 3817190 (S.D.N.Y. Aug. 14, 2019).........15

*Harris v. Mills*,
    572 F.3d 66 (2d Cir. 2009)...............................................................25, 26

*Health Freedom Defense Fund v. President*,
    71 F.4th 888 (11th Cir. 2023) ............................................................35

*Holgate v. Baldwin*,
    425 F.3d 671 (9th Cir. 2005) ............................................................13

*In re JetBlue Airways Corp. Priv. Litig.*,
    379 F. Supp. 2d 299 (E.D.N.Y. 2005) ...............................................32

*Johnson v. United States*,
    642 F. Supp. 2d 1 (D.D.C. 2009) ......................................................12

*Jones v. Nat'l Communications & Surveillance Networks*,
    266 Fed. Appx. 31 (2d Cir. 2008)........................................................1

*Joseph v. JetBlue Airways Corp.*,
    No. 5:11-cv-1387, 2012 WL 1204070 (N.D.N.Y. Apr. 11, 2012) .........32

*Killoran v. Westhampton Beach Sch. Dist.*,
    No. 22-204, 2023 WL 4503278 (2d Cir. Jul. 13, 2023).........................20

*Knaust v. City of Kingston*,
    157 F.3d 86 (2d Cir. 1998)................................................................34

*Longobardi v. City of New York*,
    21-cv-2705, 2022 WL 1808902 (S.D.N.Y. June 2, 2022).....................18

*Lopez v. JetBlue Airways*,
    662 F.3d 593 (2d Cir. 2011)..............................................................19

*Love v. Delta Air Lines*,
    310 F.3d 1347 (11th Cir. 2022) ........................................................19

61560\315477951.v1

*Lucius v. Fort Taco, LLC*,
No. 21-22397, 2022 WL 335491 (S.D. Fla. Jan. 5, 2022)......................................21

*Lujan v. Defenders of Wildlife*,
504 U.S. (1992)..........................................................................................................9

*Malik v. Continental Airlines, Inc.*,
305 F. App'x 165 (5th Cir. 2008) ...........................................................................16

*Marcus v. CDC*,
No. 2:22-cv-02383-SSS-AS,
2023 WL 3044614 (C.D. Cal. Feb. 21, 2023) ........................................5, 17, 19, 24

*Mendes Da Costa v. Marcuilli*,
675 Fed. Appx. 15 (2d Cir. 2017)..............................................................................1

*Miller v. Nat'l Broad. Co.*,
187 Cal. App. 3d 1463 (Cal. Ct. App. 1986) ..........................................................31

*Mirlis v. Greer*,
952 F.3d 51 (2d Cir. 2020).........................................................................................7

*Montalvo v. Spirit Airlines*,
508 F.3d 464 (9th Cir. 2007) ...................................................................................24

*Montgomery v. Delta Air Lines, Inc.*,
No. 22-10692, 2023 WL 2400743 (5th Cir. March 8, 2023)...................5, 19, 28, 29

*Morales v. Trans World Airlines, Inc.*,
504 U.S. 374 (1992)............................................................................................9, 23

*New York v. Meta Platforms, Inc.*,
66 F.4th 288 (D.C. Cir. 2023)....................................................................................7

*Norman v. Trans World Airlines, Inc.*,
No. 98-CV-7419, 2000 WL 1480367 (S.D.N.Y. Oct. 6, 2000).............................33

*O'Carroll v. Am. Airlines, Inc.*,
863 F.2d 11 (5th Cir. 1989) .....................................................................................29

*Pica v. Delta Air Lines, Inc.*,
812 F. App'x 591 (9th Cir. 2020) ............................................................................30

*Reynolds v. Barrett*,
685 F.3d 193 (2d Cir. 2012).....................................................................................17

*Rose v. Tyndale*,
No. 23-1203, 2023 WL 4839371 (3d Cir. July 28, 2023).......................................15

61560\315477951.v1

*Segalman v. Southwest Airlines Co.*,
  895 F.3d 1219 (9th Cir. 2018) ........................................................................19

*Seklecki v. CDC*,
  635 F. Supp. 3d 15 (D. Mass. 2022) ........................................................5, 15, 17, 19

*Selevan v. N.Y. Thruway Auth.*,
  584 F.3d 82 (2d Cir. 2009)..............................................................................9

*Serris v. Chastaine*,
  No. 2:22-cv-0434, 2022 WL 715115 (E.D. Cal. Mar. 10, 2022)............................................14

*Sever v. Alaska Pulp Corp.*,
  978 F.2d 1529 (9th Cir. 1992) ........................................................................17

*Shapiro v. City of Glen Cove*,
  CV 03-0280, 2005 U.S. Dist. LEXIS 43276 (E.D.N.Y. May 5, 2005) ................................11

*Shotz v. American Airlines, Inc.*,
  420 F.3d 1332 (11th Cir. 2005) ....................................................................20, 22

*Smith v. Comair, Inc.*,
  134 F.3d 54 (4th Cir. 1998) ..........................................................................26

*Sommer v. Dixon*,
  709 F.2d 173 (2d Cir. 1983)...........................................................................15

*Sosa v. Lantz*,
  No. 3:09cv869, 2010 WL 122649 (D. Conn. Jan. 5, 2010) ....................................................17

*Starker v. Spirit Airlines*,
  No. 17-CV-6812, 2019 WL 4194572 (S.D.N.Y. Sept. 3, 2019)............................................33

*Summers v. Earth Island Institute*,
  555 U.S. 448 (2009).....................................................................................9

*Syed v. Frontier Airlines, Inc.*,
  522 F. Supp.3d 503 (E.D. Mo. 2021).....................................................................26

*Thurston v. Cherry Hills Triplex*,
  941 F. Supp.2d 420 (D.N.J. 2008) ......................................................................25

*Town of Southold v. Town of E. Hampton*,
  477 F.3d 38 (2d Cir. 2007)............................................................................32

*Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*,
  73 F.3d 1423 (7th Cir. 1996) ..........................................................................33

ix

*U.S. Dep't of Trans. v. Paralyzed Veterans of Am.*,
    477 U.S. 597 (1986) ........................................................................................ 20

*Voigt v. Savell*,
    70 F.3d 1552 (9th Cir. 1995) .......................................................................... 17

*Wall v. CDC*,
    543 F. Supp. 3d 1290 (M.D. Fla. 2021) .......................................................... 32

*Weiss v. El Al Israel Airlines, Ltd.*,
    471 F. Supp.2d 356 (S.D.N.Y. 2006) ............................................................. 27

*West v. Atkins*,
    487 U.S. 42 (1988) .......................................................................................... 11

*Wilhelm v. Cont'l Title Co.*,
    720 F.2d 1173 (10th Cir. 1983) ...................................................................... 14

*Williams v. Midwest Airlines, Inc.*,
    321 F. Supp.2d 993 (E.D. Wis. 2004) ............................................................ 33

*Woods v. Empire Health Choice, Inc.*,
    574 F.3d 92 (2d Cir. 2009) ................................................................................ 9

*Yong Wen Mo v. Gee Ming Chan*,
    17 A.D. 3d 356 (2nd Dep't, 2005) .................................................................. 26

**Statutes**

29 U.S.C. § 794(b)(3) ............................................................................................ 21

42 U.S.C. § 1983 ................................................................................... 10, 11, 12, 13

42 U.S.C. § 1985(3) ...................................................................................... *passim*

42 U.S.C. § 1986 ............................................................................................ 17, 18

49 U.S.C. § 382.159 ............................................................................................... 13

49 U.S.C. § 46110 ................................................................................................. 19

Air Carrier Access Act 49 U.S.C. § 41705 ................................................... *passim*

Airline Deregulation Act, 49 U.S.C. § 41713 ............................................. 2, 23, 27

California Unruh Civil Rights Act .......................................................................... 25

CARES Act, Pub. L. No. 116-136 (2020) ............................................................. 20

x

Federal Aviation Act, 49 U.S.C. § 40101, *et seq.*...................................................................23, 24

N.J.S.A. 10:5-12(f)(1)....................................................................................................................25

New Jersey Civil Rights Law ........................................................................................................25

New York Civil Rights Law § 8-107.............................................................................................26

Public Health Service Act, 42 U.S.C. § 264(e)............................................................................23

Rehabilitation Act, 29 U.S.C. § 794(a)............................................................................... 2, 20-22

61560\315477951.v1

## INTRODUCTION

Defendants FRONTIER AIRLINES, INC. ("Frontier") and ALLEGIANT AIR, LLC ("Allegiant") (collectively "Defendants"), by and through their undersigned counsel, respectfully submit this Motion to Dismiss each of the 29 separate counts[1] asserted against them.[2]

## SUMMARY OF ARGUMENT

Plaintiff's claims against Defendants should be dismissed for the following reasons:

1. <u>All of Plaintiff's claims</u> should be dismissed because he lacks standing to pursue them, as he never purchased tickets for travel on Defendants' airlines, and his claims are thus speculative.

2. <u>Counts 7 through 9</u>, for alleged violations of 42 U.S.C. §§ 1983, 1985, and 1986, should be dismissed because those statutes do not apply to Plaintiff or Defendants, the claims are preempted by the Air Carrier Access Act 49 U.S.C. § 41705 ("ACAA"), Plaintiff failed to set forth facts sufficient to state a proper claim under each civil rights statute, and because Count (9) is time-barred.

---

[1] The number of Counts asserted against Defendants is unclear because of the sprawling, conclusory, and unspecific nature of Plaintiff's Complaint. *See* Dkts. 3, 3-1, 3-2. Defendants submit that there are only 29 possible Counts that could be asserted against them, but to the extent that Plaintiff argues there are more, Defendants further submit that all other Counts would be covered by this motion and should be dismissed on the grounds argued herein. Alternatively, the Court could dismiss such other Counts under Rule 8 for being unintelligible. *See* Fed. R. Civ. P. 8; *see also Mendes Da Costa v. Marcucilli*, 675 Fed. Appx. 15, 17 (2d Cir. 2017); *Jones v. Nat'l Communications & Surveillance Networks*, 266 Fed. Appx. 31, 33 (2d Cir. 2008); *Grimes v. Fremont Gen. Corp.*, 933 F. Supp. 2d 584, 595 (S.D.N.Y. 2013) (all dismissing *pro se* plaintiffs' complaints for filing counts less egregious than Plaintiffs' and for failure to abide by Rule 8).

[2] In addition to the arguments made herein, Defendants adopt and assert all arguments made by other airline defendants made in Dkts. 122, 180, and 194.

61560\315477951.v1

3.  <u>Counts 10 through 18</u>,[3] for the alleged violation of the ACAA, and its implementing regulations found in 14 C.F.R. § 382 and several subparts, should be dismissed because the ACAA does not provide a private right of action to Plaintiff, and Plaintiff failed to exhaust the remedies provided to him under the ACAA.

4.  <u>Count 19</u>, for the alleged violation of the Rehabilitation Act, 29 U.S.C. § 794(a) ("RA"), should be dismissed because Defendants did not receive financial assistance from the U.S. Government within the meaning of that statute, and Plaintiff cannot use the RA to circumvent the ACAA, which, despite lacking a private right of action, is the only statute that could apply to Plaintiff's claim if it was properly stated and brought in the proper venue.

5.  <u>Counts 20 through 26</u>, for the alleged violations of California (Count 20), New Jersey (21-22), New York (23-25), and Texas (26) civil rights statutes all should be dismissed because all such Counts are preempted by the ACAA, those statutes do not apply to Plaintiff or Defendants, and Plaintiff has failed to set forth facts sufficient to state a claim upon which relief could be granted under those statutes.

6.  <u>Counts 27 through 29</u>, for unspecified "intentional and unintentional torts" (27), negligence (28), and intentional infliction of emotional distress (29), asserted under various states' common laws, all should be dismissed because they are preempted by the Airline Deregulation Act, 49 U.S.C. § 41713 ("ADA"), and Plaintiff fails to set forth facts sufficient to state those claims in any event.

_____

[3] It is unclear whether Plaintiff is asserting Counts 13 and 16 against Defendants because, although he specified airline defendants other than Frontier and Allegiant, he also referred to airlines generally. If those Counts are asserted against Frontier and Allegiant, they should be dismissed.

2

7.  <u>Count 30</u>, for breach of contract under various states' common laws, should be dismissed because Plaintiff never had a contract with Defendants, and even if he did, he has not pointed to any provision of a contract that was breached by either defendant, such claim would be preempted by the ADA, and to the extent that Plaintiff is referring to unspecified international flights, those claims would be preempted by the Montreal Convention.

8.  <u>Counts 31, 34 and 36</u>, for promissory estoppel (31), invasion of privacy (34), and fraudulent misrepresentation (36) should be dismissed because they are preempted by the ADA and Count 36 is also preempted by the ACAA.

9.  <u>Count 33</u>, for "injurious falsehoods," should be dismissed because Plaintiff fails to allege the requisite elements of that supposed cause of action and it is ADA preempted.

10. <u>Count 37</u>, for the alleged violation of Plaintiff's right to travel should be dismissed because there is no right to travel onboard Defendants' airlines.

11. <u>Plaintiff's claim for nominal damages</u> (*see* Dkt. 3-2 at 66.N) should be stricken because it is preempted by the ADA, and he suffered no legal injury.

12. <u>Plaintiff's claim for punitive damages</u> (*see id.* at 66.O) should be dismissed because it is preempted by the ADA.

13. <u>Plaintiff's claims for injunctive relief</u> (*see id.* at 64.E- 66.L) should be dismissed because such claims are moot—there is nothing to enjoin.

14. <u>Plaintiff's claim for costs and fees in connection with his action</u> (*see id.* at 66.9-67.O) should be dismissed for all the above reasons.

Plaintiff's Complaint as against Frontier and Allegiant should be dismissed in its entirety. Moreover, because the allegations demonstrate that Plaintiff cannot plead viable claims under any

61560\315477951.v1

circumstances, the Court should dismiss his Complaint as against Frontier and Allegiant with prejudice, denying leave to amend as futile.

## STATEMENT OF FACTS

### A.    The Covid-19 Federal Transportation Mask Mandate

In response to the Covid-19 pandemic, on January 21, 2021, President Biden issued Executive Order 13998 ordering that measures be implemented by the "transportation industry" to promote mask wearing compliance. *See* Promoting COVID-19 Safety in Domestic and International Travel, 86 Fed. Reg. 7205. At the President's direction, the CDC then issued an Order requiring all persons to wear masks on public conveyances, such as commercial aircraft, and the CDC directed air carriers including Defendants to ensure passenger compliance. *See* CDC, Requirement for Persons to Wear Masks While on Conveyances and at Transportation Hubs, 86 Fed. Reg. 8025-01.

Following the issuance of the foregoing Federal Transportation Mask Mandate ("FTMM"), on February 5, 2021, the U.S. Department of Transportation issued a Notice of Enforcement Policy concerning disabled persons who could not safely wear masks on commercial aircraft. *See* https://www.transportation.gov/sites/dot.gov/files/2021-02/Mask%20Notice%20Issued%20on%20Feb%205.pdf. In so doing, the DOT was exercising its responsibility to ensure that carriers were complying with the ACAA and its implementing regulations. *See id.* at 2; *see generally*, 49 U.S.C. § 41705 *et seq.* and 14 C.F.R. § 382 *et seq.* As Plaintiff's Complaint notes, the FTMM was effectively ended by court order on April 18, 2022. *See, e.g.*, Dkt. 3, ¶218.

### B.    Plaintiff and His Complaints

On May 1, 2023, Plaintiff filed an 805-page Complaint (including exhibits) in the U.S. District Court for the Northern District of Texas against 46 air carriers, medical consultants, attorneys, air carrier employees, and various federal agencies and officials alleging generally that

4

all defendants violated his rights in connection with the FTMM imposed by the U.S. Government and which Allegiant, Frontier, and their fellow airline defendants followed. *See* Dkt. 3. That court *sua sponte* transferred the case here. *See* Dkt. 10.

Plaintiff is a member of online coalitions, including Americans Against Mask Mandates, which seek to impose liability on airlines and the other defendants because of the U.S. Government's FTMM. *See, e.g., Andreadakis v. CDC*, No. 22-cv-52 (DJN), 2022 WL 2674194 (E.D. Va. July 11, 2022) (case dismissed) (appeal pending); *Marcus v. CDC*, No. 2:22-cv-02383-SSS-AS, 2023 WL 3044614 (C.D. Cal. Feb. 21, 2023) (same) (leave to file amended complaint granted); *Seklecki v. CDC*, 635 F. Supp. 3d 15 (D. Mass. 2022) (same); *Montgomery v. Delta Air Lines, Inc.*, No. 22-10692, 2023 WL 2400743, *5 (5th Cir. March 8, 2023) (same). Plaintiff has filed a number of other similar lawsuits against other corporate and government defendants in this District. *See* Dkt. 122 at 16.[4] Plaintiff is, in effect, attempting to re-litigate the pandemic in court.

Plaintiff claims that he has "sensory processing disorder" and that his senses "go into overload" when he wears anything on his head, so he cannot wear a mask. Dkt. 3, ¶141. He alleges that because he cannot wear a mask and because all defendant airlines would not allow him an exemption to fly without one during the Covid-19 pandemic, that he missed out on business opportunities during that time that cost him billions of dollars. *See* Dkt.3-1, ¶¶806-14. Specifically, he states that he missed out on business opportunities because he was unable to fly to: India, Cyprus, Switzerland, the United Kingdom, Israel, Saudi Arabia, the United Arab Emirates, Texas, Chicago, California, and Florida. *See* Dkt.3, ¶243, Dkt. 3-1, ¶¶838-39; *see also* Dkt. 3-85.

But Plaintiff's allegations of injuries come from only a subset of these locations, and he

---

[4] All references are to the ECF page stamp, not the internal page stamp.

failed to raise even speculative injuries as to all others. For instance, in his Complaint, Plaintiff claims to have lost the opportunity to build a plant in India (*see* Dkt. 3-1, ¶¶816-820), raised a specific issue arising from an inability to fly to Paris (*see id.* at ¶¶836-37), attached an unsigned Declaration from an alleged colleague relating to a lost business opportunity involving the United Arab Emirates and Saudi Arabia (*see* Dkt. 3-85), and attached alleged flight itineraries for tickets on certain airlines going to and/or from India, Israel, the UAE, Saudi Arabia, Azerbaijan, England, Germany, and a number of destinations in the U.S. *See* Dkt. 3-83. Notably, however, these itineraries list *no* flights on Allegiant, and the only flights listed for Frontier[5] are from in 2019. *See id.* at pp. 21-22, 38, 40, 43. Yet the Executive Order of which Plaintiff complains, and which led to the FTMM, was issued in January 2021. *See* Dkt. 3, ¶¶95-99; Dkt. 3-6.

In other words, Plaintiff has alleged no facts relating to Frontier or Allegiant concerning any specific flight, location, or damages sustained.

### C.    Additional Facts Relevant to Frontier

According to Plaintiff, he "reached out" to Frontier on February 24, 2021 "asking if I can fly without a mask due to my disability." Dkt. 3-1, ¶407. His Complaint Exhibit 46 (*see* Dkt. 3-51 at 2) demonstrates that he informed Frontier only that "I have serious sensory issues and cannot wear a mask for a flight." *Id.* He further claimed that "I *can* provide a doctor's letter confirming my disability and my recovery from Covid." *Id.* (emphasis added). He then stated, "Can I fly without my mask?" Plaintiff attached to his Complaint no evidence, and has made no allegation, that he: (a) ever provided Frontier with a doctor's letter; (b) purchased a ticket for a Frontier flight

---

[5] Frontier flights are designated by "F9" before the flight number. *See* FAA, Carrier Codes and Names: https://aspm.faa.gov/aspmhelp/index/ASQP__Carrier_Codes_and_Names.html; *see also* fn.6, *infra*.

during the time period at issue in his Complaint; and/or (c) stated to Frontier that he intended to purchase a ticket for a Frontier flight.

Plaintiff alleges that on January 29, 2021, Frontier responded to him stating that it was not providing medical exemptions from FTMM requirements at that time. *See* Dkt. 3-1, ¶409; Dkt. 3-51 at 1. Plaintiff claims that based on Frontier's response, he filed a complaint with the U.S. Department of Transportation ("DOT") and that DOT informed him generally that there were some medical exceptions to the FTMM but did not specifically address Plaintiff's. *See* Dkt. 3-1, ¶¶410-13. That complaint and the DOT's response are not attached to Plaintiff's Complaint. There is no evidence that Plaintiff followed up further with Frontier.

With limited exception, Frontier is a domestic airline. *See* Frontier, Flights from City, available at: https://flights.flyfrontier.com/en/sitemap/flights-from-city/page-1. Outside of the United States, it flies to select locations in the Caribbean and Central America.[6]  *See id.*

### D.    Additional Facts Relevant to Allegiant

As it relates to Allegiant,[7] Plaintiff claims that on or about September 1, 2021, he emailed Allegiant seeking permission to fly without a mask. *See* Dkt. 3, ¶¶210-216. He alleges that he attached a doctor's note to his email that substantiated his disability, and that he sought an

---

[6] The Court may take judicial notice of Frontier's flight network (*i.e.*, the cities it flies to or from) as a fact that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned" as it comes from Frontier itself. *See* Fed. R. Evid. 201(b)(2); *see also Brooklyn Ctr. for Independence of the Disabled v. Metro. Transp. Auth.*, 11 F.4th 55, 65 (2d Cir. 2021) (taking judicial notice of publicly available maps); *Mirlis v. Greer*, 952 F.3d 51, 63, n.11 (2d Cir. 2020) (taking judicial notice of publicly available blog posts); *New York v. Meta Platforms, Inc.*, 66 F.4th 288, 303 (D.C. Cir. 2023) (taking judicial notice of the content one of the parties' websites); *see generally* 1 Weinstein's Federal Evidence § 201.12 (2023) (courts can take judicial notice of indisputable historical, business, and industry facts).

[7] No Allegiant flights are listed in the Complaint. They would be designated G4.  *See* fn.5, *supra*.

exception from Allegiant under the ACAA. *See id.* Plaintiff attached to his Complaint an exhibit showing that two days later Allegiant denied his requested exemption and did so again on November 9, 2021. *See id.* (citing exhibits). He then filed a complaint against Allegiant with the DOT; the DOT found that Allegiant could have conducted a more individualized investigation before denying Plaintiff an exemption and not doing so was a violation of the ACAA. *See id.* Notably, and as Plaintiff concedes, the DOT took no action against Allegiant with respect to the matters about which Plaintiff complained the DOT or about which he complains here. *See id.*

## APPLICABLE LEGAL STANDARD

### A.    Rule 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). That is, allegations must be sufficient to "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The court must "accept all factual allegations as true and draw all reasonable inferences in the plaintiff's favor." But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Moreover, the court shall not "accept as true a legal conclusion couched as a factual allegation." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 110-11 (2d Cir. 2010) (cleaned up).

### B.    Rule 12(b)(1)

Dismissal under Rule 12(b)(1) is proper when mootness deprives the Court of subject matter jurisdiction because of Article III's case or controversy requirement. *Deeper Life Christian Fellowship, Inc. v. Sobol*, 948 F.2d 79, 81 (2d Cir. 1991). It also is proper when a plaintiff lacks standing because he has not suffered a concrete injury and the injury alleged in his complaint amounts to a generalized grievance with the law. *Id.* at 81, 84.

61560\315477951.v1

# ARGUMENT

## I.    PLAINTIFF LACKS STANDING TO ASSERT HIS CLAIMS AGAINST THE DEFENDANTS.

To establish standing, "a plaintiff is constitutionally required to have suffered (1) a concrete, particularized, and actual or imminent injury-in-fact (2) that is traceable to defendant's conduct and (3) likely to be redressed by a favorable decision." *Woods v. Empire Health Choice, Inc.,* 574 F.3d 92, 96 (2d Cir. 2009) (citing *Lujan v. Defenders of Wildlife,* 504 U.S. at 560-61 (1992)). Plaintiff bears the burden of establishing standing "in the same way as any other matter on which [he] bears the burden of proof, *i.e.,* with the manner and degree of evidence required at the successive stages of the litigation." *Lujan*, 504 U.S. at 561.

Thus, to survive this motion on Rule 12(b)(1) grounds, Plaintiff had to allege facts that affirmatively and plausibly suggest that he has standing to sue (*see Selevan v. N.Y. Thruway Auth.*, 584 F.3d 82, 88 (2d Cir. 2009)), including harm that is "particularized," and that "affect[s] [him] in a personal and individual way." *Lujan*, 504 U.S. at 560, n. 1. The "concrete" harm requirement means that the Court "need not credit [Plaintiff's] conclusory statements without reference to its factual context." *Amidax Trading Group v. S.W.I.F.T.*, 671 F.3d 140, 146 (2d Cir. 2011) (cleaned up).  As the Second Circuit has emphasized, Plaintiff cannot, as he has done here, "rely solely on conclusory allegations of injury or ask the court to draw unwarranted inferences in order to find standing." *Baur v. Veneman*, 352 F.3d 625, 637 (2d Cir. 2003).

Plaintiff's lack of standing is obvious from the fact that the Complaint does not allege that he bought a ticket on Allegiant or Frontier. *See Summers v. Earth Island Institute*, 555 U.S. 448, 496 (2009) (rejecting a standing theory premised on a speculative chain of possibilities). Indeed, the Third Circuit in *Abadi* held that the lower court properly dismissed this same Plaintiff's claim against Target for lack of standing. *See Abadi v. Target Corp.*, No. 23-1050, 2023 WL 4045373,

*1 (3d Cir. June 16, 2023). It stated that Mr. Abadi's "allegations pertained to a one-time incident occurring in January 2021," after which the store lifted its mask mandate. *Id.* at *2. Although Plaintiff "argued that the mask requirement may be reinstated and that [he] may be again prevented from shopping in Target without a mask, [his] contentions [were] too speculative to establish Article III standing." *Id.* Similarly here, Plaintiff's contention that the mask mandate may soon return is purely speculative and insufficient to confer standing for him to pursue his claims against the Defendants, particularly when he purchased nothing from these Defendants.

## II.    THE COMPLAINT FAILS TO STATE A CLAIM FOR VIOLATION OF 42 U.S.C. §§ 1983, 1985(3), and 1986 (COUNTS 7-9)

### A.    Plaintiff's § 1983 Claim (Count 7) Should be Dismissed

To state a claim under § 1983, the Complaint must allege that "some person acting under color of state law deprived him of a federal right." *Ahlers v. Rabinowitz*, 684 F.3d 53, 60-61 (2d Cir. 2012). A private entity acts "under color of state law" when it is a "willful participant in joint activity with the [s]tate or its agents." *Cheruvu v. HealthNow New York, Inc.*, No. 22-1993, 2023 WL 3443362, at *2 (2d Cir. May 15, 2023) (cleaned up).  Count 7 of Plaintiff's Complaint seeks to hold Defendants liable for a violation of his civil rights, alleging that Defendants violated rights to which he is entitled as a disabled person while acting "color of state law." *See* Dkt. 3-1, ¶¶921-25 (internal citations omitted). Plaintiff is wrong. Plaintiff has not adequately alleged a connection between himself and Defendants' alleged conduct "under color of [*any*] law." Further, Defendants' conduct in connection with the FTMM complied *federal* law, and his allegations are ACAA preempted.

First, Plaintiff states in conclusory fashion that the U.S. Government "created laws unlawfully and recruited the flight crew to enforce them. . . [t]he flight crew believe that they have a higher authority, a quasi police power on the plane." *See id.* Yet Plaintiff's allegations make no

10

sense as applied to Frontier and Allegiant because Plaintiff never alleges that he—and in fact, he did not—interacted with any Frontier or Allegiant flight crew.

Indeed, Defendants did not act "under color of [*any*] law." Liability for deprivation of civil rights pursuant to 42 U.S.C. § 1983 does not impose liability on private entities acting in a non-governmental capacity. *See West v. Atkins*, 487 U.S. 42, 48 (1988). A private entity is not often considered a "state actor," and it does not often proceed "under color of [] law." Rather, "[a] plaintiff must [] 'allege with at least some degree of particularity overt acts which defendant[] engaged in which were reasonably related to the promotion of the claimed conspiracy.'" *Shapiro v. City of Glen Cove*, CV 03-0280, 2005 U.S. Dist. LEXIS 43276, *18 (E.D.N.Y. May 5, 2005) (quoting *Powell v. Workmen's Compensation Bd.,* 327 F.2d 131, 137 (2d Cir. 1964)).

Here, Plaintiff has not even tried. He made no allegations specific to either Allegiant or Frontier. With respect to all airlines, he alleges only that he is "confident" that they agreed with the viewpoint expressed in the letter at Dkt. 3-10, which was sent to the U.S. Government. *See* Dkt. 3-1, ¶¶123-25. But he does not explain: (1) the basis for his confidence; (2) how the letter demonstrates that Defendants took specific acts to promote the alleged conspiracy that forms the basis of his § 1983 claims; or (3) with whom Defendants supposedly conspired. *See, e.g.*, *Bloom v. Novello*, 573 F. Supp. 2d 732, 737 (E.D.N.Y. 2004) (setting forth Plaintiff's requirement to do so); *see also Brannon v. Delta Airlines, Inc.*, 434 F. Supp. 3d 124, 134, (S.D.N.Y. 2020) (emphasizing Plaintiff's requirement to provide more than "pure speculation and conjecture").

*Parver v. JetBlue Airlines Corp.*, demonstrates the flaw in Plaintiff's position.  649 Fed. App'x 539, 543 (9th Cir. 2016). There, in response to an alert from JetBlue that a passenger was interfering with flight safety, local police boarded the arriving plane and removed the plaintiff. *Id.* at 541. The Ninth Circuit affirmed the lower court's refusal to apply Section 1983. It held that the

11

fact that the airline alerted the police and the "flight crew pointed [plaintiff] out when the officers boarded the plane" was insufficient to create a triable question on joint state action. *Id*. at 543.

Here, Plaintiff does not allege that Defendants went even as far as what was alleged in *Parver*—he does not allege any contact between Defendants and a State actor. Further, the fact that an airline complied with the FTMM does not establish that the airline was acting under color of *any* law. *See also Dounce Al Dey v. Eye Express Optical*, No. 22-CV-3861, 2022 WL 2342625, *2 (S.D.N.Y. June 28, 2022) (dismissing §1983 claim based on defendant's enforcement of Covid-19 mask mandate because "[d]efendant Eye Express Optical is a private party and does not appear to work for any state or other government body"). In short, Plaintiff has not alleged any connection between Defendants' conduct, himself, and the enforcement of any law.

Second, Section 1983 does not apply because Plaintiff complains of the conduct of Defendants, which are private entities, in their alleged enforcement *federal* law, not State law. Thus, to the extent that Plaintiff could allege or prove that Defendants' flight crew helped carry out the FTMM—which he cannot—that would not matter because the FTMM, as Plaintiff concedes, was federal. *See* Dkt. 3, ¶95. For a private entity such as Defendants to be subject to liability under Section 1983, it must be "jointly engaged with *state officials* in the challenged action." *Dennis v. Sparks*, 449 U.S. 24, 28 (1980) (emphasis added). But the government officials to whom Plaintiff refers—the President (*see* Dkt. 3, ¶95), the FBI (*id.*, ¶93), the CDC (*id.*, ¶99), and Congress (*id.*, ¶103)—all are part of the U.S. Government, not a part of any State. This is fatal to Count 7 because "Section 1983, by its terms, is not available in suits against parties who act under color of federal law." 1 Section 1983 Litigation in State and Federal Courts § 2:8; *see also Johnson v. United States*, 642 F. Supp. 2d 1, 4 (D.D.C. 2009) ("§ 1983 only applies to state actors; it does not apply to federal officials acting purely under the color of federal law").

61560\315477951.v1

Third, to allow passengers to use Section 1983 to pursue claims for disability discrimination by air carriers would improperly circumvent the exclusive regime under the ACAA, and its implementing regulations in 14 C.F.R. Part 382. The procedure set forth in 49 U.S.C. § 382.159 provides the exclusive remedy to passengers seeking to pursue a disability discrimination claim. Such remedies do not include seeking relief from this Court. *See City of Rancho Palos Verdes Cal. v. Abrams*, 544 U.S. 113, 121 (2005) ("The provision of an express, private means of redress in the statute itself is ordinarily an indication that Congress did not intend to leave open a more expansive remedy under § 1983.").

**B.    Plaintiff's § 1985 Claim (Count 8) Should be Dismissed**

Count 8 of the Complaint fails to allege the necessary elements for a claim of conspiracy in violation of 42 U.S.C. § 1985(3). Plaintiff asserts that "[p]eople with disabilities who, because of their disabilities cannot wear a mask, is a new class subject to protection under Section 1985(3)," and that "Airline Defendants as an industry conspired with each other, with federal agencies and the Medical Defendants involved, and with the individual employees therein to discriminate against them due to their disabilities." Dkt. 3-1, ¶¶945, 972. This claim fails because it is not covered by § 1985, that statute cannot be used to circumvent the ACAA, and the facts alleged are insufficient to state a § 1985 claim.

1.    Plaintiff's Claims are Not Covered by § 1985

"The original purpose of § 1985(3), which was passed as the Ku Klux Klan Act of 1871, was to enforce the rights of African Americans and their supporters." *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005). It has no application to claims for discrimination on the basis of physical disability. Stated simply, "[d]isabled individuals do not constitute a 'class' within the meaning of section 1985(3)." *Serris v. Chastaine*, No. 2:22-cv-0434, 2022 WL 715115 (E.D. Cal.

61560\315477951.v1

Mar. 10, 2022) (citing *D'Amato v. Wis. Gas Co.*, 760 F.2d 1474, 1486 (7th Cir. 1985) ("The legislative history of Section 1985(3) does not suggest a concern for the handicapped")); *Wilhelm v. Cont'l Title Co.*, 720 F.2d 1173, 1176-77 (10th Cir. 1983) ("We must conclude that a class of 'handicapped persons' . . . was not included as a class in what is now § 1985(3)."); *Bartell v. Lohiser*, 215 F.3d 550, 559 (6th Cir. 2000) (plaintiff had no actionable §1985 claim because the statute does not cover claims based on disability); *Chasse v. Humphreys*, No. CV–07–189, 2008 WL 4846208, *4 (D. Or. Nov. 3, 2008) ("nothing in the statute or the findings and purposes suggests that the disabled as a group generally, were to be viewed as a suspect or quasi-suspect class for equal protection or section 1985(3) purposes"). Plaintiff's assertion that his alleged disability is covered by § 1985 is wrong on the law.

### 2.    Plaintiff Cannot Use §1985(3) to Circumvent the ACAA

Section 1985(3) also does not apply to the conduct or omissions of Defendants or their employees because disability discrimination claims by disabled airline passengers are exclusively governed by the ACAA, and the DOT implementing regulations in 14 C.F.R. Part 382.

"Allowing [plaintiff] to pursue his claim through the mechanism of § 1985(3) would impermissibly intrude on the statutory scheme of both" the ACAA and § 1985(3). *See D'Amato*, 760 F.2d at 1487; *see also*; *Compass Airlines, LLC v. Montana Dep't of Lab. and Indus.*, No. CV 12-105-H-CCL, 2013 WL 4401045, at *14 (D. Mont. Aug. 12, 2013) ("The air carrier is now answerable to the DOT for ACAA regulation violations, and it appears that Congress intended that this be the exclusive remedy in cases not involving breach of contract or bodily injury or death").

Thus "[b]ecause a statutory scheme and administrative remedies are in place for the ACAA, [Plaintiff] cannot pursue claims for disability discrimination under section 1985(3). Therefore, Plaintiff's conspiracy claims must be dismissed." *Sekleci*, 635 F. Supp. 3d at 22.

61560\315477951.v1

3.     The Complaint Fails to Allege the Existence of a Conspiracy or Animus

In addition to the foregoing, Count 8 also fails because Plaintiff failed to set forth facts to support his conclusory allegations of a conspiracy. To state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege facts supporting: (1) the existence of a conspiracy; (2) to deprive him of equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act by one of the conspirators in furtherance of the conspiracy; and (4) a personal injury, property damage or a deprivation of any right or privilege of a citizen of the United States. *See Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971); *see also Harrell v. New York State Dep't of Corr. & Cmty. Supervision*, No. 150-CV-7065, 2019 WL 3817190, at *4 (S.D.N.Y. Aug. 14, 2019).

Plaintiff's conclusory conspiracy allegations, like his color of state law argument, are "insufficient to survive a motion to dismiss." *Friends of Falun Gong v. Pacific Cultural Enterprise, Inc.*, 88 F. Supp. 2d 273, 279 (E.D.N.Y. 2003); *see also Sommer v. Dixon*, 709 F.2d 173, 175 (2d Cir. 1983) (holding that conclusory, vague, or general allegations of a conspiracy cannot survive a motion to dismiss); *Rose v. Tyndale*, No. 23-1203, 2023 WL 4839371, *1 (3d Cir. July 28, 2023) (plaintiff's "complaint is devoid of any allegation that [the defendant] conspired with anyone to discriminate against" plaintiff, and "[s]uch a failure to assert facts from which a conspiratorial agreement can be inferred is fatal to his § 1985 claim").

In fact, the very issue Plaintiff raises was asked and answered in Defendants' favor in another case, and Plaintiff offers no reason this Court should depart from that result. In *Andreadakis*, the court dismissed the Section 1985(3) claim filed, stating:

> Plaintiff has not alleged a conspiracy with the required concrete facts. Instead, he merely makes conclusory allegations regarding a conspiracy. Specifically, he alleges that the "Airline Defendants conspired to deprive disabled Americans, a protected class, of our civil rights by adopting policies in Summer 2020 that banned any person medically unable to wear a face mask from using the nation's air transportation system." . . . He does not provide any details on how they conspired.

15

> Further, he alleges that he "expect[s] to prove through discovery that the Airline Defendants conspired — with each other, with other air carriers, within their own companies. . . to ban disabled flyers because of a discriminatory motive." . . . In doing so, he merely parrots the requirements of a prima facie claim under § 1985(3). He further alleges that the Airline Defendants "are motivated by a class-based, invidiously discriminatory animus resulting in an unfounded, ridiculous fear that healthy, uninfected disabled travelers who can't wear a face mask are somehow a grave danger." . . . Again, he offers no concrete facts to support these allegations. These allegations simply will not suffice to state a claim under § 1985(3).

2022 WL 2674194, at *9. As in *Andreadakis*, this Plaintiff here presents no factual allegations to support the assertion that Defendants acted in concert or with other defendants with respect to their implementation of the FTMM and his exemption requests. He merely claims that they did. *See* Dkt. 3-1, ¶959 ("All the defendants together . . . conspired to interfere with my civil rights."). That is not enough to survive a motion to dismiss. *See Andreadakis*, 2022 WL 2674194, at *9; *see also Adamore v. Southwest Airlines Corp.*, NO. H-11-0564, 2011 WL 6301398, *5 (S.D. Tex. Dec. 15, 2011) (citing *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).

His subjective allegations of discrimination in this Count fare no better. *See, e.g.*, Dkt. 3-1, ¶¶948-50, 963. A plaintiff's "subjective belief that Defendants discriminated against her on the basis of race, sex, disability, or age, without specific facts pointing to impermissible bias as the motivation, is insufficient to maintain a claim of discrimination." *See Adamore*, 2011 WL 6301398, *5; *see also Elliott v. Grp. Med. & Surgical Serv.*, 714 F.2d 556, 567 (5th Cir.1983) ("a subjective belief of discrimination, however genuine, [cannot] be the basis of judicial relief"); *Malik v. Continental Airlines, Inc.*, 305 F. App'x 165, 170 (5th Cir. 2008) (unsupported speculation that the airline's treatment of plaintiff, a minority, was intentional discrimination, is insufficient to support a plaintiff's discrimination claims).

Additionally, to survive a motion to dismiss, Plaintiff's § 1985(3) Count must allege some racial or other class-based, invidiously discriminatory animus behind the conspirators' action. *See Griffin*, 403 U.S. at 102-03. To make the requisite showing of class-based animus, "the plaintiff

61560\315477951.v1

must be a member of a class that requires special federal assistance in protecting its civil rights."
*Gerritsen v. de la Madrid Hurtado*, 819 F.2d 1511, 1519 (9th Cir. 1985); *see also Voigt v. Savell*,
70 F.3d 1552, 1564 (9th Cir. 1995). That is, Plaintiff must allege that he is a member of a class of
persons that the courts have designated as a suspect or quasi-suspect class "requiring more exacting
scrutiny or that Congress has indicated through legislation that the class required special
protection." *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992) (quoting *Schultz v.
Sundberg*, 759 F.2d 714, 718 (9th Cir. 1985)). Such allegations must be more than conclusory. *See
Reynolds v. Barrett*, 685 F.3d 193, 201-02 (2d Cir. 2012). Plaintiff has done none of the foregoing.

Plaintiff fails to demonstrate that Defendants' enforcement of the FTMM was motivated
by animus against "mask disabled" persons (*see, e g.*, Dkt. 3-1, ¶976) instead of the far more
obvious reason—that they were individually motivated by their desire not to contradict the DOT's
Enforcement Notice. He speculates that he will "get to the bottom" of his "animus" problem with
discovery. *See id.* ¶977. But his prayer for discovery defies the evidence and logic, has been
rejected by other courts, and he has provided this Court no reason to depart from that approach.
*See, e.g.*, *Andreadakis*, 2023 WL 3044614, at *8; *Seklecki*, 635 F. Supp. 3d at 23.

## C.    The § 1986 Claim Should Be Dismissed

Since the Complaint fails to state a claim of a violation of § 1985(3), Count 9 for an alleged
violation of § 1986 necessarily fails because a §1985(3) violation is a predicate for finding a
violation of §1986. *See, e.g.*, *Bartell v. Lohiser*, 215 F.3d 550, 560 (6th Cir. 2000) (a prerequisite
for a claim under §1986 civil rights conspiracy is the action of an actionable conspiracy under §
1985); *Sosa v. Lantz*, No. 3:09cv869, 2010 WL 122649, *1 (D. Conn. Jan. 5, 2010) ("a viable
claim under § 1985 is a prerequisite for an actionable claim under § 1986, and because Plaintiff's
claim under § 1985 has been dismissed, so too must his claim under § 1986 be dismissed").

61560\315477951.v1

Indeed, the Third Circuit recently dismissed Plaintiff's §1986 claim in another, similar action, stating that "because a § 1986 claim cannot be maintained unless a plaintiff has established a cause of action under § 1985, the District Court correctly dismissed the § 1986 claim as well." *Abadi,* 2023 WL 4045373, *1.

Further, Plaintiff's Section 1986 claim is also time-barred because it was filed more than one year after the challenged conduct, which begins the one-year statute of limitations clock. *See Farmer v. Cnty. of Westchester*, No. 18 CIV. 2691, 2022 WL 3902729, at *4 (S.D.N.Y. Aug. 30, 2022); *see also* 42 U.S.C. § 1986. Plaintiff did not file the instant Complaint until May 2023, more than one year after the FTMM was lifted, and even longer after his alleged contacts with Frontier and Allegiant in 2021. *See Longobardi v. City of New York*, 21-cv-2705, 2022 WL 1808902, at *6 (S.D.N.Y. June 2, 2022) (dismissing § 1986 claim as time-barred under the one-year statute of limitations). This claim should be dismissed.

## III. PLAINTIFF HAS NO PRIVATE RIGHT OF ACTION TO SUE DEFENDANTS UNDER THE AIR CARRIER ACCESS ACT, AND ALL ACAA CLAIMS MUST THEREFORE BE DISMISSED

Counts 10 through 18[8] allege violations of the ACAA and various subparts thereof.  The ACAA provides that an air carrier:

> [m]ay not discriminate against an otherwise qualified individual on the following grounds: (1) the individual has a physical or mental impairment that substantially limits one or more major life activities; (2) the individual has a record of such an impairment; (3) the individual is regarded as having such an impairment.

49 U.S.C. § 41705(a)).  But Plaintiff has no right to sue for an alleged ACAA violation.

"[P]rivate rights of action to enforce federal law must be created by Congress." *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001). When Congress does not create an explicit private right of

---

[8] *See* Fn.3, *supra*, concerning whether Plaintiff has asserted claims 13 and 16 Defendants.

action, courts interpret the structure and language of the statute to determine if Congress intended to imply a right of action. *See id*. Regarding the ACAA, circuit courts, including the Second Circuit, have consistently ruled that there is no private right of action. *See, e.g.*, *Lopez v. JetBlue Airways*, 662 F.3d 593, 597 (2d Cir. 2011) ("the text and structure of the ACAA manifests no congressional intent to create a private right of action in a federal district court"); *Segalman v. Southwest Airlines Co.*, 895 F.3d 1219, 1229 (9th Cir. 2018) ("In sum, the ACAA's legislative history is insufficient to overcome the strong suggestion that the statute's remedial scheme forecloses an implied private cause of action."); *Boswell v. Skywest Airlines, Inc.*, 361 F.3d 1263, 1270 (10th Cir. 2004) ("Congress' creation of a specific means of enforcing the statute indicates that it did not intend to allow . . . a private right of action . . ."); *Love v. Delta Air Lines*, 310 F.3d 1347, 1354 (11th Cir. 2022) ("the text of the ACAA . . . and the surrounding statutory and regulatory structure create an elaborate and comprehensive enforcement scheme that belies any congressional intent to create a private remedy").

In *Andreadakis*, a case with nearly identical facts, the court found "the reasoning of [the above] circuit courts persuasive," and held that "ACAA does not provide a private right of action for [the anti-mask] Plaintiff to sue the Airline Defendants in this Court." 2022 WL 2674194, *10. Indeed, no other court to have addressed the FTMM issue has allowed a plaintiff to pursue these claims. *See Marcus*, 2023 WL 3044614 (granting airline defendants' motion to dismiss); *Montgomery*, 2023 WL 2400743, *5 (affirming district court's grant of airline defendant's motion to dismiss); *Seklecki*, 635 F. Supp. 3d 15 (granting airline defendants' motion to dismiss).

The ACAA provides Plaintiff a remedy. Under 49 U.S.C. § 46110, if Plaintiff believes an ACAA violation has occurred, he was permitted to complain to the DOT—which he did—and to bring an action in a Circuit Court. What he cannot do is file a claim in this Court. Because Plaintiff

has no private right of action, his ACAA violation claims should be dismissed.

## IV.    PLAINTIFF DOES NOT HAVE A CLAIM AGAINST THE DEFENDANTS FOR VIOLATION OF THE REHABILITATION ACT

Count 19 alleges that Defendants are liable under the RA. The RA prohibits discrimination against disabled individuals with respect to any program or activity that receives federal financial assistance.  29 U.S.C. § 794(a). Courts have defined the term "federal financial assistance" in this context "to mean the federal government's provision of a subsidy to an entity." *Shotz v. American Airlines, Inc.*, 420 F.3d 1332, 1335 (11th Cir. 2005). The Supreme Court has held that the RA generally does not apply to commercial airlines in this context because airlines have not received federal financial assistance within the meaning of the statute. *U.S. Dep't of Trans. v. Paralyzed Veterans of Am.*, 477 U.S. 597, 599 (1986). Similarly, this Circuit has concluded that an RA claim must be based on the deprivation of a federally subsidized service on the basis of a plaintiff's disability. *See Killoran v. Westhampton Beach Sch. Dist.*, No. 22-204, 2023 WL 4503278, at \*3 (2d Cir. Jul. 13, 2023). Plaintiff nevertheless alleges that the RA applies to Defendants because the CARES Act, Pub. L. No. 116-136 (2020), provided federal financial assistance to airlines during the Covid-19 pandemic to help them meet payroll. *See* Dkt. 3-2, ¶1147. He is mistaken.

### A.    The CARES Act Funding Did Not Constitute Federal Financial Assistance

Because federal CARES Act funds were provided to airlines during Covid-19 for the purpose of paying wages, salaries, and benefits to airline employees, as opposed to providing funding for air carriers' discretionary use, receipt of the funds did not constitute federal financial assistance within the meaning of the RA. *See* S. Rep. No. 100-64, at 17–18 (1987) ("Federal financial assistance extended to a corporation or other entity 'as a whole' refers to situations where the corporation receives general assistance that is not designated for a particular purpose."). Accordingly, Section 504 of the RA is inapplicable to Defendants. *See Lucius v. Fort Taco, LLC*,

61560\315477951.v1

No. 21-22397, 2022 WL 335491, at *5-6 (S.D. Fla. Jan. 5, 2022) (RA inapplicable because PPP loans defendant received were not federal financial assistance within meaning of the RA).

Notably, one court already has ruled that Plaintiff Abadi's claims relating to masking requirements are not subject to the RA. *See Abadi*, 2023 WL 4045373, *2 (upholding district court ruling that Plaintiff's challenge to the Target Corporation's mask policy was not subject to the RA despite his contention that the Target in-store pharmacies received some Medicare and Medicaid funding). Plaintiff provides no reason to depart from that well-settled rule here.

### B. The RA Relates Only to Services Inapplicable Here

Further, the statute itself shows that the RA does not apply here; it relates only to providing housing, education, healthcare, social services, or parks and recreation services—those have no applicability to Defendant airlines. *See* 29 U.S.C. § 794(b)(3); *see also Collins v. Giving Back Fund*, No. 18-cv-8812, 2019 WL 3564578, at *11 (S.D.N.Y. Aug. 6, 2019) ("[I]t has been repeatedly held that federal funding to a private entity not primarily engaged in education, health care, housing or parks and recreation, when that funding is earmarked for a particular project or site within the entity's operation, is not 'as a whole' federal funding for purposes of the Rehabilitation Act"). Yet in Paragraph 1147 of his Complaint, Plaintiff refers to OMB 1505-0263, which specifically states that airlines shall use the payroll support "exclusively for the continuation of payment of Wages, Salaries, and Benefits of the Employees of the Recipient . . . .", not to housing, education, healthcare, social services, or parks and recreation. *See id.*, available at https://omb.report/icr/202309-1505-001/doc/135475900. In short, Plaintiff's own Complaint defeats his claim under the RA.

### C.    Plaintiff Cannot Use the RA to Circumvent the ACAA

Count 19 also should be dismissed because Plaintiff may not use the RA to circumvent the

lack of a private right of action under the ACAA. As stated by the *Shotz* court:

> To accept plaintiffs' contention here, one would have to believe that Congress
> intended, in the wake of the September 11 terrorist acts, to undermine the ACAA
> by providing a separate and distinct method for addressing an airline carrier's
> discrimination on the basis of disability, one that allows for an individual to bring
> a private lawsuit in a district court—something not available under the ACAA. We
> decline to accept plaintiffs' arguments.

420 F.3d at 1337 (internal citations omitted). As with September 11 relief, Congress did not intend

to allow Plaintiff to circumvent the ACAA's implementing regulations merely because an air

carrier received emergency federal governmental assistance under the CARES Act in connection

with the Covid-19 pandemic.

In dismissing a claim for a violation of the RA, the *Andreadakis* court stated:

> In *Shotz*, the Eleventh Circuit found that the Rehabilitation Act did not apply to
> airlines even though the government had provided them funds via the Stabilization
> Act in response to the September 11 attacks. The Eleventh Circuit determined that
> the Stabilization Act responded to the economic crises that the airline industry faced
> as a result of the terrorist attacks, thus compensating airlines for their losses rather
> than generally subsidizing them. The court found that Congress could not have
> intended to undermine the ACAA and the accompanying regulatory scheme when
> it responded to the economic crises.

> The Court finds that this reasoning applies here. Plaintiff has not demonstrated that
> Congress intended the CARES Act to undermine the ACAA. Nor has he rebutted
> the argument that the CARES Act responded to the economic crises created by
> COVID-19, compensating the airlines for their losses rather than providing a
> general subsidy. Thus, on the record before it, the Court does not find that the
> CARES Act provided an exception to the Supreme Court's general rule that the
> Rehabilitation Act does not apply to the airlines.

2022 WL 2674194, at *9-10 (internal citations omitted). *Andreadakis* dispenses with any

argument that the RA subjects Defendants to liability related to the enforcement of the FTMM.

## V.    PLAINTIFF'S STATE LAW CLAIMS—BOTH STATUTORY AND AT COMMON LAW—ALL FAIL TO STATE A CLAIM AND SHOULD BE DISMISSED

Plaintiff asserts several state law statutory civil rights claims and common law tort, breach of contract, and similar claims, against Defendants (claims 20 through 31, 33, 34, 36 and 37). Each claim relates to the provision of services as that term is defined under the ADA, and therefore all are preempted. The FTMM itself, as well as the ACAA and Federal Aviation Act also preempt these claims.  Moreover, each claim fails individually on its merits.

### A.    All State Law Claims are Preempted by the ADA, the FTMM, the ACAA, and the Federal Aviation Act

The ADA, 49 U.S.C. § 41713(b)(1), expressly preempts any state "law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier . . . ."  Under Second Circuit case law, this provision has been broadly interpreted to encompass and preempt any state law cause of action "having a connection with or reference to" any airline service, whether such action is based on a statute, regulation, or common law. *See Morales v. Trans World Airlines, Inc*., 504 U.S. 374, 384 (1992); *Fawemimo v. Am. Airlines, Inc.,* 751 F. App'x 16, 18-19 (2d Cir. 2018) (citing *Air Transp. Ass'n of Am., Inc. v. Cuomo*, 520 F.3d 218, 223 (2d Cir. 2008) and *Northwest, Inc. v. Ginsberg*, 572 U.S. 273, 284 (2014)).

The foregoing requires the dismissal of all of Plaintiff's state law claims against Defendants. Each claim relates to Plaintiff's allegations that he wrote to each requesting a medical exemption to fly on those airlines, on some unspecified flight, at some unspecified date and time, and was denied such exemption. Thus, every claim relates to a service—the provision of a ticket and actually transporting Plaintiff. Inasmuch as such claims are expressly preempted by the ADA, they all must be dismissed

The same holds true of the FTMM. It was issued pursuant to the Public Health Service Act, 42 U.S.C. § 264(e), which states that no state law can "conflict[]" with the exercise of federal

61560\315477951.v1

authority under that statute. Because Defendants were simply following the FTMM, the FTTM preempts Plaintiffs state law claims.

The ACAA also preempts these claims because it governs passenger disability claims exclusively. *See Fawemimo,* 751 F. App'x at 19-20 (citing *Goodspeed Airport LLC v. East Haddam Inland Wetlands & Watercourses Comm'n*, 634 F.3d 206, 210 (2d Cir. 2011) (holding that in instances, when, as here, federal regulations occupy a field of activity and enforcement of state laws would interfere with such regulations, those regulations are preempted and barred). That is precisely what has occurred here—the DOT promulgated regulations under the ACAA pursuant to its statutory authority, and such regulations preempt these claims. *See Marcus*, 2023 WL 3044614, at *9 (holding that the ACAA preempts nearly identical state law claims).

Finally, Plaintiff's state law claims also are preempted by the Federal Aviation Act, 49 U.S.C. § 40101, *et seq*., because they relate to Defendant air carriers' decisions made for the purpose of enforcing FAA requirements relating to aircraft passenger safety. Although the Federal Aviation Act does not contain an express preemption clause, most courts have held that the Act impliedly preempts state regulation of airline safety like the ACAA does with respect to the treatment of disabled passengers. *See, e.g., Fawemimo*, 751 Fed. Appx. at 19-20 ("State laws that conflict with the FAA or sufficiently interfere with federal regulation of air safety are thus preempted. As mask wearing during the pandemic directly implicated air and aircraft safety, the Federal Aviation Act provides additional preemption grounds upon which to dismiss Plaintiff's state law claims."); *Montalvo v. Spirit Airlines*, 508 F.3d 464, 468 (9th Cir. 2007) (the Federal Aviation Act "preempts the entire field of aviation safety through implied field preemption").

Notwithstanding that as demonstrated below each claim fails on the merits, they all are preempted on several grounds and should be dismissed without further inquiry.

24

**B.      Plaintiff's Unruh Act Cause of Action Fails to State a Claim**

Count 20 of the Complaint alleges a violation of Section 51 of the California Unruh Civil Rights Act. However, there are no *specific* allegations against the Defendants relating to flights that Plaintiff was denied taking to or from California. He states only that he needed to fly to California, could not because no named defendant would permit him to, and thus the Unruh Act was violated. *See* Dkt. 3-2, ¶¶1155-62. This claim consists of nothing but mere recital of claim elements without any factual support and must therefore be dismissed. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

**C.      Plaintiff Fails to State a Claim for Violation of New Jersey Civil Rights Law**

There is similarly no basis for the allegation in Counts 21 and 22 for violation of the New Jersey Civil Rights Law Against Discrimination, NJSA 10:5-5 ("NJCRLAD"). As with California, there are no specific allegations against the Defendants relating to New Jersey.

Further, N.J.S.A. 10:5-12(f)(1) states that an:

> owner, lessee, proprietor, manager, superintendent, agent, or employee of any place of public accommodation" may not "directly or indirectly refuse, withhold from or deny to any person any of the accommodations, advantages, facilities or privileges thereof, or to discriminate against any person in the furnishing thereof . . .  on account of the race, creed, color, national origin, ancestry, marital status, civil union status, domestic partnership status, pregnancy or breastfeeding status, sex, gender identity or expression, affectional or sexual orientation, disability, liability for service in the Armed Forces of the United States or nationality of such person . . . .

To state a claim for perceived handicap discrimination under the NJCRLAD, Plaintiff must allege facts showing that Defendants, in connection with conduct in New Jersey, perceived him as having a physical or mental condition that would qualify as disabled under the Act. *See Thurston v. Cherry Hills Triplex*, 941 F. Supp.2d 420 (D.N.J. 2008). His Complaint states nothing in this regard.

25

**D.      Plaintiff Fails to State a Claim under New York and Texas Civil Rights Law**

Counts 23, 24 and 25 allege violations of the New York Civil Rights Law § 8-107. Count 26 alleges of a violation of the Texas Civil Rights Laws. As with California and New Jersey, Plaintiff merely recites these laws and then states that Defendants have violated them. *See* Dkt. 3-2, ¶¶1193-96, 1202-06, 1210-13, 1217-25. Merely naming laws and claiming that they were violated is insufficient to defeat a Rule 12(b)(6) motion. *See Harris*, 572 F.3d at 72.

**E.      Plaintiff Fails to State a Claim for Intentional and Unintentional Torts under Any of Texas, New York, New Jersey, California or Other State Law[9]**

Counts 27 asserts a claim for some unspecified intentional or unintentional tort under the above States' laws. First, the ADA preempts these claims. *See Smith v. Comair, Inc.*, 134 F.3d 54 (4th Cir. 1998) (ADA preempted intentional tort allegations to the extent they were premised on airline's refusal to permit passenger to board his flight); *Syed v. Frontier Airlines, Inc.*, 522 F. Supp.3d 503 (E.D. Mo. 2021) (passenger's state-law claims for negligence and intentional tort were preempted by the ADA). Second, the Complaint fails to allege the requisite elements of tort claims, including a specific allegation that the Defendants engaged in "an intentional infliction of economic damage, without excuse or justification." *See, e.g.*, *Bd. of Educ. v. Farmingdale Classroom Teachers Ass'n*, 38 N.Y.2d 397, 406 (1975). These are the types of bare allegations that *Harris* specifically precludes; Plaintiff states only that a tort occurred. 572 F.3d at 72.

---

[9] A claim under New York law also would fail because it is time-barred. *See Gallagher v. Director's Guild of Am.*, 144 A.D.2d 261, 262-63 (1st Dept. 1988) ("It appears that every appellate court which has considered the New York statutes at issue here has concluded that a claim for damages for an intentional tort is subject to the one-year limitations period"); *Yong Wen Mo v. Gee Ming Chan*, 17 A.D. 3d 356, 358 (2nd Dep't, 2005) (same).

61560\315477951.v1

**F.     Plaintiff Fails to State Claims for Negligence and Intentional Infliction of Emotional Distress**

Counts 28 and 29 state the above claims under an unspecified State's law. The Complaint alleges that "Defendants had a duty to treat Plaintiff with decency, to help him circumvent a policy that would cause him the inability to travel and/or the suffering due to his disability." Dkt. 3-2, ¶1237. But as the Second Circuit held in *Air Transport Ass'n of America, Inc.*, "[a] majority of the circuits to have construed 'service' [under the ADA] have held that the term . . . encompasses matters such as boarding procedures . . . ." 520 F.3d at 223; *see also Weiss v. El Al Israel Airlines, Ltd.*, 471 F. Supp.2d 356 (S.D.N.Y. 2006) (allegedly abusive treatment suffered by passengers was connected to airline service); *Adamore,* 2011 WL 6301398, *5 ("Accepting as true Plaintiff's allegations that Christina Doe was 'very hostile,' . . . and that she 'threatened' Plaintiff with a higher fare and thereafter asked her to leave the premises, the agent's . . . conduct in this context is not so unrelated to airline services that it falls outside the preemptive scope of the Airline Deregulation Act"). Plaintiff fails to specify from what State's law the supposed duty to help him circumvent the law comes from, but regardless, such duty would be preempted.

Similarly, as with the above generic state-law claims, in these Counts, Plaintiff simply states that Defendants deliberately or negligently caused him harm without providing any specific supporting facts. These claims thus fail on their own as well.

61560\315477951.v1

### G.    Plaintiff's Emotional Distress Claim Should be Dismissed[10]

There is also no basis for the claim for infliction of emotional distress in violation of various state laws asserted in Count 29. For instance, under New York law, Plaintiff must allege: (1) extreme and outrageous conduct, (2) intent to cause severe emotional distress, (3) a causal connection between the conduct and the injury, and (4) severe emotional distress. *See Bender v. City of New York*, 78 F.3d 787, 790 (2d Cir. 1996). Here, Plaintiff concedes that Defendants were simply following the law, albeit a law he disagrees with. *See, e.g., Montgomery*, Case No. 3:21-cv-02715-C, ECF No. 34, at 2 ("as aptly argued by Defendant [Delta], Plaintiff's pleadings" regarding the Delta mask requirement "fail to state a claim for either intentional infliction or negligent infliction of emotional distress"). Thie claim fails here too.

### H.    The Claim for Breach of Contract Should be Dismissed

Count 30 asserts that the "airlines that Plaintiff purchased tickets on, breached their contract by forcing him to wear a mask, attempting to force him to wear a mask, by not allowing him to fly if he does not wear a mask, and/or by not accommodating his special needs." Dkt. 3-2, ¶1251. To begin, Plaintiff does not allege that he purchased a ticket from Allegiant or Frontier, and, thus, his claim fails for the simple reason that he had no contract. Even if he did, he has pointed to no contractual provision that was breached.

For that reason, Plaintiff's *Wolens* argument (*see* Dkt. 3-2, ¶1257) fares no better because he cannot point to any obligation that Allegiant or Frontier voluntarily took on that either of them violated. *See American Airlines, Inc. v. Wolens¸*513 U.S. 219, 228 (1995). Regardless, as the

---

[10] Under New York law, this clam would be barred by the statute of limitations. *See D'Amico v. Arnold Chevrolet, LLC*, 31 Misc. 3d 1201(A), *9 (N.Y. Sup. Ct. 2011) ("The statute of limitations for the tort of intentional infliction of emotional distress is one year").

61560\315477951.v1

*Andreadakis*, the court stated:

> Here, Plaintiff's breach of contract claim arises out of the Airline Defendants
> requiring him to wear a mask on the flight or obtain a medical exemption. Put
> differently, Plaintiff sues the Airlines for enforcing the Mask Mandate — federal
> law. Thus, Plaintiff's breach of contract claim "directly implicates the airlines'
> discretion and/or duty under federal law," *id*, and, therefore, the Deregulation Act
> preempts it. The Court will dismiss Count Thirty-Five.

2022 WL 2674194, at *12.

Indeed, in *Montgomery*, plaintiffs alleged that the airline improperly required them to wear

a mask onboard flights. In dismissing the complaint, the court stated:

> Plaintiffs have failed to identify any self-imposed undertaking by Defendant in its
> contract for carriage that would allow *Wolens* exception to the preemption to apply
> in this instance. Plaintiffs' claims stem from the federal mask mandate and are
> directly related to air carrier service of transporting passengers.

No. 3:21-CV-2715, ECF No. 34 1-2; *see also O'Carroll v. Am. Airlines, Inc.*, 863 F.2d 11, 12-13

(5th Cir. 1989) (ADA preempted a claim arising out of airline refusal to board passenger).[11]

Plaintiff's nearly identical allegation here requires this claim to fail here as well.

---

[11] If Plaintiff claims he would have flown to one of the limited number of international destinations
that Allegiant or Frontier fly to, none of which include the locations in which he claims to have
lost business (*see generally* Statement of Facts Sections B-D, *supra*), such claims would be
preempted by the Convention for the Unification of Certain Rules for International Carriage by
Air," known as the "Montreal Convention" ("Convention") entered into force in the United States
on November 4, 2003. The Montreal Convention "governs the uniform system of liability for
international air carriers" and would provide the exclusive remedy to the exclusion of a breach of
contract claim with respect to boarding one of Defendants' flights, thereby requiring dismissal of
this claim. *See Badar v. Swissport USA, Inc*., 2020 U.S. Dist. LEXIS 185392, *5-*7 (E.D.N.Y.
2020) (the Convention "preempts state and federal claims that fall within its scope."); *Best v. BWIA
West Indies Airways Ltd*., 581 F. Supp.2d 359, 362 (E.D.N.Y. 2008) ("By its own terms, the treaty,
where applicable, preempts the remedies of a signatory's domestic law, whether or not the
application of the Convention will result in recovery in a particular case." (Citing *El Al Israel
Airlines, Ltd. v. Tseng*, 525 U.S. 155, 161 (1999)).

61560\315477951.v1

## I.      Plaintiff's Claim for Promissory Estoppel Should Be Dismissed

Plaintiff's Count 31, a claim for promissory estoppel, should be dismissed because, like the claims above, it too is preempted by the ADA. *See, e.g., Bergman v. Alaska Airlines, Inc.*, 16 Wash.App.2d 553, 560-61 (Ct. App. Div. 2021) (claim for promissory estoppel against Alaska Airlines preempted by the ADA).

Further, under any state's law, a claim for promissory estoppel would require that Defendants made Plaintiff a clear and unambiguous promise to him. *See, e.g., Christian v. Transperfect Global, Inc.*, 17-cv-5544, 18 WL 4571674, *8 (S.D.N.Y. Sept. 24, 2018). Plaintiff fails to identify any specific promise Defendants made to him during the time period covered in his Complaint, no less a clear and unambiguous one. *See* Dkt. 3-2, ¶1273 (referring obliquely to airline "advertisements" and "websites" without specifying whose advertisements and websites to which he refers, the promises within them, or when they were made).

## J.      Plaintiff's Claim for "Injurious Falsehoods" Also Must be Dismissed

Count 33 is a state law claim for "injurious falsehoods" regarding the efficacy of wearing a mask on an airplane. This cause of action fails to allege a claim for relief. First, Plaintiff fails to identify who made such statements or what those statements were. *See id.* at ¶1287 (stating that "[a]ll defendants" made false statements regarding the efficacy of masks, but failing, at least with respect to Allegiant and Frontier, to allege with specificity what was said and by whom).

Further, an injurious falsehood claim requires that Plaintiff allege: (1) the falsity of the alleged statements; (2) publication to a third person; (3) malice; and (4) special damages. *See, e.g., Exportaciones del Futoro S.A. de C.V. v. Iconix Brand Group, Inc.*, 636 F. Supp.2d 223, 232 (S.D.N.Y. 2009) (setting for the elements under New York law). The Complaint fails to sufficiently allege these requisite elements.  For instance, Plaintiff fails to show that, even if he

30

came forward with specific statements from Defendants regarding the efficacy of masks, Defendants were not simply agreeing and complying with the FTMM thereby defeating any allegation of malice.

### K.    The Claim for Invasion of Privacy Should be Dismissed

Count 34 alleges a state law claim for invasion of privacy. First, this claim is preempted by the ADA because it relates to Defendants' services. *See, e.g., Pica v. Delta Air Lines, Inc.*, 812 F. App'x 591, 593 (9th Cir. 2020) (affirming dismissal of state law claims for alleged failure to protect personal information as preempted under the ADA); *In re Am. Airlines, Inc. Privacy Litig.*, 370 F. Supp.2d 552, 564 (N.D. Tex. 2005) (state law claims for invasion of privacy in connection with ticket reservation was preempted under the ADA).

Second, as to Allegiant and Frontier, his claims that he was "forced" to disclose his medical condition (*see* Dkt. 3-2, ¶1298) is defeated by his own Complaint allegations demonstrating that he voluntarily wrote to Frontier and Allegiant seeking a medical exemption and voluntarily disclosed his condition in those communications, including by attaching a doctor's note. *See* Statement of Facts Sections C and D, *supra*.

Third, regardless of what state's law this claim was brought pursuant to (Plaintiff does not specify), he would be required to prove a misappropriation of his name and likeness, which he did not allege here.[12] *See, e.g., Doe v. Mobile Video Tapes, Inc.*, 43 S.W.3d 40, 48 (Tex. App. 2001); *Bisbee v. John C. Conover Agency, Inc.*, 452 A.2d 689, 691 (N.J. App. Div. 1982); *Miller v. Nat'l Broad. Co.*, 187 Cal. App. 3d 1463, 1482-83 (Cal. Ct. App. 1986).

---

[12] New York does not even recognize a common law cause of action for invasion of privacy. *See Messenger ex rel. Messenger v. Gruner + Jahr Printing & Pub.*, 94, N.Y.2d 436, 441 (2000).

61560\315477951.v1

### L.     The Claim for Fraudulent Misrepresentation Should be Dismissed

Count 36 for fraudulent misrepresentation, asserts that the "Defendants have falsely represented on their websites, in e-mails to passengers, signage at airports, etc. that 'federal law' requires airline passengers [to] wear face masks," when "Congress has never enacted such a law." *See* Dkt. 3-2, ¶1322.  As an initial matter, and as demonstrated above, the very FTMM that Plaintiff cites to very clearly *was* federal law. *See* Dkt. 3, ¶95 (citing to the FTMM set out in further detail in Statement of Facts Section A, *supra*). Even if Plaintiff believes that the FTMM was wrongfully enacted, Defendants are aware of no authority that would allow Plaintiff to recover for Defendants' conduct in abiding by the law.

This Count for fraud also comes well short of meeting the Rule 9(b) standard of pleading with particularity sufficient to put Defendants on notice of the "precise misconduct with which [it is] charged." *Frederico v. Home Depot*, 507 F.3d 188, 200 (D.N.J. 2007).  *See* Dkt. 3-2, ¶1322.

Regardless, this claim too is ADA and ACAA preempted.  *See Joseph v. JetBlue Airways Corp.*, No. 5:11-cv-1387, 2012 WL 1204070, *5 (N.D.N.Y. Apr. 11, 2012) ("Enforcing the state law deceptive practices statute in this case would have the 'force and effect of law related to a price, route, or service of an air carrier,' as prohibited by the ADA's preemption clause"); *In re JetBlue Airways Corp. Priv. Litig.*, 379 F. Supp. 2d 299, 315 (E.D.N.Y. 2005) (consumer fraud claims preempted by the ADA); *Flaster/Greenberg P.C. v. Brendan Airways, LLC*, No. 08-4333, 2009 WL 1652156, *6 (D.N.J. June 10, 2009) (holding that the ADA leaves no "room for a consumer fraud claim against an airline" and dismissing state law fraud claim on that basis).

### VI.    THE COMPLAINT FAILS TO ALLEGE A CLAIM FOR INFRINGEMENT OF A CONSTITUTIONAL RIGHT TO TRAVEL AND THERE IS NO SUCH RIGHT

Count 37 asserts that the Defendants infringed Plaintiff's alleged constitutional right to travel. *See* Dkt. 3-2, ¶1329-1348. But he has no right to travel on Allegiant or Frontier. *See Town*

32

of *Southold v. Town of E. Hampton*, 477 F.3d 38, 54 (2d Cir. 2007) (there is no right to travel via the most convenient means); *Gilmore v. Gonzalez*, 435 F.3d 1125, 1136-37 (9th Cir. 2006) ("the Constitution does not guarantee the right to travel by any particular form of transportation . . . [plaintiff] does not possess a fundamental right to travel by airplane"); *Wall v. CDC*, 543 F. Supp. 3d 1290, 1293 (M.D. Fla. 2021) (mask mandate did not infringe on passenger's constitutional right to travel because "flying may be Plaintiff's preferred mode of transportation, but it is by no means the only reasonable mode of transportation available to him").

Further, Plaintiff fails to specify the destinations to which Allegiant and Frontier fly, that he needed to get to, which he could not have otherwise traveled to. Nor does he connect such destinations to his alleged damages or explain why, if he were prevented from traveling via another method by another party, he could maintain an action against these Defendants. *See* Statement of Facts Sections B-D, *supra*.

## VII.    THE REQUEST FOR PUNITIVE DAMAGES IS PREEMPTED BY THE ADA

The Complaint seeks an award of "punitive damages" in the amount of "at least ten million dollars per Defendant." *See* Dkt. 3-2, 68.O.[13] This claim too is ADA preempted because Plaintiff has not made a case for a *Wolens* exception, and the ADA precludes punitive damages under those cicumstances. *See, e.g., Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1432, n.8 (7th Cir. 1996); *Starker v. Spirit Airlines*, No. 17-CV-6812, 2019 WL 4194572, at *8 (S.D.N.Y. Sept. 3, 2019); *Norman v. Trans World Airlines, Inc.*, No. 98-CV-7419, 2000 WL 1480367, at *6 (S.D.N.Y. Oct. 6, 2000); *Flaster/Greenberg P.C.*, 2009 WL 1652156, at *6;

---

[13] Plaintiff's prayer for relief also seeks nominal damages and attorneys' fees. *See* Dkt. 3-2, at 66.N, 67.Q.  There is no basis for any nominal damages here because he has suffered no injury.

61560\315477951.v1

*Williams v. Midwest Airlines, Inc.*, 321 F. Supp.2d 993, 996, n. 4 (E.D. Wis. 2004); *Breitling*

*U.S.A., Inc. v. Federal Exp. Corp.*, 45 F. Supp.2d 179, 185 (D. Conn. 1999); *Deerskin Trading*

*Post, Inc. v. United Parcel Service of America, Inc.*, 972 F. Supp. 665, 673 (N.D. Ga. 1997).

Finally, Plaintiff has presented no facts upon which a jury could reasonably award punitive

damages as his main allegation appears to be that Defendants should not have followed the law.

## VIII.    PLAINTIFF'S CLAIMS SHOULD BE DISMISSED BECAUSE THEY ARE MOOT

Plaintiff's claims against the Defendants are moot (and were moot when filed), given the

fact that the FTMM was effectively terminated on April 18, 2022, which was more than a year

before the Plaintiff filed his Complaint. His Complaint should be dismissed on that ground as well.

The prohibition of moot claims arises from the case or controversy requirement of Article

III of the Constitution and ensures that there exists an actual, live, justiciable claim for the Court

to resolve. *See Daimler Chrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006) ("The doctrines of

mootness, ripeness, and political question all originate in Article III's 'case' or 'controversy'

language, no less than standing does.") (citations omitted); *Knaust v. City of Kingston*, 157 F.3d

86, 87 (2d Cir. 1998) ("we must decide whether intervening events have rendered [plaintiffs']

request for injunctive relief moot, for 'Article III of the Constitution limits this Court to

consideration of appeals involving a live case or controversy.'") (quotation omitted).

Plaintiff repeats extensively in his Complaint that on April 18, 2022, a U.S. District Judge

issued an order that vacated the FTMM. *See, e.g.*, Dkt. 3-1, ¶¶218, 414. The Eleventh Circuit ruled

that the appeal of that was moot because of the cessation of the FTMM, holding:

> [T]here is no reasonable basis to expect the Mandate will be reinstated if this case
> is rendered moot.  By its own terms, the Mandate expired after the HHS Secretary
> declared that the public health emergency has ended, and there is no hint that this
> decision was an effort to avoid further litigation.  Further, nothing in the text of the
> Mandate suggests it can be revived after its expiration, and there is not a grain of
> evidence that the CDC has any plans to promulgate an identical mandate.  And
> while we recognize that the government continues to defend the legality of the

Mandate, that fact "has little, if anything to do . . . with the voluntary-cessation analysis." *Keohane v. Fla. Dep't of Corr. Sec'y*, 952 F.3d 1257, 1269 (11th Cir. 2020).  The question is simply whether there is a reasonable basis to expect the challenged conduct to "start up again" if this case is declared moot.  *Friends of the Earth*, 528 U.S. at 189, 120 S. Ct. 693.  We conclude there is not.  (*Id.*)

*    *    *

[T]here is no longer any Mandate for us to set aside or uphold.  Indeed, even if we were to decide against Appellees and reverse the district court – as the government desires – there would be no Mandate to reinstate.

*    *    *

We find Appellees' contention that there is a reasonable expectation that the CDC will issue another nationwide mask mandate for all conveyances and transportation hubs to be speculative at best.")  The court ruled that the "order and judgment of the district court are VACATED, and the district court is instructed to DISMISS the case as MOOT.

*Health Freedom Defense Fund v. President*, 71 F.4th 888, 891-94 (11th Cir. 2023).

Thus, the many forms of injunctive relief that Plaintiff seeks at Dkt. 3-2, at 64.E- 66, all should be denied as moot—there is no FTMM or anything similar to enjoin.

## CONCLUSION

For the reasons set forth above, the Defendants request that Plaintiff's Complaint and action be dismissed with prejudice and without leave to amend.

Dated: December 5, 2023

Respectfully submitted:

Evan Kwarta
SDNY Bar No.: EK0712
NY Bar No.: 4401543
HINSHAW & CULBERTSON LLP
800 Third Avenue, 13th Floor
New York, NY 10022
Phone: (212) 471-6200
Fax:    (212) 935-1166
Email: ekwarta@hinshawlaw.com

35

Brian T. Maye
HINSHAW & CULBERTSON LLP
151 North Franklin Street, Suite 2500
Chicago, IL 60606
Tel: (312) 422-5313
Fax: (312) 422-704-3001
Email: bmaye@hinshawlaw.com
(*Pro Hac Vice application pending*)

36

## <u>CERTIFICATE OF SERVICE</u>

On December 5, 2023, I caused a true and accurate copy of the foregoing Memorandum of Law in Support of Motion to Dismiss to be served on Plaintiff Aaron Abadi via email and First Class U.S. Mail:

Mr. Aaron Abadi
82 Nassau Street
Apartment 140
New York, NY 20038
Email: aa@neg.com


and the other parties whose counsel of record are on the Court's CM/ECF system.

Dated: December 5, 2023
      New York, New York

 

<u>/s/ Evan Kwarta</u>
Evan Kwarta
SDNY Bar No.: EK0712
NY Bar No.: 4401543
HINSHAW & CULBERTSON LLP
800 Third Avenue, 13th Floor
New York, NY 10022
Phone: (212) 471-6200
Fax:    (212) 935-1166
Email: ekwarta@hinshawlaw.com

## PAGE LIMIT CERTIFICATE

As per Exhibit 1, attached, pursuant to this Court's Individual Rule 2.I, Plaintiff agreed to increase the page limit for this Memorandum of Law to 45 in light of the significant number of counts asserted against Defendants Allegiant and Frontier.  Defendants agreed that Mr. Abadi would have the same for his Opposition.  This Memorandum of Law is within the foregoing limits.

Dated:  December 5, 2023
        New York, New York

/s/ Evan Kwarta
Evan Kwarta
SDNY Bar No.: EK0712
NY Bar No.: 4401543
HINSHAW & CULBERTSON LLP
800 Third Avenue, 13th Floor
New York, NY 10022
Phone: (212) 471-6200
Fax:    (212) 935-1166
Email: ekwarta@hinshawlaw.com

## **UNPUBLISHED AUTHORITIES**

Pursuant this Court's Individual Rule 2.J, unpublished authorities without Westlaw cites are attached as Exhibit 2.