UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| AARON ABADI, | : | |
| | : | |
| Plaintiff, | : | Case No.: 1:23-cv-04033-LJL |
| | : | |
| -against- | : | |
| | : | |
| | : | |
| AMERICAN AIRLINES, INC., et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |

**MEMORANDUM OF LAW IN SUPPORT OF MEDAIRE, INC.'S MOTION TO
DISMISS PLAINTIFF'S COMPLAINT**

**Served December 18, 2023**

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................................. 1

STATEMENT OF FACTS .................................................................................................... 2

LEGAL STANDARD ........................................................................................................... 4

    A.  Federal Rule of Civil Procedure Rule 8 Standard ........................................... 4

    B.  Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2). ................ 4

    C.  Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). ................ 5

ARGUMENT ........................................................................................................................ 6

I.  PLAINTIFF'S COMPLAINT FAILS TO COMPLY WITH RULE 8 ............................... 6

II.  THE COURT LACKS PERSONAL JURISDICTION OVER MEDAIRE ....................... 6

    A.  MedAire is not subject to general personal jurisdiction. ................................. 7

    B.  Plaintiff cannot establish specific personal jurisdiction over MedAire. ...................... 7

III  PLAINTIFFS' CLAIMS FOR CIVIL CONSPIRACY SHOULD BE DISMISSED ........ 8

    A.  The Complaint fails to state a claim for violation of 42 U.S.C. §1985(3). ................ 8

    B.  The claim for violation of 42 U.S.C. §1986 should be dismissed. ............................ 12

IV  PLAINTIFF'S CLAIMS FOR VIOLATING THE AIR CARRIER ACCESS ACT
SHOULD BE DISMISSED ................................................................................ 12

V  MEDAIRE IS NOT SUBJECT TO PLAINTIFF'S CLAIMS UNDER THE
REHABILITATION ACT ................................................................................... 14

VI  PLAINTIFF'S CLAIMS FOR VIOLATIONS OF VARIOUS STATES' CIVIL RIGHTS
ACTS SHOULD ALL BE DISMISSED ............................................................. 15

A.  Plaintiff's claims are preempted by the Airline Deregulation Act. ................................... 16

B.  Plaintiff's claims are preempted by the FTMM. ............................................................. 18

C.  Plaintiff's claims are preempted by the Federal Aviation Act. ....................................... 18

D.  If deemed applicable to MedAire, the ACAA preempts Plaintiff's claims ........................ 19

VII  THE COMPLAINT FAILS TO ALLEGE A CLAIM FOR INTENTIONAL OR
UNINTENTIONAL TORT ................................................................................. 19

VIII  PLAINTIFF FAILS TO STATE A CLAIM FOR NEGLIGENCE .................................. 20

IX  PLAINTIFF FAILS TO ALLEGE A CLAIM FOR PROMISORY ESTOPPEL ............ 20

X  PLAINTIFF FAILS TO ALLEGE A CLAIM FOR INJURIOUS FALSEHOODS .......... 21

XI  PLAINTIFF FAILS TO STATE A CLAIM FOR INVASION OF PRIVACY ................ 21

XII  PLAINTIFF FAILS TO STATE A CLAIM FOR MEDICAL MALPRACTICE ............ 22

XIII  PLAINTIFF FAILS TO STATE A CLAIM FOR FRAUDULENT
      MISREPRESENTATION ................................................................................... 23

XIV   PLAINTIFF FAILS TO STATE A CLAIM FOR INFRINGEMENT ON THE
      CONSTITUTIONAL RIGHT TO TRAVEL ................................................... 24

XV    PLAINTIFFS' CLAIMS ARE MOOT............................................................... 24

XVI   PLAINTIFF'S REQUEST FOR PUNITIVE DAMAGES IS PREEMPTED ................. 25

CONCLUSION................................................................................................................ 25

# TABLE OF AUTHORITIES

## CASES

*Air Transp. Ass'n of Am., Inc. v. Cuomo*,
    520 F.3d 218 (2d Cir. 2008) ................................................. 20

*Andreadakis v. CDC*,
    2022 WL 2674194 (E.D. Va. July 11, 2022) ............................. 3, 10, 11

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ........................................................ 5

*Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*,
    137 S. Ct. 1773 (2017) ..................................................... 8

*BSNF Ry. Co. v. Tyrrell*,
    137 S. Ct. 1549 (2017) ..................................................... 7

*Burger King Corp. v. Rudzewicz*,
    471 U.S. 462 (1985) ........................................................ 8

*Christian v. Transperfect Global, Inc.*,
    18 WL 4571674 (S.D.N.Y. Sept. 24, 2018) ............................... 21

*Continental Airlines, Inc. v. Am. Airlines, Inc.*,
    824 F. Supp. 689 (S.D. Tex. 1993) ....................................... 17

*Daimler v. Bauman*,
    571 U.S. 117 (2014) ...................................................... 7, 8

*Darby v. Greenman*,
    14 F.4th 124 (2d Cir. 2021) ............................................... 5

*David Lerner Assocs., Inc. v. Phila. Indem. Ins. Co.*,
    934 F. Supp. 2d 533 (E.D.N.Y.) ........................................... 5

*Deeper Life Christian Fellowship, Inc. v. Sobol*,
    948 F.2d 79 (2d Cir. 1991) .............................................. 5, 6

*D'Amato v. Wis. Gas Co.*,
    760 F.2d 1474 (7th Cir. 1985) ............................................ 11

*Exportaciones del Futoro S.A. de C.V. v. Iconix Brand Group, Inc.*,
    636 F. Supp.2d 223 (S.D.N.Y. 2009) ................................... 21, 22

*Farmer v. Cnty. of Westchester*,
    2022 WL 3902729 (S.D.N.Y. Aug. 30, 2022) ............................ 12

*Fawemimo v. Am. Airlines, Inc.*,
    751 F. App'x 16 (2d Cir. 2018) ..................................... 17, 18-19

*Gagliardi v. Village of Pawling*,
  18 F.3d 188 (2d Cir. 1994) ........................................................................ 12

*Gilmore v. Gonzalez*,
  435 F.3d 1125 (9th Cir. 2006) ............................................................. 12, 24

*Glass v. Northwest Airlines, Inc.*,
  791 F. Supp. 2d 734 (W.D. Tenn. 2011) ................................................... 13

*Gordon v. Amadeus IT Grp., S.A.*,
  194 F. Supp. 3d 236 (S.D.N.Y. 2016) ....................................................... 17

*Guedes v. Bureau of Alcohol, Tobacco, Firearms & Explosives*,
  920 F.3d 1 (D.C. Cir. 2019) ......................................................................... 6

*Health Freedom Defense Fund, Inc. v. Biden*,
  71 F. 4th 888 (11th Cir. 2023) ............................................................. 24, 25

*In re Magnetic Audiotape Antitrust Litig.*,
  334 F.3d 204 (2d Cir. 2003) ........................................................................ 5

*In re Terrorist Attacks on Sept. 11*,
  714 F.3d 659 (2d Cir. 2013) ........................................................................ 5

*Inc. v. Am. Buddah*,
  609 F.3d 30 (2nd Cir. 2010) ........................................................................ 8

*L.K. v. Sewanhaka Cent. High Sch. Dist.*,
  611 Fed. Appx. 56 (2d Cir. 2016) ............................................................... 9

*Licci v. Lebanese Canadian Bank, SAL*,
  673 F.3d 50 (2d Cir. 2012) .......................................................................... 7

*Lopez v. Jet Blue Airways*,
  662 F.3d 593 (2d Cir. 2011) ...................................................................... 14

*Lyn-Lea Travel Corp. v. Am. Airlines*,
  283 F.3d 282 (5th Cir. 2002) ..................................................................... 17

*Marcus v. CDC*,
  2023 WL 3044614 (C.D. Cal. Feb. 21, 2023) ...................................... 3, 11

*Mendes Da Costa v. Marcucilli*,
  675 Fed. Appx. 15 (2d Cir. 2017) ............................................................... 6

*Montalvo v. Spirit Airlines*,
  508 F.3d 464 (9th Cir. 2007) ..................................................................... 19

*Morales v. Trans World Airlines, Inc.*,
  504 U.S. 374 (1992) ................................................................................... 17

*Nat'l Fed'n of the Blind v. United Airlines Inc.*,
  813 F.3d 718 (9th Cir. 2016) ............................................................... 19

*Nechis v. Oxford Health Plans, Inc.*,
  421 F.3d 96 (2d Cir. 2005) ................................................................. 5

*Pica v. Delta Air Lines, Inc.*,
  2019 WL 1598761 (C.D. Cal. Feb. 14, 2019) .................................. 17-18

*Prezzi v. Schelter*,
  469 F.2d 691 (2d Cir. 1972) ............................................................. 4

*Salahuddin v. Cuomo*,
  861 F.2d 40 (2d Cir. 1988) ............................................................... 4

*Seklecki v. Center for Disease Control & Prevention, et al.*,
  635 F. Supp. 3d 15 (D. Mass. 2022) ...................................... 3, 9-10, 11

*Smith v. Comair, Inc.*,
  134 F.3d 54 (4th Cir. 1998) ............................................................ 20

*United States. Griffin v. Breckenridge*
  403 U.S. 88 (1971) ......................................................................... 9

*Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*,
  73 F.3d 1423 (7th Cir. 1996) .......................................................... 25

*United Brotherhood of Carpenters and Joiners of Am., Local 610, AFL-CIO v. Scott*,
  463 U.S. 825 (1983) ....................................................................... 9

*Weiss v. El Al Israel Airlines, Ltd.*,
  471 F. Supp.2d 356 (S.D.N.Y. 2006) ............................................... 20

*Wilson v. United*,
  1995 WL 530653 (N.D. Ill. Sept. 6, 1995) .................................. 13-14

*Am. Airlines v. Wolens*,
  513 U.S. 219 (1995) ...................................................................... 23

*World-Wide Volkswagen Corp. v. Woodson*,
  444 U.S. 286 (1980) ........................................................................ 8

*Wright ex rel. D.W. v. Am. Airlines, Inc.*,
  248 F.R.D. 572 (E.D. Mo. 2008) .................................................... 24

*Zemsky v. New York*,
  821 F.2d 148 (2d Cir. 1987) ............................................................. 9

**STATUTES**

14 C.F.R. §382.3 ................................................................................................ 13

14 C.F.R. §382.5 ................................................................................................ 13

29 U.S.C. §794 ............................................................................................ 14, 15

42 U.S.C. §264 .................................................................................................. 18

42 U.S.C. §1985 ............................................................................. 2, 8, 9, 10, 12

42 U.S.C. §1986 .......................................................................................... 12, 13

49 U.S.C. §40101 .............................................................................................. 18

49 U.S.C. §41713 ........................................................................................ 16, 17

FRCP Rule 12 ........................................................................................ 1, 4, 5, 25

FRCP Rule 8 ................................................................................................... 4, 6

FRCP Rule 9 ............................................................................................... 23, 24

## INTRODUCTION

Defendant MedAire, Inc. ("MedAire"), respectfully seeks dismissal of Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2), and 12(b)(6) on the grounds that (1) Plaintiff's claims are moot, (2) the Court lacks personal jurisdiction over MedAire, and (3) the Complaint fails to state a claim upon which relief can be granted. The Complaint alleges 38 causes of action against various federal agencies and agents, airlines, and corporations based on airlines' compliance with the Federal Transportation Mask Mandate ("FTMM"), which has expired.

Of the 38 causes of action, 28 are asserted against MedAire either directly or generally as against "all defendants." Despite these 28 claims, there is no allegation that MedAire ever actually evaluated a request by Plaintiff for an exemption from the mask requirement. The only mention of involvement in travel that even implicates MedAire is as a contracting partner of co-defendant Etihad Airways ("Etihad"). Even then, there is no allegation that Plaintiff ever purchased tickets for transportation on Etihad, and the Complaint makes clear that MedAire was never called upon to do anything in relation to a contemplated trip. Complaint, Docket Item No. 3 (the "Complaint"), ¶731 ("MedAire never spoke to Plaintiff, never saw Plaintiff, and did not even speak to him through anyone else"). As such, there is no allegation that Plaintiff interacted with anyone from MedAire or underwent any day-of-travel screening with MedAire, and there is no allegation that MedAire entertained, let alone denied, a request for a mask-exemption from Plaintiff.

As an initial matter, the Complaint should be dismissed because this Court lacks personal jurisdiction over MedAire. MedAire is a Nevada corporation with its principal place of business in Arizona and, as such, there is no basis for general personal jurisdiction. Moreover, while MedAire was party to a contract with Etihad, one of the defendant airlines referenced in the Complaint, Plaintiff fails to allege that he purchased tickets for a flight on Etihad, or that MedAire performed any day-of-travel screening. As such, there is no basis for specific personal jurisdiction.

Even assuming, *arguendo*, that this Court can exercise personal jurisdiction over MedAire for Plaintiff's claims, they still should be dismissed. Specifically: (1) Plaintiff's claims for violation of 42 U.S.C. §1985(3) and 1986 fail to state a claim for relief and are time-barred; (2) Plaintiff's claims under the Air Carrier Access Act ("ACAA"), should be dismissed because MedAire is not subject to the ACAA and even if the ACAA does apply to MedAire, it does not provide any private right of action; (3) Plaintiff has no claim under the Rehabilitation Act; (4) Plaintiff has no claim for violations of various states' civil and human rights acts and in any event, such claims are preempted by federal law; (5) Plaintiff has no claim for intentional or unintentional torts under the state laws of Texas, New York, New Jersey, California or other states and in any event these claims are preempted; (6) Plaintiff has no claim for promissory estoppel, injurious falsehoods, invasion of privacy, or fraudulent misrepresentation and in any event, these claims are preempted; (7) Plaintiff fails to state a claim for medical malpractice and in any event, this claim is preempted; (8) there is no merit to Plaintiff's claim for infringement of a constitutional right to travel; (9) Plaintiff's request for nominal damages is baseless; (10) Plaintiff's claims are moot; and (11) Plaintiff's request for punitive damages is preempted.

Accordingly, the Complaint should be dismissed as to MedAire in all respects.

## STATEMENT OF FACTS

On April 26, 2023, *pro se* Plaintiff Aaron Abadi filed a 292-page, 1,363-paragraph Complaint in the U.S. District Court for the Northern District of Texas against 46 air carriers, as well as numerous medical consultants, attorneys, airline employees and various federal agencies and officials, asserting thirty-eight (38) causes of action arising out of the imposition of the FTMM, and the measures airlines took to comply with it, including their masking policies during the

COVID-19 pandemic. By order dated May 8, 2023, the N.D. Tex. court *sua sponte* transferred the case to this Court. *See* Docket Item No. 10.

Plaintiff is part of an online coalition of persons – Americans Against Mask Mandates – who were opposed to wearing a mask during the pandemic and upon information and belief have communicated with each other about litigation challenging those mask mandates.[1] While Plaintiff has a great deal in general to say in the Complaint, he says very little about MedAire. In fact, he admits that he has never had any interaction with MedAire: "MedAire never spoke to Plaintiff, never saw Plaintiff, and did not even speak to him through anyone else." Complaint, ¶731. He adds that "[i]f Medaire was supposed to make an individualized assessment, as required by the ACAA, they failed completely." *Id.* at ¶732.

Lacking any specific facts to support a claim against MedAire, he instead asserts only that "[a]s attested to by Etihad (see above), Medaire are the ones that determine who can or cannot fly," that "they made the decision to discriminate against Plaintiff due to his disability and not allow him to fly," and "Etihad and many other airlines conspired with Medaire to violate Plaintiff's civil rights." *Id.* at ¶¶729-730. In this regard, Plaintiff attached Etihad's face mask policy to the Complaint, which states in pertinent part as follows:

> … as for passengers traveling from the US to the UAE or from UAE to the US seeking an exemption from the Etihad Airways face mask mandate, they must: … 4. Agree to an evaluation at check-in, at Etihad Airways' *sole* discretion of your fitness to travel, by Etihad Airways' independent medical contractor MedAire [link omitted]. This evaluation <u>will be limited to</u> the passenger's physical fitness to travel.

---

[1]    Several of this coalition's *pro se* cases have been dismissed by various courts throughout the country. *E.g., Andreadakis v. CDC*, No. 22-cv-52, 2022 WL 2674194 (E.D. Va. July 11, 2022) (case dismissed) (appeal pending); *Marcus v. CDC*, No. 2:22-cv-02383, 2023 WL 3044614 (C.D. Cal. Feb. 21, 2023) (case dismissed) (leave to file amended complaint granted); *Seklecki v. CDC, et al.*, 635 F. Supp. 3d 15 (D. Mass. 2022) (case dismissed).

Complaint, Ex. 42 (emphasis in original). While MedAire contracted with Etihad, the 292-page Complaint is devoid of any allegation that Abadi actually interacted with MedAire, which would have required that he purchase tickets and submit medical information for review by MedAire to determine whether his medical condition warranted an exemption to the mask requirement (MedAire never engages directly with passengers).[2] *See* Complaint. The Complaint lacks any allegation that MedAire entertained, let alone denied, a request for a mask exemption from Plaintiff.

## LEGAL STANDARD

### A.    Federal Rule of Civil Procedure Rule 8 Standard

A plaintiff's complaint is required to provide "a short and plain statement of the claim showing that the pleader is entitled to relief" and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). "The statement should be short because unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). Pleadings of "labyrinthian prolixity of unrelated and vituperative charges that def[y] comprehension" do not comply with Rule 8 and are subject to dismissal. *Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972).

### B.    Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2).

Federal Rule of Civil Procedure 12(b)(2) allows a party to move to dismiss for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). On a Rule 12(b)(2) motion to dismiss, "plaintiff bears to burden of showing that the court has jurisdiction over the defendant." *In re Magnetic*

---

[2]    On December 14, 2020, Plaintiff contacted Etihad's Guest Services and asked "is it possible for me to fly with your airline and not wear a mask? Would you be able to accommodate my disability?" Complaint, Ex. 41, p. 596. There is no allegation that Plaintiff booked let alone traveled on Etihad during the time frame at issue.

*Audiotape Antitrust Litig.*, 334 F.3d 204, 206 (2d Cir. 2003). "In determining whether a plaintiff has met this burden, [a court] will not draw argumentative inferences in the plaintiff's favor, nor must [the court] accept as true a legal conclusion couched as a factual allegation." *In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 659, 673 (2d Cir. 2013).

## C.    Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

To survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *David Lerner Assocs., Inc. v. Phila. Indem. Ins. Co.*, 934 F. Supp. 2d 533, 538 (E.D.N.Y.), *aff'd*, 542 F. App'x 89 (2d Cir. 2013); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). However, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citations omitted); *see also id.* (a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted.). While a court must "construe a *pro se* complaint liberally to raise the strongest arguments it suggests [] [n]onetheless, a *pro se* complaint must state a plausible claim for relief." *Darby v. Greenman*, 14 F.4th 124, 127 (2d Cir. 2021) (citations omitted).

## D.    Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1).

Dismissal under Fed. R. Civ. P. 12(b)(1) is warranted where, as here, there is a lack of subject matter jurisdiction due to the mootness of the legal claims raised in the Complaint, or the lack of standing on the part of the plaintiff. "Under Article III of the Constitution, federal courts are empowered to adjudicate only actual, ongoing cases or controversies." *Deeper Life Christian Fellowship, Inc. v. Sobol*, 948 F.2d 79, 81 (2d Cir. 1991). A core element of Article III's case-or-

controversy requirement is that the case remains "alive at all stages of judicial proceedings" because "[i]f events subsequent to the filing of a lawsuit resolve the controversy, the case should be dismissed as moot." *Id.* "A case is moot if [the] decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future." *Guedes v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 920 F.3d 1, 12 (D.C. Cir. 2019) (internal quotation marks and citations omitted).

## ARGUMENT

## I.

## PLAINTIFF'S COMPLAINT FAILS TO COMPLY WITH RULE 8

The Complaint should be dismissed for failure to comply with Rule 8's pleading requirements. While this *pro se* Plaintiff is entitled to a certain degree of latitude, courts of the Second Circuit have not hesitated to dismiss complaints like this one that are hundreds of pages long and are filled with repetitive, irrelevant, unnecessary, and extraneous allegations. *See, e.g.*, *Mendes Da Costa v. Marcucilli*, 675 Fed. Appx. 15, 17 (2d Cir. 2017) (dismissing complaint that was "nearly 50 pages long, with hundreds of pages of exhibits, [and] convoluted and repetitive").

Plaintiff's Complaint spans nearly 300 pages and 1,300+ paragraphs, names approximately 61 defendants in 38 causes of action, and includes 83 exhibits with hundreds of additional pages of material. *See* Complaint. It includes hundreds of paragraphs that only quote case law or statutes, makes purported legal arguments, and provides multiple theories regarding the COVID-19 pandemic and apparent conspiracy it prompted to discriminate against disabled people who could not wear masks. The Complaint does not in its current form satisfy Rule 8's pleading standards.

## II.

## THE COURT LACKS PERSONAL JURISDICTION OVER MEDAIRE

When evaluating whether personal jurisdiction is proper over a non-resident defendant, courts undertake a two-part analysis to determine whether jurisdiction exists under New York law, and whether the exercise of jurisdiction would comport with federal due process. *See Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 61 (2d Cir. 2012). The Complaint is entirely devoid of any allegation that this Court has personal jurisdiction over MedAire for the claims asserted in the Complaint. This no doubt is because there is no such basis.

## A.    MedAire is not subject to general personal jurisdiction.

The Supreme Court held in *Daimler AG v. Bauman*, that all-purpose jurisdiction will exist only in narrow circumstances, and that "only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." *Daimler*, 571 U.S. 117, 137 (2014). The appropriate inquiry is "whether the corporation's affiliations with the State are so 'continuous and systematic' as to render it essentially at home in the forum State." *Id.* at 127. The "paradigm forums in which a corporate defendant is 'at home' … are the corporation's place of incorporation and its principal place of business." *BSNF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017).

Here, it is plain that MedAire is not subject to general jurisdiction in New York. MedAire is a corporation organized and existing under the laws of Nevada with its principal place of business in Arizona. Complaint, ¶52. Accordingly, MedAire is not subject to general jurisdiction in New York. *See Daimler*, 571 U.S. at 127, 137; *BSNF Ry. Co.,* 137 S. Ct. at 1558.

## B.    Plaintiff cannot establish specific personal jurisdiction over MedAire.

Specific jurisdiction exists when a foreign defendant purposely directs activities at the forum state, and the plaintiff's "suit arise[s] out of or relate[s] to the defendant's contacts with the forum." *Daimler*, 571 U.S. at 127; *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S. Ct. 1773, 1780 (2017). For a court to exercise specific jurisdiction, there

7

must be "an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Bristol-Myers*, 137 S. Ct. at 1780. Additionally, the plaintiff also must show that the defendant "purposely availed" himself of the privilege of doing business in the forum state and could foresee being "haled into court" there. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980); *Burger King Corp. v. Rudzewicz*, 471 US. 462, 275 (1985).

Here, Plaintiff fails to tie his specific claims between MedAire and New York. Plaintiff did not have any interaction with MedAire, let alone any in New York. While Plaintiff makes general allegations that he was "subjected to illegal medical consultations[3] with STAT-MD and/or MedAire" (Complaint, ¶1312) he fails to provide any specific factual information as to the dates, flight information, screening information, etc. Indeed, he factually pleads to the contrary that "MedAire never spoke to Plaintiff, never saw Plaintiff, and did not even speak to him through anyone else." Complaint, ¶731. Plaintiff's conclusory allegation aside, the Complaint is devoid of any allegation sufficient to establish specific personal jurisdiction over MedAire. *See Penguin Group (USA) Inc. v. Am. Buddah*, 609 F.3d 30, 34 (2nd Cir. 2010) ("a plaintiff bears the burden of demonstrating personal jurisdiction over a person or entity against whom it seeks to bring suit.").

## III.

### PLAINTIFFS' CLAIMS FOR CIVIL CONSPIRACY SHOULD BE DISMISSED

**A.    The Complaint fails to state a claim for violation of 42 U.S.C. §1985(3).**

Plaintiff claims MedAire and its co-defendants are liable under 42 U.S.C. §1985(3) because all defendants "conspired to interfere with Plaintiff's civil rights by conspiring to deprive him of

---

[3]    As noted above, even the reference to a consultation is inaccurate, as MedAire would not interact directly with a passenger. MedAire simply reviews medical records to determine whether medical conditions warrant a mask exemption.

his right to fly and by conspiring to deny him rights in all the counts listed herein" and "the Airline Defendants as an industry conspired with each other, with federal agencies, and the Medical Defendants involved, and with the individual employees therein to discriminate against them due to their disabilities." Complaint, ¶¶934, 972.

To state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege facts which support (1) the existence of a conspiracy, (2) to deprive the plaintiff of the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or a deprivation of any right or privilege of a citizen of the United States. *Griffin v. Breckenridge*, 403 U.S. 88, 102-103 (1971).

First, Plaintiff fails to state a claim because Plaintiff's claims under Section 1985(3) are predicated on bare conclusions of conspiracy. To state a viable claim under Section 1985, a plaintiff must allege facts showing the defendants conspired in a "class-based invidiously discriminatory" manner to deprive the plaintiff of equal protection or of equal privileges and immunities. *United Brotherhood of Carpenters and Joiners of Am., Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 834 (1983). Conclusory allegations are inadequate to make out a claim alleging a conspiracy to violate a plaintiff's civil rights. *See L.K. v. Sewanhaka Cent. High Sch. Dist.*, 611 Fed. Appx. 56, 59 (2d Cir. 2016) (dismissing Section 1985 and 1986 claims "because plaintiffs have in any event failed to plead facts supporting their conclusory assertion that defendants had an 'express understanding or tacit agreement.'"); *Zemsky v. New York*, 821 F.2d 148, 151 (2d Cir. 1987) (even where plaintiff is proceeding *pro se*, vague and conclusory conspiracy claims are insufficient to survive motion to dismiss); *Seklecki*, 635 F. Supp. 3d at 23 (dismissing 42 U.S.C. §1985(3) claim against airline defendants for failure to state a claim, noting "[i]n light of [the] COVID-19 pandemic and evolving recommendations on masking in response to the pandemic,

there is no plausible allegation that the Airline Defendants were conspiring to harm disabled passengers by imposing a mask requirement."); *Kleanthis Andreadakis v. Ctr. For Disease Control & Prevention*, 2022 WL 2674194, *46 (E.D. Va. July 11, 2022) (dismissing claims for civil conspiracy under 42 U.S.C. §1985(3) for failure to state a claim because "Plaintiff has not alleged a conspiracy with the required concrete facts. Instead, he merely makes conclusory allegations regarding a conspiracy"); *see also id.* ("Claims under §1985(3) rarely prevail," and "conclusory allegations" regarding a purported conspiracy "simply will not suffice to state a claim under §1985(3).").

Here, not only are Plaintiff's claims under 42 U.S.C. §1985(3) predicated on bare conclusions of conspiracy, <u>there is no allegation</u> that MedAire was involved with any request for a mask exemption made by Plaintiff, entertained such a mask request, or, most importantly, <u>denied</u> any such request. Indeed, Plaintiff pleads that "MedAire never spoke to Plaintiff, never saw Plaintiff, and did not even speak to him through anyone else." Complaint, ¶731.

As such, the Complaint sets forth no factual allegation to support Plaintiff's assertion that MedAire acted individually or in concert with the airline defendants to discriminate against him, and his 42 U.S.C. §1985 claim (Count 8) should be dismissed.

Moreover, even if the Complaint did set forth allegation that MedAire actually evaluated a request by Plaintiff for a mask exemption, Plaintiff cannot plausibly allege that MedAire's actions to assist airlines in implementing the FTMM were motivated by animus against the "mask-disabled" as opposed to, e.g., an obligation to comply with federal law or the CDC's finding that maskless airline passengers posed a threat to public health. The Complaint is devoid of any specific allegation that MedAire coordinated with any airline or other defendant for the purpose of depriving the mask-disabled of their ability to travel. Plaintiff acknowledges this deficiency but

attempts to bypass it with generalizations and placeholders aimed largely at the airline defendants. *See, e.g.,* Complaint, ¶961 ("I expect to prove through discovery that the Airline Defendants conspired – with each other, other air carriers, and within their own companies – to ban disabled flyers because of a discriminatory motive."); ¶963 ("Rather, the Airline Defendants are motivated by a class-based, invidiously discriminatory animus resulting in an unfounded, ridiculous fear that healthy, uninfected disabled travelers who can't wear a face mask are somehow a grave danger"); ¶971 ("It will unquestionably require discovery for Plaintiff to reveal the exact depth of the conspiracy, in light of the extensive facts Plaintiff laid out in his Complaint. However, the fact that there was a conspiracy between all this [sic] parties is frankly obvious. These parties had a clear understanding between all of them that they will together not allow passengers to fly without a mask, even though they are disabled and cannot wear a mask."); ¶977 ("We can certainly get to the bottom of the animus during discovery"). This gambit has been rejected in several previous cases attempting to claim airlines conspired to discriminate against disabled passengers by implementing the Federal Mask Mandate. *See Seklecki*, 635 F. Supp. 3d at 23 ("In light of COVID-19 pandemic and evolving recommendations on masking in response to the pandemic, there is no plausible allegation that the Airline Defendants were conspiring to harm disabled passengers by imposing a mask requirement."); *Andreadakis*, 2022 WL 2674194, at *9; *Marcus*, 2023 WL 3044614, at *8. It should be rejected here for the same reasons.

Next, if the ACAA applies to MedAire, *see infra* at §III, "[a]llowing [plaintiff] to pursue his claim through the mechanism of §1985(3) would impermissibly intrude on the statutory scheme of both" the ACAA and §1985(3). *D'Amato v. Wis. Gas Co.*, 760 F.2d 1474, 1487 (7th Cir. 1985).

Finally, although the Complaint alleges that the alleged "conspiracy involves the constitutional right to travel," Complaint, ¶969, courts have ruled that there is no constitutional

right to travel domestically onboard aircraft in the United States. *See Gilmore v. Gonzalez*, 435 F.3d 1125, 1136 (9th Cir. 2006) ("the Constitution does not guarantee the right to travel by any particular form of transportation"); *id*. at 1137 ("Gilmore does not possess a fundamental right to travel by airplane").

Based on the foregoing, Plaintiff's claim under 42 U.S.C. §1985 should be dismissed.

**B.    The claim for violation of 42 U.S.C. §1986 should be dismissed.**

Plaintiff's claims pursuant to 42 U.S.C. §1986 also must be dismissed because a viable Section 1985 claim is a prerequisite to a Section 1986 claim. *Gagliardi v. Village of Pawling*, 18 F.3d 188, 194 (2d Cir. 1994) ("Since the [plaintiffs] have failed to state a claim for relief under section 1985, they cannot establish a violation of section 1986 and, therefore, this claim properly was dismissed."). Since the Complaint fails to state a claim of a violation of 42 U.S.C. §1985(3), there is no basis for the allegations that MedAire is liable for violation of 42 U.S.C. §1986.

In addition, Plaintiff's Section 1986 claim is time-barred because it was filed more than one year after the challenged conduct. *Farmer v. Cnty. of Westchester*, 2022 WL 3902729, *4 (S.D.N.Y. Aug. 30, 2022); 42 U.S.C. §1986 ("But no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued."). Because Plaintiff did not file the instant Complaint until May 2023—more than one year after the FTMM was lifted—Plaintiff's claims are time-barred.

## IV.

## PLAINTIFF'S CLAIMS FOR VIOLATING THE AIR CARRIER ACCESS ACT SHOULD BE DISMISSED

Counts 10, 11, 12, 13, 14, 15, 16, 17, and 18 of the Complaint purport to allege violations of the ACAA against MedAire. Although Plaintiff does not specifically identify the defendants against which he makes these claims, Plaintiff lumps MedAire into each count by alleging that "all

other defendants assisted, aided and abetted, and facilitated" these violations. Complaint, ¶¶1055, 1063, 1071, 1090, 1098, 1106, 1114, 1122. Plaintiff also alleges, in broad conclusory form, that "defendants' discriminations were the direct cause of plaintiff's injuries." *Id.* at ¶¶1064, 1072, 1081, 1091, 1099, 1115, 1123. For myriad reasons, Plaintiffs fail to set forth a viable claim.

First, as with the Complaint generally, these counts fail to set forth any allegation of actual action by MedAire regarding Plaintiff. To the contrary, Plaintiff alleges only in conclusory form that MedAire's conduct caused his injuries. However, it was the Airline Defendants, not MedAire, that required the medical certificates and medical screenings of which Plaintiff complains, and all other actions referenced in these counts were of the Airline Defendants. *Id.* at ¶1006 ("All the Airline Defendants violated this statute …); ¶¶1062, 1070, 1087, 1097, 1113, 1121 (same). Plaintiff's conclusory allegations are insufficient to state a claim upon which relief may be granted.

Second, Plaintiff's claims fail because MedAire is not subject to the ACAA. The ACAA, by its terms, applies to air carriers, which are defined as any citizen of the United States who undertakes, whether directly or indirectly or by a lease or other arrangement, to engage in air transportation. 14 C.F.R. §382.3. MedAire is not a person that "engage[s] in air transportation." *See id.* Thus, MedAire is not a "carrier" within the meaning of 14 C.F.R. §382.5, and the ACAA does not apply to it. *See, e.g., Glass v. Northwest Airlines, Inc.*, 791 F. Supp. 2d 734, 747 (W.D. Tenn. 2011) (ACAA inapplicable to contracted airport wheelchair service provider); *Wilson v. United*, 94-C-5411, 1995 WL 530653, *3 (N.D. Ill. Sept. 7, 1995) (airline contracted wheelchair provider not an "air carrier" within the meaning of the ACAA).

Finally, even if the ACAA does apply to MedAire, the ACAA does not provide a private right of action, instead providing a mechanism for passengers to submit complaints to the United States Department of Transportation. *See, e.g., Lopez v. Jet Blue Airways*, 662 F.3d 593, 596-98

13

(2d Cir. 2011) (concluding that "the text and structure of the ACAA manifests no congressional intent to create a private right of action in a federal district court. The statute does not expressly provide a right to sue the air carrier, and that right should not be implied because the statute provides an administrative enforcement scheme designed to vindicate fully the rights of disabled passengers.").

Based on the foregoing, Counts 10, 11, 12, 13, 14, 15, 16, 17, and 18 should be dismissed.

## V.

## MEDAIRE IS NOT SUBJECT TO PLAINTIFF'S CLAIMS UNDER THE REHABILITATION ACT

Count 19 of the Complaint alleges violations of the Rehabilitation Act, 29 U.S.C. §794(a) ("RA"). In support, Plaintiff alleges only that MedAire "also receive[s] federal funding, and thus subject to the RA, and in violation thereof." Complaint, ¶1145. Plaintiff refers to a 2005 Form 10-K United States Security and Exchange Commission online filing at "https://www.sec.gov/Archives/edgar/data/1337301/000095015306000862/p72053e10vk.htm." Complaint, ¶1145. Plaintiff alleges "[i]t lists income of $572,000 in a previous year, and Med[A]ire indicates that the federal government is a major customer in their market and that Med[A]ire has the largest market share in their industry."

The RA provides that "[n]o otherwise qualified individual with a disability in the United States … shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. §794(a). Congress defined "program or activity" under Section 504 to include "all of the operations" of a private corporation only "if [federal financial] assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole." *Id.* at §794(b)(3)(A)(i); *see also* United States Senate Report 100-64 at *17-18 (1987).

Ignoring that Plaintiff cites to a Form 10-K from almost twenty years ago, that document on its face demonstrates that the $572,000 in question was not a subsidy or federal financial assistance within the purview of the RA. As it relates to the "federal government" the Form 10-K reports:

> We have been providing services to individual government agencies for a number of years because those agencies often utilize business aircraft in carrying out their missions. In 2003, we were awarded a Congressional appropriation to partner with the United States Air Force in support of the MedLink Global Response Initiative (MGRI), which is an Air Force research and development effort investigating the effectiveness of supplementing various forms of military medical capability with that available from the civilian sector. Funding for that program became available in July of 2004. We have completed the work under this program, and all deliverables related to the program were concluded when the contract expired on December 31, 2005.
>
> Our revenue from this market in 2005 was approximately $572,000.

https://www.sec.gov/Archives/edgar/data/1337301/000095015306000862/p72053e10vk.htm;

Complaint, ¶1145. Thus, the $572,000 in revenue upon which Plaintiff relies resulted from government contract work, not from government assistance.

Plaintiff's allegations that the federal government is a customer of MedAire are insufficient to support a viable claim under the RA and Count 19 should be dismissed.

## VI.

## PLAINTIFF'S CLAIMS FOR VIOLATIONS OF VARIOUS STATES' CIVIL RIGHTS ACTS SHOULD ALL BE DISMISSED

Counts 20, 21, 22, 23, 24, 25, and 26 of the Complaint purport to allege violations of various states' human and civil rights laws against "all defendants."[4] As it relates to all counts, these claims should be dismissed because there is no alleged interaction between MedAire and

---

[4] Count 20 – Unruh Civil Rights Claim; Count 21 – New Jersey Civil Rights Claim; Count 22 – New Jersey Human Rights Claim; Counts 23-25 – New York City Civil Rights Laws; and Count 26 – Texas Civil Rights Laws. *See* Complaint.

Plaintiff that would implicate any of the various states' statutes. There is no allegation that Plaintiff booked, let alone presented to the airport or had a mask exemption request evaluated or denied by MedAire. Once again, the Complaint is devoid of any allegation that MedAire actually interacted with Plaintiff. Complaint, ¶731 ("MedAire never spoke to Plaintiff, never saw Plaintiff, and did not even speak to him through anyone else."). There being no allegation of interaction between Plaintiff and MedAire, there obviously is no allegation of conduct, let alone conduct sufficient to support Plaintiff's discrimination claims, in California (Count 20), New Jersey (Counts 21-22), New York (Counts 23-25), or Texas (Count 26). Accordingly, these Counts should be dismissed.

## A.    Plaintiff's claims are preempted by the Airline Deregulation Act.

Even if Plaintiff had alleged conduct by MedAire relating to California, New Jersey, New York, or Texas otherwise sufficient to support his state law causes of action, they nevertheless would be preempted by the Airline Deregulation Act, 49 U.S.C. §41713(b) ("ADA") because Plaintiff is seeking to enforce state laws relating to the service of an air carrier.

The ADA provides that "a State … may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier …" 49 U.S.C. §41713(b)(1). The preemption clause "ensure[s] that the States [do] not undo federal deregulation with regulation of their own." *Id.* (emphasis added). The Supreme Court has held that the ADA's preemption provision should be construed broadly. *See Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 384 (1992). The term "related to" has been interpreted to preempt any state or local law "having a connection with or reference to" any airline service. *See id.* The Second Circuit has interpreted the term "services" to include "matters such as boarding procedures, baggage handling, and food and drink-matters incidental to and distinct from the actual transportation of passengers." *Fawemimo v. Am. Airlines, Inc.*, 751 F. App'x 16, 19 (2d Cir. 2018) (citing *Air*

16

*Transp. Ass'n of Am., Inc. v. Cuomo*, 520 F.3d 218, 223 (2d Cir. 2008)). The statute preempts not only state statutes and regulations but also state common law actions that relate to airline services. *Id*. at 18 (citing *Northwest, Inc. v. Ginsberg*, 572 U.S. 273, 284 (2014)).

Of further import, courts routinely extend ADA preemption to defendants that are not an "air carrier," such as MedAire, where the enforcement of the laws at issue "relates to" air carrier rates, routes, or services. *See, e.g., Gordon v. Amadeus IT Grp., S.A.*, 194 F. Supp. 3d 236, 244 (S.D.N.Y. 2016) (rejecting argument that ADA preemption did not apply because plaintiffs brought claims against third-party GDSs, not the airlines themselves); *Continental Airlines, Inc. v. Am. Airlines, Inc.*, 824 F. Supp. 689, 696-97 (S.D. Tex. 1993) ("Nothing in the ADA suggests that [Section 41713(b)] applies only to suits against an air carrier. Rather, [it] preempts the enforcement of any state laws that have a 'connection with or reference to' airline rates, routes, or services.") (quoting *Morales*, 504 U.S. at 384). Therefore, entities that participate in the airline's business in some way, are also protected by ADA preemption. *See, e.g., Lyn-Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 287 n.8 (5th Cir. 2002) (applying ADA to Sabre Group, Inc., a provider of the computerized reservation system used by American Airlines); *Pica v. Delta Air Lines, Inc.*, 2019 WL 1598761, *6 (C.D. Cal. Feb. 14, 2019) (provider of voice and chat services related to sales and support for Delta protected by ADA for data hack that resulted in loss of personal identifying information), *aff'd*, 812 Fed. Appx. 591 (9th Cir. July 16, 2020).

Because Plaintiff's claims relate to the very essence of the services provided by airlines – *i.e.,* travel onboard an aircraft – they relate to "services" and are preempted by the ADA. Therefore, Counts 20, 21, 22, 23, 24, 25, and 26 should be dismissed.

**B.    Plaintiff's claims are preempted by the FTMM.**

The FTMM specifically directed all "persons" to wear masks "when traveling on conveyances into and within the United States," and also directed all "conveyance operators" to ensure that all passengers wear masks for the duration of travel. *See* Federal Mask Mandate, 86 Fed. Reg. at 8026. The FTMM was issued pursuant to the Public Health Service Act, 42 U.S.C. §264(e), which provides:

> Nothing in this section or section 266 of this title, or the regulations promulgated under such sections, may be construed as superseding any provision under State law (including regulations and including provisions established by political subdivisions of States), <u>except to the extent that such a provision conflicts with an exercise of Federal authority under this section or section 266 of this title.</u>

42 U.S.C. §264(e) (emphasis added). To the extent MedAire performed any service for an airline defendant with regard to the mask mandate and exemptions, it was doing so in accordance with the FTMM. Accordingly, the FTTM preempts Plaintiffs state law claims.

**C.    Plaintiff's claims are preempted by the Federal Aviation Act.**

To the extent MedAire was involved with Plaintiff's mask-exemption request denials, Plaintiff's state law human and civil rights claims also are preempted by the Federal Aviation Act ("FA Act"), 49 U.S.C. §40101, et seq., because these claims relate to air carrier decisions made for the purpose of enforcing FAA requirements relating to aircraft passenger safety. *See, e.g.*, *Fawemimo*, 751 Fed. Appx. at 19-20 ("State laws that conflict with the FAA or sufficiently interfere with federal regulation of air safety are thus preempted. As mask wearing during the pandemic directly implicated air and aircraft safety, the Federal Aviation Act provides additional preemption grounds upon which to dismiss Plaintiff's state law claims."); *Montalvo v. Spirit Airlines*, 508 F.3d 464, 468 (9th Cir. 2007) (the "FA [Act] preempts the entire field of aviation safety through implied field preemption").

Here, Plaintiff cannot show a violation of the pertinent federal regulations because he claims the exact opposite, *i.e.*, the Airline Defendants and medical defendants, which includes MedAire, complied with the federal regulations. Given that the FTMM and the related TSA security directives directly relate to aircraft safety and security, any attempt to use state law to interfere with this federally mandated safety requirement is preempted by the FA Act. Therefore, Counts 20, 21, 22, 23, 24, 25, and 26 should be dismissed.

**D.    If deemed applicable to MedAire, the ACAA preempts Plaintiff's claims.**

To the extent the ACAA applies to MedAire, *see supra* §III, it preempts Plaintiff's claims. *See, e.g., Nat'l Fed'n of the Blind v. United Airlines Inc.*, 813 F.3d 718, 736-37, 740 (9th Cir. 2016) (holding that claims for discrimination under the Unruh Act were preempted by the ACAA).

## VII.

## THE COMPLAINT FAILS TO ALLEGE A CLAIM FOR INTENTIONAL OR UNINTENTIONAL TORT

Counts 27 and 29 purport to allege claims for "intentional/unintentional" tort and infliction of emotional distress under the laws of Texas, New York, New Jersey, and "other states." Plaintiff alleges that "all defendants caused torts" against him by "not allowing him to travel and mistreating him," that all defendants "had a duty to treat Plaintiff with decency" and that all defendants, including the Medical Defendants, "are liable for their actions that caused the herein described damages." Complaint, ¶¶1230-31, 1244, 1246.

First, Plaintiff fails to state a claim for "intentional/unintentional tort" or intentional infliction of emotional distress under the various state laws named in the heading. Plaintiff does not allege any interaction with anyone from MedAire; indeed, he alleges the opposite – that he never interacted with anyone from MedAire. *See* Complaint, ¶731,

Second, Plaintiff's state law tort claims are preempted by the ADA. *See Smith v. Comair, Inc.*, 134 F.3d 54 (4th Cir. 1998) (ADA preempted passenger's intentional tort allegations to the extent they were premised on airline's refusal to permit passenger to board his flight); *supra* §V(A).

## VIII.

## PLAINTIFF FAILS TO STATE A CLAIM FOR NEGLIGENCE

Federal law preempts the claims in Count 28 alleging negligence under various state laws. The Complaint alleges "Defendants had a duty to treat Plaintiff with decency, to help him circumvent a policy that would cause him the inability to travel and/or the suffering due to his disability." Complaint, ¶1237. As the Second Circuit recognized in *Air Transport Ass'n of America, Inc. v. Cuomo*, "[a] majority of the circuits to have construed 'service' have held that the term . . . encompasses matters such as boarding procedures . . . ." 520 F.3d 218, 223 (2d Cir. 2008); *see also Weiss v. El Al Israel Airlines, Ltd.*, 471 F. Supp.2d 356 (S.D.N.Y. 2006) (allegedly abusive treatment suffered by passengers was connected to airline service). As a result, the negligence claims are preempted by the ADA and Count 28 should be dismissed.

Similarly, as with the above generic state-law claims, Plaintiff simply states in conclusory form that Defendants deliberately or negligently caused him harm without providing any specific supporting facts. Thus, these claims thus fail to set forth a viable claim irrespective of the preemption issue.

## IX.

## PLAINTIFF FAILS TO ALLEGE A CLAIM FOR PROMISSORY ESTOPPEL

Count 31 purports to allege a state law claim for promissory estoppel against "all defendants." Any such claim is preempted by federal law. *See, e.g., Bergman v. Alaska Airlines, Inc.*, 16 Wash. App. 2d 553, 560-61 (2021) (claim for promissory estoppel against Alaska Airlines

20

preempted by the ADA); *see also supra,* §V(A). Additionally, Plaintiff has failed to allege the necessary elements for a claim of promissory estoppel under New York law. Such a claim requires the plaintiff to prove three elements: (1) a clear and unambiguous promise; (2) a reasonable and foreseeable reliance on that promise; and (3) injury to the relying party as a result of the reliance. *Christian v. Transperfect Global, Inc.*, 17-cv-5544, 18 WL 4571674, *8 (S.D.N.Y. Sept. 24, 2018). However, the Complaint fails to allege any such promise (much less one that is clear and unambiguous) that Plaintiff would be permitted to fly during the pandemic without a mask.

## X.

## PLAINTIFF FAILS TO ALLEGE A CLAIM FOR INJURIOUS FALSEHOODS

Count 33 purports to allege a state law claim for "injurious falsehoods" regarding the efficacy of wearing a mask on an airplane. This cause of action fails to allege a claim for relief. Under New York law, to prevail on a claim for injurious falsehood, a plaintiff must prove the following: (1) the falsity of the alleged statements; (2) publication to a third person; (3) malice; and (4) special damages. *Exportaciones del Futoro S.A. de C.V. v. Iconix Brand Group, Inc.*, 636 F. Supp.2d 223, 232 (S.D.N.Y. 2009). The Complaint fails to allege these requisite elements. In addition, such a state law claim is preempted by the ADA as it relates to an air carrier "service."

## XI.

## PLAINTIFF FAILS TO STATE A CLAIM FOR INVASION OF PRIVACY

Count 34 purports to allege a claim for invasion of privacy based on forcing Plaintiff to "disclose his medical condition and describe in detail his disabilities in order to possibly get an opportunity to fly with [the airline defendants]." Complaint, ¶1298. MedAire is not referenced in Count 34 and there are no factual allegations specifically against MedAire. *Id.* at ¶¶1296-1309.

21

Rather, MedAire is lumped in with general references to "all defendants." *Id.* at ¶¶1298, 1307-08. Because there is no factual allegation implicating MedAire, Count 34 should be dismissed.

Even assuming, *arguendo*, that there were factual allegations implicated MedAire, this claim would be preempted by the ADA. *See, e.g., Pica*, 812 F. App'x at 593 (affirming dismissal of state law claims for alleged failure to protect personal information and timely notify of a data breach because they were preempted under the ADA); *supra*, §V(A).

## XII.

### PLAINTIFF FAILS TO STATE A CLAIM FOR MEDICAL MALPRACTICE

Plaintiff's medical malpractice claim fails as a matter of law because MedAire never provided medical treatment to Plaintiff and never formed a patient relationship with Plaintiff. Plaintiff alleges that he has "been subjected to illegal medical consultations with STAT-MD and/or MedAire," that MedAire "reviews mask-exemption demands submitted by its airline clients without ever talking to the passenger," and then "MedAire make[s] arbitrary determinations denying mask exemptions without providing any rational for their decision making," and therefore, MedAire is "guilty of medical malpractice." Complaint, ¶¶1312-14, 1316. There is no allegation that Plaintiff actually underwent any screening by, let alone received any medical treatment from, MedAire. Indeed, Plaintiff agrees that "MedAire never spoke to Plaintiff, never saw Plaintiff, and did not even speak to him through anyone else." *Id.* at ¶731. Similarly, there is no allegation that MedAire ever entertained, let alone denied, any mask-exemption request from Plaintiff.

Plaintiff does not indicate under what state's law he seeks to pursue his "medical malpractice claim" but it does not matter. Plaintiff cannot establish the foundational aspects of a medical malpractice claim because no medical treatment was provided and no provider-patient relationship was formed. Plaintiff alleges only that MedAire consulted with its "airline clients" to

review masking exemptions. *Id.* at ¶1313. Therefore, MedAire's duty, if any, ran to the airline defendants, not to Plaintiff. Given the lack of an allegation of any specific relationship, treatment, causation, or damages to Plaintiff caused by an act of MedAire, Count 35 for medical malpractice should be dismissed for the failure to state a claim.

Further, any claim for medical malpractice is preempted by the ADA, as they relate to the very essence of the services provided by airlines – *i.e.,* travel onboard an aircraft. *See supra* §V(A).

## XIII.

## PLAINTIFF FAILS TO STATE A CLAIM FOR FRAUDULENT MISREPRESENTATION

Count 36 purports to allege a state law claim for fraudulent misrepresentation, asserting that the "Defendants have falsely represented on their websites, in e-mails to passengers, signage at airports, etc. that 'federal law' requires airline passengers [to] wear face masks," when "Congress has never enacted such a law." Complaint, ¶1322. Not only does this allegation fail to allege a false statement (federal law included the FTMM), but it also is a state law claim preempted by the ADA. *See Am. Airlines v. Wolens,* 513 U.S. 219, 228 (1995) (finding that the ADA preempted the use of state consumer protection law to challenge airline devaluation of frequent flyer earned miles).

Moreover, Count 36 fails to allege fraud with particularity, as required by Rule 9(b). "Rule 9(b) provides that in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake" and "in order to comply with Rule 9(b), the complaint must (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *In re IBM Arb. Agreement Litig.*, 76 4th 74, 87 (2d Cir. 2023) (citations omitted). Here,

Plaintiff fails to allege the fraudulent misrepresentations with any level of specificity, let alone the heightened level of specificity as required by Rule 9(b),

Additionally, to the extent the ACAA applies to MedAire, *see supra* §III, it would preempt Plaintiff's claims. *See, e.g., Wright ex rel. D.W. v. Am. Airlines, Inc.*, 248 F.R.D. 572, 573 (E.D. Mo. 2008) (state law misrepresentation claims dismissed because of ACAA preemption).

Accordingly, this claim should be dismissed.

## XIV.

## PLAINTIFF FAILS TO STATE A CLAIM FOR INFRINGEMENT ON THE CONSTITUTIONAL RIGHT TO TRAVEL

To the extent Count 37 purports to assert a claim against MedAire, this claim should be dismissed because Plaintiff does not actually possess a constitutional right to travel onboard the airline defendants' aircraft. *See, e.g., Gilmore v. Gonzalez*, 435 F.3d 1125, 1136 (9th Cir. 2006) ("the Constitution does not guarantee the right to travel by any particular form of transportation").

## XV.

## PLAINTIFFS' CLAIMS ARE MOOT

On June 22, 2023, the Eleventh Circuit issued its decision in *Health Freedom Defense Fund, Inc. v. Biden*, 71 F. 4th 888 (11th Cir. 2023). After the lower court vacated the FTMM, the Eleventh Circuit held that the case was moot, stating: "there is no longer any Mandate for us to set aside or uphold.  Indeed, even if we were to decide against Appellees and reverse the district court – as the government desires – there would be no Mandate to reinstate." *Id*. at 892.  The court further stated: "there is no reasonable basis to expect the Mandate will be reinstated if this case is rendered moot. By its own terms, the Mandate expired after the HHS Secretary declared that the public health emergency has ended, and there is no hint that this decision was an effort to avoid further

litigation.  Further, nothing in the text of the Mandate suggests it can be revived after its expiration, and there is not a grain of evidence that the CDC has any plans to promulgate an identical mandate." *Id.* The court instructed the district court to dismiss the case as MOOT. *Id.* at 893-94. This Court should do the same.

## XVI.

### PLAINTIFF'S REQUEST FOR PUNITIVE DAMAGES IS PREEMPTED

The Complaint seeks an award of "punitive damages." Complaint, p.66(O). Not only is there zero factual basis for any damages, much less punitive damages, the punitive damages request is preempted by the ADA. *See, e.g., Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1432 n.8 (7th Cir. 1996) (punitive damages claim preempted because it related to air carrier rates, routes, and services).

## CONCLUSION

In light of the foregoing, MedAire respectfully requests that its motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2), and 12(b)(6) be granted in all respects.

Dated:  New York, New York
        December 18, 2023

                              Respectfully Submitted,


                              By: _____
                                   Barry S. Alexander
                              Victor Rane
                              14 Wall Street, 20th Floor
                              New York, New York 10005
                              Tel: (646) 585-4320
                              Email: balexander@victorrane.com

                              Brittany C. Wakim (*pro hac vice pending*)
                              Victor Rane
                              1650 Market Street, Suite 3600
                              Philadelphia, PA 19103

Tel: (267) 297-3356
Email: bwakim@victorrane.com

*Attorneys for Defendant
MedAire, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|   |   |   |
|---|---|---|
| AARON ABADI, | : | |
| Plaintiff, | : | Case No.: 1:23-cv-04033-LJL |
| -against- | : | |
| AMERICAN AIRLINES, INC., et al., | : | |
| Defendants. | : | |

## <u>CERTIFICATE OF SERVICE</u>

On December 18, 2023, I caused a true and accurate copy of the foregoing Memorandum of Law in Support of MedAire, Inc.'s Motion to Dismiss to be served on all counsel of record on the Court's CM/ECF system and on Plaintiff Aaron Abadi via email and First Class U.S. Mail:

Mr. Aaron Abadi
82 Nassau Street, Apartment 140
New York, New York 10038
abadi.rne@gmail.com


Dated: New York, New York
December 18, 2023

By: _____
Barry S. Alexander
Victor Rane
14 Wall Street, 20th Floor
New York, New York 10005
Tel: (646) 585-4320
Email: balexander@victorrane.com