# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

AARON ABADI,

     Plaintiff,

   v.

AMERICAN AIRLINES, INC., ET AL

     Defendants.

CIVIL  DIVISION

Civil Action No.  23-CV-4033 (LJL)

**MEMORANDUM OF LAW IN SUPPORT OF STAT-MD'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Filed on behalf of Defendant:
Center for Emergency Medicine of Western Pennsylvania d/b/a STAT-MD

Counsel of record for this party:

Beverly M. Barr, Esquire (BB2665)

Dickie, McCamey & Chilcote, P.C.
445 Hamilton Avenue
Suite 1102
White Plains, NY 10601-1832

(914) 358-3290

**<u>JURY TRIAL DEMANDED</u>**

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ........................................................................................................ ii

INTRODUCTION .......................................................................................................................... 1

I. STATEMENT OF FACTS ......................................................................................................... 2

II. STANDARD OF REVIEW ....................................................................................................... 3

   A. Federal Rule of Civil Procedure Rule 8 Standard ................................................................. 3

   B. Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2). ........................... 4

   C. Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). ........................... 4

III. ARGUMENT ........................................................................................................................... 4

   A. Plaintiff's Complaint should be dismissed as an unintelligible shotgun pleading in violation of Rule 8. ........................................................................................................... 4

   B. STAT-MD is not subject to personal jurisdiction in this forum. ........................................... 6

   C. Plaintiff cannot state a claim for medical malpractice in the absence of a provider-patient relationship ............................................................................................................ 7

   D. The complaint fails to state a claim for violating 42 U.S.C. § 1985(3). ................................. 9

   E. The Complaint fails to state a claim for violation of 42 U.S.C. § 1986. .............................. 11

   F. Plaintiff's Rehabilitation Act claims should be dismissed against STAT-MD for failure to state a claim. ................................................................................................... 12

   G. This Court should dismiss Plaintiff's claims brought pursuant to the Air Carrier Access Act. ..................................................................................................................... 13

   H. This Court should dismiss Plaintiff's various state law claims. .......................................... 13

      1.  Plaintiff's state law claims are preempted by the Airline Deregulation Act. ................ 14

      2.  Plaintiff's state law claims are preempted by the Federal Transportation Mask Mandate. .............................................................................................................. 15

      3.  Plaintiff's state law claims are preempted by the ACAA. ........................................... 15

      4.  Plaintiff's Complaint fails to state any actionable state law claims. ............................. 16

IV. CONCLUSION ...................................................................................................................... 17

CERTIFICATE OF SERVICE

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

Alexander v. City of Syracuse, 2018 WL 6591426 (N.D.N.Y. Dec. 13, 2018) ................................. 5

Andreadakis v. Ctr. For Disease Control & Prevention, 2022 WL 2674194, *46 (E.D. Va. July 11, 2022) ...................................................................................................................... 10

Ashcroft v. Iqbal, 556 U.S. 662 (2009).................................................................................... 4

Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) .............................................................. 4

Bristol-Myers Squibb Co. v. Superior Court, 582 U.S. 255 (2017) ........................................... 7

Brown v. City of Oneonta, 221 F.3d 329 (2d Cir. 1999) ......................................................... 11

Bryant v. N.Y.S. Educ. Dep't, 692 F.3d 202 (2d Cir. 2012) ................................................... 12

Cater v. New York, 316 F. Supp. 3d 660 (S.D.N.Y. 2018) ..................................................... 11

Continental Airlines, Inc. v. Am. Airlines, Inc., 824 F. Supp. 689 (S.D. Tex. 1993) ................... 14

Croons v. New York State Off. of Mental Health, 18 F. Supp. 3d 193 (N.D.N.Y. 2014)................... 5

Daimler AG v. Bauman, 571 U.S. 117 (2014).......................................................................... 6

Farmer v. Cnty. of Westchester, 2022 WL 3902729 (S.D.N.Y. Aug. 30, 2022)........................... 11

Fawemimo v. Am. Airlines, Inc., 751 Fed. Appx. 16 (2d Cir. 2018)......................................... 14

Gordon v. Amadeus IT Grp., 194 F. Supp. 3d 236 (S.D.N.Y. 2016) ....................................... 14

Harris v. TD Ameritrade, Inc., 338 F. Supp. 3d 170 (S.D.N.Y. 2018)........................................ 4

Health Freedom Def. Fund v. President of United States, 71 F. 4th 888 (11th Cir. 2023) ................ 2

Health Freedom Def. Fund, Inc. v. Biden, 599 F. Supp. 3d 1144 (M.D. Fla. 2022) ........................ 2

Helicopteros Nacionales De Colombia v. Hall, 466 U.S. 408 (1984) .......................................... 6

Hood v. Ascent Med. Corp., 691 Fed. Appx. 8 (2d Cir. 2017)................................................... 6

In re Magnetic Audiotape Antitrust Litig., 334 F.3d 204 (2d Cir. 2003) ...................................... 4

In re Terrorist Attacks on Sept. 11, 2001, 714 F.3d 659 (2d Cir. 2013) ...................................... 4

Int'l Code Council, Inc. v. UpCodes Inc., 43 F.4th 46 (2d Cir. 2022) ........................................ 4

Koltz v. Bezmen, 822 F. Supp. 114 (E.D.N.Y. 1993) ............................................................... 8

L.K. v. Sewanhaka Cent. High Sch. Dist., 611 Fed. Appx. 56 (2d Cir. 2016).............................. 10

Lee v. New York, 162 A.D.2d 34 (N.Y. App. 1990) ................................................................. 8

Licci v. Lebanese Canadian Bank, 732 F.3d 161 (2d Cir. 2013)................................................ 6

Lyn-Lea Travel Corp. v. Am. Airlines, 283 F.3d 282 (5th Cir. 2002) ......................................... 15

Marcus v. Ctr. for Disease Control & Prevention, 2023 WL 3044614 (C.D. Cal. Feb. 21, 2023) ...................................................................................................................... 16

McGugan v. Aldana-Bernier, 752 F.3d 224 (2d Cir. 2014)....................................................... 12

Mendes Da Costa v. Marcucilli, 675 Fed. Appx. 15 (2d Cir. 2017)............................................. 5

Morales v. Trans World Airlines, Inc., 504 U.S. 374 (1992) ..................................................... 14

Northwest, Inc. v. Ginsberg, 572 U.S. 273 (2014) .................................................................. 14

O'Guinn v. Nev. Dep't of Corr., 468 Fed. Appx. 651 (9th Cir. 2012) ....................................... 12

Pica v. Delta Air Lines, Inc., 2019 WL 1598761 (C.D. Cal. Feb. 14, 2019)................................ 15

Picot v. Weston, 780 F.3d 1206 (9th Cir. 2015) ...................................................................... 7

Prezzi v. Schelter, 469 F.2d 691 (2d Cir. 1972) ...................................................................... 3

Rothschild v. Grottenthaler, 907 F.2d 286 (2d Cir. 1990)......................................................... 13

Salahuddin v. Cuomo, 861 F.2d 40 (2d Cir. 1988)................................................................ 3, 5

Schorr v. Dopico, 205 F. Supp. 3d 359 (S.D.N.Y. 2016) .......................................................... 4

<u>Seklecki v. Ctr. For Disease Control & Prevention</u>, 635 F. Supp. 3d 15 (D. Mass. 2022)................ 10

<u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506 (2002) ................................................................. 3

<u>Thomas v. Roach</u>, 165 F.3d 137 (2d Cir. 1999) ...................................................................... 9

<u>United Brotherhood of Carpenters and Joiners of Am., Local 610, AFL-CIO v. Scott</u>, 463
   U.S. 825 (1983).................................................................................................................. 10

<u>Valentini v. Grp. Health Inc.</u>, 2023 WL 2027273 (2d Cir. Feb. 16, 2023).......................... 8

**Other Authorities**

14 C.F.R. § 382.23(c)........................................................................................................... 16

14 C.F.R. § 382.3 ................................................................................................................. 15

42 U.S.C. § 1985 .......................................................................................................... 9, 10, 11

**42 U.S.C. § 1985(3)**......................................................................................................... 9, 10

42 U.S.C. § 1986................................................................................................................ 10, 11

42 U.S.C. § 264(e)................................................................................................................ 15

42 U.S.C. § 266..................................................................................................................... 15

49 U.S.C. § 41713(b)........................................................................................................... 14

49 U.S.C. § 41713(b)(1)....................................................................................................... 14

**Fed. R. Civ. P. 12(b)(2)** ............................................................................................... 4, 6, 17

**Fed. R. Civ. P. 12(b)(6)** ............................................................................................... 4, 16, 17

**Fed. R. Civ. P. 8** ......................................................................................................... passim

Fed. R. Civ. P. 8(a)(2)......................................................................................................... 3, 5

Fed. R. Civ. P. 8(d)(1)............................................................................................................ 3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

AARON ABADI,

        Plaintiff,

    v.

AMERICAN AIRLINES, INC.,

        Defendants.,

        Defendants.

Civil Action No.  23-CV-4033 (LJL)

Judge Lewis J. Liman

**Electronically Filed**

## MEMORANDUM OF LAW IN SUPPORT
## OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

In response to the COVID-19 pandemic, the Department of Health and Human Services (HHS) and Centers for Disease Control and Prevention (CDC) promulgated several rules and regulations to prevent the spread of the disease.  Among those rules were two now-defunct orders requiring (1) individuals to each wear a mask when traveling on public transportation; and (2) international air travelers to provide proof of a negative COVID-19 test.  The masking order contained an exception for travelers with medical conditions that rendered them incapable of covering their faces.  Plaintiff contends that he has such a medical conditions.

Center for Emergency Medicine of Western Pennsylvania, Inc., d/b/a STAT-MD, worked with various airlines to consult on whether a traveler's medical condition warranted an exception to the masking order.  Plaintiff alleges that STAT-MD advised Delta Airlines that Plaintiff's medical condition did not qualify for a medical exemption to travel without a mask.  That is the full extent of STAT-MD's involvement in the instant action.  Although the Complaint spans nearly 1,400 paragraphs, hardly any allegations mention STAT-MD.  Nevertheless, based on these bare allegations, Plaintiff asserts a barrage of legal claims against STAT-MD.  Plaintiff's claims against

STAT-MD are without personal jurisdiction, are inadequately pleaded, and are utterly devoid of merit. Therefore, STAT-MD should be dismissed from this litigation.

## I. STATEMENT OF FACTS

Plaintiff's claims derive from a challenge to the Federal Transportation Mask Mandate (FTMM), which is no longer in effect. As set forth in the Complaint, the FTMM directed airlines operating within the United States to require its passengers to wear a mask while aboard an airplane to prevent the spread of the COVID-19 virus. Over one year ago, a federal judge ruled the CDC acted unlawfully in issuing the FTMM. Health Freedom Def. Fund, Inc. v. Biden, 599 F. Supp. 3d 1144 (M.D. Fla. 2022). On June 23, 2023, the Eleventh Circuit dismissed the appeal of the lower court decision as moot. Health Freedom Def. Fund v. President of United States, 71 F. 4th 888 (11th Cir. 2023). The Eleventh Circuit recognized that the mask mandate was no longer in effect and the HHS Secretary's declaration of a public health emergency expired.

The FTMM contained an exception for any person with a disability who cannot wear a mask, or cannot safely wear a mask because of disability as defined by the Americans with Disabilities Act." ECF Doc. 3 at ¶ 100. Certain airlines consulted with STAT-MD and/or MedAire to evaluate these mask-exemption demands. According to the Complaint, STAT-MD provided "'Airline Consultation Services' including In-flight emergency consultation as well as fitness-to-fly ground screening." Id. at ¶ 53. As part of its services, STAT-MD reviewed mask-exemption demands submitted by airline clients without speaking to or seeing the passenger. Id. at ¶ 722. As set forth in the Complaint, STAT-MD only deals with the airlines rather than individual passengers. Id. at ¶ 358. Airline clients consult with STAT-MD, and STAT-MD provides them with medical information related to their questions. Id.

On March 31, 2022, Plaintiff purchased a ticket to travel on a Delta Airlines aircraft from Paris, France to New York City. Id. at ¶ 338. On the morning of his flight, Plaintiff spoke to a Delta

representative at the Paris airport. Id. at ¶ 342. After further review, the Delta representative informed Plaintiff that he could not travel on the Delta aircraft without wearing a mask. Id. at ¶ 343. After traveling to New York through another airline, Plaintiff submitted an email complaint to Delta. Delta replied to Plaintiff's email complaint by explaining that "'Stat-MD denied the [mask-exemption] request as SPD is not a justification.' (SPD stands for sensory processing disorder." Id. at ¶ 355. Plaintiff asserts that Delta and STAT-MD had no right to determine that his condition was not a qualifying disability. Id. at ¶ 721.

Plaintiff alleges that all of the countless Defendants conspired to discriminate against him on the basis of his disability by complying with the FTMM and refusing to grant him a mask exemption. Id. at p. 4.

## II. STANDARD OF REVIEW

### A.  Federal Rule of Civil Procedure Rule 8 Standard

A plaintiff's complaint is required to provide "a short and plain statement of the claim showing that the pleader is entitled to relief" and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). The statement of the claim must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). "The statement should be short because unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). Pleadings of "labyrinthian prolixity of unrelated and vituperative charges that def[y] comprehension" do not comply with Rule 8 and are subject to dismissal. Prezzi v. Schelter, 469 F.2d 691, 692 (2d Cir. 1972).

**B.      Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2).**

Federal Rule of Civil Procedure 12(b)(2) allows a party to move to dismiss for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). When confronted with a challenge based on lack of personal jurisdiction, the plaintiff bears the burden of showing that the court has jurisdiction over the defendant. In re Magnetic Audiotape Antitrust Litig., 334 F.3d 204, 206 (2d Cir. 2003). The court reviewing such a challenge may not accept as true a legal conclusion couched as a factual allegation. In re Terrorist Attacks on Sept. 11, 2001, 714 F.3d 659, 673 (2d Cir. 2013).

**C.      Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).**

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the pleadings must contain sufficient factual information to state a claim that is "plausible on its face" and "raises a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). On a motion to dismiss, all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party. Int'l Code Council, Inc. v. UpCodes Inc., 43 F.4th 46, 53 (2d Cir. 2022). But the court is not obligated to accept a plaintiff's legal conclusions. Harris v. TD Ameritrade, Inc., 338 F. Supp. 3d 170, 186 (S.D.N.Y. 2018). Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. Schorr v. Dopico, 205 F. Supp. 3d 359, 363 (S.D.N.Y. 2016).

### III. ARGUMENT

**A.      Plaintiff's Complaint should be dismissed as an unintelligible shotgun pleading in violation of Rule 8.**

Plaintiff's Complaint constitutes an impermissible shotgun pleading. Federal Rule of Civil Procedure 8 requires that a pleading contain "a short and plain statement of the claim showing that

4

the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Courts have discretional authority to dismiss pleadings for failure to adhere to Rule 8. See, e.g., Mendes Da Costa v. Marcucilli, 675 Fed. Appx. 15 (2d Cir. 2017) (affirming dismissal of complaint pursuant to Rule 8).  "When a complaint does not comply with the requirement that it be short and plain, the court has the power . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988).  Such dismissal is appropriate for "those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id.

While a *pro se* plaintiff is entitled to a certain degree of latitude, courts of the Second Circuit may dismiss complaints needlessly long and filled with repetitive, irrelevant, unnecessary, and extraneous allegations. See, e.g., Mendes Da Costa, 675 Fed. Appx. at 17 (dismissing complaint that was "nearly 50 pages long, with hundreds of pages of exhibits, [and] convoluted and repetitive").  Plaintiff's pleading makes it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." Croons v. New York State Off. of Mental Health, 18 F. Supp. 3d 193, 199 (N.D.N.Y. 2014).  And such a pleading causes "more work for everyone involved in the litigation," as it leaves "the defendants confused about which one of them has been sued (and for what)" and it "wastes judicial resources, since the task of sorting out all this confusion always falls squarely on the Court itself." Alexander v. City of Syracuse, 2018 WL 6591426, at *3 (N.D.N.Y. Dec. 13, 2018).

Plaintiff's Complaint comprises 292 pages and nearly 1,400 paragraphs — without including hundreds of additional pages across 83 exhibits.  The Complaint lists 38 causes of action, including causes of action which are not recognized in the law. See ECF Doc. 3 at Count 27.  It includes hundreds of paragraphs that quote case law and statutes and assert legal arguments.  The Complaint is little more than a diatribe against the efficacy of masks with inapplicable legal claims tacked on to

the end. The Complaint, in its current form, does not satisfy Rule 8's pleading standards and should be dismissed.

**B.     STAT-MD is not subject to personal jurisdiction in this forum.**

Federal Rule of Civil Procedure 12(b)(2) directs a court to dismiss a case when it lacks jurisdiction over the defendant. "The Due Process Clause of the Fourteenth Amendment operates to limit the power of a State to assert in personam jurisdiction over a nonresident defendant." Helicopteros Nacionales De Colombia v. Hall, 466 U.S. 408, 413-14 (1984). Personal jurisdiction may be asserted over a nonresident corporate defendant only where it has "certain minimum contacts" with the forum such that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." Id. at 414. "When a controversy is related to or 'arises out of' a defendant's contacts with the forum, the Court has said that a relationship among the defendant, the forum, and the litigation is the essential foundation of in in personam jurisdiction." Id.

STAT-MD is a Pennsylvania corporation with a principal place of business in Pittsburgh, Pennsylvania. ECF Doc. 3 at ¶ 53. It is undeniable that STAT-MD is not subject to general jurisdiction in New York. See Hood v. Ascent Med. Corp., 691 Fed. Appx. 8, 10 (2d Cir. 2017) ("Except in a truly exceptional case, a corporate defendant may be treated as essentially at home only where it is incorporated or maintains its principal place of business—the paradigm cases.").

Because STAT-MD is not subject to general jurisdiction in New York, Plaintiff must establish that STAT-MD is subject to specific jurisdiction. A forum has specific jurisdiction where the litigation "arises out of or relates to the defendant's contacts with the forum." Daimler AG v. Bauman, 571 U.S. 117, 127 (2014). Specific jurisdiction exists where "the defendant purposefully availed itself of the privilege of doing business in the forum and could foresee being haled into court there." Licci v. Lebanese Canadian Bank, 732 F.3d 161, 170 (2d Cir. 2013). "In other words, there must be an affiliation between the forum and the underlying controversy, principally, an activity or an

occurrence that takes place in the forum State and is therefore subject to the State's regulation." Bristol-Myers Squibb Co. v. Superior Court, 582 U.S. 255, 262 (2017).    For specific jurisdiction, "there must be actions by the defendant *himself* that create a 'substantial connection' with the forum State.  Merely random, fortuitous, or attenuated contacts are not sufficient." Picot v. Weston, 780 F.3d 1206, 1212 (9th Cir. 2015).

There is no connection between Plaintiff's claims against STAT-MD and the forum of New York.  Plaintiff's Complaint is devoid of any interactions between him and STAT-MD taking place in New York.   Rather, the only specific allegation against this Defendant is that STAT-MD determined for Delta Airlines that Plaintiff's condition did not render him unable to wear a mask during a flight from Paris airport. ECF Doc. 3 at ¶ 742.  As part of this determination, STAT-MD never engaged with Plaintiff — "never spoke to Plaintiff, never saw Plaintiff, and did not even speak to him through anyone else." Id. at ¶ 744.

Plaintiff's Complaint is devoid of any activities by STAT-MD directed at or occurring in New York.  Although STAT-MD may have reviewed Plaintiff's mask exemption demand, this activity is not directed at New York and does not take place in New York.  Plaintiff has not alleged that individuals from STAT-MD were located anywhere but Pennsylvania while performing consultation services on behalf of Delta Airlines.  And the Complaint does not allege any interactions with passengers in New York.  Plaintiff's Complaint contains no further allegations regarding the activities of STAT-MD.  Therefore, this Honorable Court lacks specific jurisdiction over STAT-MD.

C.    **Plaintiff cannot state a claim for medical malpractice in the absence of a provider-patient relationship.**

In Count 35 of the Complaint, Plaintiff asserts a deficient medical malpractice claim against STAT-MD.  STAT-MD never entered into a professional relationship with Plaintiff.  In fact, Plaintiff

avers that STAT-MD MD never saw or even spoke to Plaintiff. ECF Doc. 3 at¶ 744. In the absence of such a relationship, Plaintiff's claim must fail.

"Under New York law, a physician-patient relationship is a prerequisite for a medical malpractice action." Koltz v. Bezmen, 822 F. Supp. 114, 118 (E.D.N.Y. 1993); Valentini v. Grp. Health Inc., 2023 WL 2027273 at *4 (2d Cir. Feb. 16, 2023) ("Under New York law, liability for medical malpractice may not be imposed absent a physician-patient relationship, either express or implied, because there is no legal duty in the absence of such a relationship."). "The relationship is created when the professional services of a physician are rendered to and accepted by another person for the purposes of medical or surgical treatment." Lee v. New York, 162 A.D.2d 34, 36 (N.Y. App. 1990). "The physician-patient relationship does not exist if the physician is retained solely to examine an employee on behalf of an employer." Id. In the context of a physical examination conducted for the purpose of rendering an evaluation for a third party, "a physician's conduct will be actionable as malpractice only if the physician either affirmatively treats the examinee or affirmatively advises the examinee as to a course of treatment." Valentini, 2023 WL 2027273 at *4.

Plaintiff fails to allege the most basic element of a medical malpractice claim — that he entered into a consensual provider-patient relationship with STAT-MD. And a provider-patient relationship cannot be inferred from Plaintiff's scant allegations concerning this Defendant. According to the Complaint, Plaintiff never interacted with STAT-MD. See ECF Doc. 3 at ¶¶ 722, 744 (alleging that STAT-MD never saw Plaintiff or spoke to him on the phone). Plaintiff does not allege that STAT-MD ever participated in his medical treatment. Rather, Plaintiff has alleged only that STAT-MD provided a service to airlines by analyzing requests for masking exemptions and recommending whether those exemptions should be granted or denied. Such conduct cannot qualify

as medical care and cannot be used to create a provider-patient relationship. Without the prerequisite provider-patient relationship, STAT-MD cannot owe Plaintiff a professional duty of care.

Because STAT-MD's actions were not undertaken in the course of medical treatment and fall outside of any provider-patient relationship, STAT-MD cannot be liable for medical malpractice. Therefore, Count 35 of Plaintiff's Complaint should be dismissed.

**D.      The complaint fails to state a claim for violating 42 U.S.C. § 1985(3).**

Plaintiff's Complaint fails to allege the necessary elements for a claim of conspiracy in violation of 42 U.S.C. § 1985(3). Plaintiff asserts that "People with disabilities who, because of their disabilities cannot wear a mask, is a new class subject to protection under Section 1985(3)," and that "Airline Defendants as an industry conspired with each other, with federal agencies and the Medical Defendants involved, and with the individual employees therein to discriminate against them due to their disabilities." ECF Doc. 3 at ¶¶ 945, 972. Plaintiff's Section 1985 claim fails for several reasons.

To state a cause of action under § 1985(3), a plaintiff must allege (1) a conspiracy (2) for the purpose of depriving a person or class of persons of the equal protection of the laws, or the equal privileges and immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property, or a deprivation of a right or privilege of a citizen of the United States. Thomas v. Roach, 165 F.3d 137, 146 (2d Cir. 1999). "Furthermore, the conspiracy must also be motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action." Id.

Plaintiff's allegations fail to show a conspiracy, let alone one aimed at discriminating against their alleged handicaps. Instead, Plaintiff has provided only a formulaic recitation of a Section 1985 cause of action along with bare assertions of wrongdoing. To state a viable claim under Section 1985, a plaintiff must allege facts showing the defendants conspired in a "class-based invidiously discriminatory" manner to deprive the plaintiff of equal protection or of equal privileges and

immunities. <u>United Brotherhood of Carpenters and Joiners of Am., Local 610, AFL-CIO v. Scott</u>, 463 U.S. 825, 834 (1983). Conclusory allegations are inadequate to make out a claim alleging a conspiracy to violate a plaintiff's civil rights. See <u>L.K. v. Sewanhaka Cent. High Sch. Dist.</u>, 611 Fed. Appx. 56, 59 (2d Cir. 2016) (dismissing Section 1985 and 1986 claims "because plaintiffs have in any event failed to plead facts supporting their conclusory assertion that defendants had an 'express understanding or tacit agreement.'"); <u>Seklecki v. Ctr. For Disease Control & Prevention</u>, 635 F. Supp. 3d 15, 23 (D. Mass. 2022) (dismissing 42 U.S.C. §1985(3) claim against airline defendants without plausible allegation that the Airline Defendants were conspiring to harm disabled passengers by imposing a mask requirement.); <u>Andreadakis v. Ctr. For Disease Control & Prevention</u>, 2022 WL 2674194, *46 (E.D. Va. July 11, 2022) (dismissing 42 U.S.C. § 1985(3) claims because "Plaintiff has not alleged a conspiracy with the required concrete facts. Instead, he merely makes conclusory allegations regarding a conspiracy").

Plaintiff's Section 1985 claims assert nothing more than bare conclusions of conspiracy without any allegations of STAT-MD's involvement. Significantly, Plaintiff's Complaint is lacking in allegations involving STAT-MD. ECF Doc. 3 at ¶ 744. Beyond threadbare conclusions, Plaintiff cannot allege that STAT-MD's conduct was motivated by an animus against those with disabilities. Rather, Plaintiff has alleged only that STAT-MD consulted with the airlines so that they could comply with the FTMM. The Complaint lacks any specific allegations that STAT-MD coordinated with airlines in order to specifically prevent the mask-disabled from traveling. Plaintiff all but concedes his pleading deficiencies. ECF Doc. 3 at ¶ 961 ("I expect to prove through discovery that the Airline Defendants conspired – with each other, other air carriers, and within their own companies – to ban disabled flyers because of a discriminatory motive."). Plaintiff's Complaint is insufficient to satisfy the requirements under Section 1985. See <u>Seklecki v. Ctr. for Disease Control & Prevention</u>, 635 F.

Supp. 3d 15, 23 (D. Mass. 2022) ("In light of COVID-19 pandemic and evolving recommendations on masking in response to the pandemic, there is no plausible allegation that the Airline Defendants were conspiring to harm disabled passengers by imposing a mask requirement.") Therefore, the Complaint sets forth no factual allegation to support Plaintiff's assertion that STAT-MD acted individually or in concert with the Airline Defendants to discriminate against him, and his 42 U.S.C. § 1985 claim (Count 8) should be dismissed.

**E.    The Complaint fails to state a claim for violation of 42 U.S.C. § 1986.**

As set forth above, Plaintiff's Complaint fails to state an actionable claim pursuant to Section 1985. Because Section 1986 liability is predicated on a successful Section 1985 claim, this cause of action should be dismissed as well. See, e.g., Brown v. City of Oneonta, 221 F.3d 329, 341 (2d Cir. 1999) (providing that a § 1986 claim must be predicated on a valid § 1985 claim); Cater v. New York, 316 F. Supp. 3d 660, 672 (S.D.N.Y. 2018) ("A Section 1986 claim must be predicated on a valid Section 1985 claim and, in the absence of such a predicate claim, must be dismissed.").

Nevertheless, Plaintiff's Section 1986 claim is barred by the statute of limitations. Claims asserted pursuant to Section 1986 have a one-year statute of limitations. Farmer v. Cnty. of Westchester, 2022 WL 3902729, at *4 (S.D.N.Y. Aug. 30, 2022). Plaintiff did not file the instant Complaint until May 2023, more than one year after the FTMM was lifted and more than one year after any alleged wrongful activity by STAT-MD. The Complaint's only mention of conduct from STAT-MD relates to being denied a masking exemption for a March 31, 2022 Delta Airlines flight. ECF Doc. 3 at ¶ 747. Accordingly, because Plaintiff's Complaint was filed in May of 2023, his claim pursuant to Section 1986 is time barred and should be dismissed.

F.   **Plaintiff's Rehabilitation Act claims should be dismissed against STAT-MD for failure to state a claim.**

Based on the facts alleged in the Complaint, Plaintiff cannot state a claim against STAT-MD for violations of the Rehabilitation Act.  As an initial matter, the Complaint fails to allege facts that STAT-MD receives federal funding assistance to bring it under the ambit of the Rehabilitation Act. Beyond pleading deficiencies, Plaintiff's core grievance against STAT-MD is inconsistent with a Rehabilitation Act claim.

The Rehabilitation Act provides that no otherwise qualified individual with a disability in the United States shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance. McGugan v. Aldana-Bernier, 752 F.3d 224, 231 (2d Cir. 2014).  "To establish a prima facie case under the Rehabilitation Act, a plaintiff must allege: (1) that he or she is a person with disabilities under the Rehabilitation Act, (2) who has been denied benefits of or excluded from participating in a federally funded program or special service, (3) solely because of his or her disability." Bryant v. N.Y.S. Educ. Dep't, 692 F.3d 202, 216 (2d Cir. 2012).

Plaintiff's suit against STAT-MD is based on alleged advice provided to one of the Airline Defendants that Plaintiff's medical condition did not qualify for a masking exemption.  Such an exercise of medical decision-making cannot serve as the basis of a Rehabilitation Act claim. See McGugan v. Aldana-Bernier, 752 F.3d 224, 226 (2d Cir. 2014) (reasoning that the Rehabilitation Act does not apply to flawed medical treatment decisions); O'Guinn v. Nev. Dep't of Corr., 468 Fed. Appx. 651, 653 (9th Cir. 2012) (noting that a Rehabilitation Act claim "cannot be reconciled with medical treatment decisions for the underlying disability").  Disability statutes do not apply to inadequate treatment of a disability.  Therefore, Plaintiff's Rehabilitation Act claim should be dismissed.

Furthermore, Plaintiff's Rehabilitation Act claim fails to articulate a benefit offered by STAT-MD, denied on the basis of disability. Under the Rehabilitation Act, a plaintiff must show that he or she is being excluded by the defendant from participation or enjoyment of some activity or benefit solely by reason of his or her handicap. Rothschild v. Grottenthaler, 907 F.2d 286, 290 (2d Cir. 1990). In this case, the ostensible benefit claimed is the supposed right to fly on an airplane. But such a benefit is not offered to the public by STAT-MD; any benefit would be provided by the Airline Defendants alone. Therefore, Plaintiffs' Rehabilitation Act against STAT-MD cannot stand.

Plaintiff fails to state a claim pursuant to the Rehabilitation Act, and Count 19 of the Complaint should be dismissed.

**G.    This Court should dismiss Plaintiff's claims brought pursuant to the Air Carrier Access Act.**

Counts 10, 11, 12, 13, 14, 15, 16, 17, and 18 of Plaintiff's Complaint assert violations of the ACAA. Plaintiff ostensibly does not assert these claims against STAT-MD. To the extent that these claims could apply to STAT-MD, this Defendant joins and incorporates the arguments set forth in Part IV of the Memorandum in Support of Motion to Dismiss filed by Codefendants American Airlines, Inc., Delta Airlines, Inc., JetBlue Airways Corporation, Southwest Airlines Co., United Airlines, Inc., addressing Counts 10, 11, 12, 13, 14, 15, 16, 17, and 18. See ECF Doc. 122.

**H.    This Court should dismiss Plaintiff's various state law claims.**

In Counts 20-26 of the Complaint, Plaintiff asserts claims against all Defendants for violations of civil rights statutes of several states. Plaintiff has failed to allege any conduct by STAT-MD that would implicate these statutes. And because none of the alleged STAT-MD activity occurred in any of these states whose statutes are raised — California, New Jersey, New York, or Texas — none of the state civil rights statutes are applicable to STAT-MD.

In Counts 27-34 of the Complaint, Plaintiff asserts generic common law claims against all of the Defendants. These Counts fail to allege facts to support these claims, and the Complaint fails to show how STAT-MD could be liable under such theories.

Nevertheless, each of these claims is preempted by federal law.

### *1.    Plaintiff's state law claims are preempted by the Airline Deregulation Act.*

Through his state law claims, Plaintiff is seeking to enforce state laws relative to the service of an air carrier. As a result, these claims are preempted by the Airline Deregulation Act, 49 U.S.C. § 41713(b) (ADA). The ADA expressly preempts any state "law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier." 49 U.S.C. § 41713(b)(1). As instructed by the U.S. Supreme Court, the ADA's preemption provision should be construed broadly. Morales v. Trans World Airlines, Inc., 504 U.S. 374, 384 (1992). Through the use of the term "related to," the ADA preempts any state or local law "having a connection with or reference to" any airline service. Id. The Second Circuit has interpreted the term "services" to include "matters such as boarding procedures, baggage handling, and food and drink-matters incidental to and distinct from the actual transportation of passengers." Fawemimo v. Am. Airlines, Inc., 751 Fed. Appx. 16, 19 (2d Cir. 2018). The ADA preempts not only state statutes and regulations but also state common law actions that relate to airline services. Id. at 18 (citing Northwest, Inc. v. Ginsberg, 572 U.S. 273, 284 (2014)).

Courts extend ADA preemption to defendants that are not "air carriers," such as STAT-MD. The ADA applies to any defendant where the state law claim at issue "relates to" air carrier rates, routes, or services. See, e.g., Gordon v. Amadeus IT Grp., 194 F. Supp. 3d 236, 244 (S.D.N.Y. 2016) (reasoning that, in light of the ADA's broad preemptive effect, plaintiff's claims against non-airline third-parties were preempted); Continental Airlines, Inc. v. Am. Airlines, Inc., 824 F. Supp. 689, 696-97 (S.D. Tex. 1993) ("Nothing in the ADA suggests that [Section 41713(b)] applies only to suits

against an air carrier. Rather, [it] preempts the enforcement of any state laws that have a 'connection with or reference to' airline rates, routes, or services."). As a result, the ADA's preemption provision applies to entities that consult with the airlines or otherwise play a role in airline services. See, e.g., Lyn-Lea Travel Corp. v. Am. Airlines, 283 F.3d 282, 287 n.8 (5th Cir. 2002) (applying ADA to a third-party used by airline); Pica v. Delta Air Lines, Inc., 2019 WL 1598761, *6 (C.D. Cal. Feb. 14, 2019), aff'd 812 Fed. Appx. 591 (9th Cir. July 16, 2020) (same).

Plaintiff's suit distills to the inability to travel onboard an aircraft without a mask. Because Plaintiff's claims relate to airline travel, they undeniably relate to "services" under the ADA and are therefore preempted. Plaintiff's state law claims should be dismissed.

### 2. *Plaintiff's state law claims are preempted by the Federal Transportation Mask Mandate.*

The Federal Transportation Mask Mandate (FTMM) at the heart of Plaintiff's lawsuit was promulgated during the Covid-19 pandemic to ensure that all travelers within the United States would wear masks during travel. The FTMM was issued pursuant to the federal Public Health Service Act, 42 U.S.C. § 264(e), which expressly supersedes any state law that "conflicts with an exercise of Federal authority under this section or section 266 of this title." 42 U.S.C. § 264(e).

Any mask-related services performed by STAT-MD on behalf of an Airline Defendant were performed in accordance with the FTMM. Accordingly, the FTTM preempts Plaintiff's state law claims.

### 3. *Plaintiff's state law claims are preempted by the ACAA.*

STAT-MD is not subject to the ACAA, which applies only to air carriers. 14 C.F.R. § 382.3. Nevertheless, Plaintiff's state law claims are preempted by the ACAA because the Act exclusively governs airline passenger disability claims. Plaintiff's claims seek to impose obligations on Defendants regarding a disability-based request to fly as an airline passenger without a mask. As

such, the claims interfere with a field exclusively occupied by the ACAA and are impliedly preempted. See, e.g., 14 C.F.R. § 382.23(c); Marcus v. Ctr. for Disease Control & Prevention, 2023 WL 3044614, at *9 (C.D. Cal. Feb. 21, 2023) (holding that the ACAA preempts nearly identical state law claims).

### 4.    *Plaintiff's Complaint fails to state any actionable state law claims.*

In Counts 27 to 34 of the Complaint, Plaintiff asserts a litany of baseless common law claims: (1) "intentional and/or unintentional tort"; (2) negligence; (3) intentional infliction of emotional distress; (4) breach of contract; (5) promissory estoppel; (6) tortious interference; (7) injurious falsehoods; and (8) invasion of privacy. Plaintiff's Complaint fails to articulate facts in support of these claims beyond bare conclusory allegations. Plaintiff's state law claims comprise nothing more than conclusory, vague, and immaterial facts unconnected to the causes of action. Accordingly, these state law claims fail to state a claim under Rule 12(b)(6).

Beyond this pleading deficiency, Plaintiff's Complaint fails to show how his state law claims apply to STAT-MD. In none of his claims does Plaintiff include facts showing how STAT-MD could be liable under these various legal theories. For example, Plaintiff asserts promissory estoppel against STAT-MD yet fails to identify any promise made by STAT-MD. None of the legal theories raised in Counts 27-34 of the Complaint apply to STAT-MD and each should be dismissed.

Similarly, these causes of action impermissibly fail to distinguish between the innumerable Defendants. Plaintiff's Complaint fails to make specific factual allegations directed to specific causes of action against specific defendants sufficient to give each Defendant adequate notice of the claims against it and the grounds upon which each claim rests. And the Complaint fails to articulate how its endless paragraphs support each claim. Because each Count realleges and incorporates all paragraphs, the result is that each count is replete with factual allegations that could not possibly be

material to that specific claim.  As such, Plaintiff's complaint is in violation of Federal Rule of Civil

Procedure 8 and fails to state a claim under Rule 12(b)(6).

### IV. <u>CONCLUSION</u>

In light of the foregoing, STAT-MD respectfully requests that this Honorable Court grant its

motion to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(2), and 12(b)(6).

DICKIE, McCAMEY & CHILCOTE, P.C.

Beverly M. Barr (BB 2665)
NY I.D. #2458412
bbarr@dmclaw.com

Dickie, McCamey & Chilcote, P.C.
445 Hamilton Avenue
Suite 1102
White Plains, NY 10601-1832

Attorneys for Defendant:
Center for Emergency Medicine of Western
Pennsylvania, Inc., d/b/a STAT-MD

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of December, 2023, I filed the foregoing Brief in Support of Motion to Dismiss Plaintiff's Complaint with the Clerk using the CM/ECF System, which will send notification of such filing to the registered participants as identified on the Notice of Electronic Filing, and, on this day, I will cause a copy to be mailed to each of those indicated as non-registered participants and mail a copy to Aaron Abadi, with a copy of all cited unpublished opinions, using the following address for Mr. Abadi: 82 Nassau Street, Apt. 140, New York, NY 10038

By: _____

Beverly M. Barr (BB2665)