UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AARON ABADI,<br><br>   Plaintiff<br><br>V.<br><br>AMERICAN AIRLINES, INC., et al | **CASE #  1:23-cv-04033-LJL** |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS BY AMERICAN AIRLINES, INC., DELTA AIRLINES, INC., JETBLUE AIRWAYS CORPORATION, SOUTHWEST AIRLINES CO., UNITED AIRLINES, INC., ROBERT LAND, ROY GOLDBERG, DEBBIE CASTLETON, & NATHALIE SIMON**

BY:

AARON ABADI
Pro Se Plaintiff
82 Nassau Street Apt 140
New York, NY 10038
Tel: 516-639-4100
Email:  aa@neg.com

1

COMES NOW Plaintiff, *pro se*, and responds to Defendants' Motion for Judgment on the Pleadings (Docs. 197-198). The Complaint was pretty thorough and did address many of the issues raised in this motion. Plaintiff will attempt to focus in this response on elaborating on some of that, and/or addressing issues not responded to in the Complaint itself. Plaintiff presents this response on the possibility that the Court will allow this Motion to proceed.

Plaintiff, Aaron Abadi, has sensory processing disorder. He cannot wear a mask or glasses, or anything on his head or face. When the airlines started requiring masks, they refused to allow Plaintiff to fly, and/or discriminated against him constantly. He was yelled at, denied access to fly, and even once left stranded in France by Delta Airlines. This lasted throughout the mask policies and mandates. He provided evidence of his disability, but these airlines did not care.

The inability to travel, caused severe financial injuries to Plaintiff, who is currently penniless and had to file this with the generous help of the Court, through an IFP Motion. Plaintiff had his entire income destroyed and ability to make income was taken from him. This Motion addresses specifically Count 7, which is 42 U.S. Code § 1983 - Civil action for deprivation of rights, and Plaintiff will respond accordingly.

The entire mask mandate and the way it is handled by the airlines is completely under the color of the law. As described in the Complaint the airline

employees were the police for the masks. JetBlue yelled at Plaintiff if he did not wear a mask. Delta Airline employees refused to allow Plaintiff onto the plane. The entire process has become a policing process. Everyone who flew during Covid can confirm that. No one would dare enter a plane without a mask. The gate agents would not allow them anywhere nearby. They would call the police immediately.

    Defendants quote West v. Atkins 487 U.S.42,48 (1988). The actual decision and rationale of the Supreme Court in that case, actually supports Plaintiffs' assertion that 1983 does apply here. Defendants quoted a vague statement, but the case itself proves otherwise. The Court quotes, "Institutional physicians assume an obligation to the mission that the State, through the institution, attempts to achieve." Polk County, 454 U.S. at 454 U. S. 320." The Court's decision is that the Physician would be liable to 1983 in that case. It is not very different from here, where the airlines, the federal agencies, and the local and State agencies all worked in unison to enforce this mandate.

    There is another case, Parver v. JetBlue Airlines Corp. 649 Fed. Appx. 539, 543 (9th Cir. 2016). In that case, the Court said that the airlines were not liable. The only reason the airlines were not liable for 1983, was the following: "Here, "Blue Watch" sent an alert to the police and the flight crew pointed Parver out when the officers boarded the plane, which, without more, is insufficient to create

3

a triable question on joint state action." The idea here is that the airline personnel had little to no involvement in policing the requirements.

In our case, as the facts describe, the police consistently come to the plane, when there is an alleged mask violation. The airline personnel are charged with enforcing this mandate, which is illegal and discriminatory when enforcing it against people with disabilities, such as these Plaintiffs. Yes, the federal government is also involved, but ultimately it is the airline staff that enforces these laws and they work in unison with State and local law enforcement.  The fact that there is a federal law involved doesn't negate the state law participation. The airlines created mask mandates long before the federal government followed suit. The airline could not have been enforcing any federal law, because Plaintiffs were exempt from that.

There was a news article of incident with Spirit Airlines[1], but this happened on all airlines in much the same way.  I bring this article, because it describes how the airline enforces the mask mandate, and how they call the police.

They were enforcing policy in direct conjunction with the state law enforcement on the ground. They would claim that we are causing problems on the flight, not listening to a flight attendant, creating safety issues, and the like. They

---

[1] https://www.businessinsider.in/thelife/news/spirit-airlines-is-defending-its-decision-to-de-board-an-entire-flight-after-it-says-a-family-refused-to-wear-masks-as-videos-of-the-incident-spark-backlash-online/articleshow/81922657.cms

could not ever have charged Plaintiff with a federal violation of the federal mask mandate, because Plaintiff was exempt.

The Supreme Court held the following:

"…we held that the private party's joint participation with a state official in a conspiracy to discriminate would constitute both "state action essential to show a direct violation of petitioner's Fourteenth Amendment equal protection rights" and action " `under color' of law for purposes of the statute." Lugar v. Edmondson Oil Co., 457 US 922 - Supreme Court 1982.

The Airline Defendants most certainly violated 1983, and should be held accountable.

Defendants write (Page 9):

"Plaintiff is concerned that the local police might have been summoned had he refused to wear a mask. ECF No. 3-1, p. 206, ¶ 930. However, there is no allegation in the Complaint that local law enforcement was called to deal with Plaintiff, including not in connection with the Five Airline Defendants."

That was not the point of Plaintiffs statement.  Plaintiff is showing that Defendants coordinated their policing process with the State Police and were thus acting under the color of the law.

Defendants brought some case law that they purport suggests that airlines cannot be considered under the color of the law. Of course, that is an over-simplification, but by the fact that they brought those cases, it would seem that they didn't read them.  Maybe they used a lousy version of AI.

5

They quote Blythe v. Southwest Airlines Co. from a Plaintiff who spilled hot coffee on her lap. That was a case where the Plaintiff never really argued that the airline acted under the color of the law, but rather mistakenly filed a pre-designated 1983 Complaint form.  She needed to refile on a normal complaint form. The judge gave her ample opportunity to amend the complaint, but at some point, had to throw the case out.  Of course, the Circuit Court affirmed. In what way does that reflect on this case.  Are we saying that because that was an airline, and it was thrown out, so all airlines' cases must be thrown out?! That is silly.  I'm guessing they thought no one would read the cases. If I was this Court I would be offended.

They quoted Berlin v. JetBlue Airways Corp which was a fellow who successfully pleaded insanity and got off of his criminal charges.  The case never started. There were no allegations made how the airline staff worked in coordination with State Police.  There were so many problems with that complaint. I'm proud of JetBlue for winning that case.  It would be real embarrassing if they lost. There was no meaningful take away for our case here.

I'm not going to respond to each case law, because they're all similar, and I don't want to waste the Court's time unnecessarily. They're all about unrelated cases, not addressing any of the key issues. Besides, usually the first cases are their best arguments. They have no reflection on this case.

On Page 10 they wrote:

6

> "Fifth, requiring a passenger to wear a mask onboard aircraft during a pandemic does not deprive the passenger of any rights, privileges, or immunities secured by the Constitution or laws of the United States."

That is gaslighting. The problem was never about requiring people to wear a mask. The problem was for not providing equal treatment and equal access to a disabled person, due to his disability. See Complaint Exhibit 11, where the Dept. of Transportation ("DOT") cited both American Airlines and JetBlue with a violation of the Air Carrier Access Act ("ACAA"). So, yes, they did deprive this Plaintiff of his rights and privileges.

Preemption of the ACAA was another issue that they brought up now. This was addressed ad nauseam in Plaintiff's response to the first motion to dismiss by these same Defendants. Plaintiff asks the Court to include those arguments in here, as all these motions and responses are happening simultaneously. This is really just an expansion of that 47-page Motion to Dismiss, where Defendants played this little trick to allow themselves almost 60 pages.

The conspiracy arguments are addressed in the complaint with respect to 1983, 1985, and 1986.

The Montreal Convention doesn't govern United States federal disability laws, and certainly not if the person was never allowed on the plane and often not even in the airport. The Montreal Convention refers to injuries on board a flight. Besides, the whole preemption here is not settled law to begin with.

Plaintiff has a disability where he cannot wear a mask. He has a right to be treated equally by NOT being denied access to fly just because of his disability. Depriving him of his rights is a violation of the law. Doing it in coordination with the police and acting as the policemen, makes these actions a violation of section 1983.

## CONCLUSION

This case is a complex case, with many aspects, both of facts and legal issues. The above response in conjunction with the Complaint itself should sufficiently resolve any of the issues brought up in the Motion for Judgment on the Pleadings, which was essentially just another Motion to Dismiss. The U.S. Constitution affords each citizen his/her due process. Plaintiff asks this Court to allow for the lawsuit to proceed and we can address all these items in trial. A motion to dismiss should not be used to take away a person's right to justice.

**WHEREFORE**, Plaintiff asks this court to DENY this motion in its entirety. Respectfully submitted this December 24, 2023.

*s/Aaron Abadi*
AARON ABADI, Plaintiff
82 Nassau Street Apt 140
New York, NY 10038
516-639-4100
Email: aa@neg.com

8