IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AARON ABADI, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Case No. 1:23-cv-04033-LJL |
| ) | |
| AMERICAN AIRLINES, INC., et al., ) | |
| ) | |
| Defendants. ) | |

### REPLY BRIEF IN SUPPORT OF MOVING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AS TO COUNT SEVEN

Defendants American Airlines, Inc., Delta Air Lines, Inc., JetBlue Airways Corp., Southwest Airlines Co. and United Air Lines, Inc. (the "Five Airline Defendants"), and Robert Land, Debbie Castleton and Nathalie Simon (collectively, the "Moving Defendants"), respectfully state as follows for their reply in support of their motion for judgment on the pleadings as to Count Seven of the Complaint (ECF No. 198), in response to Plaintiff's opposition brief (ECF No. 240). As set forth in the Moving Defendants' opening brief and reiterated below, Plaintiff's claim under 42 U.S.C. § 1983 is without merit because there is no allegation that the Five Airline Defendants or their employees acted "under color of state law" in connection with the "deprivation of any rights, privileges or immunities."

In their motion for judgment, the Moving Defendants asserted that Count Seven should be dismissed because: (1) Section 1983 does not apply because Plaintiff challenges the conduct of private entities and persons to enforce **federal** law, not state law; (2) for a private person to be subject to liability under Section 1983, that person must be "jointly engaged with **state officials** in the challenged action"; (3) while the Complaint refers to the potential role that theoretically might be played by local law enforcement if Plaintiff were to refuse to wear a mask, but this is entirely speculative; (4) even if a state government rather than the federal government had imposed the

FTMM, it still would be the case that the Airline Defendants did not act "under color of state law"; (5) requiring a passenger to wear a mask onboard aircraft during a pandemic does not deprive the passenger of any rights, privileges, or immunities secured by the Constitution or laws of the United States; (6) to allow passengers to use Section 1983 to pursue claims for disability discrimination by an air carrier would improperly circumvent the exclusive regime under the Air Carrier Access Act ("ACAA"), 49 U.S.C. § 41705, and its implementing regulations at 14 C.F.R. Part 382; (7) the Complaint fails to allege the existence of a conspiracy; and (8) Plaintiff's claims against JetBlue and Delta relate to international air transportation, which is governed by the Montreal Convention, and the Montreal Convention preempts Plaintiff's claims under Section 1983. *See* ECF No. 198 at 3-8. Nothing in Plaintiff's opposition refutes any of these arguments.

Plaintiff contends that Section 1983 applies to his claims because "The entire mask mandate and the way it is handled by the airlines is completely **under the color of the law**." ECF No. 240, at 2 (emphasis added). However, under Section 1983, the key is that the actions in question must be under color of **state** law. Yet Plaintiff fails to identify any "state law" that was allegedly violated because the Moving Defendants sought to comply with the Federal Transportation Mask Mandate ("FTMM") which of course is *federal* law, not state law. And while airlines implemented masking requirements before the Biden Administration introduced the FTMM in early 2021, such unilateral acts by airlines were not under color of any *state* law.

Plaintiff asserts that a case cited by the Moving Defendants, *West v. Atkins*, 487 U.S. 42, 28 (1988), actually "supports Plaintiffs' assertion that 1983 does apply here." ECF No. 240, at 3. However, that is not correct. In *West*, the Court held that a doctor **who was under contract with a state government** to provide medical services to inmates at a state prison hospital acted under color of state law, within the meaning of Section 1983. *See id.* at 52 ("Respondent, as a physician

2

employed by North Carolina to provide medical services to state prison inmates, acted under color of state law for purposes of § 1983 when undertaking his duties in treating petitioner's injury. Such conduct is fairly attributable to the State"; "The State bore an affirmative obligation to provide adequate medical care to [plaintiff]; the State delegated that function to respondent . . .; and the respondent voluntarily assumed that obligation by contract").

By contrast, there is no such allegation here that the Five Airline Defendants or their employees were under contract with any state government to provide services to Plaintiff – either because of some duty owed by the state government to Plaintiff or otherwise.

Plaintiff also argues that he alleged that Moving Defendants acted under color of state law because "the police consistently come to the plane, when there is an alleged mask violation." ECF No. 240, at 4; *id.* at 8 ("Doing it in coordination with the police and acting as the policemen, makes these actions a violation of section 1983"). However, the Complaint does not recite any allegations of when state police came to any airline operated by any of the defendant airlines, including American, Delta, JetBlue, Southwest or United, during a time in which Plaintiff was onboard and refusing to wear a mask. *See* ECF No. 198, at 4 ("However, there is no allegation in the Complaint that local law enforcement was called to deal with Plaintiff, including not in connection with the Five Airline Defendants.").

So, the alleged participation by state police in activity onboard aircraft is mere speculation and conjecture on the part of Plaintiff, who offers no factual allegation that state law enforcement somehow mistreated Plaintiff while he was onboard one of the Five Airline Defendants' aircraft. Regardless of what may or may not have happened to other passengers, there is no allegation in the Complaint that Plaintiff was subject to arrest or other actions by state police when Plaintiff was on the aircraft of the Five Defendants.

Plaintiff cannot create the existence of state action based on his concern that someday in some situation it is possible that a state or local law enforcement officer might get involved because Plaintiff refuses to wear a mask.

Similarly, although Plaintiff asserts that "Plaintiff is showing that Defendants coordinated their policing process with the State Police and were thus acting under the color of the law," (ECF No. 240, at 5), there is no allegation in the Complaint that American, Delta, JetBlue, Southwest or United "coordinated" any "policing process with the State Police," and not surprisingly, Plaintiff does not cite to any allegations in his Complaint to support this assertion.

Furthermore, even if the police were called to an aircraft (which is not alleged in the Complaint in connection with Plaintiff), that would not render the airline personnel acting under "color of state law." *See* ECF No. 198, at 4 n. 1 ("Even if there was evidence of police being called because of a disturbance involving refusal to wear a mask (and the Complaint does not contain such an allegation with regard to the Five Airline Defendants), a *de minimis* role played by local police officers does not rise to the level of state action.").

Finally, Plaintiff contends that "The Montreal Convention" cannot apply to Count Seven because it "doesn't govern United States federal disability laws." ECF No. 240, at 7. However, the Montreal Convention "preempts state **and federal claims that fall within its scope**." *Badar v. Swissport USA, Inc*., 492 F. Supp. 3d 54, 58 (E.D.N.Y. 2020) (emphasis added). And the Montreal Convention would preempt an argument by Plaintiff that the Airline Defendants and their employees are liable for violating Section 1983 in connection with international air transportation between the United States and a nation party to the Montreal Convention (which includes France and the Dominican Republic, the nation parties relevant here). *See* ECF 198, at 6-8.

## **CONCLUSION**

For the reasons set forth above and in their opening brief, Moving Defendants respectfully request that judgment be entered in their favor as to Count Seven of the Complaint because of the lack of any allegations to support the claim for violation of 42 U.S.C. § 1983.

Dated: New York, New York
   January 2, 2024

        Respectfully submitted,

        **STINSON LLP**

By:    */s/ Kieran M. Corcoran*
      Kieran M. Corcoran (KC4935)
      100 Wall Street, Suite 201
      New York, New York 10005
      Tel: (646) 883-7480
      Fax: (646) 883-7472
      kieran.corcoran@stinson.com

      Paul Lackey (PL7651)
      2200 Ross Avenue, Suite 2900
      Dallas, TX 75201
      Tel: (214) 560-2206
      Email: paul.lackey@stinson.com

      M. Roy Goldberg *(Admitted Pro Hac Vice)*
      1775 Pennsylvania Avenue, N.W., Suite 800
      Washington, D.C. 20006
      Tel: (202) 728-3005
      Email: roy.goldberg@stinson.com

      *Attorneys for American Airlines, Inc., Delta Air Lines, Inc., JetBlue Airways Corporation, Southwest Airlines Co., United Airlines, Inc., Robert Land, Debbie Castleton and Nathalie Simon (the "Moving Defendants")*