UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x
AARON ABADI,                                     :

                         Case No. 1:23-cv-04033-LJL

                Plaintiff,          :

   - against -                                   :

AMERICAN AIRLINES GROUP INC., et al,              :

               Defendants.        :

---------------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT MIGUEL MOREL'S MOTION TO DISMISS

Defendant Miguel Morel respectfully submits this Memorandum of Law in support of his Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) and (6). Defendant is represented by Condon & Forsyth LLP ("C&F") and hereby joins the Joint Motion to Dismiss previously filed by the other C&F-represented Defendants, [DE 179-180 and 228].

## ARGUMENT

Defendant Miguel Morel is an attorney with the law firm of Littler Mendelson, P.C. He corresponded with Plaintiff on behalf of Spirit Airlines, Inc. before Plaintiff commenced this litigation. *See* [DE 3-81 and 3-82]. Specifically, Plaintiff emailed Attorney Morel on December 11, 2021, conveying, in substance, a threat of litigation and a demand that Attorney Morel, on behalf of Spirit Airlines, declare Plaintiff exempt from mask-wearing based solely on Plaintiff's representation that he has a disability. In his email, Plaintiff did not refer to any specific Spirit flight or route. He asked:

> Can I, Aaron Abadi, fly on your client's airline without being discriminated against and without having to wear a mask? That means, I book a flight, come to the airport, notify your client's staff about my disability, and without any hinderance or harassment, I get to fly to where I would like to go.

1

[DE 3-81] at 3.

Plaintiff followed up on December 26, 2021 with a second email describing many of the legal claims that ultimately were set forth in his Complaint and threatening to sue Attorney Morel individually. *See* [DE 3-81] at 2. Attorney Morel responded the next day directing Plaintiff to the section of Spirit's website explaining the airline's masking policies and procedures in effect at the time, including detailed instructions for requesting a disability-based exemption. *See* [DE 3-81] at 1; [DE 3-82] (Spirit's mask exemption policy dated December 27, 2021). Plaintiff found these procedures "frustrating and unfair" and made no attempt to follow them or purchase a ticket on Spirit Airlines. *See* Complaint, [DE 3] at ¶ 604. Plaintiff argues that by sending him an email directing him to Spirit's policy (as opposed to unilaterally declaring him exempt from mask-wearing), Attorney Morel "was complicit in the discrimination, and was a driving force, aiding and abetting the violations" by Spirit. *See id*. at ¶ 703.

Plaintiff's claims against Attorney Morel are meritless where, *inter alia*, he is not alleged to have had any role in creating or enforcing the Federal Mask Mandate or Spirit's mask exemption policies – he simply directed Plaintiff to them. *See, e.g., Faiaz v. Colgate University*, 64 F. Supp. 3d 336, 367-68 (N.D.N.Y. 2014) (under New York law, attorneys cannot be held liable to third parties for acting on their clients' behalf, even for giving allegedly "erroneous" advice).

Furthermore, Plaintiff's claims are interwoven with his claims against Spirit and, as such, they fail under Rule 12(b)(6) for the reasons set forth in the C&F-represented Defendants' Motion to Dismiss. Accordingly, the arguments set forth on Spirit's behalf in the Memorandum of Law [DE 180] and Reply [DE 228] are incorporated herein in full.

Because Attorney Morel is an individual domiciled in Florida and his December 27, 2021 email had no connection to any actual or proposed business transaction in the State of New York (see

[DE 3-81]), the Court also lacks personal jurisdiction over Attorney Morel. To establish personal jurisdiction over Attorney Morel, the Complaint would have to contain averments that, if credited by the fact-finder, would satisfy New York's long-arm statutes, N.Y. C.P.L.R. §§ 301 and 302. *See, e.g., Kreit v. Byblos Bank S.A.L.*, No. 22-CV-10751 (LJL), 2023 WL 6977448, at *4 (S.D.N.Y. Oct. 22, 2023). The former requires a showing that the defendant is "engaged in such a continuous and systematic course of 'doing business' here as to warrant a finding of its 'presence' in this jurisdiction." *Landoil Res. Corp. v. Alexander & Alexander Servs., Inc.*, 918 F.2d 1039, 1043 (2d Cir. 1990). The latter requires a showing that the defendant either 1) transacted business in New York; 2) committed a tort in New York; 3) committed a tort outside New York causing injury in New York, if the defendant "regularly does or solicits business" in New York or "expects or should reasonably expect the act to have consequences" in New York and "derives substantial revenue" from interstate commerce; or 4) owns real property in New York. *See* N.Y. C.P.L.R. § 302(a).

Attorney Morel is only alleged to have communicated with Plaintiff as a representative of Spirit Airlines, not on his own personal business, and therefore cannot be subject to "doing business" jurisdiction under § 301. *See Giuliano v. Barch*, No. 16 CV 0859 (NSR), 2017 WL 1234042, at *6 (S.D.N.Y. Mar. 31, 2017). Plaintiff also cannot establish jurisdiction under any prong of § 302 on the basis of the two emails Attorney Morel sent from his office in Miami. *See Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246 (2d Cir. 2007) (holding that "transacting business" jurisdiction must be based a defendant's "purposeful activity" in New York). The emails give no indication that Plaintiff was present in New York or intended to purchase a ticket for transportation to or from New York. They simply inquire about Spirit's general policies on mask-wearing.

Plaintiff's allegations against Attorney Morel are analogous to those against Matthew Roberts, the British Airways employee also represented by C&F in this action. Like Mr. Roberts, Attorney

Morel's sole alleged contact with Plaintiff was to respond to his inquiry regarding Spirit's mask exemption policies by directing him to the policy. Accordingly, the legal arguments set forth on behalf of Mr. Roberts in the C&F-represented Defendants' Memorandum of law [DE 180] at 10-12 and Reply [DE 228] at 4-6 are incorporated herein in full.

Accordingly, as an alternative to dismissal under Rule 12(b)(6), the Complaint should be dismissed as to Attorney Morel under Rule 12(b)(2) because it fails to allege any connection whatsoever between his December 26, 2021 email and the State of New York.

## CONCLUSION

WHEREFORE, Defendant Miguel Morel respectfully requests that the Complaint be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(2) and (6) together with such other and further relief the Court deems just and proper.

Dated: New York, New York
       January 8, 2024

CONDON & FORSYTH LLP

BY: _____
Jonathan E. DeMay
jdemay@condonlaw.com
Zachary Groendyk
zgroendyk@condonlaw.com
7 Times Square, 18th Floor
New York, New York 10036
(212) 490-9100

*Attorneys for Defendant*
Miguel Morel

4