UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AARON ABADI,

               Plaintiff,

-against-

AMERICAN AIRLINES, INC. et al.,

               Defendants.

Civil Action Case No.:
1:23-cv-04033 LJL

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF AIR TAHITI NUI'S MOTION TO DISMISS

Submitted by:

Eckert Seamans Cherin & Mellott, LLC
Riyaz G. Bhimani, Esq.
10 Bank Street, Suite 700
White Plains, New York 10606
rbhimani@eckertseamans.com
(914) 286-2806

*Attorneys for Defendant*
*Air Tahiti Nui*

Defendant Air Tahiti Nui ("TN"), by its counsel, submits this Reply Memorandum of Law in further support of its motion to dismiss Plaintiff Aaron Abadi's ("Plaintiff") Complaint pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure ("TN's Motion") (ECF Doc. 212, 213).

**REPLY STATEMENT**

Plaintiff's Response in Opposition to the Motion to Dismiss by Defendant Air Tahiti Nui ("Opposition") (ECF Doc. 247) fails to articulate any plausible support for the claims enumerated in his Complaint (ECF Doc. 3). Instead, Plaintiff simply takes the position that the allegations in the Complaint are sufficient to assert causes of action against TN, without offering case law in support of his contentions in this regard. *See e.g.*, ECF Doc. 247, at 6 ("See the Complaint for more on this argument."); *id.* at 7 (noting argument "described in the Complaint"); *id.* at 8 ("This issue was addressed thoroughly in this Complaint."). When Plaintiff attempts to distinguish the cases cited in TN's Motion, he patently misstates the law. *See e.g.*, *id.* at 11 ("The truth is that preemption only is a problem when there is a conflict."). Moreover, Plaintiff improperly attempts to use his Opposition to respond to arguments raised in other Defendants' Motions to Dismiss, unrelated to the bases for dismissal that TN's Motion presented. *See e.g.*, *id.* at 14 (responding to argument presented by "[s]ome of the other Co-Defendants"); *id.* at 15 (same); *see also id.* at 2 ("At some airlines (not Air Tahiti) he was yelled at…."). As a result, as noted in TN's Motion and reiterated below, Plaintiff fails to meet the requisite showing to overcome dismissal pursuant to Rules 12(b)(1), 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure, even under this Court's more liberal review afforded to *pro se* litigants.[1]

---

[1] While courts "construe a *pro se* complaint liberally to raise the strongest arguments it suggests," a *pro se* complaint must nonetheless "state a plausible claim for relief." *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013) (internal citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 678 (2009) (explaining that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-

Consequently, TN respectfully submits that each of Plaintiff's claims asserted against it in the Complaint should be dismissed in their entirety, with prejudice.

## REPLY ARGUMENT

Plaintiff fails to meet his burden to establish that this Court can exercise personal jurisdiction over TN. As a result, all claims against TN should be dismissed pursuant to Rule 12(b)(2).[2] To the extent the Court finds that it has personal jurisdiction over TN, Plaintiff's claims still fail as a matter of law because, as the party invoking federal jurisdiction, he fails to allege facts establishing he has standing to file suit against TN. In addition, his claims for injunctive and declaratory relief fall within the confines of the mootness doctrine and must be dismissed pursuant to Rule 12(b)(1).

Even if Plaintiff were able to overcome these jurisdictional challenges, his Complaint against TN must still be dismissed, in its entirety, as he fails to state claims against TN for which relief can be granted. For example, the Airline Deregulation Act ("ADA") expressly preempts all his state and common law claims, which arise from or are otherwise related to aircraft boarding requirements, and the recognized exemptions to preemption do not apply. Counts 10 through 18 must also be dismissed because Plaintiff fails to demonstrate why his claims are exempt from long-standing precedent holding that the Air Carrier Access Act ("ACAA") does not confer a private right of action. Lastly, the Court can treat TN's arguments to dismiss Counts 7, 19, 27, 29, and 33 as uncontested and, thus, abandoned by Plaintiff and ripe for dismissal. TN, therefore, respectfully

---

unlawfully-harmed-me accusation") (internal citation omitted). In addition, even if a *pro se* plaintiff raises claims that are sufficiently pled, a "court may dismiss a claim as 'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless'—that is, if they are 'fanciful,' fantastic,' or 'delusional.'" *See Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quotations in original) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)).

[2] TN noted in its Motion that, of the 38 counts Plaintiff presented, it understood Plaintiff's Complaint as not alleging causes of action against TN in Counts 1 through 6 or Counts 35 and 38. *See* ECF Doc. 213, at 7 n.1. As Plaintiff did not dispute TN's stated understanding, (*see generally* ECF Doc. 247), TN does not need to address the allegations in those Counts, because it is undisputed that they are not directed at TN.

requests that the Court dismiss Plaintiff's claims against it alleging any state or common law causes of action, and those contained in Counts 7, 10–18, 19, 27, 29, and 33 of Plaintiff's Complaint, with prejudice, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**I.   PLAINTIFF FAILS TO ALLEGE FACTS TO SUPPORT PERSONAL JURISDICTION OVER TN**

Plaintiff asserts that, despite not operating service to New York, the Court may still exercise personal jurisdiction over TN in this lawsuit because its webpage represents that it provides codeshare service to New York. *See* ECF Doc. 247, at 4–5. However, as detailed in TN's Motion, an exercise of specific personal jurisdiction is two-fold. *Id.* Specifically, it requires a showing that the: (1) defendant transacts business within the forum state; and (2) claims asserted arise from the transacted business activity. *See* ECF Doc. 213 at 5–6 (citing *Eades v. Kennedy, PC Law Offs.*, 799 F.3d 161, 168 (2d Cir. 2015)). Even assuming, *arguendo*, that the contents of TN's webpage can be construed to conclude that it transacts business in the forum state,[3] Plaintiff fails to provide any evidence that his claims arise from TN's alleged business activity in New York. In the absence of such, Plaintiff fails to present sufficient facts to satisfy the second element of specific jurisdiction necessary to allow the Court to exercise personal jurisdiction over TN.

To the extent that Plaintiff's Opposition may be construed to separately assert that TN's webpage otherwise avails it to general jurisdiction in New York, Plaintiff's contention is similarly misplaced. As TN described in its Motion, "it must be an 'exceptional case' to find general jurisdiction when 'it is undisputed that defendant is not a New York corporation and does not maintain its principal of business in this state." ECF Doc. 213, at 12 (quoting *Zito v. United Airlines, Inc.*, 523 F.Supp. 3d 377, 384 (W.D.N.Y. 2021)); *see also Chufen Chen v. Dunkin'*

---

[3] TN maintains, however, that such a minimal showing of contacts with the forum state is insufficient to avail it to personal jurisdiction in New York.

3

*Brands, Inc.*, 954 F.3d 492, 500 (2d Cir. 2020) (concluding district court correctly dismissed plaintiffs' claims for lack of personal jurisdiction because, even though defendant maintained "numerous retail establishments in New York," plaintiff failed to show "company's relationship with New York was in any way significant or exceptional in relation to the company's nationwide business activity") (collecting cases). Plaintiff fails to proffer any facts to demonstrate this exceptional showing needed to support the Court's exercise of general jurisdiction over TN.

As a result, in the absence of either specific or general personal jurisdiction, TN respectfully submits that each of Plaintiff's claims against TN should be dismissed pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

## II. PLAINTIFF FAILS TO ALLEGE CONSTITUTIONAL STANDING

Plaintiff failed to meaningfully respond to its argument that he lacks constitutional standing to bring his claims. *See* ECF Doc. 247, at 5. As TN explained, Article III of the United States Constitution places an affirmative obligation on the party invoking federal jurisdiction to allege facts that establish his standing to bring suit. *See e.g.*, *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016); *Selevan v. N.Y. Thruway Auth.*, 584 F.3d 82, 88 (2d Cir. 2009). Despite being apprised of this standard in TN's Motion, Plaintiff's Opposition summarily refers the Court back to his Complaint. *Id.* Such a response is insufficient to establish the "irreducible constitutional minimum" of standing. *See Spokeo*, 578 U.S. at 338. Absent any colorable claim to combat TN's contentions that Plaintiff lacks standing, the Complaint against TN should be dismissed with prejudice pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## III. PLAINTIFF HAS NOT ILLUSTRATED THAT THE ACAA PROVIDES A PRIVATE RIGHT OF ACTION

In his Opposition, Plaintiff next asserts that this Court should conclude a private right of action exists under the ACAA because the "Circuit Court cases [cited by TN] were not en-banc"

4

and "were based on a mistake or misunderstanding." ECF Doc. 247, at 6. The mistake, he contends, is the Second Circuit's assertion that DOT possesses a sufficient regulatory enforcement scheme. *Id.* at 7. In other words, Plaintiff asserts that this Court should not follow *Lopez* because, in his estimation, it was wrongly decided.

Plaintiff does not proffer any controlling or persuasive Circuit or Supreme Court caselaw that, in his view, better represents the contours of an individual's rights under the ACAA. In the absence of such, Plaintiff fails to illustrate why this Court should disregard prior binding precedent concluding that the ACAA does not create an implied private right of action. *See Lopez v. JetBlue Airways*, 662 F.3d 593, 597 (2d Cir. 2011) (determining that "the ACAA manifests no congressional intent to create a private right of action in a federal district court"). For this reason, and those set forth more fully in TN's Motion, TN respectfully requests that this Court dismiss Plaintiff's claims alleging violations of the ACAA in Counts 10 through 18 of his Complaint with prejudice.[4]

### IV.  PLAINTIFF'S CLAIMS ARE MOOT

Next, Plaintiff alleges that his claims for injunctive and declaratory relief are capable of repetition and, thus, saved from the mootness doctrine. ECF Doc. 247, at 7–11. In support, he alleges that a high-volume of COVID-19 cases may recur, prompting the reinstitution of nationwide mask mandates and similar airline-related restrictions. *Id.*

In the Second Circuit, a moot case may still be justiciable "only in exceptional circumstances" if the underlying dispute is capable of repetition yet evading review. *Van Wie v. Pataki*, 267 F.3d 109, 113 (2d Cir. 2001). In this regard, "the complaining party's speculative and theoretical assertion that the issue in dispute was capable of repetition" is insufficient to make the

---

[4] Notwithstanding the absence of any private right of action afforded by the ACAA, TN respectfully notes that Plaintiff's recitation of the operative regulations is incorrect. *See* ECF Doc. 247, at 2–4 (citing 14 C.F.R. § 382.23(a)).

requisite showing. *Id.* at 114–15 (collecting United States Supreme Court cases). As such, "mere speculation that the parties will be involved in a dispute over the same issue does not rise to the level of a reasonable expectation or demonstrated probability of recurrence." *Id.* at 115 (quoting *Dennin v. Conn. Inter. Athletic Conf., Inc.*, 94 F.3d 96, 101 (2d Cir. 1996)) (internal quotations omitted).

In arguing that his claims are capable of repetition, Plaintiff offers speculative assertions that he may be required to submit a medical certificate to travel without a mask "[i]f tomorrow morning, there is an increase in [] COVID deaths" or "[i]f a new pandemic showed up." ECF Doc. 247, at 9. These hypothetical and conjectural scenarios do not equate to the requisite "exceptional situations" that must be present in order to evade the mootness doctrine. *See Dennin*, 94 F.3d at 101 (explaining that "mere speculation that the parties will be involved in a dispute over the same issue does not rise to the level of a reasonable expectation or demonstrated probability of recurrence") (internal quotations and citations omitted). As a result, TN respectfully submits that Plaintiff's claims for injunctive and declaratory relief do not fall within the narrow exception to the mootness doctrine. In turn, Plaintiff's Complaint against TN should be dismissed with prejudice as moot under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## V.  PLAINTIFF'S STATE LAW CLAIMS ARE EXPRESSLY PREEMPTED BY THE ADA

In response to TN's argument that his state and common law claims are preempted, Plaintiff contends that preemption only applies "when there is a conflict" with state and federal law. *See* ECF Doc. 247, at 11. Plaintiff is incorrect, and his state and common law claims are preempted by express Congressional command. *See* 49 U.S.C. § 41713(b)(1).

As the Supreme Court has repeatedly stated, "[p]re-emption may be either express or implied, and is compelled whether Congress' command is explicitly stated in the statute's language

or implicitly contained in its structure and purpose." *Morales v. Trans World Airlines*, Inc., 504 U.S. 374, 383 (1992) (alteration in original) (quoting *FMC Corp. v. Holliday*, 498 U.S. 52, 56–57 (1990)). Express preemption is straightforward, arising when Congress "define[s] explicitly the extent to which its enactments pre-empt state law." *English v. Gen. Elec. Co.*, 496 U.S. 72, 78 (1990). On the other hand, implied preemption arises when "in the absence of explicit statutory language, . . . Congress intended the Federal Government to occupy [a field] exclusively," or when state law "actually conflicts with federal law."' *Air Transp. Ass'n of Am., Inc. v. Cuomo*, 520 F.3d 218, 220 (2d Cir. 2008) (alteration and omission in original) (quoting *English*, 496 U.S. at 79).

As stated in TN's Motion, the ADA contains "an express preemption provision" which provides that states "may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier . . . ." *Id.* at 221 (quoting 49 U.S.C. § 41713(b)(1)). Because preemption of Plaintiff's state and common law claims is based on the ADA's express preemption provision, it is irrelevant whether the various state and local laws Plaintiff cites conflict with federal law. Rather, a conflict, as Plaintiff suggests, is only relevant in the absence of a statute's express preemption provision.[5]

All of Plaintiff's state and common law claims are connected to aircraft boarding requirements, and therefore, fall within a provision of an airline's "service." *See e.g.*, *Farash v. Cont'l Airlines, Inc.*, 574 F.Supp. 2d 356, 364 (S.D.N.Y. 2008), *aff'd*, 337 F. App'x 7 (2d Cir. 2009) (stating that claims "stemming from an airline's refusal to allow passengers to board directly implicate airline services."). In turn, the ADA expressly preempts Plaintiff's state and common law claims.

---

[5] Interestingly, Plaintiff's Opposition cites authority acknowledging preemption based on "express congressional command." *See* ECF Doc. 247 at 11–12 (referencing *Cipollone v. Liggett Grp., Inc*., 505 U.S. 504, 516 (1992)). However, Plaintiff's Opposition then ignores the authority he cites and erroneously concludes that "[t]here is no real preemption without a real conflict." *See id.* at 12.

7

To overcome express preemption, Plaintiff would need to illustrate that his breach of contract claim fits within the narrow exception articulated in *Wolens*. *See Wolens*, 513 U.S. at 228. Plaintiff's Opposition did not make such a plea, nor can it, because he did not enter into a contract with TN; *i.e.*, he did not actually purchase a ticket. *See* ECF Doc. 213, at 14. In the absence of any exception, and for the reasons explained herein, TN respectfully submits that Counts 20 through 34 and Count 36 of Plaintiff's Complaint are preempted by the ADA's express terms and should be dismissed with prejudice under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## VI. PLAINTIFF'S CLAIM UNDER 42 U.S.C. § 1986 IS TIME BARRED

In his Opposition, Plaintiff contends his claim for relief under 42 U.S.C. § 1986 in Count 9 of his Complaint is not time barred because the "situation was fluid" and the "discrimination was continuous over many months." ECF Doc. 247, at 13. Despite this contention, however, the only factual assertion that Plaintiff presents in his Complaint to support his claims against TN was a single email, dated October 14, 2021. ECF Doc. 3-74, at 3–4. Plaintiff cannot arguably contend, therefore, that he was unaware of when his claim under § 1986 allegedly accrued. For this reason, TN maintains that Plaintiff's claim under 42 U.S.C. § 1986 should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## VII. PLAINTIFF HAS NO CONSTITUTIONAL RIGHT TO TRAVEL

In its Motion requesting dismissal of Plaintiff's claims under 42 U.S.C. § 1983 and "infringement on his constitutional right to travel," TN explained that there is no constitutionally recognized right to international travel. *See* ECF Doc. 16–17. Specifically, TN proffered that because it does not provide domestic air transportation, Plaintiff's constitutional right to travel is not implicated in its services. In response to this argument, Plaintiff combats the "other co-

Defendants" contentions that "minor restrictions on travel simply do not amount to the denial of a fundamental right." ECF Doc. 247, at 14.  In addition, he contests the assertion that "[m]any Defendants keep saying that Plaintiff wasn't completely denied [the right to travel.]" *Id.* at 15.  Neither of these contentions have any bearing on TN's request for dismissal, or the fundamental basis on which it contends Plaintiff's claims should be dismissed.  TN, therefore, maintains that Counts 7 and 37 in Plaintiff's Complaint both fail as a matter of law and should be dismissed with prejudice under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### VIII. PLAINTIFF FAILS TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED

In his final responsive section, Plaintiff summarily refers the Court back to his Complaint. ECF Doc. 247 at 15.  Indeed, in his response to TN's argument requesting dismissal of his claims for relief under 42 U.S.C. §§ 1985 and 1986, Plaintiff offers one sentence: "Plaintiff elaborated in the complaint, carefully addressing all the arguments that Defendants were going to present with respect to these statutes." *Id.*

While TN appreciates that *pro se* litigants are afforded leniency when crafting a response to legal contentions, all litigants that appear before the court must still "generally [] inform themselves regarding procedural rules and comply with them." *See Caidor v. Onodaga County*, 517 F.3d 601, 605 (2d Cir. 2008).  Under Local Civil Rule 7.1, all opposition papers must "set[] forth the cases and other authorities relied upon in [opposition to] the motion[.]"  This requirement is especially salient here, where TN explained that it "has struggled to understand the precise contours of Plaintiff's allegations under §§ 1985 and 1986." ECF Doc. 213, at 23.  In other words, it remains unclear how Plaintiff contends that TN conspired to deprive him of equal protection, aside from his general proclamation that such a conspiracy existed.  Absent any further explanation

9

or insight offered, TN maintains that Counts 8 and 9 should be dismissed with prejudice under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### IX. PLAINTIFF ABANDONED HIS CLAIMS IN COUNTS 7, 19, 27, 29 and 33

Plaintiff's Opposition did not address TN's request for dismissal on the basis that Plaintiff is not entitled to relief under 42 U.S.C. § 1983, as presented in Count 7, or the Rehabilitation Act, as presented in Count 19; or TN's contention that Plaintiff's claims for intentional tort, intentional infliction of emotional distress, and injurious falsehoods in Counts 27, 29, and 33, are time barred. *See* ECF Doc. 213, at 21, 24. In the absence of a response, Plaintiff is presumed to have abandoned his claims in each of these Counts. *See e.g.*, *Molinari v. Bloomberg*, 564 F.3d 587, 594, n.4 (2d Cir. 2009) (explaining that "[a]lthough appellants do not appear to have made a direct statement that they have abandoned their … claims … they have in fact done so" and "argument will therefore be treated [] as having been waived"). TN, therefore, respectfully requests that the Court dismiss Plaintiff's claims against it in Counts 7, 19, 27, 29 and 33 of the Complaint, with prejudice, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## **CONCLUSION**

For the reasons set forth herein and discussed more fully in TN's Motion (ECF Doc. 212, 213), and upon the record of this action, TN respectfully submits that the Complaint against it must be dismissed, in its entirety, with prejudice.

Dated: January 9, 2024
      White Plains, New York

                                    Respectfully Submitted,

                                    Eckert Seamans Cherin & Mellott, LLC

                                    By:   *s/ Riyaz G. Bhimani*
                                          Riyaz G. Bhimani
                                    10 Bank Street, Suite 700
                                    White Plains, New York 10606
                                    rbhimani@eckertseamans.com
                                    (914) 286-2806

                                    *Attorneys for Defendant*
                                    *Air Tahiti Nui*

## Certificate of Service

I, Riyaz G. Bhimani, hereby certify that a true and correct copy of foregoing **REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF AIR TAHITI NUI'S MOTION TO DISMISS** on behalf of Defendant Air Tahiti Nui was served on January 9, 2024, upon all counsel of record including the Plaintiff *pro se* (at the e-mail address below) via the Court's CM/ECF Filing Portal, through which service is complete upon the transmission and receipt of the notice of docket activity of this document:

>Mr. Aaron Abadi
>Abadi.rne@gmail.com
>*Plaintiff Pro Se*

>*s/ Riyaz G. Bhimani*
>Riyaz G. Bhimani