UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AARON ABADI, | |
| Plaintiff, | |
| -against- | Case No.: 1:23-cv-04033-LJL |
| AMERICAN AIRLINES, INC., et al., | |
| Defendants. | |

**MEDAIRE, INC.'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT [DOCKET ITEM NO. 233]**

**Served January 10, 2024**

## INTRODUCTION

Despite the twenty-five (25) pages in opposition, Plaintiff fails to offer any support, factual or legal, to cure the shortcomings of his Complaint. In fact, Plaintiff's opposition actually serves to support MedAire's motion, as it confirms that he at no time booked travel on any airline that required MedAire to evaluate a request for a mask exemption. Thus, Plaintiff admits that (1) he never interacted with MedAire; (2) he never requested a mask-exemption from MedAire or an airline that forwarded the request to MedAire for handling; (3) MedAire never entertained any mask-exemption or conducted any medical screenings for Plaintiff; and (4) MedAire never recommended the denial of any mask-exemption request from Plaintiff. Plaintiff instead appears to rely on hypothetical assertions that MedAire would have rejected a mask exemption request if it was presented with one. This hypothetical pondering is insufficient to provide any basis for personal jurisdiction over, let along state a claim against, MedAire under the law.

Because Plaintiff has not identified any factual or legal basis to support a finding of personal jurisdiction over MedAire or a viable cause of action against MedAire, the Amended Complaint should be dismissed as against MedAire pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6).

**A.    MedAire is not subject to personal jurisdiction.**

Plaintiff appears to argue that this Court has specific personal jurisdiction over MedAire because:

1. He is a citizen of New York who "travels often to and from many other states, and international destinations";

2. MedAire provided services to numerous airlines that included advising on the mask policies and mask exemptions for airlines during the pandemic; and

3. MedAire conspired with the airlines and others to deny him the ability to fly.

Plaintiff's Opposition to MedAire's Motion to Dismiss, Docket Item No. 250 ("Opposition"), at pp. 10-12. Again, however, Plaintiff fails to allege any involvement of MedAire with his travel. He admits that he never purchased the ticket on Etihad (which could have potentially led to an interaction with MedAire) and does not allege that he purchased any other tickets that resulted in an actual interaction with MedAire. *See* Opposition, at pp. 7-8. Rather, he states that he "could not afford to buy the ticket and then hope they'll take me…." *Id.* at 8. This very assertion admits that he does not, as he could not, know what MedAire might have done if faced with a request for an exemption.

As Plaintiff notes, for specific jurisdiction, a **plaintiff's claims** "must arise out of or relate to the defendant's contacts" with the forum state. *Bristol-Myers Squibb, Co. v. Superior Court*, 137 S. Ct. 1773, 1780 (2017); *see also* Opposition, at p. 10 ("'specific jurisdiction,' applies only in cases of disputes that 'arise out of or are connected with the activities within the state.'"). Here, it is true that MedAire has contracts with various airlines to provide certain services for passengers traveling out of airports in New York; these services are provided remotely by people outside New York. Still, Plaintiff's hypothetical allegations do not create an actual "connection between [New York] and the specific claims at issue." *Bristol-Meyers*, 137 S.Ct. at 1781. Accordingly, there is no personal jurisdiction over MedAire, and Plaintiff's claims against MedAire should be dismissed. *See id.* at 1780-81.[1]

**B.    Plaintiff's claim for civil conspiracy under 42 U.S.C. §§1985(3) and 1986 should be dismissed.**

---

[1] Plaintiff also vaguely asserts: "[a]s the district judge from Texas determined, this gives this Court specific jurisdiction over this lawsuit." This seemingly refers to the Northern District of Texas' sua sponte transfer of this action to this Court, though Plaintiff cited to a case from the Eastern District of Texas in the paragraph above. *See* Opposition, at pp. 10-11. Neither Order supports Plaintiff's argument. The Northern District of Texas transferred this case here based on improper venue, and without any findings as to personal jurisdiction. *Aaron Abadi v. American Airlines, et al.* Case No. 2:23-cv-00074-Z, Doc. No. 9, p.1 (N.D. Tex. May 8, 2023) (Order) ("Plaintiff asserts venue is proper in this District under 28 U.S.C. §1391(b) or even (e)(1). [] Not so."). The Eastern District of Texas in *Loyalty Conversion Sys. Corp. v. American Airlines, Inc.* 66 F. Supp. 3d 813 (E.D. Tex. 2014) found specific personal jurisdiction over JetBlue for claims arising out of its loyalty program, but that was based on a finding that the claims being asserted arose out of JetBlue's activities in the state, something that Plaintiff fails to allege here.

Plaintiff does not make any argument in further support of the substance of these claims. Opposition, at p. 12. Accordingly, MedAire relies on its Motion to Dismiss. MedAire Memorandum of Law, at pp. 8-12.

Moreover, Plaintiff fails to set forth any compelling argument to overcome the one-year statute of limitations applicable to his Section 1986 claim. Plaintiff asserts that "he had no way of knowing he can sue and that he should sue much before he did sue." Opposition, at p. 12. To the contrary, however, Plaintiff filed a petition for review with the U.S. Court of Appeals for the D.C. Circuit on December 9, 2021. *Aaron Abadi v. TSA*, Case No. 21-1258, Doc. No. 1926144, p. 1 (D.C. Cir.). In that case, which Plaintiff filed 1.5 years before filing the instant suit, Plaintiff challenged the legality of TSA Security Directives which required "all passengers in the United States transportation sector wear face masks." Similarly, in another case filed by Plaintiff more than one year before the instant case was filed, Plaintiff stated:

> This is a case where the Petitioner is being discriminated against due to his disability that causes him not to be medically capable of wearing a mask. Almost all airlines have denied him access to fly with them without a mask. The ACAA discrimination laws are pretty clear and the DOT agrees that this is illegal discrimination as will be shown herein, yet it refuses to enforce those laws.

*Aaron Abadi v. DOT*, Case No. 22-1012, Doc. No. 1932300, p.1 (D.C. Cir. Jan. 23, 2022).

Accordingly, there is no basis for Plaintiff's claim that he lacked knowledge to file his Section 1986 claims during the one-year statute of limitations.

**C.     Plaintiff does not demonstrate a constitutional right to travel by aircraft.**

Plaintiff contends that there should be a constitutional right to travel by aircraft but fails to set forth any case law or legal authority in support. *See* Opposition, at pp. 13-14. To the contrary, as set forth in MedAire's Motion to Dismiss, "the Constitution does not guarantee the

3

right to travel by any particular form of transportation." *Gilmore v. Gonzalez*, 435 F.3d 1125, 1136 (9th Cir. 2006); *see also* MedAire Memorandum of Law, at p. 24.

### D. Plaintiff does not set forth a viable claim under the Air Carrier Access Act ("ACAA").

Plaintiff asserts that the ACAA applies to MedAire and sets forth a private cause of action. Neither is correct.

With regard to the former contention, Plaintiff cites to 14 CFR §382.15, which provides that "[a]s a carrier, you must make sure that your contractors that provide services to the public (including airports where applicable) meet the requirements of this part that would apply to you if you provided the services yourself." Opposition, at p. 14; 14 C.F.R. §382.15(a). Section 382.15 further requires carriers to include an assurance of compliance in their contracts with contractors. 14 C.F.R. §382.15(b). By its terms, however, 14 C.F.R. §382.15 applies to carriers, not their contractors. Moreover, Plaintiff's argument that this evidences the ACAA's applicability directly to contractors lacks any legal support. *See* Opposition, at pp. 14-16. Indeed, Plaintiff fails to respond to the cases cited in MedAire's motion to dismiss addressing claims against a contractor. *See* Opposition, at pp. 14-16; MedAire Memorandum of Law, at p. 13-14. Admittedly, there is limited jurisprudence on this issue. That which does exist, however, indicates that the ACAA does not apply to contractors.

Ultimately, however, MedAire is entitled to dismissal regardless of whether the ACAA applies to it because United States courts have held repeatedly that the ACAA does not provide a private right of action.[2] Plaintiff repeatedly refers to alleged shortcomings in the regulatory process. That is an issue for legislators, not the courts.

Finally, even if the ACAA did provide a private cause of action, which it does not, Plaintiff still fails to allege any actual action by MedAire regarding Plaintiff and instead alleges

---

[2] Contrary to Plaintiff's assertion, the Second Circuit's decision in *Lopez v. JetBlue Airways*, 662 F.3d 593, 597 (2d Cir. 2011) is binding precedent.

4

only in conclusory form that MedAire violated the ACAA. *See* MedAire Memorandum of Law, at p. 13; Complaint, at ¶¶1055, 1063, 1071, 1090, 1098, 1106, 1114, 1122. Mere conclusory allegations are insufficient to state a cause of action.

**E.       If Applicable, the ACAA preempts Plaintiff's Claims.**

On Page 16 of Plaintiff's Opposition, he includes a section entitled "Preemption by Federal Laws". A review of the argument contained in that section, however, evidences argument only with regard to ACAA preemption, without any response to MedAire's arguments regarding preemption under the Airline Deregulation Act or Federal Aviation Act (Plaintiff addresses preemption under the FTMM later in his brief). For the reasons set forth in MedAire's memorandum of law, both the ADA and FA Act preempt Plaintiff's claims. *See* MedAire Memorandum of Law, at pp. 16-19.

With respect to ACAA preemption, MedAire does not seek to have its cake and eat it too as contended by Plaintiff. MedAire clearly contends that the ACAA does not apply to MedAire based on the limited caselaw available. If, however, Plaintiff is able to persuade the Court that the ACAA does apply to MedAire, then it preempts Plaintiff's remaining claims. In this regard, Plaintiff's reliance on the Third Circuit's decision in *Elassaad v. Independence Air, Inc.*, 613 F.3d 119 (3d. Cir. 2010) is misplaced. In *Elassaad*, the Court found that the ACAA did not preempt the plaintiff's claims because "Elassaad did not claim that Independence Air violated any of its obligations under the ACAA, nor did he even suggest that discrimination played any role in its conduct toward him." *Id.* at 132. The Court added that "the ACAA is clearly directed at nondiscrimination." *Id.* Here, Plaintiff's claim quite precisely claim discrimination against him on the basis of his disability, the very subject of the ACAA. As such, the rationale in *Elassaad* is inapplicable and preemption is proper.

**F.       Plaintiff does not set forth any viable claim under various state civil rights laws.**

5

Plaintiff argues that federal "[p]reemption does not apply, as the entire purpose of state human rights laws are in addition to federal laws. If preemption existed, these laws would all be meaningless. The only time preemption exists is if there is a conflict" Opposition, at p. 18. As an initial matter, **Plaintiff's description of preemption law is incorrect.** Preemption therefore occurs when federal law: (1) expressly ousts state law (express preemption); (2) exclusively occupies the field state law seeks to regulate (field preemption); **or** (3) actually conflicts with state law (conflict preemption). *Air Transp. Ass'n of Am., Inc. v. Cuomo*, 520 F.3d 218, 220 (2d Cir. 2008) (citing cases). Of import, Plaintiff does not actually address any of MedAire's arguments regarding preemption. *See* Opposition, at pp. 17-18; *see also* MedAire Memorandum of Law, at pp. 15-19.

Accordingly, MedAire relies on its Motion to Dismiss that Plaintiff's claims for violations of various states' civil rights acts should be dismissed as preempted by the Airline Deregulation Act (49 U.S.C. §41713(b) ("ADA")), the FTMM (42 U.S.C. §264(e)),[3] the FA Act (49 U.S.C. §40101, et seq.), and the ACAA (49 U.S.C. § 41713(b)), if the ACAA is deemed applicable to MedAire. *See* MedAire Memorandum of Law, at pp. 15-19.

G.   **Plaintiff fails to set forth a viable claim for any intentional or unintentional tort.**

Plaintiff does not make any argument in further support of these claims, instead referring only to the Complaint. Opposition, at p. 18. Accordingly, MedAire relies on its Motion to Dismiss. MedAire Memorandum of Law, at pp. 19-20.

H.   **Plaintiff does not set forth a viable claim for promissory estoppel.**

Plaintiff fails to respond to MedAire's arguments that his state law claim for promissory estoppel is preempted by federal law. *See* Opposition, at p. 19. Accordingly, MedAire relies on

---

[3]   Plaintiff asserts that the FTMM could not preempt Plaintiff's claims because the FTMM is not a law and was not even legal. Opposition, at p. 18. Of course, it was a law, and the airlines (and their contractors such as MedAire) had to abide by it while it was in effect. Plaintiff cites no authority to the contrary.

6

its Motion to Dismiss. MedAire Memorandum of Law, at pp. 20-21. MedAire also argued that in addition to preemption, Plaintiff also failed to plead the necessary elements of promissory estoppel under New York law. *See* MedAire Memorandum of Law, at p. 21. Plaintiff's opposition fails to assert, let alone establish, the he had. Plaintiff's reference to brochures fails to evidence that MedAire made any promise, much less one that was clear and unambiguous, that Plaintiff would be permitted to fly during the pandemic without a mask.

**I.      Plaintiff does not set forth a viable claim under the Rehabilitation Act.**

Plaintiff does not make any argument in further support of this claim. Opposition, at p. 19. Accordingly, MedAire relies on its Motion to Dismiss. MedAire Memorandum of Law, at pp. 14-15.

**J.      Plaintiff does not set forth a viable claim for injurious falsehoods.**

Plaintiff does not make any argument in further support of this claim. Opposition, at p. 19. Accordingly, MedAire relies on its Motion to Dismiss. MedAire Memorandum of Law, at p. 21.

**K.      Plaintiff does not set forth a viable claim for invasion of privacy.**

Plaintiff does not even attempt to address MedAire's motion to dismiss the claim for invasion of privacy (i.e., there is not even a section in Plaintiff's Opposition relating to this claim). *See generally* Opposition. Accordingly, MedAire relies on its Motion to Dismiss with regard to this claim. MedAire Memorandum of Law, at pp. 21-22.

**L.      Plaintiff fails to state a viable claim for medical malpractice.**

While Plaintiff's argument is not a model of clarity, he apparently concedes that a medical malpractice claim requires some level of treatment. Opposition, at p. 19 ("… Plaintiff[] did not choose this treatment); *Id.* at p. 20 ("our case would be more similar to a child who goes to the camp doctor and gets pills, and then has some injuries based on that."). He then asserts:

7

"Here, a medical decision was made, and the patient was forced to wear a mask…." *Id.* at 20. Even assuming that MedAire's review of a request for an exemption could constitute medical treatment – it quite clearly could not – Plaintiff is speaking in hypotheticals, as we know that he never requested a mask exemption that MedAire reviewed. For the purpose of absolute clarity, MedAire was never engaged to review a request by Plaintiff for a mask exemption, it never reviewed any information relating to Plaintiff, and never made any recommendation as to whether Plaintiff should be given an exemption from wearing a mask on any flight.

Plaintiff further asserts that "[w]hile Plaintiff[] did not choose this treatment, Defendants, Medaire & Stat-MD did choose and contract to provide medical services to passengers with disabilities, in order to determine if they should or should not fly without a mask." Opposition, at p. 19. Again, **MedAire does not provide any medical services to potential passengers**. MedAire provides advisory services to its airline clients following a specific request from the airline to review the medical information. MedAire does not assess whether the information provided represents an accurate diagnosis nor does it provide any diagnosis. It simply reviews the record and recommends whether an exemption to the mask requirement should be granted based on the information provided.

Lastly, Plaintiff ignores MedAire's argument that any such claim would be preempted by the ADA. *See* MedAire Memorandum of Law, at p. 23.

**M.    Plaintiff does not set forth a viable claim for fraudulent misrepresentation.**

Plaintiff does not make any argument in further support of this claim. Opposition, at p. 20. Accordingly, MedAire relies on its Motion to Dismiss. MedAire Memorandum of Law, at pp. 23-24.

**N.    Plaintiff's claims are moot.**

Plaintiff's claims against MedAire are moot (and were moot when filed), given the fact that the FTMM was effectively terminated on April 18, 2022, more than a year before Plaintiff filed his Complaint. *See* Complaint. Plaintiff disputes this, asserting that: "If tomorrow morning, there is an increase in the Covid deaths and hospitalizations, it is likely that they will try to reinstate mask mandates. If a new pandemic showed up, it is likely that they will try to reinstate mask mandates." Opposition, at p. 21. Such speculation as to what might occur in the future does not avoid a finding of mootness. *See, e.g., Brown v. City of New York*, 2010 WL 60914, *1 (E.D.N.Y. Jan. 8, 2010) ("the court finds that plaintiffs' allegations of imminent harm are likely moot or in any event too speculative to justify injunctive relief"); *Cobb v. Yost,* 342 Fed. Appx. 858, 859 (3d Cir. 2009) (mootness cannot be overcome by speculation that the Plaintiff may return to prison).

Additionally, Plaintiff points to a ruling, with underlined text for extra emphasis as to mootness that was issued prior to the Eleventh Circuit's decision in *Health Freedom Defense Fund, Inc. v. Biden*, 71 F. 4th 888 (11th Cir. 2023) on June 22, 2023. *See* Opposition, at p. 22 (citing *Wall v. Transportation Sec. Admin*, 2023 WL 1830810 (D.C. Cir. Feb. 9, 2023)). Because the FTMM no longer exists, and the airline defendants are not requiring passengers to wear masks, Plaintiff's claims are moot. The hypothetical possibility of some sort of an undefined mask-mandate at some point in the future cannot serve as the basis for Plaintiff's claims. "Nothing in the text of the Mandate suggests that it can be revived after its expiration, and there is not a grain of evidence that the CDC has any plans to promulgate an identical mandate." *Health Freedom Defense Fund*, 71 F. 4th at 892.

O.     **Plaintiff's request for punitive damages is preempted by the ADA.**

MedAire demonstrated in its Motion to Dismiss that Plaintiff's request for punitive damages is preempted by the ADA. *See* MedAire Memorandum of Law, at p. 25. Plaintiff's two-

9

page "argument" regarding punitive damages does not address ADA (Airline Deregulation Act) preemption. Opposition, at pp. 23-25. Accordingly, MedAire relies on its Motion to Dismiss. MedAire Memorandum of Law, at p. 25.

## CONCLUSION

Based upon the foregoing, as well as MedAire's Motion to Dismiss (Docket Item No. 233), MedAire respectfully requests that its Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2), and 12(b)(6) be granted in all respects.

Dated: New York, New York
January 10, 2024

Respectfully Submitted,

By: _____
Barry S. Alexander
Victor Rane
14 Wall Street, 20th Floor
New York, New York 10005
Tel: (646) 585-4320
Email: balexander@victorrane.com

Brittany C. Wakim (*pro hac vice*)
Victor Rane
1650 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (267) 297-3356
Email: bwakim@victorrane.com

*Attorneys for Defendant*
*MedAire, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AARON ABADI, | : |
| Plaintiff, | : |
| -against- | : Case No.: 1:23-cv-04033-LJL |
| AMERICAN AIRLINES, INC., et al., | : |
| Defendants. | : |

### CERTIFICATE OF SERVICE

On January 10, 2024, I caused a true and accurate copy of the foregoing Notice of MedAire, Inc.'s Motion to Dismiss to be served on all counsel of record on the Court's CM/ECF system and on Plaintiff Aaron Abadi via email and First Class U.S. Mail:

Mr. Aaron Abadi
82 Nassau Street, Apartment 140
New York, New York 10038
abadi.rne@gmail.com

Dated: New York, New York
January 10, 2024

By: _____
Barry S. Alexander
Victor Rane
14 Wall Street, 20th Floor
New York, New York 10005
Tel: (646) 585-4320
Email: balexander@victorrane.com