UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AARON ABADI,

                      Plaintiff,

-against-

AMERICAN AIRLINES GROUP, INC., *et al.*,

                      Defendants.

23-CV-4033 (LJL)

ORDER

LEWIS J. LIMAN, United States District Judge:

      Plaintiff Aaron Abadi ("Plaintiff"), who has a sensory processing disorder that prevents him from wearing a mask, brings suit against numerous airlines, among others, alleging that the airlines violated disability law by following the government's mask mandate during the COVID-19 pandemic. The Court has before it numerous motions to dismiss. The first three motions to dismiss that are fully briefed are those submitted by (1) Defendants American Airlines, Inc., Delta Airlines, Inc, JetBlue Airways Corp., Southwest Airlines Co., United Airlines, Inc., Robert Land, Roy Goldberg, Debbie Castleton, and Natalie Simon (the "Domestic Airlines"), Dkt. Nos. 121, 197; (2) Defendant Silver Airways ("Silver"), Dkt. No. 130; and (3) Defendants Concesionaria Vuela Compania de Aviacion, S.A.P.I. de C.V., Royal Air Maroc, Aerovias de Mexico S.A. de C.V., Transportes Aereos Portugueses, S.A., Spirit Airlines, Inc., Avianca S.A., Singapore Airlines, LATAM Airlines Group S.A., Iberia Lineas Aereas De Espana, S.A., Operadora, Sociedad Unipersonal, LOT Polish Airlines, S.A., British Airways P.L.C., and Matthew Roberts, Dkt. No. 179, (the "Foreign Airlines" and, with Silver and the Domestic Airlines, the "Moving Defendants").

1

In summary, Plaintiff alleges that "over 50 airlines" refused to allow him to fly without a mask in violation of various federal and state laws protecting individuals with disabilities. Dkt. No. 3 ¶¶ 178, 797. However, with few exceptions (American, British Airways, JetBlue, Delta, United), Plaintiff does not appear to allege that he attempted to fly on the airlines operated by the Moving Defendants, that he was denied access to their flights, or facts to support that it was plausible that he would have purchased a ticket to fly on the flights offered by the Moving Defendants but for their mask policies. He also affirmatively alleges that the discrimination he claims he suffered continued until shortly after April 18, 2022, when the federal mask mandate terminated. *E.g.*, Dkt. No. 3-1 ¶ 669.

The Court has an independent obligation to ensure that Plaintiff has standing for each claim he makes and for each form of relief he seeks. *Town of Chester v. Laroe Estates, Inc.*, 581 U.S. 433, 439 (2017). In order to have standing, Plaintiff must "have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). It is not clear, on the face of the complaint, that Plaintiff has sufficiently pleaded injury in fact—a "concrete, particularized, and actual or imminent" injury. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021); *cf. Earl v. Boeing Co.*, 53 F.4th 897, 901–02 (5th Cir. 2022).

Plaintiff shall file a supplemental brief within three weeks from the date of this order, February 3, 2024, addressing whether he has standing for his claims against Southwest Airlines Co., Silver, Concesionaria Vuela Compania de Aviacion, S.A.P.I. de C.V., Royal Air Maroc,

Aerovias de Mexico S.A. de C.V., Transportes Aereos Portugueses, S.A., Spirit Airlines, Inc., Avianca S.A., Singapore Airlines, LATAM Airlines Group S.A., Iberia Lineas Aereas De Espana, S.A., Operadora, Sociedad Unipersonal, and LOT Polish Airlines, S.A.  The Moving Defendants shall submit a supplemental brief in response within two weeks, by February 17, 2024.

SO ORDERED.

Dated: January 16, 2024  
      New York, New York

                                                   LEWIS J. LIMAN  
                                                   United States District Judge