# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

**AARON ABADI,**

    Plaintiff

V.

**AMERICAN AIRLINES, INC., et al**

**CASE #  1:23-cv-04033-LJL**

# PLAINTIFF'S RESPONSE IN OPPOSITION TO THE

# MOTION TO DISMISS BY DEFENDANT MIGUEL MOREL

BY:

AARON ABADI
Pro Se Plaintiff
82 Nassau Street Apt 140
New York, NY 10038
Tel: 516-639-4100
Email:  aa@neg.com

1

COMES NOW Plaintiff, *pro se*, and responds to Defendant's Motion to Dismiss (Docs. 261 & 262). Defendant has one main argument, and a few small points, and wants the Court to dismiss the case on that basis. Plaintiff will show that the arguments are not correct, and will ask this Court to DENY this Motion to Dismiss.

Plaintiff, Aaron Abadi, has sensory processing disorder. He cannot wear a mask or glasses, or anything on his head or face. When the airlines started requiring masks, they refused to allow Plaintiff to fly, and/or discriminated against him constantly. He was yelled at, denied access to fly, and even once left stranded in France. This lasted throughout the mask policies and mandates. He provided evidence of his disability, but these airlines did not care.

The inability to travel, caused severe financial injuries to Plaintiff, who is currently penniless and had to file this with the generous help of the Court, through an IFP Motion. Plaintiff had his entire income destroyed and ability to make income was taken from him.

The Motion to Dismiss addresses one main issue, and Plaintiff will respond accordingly. This particular Defendant, Miguel Morel ("Morel") is one of two attorneys for the airlines that Plaintiff alleges participated personally in the discrimination itself. An attorney who commits a crime in the name of its client does not get exonerated, just because he happens to be an attorney.

## ARGUMENTS

## PLAINTIFF CAN SUE THE ATTORNEY IN THIS CASE

As described and argued in the Complaint, the attorney, Miguel Morel, in this case went beyond the level of advising his client, and actually participated in the violations themselves. He can no longer hide beneath the veil of attorney/client, as he was a participant. If a client robs a bank and his attorney opens the safe for him, he is no longer protected as the attorney.

## JURISDICTION

Defendant is trying to argue that there is no jurisdiction over them in this Court. Being that this attorney represented Spirit Airlines, Inc. ("Spirit") which operates significantly in the State of New York, and his involvement in the discrimination was affecting Plaintiff's travel to and from New York, and therefore he is under the New York long-arm statute and this Court has jurisdiction.

Specific Personal Jurisdiction: "A more limited form of submission to a state's authority, referred to as "specific jurisdiction," applies only in cases of disputes that "arise out of or are connected with the activities within the state." Int'l Shoe, 326 U.S. at 319, 66 S.Ct. 154." Loyalty Conversion Systems Corporation v. American Airlines, Inc. (E.D. Tex. 2014) 66 F.Supp.3d 813, 819.

This Plaintiff is a citizen of New York State and traveled often to and from many other states, and international destinations. This Defendant conspired with the airlines and others to deny him the ability to fly, and/or to deny him the ability to utilize the airlines and transportation options in the same manner or similar to the non-disabled in violation of the statutes listed herein. As the district judge from Texas determined (by sending the case to this Court), this gives this Court specific jurisdiction over this lawsuit.

The New York Long-Arm Statute subjects a defendant to specific jurisdiction where the defendant: (1) transacts business within the state; (2) commits a tort within the state; (3) commits a tort outside the state causing injury within the state, if the defendant either, "does or solicits business, or engages in any other persistent course of conduct, . . . derives substantial revenue from goods used or consumed or services rendered, in the state or, expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce;" or (4) "owns, uses or possesses any real property situated within the state." N.Y.C.P.L.R. § 302 (a)(1) -(a)(4).

Even according to Miguel Morel's arguments, he still falls under the New York long-arm Statute, since he committed "a tort outside the state causing injury within the state." Either way, the jurisdiction is right here, in this Court.

# **DEFENDANT IS AN ATTORNEY, BUT HE WAS DIRECTLY INVOLVED IN THE DISCRIMINATION ITSELF**

Plaintiff asked Defendant Morel (Complaint Doc 3-81 – Exhibit 76) if he can speak to his client and let him know if he can fly on Spirit, and/or if they will be honoring the federal laws that require them to allow me to travel, even though I cannot wear a mask due to my disability.

Morel sent back a copy of the rules required by his client, Spirit, as an attachment, and wrote,

> "That being said, please review Spirit's website under its FAQ's for information regarding what is required to request a face mask medical exemption. You can access the website by clicking on the following link: https://www.spirit.com/notices#FAQs A .pdf of the FAQ's section of the website is attached for your convenience."

The requirements by Spirit are so extensive and almost impossible to jump through all those hoops. Here is a synopsis:

> "…If you meet the criteria above, you then need to meet all the requirements by following the steps listed below:
>
> 1. Contact us 48 hours prior to scheduled departure to let us know you will be asking for an exemption on the day of your flight. You can contact us through our Chat feature here or via WhatsApp at 855-728-3555 with the words "ADA face mask exemption." (violation of 14 CFR 282.11 & 382.25 & 382.33)

2. Arrive at the airport 3 hours prior to your flight's scheduled departure since you may be screened by our medical experts. (violation of 14 CFR 282.11 & 382.33)

3. Have your medical doctor or medical professional complete the Spirit ADA Face Covering Exemption Form or provide a letter from your medical doctor. This letter needs to be dated 10 days prior to departure for each flight on your itinerary (including your return flight) and needs to meet all the following requirements: (violation of 14 CFR 282.11 & 382.23 & 382.33)

    o Be on the medical doctor office's official letterhead
    o Acknowledge that you have a disability recognized under the ADA/ACAA that inhibits you from wearing a mask or from safely wearing one
    o Acknowledge that the doctor understands that this exemption is not for a person who simply may find mask wearing difficult
    o State that you are under their care and they specialize in the area pertaining to your disability
    o Contain the medical professional's NPI number (if available)
    o Contain the medical professional's license number, license type, and date license was issued
    o Have the license jurisdiction
    o Contain the medical doctor's business name
    o Contain the medical doctor's business phone number

4. Present a negative COVID-19 PCR or Antigen test result, taken within 24 hours prior to scheduled departure at the airport. Please see requirements for testing:  (violation of 14 CFR 282.11 & 382.23 & 382.33)
    o The test result can be in written or electronic form and must include information that identifies the person, a specimen collection date and the type of test."

All regular normal people can fly by just ordering a ticket online and heading to the airport. This airline through its attorney required me to provide a

Covid test and provide a letter from my doctor that cannot be more than 10 days old. There's no evidence that a sensory processing disorder is a medical condition that will suddenly disappear, so that I need to keep reconfirming. Must I go to the doctor every 10 days to double-check that I still have sensory processing disorder?! That's just added as a way to discourage me from flying.

Do other passengers without disabilities have to provide such a letter, or any of the other obnoxious demands? This is frustrating and unfair. As a disabled person they're required to accommodate me. This is blatant discrimination against me due to my disability. These are multiple violations of both federal and state disability laws.

The DOT made it very clear to all the airlines that they must honor such exemptions, but seemingly this airline does not care. Not allowing me to fly like other people is a violation of the ACAA laws, as described above, and it is classic discrimination."

By personally being involved in denying me access to fly and requiring all these regulations in order to discourage me from flying, Morel participated personally in the acts of discrimination themselves, and is legally liable.

7

## **CONCLUSION**

This case is a complex case, with many aspects, both of facts and legal issues. The above response in conjunction with the Complaint itself should sufficiently resolve any of the issues brought up in the Motion to Dismiss. The U.S. Constitution affords each citizen a right to due process. Plaintiff asks this Court to allow for the lawsuit to proceed and we can address all these items in trial. A motion to dismiss should not be used to take away a person's right to justice.

**WHEREFORE**, Plaintiff asks this court to DENY Miguel Morel's motion to dismiss.

Respectfully submitted this 14th Day of January, 2024.

*s/Aaron Abadi*

AARON ABADI, Plaintiff
82 Nassau Street Apt 140
New York, NY 10038
516-639-4100
Email: aa@neg.com