UNITED STATES DISTRICT COURT
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AARON ABADI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:23-cv-04033-LJL |
| ) | |
| AMERICAN AIRLINES GROUP, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS OF FRONTIER AIRLINES, INC. AND ALLEGIANT AIR, LLC**

/s/ Evan Kwarta
Evan Kwarta
SDNY Bar No.: EK0712
NY Bar No.: 4401543
HINSHAW & CULBERTSON LLP
800 Third Avenue, 13th Floor
New York, NY 10022
Phone: (212) 471-6200
Fax:    (212) 935-1166
Email: ekwarta@hinshawlaw.com

Brian T. Maye
HINSHAW & CULBERTSON LLP
151 North Franklin Street, Suite 2500
Chicago, IL 60606
Tel: (312) 422-5313
Fax: (312) 704-3001
Email: bmaye@hinshawlaw.com
(*Pro Hac Vice*)

Dated: January 16, 2024

i

**INTRODUCTION**

Defendants FRONTIER AIRLINES, INC. ("Frontier") and ALLEGIANT AIR, LLC ("Allegiant") (collectively "Defendants"), by and through their undersigned counsel, respectfully submit this Reply Memorandum of Law in further support of their motion to dismiss each of the 29 separate counts[1] asserted against them.

Plaintiff's Opposition (Dkt. No. 249) did not refute any of the factual or legal arguments Frontier and Allegiant made in their moving papers. Indeed, many of Defendants' primary arguments, such as that Plaintiff lacks standing to assert claims against Frontier and Allegiant because he never purchased a ticket from either, were not addressed at all. And, rather than truly attempting to address Defendants' other critical arguments, such as that the majority of Plaintiff's claims are preempted by the ACAA for which there is no private right of action,[2] Plaintiff simply asked the Court to change the law to accommodate him, claiming not that Defendants' arguments are wrong, but that the law does not help him. *See, e.g.*, *id.* at 219 (arguing that the Court must create a private right of action under the ACAA because the statute allegedly does not work).

The bottom line is that all Counts asserted against Defendants fail on the law and on the facts asserted in the Complaint itself. Plaintiff's Complaint as against Defendants should be dismissed in its entirety without leave to amend.

---

[1] As set forth in Defendants' moving papers, the number of Counts asserted against Defendants is unclear because of the sprawling, conclusory, and unspecific nature of Plaintiff's Complaint. *See* Dkt. No. 218 at 13, n.1 (all page cites refer to ECF-stamped page numbers); *see also* Dkts. 3, 3-1, 3-2. Plaintiff did not clarify which Counts are asserted against Defendants in his Opposition. *See generally* Dkt. No. 249. Any possible Counts should be dismissed anyway. *See* Dkt. No. 218, at 13, n.1.

[2] All defined terms herein have the same meaning as in Defendants' moving papers, Dkt. No. 218.

# ARGUMENT[3]

## I.     PLAINTIFF LACKS STANDING

As set forth in Defendants' moving papers (*see* Dkt. No. 218 at 21-22), Plaintiff lacks standing to assert claims against Frontier and Allegiant because he never bought a ticket from either. He did not meaningfully address this argument, stating only that he has claims and that he suffered injuries. *See* Dkt. No. 249 at 11. But such injuries (which do not exist)[4] could not have arisen from Allegiant's and/or Frontier's conduct given that Plaintiff never purchased a ticket from either, thereby defeating any argument as to standing. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61, 561, n.1 (1992).

## II.    PLAINTIFF'S CLAIMS ARE MOOT

Plaintiff's claims are moot—he has no cognizable action for money damages against Frontier and Allegiant because he never bought a ticket from them and his claims for injunctive relief are moot as there is nothing to enjoin. *See* Dkt. No. 218 at 18-20, 46-47. Plaintiff responds that his claims are not moot because the U.S. could re-impose a mask mandate at any time. That argument fails for two reasons. First, as explained in Defendants' moving papers (*see id.* at 46-47) his speculation cannot create a ripe claim. Second, whatever the United States does is not in Defendants' control—if an identical mask mandate were to be re-promulgated and Plaintiff bought

---

[3] Plaintiff devotes much of his opposition to Defendants' alleged arguments that "attacked the victim," called him a "serial litigant," and misdescribed the online anti-mask coalitions to which he belongs. These arguments appear mostly to respond to points raised in briefs by other defendants, not Frontier and Allegiant. Defendants note only that Plaintiff is indeed a member of online anti-mask coalitions and that he has filed a number of anti-mask actions. *See* Dkt. No. 218 at 16-18.

[4] As with Defendants' moving papers, Frontier and Allegiant adopt all arguments set forth in the replies of other defendants, including Dkt. Nos. 199, 228, and 256.

a ticket to either Defendant, they would individually examine his exemption request per the DOT's instructions. *See, e.g.*, *id.* at 19-20. Plaintiff has no live controversy for this Court to adjudicate.

### III.   PLAINTIFF'S CLAIMS FOR VIOLATIONS OF U.S. CIVIL RIGHTS LAWS FAIL

Plaintiff's response to Defendants' assertion that his claims asserted under 42 U.S.C. §§ 1983, 1985(3), and 1986 fail did not address Defendants' arguments; instead, he cites examples in which Plaintiff allegedly was mistreated by *other* defendants and claims speculative harm. *See, e.g.*, Dkt. No. 249 at 14 (arguing against JetBlue and Delta, not Frontier or Allegiant); *see also id*. at 18 (conceding "it is impossible to know if there will be harm"). Regardless, Plaintiff's claims fail for the reasons set forth in Defendants' moving papers (*see* Dkt. No. 218 at 22-30), and Plaintiff has not cited to any case law contradicting Defendants' arguments, and he has not rebutted the fact that there is no predicate for applying these statutes to a claim involving masking onboard aircraft.

To reiterate, these civil rights statutes do not apply to persons claiming an inability to wear a mask during Covid, Plaintiff does not identify any new facts to refute Defendants' showing that they did not act under color of *state* law (or any law for that matter) and does not meaningfully refute that Defendants did not conspire with each other or anyone else.

On the last of these points, Plaintiff argues that "Forty-six airlines, federal agencies, medical advisory companies, and their employees all happen to be doing the exact same discrimination, yet there was no conspiracy" in attempt to sarcastically prove a conspiracy (*see* Dkt. No. 249 at 17), but he set forth no actual facts suggesting a conspiracy and failed to controvert Defendants' argument that the coincidence is explained by the simple fact that all defendants were simply following the law. *See, e.g.*, Dkt. No. 218 at 36. The Court need not allow Plaintiff discovery to know that the simplest explanation is correct—Defendants were implementing the FTMM because they were following DOT directives, not because they were conspiring with all

3

other defendants to harm Plaintiff. *See Bell Atl. Copr. v. Twombly*, 550 U.S. 544, 556-57 (2007) (setting the motion to dismiss standard while holding "[w]ithout more, parallel conduct does not suggest conspiracy.").

Finally, Plaintiff's suggestion that he thought was complying with the Section 1986 statute of limitations even though he filed his action too late does not rescue his claim inasmuch as that would contradict the purpose of any statute of limitations. Further, it is clear that Plaintiff had knowledge of a potential claim as far back as 2021, when he filed a mask complaint in the D.C. Circuit, so he cannot claim ignorance or mistake. *See Abadi v. TSA*, No. 21-1258 (D.C. Cir.); *see also Abadi v. DOT*, No. 22-1012 (D.C. Cir.) (another case Plaintiff filed alleging wrongful discrimination further demonstrating that Plaintiff was aware of his rights). Finally, Plaintiff's filing of DOT complaints against Defendants is unrelated to his civil rights claim and does not excuse his failure to comply with Section 1986's time-bar.

### IV.  FEDERAL LAW PREEMPTS PLAINTIFF'S FEDERAL CIVIL RIGHTS CLAIMS AS WELL AS HIS TORT CLAIMS, AND THE ACAA PROVIDES HIM NO PRIVATE RIGHT OF ACTION FOR HIS TORT CLAIMS

Plaintiff's Opposition failed to provide any legal reason for why he could use aforementioned civil rights statutes to circumvent the ACAA. He cannot. *See* Dkt. No. 218 at 26. Those claims should be dismissed for that additional reason.

Moreover, the ACAA preempts the entirety of Plaintiff's state law tort claims, and bars a private right of action. In opposition, Plaintiff offers four responses. First, he argues that there is no binding precedent that holds that the ACAA forecloses a private right of action. That is false. *See Lopez v. JetBlue Airways*, 662 F.3d 593, 597 (2d Cir. 2011) ("the text and structure of the ACAA manifests no congressional intent to create a private right of action in a federal district court"); *see also* Dkt. 218 at 31 (other Circuits holding same).

Plaintiff then pivots by claiming that *Lopez* is not precedent because the absence of a

private right under the ACAA has rendered the statute unhelpful to his claims. The fact that Plaintiff does not like the law does not change the law, or give power to this Court to rewrite the ACAA or overrule the Second Circuit. The plain fact is that *Lopez* controls and prohibits Plaintiff from pursuing his claims in this Court.

Third, Plaintiff argues that preemption "only is a problem when there is a conflict. State law is always valid when it does not override or conflict with federal law." Dkt. No. 249 at 22; *see also id*. at 25-27. That also is wrong. The U.S. Constitution "invalidates state laws that interfere with, or are contrary to, federal law." *Air Transp. Ass'n of Am., Inc. v. Cuomo*, 520 F.3d 218, 220 (2d Cir. 2008) quoting *Hillsborough County v. Automated Med. Labs., Inc.*, 471 U.S. 707, 712 (1985). Plaintiff's claims are ACAA preempted and must be dismissed. *See* Dkt. No. 218 at 35-36. Further, Defendants demonstrated that Plaintiff's claims are preempted not just by the ACAA but also by the FTMM itself, the Federal Aviation Act, and the Airline Deregulation Act. *See id.* Plaintiff entirely fails to address preemption under these laws, effectively conceding preemption. Defendants nevertheless briefly restate why Plaintiff's state law claims are preempted.

Because Plaintiff's claims all relate to a "service,"[5] they are preempted by the ADA, 49 U.S.C. § 41713(b)(1). Similarly, because his state law claims would "conflict with an exercise of federal authority" under the Public Health Services Act (pursuant to which the FTMM was promulgated), they are expressly preempted as well. *See* 42 U.S.C. § 264(e); *see also* 86 Fed. Reg. at 8026, 8030 (setting forth that the FTMM was issued by the CDC pursuant to an Executive Order authorized by the Public Health Services Act and was to be enforced by the TSA). And, because

---

[5] Defendants do not even concede that Plaintiff's claims relate to a service because he never purchased a ticket for travel on either and thus there are no services at issue. But even if Plaintiff had a ticket on Defendants' airlines, his claims still would be preempted as detailed within.

Plaintiff's state law claims would impose upon Defendants obligations inconsistent with the ACAA, his claims are impliedly preempted because the ACAA occupies the field of transporting disabled passengers exclusively. *See, e.g.*, 14 C.F.R. 382.23(c). Finally, the same is true of the Federal Aviation Act because Plaintiff's state law claims relate to Defendants' administration of matters relating to air safety. *See Fawemimo v. Am. Airlines, Inc.*, 751 F. App'x 16, 18-20 (2d Cir. 2018) ("State laws that conflict with the FAA or sufficiently interfere with federal regulation of air safety are thus preempted. As mask wearing during the pandemic directly implicated air and aircraft safety, the Federal Aviation Act provides additional preemption grounds upon which to dismiss Plaintiff's state law claims.").

Fourth, Plaintiff attempts to individually address his state law tort claims separate from preemption (for negligence, injurious falsehoods, invasion of privacy, intentional infliction of emotional distress, and misrepresentation), all by repeating the same argument, namely that Defendants wrongly implemented the FTMM, from which he was allegedly exempt, which somehow would breathe life into those claims. *See* Dkt. No. 249 at 27, 30-32. In doing so, he commits several errors. He first assumes that he was exempt from the FTMM while simultaneously conceding that to the extent that either Defendant was guilty of an FTMM/ACAA infraction, it was the failure to conduct a more complete examination of Plaintiff's reasons for requesting an exemption. But it does not follow that Plaintiff *was* entitled to an exemption simply because he says so. And, because the ACAA does not allow Plaintiff a private right of action and preempts his claims, even if the Court allowed discovery and Plaintiff could prove that he was entitled to an exemption, his claims still would not be revived. Finally, in response to Defendants' showing that Plaintiff did not state a claim for relief for any of his tort claims because his Complaint merely recited elements of causes of action instead of asserting facts to support them (*see, e.g.* Dkt. 218

at 51), he responded only by repeating that he recited tort claim elements in his Complaint.[6] *See, e.g.*, Dkt. No. 249 at 30. Plaintiff's alleged interaction with Defendants was limited to sending an email to each asking for an exemption without specifying a flight and being told that FTMM exemptions were not allowed. *See* Dkt. No. 218 at 39-45. These limited factual assertions any do not support any tort claim. These claims should be dismissed.

## V. PLAINTIFF'S STATE LAW CIVIL RIGHTS CLAIMS ARE ALSO PREEMPTED

Plaintiff also did not respond to Defendants' showing that his state law civil rights claims are preempted. *See* Dkt. No. 218 at 37-38. Instead, he asserts that he needed to travel to California, New York and New Jersey, and thus he has asserted a claim under those states' civil rights laws. Not so. Again, the claims are preempted. But even if they were not, Plaintiff failed to refute that he did not in fact attempt to fly Frontier or Allegiant during the relevant time period. *See id.* at 18-20. He also failed to account for the fact that lives in the City of New York (*see* Dkt. No. 3 at ¶¶1, 66) and thus Defendants could not transport him within New York or from New York to Newark, New Jersey, and that Defendants do not fly from New York or New Jersey to California. *See* https://www.flyfrontier.com/travel/my-trips/route-map/?mobile=true; https://www.allegiantair.com/interactive-routemap; *see also* Dkt. No. 218 at 19, n.6. Plaintiff has filed a sprawling Complaint against innumerable airlines attempting to cast them all in the same light. His claims fail as against all airlines, but the Court should not lose sight of the fact that his failure to differentiate these Defendants from others dooms his claims against Allegiant and Frontier specifically.

---

[6] In Plaintiff's Opposition, he also failed to allege new facts that could support any of his tort claims.

## VI. PLAINTIFF FAILS TO STATE A CLAIM UNDER THE REHABILITATION ACT

As Defendants explained in their moving papers, Plaintiff's claim under the RA fails because he failed to demonstrate that Defendants received "federal financial assistance" as that term is used in the statute and construed by every court. *See* Dkt. No. 218 at 32-34. In response, Plaintiff criticized Defendants' citing the anti-mask case he brought (and lost) against Target, arguing that case related to pharmacies, pharmacies are only a small part of Target's business, and, thus, the Third Circuit's decision against him does not apply here. Yet, nowhere in any case has a court suggested that the determination of whether an entity received "federal financial assistance" turned on the amount of assistance received or that amount relative to the size of the entity's business. *See, e.g.*, *Abadi v. Target Corp.*, No. 23-1050, 2023 WL 4045373, *1 (3d Cir. June 16, 2023); *see also* Dkt. No. 218 at 32-34 (other similar RA cases). The statute reveals no such intent either. *See* 29 U.S.C. § 794(a). Plaintiff's argument is nonsensical and should be rejected. This claim also should be dismissed because Plaintiff failed to dispute Defendants' showing that the CARES Act funds were limited to payroll replacement and not general corporate expenses, and because he similarly failed to respond to Defendants' argument that he is attempting to use the RA to improperly circumvent the ACAA and its implementing regulations. *See* Dkt. No. 218 at 32-34.

## VII. PLAINTIFF'S BREACH OF CONTRACT AND PROMISSORY ESTOPPEL CLAIMS FAIL FOR WANT OF A CONTRACT AND PROMISE

Plaintiff did not counter Defendants' showing that he cannot have a breach of contract claim because he had no contract with either Defendant. Instead, he argued that in addition to international flights that Defendants do not service, he needed to fly to domestic destinations to which Defendants fly. But: (1) as shown above, that is not true; and (2) even it were, it would not change the fact that Plaintiff still had no contract with either Defendant and thus cannot have a breach of contract claim.

Similarly, with respect to his promissory estoppel claim, rather than pointing to a specific promise made to *him*, he copies and pastes from Defendants' websites unspecific promotions about accommodating disabled passengers. *See* Dkt. No. 249 at 29. That is not enough to survive a motion to dismiss. *See Esquire Radio & Elecs., Inc. v. Montgomery Ward & Co.*, 804 F.2d 787, 793 (2d Cir. 1986) (holding that a claim for promissory estoppel must contain a "clear and unambiguous promise" that would foreseeably induce the reliance of a specific party to whom it was made, and resulting injury therefrom). Plaintiff cited to no promise at all, no less to a clear one directed to him specifically, and he cannot demonstrate subsequent reliance and injury because he never bought a ticket from either Defendant.

### VIII. PLAINTIFF HAS NO CLAIM FOR VIOLATION OF A RIGHT TO TRAVEL

In response to Defendants' showing that Plaintiff has no constitutional right to travel (*see* Dkt. No. 218 at 44-45), Plaintiff responds by claiming that he had no other means of transportation because other transportation entities also allegedly denied him the right to travel maskless during Covid. This argument does not change matters. Neither Defendant is part of some kind of alliance that assures anyone, Plaintiff included, the right to travel, and Defendants are not responsible for the conduct of the other entities he claims also forbid his travel. Moreover, Plaintiff did nothing to establish a constitutional right to travel in the first instance because there is none. *See id.*

### IX. PLAINTIFF IS NOT ENTITLED TO PUNITIVE DAMAGES[7]

Plaintiff ends his response by claiming that punitive damages are merited in this matter to deter future conduct similar to what he allegedly experienced, citing to cases setting forth the

---

[7] Plaintiff did not dispute Defendants' argument that he is not entitled to nominal damages either. *See* Dkt. No. 218 at 45.

purposes of punitive damages and claiming that they present "complicated" questions for the purposes of this action. He completely misses the mark.

First, Plaintiff's own case cites reveal that punitive damages are intended to punish willful and malicious conduct. *See, e.g.* Dkt. No. 249 at 35. Nothing of the sort has been alleged here. Plaintiff allegedly wrote to Defendants to attempt to fly on their airlines, and pursuant to what Defendants thought they were directed to do under federal law, they allegedly denied him the right to fly on their airlines without a mask. He allegedly had no further contact with Defendants. No reasonable jury could find that Defendants acted wrongly, let alone that their conduct meets the standard necessary to impose punitive damages.

Second, the question of punitive damages could never be presented to a jury because it is preempted. *See* Dkt. No. 218 at 45-46. And contrary to his argument (*see* Dkt. No. 259 at 36), the fact that certain state remedies for violations of Federal Aviation Regulations may be available in tightly circumscribed circumstances does not mean punitive damages are available here. Courts have uniformly rejected that argument (*see* Dkt. No. 218 at 45-46, citing cases) and Plaintiff gave this Court no reason to depart from those results.

## CONCLUSION

For the reasons set forth above, the Defendants request that Plaintiff's Complaint and action be dismissed with prejudice and without leave to amend.

Dated: January 16, 2024

        Respectfully submitted:

        _____
        Evan Kwarta
        SDNY Bar No.: EK0712
        NY Bar No.: 4401543
        HINSHAW & CULBERTSON LLP
        800 Third Avenue, 13th Floor
        New York, NY 10022
        Phone: (212) 471-6200
        Fax:    (212) 935-1166
        Email: ekwarta@hinshawlaw.com

        Brian T. Maye
        HINSHAW & CULBERTSON LLP
        151 North Franklin Street, Suite 2500
        Chicago, IL 60606
        Tel: (312) 422-5313
        Fax: (312) 422-704-3001
        Email: bmaye@hinshawlaw.com
        (*Pro Hac Vice*)

## **CERTIFICATE OF SERVICE**

On January 16, 2024, I caused a true and accurate copy of the foregoing Memorandum of Law in Support of Motion to Dismiss to be served on Plaintiff Aaron Abadi via email and First Class U.S. Mail:

Mr. Aaron Abadi
82 Nassau Street
Apartment 140
New York, NY 20038
Email: aa@neg.com

and the other parties whose counsel of record are on the Court's CM/ECF system.

Dated: January 16, 2024
        New York, New York

/s/ Evan Kwarta
Evan Kwarta
SDNY Bar No.: EK0712
NY Bar No.: 4401543
HINSHAW & CULBERTSON LLP
800 Third Avenue, 13th Floor
New York, NY 10022
Phone: (212) 471-6200
Fax:    (212) 935-1166
Email: ekwarta@hinshawlaw.com

61560\315717925.v1

## **PAGE LIMIT CERTIFICATE**

This Memorandum of Law complies with this Court's Individual Rule 2.I,

Dated: January 16, 2024
       New York, New York

                          /s/ Evan Kwarta
                          Evan Kwarta
                          SDNY Bar No.: EK0712
                          NY Bar No.: 4401543
                          HINSHAW & CULBERTSON LLP
                          800 Third Avenue, 13th Floor
                          New York, NY 10022
                          Phone: (212) 471-6200
                          Fax:    (212) 935-1166
                          Email: ekwarta@hinshawlaw.com

## **UNPUBLISHED AUTHORITIES**

Pursuant this Court's Individual Rule 2.J, unpublished authorities without Westlaw cites were attached as Exhibit 2 to Defendants' moving papers, Dkt. No. 218.