UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
AARON ABADI,

                              Plaintiff,                    Case No.: 1:23-cv-04033-LJL

            -against-

AMERICAN AIRLINES GROUP INC, et al,

                              Defendants.

-------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT
## OF MOTION TO DISMISS THE COMPLAINT ON BEHALF OF
## AIR CANADA, AUSTRIAN AIRLINES AG, CATHAY PACIFIC AIRWAYS LIMITED, EMIRATES, ETIHAD AIRWAYS PJSC DBA ETIHAD AIRWAYS COMPANY, EVA AIRWAYS CORPORATION, FINNAIR OYJ, GULF AIR HOLDING B.S.C., QATAR AIRWAYS Q.C.S.C. DBA QATAR AIRWAYS CORPORATION, ALIA – THE ROYAL JORDANIAN AIRLINES COMPANY DBA ROYAL JORDANIAN AIRLINES, KENYA AIRWAYS, KOREAN AIR LINES CO., LTD., DEUTSCHE LUFTHANSA AKTIENGESELLSCHAFT (LUFTHANSA), SWISS INTERNATIONAL AIR LINES AG, TURK HAVA YOLLARI ANONIM ORTAKLIGI AND ANITA AYALA

CLYDE & CO US LLP
Christopher Carlsen
Andrew J. Harakas
Nicholas Magali
Natalie D. Cox
The Chrysler Building
405 Lexington Avenue, 16th Floor
New York, New York 10174
(212) 710-3900

*Attorneys for Defendants*
*Air Canada, Austrian Airlines AG, Cathay Pacific Airways, Limited, Emirates, Etihad, Airways PJSC dba Etihad Airways Company, Eva Airways Corporation, Finnair OYJ, Gulf Air Holding B.S.C., Qatar Airways Q.C.S.C. dba Qatar Airways Corporation, Alia-The Royal Jordanian Airlines Company dba Royal Jordanian Airlines, Kenya Airways, Korean Air Lines Co., Ltd., Deutsche Lufthansa Aktiengesellschaft, Swiss International Air Lines AG, Turk Hava Yollari Anonim Ortakligi, and Anita Ayala*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................... iii

PRELIMINARY STATEMENT ................................................................................ 1

STATEMENT OF FACTS AND PROCEDURAL HISTORY ................................. 1

   A.  The Background to Plaintiff's Claims ........................................................... 1

   B.  The Federal Mask Mandate ......................................................................... 3

   C.  Plaintiff and His Claims .............................................................................. 4

   D.  The Procedural History ................................................................................ 6

   E.  Plaintiff's Alleged Travel Plans .................................................................. 7

   F.  The Airline Defendants ............................................................................... 8

   G.  The FSIA Defendants .................................................................................. 8

   H.  The Individual Defendant Anita Ayala ....................................................... 9

ARGUMENT ............................................................................................................ 9

  I.    THE STANDARD OF REVIEW .................................................................. 9

  II.   GULF HOLDING IS IMMUNE FROM THE JURISDICTION OF U.S. COURTS AS AN FSIA "FOREIGN STATE" ......................................... 11

  III.  PLAINTIFF LACKS STANDING TO ASSERT HIS CLAIMS AGAINST THE MOVING DEFENDANTS ................................................ 12

  IV.  THIS COURT LACKS PERSONAL JURISDICTION OVER THE AIRLINE DEFENDANTS ........................................................................ 13

      A.  Jurisdiction Does Not Exist Under CPLR § 302(a)(1) ............................ 14

      B.  Jurisdiction Does Not Exist Under CPLR § 302(a)(2) ............................ 16

      C.  Jurisdiction Does Not Exist Under § 302(a)(3) ....................................... 17

      D.  Jurisdiction Does Not Exist Under § 302(a)(4) ....................................... 17

      E.  The Exercise of Personal Jurisdiction Would Violate Due Process .......... 18

  V.    COUNT SEVEN FAILS TO STATE A CLAIM UNDER 42 U.S.C. § 1983 ................. 19

  VI.   COUNT EIGHT FAILS TO STATE A CLAIM UNDER 42 U.S.C. § 1985(3) .............. 21

  VII.  COUNT NINE FAILS TO STATE A CLAIM UNDER 42 U.S.C. § 1986 .................... 23

  VIII. COUNTS TEN - EIGHTEEN OF THE COMPLAINT MUST BE DISMISSED BECAUSE THE ACAA DOES NOT PROVIDE A PRIVATE CAUSE OF ACTION . 24

  IX.   COUNT NINETEEN FAILS TO STATE A CLAIM AGAINST THE MOVING DEFENDANTS ........................................................................ 25

X.      COUNT TWENTY IS TIME BARRED AND FAILS TO STATE A CLAIM
        AGAINST THE MOVING DEFENDANTS ................................................... 25

XI.     COUNTS TWENTY-ONE AND TWENTY-TWO FAIL TO STATE A CLAIM
        AGAINST THE MOVING DEFENDANTS ................................................... 27

XII.    COUNTS TWENTY-THREE, TWENTY-FOUR AND TWENTY-FIVE FAIL TO
        STATE A CLAIM AGAINST THE MOVING DEFENDANTS ................................. 28

XIII.   COUNT TWENTY-SIX FAILS TO STATE A CLAIM AGAINST THE MOVING
        DEFENDANTS ........................................................................ 28

XIV.    COUNTS TWENTY-SEVEN, TWENTY-EIGHT AND TWENTY-NINE FAIL TO
        STATE A CLAIM AGAINST THE MOVING DEFENDANTS ................................. 28

XV.     COUNT THIRTY FAILS TO STATE A CLAIM AGAINST THE MOVING
        DEFENDANTS ........................................................................ 29

XVI.    COUNT THIRTY-ONE FAILS TO STATE A CLAIM AGAINST THE MOVING
        DEFENDANTS ........................................................................ 29

XVII.   COUNT THIRTY-THREE IS TIME BARRED, AND FAILS TO STATE A CLAIM
        AGAINST THE MOVING DEFENDANTS ................................................... 30

XVIII.  COUNT THIRTY-FOUR IS TIME-BARRED AND FAILS TO STATE A CAUSE
        OF ACTION AGAINST THE MOVING DEFENDANTS ..................................... 31

XIX.    COUNT THIRTY-SIX FAILS TO STATE A CAUSE OF ACTION AGAINST THE
        MOVING DEFENDANTS ............................................................... 31

XX.     COUNT THIRTY-SEVEN FAILS TO STATE A CLAIM AGAINST THE
        MOVING DEFENDANTS ............................................................... 32

XXI.    NO BASIS EXISTS FOR PLAINTIFF'S PUNITIVE DAMAGE CLAIM ............... 33

XXII.   PLAINTIFF'S REQUESTS FOR INJUNCTIVE RELIEF IN CONNECTION WITH
        THE AIRLINE DEFENDANTS' IMPLEMENTATION OF THE FEDERAL MASK
        MANDATE ARE MOOT ................................................................ 34

XXIII.  PLAINTIFF IS NOT ENTITLED TO A JURY TRIAL FOR CLAIMS AGAINST
        FSIA AIRLINE DEFENDANTS AND GULF HOLDING ..................................... 36

CONCLUSION ........................................................................ 36

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abadi v. Marina Dist. Dev. Co.*,
 2022 WL 5208882 (D.N.J. Oct. 4, 2022)................................................................21

*Abadi v. Target Corp.*,
 2023 WL 4045373 (3d Cir. June 16, 2023) ............................................................22

*Aboeid v. Saudi Arabian Airlines, Inc.*,
 2011 WL 2222140 (E.D.N.Y. June 1, 2011) ..........................................................35

*Ahava Food Corp. v. Donnelly*,
 2002 WL 31757449 (S.D.N.Y. Dec. 9, 2002) ........................................................16

*Andreadakis v. Ctr. for Disease Control & Prevention*,
 2022 WL 2674194 (E.D. Va. July 11, 2022) ..............................................22, 23, 32

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009)................................................................................................10

*Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*,
 171 F.3d 779 (2d Cir. 1999)...................................................................................13

*Bartell v. Lohiser*,
 215 F.3d 550 (6th Cir. 2000) ..................................................................................21

*Beacon Enterprises, Inc. v. Menzies*,
 715 F.2d 757 (2d Cir. 1983)..............................................................................14, 15

*Berkshire Capital Group, LLC v. Palmet Ventures, LLC*,
 307 Fed. Appx. 479 (2d Cir. 2008)........................................................................15

*Best Van Lines, Inc. v. Walker*,
 490 F.3d 239 (2d Cir. 2007)..............................................................................14, 17

*Blumenstein v. Chase*,
 100 A.D.2d 243, 473 N.Y.S.2d 996 (1984) ...........................................................29

*Boswell v. Skywest Airlines, Inc.*,
 61 F.3d 1263 (10th Cir. 2004) ...............................................................................23

*Burch v. Pioneer Credit Recovery, Inc.*,
 551 F.3d 122 (2d Cir. 2008)...................................................................................10

*Calabotta v. Phibro Animal Health Corp.*,
  460 N.J. Super. 38, 213 A.3d 210 (App. Div. 2019) ............................................26

*Cantu v. Moody*,
  933 F.3d 414 (5th Cir. 2019) ..........................................................................21

*Carlson v. Cuevas*,
  932 F. Supp. 76 (S.D.N.Y. 1996) ..............................................................15, 16

*Cheruvu v. HealthNow New York, Inc*.,
  2023 WL 3443362 (2d Cir. May 15, 2023) ......................................................19

*City of Rancho Palos Verdes, Cal. v. Abrams*,
  544 U.S. 113 (2005)........................................................................................20

*Condor Funding, LLC v. 176 Broadway Owners Corp.*,
  147 A.D.3d 409, 46 N.Y.S.3d 99 (2017) ..........................................................28

*Costanza v. Seinfeld*,
  279 A.D.2d 255 (2001) ....................................................................................30

*Cramer v. Skinner*,
  931 F.2d 1020 (5th Cir. 1991) ........................................................................32

*D & R Glob. Selections, S.L. v. Bodega Olegario Falcon Pineiro*,
  29 N.Y.3d 292 (2017) ...............................................................................14, 15

*D'Amato v. Wis. Gas Co.*,
  760 F.2d 1474 (7th Cir. 1985) ........................................................................20

*D'Amico v. Arnold Chevrolet, LLC*,
  2011 WL 1105659 (N.Y. Sup. Ct. 2011)..........................................................28

*Dale System v. General Teleradio*,
  105 F. Supp. 745 (S.D.N.Y.1952) ...................................................................29

*DiStefano v. Carozzi N. Am., Inc*.,
  286 F.3d 81 (2d Cir. 2001).............................................................................10

*Does 1-2 v. Hochul*,
  2022 WL 4637843 (E.D.N.Y. Sept. 30, 2022) .................................................22

*Dogbe v. Delta Air Lines, Inc.*,
  969 F. Supp. 2d 261 (E.D.N.Y. 2013) .............................................................25

*Exportaciones Del Futuro S.A. de C.V. v. Iconix Brand Grp. Inc.*,
  636 F. Supp. 2d 223 (S.D.N.Y. 2009).............................................................29

*Feldheim v. Fin. Recovery Servs., Inc.*,
    257 F. Supp. 3d 361 (S.D.N.Y. 2017)........................................................................9

*Fiedler v. First City National Bank of Houston*,
    807 F.2d 315 (2d Cir. 1986).................................................................................15

*Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC*,
    783 F.3d 395 (2d Cir. 2015).................................................................................30

*Gagliardi v. Village of Pawling*,
    18 F.3d 188 (2d Cir. 1994)...................................................................................22

*Gallagher v. Director's Guild of Am.*,
    144 A.D. 2d 261 (1st Dep't 1988) ........................................................................28

*Gatto v. Cnty. of Sonoma*,
    98 Cal. App. 4th 744 (2002) ................................................................................24

*Granite State Outdoor Advert., Inc. v. Town of Orange*,
    303 F.3d 450 (2d Cir. 2002).................................................................................33

*Grant v. Cnty. of Erie*,
    542 F. App'x 21 (2d Cir. 2013) ............................................................................10

*Great Am. Fed. Sav. & Loan Ass'n v. Novotny*,
    442 U.S. 366 (1979)............................................................................................20

*Griffin v. Breckenridge*,
    403 U.S. 88 (1971)..............................................................................................20

*Gropper v. Fine Arts Housing, Inc.*,
    12 F. Supp. 3d 664 (S.D.N.Y. 2014).....................................................................21

*Harty v. W. Point Realty, Inc.*,
    28 F.4th 435 (2d Cir. 2022) .................................................................................12

*Hopkins Hawley LLC v. Cuomo*,
    2021 WL 1894277 (S.D.N.Y. May 11, 2021) .......................................................34

*Hussein v. Dahabshiil Transfer Services Ltd.*,
    230 F. Supp. 3d 167 (S.D.N.Y. 2017)......................................................................9

*International Shoe Co. v. Washington*,
    326 U.S. 310 (1945)............................................................................................32

*Jazini v. Nissan Motor Co., Ltd.*,
    148 F.3d 181 (2d Cir. 1998).................................................................................13

*John Hancock Prop. & Cas. Ins. Co. v. Universale Reinsurance Co.*,
  1992 WL 26765 (S.D.N.Y. Feb. 5, 1992) ...............................................................13

*Johns v. Home Depot U.S.A., Inc.*,
  221 F.R.D. 400 (S.D.N.Y. 2004) ...........................................................................23

*Johnson v. City of New York*,
  593 F. Supp. 3d 58 (S.D.N.Y. 2022).....................................................................32

*Korova Milk Bar of White Plains, Inc. v. PRE Properties, LLC*,
  2013 WL 417406 (S.D.N.Y. Feb. 4, 2013).............................................................29

*Lerner v. Fleet Bank, N.A.*,
  459 F.3d 273 (2d Cir. 2006)...................................................................................31

*Levisohn, Lerner, Berger & Langsam v. Medical Taping Sys.*,
  10 F. Supp. 2d 334 (S.D.N.Y 1998).......................................................................15

*Lillbask v. Conn. Dep't of Educ.*,
  397 F.3d 77 (2d Cir. 2005)...............................................................................33, 34

*Lopez v. Jet Blue Airways*,
  662 F.3d 593 (2d Cir. 2011)...................................................................................23

*Love v. Delta Air Lines*,
  310 F.3d 1347 (11th Cir. 2022) .............................................................................23

*Loving v. Princess Cruise Lines, Ltd.*,
  2009 WL 7236419 (C.D. Cal. Mar. 5, 2009)..........................................................26

*Lower E. Side People's Fed. Credit Union v. Trump*,
  289 F. Supp. 3d 568 (S.D.N.Y. 2018)....................................................................12

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992)...............................................................................................12

*Magpali v. Farmers Group, Inc.*,
  48 Cal. App. 4th 471 (1996) ..................................................................................28

*McElwee v. Cnty. of Orange*,
  700 F.3d 635 (2d Cir. 2012)...................................................................................24

*Montgomery v. Delta Air Lines, Inc.*,
  2023 WL 2400743 (5th Cir. March 8, 2023) ..........................................................25

*Morales v. Trans World Airlines*,
  504 U.S. 374 (1992)...............................................................................................25

*Norman v. Trans World Airlines, Inc.*,
   2000 WL 1480367 (S.D.N.Y. Oct. 6, 2000) ........................................................33

*Pettenato v. Beacon Health Options, Inc.*,
   425 F. Supp. 3d 264 (S.D.N.Y. 2019).................................................................18

*Ruggiero v. Compania Peruana de Vapores Inca Cepac Yupangui*,
   639 F.2d 872 (2d Cir. 1981)................................................................................35

*Rukoro v. Fed. Republic of Germany*,
   363 F. Supp. 3d 436 (S.D.N.Y. 2019).................................................................11

*Russman v. Bd. of Educ. of Enlarged City Sch. Dist. of Watervliet*,
   260 F.3d 114 (2d Cir. 2001)...........................................................................33, 34

*Saudi Arabia v. Nelson*,
   507 U.S. 349 (1993)......................................................................................10, 11

*Seklecki v. Center for Disease Control & Prevention*,
   635 F. Supp. 3d 15 (D. Mass. 2022) ...............................4, 19, 20, 22, 23, 30, 31, 32

*Shapiro v. Republic of Bolivia*,
   930 F.2d 1013 (2d Cir. 1991)..............................................................................17

*Sherman v. Yonkers Pub. Sch.*,
   2023 WL 137775 (S.D.N.Y. Jan. 9, 2023) ..........................................................21

*Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*,
   450 F.3d 100 (2d Cir. 2006)................................................................................14

*Sprewell v. Golden State Warriors*,
   266 F.3d 979 (9th Cir. 2001) ..............................................................................25

*Starker v. Spirit Airlines*,
   2019 WL 4194572 (S.D.N.Y. Sept. 3, 2019)........................................................33

*Stokes v. Sw. Airlines Co.*,
   887 F.3d 199 (5th Cir. 2018) ..............................................................................23

*T.P. v. Walt Disney Parks and Resorts U.S., Inc.*,
   2021 WL 3598574 (C.D. Cal. Apr. 20, 2021) ......................................................26

*Thomas v. Roach*,
   165 F.3d 137 (2d Cir. 1999)...........................................................................21, 23

*Town of Southold v. Town of East Hampton*,
   477 F.3d 38 (2d Cir. 2007)..................................................................................32

*Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*,
    73 F.3d 1423 (7th Cir. 1996) ................................................................33

*U. S. Bank Nat'l Ass'n v. Bank of Am. N.A.*,
    916 F.3d 143 (2d Cir. 2019)................................................................18

*Weisshaus v. Cuomo*,
    512 F. Supp. 3d 379 (E.D.N.Y. 2021) ................................................32

*West v. Atkins*,
    487 U.S. 42 (1988).............................................................................18

*Whitaker v. Am. Telecasting, Inc.*,
    261 F.3d 196 (2d. Cir. 2001)........................................................16, 17

*Wilhelm v. Cont'l Title Co.*,
    720 F.2d 1173 (10th Cir. 1983) ........................................................20

*Wynn v. AC Rochester*,
    273 F.3d 153 (2d Cir. 2001)..............................................................30

*Yong Wen Mo v. Gee Ming Chan*,
    17 A.D. 3d 356 (2nd Dep't 2005) .....................................................28

**Other Authorities**

28 U.S.C. § 1603(b) ....................................................................................8

28 U.S.C. § 1604.......................................................................................11

28 U.S.C. § 1605.......................................................................................11

29 U.S.C. § 794(a) ....................................................................................24

42 U.S.C. § 1983.............................................................................18, 19, 20

42 U.S.C. § 1985.................................................................20, 21, 22, 23

42 U.S.C. § 1986.................................................................................22, 23

49 U.S.C. § 41302......................................................................................8

Air Carrier Access Act, 49 U.S.C. § 41705 ....................................4, 19, 20, 23

Airline Deregulation Act, 49 U.S.C. § 41713....................................24, 25

14 C.F.R. § 382.159....................................................................................23

19 C.F.R. § 122.165(a)................................................................................32

Fed. R. Civ. P. 9(b) ..............................................................................................30

Fed. R. Civ. P. 12 ....................................................................................1, 10, 13

Fed. R. Civ. P. 39(a)(2) ........................................................................................35

Cal. Civ. Code § 51 ..............................................................................................25

CPLR § 215..................................................................................................29, 30

CPLR § 302..................................................................................13, 14, 15, 16, 17

*Promoting COVID-19 Safety in Domestic and International Travel*, 86 Fed. Reg. 7205 (Jan. 21, 2021)................................................................................30, 31

*Requirement for Persons to Wear Masks While on Conveyances and at Transportation Hubs*, 86 Fed. Reg. 8025 (Feb. 3, 2021) ........................................31

*Safety in Domestic and International Travel*, Exec. Order No. 13998, 86 Fed. Reg. 7205 (Jan. 26, 2021) ............................................................................3

*Notice of Enforcement Policy: Accommodation by Carriers of Persons with Disabilities Who Are Unable to Wear or Safely Wear Masks While on Commercial Aircraft* (Feb. 5, 2021) ..................................................................4

## PRELIMINARY STATEMENT

Defendants Air Canada, Austrian Airlines AG ("Austrian"), Cathay Pacific Airways Limited ("Cathay Pacific"), Emirates, Etihad Airways PJSC d/b/a Etihad Airways Company ("Etihad"), Eva Airways Corporation ("EVA"), Finnair OYJ ("Finnair"), Alia – The Royal Jordanian Airlines Company d/b/a Royal Jordanian Airlines ("Royal Jordanian"), Kenya Airways ("Kenya"), Korean Air Lines Co., Ltd. ("Korean Air"), Deutsche Lufthansa Aktiengesellschaft (incorrectly named herein as Lufthansa Systems Americas, Inc. and hereinafter "Lufthansa"), Qatar Airways Group Q.C.S.C. (incorrectly named herein as "Qatar Airways Q.C.S.C. d/b/a Qatar Airways Q.C.S.C. Corporation" and hereinafter "Qatar"), Swiss International Air Lines AG ("Swiss"), Turk Hava Yollari Anonim Ortakligi (incorrectly named herein as Turkish Airlines, Inc. and hereinafter "THY") (collectively, the "Airline Defendants"), Anita Ayala ("Ayala"), and Gulf Air Group Holding Company B.S.C. (c) (incorrectly named herein as "Gulf Air Holding B.S.C." and hereinafter "Gulf Holding") (collectively the "Moving Defendants") submit this memorandum of law in support of their motion to dismiss Plaintiff's Complaint and Supplemental Complaint (jointly "Complaint") pursuant to Rule 12(b)(1), Rule 12(b)(2) and Rule 12(b)(6) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction, lack of personal jurisdiction, and for failure to state a claim upon which relief can be granted.[1]

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

### A. The Background to Plaintiff's Claims

Plaintiff's claims in this litigation arise out of the face-mask requirements imposed on airline passengers by the United States Government in response to the Covid -19 Pandemic. As

---

[1] The Moving Defendants join the motions to dismiss filed by co-defendants in this action, including ECF Nos. 122, 131, 180, 198, 213 and 218, and incorporates the arguments therein to the extent the arguments are not raised by the Moving Defendants.

part of its effort to stop the spread of Covid-19, the Government ordered that air carriers operating to, from, or within the United States require that their passengers wear face masks while on their aircraft. These masking requirements contained an exception for individuals who were unable to wear a mask as the result of a disability. With respect to such individuals, the Government permitted the air carriers to impose certain specified alternative safety requirements, such as having the passenger provide medical documentation from a licensed medical provider concerning the passenger's medical condition, and/or proof of a negative Covid test.

Plaintiff alleges that he suffers from a disability known as a sensory processing disorder that prevents him from wearing a face mask.  In and about September 2021, Plaintiff sent emails to dozens of air carriers, including all of the Airline Defendants, announcing that he suffers from this disorder, that he possessed a doctor's note saying that he was unable to wear a mask and did not present a significant infection risk because he already had and recovered from Covid. *See* Complaint, ¶ 147 and Ex. 6.  He then asked each of the Airline Defendants: "can I travel on your airline without a mask." Significantly, he did not actually purchase a ticket for travel on any of the Airline Defendants, nor did he provide any of them any details as to when he wanted to travel, or the airports that he wanted to travel to and from.  He simply said: "I would like to travel on your airline." The Airline Defendants replied to his inquiry by advising him via email of the United States Government-imposed mask mandate, and the Government-imposed and approved exemption procedures for passengers unable to travel with a mask.

With the exception of Lufthansa, all of the emails sent to Plaintiff by the Airline Defendants were sent from their offices located outside of New York, and in most cases outside of the United States.

2

Based upon these email communications, Plaintiff alleges that the Moving Defendants discriminated against him on the basis of his disability by telling him that he would need to abide by the Government approved procedures in order to travel without a mask.

**B.  The Federal Mask Mandate**

On January 21, 2021, in response to the COVID-19 pandemic, President Biden issued an Executive Order setting forth the following policy:

> The Centers for Disease Control and Prevention (CDC), the Surgeon General, and the National Institutes of Health have concluded that mask-wearing, physical distancing, appropriate ventilation, and timely testing can mitigate the risk of travelers spreading COVID-19. Accordingly, to save lives and allow all Americans, including the millions of people employed in the transportation industry, to travel and work safely, it is the policy of my Administration to implement these public health measures consistent with CDC guidelines on public modes of transportation and at ports of entry to the United States.

Promoting COVID-19 Safety in Domestic and International Travel, Exec. Order No. 13998, 86 Fed. Reg. 7205 (Jan. 26, 2021). The Order directed the CDC to "immediately take action, to the extent appropriate and consistent with applicable law, to require masks to be worn in compliance with CDC guidelines in or on [ . . . ] commercial aircraft [ . . . . ]." *Id*.

On January 29, 2021, the CDC issued an Order titled "Requirement for Persons to Wear Masks While on Conveyances and at Transportation Hubs" stating air carriers, including foreign air carriers, transporting persons into, within, and from the United States must require all persons onboard to wear a mask for the duration of travel. 86 Fed. Reg. 8025-01, 2021 WL 352180 (Feb. 3, 2021) (the "Federal Mask Mandate").

The Federal Mask Mandate provided an exemption for persons who could not wear a mask due to a disability. *Id.* With respect to such individuals seeking an exemption, the Federal Mask Mandate provided that air carriers were permitted to impose requirements, "including medical consultation by a third party, medical documentation by a licensed medical provider, and/or other

information as required by the operator, as well as evidence that the person does not have COVID-19 such as a negative [test result] or documentation of recovery from COVID-19." *Id.* at n. 8.

Following the issuance of the Federal Mask Mandate, the Office of Aviation Consumer Protection of the U.S. Department of Transportation (DOT) issued official guidance to airlines on how to implement the disability exception to the mandate. *See* Notice of Enforcement Policy: Accommodation by Carriers of Persons with Disabilities Who Are Unable to Wear or Safely Wear Masks While on Commercial Aircraft (Feb. 5, 2021), *available at* https://www.transportation.gov/sites/dot.gov/files/2021-02/Mask%20Notice%20Issued%20on%20Feb%205.pdf ("DOT Enforcement Notice").

The DOT is responsible for implementing and enforcing the Air Carrier Access Act (ACAA) and regulations promulgated thereunder, which exclusively govern the protection of passengers with disabilities in air transportation. *See* 49 U.S.C. § 41705. The purpose of the DOT Enforcement Notice was to provide guidance to air carriers about how to comply with the Federal Mask Mandate while also meeting the requirements of the ACAA. *See* DOT Enforcement Notice at 2.

The Federal Mask Mandate ended on April 18, 2022 by court order. *See* Complaint, ¶ 218. Plaintiff filed his Complaint on May 1, 2023. *See* Complaint.

**C.  Plaintiff and His Claims**

Plaintiff is not a newcomer to anti-mask litigation. He is a member of the group "Americans Against Mask Mandates." *See Seklecki v. Centers for Disease Control & Prevention*, Civil Action No. 22-10155 (D. Mass.), Declaration of Aaron Abadi, ECF 61-1 (D. Mass.). Plaintiff has filed over fifty complaints with the DOT in opposition to various mask mandates. *Id.,* ¶ 17. In addition, he has filed at least eighteen lawsuits concerning mask mandates since 2021:

1. *Abadi v. City of New York*, 1:12-cv-08071, Filed September 28, 2021, Southern District of New York

2. *Abadi v. Quick Chek Corporation*, 3:21-cv-20272, Filed November 30, 2021, District of New Jersey

3. *Abadi v. British Airway Plc*, 1:21-cv-10825, Filed December 16, 2021, Southern District of New York

4. *Abadi v. NYU Langone Health System, et al.*, 1:21-cv-11073, Filed December 27, 2021, Southern District of New York

5. *Abadi v. Marina District Development Company, LLC*, 1:22-CV-00314, Filed January 24, 2022, District of New Jersey

6. *Abadi v. Walt Disney Parks and Resorts U.S., Inc., et al.*, 1:22-CV-01766 Filed March 2, 2022, Southern District of New York

7. *Abadi v. Target Corporation*, 2:22-CV-02854, Filed July 19, 2022, Eastern District of Pennsylvania

8. *Abadi v. Walt Disney Parks and Resorts U.S., Inc.et al.*, 6:22-CV-01343, Filed July 29, 2022, Middle District of Florida

9. *Abadi v. Walmart Inc, et al.*, 1:22-cv-00228, Filed November 1, 2022, District of Maine

10. *Abadi v. National Railroad Passenger Corporation*, 1:22-cv-03684, Filed December 5, 2022, District of Columbia

11. *Abadi v. Greyhound Lines Inc.*, 3:22-cv-02722, Filed December 6, 2022, Northern District of Texas

12. *Abadi v. Apple, Inc.*, 1:23-cv-03367, Filed April 21, 2023, Southern District of New York

13. *Abadi v. Lyft, Inc.*, 1:23-cv-03618, Filed April 28, 2023, Southern District of New York

14. *Abadi v. The United States of America, et al.*, 1:23-cv-07413, Filed August 21, 2023, Southern District of New York

15. *Abadi v. Greyhound Lines, Inc.*, 1:23-cv-07645, Filed August 26, 2023, Southern District of New York

16. *Abadi v. Biden, et al.*, 1:23-cv-08440, Filed September 25, 2023, Southern District of New York

17. *Abadi v. Caesars Entertainment, Inc.*, 4:23-cv-01163, Filed October 16, 2023, District of Delaware

18. *Abadi v. Walmart Inc., et al.*, 1:23-cv-01223, Filed October 24, 2023, District of Delaware

Plaintiff claims that he "has a disability, specifically sensory processing disorder, and cannot wear a mask." *See* Complaint, ¶ 141.

**D.  The Procedural History**

On May 1, 2023, Plaintiff filed a 467-page Complaint in the United States District Court for the Northern District of Texas alleging that forty-six air carriers, two medical companies, and various federal government officials, departments and agencies discriminated against him "by not allowing him to travel, and/or by requiring him to comply with multiple demands not required of non-disabled people, and not for safety reasons." *See* Complaint, p. 4.

The Northern District of Texas, *sua sponte*, transferred the case to this Court by its Order dated May 8, 2023. *See* Order, ECF No. 10. On July 10, 2023, Plaintiff filed a motion to supplement the Complaint to add additional federal agencies and officers as defendants, and new factual allegations in support of his claim of specific personal jurisdiction in New York ("Supplemental Complaint"). *See* ECF No. 12.

**E.  Plaintiff's Alleged Travel Plans**

Plaintiff alleges that in or about September 2021, he sent emails to each of the Airline Defendants telling them that he suffered from a sensory processing disorder that prevents him from wearing a mask, but that he possessed a doctor's note saying that he already had and recovered from Covid.  He then said to each Airline Defendant that he "would like to travel on your airline," and asked: "can I travel on your airline without a mask." *See* Complaint, ¶¶ 276-287 (Air Canada), 262-275 (Austrian), 318-328 (Cathay Pacific), 374-381 (Emirates), 382-389 (Etihad), 390-396 (EVA), 397-406 (Finnair), 416-427 (Gulf Holding), 449-457 (Royal Jordanian), 458-466 (Kenya), 467-475 (Korean Air), 507-619 (Lufthansa), 620-627 (Swiss), 652-658 (THY), 535-543 (Qatar).

In his original Complaint, Plaintiff alleged that he "wanted to fly from Amarillo, Texas, and to and from many other states."  *See* Complaint, ¶ 69.  Plaintiff alleged that he "had been planning a specific trip to California, to then drive to Amarillo, Texas, and from there fly to Europe and Asia."  *Id.*  In his Supplemental Complaint, plaintiff modified his alleged travel plans to state that "much of his travel would have been from and/or to New York."  *See* Supplemental Complaint, ¶ 14.

Plaintiff does not allege that he that he attempted to, or did, purchase a ticket for travel on any of the Airline Defendants.  He also does not allege that he ever told any of the Airline Defendants where he wanted to travel, which airports he wanted to travel from and to, or the dates on which he wanted to travel. *See* Complaint. Accordingly, no evidence exists that the Airline Defendants even operated the flights that Plaintiff claims they prevented him from taking.

### F.  The Airline Defendants

All of the Airline Defendants (with the exception of Gulf Holding)[2] are foreign air carriers, organized and existing under the laws of countries other than the United States, with their headquarters and principal places of business located outside of the United States.  *See* Complaint, ¶ 10 (Air Canada), 9 (Austrian), 13 (Cathay Pacific), 17 (Emirates), 18 (Etihad), 19 (EVA), 20 (Finnair), 22 (Gulf Holding), 25 (Royal Jordanian), 26 (Kenya), 27 (Korean Air), 30 (Lufthansa), 41 (Swiss), 44 (THY), 33 (Qatar), and the Airline Defendants' Declarations submitted in support of this motion.

As foreign air carriers, the Airline Defendants operate flights to and from the United States pursuant to a Foreign Air Carrier Permit issued by the DOT and authorized under federal law.  49 U.S.C. § 41302.   The Foreign Air Carrier Permit requires each foreign air carrier to comply with all U.S. laws, regulations, and orders.  *Id.*  Accordingly, the Airline Defendants were required to implement the Federal Mask Mandate. *See* Complaint, Ex. 2.

With the exception of Lufthansa, all of the email communications sent by the Airline Defendants to Plaintiff were sent from their offices located outside of New York, or outside of the United States. *See* Airline Defendants' Declarations.  With respect to Gulf Holding, it is not an air carrier and did not have any communication with Plaintiff.

### G.  The FSIA Defendants

Emirates and Finnair (collectively the "FSIA Airline Defendants") each is an instrumentality of a "foreign state" within the meaning of 28 U.S.C. § 1603(b): Emirates is a United Arab Emirates ("UAE") air carrier majority-owned by the government of the UAE.  Finnair

---

[2]    Gulf Holding, the sole shareholder of Gulf Air B.S.C., is not the air carrier. Declaration of Kristy Jenelle Kanick dated November 16, 2023 ("Gulf Holding Decl.") at ¶ 10.

is a Finland air carrier majority-owned by the government of Finland.  *See* Declaration of Sami Sarelius dated November 15, 2023 ("Finnair Decl.") at ¶ 7.

Gulf Air Group Holding Company B.S.C. (c), incorrectly named herein as "Gulf Air Holding B.S.C.", is not an air carrier, but instead is the sole shareholder of Gulf Air B.S.C. (c) *See* Gulf Holding Decl. at ¶¶ 10, 12.  Gulf Air Holding B.S.C. (c) is wholly owned by Bahrain Mumtalakat Holding Co. B.S.C. (c) which is wholly owned by the government of the Kingdom of Bahrain. *Id.* at ¶ 6.

## H.  The Individual Defendant Anita Ayala

Anita Ayala is an employee of Lufthansa. *See* Complaint, ¶ 56.  Plaintiff alleges that Ms. Ayala responded to his email asking if he could travel on Lufthansa without a mask by advising him of the U.S. Government-imposed mask mandate, and the Government-imposed and approved exemption procedures for passengers unable to travel with a mask. *See* Complaint, ¶¶ 778-785. Based upon this email, Plaintiff alleges that Ms. Ayala was "complicit in" Lufthansa's alleged discrimination against him. *Id.*  As explained below, Plaintiffs' claims against Lufthansa should be dismissed. Plaintiff's claims as against Ms. Ayala should be dismissed for the same reasons.

## <u>ARGUMENT</u>

## I.    THE STANDARD OF REVIEW

**Subject Matter Jurisdiction**.  Whether subject matter jurisdiction exists is a threshold matter. *Feldheim v. Fin. Recovery Servs., Inc.*, 257 F. Supp. 3d 361, 366 (S.D.N.Y. 2017).  A federal court lacks subject matter jurisdiction where it lacks the authority to adjudicate the claims in the complaint. *Id.*  While the court must take all uncontroverted facts in a complaint as true and draw all reasonable inferences in favor of the plaintiff, "'where jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence

outside the pleadings, such as affidavits…'" *Id.*  The party asserting subject matter jurisdiction has the burden of proof.  *Id.*

**Personal Jurisdiction**. The plaintiff bears the burden of establishing personal jurisdiction. *Hussein v. Dahabshiil Transfer Services Ltd.*, 230 F. Supp. 3d 167, 174 (S.D.N.Y. 2017).  When no discovery has taken place, as here, a plaintiff must make a *prima facie* showing of jurisdiction through "legally sufficient allegations" to survive a Rule 12(b)(2) motion. *Id*. The Court will construe "all pleadings and affidavits in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor." *Id*.  Courts may rely on materials outside the pleadings in considering a motion to dismiss for lack of personal jurisdiction. *See DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 84 (2d Cir. 2001).

**Failure to State a Claim.** "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quotation and citation omitted). A cause of action is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*., at 678.  Although, on a Rule 12(b) motion the court accepts the facts alleged in the complaint as true and draws all reasonable inferences in favor of the plaintiff, *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 124 (2d Cir. 2008) (per curiam), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are inadequate. *Iqbal*, 556 U.S. at 678 (citation omitted).  The Second Circuit "has recognized an exception to the rule that a court must accept all factual assertions as true when attenuated allegations supporting the claim are contradicted by more specific allegations in the Complaint or when a claim is based on wholly

conclusory and inconsistent allegations." *Grant v. Cnty. of Erie*, 542 F. App'x 21, 23 (2d Cir. 2013).

## II.    GULF HOLDING IS IMMUNE FROM THE JURISDICTION OF U.S. COURTS AS AN FSIA "FOREIGN STATE"

"The [FSIA] provides the sole basis for obtaining jurisdiction over a foreign state in the courts of this country." *Saudi Arabia v. Nelson,* 507 U.S. 349, 355 (1993).   "Under the Act, a foreign state is presumptively immune from the jurisdiction of United States courts; unless a specified exemption applies, a federal court lacks subject-matter jurisdiction over a claim against a foreign state. *Id.*; 28 U.S.C. § 1604.  The relevant exceptions here are the commercial activity exception (28 U.S.C. § 1605(a)(2)) and the waiver exception (28 U.S.C. § 1605(a)(1)).

Here, Plaintiff improperly sued Gulf Holding, the sole shareholder of Gulf Air B.S.C., which is simply a holding company and is not an air carrier.  The communication referenced in the Complaint was *not* between Gulf Holding and Plaintiff, but instead between Gulf Air B.S.C. (the air carrier) and Plaintiff.  Gulf Holding is wholly owned by Bahrain Mumtalakat Holding Co. B.S.C. (c) which is the sovereign wealth fund of the Kingdom of Bahrain established by Royal Decree in 2006 and is wholly owned by the Government of the Kingdom of Bahrain. Gulf Holding Decl. at ¶ 6.

As Gulf Holding is a "foreign state" within the meaning of FSIA, it is presumptively immune unless Plaintiff proves an immunity exception.  *Rukoro v. Fed. Republic of Germany*, 363 F. Supp. 3d 436, 444 (S.D.N.Y. 2019).  The Court lacks subject matter jurisdiction over the claims against Gulf Holding as Plaintiff cannot meet his burden of proving wither exception to immunity applies because Gulf Holding is not an air carrier and did not have any communication with Plaintiff. Gulf Holding Decl. at ¶ 10.  Even if the Court does have subject matter jurisdiction over

Gulf Holding, Plaintiff's claims against Gulf Holding should be dismissed for the same reasons set forth by the other Moving Defendants.

### III.  PLAINTIFF LACKS STANDING TO ASSERT HIS CLAIMS AGAINST THE MOVING DEFENDANTS

Plaintiff does not have standing to assert his claims against the Moving Defendants. To meet the constitutional minimum requirement for standing, a plaintiff must establish three elements: "First, the plaintiff must have suffered an 'injury in fact' – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) 'actual and imminent, not 'conjectural' or 'hypothetical.' Second, there must be a causal connection between the injury and the conduct complained of – the injury has to be fairly … trace[able] to the challenged action of the defendant, and not … th[e] result [of] the independent action of some third party not before the court.'  Third, it must be 'likely,' as opposed to merely speculative," that the injury will be 'redressed by a favorable decision.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). The injury in fact must be "'concrete and particularized' and 'actual or imminent', not conjectural or hypothetical.'"  *Lower E. Side People's Fed. Credit Union v. Trump*, 289 F. Supp. 3d 568, 575 (S.D.N.Y. 2018).  The party invoking federal jurisdiction bears the burden of establishing these elements. *Lujan,* 504 U.S. at 561.  Hypothetical plans do not constitute actual or imminent injury. *See Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 443-44 (2d Cir. 2022).

Plaintiff does not have standing to sue the Moving Defendants because he has not and cannot allege an injury in fact.  His claims are based entirely on his alleged unspecified, hypothetical desire to travel on unidentified flights that may have been operated by the Airline Defendants, from unidentified departure points, to unidentified destinations, on unidentified dates. Plaintiff does not allege that he purchased, or even attempted to purchase, a ticket for travel on any of the Airline Defendants.  He does not allege that any of the Airline Defendants actually operated

flights between the unidentified departure and destination points on the unidentified dates he allegedly wanted to travel, or even that his intended travel would have taken place during the period when the Mask Mandate still was in effect.  Nor does he allege that any of the Airline Defendants refused to sell him a ticket, or that they stopped him from boarding one of their flights without a mask.  He simply wrote an email to each of the Airline Defendants in which he said "I would like to travel on your airline [somewhere, sometime] … and can [I do so] without a mask.?"  *See, e.g.*, email to EVA Airways, Complaint, Ex. 43.

Plaintiff's claims are based on allegations that are simply too vague, speculative and undefined to provide him standing to pursue this litigation against the Moving Defendants.

## IV.    THIS COURT LACKS PERSONAL JURISDICTION OVER THE AIRLINE DEFENDANTS

A plaintiff opposing a motion to dismiss under Rule 12(b)(2) for lack of personal jurisdiction has the burden of establishing that the court has jurisdiction over the defendant. *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999).  To meet this burden, Plaintiff must plead facts sufficient for a *prima facie* showing of jurisdiction. *Id.* Although the Court must construe Plaintiff's allegations as true and resolve all doubts in his favor, a plaintiff may not rely on conclusory statements without any supporting facts, as such allegations would "lack the factual specificity necessary to confer jurisdiction." *Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 185 (2d Cir. 1998).  As 12(b)(2) motions are "inherently ... matter[s] requiring the resolution of factual issues outside of the pleadings," courts may rely on additional materials when ruling on such motions.  *John Hancock Prop. & Cas. Ins. Co. v. Universale Reinsurance Co.*, 1992 WL 26765, at *n.1 (S.D.N.Y. Feb. 5, 1992).

Plaintiff has not alleged that general personal jurisdiction exists over any of the Moving Defendants. He only has alleged specific personal jurisdiction under CPLR § 302(a)(1)-(4).  *See* Supplemental Complaint, ¶ 18.

CPLR § 302(a)(1)-(4) empowers New York courts to exercise jurisdiction over non-domiciliaries when the causes of action in the case "aris[e] from" the following conduct by the defendant:

(1)  the transaction of any business within the state or contracts anywhere to supply goods or services in New York;

(2)  the commission of a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or

(3)  the commission of a tortious act without the state causing injury to person or property within the state … if the tortfeasor (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services render, in New York or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or

(4)  the ownership, use or possession of any real property situated within the state.

CPRL § 302.

## A.  Jurisdiction Does Not Exist Under CPLR § 302(a)(1)

'To determine the existence of jurisdiction under § 302(a)(1), a court must decide (1) whether the defendant 'transacts any business' in New York and, if so, (2) whether this cause of action 'aris[es] from' such a business transaction." *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246 (2d Cir. 2007) (quotations omitted). "Section 302(a)(1) is typically invoked for a cause of action against a defendant who breaches a contract with plaintiff or commits a commercial tort

against plaintiff in the course of transacting business or contracting to supply goods or services in New York." *Beacon Enterprises, Inc. v. Menzies*, 715 F.2d 757, 764 (2d Cir. 1983).

Section 302(a)(1) does not provide a basis for personal jurisdiction over any of the Moving Defendants in this case because Plaintiff does not allege that any of his claims "arise out of" any of their activities in New York.  "[A] claim 'aris[es] from' a particular transaction when there is 'some articulable nexus between the business transacted and the cause of action sued upon,' or when 'there is a substantial relationship between the transaction and the claim asserted.'" *Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 103 (2d Cir. 2006) (citations omitted). "[A]n articulable nexus or substantial relationship exists 'where at least one element [of the cause of action] arises from the New York contacts ....'" *D & R Glob. Selections, S.L. v. Bodega Olegario Falcon Pineiro*, 29 N.Y.3d 292, 299 (2017) (quoting *Licci v. Lebanese Canadian Bank*, 20 N.Y.3d 327, 341 (2012)). "The nexus is insufficient where the relationship between the claim and transaction is 'too attenuated' or 'merely coincidental.'" *Id.* (quoting *Johnson v. Ward*, 4 N.Y.3d 516, 520 (2005)).

The email communications sent by the Moving Defendants from outside of New York, solely in response to Plaintiff's vague, unsolicited emails saying that he "would like to travel on your airline," are not sufficient to establish specific personal jurisdiction.  *Beacon Enterprises,* 715 F.2d at 766 ("New York courts have consistently refused to sustain § 302(a)(1) jurisdiction solely on the basis of defendant's communication from another locale with a party in New York."); *see also Berkshire Capital Group, LLC v. Palmet Ventures, LLC*, 307 Fed. Appx. 479 (2d Cir. 2008) (finding negotiation of an agreement by telephone calls and emails from Illinois to New York insufficient to establish personal jurisdiction over defendant in New York*); Fiedler v. First City*

*National Bank of Houston*, 807 F.2d 315 (2d Cir. 1986) (finding no personal jurisdiction over defendant bank that made two telephone calls and a mailing to New York plaintiffs).

Jurisdiction does not exist under § 302(a)(1) for the further reason that Plaintiff concedes that he never purchased tickets for travel on the Airline Defendants. *Levisohn, Lerner, Berger & Langsam v. Medical Taping Sys.*, 10 F. Supp. 2d 334, 340 (S.D.N.Y 1998) (citations omitted) (holding that written communications must be shown to have been "used by the defendant to actively participate in business transactions in New York").

**B.  Jurisdiction Does Not Exist Under CPLR § 302(a)(2)**

Under § 302(a)(2), "a court may exercise personal jurisdiction over any non-domiciliary ... who in person or through an agent ... commits a tortious act within the state."  "To subject non-residents to New York jurisdiction under § 302(a)(2) the defendant must commit the tort while he or she is physically in New York State." *Carlson v. Cuevas*, 932 F. Supp. 76, 80 (S.D.N.Y. 1996). *See also Ahava Food Corp. v. Donnelly,* 2002 WL 31757449, at *3 (S.D.N.Y. Dec. 9, 2002) (personal jurisdiction did not arise under § 302(a)(2) with regard to tortious interference claims because defendant was not physically present in New York and "communication by post or telephone from outside of New York into New York is not an act committed 'within the state' for the purposes of § 302(a)(2).").

Even assuming, *arguendo*, the Moving Defendants' emails advising Plaintiff of the mask mandate and the exemption requirements constituted a "tortious act," they do not provide a basis for jurisdiction section 302(a)(2) because, with the exception of Lufthansa, all of the emails were sent from the Airline Defendants' offices located outside of New York.  Accordingly, those emails cannot be considered to be a "tortious act" *committed in New York*. *Carlson,* 932 F. Supp. at 80.

## C.  Jurisdiction Does Not Exist Under § 302(a)(3)

The Court does not have jurisdiction over the Moving Defendants under section 302(a)(3) which, permits the exercise of personal jurisdiction over a "non-domiciliary ... who in person or through an agent ... commits a tortious act without the state causing injury to person or property within the state."  CPLR § 302(a)(3). "[C]ourts determining whether there is injury in New York sufficient to warrant § 302(a)(3) jurisdiction must generally apply a situs-of-injury test, which asks them to locate the 'original event which caused the injury.'"  *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 209 (2d. Cir. 2001) (quoting *Bank Brussels Lambert*, 171 F.3d at 791).  "[T]he situs of the injury is the location of the original event which caused the injury, not the location where the resultant damages are felt by the plaintiff." *Id.* (quoting *Mareno v. Rowe*, 910 F.2d 1043, 1046 (2d Cir. 1990)).

Assuming, *arguendo*, the emails sent by the Airline Defendants to Plaintiff advising him of the Government-imposed mask mandates could be considered to constitute a tort, that tort would have been committed in the location from which the email was sent. *Id.*  All of those places are outside of New York.

## D.  Jurisdiction Does Not Exist Under § 302(a)(4)

CPLR § 302(a)(4) requires that Plaintiff's claims arise from defendant's "own[ership], use[], or possess[ion] [of] any real property situated within the state."  CPLR § 302(a)(4).  This section cannot provide the basis for the exercise of personal jurisdiction in this case because none of Plaintiff's claims involve any real property owned, used, or possessed by the Moving Defendants in New York.  *See* Complaint.

### E. The Exercise of Personal Jurisdiction Would Violate Due Process

Because Plaintiff has not met the requirements of New York's long-arm statute, the Court need not engage in the constitutional Due Process analysis for all Airline Defendants. *See Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 242 (2d Cir. 2007) (the court proceeds to the constitutional prong of the analysis "[i]f, but only if" the court concludes that there is a statutory basis for personal jurisdiction). However, as it relates to the FSIA Airline Defendants and Gulf Holding, there must be sufficient "minimum contacts" between the FSIA Airline Defendants, Gulf Holding and New York "such that maintenance of suit does not offend 'traditional notions of fair play and substantial justice.'" *Shapiro v. Republic of Bolivia*, 930 F.2d 1013, 1020 (2d Cir. 1991) (quoting *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945)). For the avoidance of doubt, the Airline Defendants also submit that the exercise of personal jurisdiction would violate constitutional due process, for the following reasons.

Specific jurisdiction can be exercised over a nonresident defendant without violating the due process protections of the Constitution if (1) the defendant has "purposefully availed itself of the privilege of conducting activities within the forum State," (2) "the plaintiff's claim ... arise[s] out of or relate[s] to the defendant's forum conduct, and (3) "the exercise of jurisdiction is reasonable under the circumstances." *U. S. Bank Nat'l Ass'n v. Bank of Am. N.A.*, 916 F.3d 143, 150 (2d Cir. 2019) (internal quotations and citations omitted). Here, the second and third requirements have not been met. Plaintiff's claims against the Airline Defendants do not arise from their "forum conduct" because Plaintiff has alleged no conduct of the Airline Defendants that took place in New York.

With respect to the second element, "[w]hether considered under New York's long-arm statute or as a matter of constitutional due process, '[i]n order for a court to exercise specific

jurisdiction over a claim, there must be an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State. When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State.'" *Pettenato v. Beacon Health Options, Inc.*, 425 F. Supp. 3d 264, 274 (S.D.N.Y. 2019) citing *Indelicato v. Liberty Transportation, Inc.*, 2018 WL 3934074, at *7 (W.D.N.Y. Aug. 16, 2018) (quoting *Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cnty.*, 137 S. Ct. 1773, 1781 (2017)), *report and recommendation adopted*, 2019 WL 1506931 (W.D.N.Y. Apr. 6, 2019)).  Here, as previously discussed, Plaintiff has not alleged specific facts sufficient to establish the required affiliation between New York and the underlying controversy. Plaintiff's vague and self-serving allegation that "[m]uch of his travels would have been from and/or to New York" do not suffice.

## V.    COUNT SEVEN FAILS TO STATE A CLAIM UNDER 42 U.S.C. § 1983

To state a claim for relief under 42 U.S.C. § 1983, Plaintiff "must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988).  A private person acts "under color of state law" when they are a "willful participant in joint activity with the [s]tate or its agents." *Cheruvu v. HealthNow New York, Inc*., 2023 WL 3443362, at *2 (2d Cir. May 15, 2023). A plaintiff must plausibly allege that the private actor and the state "share some common goal to violate the plaintiff's rights." *Id*.

As an initial matter, Plaintiff does not even allege that any of the Moving Defendants acted "under color of state law."  Plaintiff's allegations against the Moving Defendants are based on their compliance with the *federal* mask mandate.

In support of this claim, Plaintiff alleges generally that flight attendants exercise a "quasi police power" on board aircraft, and that if he were to "ignore the mask demands from the airlines … then go[] on any of the above listed airline defendant's planes without a mask, all hell would break loose." Complaint, ¶ 925, 928.  However, he does not allege that he ever actually boarded any of the Airline Defendants' aircraft, or that any of their employees ever used "quasi police power" against him.  He simply makes the conclusory statement, without any supporting factual allegations, that the Moving Defendants acted in concert with government authorities with the intent to violate his rights.  That is not sufficient to support a claim under 42 U.S.C. § 1983.  *See Cheruvu,* 2023 WL 3443362 at *2 ("[a] merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a [section] 1983 claim against a private entity.").

Finally, Plaintiff's § 1983 claim fails because the Air Carrier Access Act of 1986 ("ACAA"), 49 U.S.C. § 41705, already provides administrative regulations and procedures to respond to complaints against air carriers for disability discrimination. *Seklecki v. Center for Disease Control & Prevention*, 635 F. Supp. 3d 15, 22 (D. Mass. 2022).

The ACAA provides as follows:

[A]n air carrier ... may not discriminate against an otherwise qualified individual on the following grounds: (1) the individual has a physical or mental impairment that substantially limits one or more major life activities; (2) the individual has a record of such an impairment; (3) the individual is regarded as having such an impairment.

49 U.S.C. § 41705(a).

Section 1983 cannot be used to enforce federal statutory rights that are enforceable under their own more specific statutes. *Seklecki,* 635 F. Supp. 3d at 22; *see also City of Rancho Palos Verdes, Cal. v. Abrams*, 544 U.S. 113, 121 (2005); *Great Am. Fed. Sav. & Loan Ass'n v. Novotny*,

20

442 U.S. 366, 375-78 (1979).  Plaintiff's section 1983 claim is based on his allegation that the

Moving Defendants refused to allow him to travel on their planes based upon his disability.

Accordingly, Plaintiff's claims under 42 U.S.C. §1983 should be dismissed as against the

Moving Defendants.

## VI.    COUNT EIGHT FAILS TO STATE A CLAIM UNDER 42 U.S.C. § 1985(3)

To state a claim for civil conspiracy under 42 U.S.C. § 1985(3), Plaintiff must prove:

> (1)    a conspiracy of two or more persons, (2) who are motivated by a specific racial or other class-based, invidiously discriminatory animus, (3) to deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) which results in injury to the plaintiff, (5) due to an overt act committed by the defendants in connection with the conspiracy.

42 U.S.C. § 1985(3); *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971).

Plaintiff's § 1985(3) claim fails for a number of reasons.  First, as discussed above, his

exclusive remedy for his disability discrimination claims related to air travel is an administrative

complaint made to the DOT under the ACAA.

Second, individuals with disabilities are not a class protected by § 1985(3).  *See D'Amato*

*v. Wis. Gas Co.,* 760 F.2d 1474, 1486 (7th Cir. 1985) ("The legislative history of Section 1985(3)

does not suggest a concern for the handicapped"); *Wilhelm v. Cont'l Title Co.*, 720 F.2d 1173,

1176-77 (10th Cir. 1983) ("We must conclude that a class of 'handicapped persons' . . . was not

included as a class in what is now § 1985(3)."); *Bartell v. Lohiser*, 215 F.3d 550, 559 (6th Cir.

2000) (Section 1985 does not cover claims based on disability-based discrimination or animus);

*Cantu v. Moody*, 933 F.3d 414, 418 (5th Cir. 2019) ("This kind of [section 1985(3)] conspiracy

requires some form of class-based discrimination").

This issue was addressed in another anti-mask case recently brought by Mr. Abadi, wherein

the court observed that, "[d]espite the seeming breadth of the" language in section 1985(3), "its

21

reach is actually quite limited. 'The Supreme Court has recognized only two rights as protected by § 1985(3) against private conspirators: the right to be free from involuntary servitude and the right to interstate travel." *Abadi v. Marina Dist. Dev. Co.*, 2022 WL 5208882, at *3 (D.N.J. Oct. 4, 2022) (quotation and citation omitted).

Third, Plaintiff has not sufficiently alleged a conspiracy or agreement between or among the Moving Defendants to deprive him of his rights that was motivated by a specific racial or class-based discriminatory animus.  A § 1985(3) claim must be pled with "at least some degree of particularity ... [to] establish the existence of an agreement among the defendants to deprive [the plaintiff] of his constitutional rights." *Gropper v. Fine Arts Housing, Inc.*, 12 F. Supp. 3d 664, 671 (S.D.N.Y. 2014). "A plaintiff alleging civil conspiracy must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end." *Sherman v. Yonkers Pub. Sch.*, 2023 WL 137775, at *8 (S.D.N.Y. Jan. 9, 2023) (internal citations and quotations omitted). A plaintiff must further allege that the defendant's "overt acts ... were reasonably related to the promotion of the claimed conspiracy.  *Thomas v. Roach*, 165 F.3d 137, 147 (2d Cir. 1999).  A court will not simply infer an agreement from violations of the laws because that would "permit every civil rights case to become a civil rights conspiracy case, which the Second Circuit has rejected in analogous contexts." *Id.* at 671. Conclusory allegations are insufficient to support a § 1985 claim. *See Does 1-2 v. Hochul*, 2022 WL 4637843, at *18 (E.D.N.Y. Sept. 30, 2022) ("A complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights must be dismissed.").  Moreover, a plaintiff cannot state a conspiracy claim by alleging "parallel conduct" among the defendants, *i.e.*, that "they all did it, so there must be a conspiracy." *See, e.g.,*

*Andreadakis v. Ctr. for Disease Control & Prevention*, 2022 WL 2674194, at *9 (E.D. Va. July 11, 2022) ("Without more, parallel conduct does not suggest conspiracy").

In this case, Plaintiff has not alleged specific facts showing an agreement or "meeting of the minds" among the defendants, or a discriminatory motive held by any Moving Defendant. He alleges only that "I expect to prove through discovery that the Moving Defendants conspired – with each other, other air carriers, and within their own companies – to ban disabled flyers because of a discriminatory motive." Complaint ¶ 961.  An allegation of what the plaintiff "expects to prove through discovery" is insufficient to state a claim of civil conspiracy. *Seklecki,* 635 F. Supp. 3d at 23.

Accordingly, Plaintiff's claims under 42 U.S.C. §1985(3) should be dismissed as against the Moving Defendants.

## VII.    COUNT NINE FAILS TO STATE A CLAIM UNDER 42 U.S.C. § 1986

As an initial matter, Plaintiff's Section 1986 claim, like his Section 1983 and 1985 claims, fails because the ACAA provides his exclusive remedy for his discrimination claims related to air travel.

Moreover, Plaintiff's section 1986 claim fails because it must be predicated upon a valid section 1985 claim.  *See Gagliardi v. Village of Pawling*, 18 F.3d 188 (2d Cir. 1994); *Abadi v. Target Corp.*, 2023 WL 4045373, at *1 (3d Cir. June 16, 2023).  Section 1986 "provides a cause of action against anyone who having knowledge that any of the wrongs conspired to be done and mentioned in [42 U.S.C. §1985] are about to be committed and having the power to prevent or aid, neglects to do so." *Thomas v. Roach*, 165 F.3d 137, 147 (2d Cir. 1999).  As discussed above, no basis exists for Plaintiff's section 1985 claim.  Accordingly, his section 1986 claim fails as well.

Finally, Plaintiff's section 1986 claim is also time-barred because it was not brought within one year of the date the cause of action accrued, i.e., when the complained of conduct occurred. *Johns v. Home Depot U.S.A., Inc.*, 221 F.R.D. 400, 407 (S.D.N.Y. 2004).  Plaintiff filed his Complaint in May 2023, more than one year after the federal mask mandate ended and more than one year after any of the Moving Defendants' allegedly wrongful conduct occurred.  Accordingly, this claim is time-barred and should be dismissed.

## VIII.   COUNTS TEN - EIGHTEEN OF THE COMPLAINT MUST BE DISMISSED BECAUSE THE ACAA DOES NOT PROVIDE A PRIVATE CAUSE OF ACTION

Counts Ten through Eighteen of the Complaint alleging violation of various provisions of the Air Carrier Access Act (ACAA) should be dismissed because the ACAA does not provide a private cause of action.  *Lopez v. Jet Blue Airways*, 662 F.3d 593, 597 (2d Cir. 2011); *Love v. Delta Air Lines*, 310 F.3d 1347, 1354 (11th Cir. 2022); *Stokes v. Sw. Airlines Co.*, 887 F.3d 199, 202 (5th Cir. 2018); *Boswell v. Skywest Airlines, Inc*., 61 F.3d 1263, 1270 (10th Cir. 2004); *Andreadakis*, 2022 WL 2674194 at *9-10.

The ACAA provides a specific mechanism for private enforcement through a complaint filed with the DOT.  *See* 49 U.S.C. § 41705(c); 14 C.F.R. § 382.159. As noted above, Plaintiff admitted in other anti-mask litigation that he has filed more than fifty complaints with the DOT concerning the mask mandate.  *Seklecki v. Centers for Disease Control & Prevention*, Civil Action No. 22-10155 (D. Mass.), Declaration of Aaron Abadi, ECF No. 61-1; *Id.,* ¶ 17.

Accordingly, Counts Ten through Eighteen of the Complaint should be dismissed as against the Moving Defendants.

## IX.    COUNT NINETEEN FAILS TO STATE A CLAIM AGAINST THE MOVING DEFENDANTS

Section 504 of the Rehabilitation Act prohibits discrimination based on disability in any program or activity operated by recipients of financial assistance from the United States Government. 29 U.S.C. § 794(a); *McElwee v. Cnty. of Orange*, 700 F.3d 635, 640 (2d Cir. 2012). Plaintiff does not allege that any of the Moving Defendants received financial assistance from the United States. *See* Complaint. Moreover, Plaintiff has explained that Count Nineteen applies only to "those companies that are based and incorporated here in the United States." Complaint, ¶ 1144. Plaintiff does not allege that any of the Moving Defendants are "based or incorporated in the United States." *See* Complaint. He also concedes that defendant Anita Ayala is not a corporation. Accordingly, Count Nineteen should be dismissed as against the Moving Defendants.

## X.    COUNT TWENTY IS TIME BARRED AND FAILS TO STATE A CLAIM AGAINST THE MOVING DEFENDANTS

Plaintiff's claim under the California Unruh Civil Rights Act ("Unruh Act") is time-barred because it is subject to a one-year statute of limitations.  *See Gatto v. Cnty. of Sonoma*, 98 Cal. App. 4th 744, 756 (2002).  All of the Moving Defendants' activities upon which this claim is based took place in and about September 2021, and this litigation was not commenced until May 1, 2023. *See* Complaint.

Plaintiff's Unruh Act claim also is preempted and barred by the Airline Deregulation Act, 49 U.S.C. § 41713 ("ADA").  As discussed above, Plaintiff's claims all are based on his allegations that the Moving Defendants refused to allow him to travel on their planes because of his disability. Accordingly, his claims are preempted and barred by the ACAA.

Plaintiff's State law claims are barred by the ADA.  The ADA's preemption provision provides:

> [A] state, political subdivision of a State, or political authority of at least 2 states may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier that may provide air transportation under this subpart.

49 U.S.C. § 41713(b)(1).  The ADA's preemption provision applies to domestic and foreign air carriers. *Dogbe v. Delta Air Lines, Inc.*, 969 F. Supp. 2d 261, 276 (E.D.N.Y. 2013). The phrase "related to" is interpreted broadly to mean that the ADA preempts state laws that have a "connection with, or reference to" an airline's prices, routes, or services. *Morales v. Trans World Airlines*, 504 U.S. 374, 378, 383 (1992).  The term "service" is interpreted broadly as "the provision or anticipated provision of labor from the airline to its passengers" such as "boarding procedures, baggage handling, and food and drink—matters incidental to and distinct from the actual transportation of passengers." *Dogbe*, 969 F. Supp. 2d at 276 (quoting *Air Transp. Ass'n of Am. v. Cuomo,* 520 F.3d 218, 223 (2d Cir. 2008)).

The Unruh Act, in general terms, entitles all persons to free and equal accommodations, privileges, facilities and services in all business establishments, and secures equal access to public accommodations and prohibits discrimination by business establishments.  *See Sprewell v. Golden State Warriors,* 266 F.3d 979, 989 (9th Cir. 2001); Cal. Civ. Code § 51. Plaintiff's Unruh Act claim therefore relates to a service of the Airline Defendants and is preempted by the ADA. *See Montgomery v. Delta Air Lines, Inc.,* 2023 WL 2400743, at *5 (5th Cir. March 8, 2023) ("Delta's decision not to provide transportation to Appellants" who refused to wear a mask "is enough for us to hold that the Deregulation Act preempts their claims. Our precedent makes clear that boarding and transportation are undeniably 'services' under the Deregulation Act").

Plaintiff's Unruh Act claim fails against the Moving Defendants for the additional reason that Plaintiff does not allege that they engaged in discriminatory conduct in, or having an impact in, California. *See T.P. v. Walt Disney Parks and Resorts U.S., Inc.*, 2021 WL 3598574, at *2 (C.D.

Cal. Apr. 20, 2021) (plaintiff's "Unruh Act claim fails because the Unruh Act is 'expressly limited to discrimination that takes place within California's borders"); *Loving v. Princess Cruise Lines, Ltd.*, 2009 WL 7236419, at *8 (C.D. Cal. Mar. 5, 2009) (Unruh Act does not apply to claims by nonresidents of California injured by conduct occurring outside of California).

Accordingly, Count Twenty of the Complaint should be dismissed as against the Moving Defendants.

## XI.    COUNTS TWENTY-ONE AND TWENTY-TWO FAIL TO STATE A CLAIM AGAINST THE MOVING DEFENDANTS

Counts Twenty-One and Twenty-Two of the Complaint allege that the Moving Defendants violated New Jersey's Civil Rights Law and Human Rights Law by refusing to provide him air transportation from Newark Airport. These claims fail because the Complaint does not allege that Plaintiff attempted or intended to travel on any flight operated by any of the Moving Defendants to or from Newark Airport, or that he even advised any of the Moving Defendants that he wanted to travel on any such flights.

Moreover, for the reasons discussed above, these New Jersey State law claims are preempted and barred by the ADA. These claims also fail because Plaintiff does not claim that the Moving Defendants engaged in any discriminatory conduct in New Jersey, or that their conduct had any connection with New Jersey whatsoever. *See Calabotta v. Phibro Animal Health Corp.*, 460 N.J. Super. 38, 64–65, 213 A.3d 210, 225 (App. Div. 2019).

Accordingly, Counts Twenty-One and Twenty-Two of the Complaint should be dismissed as against the Moving Defendants.

**XII.    COUNTS TWENTY-THREE, TWENTY-FOUR AND TWENTY-FIVE FAIL TO STATE A CLAIM AGAINST THE MOVING DEFENDANTS**

Counts Twenty-Three, Twenty-Four and Twenty-Five of the Complaint allege that the Moving Defendants violated New York City Civil Rights Laws by refusing to provide him air transportation from J.F.K. Airport in New York.  These claims fail because the Complaint does not allege that Plaintiff attempted or intended to travel on any flight operated by any of the Moving Defendants to or from New York, or that he even advised any of the Moving Defendants that he wanted to travel on any such flights.

Moreover, for the reasons discussed above, these New York State law claims are preempted and barred by the ADA.

**XIII.    COUNT TWENTY-SIX FAILS TO STATE A CLAIM AGAINST THE MOVING DEFENDANTS**

Count Twenty-Six of the Complaint alleges that the Moving Defendants violated "Texas State Civil Rights Laws" by "discriminating against [him] in regards to any flights he would take from Texas, and "denied" him flights "to and from Texas." Complaint, ¶¶ 1221, 1223.  This claim fails because the Complaint does not allege that Plaintiff attempted or intended to travel on any flight operated by any of the Moving Defendants to or from Texas, or that he even advised any of the Moving Defendants that he wanted to travel on any such flights.

Moreover, for the reasons discussed above, these Texas State law claims are preempted and barred by the ADA.

**XIV.    COUNTS TWENTY-SEVEN, TWENTY-EIGHT AND TWENTY-NINE FAIL TO STATE A CLAIM AGAINST THE MOVING DEFENDANTS**

Counts Twenty-Seven, Twenty-Eight and Twenty-Nine of the Complaint allege vague and unspecified claims for "intentional and/or unintentional torts," "causing injuries through

negligence," and "infliction of emotional distress" under the laws of Texas, New York, New Jersey, California and/or other unidentified States.

For the reasons discussed above, these State law claims are preempted and barred by the ADA. Moreover, Plaintiff's claims for intentional torts under New York and California law are subject to a one- year statute of limitations, and thus are time barred. *D'Amico v. Arnold Chevrolet, LLC*, 2011 WL 1105659, at *9 (N.Y. Sup. Ct. 2011); *Gallagher v. Director's Guild of Am.*, 144 A.D. 2d 261, 262-63 (1st Dep't 1988); *Yong Wen Mo v. Gee Ming Chan*, 17 A.D. 3d 356, 358 (2nd Dep't 2005); *Magpali v. Farmers Group, Inc*., 48 Cal. App. 4th 471 (1996).

## XV.    COUNT THIRTY FAILS TO STATE A CLAIM AGAINST THE MOVING DEFENDANTS

Count Thirty of the Complaint alleges a claim for breach of contract against "the airlines that Plaintiff purchased tickets on." Complaint, ¶ 1251. Plaintiff has not alleged that he entered into a contract with any of the Moving Defendants. *See* Complaint. Accordingly, this claim should be dismissed as against the Moving Defendants.

## XVI.    COUNT THIRTY-ONE FAILS TO STATE A CLAIM AGAINST THE MOVING DEFENDANTS

Count Thirty-One of the Complaint alleges a claim for promissory estoppel. "In order to prevail on a theory of promissory estoppel, a party must establish '(1) a promise that is sufficiently clear and unambiguous; (2) reasonable reliance on the promise by a party; and (3) injury caused by the reliance.'" *Condor Funding, LLC v. 176 Broadway Owners Corp.*, 147 A.D.3d 409, 411, 46 N.Y.S.3d 99, 101 (2017) (citation omitted). This claim fails because Plaintiff has not identified any promise that the Moving Defendants made to Plaintiff, nor has he alleged any reliance on such unidentified promises, or any injury allegedly caused by such reliance. *See* Complaint, ¶¶ 1273-1277.

Moreover, for the reasons discussed above, this State law claim is preempted and barred by the ADA.

## XVII.  COUNT THIRTY-THREE IS TIME BARRED, AND FAILS TO STATE A CLAIM AGAINST THE MOVING DEFENDANTS

Plaintiff's claim for Injurious Falsehood asserted in Count Thirty-Three is time barred because it is subject to a one-year statute of limitations. CPLR § 215(3); *Korova Milk Bar of White Plains, Inc. v. PRE Properties, LLC*, 2013 WL 417406, at *16 (S.D.N.Y. Feb. 4, 2013).  The allegedly false statements made by the Moving Defendants upon which this claim is based all were made in and about September 2021, and this litigation was not commenced until May 1, 2023.  *See* Complaint.

Moreover, Plaintiff has not sufficiently pled a claim for injurious falsehood, which requires him to prove: "(1) the falsity of the alleged statements; (2) publication to a third person; (3) malice; and (4) special damages." *Exportaciones Del Futuro S.A. de C.V. v. Iconix Brand Grp. Inc.*, 636 F. Supp. 2d 223, 232 (S.D.N.Y. 2009).  Injurious falsehood is an intentional tort which requires that a false statement be made knowingly or recklessly. A false statement negligently made is insufficient to impose liability.  *See Dale System v. General Teleradio*, 105 F. Supp. 745 (S.D.N.Y.1952).  "[A]n injurious falsehood is confined to denigrating the quality of the plaintiff's business's goods or services."  *Korova,* 2013 WL 417406 at * 16.

This claim also fails because the statements that plaintiff relies on for this cause of action, *e.g*., "Masks will protect you from COVID 19," *see* Complaint ¶ 1289, were not "false" statements. Moreover, Plaintiff does not even attempt to attribute any of these statements to any one of the Moving Defendants. And, Plaintiff has not alleged that such statements caused him to sustain special damages, *i.e.*, "the loss of something having economic or pecuniary value." *Blumenstein*

*v. Chase*, 100 A.D.2d 243, 246, 473 N.Y.S.2d 996, 998 (1984). Plaintiff does not allege that these statements had anything to do with his business' goods or services.

Finally, for the reasons discussed above, this state law claim is preempted and barred by the ADA.

## XVIII. COUNT THIRTY-FOUR IS TIME-BARRED AND FAILS TO STATE A CAUSE OF ACTION AGAINST THE MOVING DEFENDANTS

Count Thirty-Four asserting a claim for Invasion of Privacy is subject to a one-year statute of limitations, and therefore is time-barred. CPLR § 215; *Costanza v. Seinfeld*, 279 A.D.2d 255, 255 (2001). This claim is based on events that allegedly occurred in and about September 2021, *see* Complaint, ¶1298, and this litigation was not commenced until May 1, 2023. *See* Complaint.

And, for the reasons discussed above, this state law claim is preempted and barred by the ADA. *See Seklecki*, 635 F. Supp. 3d at 24.

## XIX. COUNT THIRTY-SIX FAILS TO STATE A CAUSE OF ACTION AGAINST THE MOVING DEFENDANTS

Count Thirty-Six of the Complaint asserts a claim for Fraudulent Misrepresentation. To plead fraud under New York law, a plaintiff must plead facts showing "(1) a misrepresentation or omission of material fact; (2) which the defendant knew to be false; (3) which the defendant made with the intention of inducing reliance; (4) upon which the plaintiff reasonably relied; and (5) which caused injury to the plaintiff." *Wynn v. AC Rochester*, 273 F.3d 153, 156 (2d Cir. 2001) (citation omitted). Plaintiff must also meet the particularity requirements of Fed. R. Civ. P. 9(b), "which require[ ] that the plaintiff (1) detail the statements (or omissions) that the plaintiff contends are fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) are fraudulent." *Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC*, 783 F.3d 395, 403 (2d Cir. 2015) (quotation omitted). A plaintiff

must also "allege facts that give rise to a strong inference of fraudulent intent . . . either (a) by alleging facts to show that defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness." *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290-91 (2d Cir. 2006) (quotations omitted).

Plaintiff alleges that the Moving Defendants "falsely represented on their websites, in e-mails to passengers, signage at airports, etc. that 'federal law' requires airline passengers wear face masks" when "Congress has never enacted such a law." Complaint, ¶ 1322.

These vague allegations cannot support a claim for fraudulent misrepresentation. First, Plaintiff fails to identify the speaker of the statements, or where and when the statements were made. Moreover, the cited statements were not false. It is undisputed that at all relevant times, a nationwide federal mask mandate established by the United States Government was in effect. *See* Exec. Order 13998, *Promoting COVID-19 Safety in Domestic and International Travel*, 86 Fed. Reg. 7205 (Jan. 21, 2021); CDC, *Order Under Section 361 of the Public Health Service Act, Requirement for Persons to Wear Masks While on Conveyances and at Transportation Hubs*, 86 Fed. Reg. 8025 (Feb. 3, 2021). Moreover, Plaintiff does not allege that he relied on any of these statements. To the contrary, he maintains that he knew that these statements were false, and that there was no reason for him to wear a mask while traveling.

Finally, for the reasons discussed above, this state law claim is preempted and barred by the ADA. *See Seklecki*, 635 F. Supp. 3d at 24-25.

## XX.    COUNT THIRTY-SEVEN FAILS TO STATE A CLAIM AGAINST THE MOVING DEFENDANTS

In Count Thirty-Seven, Plaintiff alleges that the Moving Defendants deprived him of his "constitutional right to travel." Although a right to travel exists, individuals "do not have a

constitutional right to the most convenient form of travel, and minor restrictions on travel simply do not amount to the denial of a fundamental right." *Town of Southold v. Town of East Hampton*, 477 F.3d 38, 54 (2d Cir. 2007) (quotations and citations omitted). *See also, Cramer v. Skinner*, 931 F.2d 1020, 1031 (5th Cir. 1991). Here, plaintiff was not prohibited from traveling. It is undisputed that he could have traveled with a mask, or without a mask by obtaining an exemption. Accordingly, the Moving Defendants' compliance with the mask mandate amounted to "nothing more than a minor restriction on his travel, such that he cannot bring a claim for the denial of a constitutional right." *Andreadakis v. Center for Disease Control & Prevention*, 2022 WL 2674194, at *13 (E.D. Va. Jul. 11, 2022); *see also Seklecki*, 635 F. Supp. 3d at 27 (same).

Moreover, there is "no constitutional right to *international* travel." *See Weisshaus v. Cuomo*, 512 F. Supp. 3d 379, 392 (E.D.N.Y. 2021) (emphasis added). Plaintiff concedes that all the Airline Defendants are foreign air carriers. *See* Complaint. As such, they are prohibited by law from providing domestic air transportation wholly within the United States. *See* 19 C.F.R. § 122.165(a) (the air cabotage law that prohibits non-U.S. air carriers from operating between points within the U.S.). The Airline Defendants provide only international air transportation, and because there is no constitutional right to international travel, the Moving Defendants could not have deprived Plaintiff of a constitutional "right to travel."

## XXI.   NO BASIS EXISTS FOR PLAINTIFF'S PUNITIVE DAMAGE CLAIM

Punitive damages are only available when a plaintiff proves that a defendant's conduct was motivated by an evil motive or intent, or when the defendant's conduct involved a reckless or callous indifference to the federally protected rights of others. *Johnson v. City of New York*, 593 F. Supp. 3d 58, 67-68 (S.D.N.Y. 2022) (citing *Lee v. Edwards*, 101 F.3d 805, 808 (2d Cir. 1996). Plaintiff has not alleged any facts to even suggest that the Moving Defendants' conduct, *i.e.,* giving

effect to the Government-imposed federal mask mandate during the COVID-19 pandemic, was motivated by an evil motive or intent.

Moreover, Plaintiff's claim for punitive damages is preempted and barred by the ADA. *See, e.g., Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1432 n.8 (7th Cir. 1996); *Starker v. Spirit Airlines*, 2019 WL 4194572, at * 8 (S.D.N.Y. Sept. 3, 2019); *Norman v. Trans World Airlines, Inc*., 2000 WL 1480367, at *6 (S.D.N.Y. Oct. 6, 2000).

## XXII. PLAINTIFF'S REQUESTS FOR INJUNCTIVE RELIEF IN CONNECTION WITH THE AIRLINE DEFENDANTS' IMPLEMENTATION OF THE FEDERAL MASK MANDATE ARE MOOT

Article III's cases-and-controversies limitation is rooted in "the principle that, at all times, the dispute before the court must be real and live, not feigned, academic, or conjectural." *Russman v. Bd. of Educ. of Enlarged City Sch. Dist. of Watervliet*, 260 F.3d 114, 118 (2d Cir. 2001). Therefore, "[w]hen the issues in dispute between the parties are no longer 'live,' a case becomes moot and the court—whether trial, appellate, or Supreme—loses jurisdiction over the suit, which therefore must be dismissed." *Lillbask v. Conn. Dep't of Educ.*, 397 F.3d 77, 84 (2d Cir. 2005) (internal citations and quotation marks omitted). However, "[t]he Supreme Court has 'recognized an exception to the general rule regarding mootness ... in cases that are capable of repetition, yet evading review." *Id.* at 84-85 (alteration omitted) (quoting *Murphy v. Hunt*, 455 U.S. 478, 482 (1982)). That exception "applies only in exceptional situations where two circumstances are simultaneously present: (1) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party would be subjected to the same action again." *Id.* at 85 (alterations, citations, and internal quotation marks omitted); *see also Granite State Outdoor Advert., Inc. v. Town of Orange*, 303 F.3d 450, 451 (2d Cir. 2002) ("The voluntary cessation of allegedly illegal activities

34

will usually render a case moot 'if the defendant can demonstrate that (1) there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.'" (citation omitted)). "To create a reasonable expectation of recurrence, repetition must be more than theoretically possible"; "[m]ere speculation that the parties will be involved in a dispute over the same issue" is not sufficient. *Russman*, 260 F.3d at 120 (citation omitted).

In keeping with the "capable of repetition, yet evading review" exception, the Supreme Court has "provided the relevant legal framework for assessing mootness in COVID restriction lawsuits." *Hopkins Hawley LLC v. Cuomo*, 2021 WL 1894277, at *3-4 (S.D.N.Y. May 11, 2021). The Supreme Court has "articulate[d] two [COVID-19-specific] mootness principles ...: (1) a lawsuit brought against COVID restrictions is not simply moot because the restrictions at issue have been rescinded; and (2) if the COVID restrictions ... have been rescinded in the course of litigation, the relevant inquiry is whether the plaintiff remains under a 'constant threat' of those restrictions being reintroduced in the future." *Id.* (citing *Roman Catholic Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63, 68 (2020); *Tandon v. Newsom*, 141 S. Ct. 1294, 1297 (2021)).

Plaintiff's requests for injunctive relief are moot because the mask mandate has been rescinded. Furthermore, any argument by Plaintiff that his claims for injunctive relief are not moot because the mask mandate could be reinstated are without merit because Plaintiff has alleged no facts supporting a "reasonable expectation" that the federal government and/or the Airline Defendants will reimplement a mask mandate, as is required to invoke the "capable of repetition, yet evading review" rule. *See Lillbask*, 397 F.3d at 85. Plaintiff has not alleged facts showing that he remains under a "constant threat" that the mask mandate will be reimposed, which is necessary to establish a live controversy when a COVID-19 restriction is rescinded. *See Hopkins Hawley*,

2021 WL 1894277, at *3-4 (quoting *Roman Catholic Diocese*, 141 S. Ct at 68).   There is no reasonable threat that the federal mask mandate will be reimposed, and any fear that it will be is purely speculative.

## XXIII. PLAINTIFF IS NOT ENTITLED TO A JURY TRIAL FOR CLAIMS AGAINST FSIA AIRLINE DEFENDANTS AND GULF HOLDING

FSIA Airline Defendants and Gulf Holding move pursuant to Rule 39(a)(2), to strike Plaintiff's request for a trial by jury as it relates to the claims asserted against the FSIA Airline Defendants and Gulf Holding.  The FSIA prohibits jury trials against a "foreign state."  28 U.S.C. ¶ 1330(a) (granting district courts original jurisdiction of nonjury civil actions against foreign states).  Federal courts routinely prohibit jury trial in actions against airlines owned by foreign governments.  *See, e.g.*, *Ruggiero v. Compania Peruana de Vapores Inca Cepac Yupangui*, 639 F.2d 872, 881 (2d Cir. 1981) (striking jury demands from plaintiffs' personal injury actions as inconsistent with the FSIA); *Aboeid v. Saudi Arabian Airlines, Inc.*, 2011 WL 2222140, at *2 (E.D.N.Y. June 1, 2011) (granting defendant airline's motion to strike the plaintiff's jury demand in employment discrimination case finding airline entirely owned by the Kingdom of Saudi Arabia to be a "foreign state" within the meaning of the FSIA).  Because the FSIA Airline Defendants and Gulf Holding are foreign states within the meaning of FSIA, plaintiff is not entitled to a trial by jury for claims against them.

## <u>CONCLUSION</u>

For the reasons set forth above, the motion of the Moving Defendants dismissing the Plaintiff's Complaint should be granted in all respects.

Dated: New York, New York
         January 16, 2024

Yours, etc.,

CLYDE & CO US LLP

By: _____
       Andrew J. Harakas
       Christopher Carlsen
       Nicholas Magali
       Natalie D. Cox
The Chrysler Building
405 Lexington Avenue, 16th Floor
New York, New York 10174
(212) 710-3900

*Attorneys for Defendants*