# EXHIBIT C



| | | |
|---|---|---|
| **U.S. Department of Transportation**<br>Office of the Secretary<br>of Transportation | **GENERAL COUNSEL** | 1200 New Jersey Ave., S.E.<br>Washington, DC 20590 |

March 04, 2022

Mr Aaron Abadi
82 Nassau Street, 140
New York, NY 10038

Dear Mr Abadi:

This letter is in further reference to your disability complaint regarding Emirates Airlines. We were sorry to hear of the incident and appreciate the opportunity to advise you of the outcome of our investigation. Enclosed you will find an Investigation Summary Sheet that details the results of our investigation, which was based on the Air Carrier Access Act (ACAA), 49 U.S.C. Section 41705, and our implementing rule, 14 CFR Part 382.

In particular, the Investigation Summary Sheet identifies the applicable section of 14 CFR Part 382, provides a brief summary of that section and explains this office's view on whether the carrier has violated the ACAA and 14 CFR Part 382. If your complaint raises more than one disability issue, an additional Investigation Summary Sheet has been attached to address each issue.

If we believe the complained of incident involves a violation, the Investigation Summary Sheet indicates the action that we plan to take. We will either pursue formal enforcement action or by copy of this letter notify the airline specified in your complaint of our determination and warn it that any similar incidents could lead to formal enforcement action. Generally, we will pursue enforcement action on the basis of a number of complaints from which we may infer a pattern or practice of discrimination. However, where one or a few complaints describe particularly egregious conduct on the part of a carrier and those complaints are supported by adequate evidence, we will pursue enforcement action as our resources permit. If we decide to seek enforcement action against the airline, your complaint will be among those considered in the context of this action, which may lead to the issuance of a cease and desist order and to the assessment of civil penalties. In the event that this enforcement action leads to litigation, it is possible that we may need sworn statements or witnesses for a hearing. We will advise you if, in fact, we need your further help.

For your information, in an enforcement case, the U.S. Department of Transportation is limited to issuing cease and desist orders and assessing civil penalties not to exceed $34,174 per violation. Such action can only be accomplished through settlements or formal hearings before administrative law judges. We cannot order compensation for aggrieved parties. To obtain a personal monetary award of damages, a complainant would have to file a private legal action that may be based on private contract rights or on civil rights statutes that provide for a private right of action.

If we have insufficient evidence or it appears that the airline specified in your complaint has not violated the ACAA, we will not pursue enforcement action. Notwithstanding our decision not to pursue enforcement action, however, private legal action may be pursued in the courts based on private contract rights or on civil rights statutes that provide for a private right of action and, in such a proceeding, monetary damages may be sought.

Regardless of whether the airline has been determined to have violated the ACAA, we have entered your complaint in our computerized industry monitoring system, and the carrier's ACAA complaint totals in our monthly *Air Travel Consumer Report* reflect your complaint. Our monthly report is made available to the

aviation industry, the news media and the general public so that both consumers and air travel companies can compare the overall complaint records of individual airlines, as well as the number of disability complaints filed against particular carriers.  This system also serves as a basis for rulemaking, legislation, and research.

Moreover, we also routinely monitor our complaint records to determine the extent to which carriers are in compliance with the ACAA and to track trends or spot areas of concern which we feel may warrant further action.  This ongoing process also enables us to ensure prompt corrective action whenever we determine that an airline's policies or procedures are not in compliance with our ACAA regulations.  Your complaint will be among those considered in the context of this overall process.

I hope this further information is useful.  Thank you again for taking the time to contact us.

                                                                       Sincerely,

                                                    Livaughn Chapman, Jr.
                                                    Deputy Assistant General Counsel
                                                     for Aviation Consumer Protection

                                                    /s/

                                          By: Ryan Patanaphan
                                              Senior Trial Attorney

Enclosures
cc: Emirates Airlines



| | | |
|---|---|---|
| **U.S. Department of Transportation**<br>Office of the Secretary of Transportation | GENERAL COUNSEL | 1200 New Jersey Ave., S.E.<br>Washington, DC 20590 |

# INVESTIGATION SUMMARY SHEET

| | |
|---|---|
| **Case Number:** | AT2021020040 |
| **Complainant Title:** | MR |
| **Name:** | AARON ABADI |
| **Address:** | 82 NASSAU STREET, 140<br>NEW YORK, NY 10038 |
| **Passenger(s):** | Mr. Aaron Abadi |
| **Airline:** | Emirates Airlines |
| **Travel Date(s):** | January 22, 2021 |
| **Flight Number(s):** | Not Provided |
| **City Pair:** | Not Provided |
| **Location of Incident:** | Not Applicable |
| **Complaint/Issue:** | Carrier refusal to make an exemption to carrier's mask policy to a passenger with a disability. |
| **Applicable Section of 14 CFR Part 382:** | 382.19 |
| **Section Summary:** | 382.19(a) As a carrier, you must not refuse to provide transportation to a passenger with a disability on the basis of his or her disability, except as specifically permitted by this part.<br><br>(b) You must not refuse to provide transportation to a passenger with a disability because the person's disability results in appearance or involuntary behavior that may offend, annoy, or inconvenience crewmembers or other passengers.<br><br>(c) You may refuse to provide transportation to any passenger on the basis of safety, as provided in 49 U.S.C. 44902 or 14 CFR 121.533, or to any passenger whose carriage would violate FAA or TSA requirements or applicable requirements of a foreign government.<br><br>(1) You can determine that there is a disability-related safety basis for refusing to provide transportation to a passenger with a disability if you are able to demonstrate that the passenger poses a direct threat (see definition in §382.3). In determining whether an individual poses a direct threat, you must make an individualized assessment, based on reasonable judgment that relies on current medical knowledge or on the best available objective evidence, to ascertain:<br><br>(i) The nature, duration, and severity of the risk;<br><br>(ii) The probability that the potential harm to the health and safety of others will actually occur; and<br><br>(iii) Whether reasonable modifications of policies, practices, or procedures will mitigate the risk.<br><br>(2) If you determine that the passenger does pose a direct threat, you |

|  |  |
|---|---|
|  | must select the least restrictive response from the point of view of the passenger, consistent with protecting the health and safety of others. For example, you must not refuse transportation to the passenger if you can protect the health and safety of others by means short of a refusal.<br><br>(3) In exercising this authority, you must not act inconsistently with the provisions of this part.<br><br>(4) If your actions are inconsistent with any of the provisions of this part, you are subject to enforcement action under Subpart K of this part. |
| **Rule Violated?** | No |
| **Remarks:** | Mr. Abadi states that he has a medical disability and cannot wear a mask or face shield.  Mr. Abadi states that he notified the carrier and provided a copy of a doctor's letter regarding his disability. He states that he had recovered from COVID-19 and believed that he did not pose a health risk.  Mr. Abadi states that the carrier refused to accommodate him.<br><br>In the carrier's February 25, 2021, response to Mr Abadi, Emirates states that it is a mandatory requirement for all passengers to wear a mask at all times throughout the flight.  Emirates does state that children under 6 years old and passengers who have certain medical conditions do not have to wear a mask.  Emirates states that it advised Mr. Abadi to complete a medical information form in order to obtain approval to fly without a mask.<br><br>On February 5, 2021, the Office of Aviation Consumer Protection (OACP) issued a notice titled, "Notice of Enforcement Policy: Accommodation by Carriers of Persons with Disabilities Who Are Unable to Wear Masks While on Commercial Aircraft".  The notice reminds U.S. and foreign air carriers of their legal obligation to accommodate the needs of passengers with disabilities when developing procedures to implement the Federal mandate on the use of masks to mitigate the public health risks associated with COVID-19.  The notice makes clear that airline policies that expressly allow no exceptions to the mask requirement other than for children under the age of two violate the Air Carrier Access Act.<br><br>The Air Carrier Access Act (ACAA) and its implementing regulation, 14 CFR Part 382 (Part 382) require airlines to make reasonable accommodations, based on individualized assessments, for passengers with disabilities who are unable to wear or safely wear a mask due to their disability.  It would be a violation of the ACAA and Part 382 for an airline to have an exemption for children under 2 on the basis that children that age cannot wear or safely wear a mask and not have an exemption for the limited number of individuals with disabilities who similarly cannot wear or safely wear a mask when there is no evidence that these individuals with disabilities would pose a greater heath risk to others.<br><br>In this instance, Emirates' mask policy at the time of Mr. Abadi's complaint was not in violation of the ACAA and Part 382 since it provided an exemption for passengers with disabilities who cannot wear or safely wear a mask due to their disability.  Therefore, we find that Emirates did not violate the ACAA and Part 382 in this instance. |