IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AARON ABADI, | CIVIL DIVISION |
| Plaintiff, | Civil Action No. 23-CV-4033 (LJL) |
| v. | **REPLY BRIEF IN SUPPORT OF STAT-MD'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |
| AMERICAN AIRLINES, INC., | |
| Defendants. | Filed on behalf of Defendant:<br>Center for Emergency Medicine of Western Pennsylvania d/b/a STAT-MD |
| | Counsel of record for this party: |
| | Beverly M. Barr, Esquire (BB2665)<br>NY I.D. #2458412 |
| | Dickie, McCamey & Chilcote, P.C.<br>445 Hamilton Avenue<br>Suite 1102<br>White Plains, NY 10601-1832 |
| | (914) 358-3290 |
| | **JURY TRIAL DEMANDED** |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AARON ABADI, | Civil Action No. 23-CV-4033 (LJL) |
| Plaintiff, | Judge Lewis J. Liman |
| v. | |
| AMERICAN AIRLINES, INC., | **Electronically Filed** |
| Defendants., | |
| Defendants. | |

### REPLY BRIEF IN SUPPORT
### OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Plaintiff's Brief in Response to STAT-MD's Motion to Dismiss is composed primarily of the same verbatim arguments raised in response to the other Defendants' dispositive motions. These other Defendants have more than adequately addressed the numerous deficiencies in Plaintiff's Complaint. As a result, rather than repeat the same arguments about preemption, the Rehabilitation Act, and Plaintiff's many failures to state an actionable claim, STAT-MD focuses its Reply on the legal defenses uniquely affecting the Medical Defendants, STAT-MD and Medaire.

Consistent with his Complaint, Plaintiff fails to specify conduct of STAT-MD that could support jurisdiction or a cognizable claim. Instead, Plaintiff continues to point to the conduct of the various Airline Defendants in an effort to impute its actions onto STAT-MD. Focusing on the activities of STAT-MD alone, Plaintiff's Brief fails to show how STAT-MD — a Pennsylvania entity who has never interacted with the Plaintiff — may be subject to personal jurisdiction in New York. And Plaintiff's Brief fails to refute the fundamental defense in response to his medical malpractice claim. Plaintiff cannot assert medical malpractice against this Defendant when it never interacted with Plaintiff, let alone provided medical treatment to him.

1

Faced with a lack of well-pleaded allegations that STAT-MD committed any wrongdoing, Plaintiff seeks to hold this Defendant liable for the actions of the Airline Defendants. But the allegations asserted in Plaintiff's Complaint fail to support a claim against STAT-MD. In addition to jurisdictional defects, Plaintiff's causes of action defy both law and logic. Nothing in Plaintiff's Brief can rescue his fatally flawed Complaint.

## ARGUMENT

**A.  STAT-MD cannot be subject to personal jurisdiction based on the activities of the Airlines.**

The parties agree that STAT-MD is not subject to general personal jurisdiction in New York; the parties disagree as to whether STAT-MD is subject to specific personal jurisdiction. Plaintiff cannot set forth any basis for the exercise of specific jurisdiction over STAT-MD because this Defendant provided no services directed at or occurring in New York.

Plaintiff's jurisdictional argument rests not on the activities of STAT-MD but on those of the Airline Defendants. According to Plaintiff, "These airlines do much business in New York and therefore by extension, STAT-MD does significant business in New York State." (ECF Doc. 257 at p. 10). Plaintiff seeks to establish jurisdiction over all Defendants in the collective by arguing: (1) STAT-MD works with various airlines to provide them with medical advice for masking decisions and (2) these airlines operate in New York. But a "plaintiff is required to establish personal jurisdiction separately over each defendant." In re Aegean Marine Petroleum Network, Inc., 529 F. Supp. 3d 111, 135 (S.D.N.Y. 2021). Accordingly, a plaintiff cannot impute one defendant's jurisdictional contact to another defendant. Plaintiff impermissibly rests his personal jurisdiction arguments on the actions of other Defendants rather than STAT-MD. As a result, Plaintiff's Complaint against this Defendant is without jurisdiction.

2

Plaintiff also argues without factual support that STAT-MD performs virtual passenger screenings at "almost every airport in the United States." Even if this were true, it would not be sufficient for personal jurisdiction. For specific jurisdiction, a plaintiff's claims "must arise out of or relate to the defendant's contacts" with the forum state. Bristol-Myers Squibb, Co. v. Superior Court, 582 U.S. 255, 262 (2017). "In other words, there must be an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State." Id. Based on this principle, "specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." Id.

Specific jurisdiction over a defendant cannot be based on theoretical conduct unrelated to Plaintiff's legal claims. While STAT-MD works with airlines, which provide air travel across the country, what matters is the Defendant's activities which gave rise to the controversy at issue. Plaintiff's Complaint hardly mentions any interactions between him and STAT-MD. Rather, the only specific allegation against this Defendant is that STAT-MD determined for Delta Airlines that Plaintiff's condition did not render him unable to wear a mask during a flight from Paris airport. ECF Doc. 3 at ¶ 742. STAT-MD did not actually interact with Plaintiff during this event — "never spoke to Plaintiff, never saw Plaintiff, and did not even speak to him through anyone else." Id. at ¶ 744. Nevertheless, any limited activity that did occur had no connection to New York. Therefore, Plaintiff's case cannot possibly arise out of STAT-MD's contacts with New York.

There is no personal jurisdiction over STAT-MD. Plaintiff's claims against this Defendant should be dismissed.

**B.     Plaintiff cannot state a viable claim for medical malpractice.**

Plaintiff's arguments in support of his medical malpractice claim are contradictory and unavailing. Plaintiff does not contest that medical treatment and a provider-patient relationship are

3

necessary components of a cognizable medical malpractice claim. Instead, Plaintiff's Brief argues that he was a patient and did receive medical treatment. These assertions, however, are inconsistent with the facts alleged in Plaintiff's Complaint.

Plaintiff alleges in his Complaint that he never interacted with STAT-MD. Plaintiff was never examined by STAT-MD, Plaintiff never spoke to STAT-MD, and Plaintiff never sought treatment from STAT-MD. See ECF Doc. 3 at ¶¶ 722, 744. Plaintiff never received medical advice by STAT-MD. Simply, Plaintiff's Complaint is devoid of any allegations of medical treatment provided by STAT-MD to Plaintiff. Rather, Plaintiff has alleged only that STAT-MD provided a service to airlines by analyzing requests for masking exemptions. This conduct is not medical care and cannot be used to create a provider-patient relationship.

Plaintiff concedes that STAT-MD's activities were conducted on behalf of the Airlines. Plaintiff asserts that, although never examining Plaintiff, STAT-MD made a medical determination for the Airlines, which manifested in recommendation affecting Plaintiff. But this arrangement does not create a provider-patient relationship. Where a "physician is employed or retained by a third party to conduct an examination for the benefit of the third party, there must be something more than a mere examination in order to find a physician-patient relationship." Lee v. New York, 162 A.D.2d 34, 37 (N.Y. App. 1990).

Plaintiff cannot point to an examination, treatment, or advice provided by STAT-MD to Plaintiff. STAT-MD provides specialized services to airline clients on medical issues that arise in the course of their businesses. STAT-MD does not provide medical services to airline passengers. STAT-MD does not diagnose passengers with particular medical conditions. Nevertheless, in Plaintiff's view, any time a determination requiring medical expertise is reached, a medical claim may follow. Plaintiff's position is unsupported by law. No medical services were offered or rendered

by the STAT-MD to Plaintiff. As a result, Plaintiff cannot maintain a medical malpractice claim against STAT-MD.

## CONCLUSION

Based upon the foregoing, as well as STAT-MD's Motion to Dismiss and Brief in Support, this Defendant respectfully requests that Plaintiff's Complaint as to STAT-MD be dismissed.

Dated: White Plains, New York
       January 22, 2024

DICKIE, McCAMEY & CHILCOTE, P.C.

_____
Beverly M. Barr (BB 2665)

bbarr@dmclaw.com

Dickie, McCamey & Chilcote, P.C.
445 Hamilton Avenue
Suite 1102
White Plains, NY 10601-1832

Attorneys for Defendant:
Center for Emergency Medicine of Western Pennsylvania, Inc., d/b/a STAT-MD

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of January, 2024, I filed the foregoing Reply Brief in Support of Motion to Dismiss Plaintiff's Complaint with the Clerk using the CM/ECF System, which will send notification of such filing to the registered participants as identified on the Notice of Electronic Filing, and, on this day, I will cause a copy to be mailed to each of those indicated as non-registered participants and mail a copy to Aaron Abadi, using the following address for Mr. Abadi: 82 Nassau Street, Apt. 140, New York, NY 10038

By: _____
Beverly M. Barr (BB2665)