UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x
| | |
|---|---|
| AARON ABADI, | : |
| | Case No. 1:23-cv-04033-LJL |
| Plaintiff, | : |
| - against - | : |
| AMERICAN AIRLINES GROUP INC., et al, | : |
| Defendants. | : |

---------------------------------------------------------------------x

### REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
### DEFENDANT MIGUEL MOREL'S MOTION TO DISMISS

Defendant Miguel Morel respectfully submits this Reply Memorandum in response to Plaintiff's Opposition ("Opp.") [DE 270], and in further support of Attorney Morel's Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) and (6).

### ARGUMENT

Plaintiff's Opposition adds nothing to the Complaint's vague and conclusory allegations against Attorney Morel. It confirms that the sole basis for his assertion that Attorney Morel was a "driving force" behind Spirit Airlines' allegedly discriminatory mask exemption policy (see Complaint, [DE 3] at ¶ 703) is the December 2021 email in which Attorney Morel directed him to the page on Spirit's website where its mask exemption policy could be found. Plaintiff acknowledges that the mask exemption policy was Spirit's—not Attorney Morel's. *See* Opp. at 5 ("Morel sent me back a copy of the rules required by his client, Spirit[.]"); *see also id*. at 6 ("This airline through its attorney required me to provide a Covid test [etc.]"). He does not allege that Attorney Morel had any

1

role in creating the policy or implementing it (beyond informing Plaintiff of its existence).[1] He has failed to articulate any injury whatsoever that Attorney Morel has caused him. The Complaint does not state a claim for relief and should be dismissed under Rule 12(b)(6).

Moreover, Attorney Morel's alleged conduct cannot support the exercise of jurisdiction in New York State. Plaintiff argues for jurisdiction under N.Y. C.P.L.R. § 302(a)(3), which requires a showing that Attorney Morel both committed a tort outside New York causing Plaintiff injury here and that he:

> (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in New York, or
>
> (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

N.Y. C.P.L.R. § 302(a)(3); *see* Opp. at 4.

Plaintiff does not allege that Attorney Morel, who is based in Miami, Florida, personally derives any revenue from services rendered in New York or that he regularly does or solicits business here. His single December 2021 email is manifestly not a "persistent course of conduct." *See, e.g., Ingraham v. Carroll*, 90 N.Y.2d 592, 598 (N.Y. 1997) (requirements of § 302(a)(3)(i) were not met for malpractice claim against a physician who did not practice in New York, contract to provide services in New York, or solicit business in New York). Neither Plaintiff's email nor Attorney Morel's response refers to any contemplated transaction in New York and Attorney Morel therefore had no reason to expect their limited correspondence might have consequences here. *See, e.g., Fantis Foods, Inc. v. Standard Importing Co.*, 49 N.Y.2d 317, 326 (N.Y. 1980) (jurisdiction

---

[1] Even if he had alleged this, Spirit's mask exemption policy was not illegal, for the reasons set forth in its Motion to Dismiss. *See* [DE 179-180 and 228] (Joint Motion to Dismiss filed by Spirit and certain other Defendants).

under § 302(a)(3)(ii) requires the defendant to have foreseen a non-speculative "New York transaction"). Finally, exercising jurisdiction over Attorney Morel would violate Constitutional due process because he has not made any purposeful contact with New York. *See, e.g., Walden v. Fiore*, 571 U.S. 277, 286 (2014) ("Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State." (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985))).[2]

## CONCLUSION

WHEREFORE, Defendant Miguel Morel respectfully requests that the Complaint be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(2) and (6) together with such other and further relief the Court deems just and proper.

Dated: New York, New York
       January 25, 2024

CONDON & FORSYTH LLP

BY: /s/ Jonathan E. DeMay
    Jonathan E. DeMay
    jdemay@condonlaw.com
    Zachary Groendyk
    zgroendyk@condonlaw.com
7 Times Square, 18th Floor
New York, New York 10036
(212) 490-9100

*Attorneys for Defendant*
Miguel Morel

---

[2] To the extent Plaintiff can be construed as arguing Attorney Morel should be subject to jurisdiction because he "conspired" with other Defendants, some of whom are alleged to have committed tortious acts in New York (*e.g.*, denying Plaintiff boarding at JFK Airport), the argument is unavailing. To impute an alleged co-conspirator's jurisdictional contacts, a plaintiff must allege that the out-of-state defendant "had an awareness of the effects in New York of its activity" and that "the activity in New York was to" the defendant's benefit. *See Fat Brands Inc. v. Ramjeet*, 75 F.4th 118, 126 (2d Cir. 2023). Here, Plaintiff alleges neither.

3

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NEW YORK     )

Heather L. Jackson, duly sworn, deposes and says, that deponent is not a party to the action, is over 18 years of age and resides in Lynbrook, New York. That on the 25th day of January 2024, deponent served a copy of the within **REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT MIGUEL MOREL'S MOTION TO DISMISS** upon:

> Aaron Abadi, *pro se*
> 82 Nassau Street, Apt. 140
> New York, NY 10038

via ECF filing and at the address designated by said pro se litigant for that purpose by depositing same enclosed in a properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

_____
Heather L. Jackson

Sworn to before me this
25th day of January, 2024

_____
Notary Public

LORRAINE A. LINDSAY
Notary Public, State of New York
No. 01LI6185817
Qualified in King County
Commission Expires April 21, 2024

4