IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| AARON ABADI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Case No. 1:23-cv-04033-LJL |
| v. | § | |
| | § | |
| AMERICAN AIRLINES GROUP, INC., | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT SILVER AIRWAYS, LLC'S SUPPLEMENTAL BRIEF IN RESPONSE TO COURT'S ORDER AND PLAINTIFF'S SUPPLEMENTAL BRIEF

Defendant Silver Airways, LLC ("Silver") files this Supplemental Brief in response to the Court's Order of January 16, 2024 (Dkt. 269) and Plaintiff's Supplemental Brief of January 31, 2024 (Dkt. 301).

### Summary

Plaintiff's Complaint and his supplemental submission fail to establish that he has standing to bring his claims against Silver. He never purchased a ticket on a Silver flight or sought to fly on a Silver aircraft, and was thus never denied the ability to travel by Silver. The extent of his allegations is that he inquired about Silver's policies during the pendency of the federal mask mandate and then took no further action, and that he was located in an area where Silver operates or wished to travel to a location Silver services. These allegations cannot establish standing; only an actual, concrete, specific, and individualized injury can, and Plaintiff has not shown that Silver caused him such an injury. At best, Plaintiff has alleged only a speculative, conjectural, and hypothetical form of injury that fails to meet his burden to show he has standing to bring claims against Silver. His claims against it should be dismissed for lack of subject matter jurisdiction.

1

## Arguments and Authorities

Silver, like various other Defendants, has requested that the Court dismiss Plaintiff's Complaint against it on the grounds of lack of standing. (*See* Dkt. 220 at 4, ¶ 5(t)). The Court has recognized the problematic nature of Plaintiff's allegations regarding standing as to his claims against various airlines, including Silver, that he never flew on or purchased tickets from. (*See* Dkt. 269 at 2). As discussed herein, Plaintiff does not have standing to bring his claims against Silver, and the Court should dismiss those claims for lack of subject matter jurisdiction.

As the party invoking federal subject matter jurisdiction, the burden lies with Plaintiff to establish standing through adequate pleading and competent evidence. *Spokeo, Inc. v. Robins*, 587 U.S. 330, 338 (2016); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). He must provide the Court with sufficient allegations that affirmatively and plausibly suggest he has standing to bring his claims against Silver. *See Selevan v. N.Y. Thruway Auth.*, 584 F.3d 82, 88 (2d Cir. 2009). To establish standing for his claims against Silver, Plaintiff must have (1) suffered a concrete, particularized, and actual or imminent injury-in-fact (2) that is traceable to Silver's conduct and (3) likely to be addressed by a favorable decision. *Woods v. Empire Health Choice, Inc.*, 574 F.3d 92, 96 (2d. Cir. 2009).

The "particularized" harm must affect Plaintiff "in a personal and individual way." *Lujan*, 504 U.S. at 560 n.1. Plaintiff "cannot rely solely on conclusory allegations of injury or ask the court to draw unwarranted inferences in order to find standing." *Baur v. Veneman*, 352 F.3d 625, 637 (2d Cir. 2003); *accord Amidax Trading Grp. v. S.W.I.F.T.*, 671 F.3d 140, 146 (2d Cir. 2011). And for the injury to Plaintiff to be "actual or imminent", that injury must not be speculative or merely "conjectural or hypothetical" in nature. *Lujan*, 504 U.S. at 560.

As to his claims against Silver, both Plaintiff's Complaint and his Supplemental Brief fail to meet his burden. Plaintiff does not allege that he ever attempted to fly with Silver or purchased a ticket to do so. Instead, his Complaint merely alleges that he provided Silver with a doctor's letter describing his condition and claimed he had already had COVID-19, and that Silver emailed him on September 10, 2021 to inform him of the requirements he needed to meet to fly without a mask during the pendency of the mask mandate, which he subsequently declined to follow. (Dkt. 3-1 at ¶¶ 563-573). His Supplemental Brief acknowledges that he never purchased a ticket or sought to fly with Silver, instead merely noting that Silver has flights to Florida and the Dominican Republic, and that he "was in Alabama several times during that period" and needed to get to those locations. (Dkt. 301 at 8). But he provides no evidence that he ever sought to do so from Silver, or engaged in any transaction or interaction with Silver where he was denied the ability to fly.

Instead, as with various other airlines that he never flew on or purchased a ticket from, Plaintiff assumes he *would* have been harmed *in the event* he had purchased a ticket from Silver and *presumably would have* then been denied transportation for declining to wear a mask. This hypothetical series of assumptions does not establish standing for any claim against Silver. *See Rajamin v. Deutsche Bank Nat. Trust Co.*, 757 F.3d 79, 85-86 (2d Cir. 2014); *Waxman v. Cliffs Natural Resources Inc.*, 222 F. Supp. 3d 281, 288 (S.D.N.Y. 2016). Putting aside the fact that Plaintiff admits he was able to fly with at least one airline, (Dkt. 301 at 7), these allegations are no more than speculation and conjecture, which are insufficient to establish standing as a matter of law. Because Plaintiff cannot establish the first element of standing of some actual or imminent injury that is not conjectural, speculative, or hypothetical, his claims against Silver should be dismissed.

Plaintiff's Supplemental Brief does not salvage his claims. He asserts that various airlines, including Silver, have available flights to various venues throughout the world where he claims he needs to travel for his business activities and opportunities, and although he did not fly on those airlines, the mere fact that they offer flights to these venues is sufficient to provide him with standing. (Dkt. 301 at 3-12). Indeed, he sums up his position with a frank statement: "All these airlines had flights that this Plaintiff <u>could have</u> benefitted from. <u>Had they allowed them to fly, he most certainly would have done so</u>." (Dkt. 301 at 12) (emphasis added). But he likewise admits that he never attempted to seek their services; indeed, he claims to have "stopped buying tickets" once he realized the "problems he was having with the first few airlines". (Dkt. 301 at 11). Put simply, Plaintiff admits his claims against Silver are based on actions he *<u>could have taken</u>*, not on actions he *<u>actually did take</u>*. Based on his own allegations, he was never cognizably damaged, monetarily or otherwise, by Silver because he was not denied transportation by Silver and never took the necessary steps to establish standing to bring a claim against Silver. Dismissal for lack of standing is appropriate.

The only authority Plaintiff cites relates to the Americans with Disabilities Act ("ADA"), which he would have the Court import to his claims in this action. (Dkt. 301 at 7-8) (quoting *Equal Rights Ctr. v. Uber Techs., Inc.*, 525 F. Supp. 3d 62, 76 (D.D.C. 2021)). But Plaintiff brings no ADA-based claim here, and this authority is inapplicable. The ADA has no application to claims of discrimination against passengers of air carriers, as aircraft are specifically excluded from the definition of "specified public transportation" in the ADA. *See* 42 U.S.C. § 12181(10); *accord Puckett v. Northwest Airlines, Inc.*, 131 F. Supp. 2d 379, 382 (E.D.N.Y. 2001). And while Plaintiff would have the Court transpose his interpretation of the ADA to his claims under the Air Carrier Access Act ("ACAA"), he cannot overcome the fact that he has no right to bring a civil action

under that statute under clear and binding precedent. *See Lopez v. JetBlue Airways*, 662 F.3d 593, 597 (2d Cir. 2011).

In sum, Plaintiff's pleadings and submissions to the Court fail to establish standing for his claims against Silver. He has alleged and admitted no more than hypothetical harm based on speculation and conjecture. As such, his claims against Silver should be dismissed for lack of standing.

**Conclusion and Prayer**

For these reasons, Silver respectfully requests that Plaintiff's claims against it be dismissed for lack of subject matter jurisdiction, and for all other relief the Court deems just and proper.

Dated: February 1, 2024

Respectfully submitted,

*/s/ Gary A. Gardner*
Gary A. Gardner
New York State Bar No. 2680015
**CUNNINGHAM SWAIM, LLP**
200 Broadhollow Road, Suite 207
Melville, NY 11747
Tel: (917) 538-2774
Fax: (214) 613-1163
gagardner@cunninghamswaim.com

Don Swaim
*Pro Hac Vice*
Alex J. Whitman
*Pro Hac Vice*
**CUNNINGHAM SWAIM, LLP**
4015 Main Street, Suite 200
Dallas, Texas 75226
Telephone: (214) 646-1495
Facsimile: (214) 613-1163
dswaim@cunninghamswaim.com
awhitman@cunninghamswim.com

**ATTORNEYS FOR DEFENDANT SILVER AIRWAYS LLC**

## **CERTIFICATE OF SERVICE**

      The undersigned counsel hereby certifies that a copy of this document is being served via CM/ECF on all counsel of record who have agreed to accept service electronically in accordance with the applicable Local Rules and Federal Rules of Civil Procedure on February 1, 2024.

                                          */s/ Gary A. Gardner*
                                          Gary A. Gardner