**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

AARON ABADI,                        )
                                        )
        Plaintiff                )
                                          )
       v.                       )       Case No. 1:23-cv-04033-LJL
                                          )
AMERICAN AIRLINES, INC., et al.,    )
                                          )
        Defendants.            )

**MOVING DEFENDANTS' RESPONSE TO THE COURT'S ORDER
REGARDING STANDING, AND THE PLAINTIFF'S JANUARY 31, 2024 FILING**

Southwest Airlines Co., and United Air Lines, Inc. ("Airline Defendants"), along with other moving airlines (American Airlines, Inc., Delta Air Lines, Inc., and JetBlue Airways Corporation), their employees and counsel named as defendants (together "Moving Defendants"), respectfully submit this response to the Court's order dated January 16, 2024 requesting briefing regarding the issue of the Plaintiff's judicial standing (Dkt. No. 269), and the response of Plaintiff to that order dated January 31, 2024 (Dkt. No. 301). As set forth below, Plaintiff lacks standing to pursue his claims. The standing argument was raised by the Moving Defendants in their pending motion to dismiss. Dkt. No. 122, at pp. 41-42. The Moving Defendants also presented alternative arguments which independently require dismissal of all of Plaintiff's claims against them (Dkt. Nos. 122, 198), but appreciate that the Court must first consider whether subject matter jurisdiction is lacking because of the absence of the requisite standing on the part of Plaintiff. *Town of Chester v. Laroe Estates, Inc.*, 581 U.S. 433, 439 (2017); *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341-42 (2006) ("If a dispute is not a proper case or controversy, the courts have no business deciding it, or expounding the law in the course of doing so").

With regard to the lack of judicial standing, although Plaintiff claims to have traveled onboard Delta and JetBlue during the pandemic, he does not assert that he attempted to board an

Aircraft operated by American, Southwest or United.  He never purchased a ticket on a flight operated by American, Southwest or United, and was thus never denied the ability to travel by American, Southwest or United. Plaintiff requested information from the airlines regarding their masking policies and chose not to fly on them.  But there are zero factual allegations in the Complaint that would link such occurrence to the loss of employment or a contractual opportunity. Plaintiff also was not denied the ability to travel on either Delta or JetBlue: he flew on both carriers during the pandemic.

Regardless of whether Plaintiff did or did not fly on an Airline Defendant, Plaintiff lacks standing because his claims of injury are entirely speculative.  Plaintiff has not linked his alleged billions of dollars in financial losses in the waste to energy business to any act by any of the Moving Defendants.   It is beyond speculative to assert that Plaintiff was poised to enter into financial transactions that would have netted him any money, much less billions, but for the inability to fly with a mask.  The Complaint does not provide specifics as to any particular employment or contractual opportunity that Plaintiff lost by reason of the conduct of any of the Defendants.

## APPLICABLE STANDARD

In order to have standing to pursue his claims relating to the Federal Transportation Mask Mandate ("FTMM"), Plaintiff must "have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."  *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016); Dkt. No. 269, at 2.  The need for a "causal connection between the injury and the conduct complained of" is to ensure that the injury is "fairly traceable" to the "challenged action of the defendant," and not the result of "the independent action of some third party not before the court."  *Lujan v. Defenders of Wildlife*, 504

U.S. 555, 560 (1992). The party invoking federal jurisdiction bears the burden of establishing these elements. *Id.* at 561. Standing is not "dispensed in gross." *Laroe Estates*, *supra,* 581 U.S. at 439. Rather, a "plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought." *Id.*

Speculative claims of injury are not sufficient to establish the requisite standing. *See O'Shea v. Littleton*, 414 U.S. 488, 497-98 (1974) (holding that theories of standing resting on speculative events and wholly conjectural events are insufficient to establish standing). As the Second Circuit has emphasized, "a plaintiff cannot rely solely on conclusory allegations of injury or ask the court to draw unwarranted inferences in order to find standing." *Baur v. Veneman*, 352 F.3d 625, 637 (2d Cir. 2003). Finally, the requirement of "actual or imminent" harm means that to establish standing, a plaintiff must allege an injury that is nonspeculative; allegations of harm that are merely "conjectural or hypothetical" will not suffice. *Lujan, supra,* 504 U.S. at 560; *see also United States v. Probber*, 170 F.3d 345, 349 (2d Cir. 1999) (alleged "injuries [were] too speculative to satisfy the case-or-controversy requirement of Article III"); *Citadel Mgmt., Inc. v. Telesis Trust, Inc.*, 123 F. Supp. 2d 133, 152 (S.D.N.Y. 2000) (dismissing claim "based upon mere speculation" for lack of standing); 13A Fed. Prac. & Proc. Juris. § 3531.4 (3d ed.) ("The very notion of injury implies a causal connection to the challenged activity; an injury caused by other events is irrelevant to any purpose of standing doctrine.")

## **ARGUMENT**

Plaintiff lacks the requisite standing because he has not sufficiently pleaded injury in fact, *i.e.,* a "[m]oving concrete, particularized, and actual or imminent" injury caused by the acts of the Airline Defendants or their employees or counsel. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021); *cf. Earl v. Boeing Co.*, 53 F.4th 897, 901–02 (5th Cir. 2022). The Complaint fails to

describe an injury in fact suffered by Plaintiff that is "fairly traceable to the challenged conduct of the defendant," and "that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).

## I.    PLAINTIFF LACKS STANDING TO PURSUE HIS CLAIMS AGAINST SOUTHWEST AIRLINES BECAUSE HE DID NOT ATTEMPT TO FLY ON SOUTHWEST WITHOUT A MASK, OR SUBMIT A MASK EXEMPTION REQUEST.

Plaintiff lacks standing to sue Southwest because he does not allege that he flew on Southwest with a mask or that he attempted to board a Southwest flight without a mask but was precluded from doing so. Instead, Plaintiff claims that he asked Southwest if he could fly without a mask and was told he would need to apply for and receive an exemption to the mask requirement. However, Plaintiff did not even apply for the mask exemption from Southwest.

The Complaint alleges that "On or about May 24, 2021, Southwest responded to Plaintiff's request to fly without a mask, and demanded a list of requirements, in violation of ACAA laws described above and others located in the ACAA." ¶ 582 and Exhibit 65. Exhibit 65 to the Complaint, Dkt. No. 3-70, advised Plaintiff that "Beginning March 14, 2021, Southwest Airlines will consider applications for exemptions from [the] mask requirement from Passengers with a disability who cannot safely wear a mask because of the disability. Several conditions apply that must be completed/adhered to prior to travel and receiving a mask exemption. For more details on this policy and for access to the submission form, please visit here." Dkt. No. 3-70, p. 1.

After Plaintiff complained to the DOT regarding Southwest's position, Southwest explained to Plaintiff in an email dated January 11, 2022 (also part of Complaint Exhibit 65, Dkt. No. 3-70) that he was "denied an exemption to [Southwest's masking] policy because [Plaintiff] did not submit a completed exemption application." *Id.* at p. 7. Specifically, Southwest advised Plaintiff:

While you have provided us a doctor's note on more than one occasion, you still have not included the required completed mask exemption Passenger application <u>form</u>. As I noted before, we are more than happy to reevaluate your exemption request should you chose [sic] to reapply with all the required information. You can find our requirements for an exemption and instructions to apply on our **<u>website</u>**. (Exhibit 65, Dkt. No. 3-70, at p. 7)

So, despite being told about Southwest's mask exemption application process on repeated occasions, Plaintiff opted not to file for a mask exemption from Southwest in order to be able to be transported on a Southwest aircraft. He cannot therefore claim to have the requisite "standing" to challenge Southwest's decision to follow its mask policy where, as here, Plaintiff did not request an exemption from the Southwest mask requirement.

## II.    PLAINTIFF DOES NOT ALLEGE THAT HE ATTEMPTED TO BOARD A UNITED OR AMERICAN AIRCRAFT.

Plaintiff also lacks standing to sue United and American because of the mask requirements and procedures because he does not allege that he flew on United or American with a mask during the pandemic, or that he attempted to board a United or American aircraft without a mask. Instead, Plaintiff asserts that he was told by each airline that the airline would require Plaintiff to wear a mask. *See* Complaint ¶ 659 ("I notified United Airlines with a copy of a doctor's letter attesting to my inability to wear a mask"); ¶ 660 ("On or about December 18, 2020, Plaintiff was denied access to fly by United Airlines (Exhibit 72), due to my inability to wear a mask, due to my disability"); ¶ 180 ("On January 24, 2021, defendant American denied Plaintiff access to fly on their airline"); 185 ("On November 8, 2021, Plaintiff tried again to fly with American, and again was completely denied"); Exhibits 13 and 14 to the Complaint; ¶ 186 ("on or about February 22, 2022, American made demands to require an updated doctor's letter and a Covid negative test in order to fly").

However, nowhere does Plaintiff claim that he was required to wear a mask on a United or

American flight, or that he attempted to board a flight on either airline but was precluded from doing so because of the lack of a mask.   Moreover, Plaintiff cannot manufacture standing to sue an airline because of its masking policies merely by contacting that airline and receiving information regarding its masking policy and then deciding not to buy a ticket.

## III.   PLAINTIFF'S ALLEGATIONS OF INJURY CAUSED BY THE ACTS OF THE MOVING DEFENDANTS ARE TOO SPECULATIVE TO SUPPORT STANDING.

Plaintiff also lacks standing to sue the Moving Defendants because he has failed to allege the existence of any damages caused by the acts of the Moving Defendants.   The essence of Plaintiff's claim for damages is that he lost billions of dollars in business opportunities because he could not fly to pursue that business.   Plaintiff alleges that "Not allowing his business-related travel caused him severe financial damages.   Plaintiff is in the waste management and energy business and needed travel in order to earn a living."   Complaint, Dkt. No. 3, ¶ 813.   Plaintiff adds that "There was a loss of extremely important and lucrative business opportunities due to my inability to travel.   The details of these in full, will be described and proven during discovery period prior to the trial."   *Id*. ¶ 814.   Plaintiff also asserts: "There were many more projects delayed or derailed by the actions of these defendants.   There was a refinery in Sweden to be purchased, a gold mining contract in Sudan, a gold refinery project in South Sudan, Waste to Energy in the Dominican Republic, and mobile power plants for Saudi Arabia."   *Id.* ¶ 831.

What is missing from these general allegations is any credible allegation that Plaintiff lost business – much less billions of dollars in business – because of the Airline Defendants' mask requirements and procedures.   There is not even a scintilla of factual support for such an assertion. Speculative and hypothetical injuries of the nature alleged by Plaintiff are precisely the type that courts reject when considering the constitutional sufficiency of Article III standing.   *See, e.g., Summers v. Earth Island Institute*, 555 U.S. 448, 496 (2009) (rejecting standing theory based on

speculative chain of possibilities); *United States v. Probber*, 170 F.3d 345, 349 (2d Cir. 1999) (finding "injuries [were] too speculative to satisfy the case-or-controversy requirement of Article III"); *Citadel Mgmt., Inc., v. Telesis Trust, Inc.*, 123 F. Supp. 2d 133, 152 (S.D.N.Y. 2000) (dismissing claim "based upon mere speculation" for lack of standing); *Carlone v. Lamont*, No. 21-871, 2021 WL 5049455, at *3 (2d Cir. Nov. 1, 2021) (plaintiff's "allegation is too conclusory to support a finding of a concrete and particularized injury: It simply states a conclusion that his business has been injured, unaccompanied by any supporting factual allegations about how 'preclud[ing] access to the civil courts' has resulted in any injury to his business or his financial position."); *Davis v. DeBlasio*, 21-CV-4853 (KAM) (LB), 2021 WL 4521878, at *2 (E.D.N.Y. Oct. 4, 2021) (finding that the plaintiff did not have standing to challenge New York City's mask mandate because, while she claimed the mandate was unconstitutional, she had not "allege[d] any facts to show that she ha[d] personally suffered a constitutional injury"); *Schiavo v. Carney*, 548 F. Supp. 3d 437, 441-43 (D. Del. 2021) ("For an injury to be cognizable, it must not be 'too speculative' and must be 'certainly impending'").

In sum, Plaintiff cannot pursue legal claims against airlines or their employees or representatives in connection with the requirement to wear a mask onboard aircraft during the pandemic predicated on entirely speculative damages theories.

## CONCLUSION

For the reasons set forth above, the Moving Defendants respectfully submit that Plaintiff lacks standing to pursue his claims and that therefore his claims should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction due to the absence of standing on Plaintiff's part.

Dated: New York, New York
      February 9, 2024

Respectfully submitted,

**STINSON LLP**

By:    */s/ Kieran M. Corcoran*
       Kieran M. Corcoran (KC4935)
       100 Wall Street, Suite 201
       New York, New York 10005
       Tel: (646) 883-7480
       kieran.corcoran@stinson.com

       Paul Lackey (PL7651)
       2200 Ross Avenue, Suite 2900
       Dallas, TX 75201
       Tel: (214) 560-2206
       Email: paul.lackey@stinson.com

       M. Roy Goldberg *(Admitted Pro Hac Vice)*
       1775 Pennsylvania Avenue, N.W., Suite 800
       Washington, D.C. 20006
       Tel: (202) 728-3005
       Email: roy.goldberg@stinson.com

       *Attorneys for American Airlines, Inc., Delta Air Lines, Inc., JetBlue Airways Corporation, Southwest Airlines Co., United Airlines, Inc., Robert Land, Debbie Castleton and Nathalie Simon (the "Moving Defendants")*

8

## CERTIFICATE REGARDING SERVICE

The undersigned counsel hereby certifies that on February 9, 2024 a copy of this document is being served via CM/ECF on all counsel of record who have agreed to accept service electronically in accordance with the applicable Local Rules and Federal Rules of Civil Procedure.

*/s/ Kieran M. Corcoran*
Kieran M. Corcoran