UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **AARON ABADI,**<br><br>    Plaintiff,<br><br>-against-<br><br>**AMERICAN AIRLINES, INC., et al.,**<br><br>    Defendants. | Case 23-CV-4033 (LJL) |

### LETTER TO THE COURT – Re: WITHDRAWING LAWSUIT AGAINST SCANDINAVIAN AIRLINES OF NORTH AMERICA INC. DBA SAS

Your Honor,

The plaintiff respectfully seeks to withdraw the case against SCANDINAVIAN AIRLINES OF NORTH AMERICA INC. DBA SAS ("SAS") without prejudice. Pursuant to the attached Order (Exhibit A) from the Southern District of NY Bankruptcy Court, it is mandated that any complaint against SAS be exclusively litigated in said Court.

Thank you for your attention to this matter.

Respectfully submitted this 7th day of February, 2024.

*s/Aaron Abadi*

AARON ABADI, Plaintiff
82 Nassau Street Apt 140
New York, NY 10038
Tel: 516-639-4100
Email: abadi.rne@gmail.com

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT** <br> **SOUTHERN DISTRICT OF NEW YORK** | **EXHIBIT A** |

```
------------------------------------------------------------x
In re                                          :    Chapter 11
                                               :
SAS AB, et al.,                                :    Case No. 22-10925 (MEW)
                                               :
              Debtors.¹                        :    (Jointly Administered)
                                               :    Re: ECF Nos. 1787, 1871 & 1888
------------------------------------------------------------x
```

## ORDER DENYING MOTION FOR RELIEF OF STAY

Upon the *Motion for Relief of Stay*, dated January 8, 2024 [ECF No. 1787] (the "**Motion**"), filed by Aaron Abadi (the "**Movant**") in the above-captioned chapter 11 cases of SAS AB and its debtor subsidiaries, as debtors and debtors in possession (collectively, the "**Debtors**"), pursuant to section 362(d) of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") for entry of an order allowing the Movant to continue his civil action against Scandinavian Airlines of North America Inc. ("**SANA**"), a Debtor, in the Civil Division of the Southern District of New York (the "**Civil Court**"), Case No. 1:23-cv-04033-LJL (the "**Civil Action**"), all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having reviewed the Motion, the *Debtors' Objection to Movant's Motion for Relief From the Automatic Stay* [ECF No. 1871], and the *Reply to Objection by Debtor, and in Support*

---

[1] The Debtors in these chapter 11 cases are SAS AB, SAS Danmark A/S, SAS Norge AS, SAS Sverige AB, Scandinavian Airlines System Denmark-Norway-Sweden, Scandinavian Airlines of North America Inc. (2393), Gorm Asset Management Ltd., Gorm Dark Blue Ltd., Gorm Deep Blue Ltd., Gorm Sky Blue Ltd., Gorm Warm Red Ltd., Gorm Light Blue Ltd., Gorm Ocean Blue Ltd., and Gorm Engine Management Ltd.  The Debtors' mailing address is AVD kod: STOUU-T, SE-195 87 Stockholm, Sweden.

*of Motion for Relief of Stay* [ECF No. 1888]; and due and proper notice of the Motion having been provided, and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having held a hearing to consider the relief requested in the Motion on February 6, 2024 at 11:00 a.m. (Prevailing Eastern Time) (the "**Hearing**"); and upon the record of the Hearing; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is denied for the reasons set forth on the record at the Hearing.

2. The Movant's filing of the Civil Action against SANA violated the automatic stay set forth in section 362 of the Bankruptcy Code and is hereby declared to be void *ab initio*, solely with respect to SANA.

3. The voidance of the Civil Action with respect to SANA shall not affect the validity of the Civil Action with respect to any other defendants to the Civil Action.

4. The Movant shall promptly dismiss the Civil Action solely against SANA.

5. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

6. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: February 7, 2024
       New York, New York

                                    s/Michael E. Wiles
                                    THE HONORABLE MICHAEL E. WILES
                                    UNITED STATES BANKRUPTCY JUDGE