UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
AARON ABADI,                                                         :

                                                 Case No. 1:23-cv-04033-LJL

                Plaintiff,                                     :

        - against -                                                     :

AMERICAN AIRLINES GROUP INC., et al,         :

                Defendants.                                   :

----------------------------------------------------------------------x

**RESPONSE TO PLAINTIFF'S SUPPLEMENTAL BRIEF REGARDING STANDING ON BEHALF OF DEFENDANTS**

**CONCESIONARIA VUELA COMPAÑÍA DE AVIACIÓN, S.A.P.I. DE C.V.
ROYAL AIR MAROC
AEROVÍAS DE MÉXICO S.A. DE C.V.
TRANSPORTES AÉREOS PORTUGUESES, S.A.
SPIRIT AIRLINES, INC.
AVIANCA S.A.
SINGAPORE AIRLINES
LATAM AIRLINES GROUP S.A.
IBERIA LÍNEAS AÉREAS DE ESPAÑA, S.A. OPERADORA, SOCIEDAD UNIPERSONAL
LOT POLISH AIRLINES, SA
BRITISH AIRWAYS P.L.C.,
MATTHEW ROBERTS
AND MIGUEL MOREL**

1

## PRELIMINARY STATEMENT

Defendants respectfully submit this Response to Plaintiff's Supplemental Brief Regarding Standing [DE 301], pursuant to the Court's Order dated January 16, 2024 [DE 269]. For the reasons stated below, Plaintiff has failed to allege a concrete and particularized injury and therefore lacks standing to bring his claims against the Airline Defendants and their attorneys and employees.[1]

## ARGUMENT

To establish standing, Plaintiff has the burden to "clearly allege" facts demonstrating that he has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016), *as revised* (May 24, 2016). "An injury in fact 'must be concrete and particularized, as well as actual or imminent,' rather than 'conjectural or hypothetical.'" *Carlone v. Lamont*, No. 21-871, 2021 WL 5049455, at *2 (2d Cir. Nov. 1, 2021) (quoting *Carney v. Adams*, 141 S. Ct. 493, 498 (2020)). "[A] grievance that amounts to nothing more than an abstract and generalized harm to a citizen's interest in the proper application of the law does not count as an 'injury in fact.'" *Carlone*, 2021 WL 5049455, at *2. The "concrete harm" requirement must be enforced because "Article III grants federal courts the power to redress harms that defendants cause plaintiffs, not a freewheeling power to hold defendants accountable for legal infractions." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 427 (2021) (*quoting Casillas v. Madison Ave. Assocs., Inc.*, 926 F.3d 329, 332 (7th Cir. 2019)).

---

[1] For purposes of this Response, "Airline Defendants" includes all Defendants currently represented by Condon & Forsyth LLP except British Airways ("BA"), one of the handful of airlines for which Plaintiff's inquiry about a mask exemption related to an actual ticket purchase. The claims against BA should be dismissed for the reasons stated in the Airline Defendants' Motion to Dismiss, [DE 180].

2

Here, Plaintiff's alleged plans are not sufficiently concrete or imminent to establish standing. *See Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 443 (2d Cir. 2022); *Rendon v. Berry Glob. Inc.*, No. 22 CIV 10420 (CM), 2023 WL 3724795, at *4 (S.D.N.Y. May 30, 2023) (to establish injury from inability to access a service, plaintiff must plead sufficient factual detail to demonstrate when and how he would have used the service, not just conclusory statements of intent); *cf. Abadi v. City of New York*, No. 22-1560-CV, 2023 WL 3295949, at *2 (2d Cir. May 8, 2023), *cert. denied*, 144 S. Ct. 260, 217 L. Ed. 2d 110 (2023).

Plaintiff's Supplemental Brief makes it clear that he emailed his mask exemption request to the Airline Defendants at issue without intending to purchase a ticket from any of them in particular. Instead, he chose the airlines to sue by emailing his request for a mask exemption to "a list of about seventy airlines on the Dept of Transportation website," then suing all of them, minus twenty he "did not think . . . could have helped him significantly." [DE 301] at 6-7. Since he had no specific travel plans, it is not clear how he determined which airlines "could have helped him significantly." Indeed, one Defendant, Mokulele Airlines, only operates flights between the Hawaiian Islands.

Neither Plaintiff's Supplemental Brief nor his correspondence with the Airline Defendants (except those from whom he actually purchased tickets) refers to any specific intended destination, route, or travel date. Nor does Plaintiff articulate any specific reason he would have traveled on any of the Airline Defendants' routes. He explains that he "genuinely needed to fly with *at least some* of the mentioned airlines." *See* [DE 301] at 3 (emphasis added). This, he argues, was because he "had to fly for business and wanted to fly for pleasure too," in part to conduct unspecified business transactions at unspecified times at an open-ended list of far-flung locations. *See id.* at 5 ("Plaintiff's business prospects required him to fly to California, England, Switzerland, Israel, Florida, Texas, Chicago, India, Saudi Arabia, United Arab Emirates, *and many other destinations*.") (emphasis

3

added); *see also* Cmplt. at ¶¶ 815-839 (vaguely describing business projects Plaintiff was unable to complete due to his alleged inability to travel).

Even taking his allegations at face value, Plaintiff does not include sufficient detail for the Court to conclude there was an "actual or imminent" risk that any of the Airline Defendants would discriminate against him, because he never tried to buy a ticket. He simply argues that, hypothetically, he would have been able to cobble together a multi-carrier international itinerary to go *somewhere* using each of the Airline Defendants' route networks. *See* [DE 301] at 8-11 (describing hypothetical trips he could have taken using the route networks of each Airline Defendant, e.g., Iberia: "This airline is a perfect stopover location for Europe, India, and the Middle East . . . They go all over Europe and Israel."). The Second Circuit has held that such "conjectural or hypothetical" injuries cannot serve as a basis for standing. *See Carlone*, 2021 WL 5049455, at *2.[2]

This is not the first time Plaintiff has claimed "conjectural or hypothetical" injuries that are insufficient to confer standing. For example, one of Plaintiff's many other COVID-related lawsuits was a discrimination claim against the City of New York arising from its "Key to NYC" vaccination mandate. In that case, Plaintiff alleged that the vaccination mandate effectively banned him from entering an open-ended list of "tens of thousands of places throughout the city." *Abadi v. City of New York*, No. 22-1560-CV, 2023 WL 3295949, at *2 (2d Cir. May 8, 2023), *cert. denied*, 144 S. Ct. 260, 217 L. Ed. 2d 110 (2023). He also claimed the City's employee vaccination mandate injured him because he was "interested in applying for employment with the City but decided against it because of the vaccination requirement." *Id*.

---

[2] The Court need not accept Plaintiff's grandiose claims about the "BILLIONS of Dollars" ("That is Billion with a 'B'") in profits he would have secured through international business deals if he had been able to travel the world maskless. Cmplt. at ¶¶ 814, 835. They are not credible. *See Kennedy*, 998 F.3d at 1235.

4

The Second Circuit held these "conjectural or hypothetical" injuries did not support standing. *Id*. (*quoting Spokeo*, 578 U.S. at 339). If Plaintiff had actually been qualified for, applied for, and obtained a City job, he would have been eligible to apply for an exception to the mask mandate. *Id*. But since he never even applied, his alleged injury by the vaccine mandate remained "purely hypothetical and [did] not confer standing." *Id.* (citing *Spokeo*, 578 U.S. at 339).

Here, Plaintiff has similarly alleged a hypothetical interest in taking a trip and claims he decided against it when he was informed of each Airline Defendant's mask policy. He does not claim that he was ever prevented from buying a ticket or denied boarding on an actual flight. He simply never tried to travel. His alleged injuries therefore are not "concrete and particularized, as well as actual or imminent," and he has no standing to sue. *Carlone*, No. 21-871, 2021 WL 5049455, at *2.

Plaintiff's prior litigation history, and his method of selecting Defendants for this case (i.e., mass-emailing airlines on a DOT list) suggest his grievance here "amounts to nothing more than an abstract and generalized harm to a citizen's interest in the proper application of the law" (Plaintiff's opposition to the government's COVID-era health and safety measures) and not from any concrete injury personal to him. *See Carlone*, 2021 WL 5049455, at *2; *see generally Sierra Club v. Morton*, 405 U.S. 727, 740 (1972) (discussing how the concrete injury requirement prevents Courts from exercising judicial review "at the behest of organizations or individuals who seek to do no more than vindicate their own value preferences through the judicial process."). Consistent with Second Circuit precedent, this Court should find that he lacks standing to bring claims against the Airline Defendants, and their attorneys and employees, that do not arise from his purchase of a ticket.

## **CONCLUSION**

WHEREFORE, in the alternative to the arguments for dismissal under Federal Rules of Civil Procedure 12(b)(2) and (6) set forth in their Motions to Dismiss, [DE 180] and [261], the C&F-represented Defendants respectfully request that the Complaint be dismissed for lack of standing pursuant to Federal Rule of Civil Procedure 12(b)(1), together with such other and further relief the Court deems just and proper.

Dated: New York, New York
February 14, 2024

CONDON & FORSYTH LLP

By *[signature: Bartholomew J Banino]*
Bartholomew Banino
bbanino@condonlaw.com
Anthony U. Battista
abattista@condonlaw.com
Jonathan E. DeMay
jdemay@condonlaw.com
Zachary Groendyk
zgroendyk@condonlaw.com
Marissa Lefland
mlefland@condonlaw.com
John Maggio
Jmaggio@condonlaw.com

7 Times Square, 18th Floor
New York, New York 10036
(212) 490-9100

*Attorneys for Defendants*

Concesionaria Vuela Compañía de Aviación, S.A.P.I. de C.V., Royal Air Maroc, Aerovías de México S.A. de C.V., Transportes Aéreos Portugueses, S.A., Spirit Airlines, Inc., Avianca S.A., Singapore Airlines, LATAM Airlines Group S.A., Iberia Líneas Aéreas De España, S.A. Operadora, Sociedad Unipersonal, LOT Polish Airlines, SA, British Airways P.L.C., and individual Defendants Matthew Roberts and Miguel Morel

7

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF NEW YORK         )

Beatriz Romero, duly sworn, deposes and says, that deponent is not a party to the action, is over 18 years of age and resides in Monroe, New York. That on the 14th day of February 2024, deponent served a copy of the within **RESPONSE TO PLAINTIFF'S SUPPLEMENTAL BRIEF REGARDING STANDING** upon:

> Aaron Abadi, *pro se*
> 82 Nassau Street, Apt. 140
> New York, NY 10038

via ECF filing and at the address designated by said pro se litigant for that purpose by depositing same enclosed in a properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

_____
Beatriz Romero

Sworn to before me this
14th day of February, 2024

_____
Notary Public

ZOILA M CEDENO
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01CE0001221
Qualified in Queens County
My Commission Expires: 2/9/27

8