UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **AARON ABADI,**<br><br>         Plaintiff<br><br>V.<br><br>**AMERICAN AIRLINES, INC., et al** | **CASE #  1:23-cv-04033-LJL** |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO**

**FEDERAL DEFENDANTS' MOTION TO DISMISS,**

**INCLUDING THE FOLLOWING:**

**THE DEPARTMENT OF HEALTH AND HUMAN SERVICES, CENTERS FOR DISEASE CONTROL AND PREVENTION, NATIONAL INSTITUTES OF HEALTH, DR. ANTHONY FAUCI, AND DR. ROBERT REDFIELD**

BY:

   AARON ABADI
   Pro Se Plaintiff
   82 Nassau Street Apt 140
   New York, NY 10038
   Tel: 516-639-4100
   Email:  aa@neg.com

1

I, Aaron Abadi, appearing pro se, hereby submit my response to the Motion to Dismiss filed by the Federal Defendants (Docs. 306 & 307), namely the Department of Health and Human Services, Centers for Disease Control and Prevention, National Institutes of Health, Dr. Anthony Fauci, and Dr. Robert Redfield (collectively referred to as the "Federal Defendants"). The Complaint thoroughly addressed numerous issues raised in this motion. In this response, I aim to further elucidate certain aspects discussed in the Complaint and/or address issues not previously responded to.

As stated in the Complaint, I suffer from sensory processing disorder, which renders me unable to wear masks, glasses, or any head or facial coverings. When airlines began mandating masks, they consistently denied my right to fly and discriminated against me. I faced verbal abuse, denial of boarding, and was even stranded in France due to these policies, despite providing evidence of my disability.

The inability to travel has inflicted severe financial harm upon me, leaving me without funds and necessitating my pursuit of this action with the generous assistance of the Court via an IFP Motion. My entire source of income has been decimated, depriving me of any means to earn a living. The inability to travel, the resultant financial crisis, and the discrimination itself have caused severe emotional distress that has been torturous for me.

The Motion to Dismiss addresses various Counts of the Causes of Action, to which I will provide appropriate responses.

**MOOTNESS**

Defendants are asking this Court to consider this case moot, as currently the mask requirement is no longer in effect.

This issue was addressed thoroughly in this Complaint. Even till this day there are constant new Covid rules, restrictions, and actions taken by the CDC, private companies, and various government agencies.

The CDC just put a new expansive testing project for multiple diseases at airports. It was in the news just recently.[1]

Mootness does not apply in this case for multiple reasons. Now, suddenly there are companies, organizations, hospitals, schools and the like that are reinstating mask policies.[2]

In order to claim mootness, the Defendants have a heavy burden to prove, as in *Sheely,* "The "formidable," "heavy burden of persuading the court that the challenged conduct cannot reasonably be expected to start up again lies with the

---

[1] https://www.cdc.gov/media/releases/2023/s1107-testing-respiratory-viruses.html
[2] https://www.newsweek.com/mask-mandates-return-list-places-restrictions-1823069

3

party asserting mootness." Sheely v. MRI Radiology Network, P.A., 505 F.3d 1173 (11th Cir. 2007).

In order to be considered moot it has to pass the following test:

""A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." United States v. Concentrated Phosphate Export Assn., 393 U.S. 199, 203, 89 S.Ct. 361, 21 L.Ed.2d 344 (1968).

If tomorrow morning, there is an increase in the Covid deaths and hospitalizations, it is likely that they will try to reinstate mask mandates. If a new pandemic showed up, it is likely that they will try to reinstate mask mandates. The CDC, NIH, Anthony Fauci, and even Bill Gates have been predicting another pandemic in the very near future. I would listen to them, because they predicted the last pandemic.[3]

Besides, initially, before there was a mandate, the airlines all had their own policies, and when the mandate ended, many airlines continued their own policies.

The DC Circuit writes the following in a challenge to the TSA mask mandate: "<u>Because there is a more-than-speculative chance that the challenged conduct will recur, these cases are not moot</u>." Wall v. Transportation Sec. Admin.,

---

[3] https://centerforhealthsecurity.org/our-work/tabletop-exercises/event-201-pandemic-tabletop-exercise

4

No. 21-1220, 2023 WL 1830810, at *2 (D.C. Cir. Feb. 9, 2023).  The TSA themselves wrote a whole brief (Exhibit A) describing how they will want to continue their mask mandate, if and when they feel like it and therefore in their own words, the TSA said it is not moot.  The DC Circuit concurred.

    The TSA wrote the following (Pages 10, & 11):

"<u>The government has not forsworn its authority to impose mask directives or its desire to do so if circumstances warrant. Any future mask-related directives issued by TSA will invoke the same authorities that petitioners claim are insufficient, including the authority to proceed without notice and comment. As a result, there is a more-than-speculative chance that a ruling on whether petitioners' arguments that the now-expired directives were ultra vires or were improperly issued without notice and comment would affect the parties' rights in the future. Accordingly, although these aspects of petitioners' arguments are answered on the merits by this Court's decision in Corbett, they are not moot</u>."

    Besides all that, the fact that there are injuries alleged and damages claimed, it is important to litigate all the discrimination claims in order to determine if there was discrimination, get declaratory relief, and only then damages can be applied to the state claims.  It is still extremely relevant. Even with respect to Federal Defendants it is thus relevant. The point of mootness stopping a lawsuit, is the idea that there is nothing the court can do to bring redress or rectify the wrong. The bar isn't very high.  The Supreme Court recently held that even just nominal damages are sufficient redress to warrant a litigation.

"For purposes of this appeal, it is undisputed that Uzuegbunam experienced a completed violation of his constitutional rights when respondents enforced their speech policies against him. Because "every violation [of a right] imports damage," Webb, 29 F. Cas., at 509, nominal damages can redress Uzuegbunam's injury even if he cannot or chooses not to quantify that harm in economic terms." UZUEGBUNAM et al v. PRECZEWSKI et al - U.S. Supreme Court March 8, 2021.

Also, see this Supreme Court decision in full; here is an excerpt:
"<u>A declaratory judgment can then be used as a predicate to further relief, including an injunction</u>. 28 U. S. C. § 2202; see Vermont Structural Slate Co. v. Tatko Brothers Slate Co., 253 F. 2d 29 (C. A. 2d Cir. 1958); United States Lines Co. v. Shaughnessy, 195 F. 2d 385 (C. A. 2d Cir. 1952)."
Powell v. McCormack, 395 US 486 - Supreme Court 1969.

Granting declaratory relief to establish that the Federal Defendants erred in their violations of the asserted causes of action would subsequently validate the claims against all other Defendants. The issue is not moot, as there are significant advantages, and the Plaintiff stands to benefit from the Court's examination and adjudication of these claims. It is time to set aside the mootness arguments and progress with this litigation.

**FTCA CLAIMS**

The Defendants assert that these claims fall within the discretionary function exception to the FTCA. They also contend that because the alleged negligence involves a federal employee acting within their official capacity, the litigation can only proceed against the United States.

However, it appears the Defendants may misunderstand the nature of the claim, as they have not reviewed the complaint. A significant component of the allegations against the Federal Defendants revolves around their guidance regarding mask mandates, particularly concerning exemptions under the Air Carrier Access Act ("ACAA") and State disability laws (refer to Complaint Paragraphs 100-104).

These disability laws entail specific guidelines, including the necessity for airlines to conduct individualized risk assessments when claiming exemptions from discrimination based on a direct threat. In the case of the Plaintiff, who already had Covid and therefore possessed natural immunity, the risks associated with not wearing a mask would likely have been significantly lower than for individuals who had not contracted the virus who did wear a mask.

The Federal Defendants advocated for a mask program without sufficient empirical support and further permitted, even encouraged, airlines and other federal entities to disregard federal disability laws. This issue does not solely

involve discretionary actions or fall squarely within the scope of their employment duties. Rather, it raises questions warranting exploration through discovery and trial to ascertain the veracity of the Defendants' justifications. It is plausible that the FTCA tort laws are applicable in this context.

If the Court feels that the appropriate Defendant is the "United States," then the Plaintiff will accept Defendants request to substitute the United States for its agencies.

## 42 U.S.C. § 1985(3) & 1986 –   FEDERAL CONSPIRACY STATUTES

Plaintiff elaborated in the complaint, carefully addressing all the arguments that Defendants presented with respect to these statutes.

## THE REHABILITATION ACT ("RA")

The argument concerning the RA (Rehabilitation Act) was thoroughly presented, and in their Motion, several of the airline Defendants acknowledge signing documents indicating their compliance with the RA (refer to Doc. 122 - Motion to Dismiss - Page 33 of 60). The Complaint provides clear details regarding the RA. Furthermore, regarding the Federal Defendants' contention that they could not be considered aiding and abetting since the airlines were not subject to liability under the RA, refer to the entire section of the Response to the Motion

8

to Dismiss (Doc. 172, Page 12) addressing the airline Defendants' motion to dismiss concerning the RA.

## **BIVENS**

Bivens actions encounter a general reluctance within the judiciary, particularly when alternative avenues for seeking relief exist. For instance, in the case of Egbert v. Boule, the Court declined to entertain a Bivens action, citing the availability of alternative remedies provided by Congress for aggrieved parties in a similar position. The Court elucidated this stance, stating, "Congress has provided alternative remedies for aggrieved parties in Boule's position that independently foreclose a Bivens action here" (Egbert v. Boule, 142 S. Ct. 1793 - Supreme Court 2022).

Contemporary jurisprudence typically offers recourse for constitutional grievances through various established channels. However, violations of the Air Carrier Access Act (ACAA) present a unique challenge, as there exists no avenue for redress within the Department of Transportation. Consequently, pursuing implied damages through judicial intervention becomes imperative, as meticulously outlined in the Complaint. Despite the judiciary's inclination to eschew Bivens actions whenever feasible, the Plaintiff contends that this case epitomizes a scenario where the application of Bivens is warranted.

9

**<u>SOVEREIGN IMMUNITY TO STATE LAWS</u>**

The defense in this case relied on the precedent established in Goode v. UNITED STATES DEPARTMENT OF HOMELAND SECURITY, a case adjudicated in the Court of Appeals, 3rd Circuit in 2020. However, it's important to emphasize that the dismissal of the case was not solely attributed to this precedent; rather, there were multiple deficiencies in the presented argument. It's worth noting that the case was labeled as "NOT PRECEDENTIAL," a designation that the Second Circuit discourages using as it does not establish legal precedent, as clarified in Matusick v. Erie County Water Authority, according to the ruling of the Court of Appeals, 2nd Circuit in 2014.

Despite the Defendants' reliance on this case to support their arguments, a thorough examination reveals its failure to provide such substantiation. On the contrary, discrimination laws are typically viewed as a subset of tort laws or as being based on tort laws. Sovereign immunity was waived concerning tort law under the Federal Tort Claims Act ("FTCA").

Please see Univ. of Texas Southwestern Medical Center v. Nassar, 570 U.S. Supreme Ct 338 (2013); Gross v. FBL Financial Services, Inc., 557 U.S. Supreme Ct 167 (2009); Staub v. Proctor Hospital, 562 U.S. 411 (2011). In these three cases, the use of tort law commands a majority of the Court. The use of tort law is

also tied to textual claims, where certain words or concepts in discrimination law are directly interpreted through the lens of tort law.

The cases under consideration here referred to federal discrimination laws and regarded them as a form of federal tort law. It is reasonable to infer that state discrimination laws also fall within the realm of tort law.

## **INDIVIDUAL DEFENDANTS ARE LIABLE FOR STATE CLAIMS**

One of the key contentions put forth by the Defendants is that the individual Defendants did not engage in the alleged discriminatory acts within the states where the Plaintiff claims they occurred. However, this assertion is flawed. Given the significant influence and reach of these Defendants on both a national and international scale, their decisions undoubtedly reverberate across all states within the United States and beyond. Thus, the Plaintiff was undeniably impacted by their actions in each of the states listed in their claims.

## **CONCLUSION**

This case presents a multifaceted scenario, encompassing various factual and legal dimensions. The aforementioned response, coupled with the Complaint, should adequately address the concerns raised in the Motion to Dismiss. The U.S. Constitution guarantees every citizen their right to due process. Therefore, the

Plaintiff urges this Court to permit the lawsuit to move forward, enabling us to thoroughly examine these matters during trial. Utilizing a motion to dismiss to deprive an individual of their right to justice is unwarranted.

**WHEREFORE**, Plaintiff asks this court to DENY this motion to dismiss in its entirety, and to schedule an Initial Case Management Conference in accordance with Rule 16(b) of the Federal Rules of Civil Procedure.

Respectfully submitted this 14th Day of February, 2024.

*s/Aaron Abadi*

AARON ABADI, Plaintiff
82 Nassau Street Apt 140
New York, NY 10038
516-639-4100
Email:  aa@neg.com