UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AARON ABADI,

            Plaintiff,

  -against-

AMERICAN AIRLINES GROUP, INC., *et al*.,

           Defendants.

23 Civ. 04033 (LJL) (JLC)

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS BY DEFENDANTS PHILIPPINE AIRLINES, INC. AND ASIANA AIRLINES, INC.**

**COVINGTON & BURLING LLP**
**620 Eighth Avenue**
**New York, New York 10018-1405**
**(212) 841-1000**

*Attorneys for Defendants Philippine Airlines, Inc. and Asiana Airlines, Inc.*

**TABLE OF CONTENTS**

Table of Authorities ................................................................................................................. ii

I.   THIS COURT LACKS SUBJECT MATTER JURISDICTION BECAUSE
     MR. ABADI HAS NOT PLAUSIBLY ALLEGED ANY ACTUAL CASE
     OR CONTROVERSY. ........................................................................................................ 1

II.  THERE IS NO PREDICATE FOR MR. ABADI'S CLAIMS BECAUSE HE
     HAS NOT ADEQUATELY ALLEGED THAT HE IS A "QUALIFIED"
     INDIVIDUAL WITH A RECOGNIZED DISABILITY. .................................................... 6

III. MR. ABADI'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE
     TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED. ........................... 8

Conclusion .................................................................................................................................. 8

## TABLE OF AUTHORITIES

**Cases**                                                                                                              **Page(s)**

*Abadi v. NYU Langone Health Sys.*, 21 Civ. 11073 (RA) (GWG), 2023 WL
    8461654 (S.D.N.Y. Dec. 7, 2023), *on reconsideration* 2024 WL 396422
    (S.D.N.Y. Feb. 2, 2024) ............................................................................................... 7

*Auerbach v. Bd. of Educ.*,
    136 F.3d 104 (2d Cir.1998) .......................................................................................... 5

*Babbitt v. United Farm Workers Nat'l Union*,
    442 U.S. 289, 99 S.Ct. 2301, 60 L.Ed.2d 895 (1979) ................................................... 5

*DaimlerChrysler Corp. v. Cuno*,
    547 U.S. 332, 126 S.Ct. 1854, 164 L.Ed.2d 589 (2006) ............................................... 5

*Harty v. West Point Realty, Inc.*,
    28 F.4th 435 (2d Cir. 2022) ....................................................................................... 5-6

*Hentze v. CSX Transp., Inc.*,
    477 F. Supp. 3d 644 (S.D. Ohio 2020) ......................................................................... 8

*Lewis v. Cont'l Bank Corp.*,
    494 U.S. 472, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990) ............................................... 5

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) ........................................... 4-5

*Steel Co. v. Citizens for a Better Env't*,
    523 U.S. 83, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) ................................................. 4

**Statute**

49 U.S.C. § 41705 ................................................................................................................ 6

**Regulation**

14 C.F.R. § 382.3 ................................................................................................................. 6

**Other Authority**

Diagnostic and Statistical Manual of Mental Disorders, Fifth Edition Text
    Revision (DSM-5 TR) ................................................................................................... 6

Defendants Philippine Airlines, Inc. (PAL) and Asiana Airlines, Inc. (Asiana) submit this Reply Memorandum of Law in further support of their motion to dismiss Plaintiff Aaron Abadi's Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

## I.     THIS COURT LACKS SUBJECT MATTER JURISDICTION BECAUSE MR. ABADI HAS NOT PLAUSIBLY ALLEGED ANY ACTUAL CASE OR CONTROVERSY.

Mr. Abadi makes no factual assertion in his opposition brief, nor has any allegation in his Complaint, that would create any actual, ripe, case or controversy with PAL or Asiana.

Mr. Abadi does not assert or allege that he ever has traveled on PAL or Asiana, including before the Covid pandemic began and after it ended.  Pointedly, PAL and Asiana have no record of Mr. Abadi ever flying with them for at least as far back as they were able to search, De Castro Decl. [ECF 265] ¶ 4; Kim Decl. [ECF 266] ¶ 4, and Mr. Abadi does not claim to the contrary.  Mr. Abadi likewise does not allege that he ever bought, or made a good faith offer or effort to buy, a flight ticket from PAL or Asiana.  Nor does Mr. Abadi allege that he ever has had any business dealings in, or any other business or personal reasons to have traveled to or through, the Philippines or Korea.  Rather, Mr. Abadi alleges only that he made preliminary email inquiries to PAL and Asiana beginning in September 2021, while apparently also making similar inquires to 44 additional airlines, stating a potential interest in flying with them, and asking if he could fly without a mask.  Cmpl. ¶¶ 524, 221.

Given this history whereby Mr. Abadi never in his entire life had any occasion to fly with PAL or Asiana, or to or through the Philippines or Korea, at least as far as the record shows, including during long periods before and after the Covid pandemic when no masks were required, it is entirely implausible that suddenly Mr. Abadi had an actual and imminent intent to fly with PAL and Asiana during the height of the Covid pandemic, and would have done so but for these airlines' compliance with government-ordered mask mandates.

In light of this fundamental implausibility, the details hardly matter. But Mr. Abadi pushes back on a few details, so they are addressed here. Mr. Abadi effectively concedes, as mentioned, that he has never flown on PAL or Asiana, as far as the records show, and never has had business or personal dealings in the Philippines or Korea. That said, he asserts merely generally, about each airline, that "They have multiple destinations around the world …. They would have been the perfect airline to get me to Europe, India, and the Middle East." Abadi Op. Br. [ECF 309] at 8-9.

Of course, the first reply to this is, if they were so perfect for Mr. Abadi, why had he never flown on these airlines before or after the Covid pandemic, when no masks were required?

The second reply is that Mr. Abadi has not plausibly shown that flights on PAL, routed through Manila, would have made any sense for him to get from New York City to business destinations in Europe, India and the Middle East. PAL does not even fly to Europe or India, De Castro Decl. [ECF 265] ¶ 6, which Mr. Abadi does not contest. So Mr. Abadi could not have traveled from NYC to Europe or India on PAL even indirectly through Manila, if that otherwise would have made any sense (and it would not have). Nor does Mr. Abadi make any effort to counter PAL's evidence that a flight from NYC to Saudi Arabia or the UAE on PAL via Manila would have taken 14-20 hours longer than a more direct flight. *Id.*; Moving Br. [ECF 267] at 4.

The third reply relates to Asiana. Asiana does not even fly to the Middle East, Kim Decl. [ECF 266] ¶ 6, which Mr. Abadi does not contest. So Mr. Abadi could not have traveled from NYC to the Middle East on Asiana even indirectly, through Seoul, if that otherwise would have made any sense (and it would not have). Nor does Mr. Abadi make any effort to show that it would have been reasonable and plausible for him to have flown from NYC to London via Seoul on Asiana given that it would have taken 43 hours longer than a direct flight. *Id.*; Moving Br. [ECF 267] at 4. Mr. Abadi does try to make a minor showing regarding India, as to which he does not

contest that a flight *to* India from NYC via Seoul would be materially longer (32 hours longer, Moving Br. [ECF 267] at 4) than a direct flight on another airline; but he does comment about flights back *from* India to NYC. As to flights back from India, Mr. Abadi purports to show that it would have taken a similar amount of time for him to fly from Delhi to NYC via Seoul on Asiana as it would have taken for him to fly from Delhi to NYC via Germany on Lufthansa. Abadi Op. Br. [ECF 309] at 9 & Exs. C & D. Based on his analysis, he shows that both routes would have taken in the range of 20 hours 35 minutes to 29 hours 10 minutes. *Id.* But he leaves off several critical points:

    A. Mr. Abadi analyzes current flight schedules, for March 2024, rather than schedules from September 2021 when allegedly he was looking to fly. *Id.*; Cmpl. ¶¶ 524, 221. In September 2021, many of Asiana's flights had been cancelled because of the Covid pandemic (*see* header on Abadi Op. Br. [ECF 309] Ex. A), and in fact Asiana had only 3 flights in the entire month of September 2021 from Delhi to Seoul (*see* Kang Reply Decl. ¶ 2), making the flights themselves likely inconvenient and making the connections by which a passenger could then get from Seoul to NYC highly problematic and time consuming, much more so then than now.

    B. Mr. Abadi fails to compare a *direct* flight from Delhi to NYC to the 22 hour 10 minute *indirect* flight from Delhi to NYC via Seoul on Asiana that he shows on his Exhibit C. Abadi Op. Br. [ECF 309] Ex. C. Mr. Abadi's hypothetical indirect return flight remains implausible as compared to direct flights from Delhi to NYC with flight times of 15-16 hours.

    C. Mr. Abadi allegedly had business in Bangalore (a destination not served by Asiana), not Delhi (where Asiana does fly, from Seoul); so flights to and from Delhi are not

pertinent. Mr. Abadi points out that he once flew on Lufthansa through Frankfurt to India, but that flight was to Bangalore. Abadi Op. Br. [ECF 309] ¶ 10 & Ex. E. Mr. Abadi apparently needed to travel to Bangalore because of a business deal there. *See* Compl. ¶¶ 816-20. While Lufthansa apparently flies to Bangalore, Asiana does not. Kim Decl. [ECF 266] ¶ 6; flyasiana.com/C/US/EN/booking/route. Therefore, flying to Bangalore on Lufthansa made some sense for Mr. Abadi because of his business deal there, whereas flying from Delhi to NYC via Seoul on Asiana remains entirely implausible.

Relatedly in terms of the implausibility of actually traveling with PAL or Asiana, Mr. Abadi states in his opposition brief that he could have avoided quarantine requirements in the Philippines and Korea because he would not have planned on exiting the airport. Abadi Op. Br. [ECF 309] at 10. But even if that were the case, it just adds to the implausibility of Mr. Abadi traveling via Manila or Seoul, with much longer travel times, when he had no intent to leave the airport to visit or conduct business in those cities. In any event, Mr. Abadi still would have been subject to masking requirements for the long periods he would have spent in those airports under applicable laws and rules in the Philippines and Korea, De Castro Decl. [ECF 265] ¶¶ 10-12; Kim Decl. [ECF 266] ¶¶ 9-10, with which requirements Mr. Abadi based on his own allegations could not have complied.

Mr. Abadi therefore clearly has failed to carry his burden of establishing any Article III case or controversy with PAL or Asiana. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103-04, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) (party invoking federal jurisdiction has burden to establish it). Most pointedly, Mr. Abadi has failed to establish that he has suffered, as a causal result traceable to PAL's and Asiana's actions, "an 'injury in fact'—an invasion of a legally

protected interest which is (a) concrete and particularized and (b) actual or imminent, not 'conjectural' or 'hypothetical.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992); *see also Babbitt v. United Farm Workers Nat'l Union,* 442 U.S. 289, 298, 99 S.Ct. 2301, 60 L.Ed.2d 895 (1979) (if not actual, alleged injury must at least be "imminent" or "certainly impending"); *Auerbach v. Bd. of Educ.,* 136 F.3d 104, 108-09 (2d Cir. 1998) ("When the events alleged in a plaintiff's cause of action have not yet occurred, a federal court is precluded from exercising subject matter jurisdiction because a real case or controversy does not exist for purposes of Article III.").

Mr. Abadi's alleged injury is conjectural or hypothetical, and in fact entirely implausible. He has never traveled on PAL or Asiana, as far as available records and the allegations show, before or after the Covid pandemic, and had no plausible reason for doing so during the pandemic. There is a complete lack of any concrete and particularized injury, actual or imminent. As a result, Mr. Abadi's claims cannot be entertained because of the lack of an Article III case or controversy, based on any of the interrelated concepts of ripeness, mootness or standing. Without an actual or imminent, and traceable, injury, federal courts should not issue opinions "advising what the law would be upon a hypothetical state of facts." *Lewis v. Cont'l Bank Corp.,* 494 U.S. 472, 477, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990) (quotation marks and citation omitted); *DaimlerChrysler Corp. v. Cuno,* 547 U.S. 332, 352, 126 S.Ct. 1854, 164 L.Ed.2d 589 (2006) ("The doctrines of mootness, ripeness, and political question all originate in Article III's 'case' or 'controversy' language, no less than standing does.").

Mr. Abadi's complaint therefore should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. *See, e.g., Harty v. West Point Realty, Inc.*, 28 F.4th 435, 443 (2d Cir. 2022) ("'Such 'some day' intentions—without any description of

concrete plans, or indeed even any specification of when the some day will be—do not support a finding of the 'actual or imminent' injury' that Article III requires.") (citations omitted).

## II. THERE IS NO PREDICATE FOR MR. ABADI'S CLAIMS BECAUSE HE HAS NOT ADEQUATELY ALLEGED THAT HE IS A "QUALIFIED" INDIVIDUAL WITH A RECOGNIZED DISABILITY.

In his complaint and opposition brief, Mr. Abadi fails to show or adequately allege that he is a "qualified" individual with a recognized disability, which is a predicate for all of his claims. Under the Air Carrier Access Act (ACAA), 49 U.S.C. § 41705, a "qualified" individual with a disability who is entitled to protection from discrimination is an individual with a disability who *"Buys or otherwise validly obtains, or makes a good faith effort to obtain, a ticket* for air transportation on a carrier and presents himself or herself at the airport for the purpose of traveling on the flight to which the ticket pertains." 14 C.F.R. § 382.3. Mr. Abadi did not obtain or make an effort to obtain a ticket from PAL or Asiana, De Castro Decl. [ECF 265] ¶ 4-5; Kim Decl. [ECF 266] ¶ 4-5, and does not allege or otherwise show that he did. Accordingly, he is not a "qualified individual with a disability." His ACAA claims therefore all fail (for this and myriad other reasons described or incorporated in PAL's and Asiana's moving papers), as do all of his other claims predicated on alleged discrimination under the ACAA.

Mr. Abadi also has not adequately alleged that he has a recognized disability within the meaning of the ACAA or the Americans with Disabilities Act (ADA), which likewise is a predicate for all of his claims. He claims to have "sensory processing disorder," but that is not a mental disorder that is generally recognized by the medical establishment in adults, as evidenced by the fact that it is not listed in the Diagnostic and Statistical Manual of Mental Disorders, Fifth Edition Text Revision (DSM-5 TR). Mr. Abadi makes no showing to the contrary, nor otherwise makes any effort to show that his alleged disorder is generally recognized as a disability or impairment in adults by the broader medical community.

Rather than make any allegation or showing of general acceptance by the medical community, Mr. Abadi merely points to the fact that he has a letter from one medical provider at NYU Langone stating that he "is suffering from extreme sensitivity to touch, mostly in the area of his head," Cmpl. Ex. 6, and has a certification from another doctor stating that he "suffers from sensory processing disorder" Cmpl. Ex. 8.  Only one of these doctors referred to "sensory processing disorder," but even if both had done so, two doctors' opinions are insufficient to elevate a purported disorder into an impairment or disability that is generally recognized by the medical community.  As PAL and Asiana pointed out in their moving papers, the DSM-5 is generally the source relied on by regulators and the courts to determine if an alleged condition constitutes a protected disability.  *See* Moving Br. [ECF 267] at 15-16.  Mr. Abadi cites no portion of the DSM-5, nor any other authoritative medical resource, nor any court case, recognizing or upholding sensory processing disorder as a disability in adults.

Interestingly, Mr. Abadi is currently suing NYU Langone for requiring him to wear a mask, notwithstanding the letter that Mr. Abadi allegedly has from one of NYU Langone's own doctors.  *See Abadi v. NYU Langone Health Sys.*, 21 Civ. 11073 (RA) (GWG), 2023 WL 8461654, at *2 (S.D.N.Y. Dec. 7, 2023) (referring to Mr. Abadi's allegation that NYU Langone "'yelled' at a doctor who had written him the letter") (granting in part and denying in part motion to amend complaint); 2024 WL 396422 (S.D.N.Y. Feb. 2, 2024) (on motion for reconsideration).  It appears that even NYU Langone did not accept the letter from its own doctor as diagnosing a recognized disability that would exempt Mr. Abadi from NYU Langone's mask requirement.  Mr. Abadi therefore is asking this Court not only to make rulings on long-rescinded masking requirements without an Article III case or controversy, but also is asking this Court to make new law in finding "sensory processing disorder," without even an adequate basis of acceptance in the medical

community, to be a recognized and protected disability. This Court should decline those invitations.

Finally, Mr. Abadi does not plausibly allege in his complaint, nor asserts in his opposition papers, that major life activities were substantially limited by his alleged disorder before or after the Covid pandemic, or even during the Covid pandemic outside of activities in places where masks were required. As PAL and Asiana pointed out in their moving papers, Mr. Abadi's alleged disorder is narrow and tailor-made; it constrained, at most, his activities in places where masks were required during the Covid pandemic. Limitations on his activities were exactly coterminous with, and were triggered by, legal requirements to wear a mask. But alleged impairments of such limited scope and duration are not disabilities recognized under the ADA caselaw. *See Hentze v. CSX Transp., Inc.*, 477 F. Supp. 3d 644, 665-66 (S.D. Ohio 2020) (adjustment disorder that affected plaintiff's ability to take job-required tests did not limit major life activities). Mr. Abadi cites no contrary case law.

Because Mr. Abadi has not adequately alleged a recognized, protected disability, and such a disability is a predicate for all of his claims, all of his claims should be dismissed.

### III. MR. ABADI'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

PAL and Asiana have nothing further to brief on the additional reasons why Mr. Abadi's Complaint fails to state a claim, and therefore should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), beyond those already stated or incorporated in their moving papers.

### Conclusion

For the reasons above, in addition to those stated or incorporated in PAL's and Asiana's initial Memorandum of Law, this Court should dismiss Mr. Abadi's Complaint with prejudice.

| | |
|---|---|
| Dated: New York, New York<br>February 20, 2024 | COVINGTON & BURLING LLP<br><br>By:  s/ *David W. Haller*<br>     David W. Haller<br><br>620 Eighth Avenue<br>New York, New York 10018<br>Telephone:  (212) 841-1000<br>Email:  dhaller@cov.com<br><br>*Attorneys for Defendants Philippine Airlines, Inc. and Asiana Airlines, Inc.* |