UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
AARON ABADI,

                Plaintiff,          Case No.: 1:23-cv-04033-LJL

   -against-

AMERICAN AIRLINES GROUP INC, et al,

                Defendants.

------------------------------------------------------------x

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
OF MOTION TO DISMISS THE COMPLAINT ON BEHALF OF
AIR CANADA, AUSTRIAN AIRLINES AG, CATHAY PACIFIC AIRWAYS LIMITED,
EMIRATES, ETIHAD AIRWAYS PJSC DBA ETIHAD AIRWAYS COMPANY, EVA
AIRWAYS CORPORATION, FINNAIR OYJ, GULF AIR HOLDING B.S.C., QATAR
AIRWAYS Q.C.S.C. DBA QATAR AIRWAYS CORPORATION, ALIA – THE ROYAL
JORDANIAN AIRLINES COMPANY DBA ROYAL JORDANIAN AIRLINES, KENYA
AIRWAYS, KOREAN AIR LINES CO., LTD., DEUTSCHE LUFTHANSA
AKTIENGESELLSCHAFT (LUFTHANSA), SWISS INTERNATIONAL AIR LINES AG,
TURK HAVA YOLLARI ANONIM ORTAKLIGI AND ANITA AYALA**

                                             **CLYDE & CO US LLP**
                                             Christopher Carlsen
                                             Andrew J. Harakas
                                             Nicholas Magali
                                             Natalie D. Cox
                                             The Chrysler Building
                                             405 Lexington Avenue, 16th Floor
                                             New York, New York 10174
                                             (212) 710-3900

*Attorneys for Defendants
Air Canada, Austrian Airlines AG, Cathay Pacific Airways, Limited, Emirates, Etihad, Airways PJSC dba Etihad Airways Company, Eva Airways Corporation, Finnair OYJ, Gulf Air Holding B.S.C., Qatar Airways Q.C.S.C. dba Qatar Airways Corporation, Alia-The Royal Jordanian Airlines Company dba Royal Jordanian Airlines, Kenya Airways, Korean Air Lines Co., Ltd., Deutsche Lufthansa Aktiengesellschaft, Swiss International Air Lines AG, Turk Hava Yollari Anonim Ortakligi, and Anita Ayala*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ iii
PRELIMINARY STATEMENT ........................................................................................................... 1
ARGUMENT ......................................................................................................................................... 2
    I.    GULF HOLDING IS AN FSIA "FOREIGN STATE" IMMUNE FROM SUIT .......... 2
    II.    PLAINTIFF FAILS TO MEET THE CONSTITUTIONAL REQUIREMENT FOR STANDING ..................................................................................................................... 2
    III.    PLAINTIFF FAILS TO ALLEGE FACTS TO SUPPORT PERSONAL JURISDICTION OVER THE MOVING DEFENDANTS ........................................... 4
    IV.    PLAINTIFF FAILS TO STATE A CLAIM UNDER 42 U.S.C. § 1983 ....................... 4
    V.    THE ACAA DOES NOT PROVIDE A PRIVATE RIGHT OF ACTION .................... 5
    VI.    PLAINTIFF'S 42 U.S.C. § 1986 CLAIMS ARE TIME BARRED ............................. 5
    VII.    PLAINTIFF'S CIVIL RIGHTS CLAIMS ARE PREEMPTED BY THE ADA .......... 6
    VIII.    PLAINTIFF FAILS TO STATE A CLAIM FOR PROMISSORY ESTOPPEL ........... 6
    IX.    PLAINTIFF FAILS TO STATE A CLAIM FOR INJURIOUS FALSEHOODS ......... 7
    X.    THERE IS NO CONSTITUTIONAL RIGHT TO INTERNATIONAL TRAVEL ...... 7
    XI.    THE FSIA PROHIBITS JURY TRIALS AGAINST A "FOREIGN STATE" ............. 8
CONCLUSION ...................................................................................................................................... 8

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Beacon Enterprises, Inc. v. Menzies*,
   715 F.2d 757 (2d Cir. 1983)...................................................................................................4

*Carlone v. Lamont*,
   2021 WL 5049455 (2d Cir. Nov. 1, 2021)...........................................................................2, 3

*Cheruvu v. HealthNow New York, Inc.*,
   2023 WL 3443362 (2d Cir. May 15, 2023) ...........................................................................4

*Condor Funding, LLC v. 176 Broadway Owners Corp.*,
   147 A.D.3d 409 (2017) ..........................................................................................................7

*Dogbe v. Delta Air Lines, Inc.*,
   969 F. Supp. 2d 261 (E.D.N.Y. 2013) ...................................................................................6

*Esquire Radio & Elecs., Inc. v. Montgomery Ward & Co.*,
   804 F.2d 787 (2d Cir. 1986)...................................................................................................7

*Harty v. West Point Realty, Inc.*,
   28 F.4th 435 .........................................................................................................................3

*Lopez v. Jet Blue Airways*,
   662 F.3d 593 (2d Cir. 2011)...................................................................................................5

*Montgomery v. Delta Air Lines, Inc.*,
   2023 WL 2400743 (5th Cir. March 8, 2023) .........................................................................6

*Morales v. Trans World Airlines, Inc.*,
   504 U.S. 374 ..........................................................................................................................6

*Rendon v. Berry Glob. Inc.*,
   2023 WL 3724795 (S.D.N.Y. May 30, 2023) .......................................................................3

*Rukoro v. Fed. Republic of Germany*,
   363 F. Supp. 3d 436 (S.D.N.Y. 2019).................................................................................2, 8

*Spokeo, Inc. v. Robins*,
   578 U.S. 330 (2016)...............................................................................................................2

*United Parcel Services, Inc. v. Flores-Galarza*,
   318 F.3d 323 (1st Cir. 2003)..................................................................................................6

*Weisshaus v. Cuomo*,
　512 F. Supp. 3d 379 (E.D.N.Y. 2021) ....................................................................................... 7

*West v. Atkins*,
　487 U.S. 42 (1988) ..................................................................................................................... 4

*Yeadon v. New York City Transit Auth.*,
　719 F. Supp. 204 (S.D.N.Y. 1989) ............................................................................................. 5

*Young v. Lord & Taylor, LLC*,
　937 F. Supp. 2d 346 (E.D.N.Y. 2013) ........................................................................................ 5

**Statutes**

28 U.S.C. § 1605(a)(2) ..................................................................................................................... 8

49 U.S.C. § 41713(b)(1) ................................................................................................................... 6

## PRELIMINARY STATEMENT

Defendants Air Canada, Austrian Airlines AG ("Austrian"), Cathay Pacific Airways Limited ("Cathay Pacific"), Emirates, Etihad Airways PJSC d/b/a Etihad Airways Company ("Etihad"), Eva Airways Corporation ("EVA"), Finnair OYJ ("Finnair"), Alia – The Royal Jordanian Airlines Company d/b/a Royal Jordanian Airlines ("Royal Jordanian"), Kenya Airways ("Kenya"), Korean Air Lines Co., Ltd. ("Korean Air"), Deutsche Lufthansa Aktiengesellschaft (incorrectly named herein as Lufthansa Systems Americas, Inc. and hereinafter "Lufthansa"), Qatar Airways Group Q.C.S.C. (incorrectly named herein as "Qatar Airways Q.C.S.C. d/b/a Qatar Airways Q.C.S.C. Corporation" and hereinafter "Qatar"), Swiss International Air Lines AG ("Swiss"), Turk Hava Yollari Anonim Ortakligi (incorrectly named herein as Turkish Airlines, Inc. and hereinafter "THY") (collectively, the "Airline Defendants"), Anita Ayala ("Ayala"), and Gulf Air Group Holding Company B.S.C. (c) (incorrectly named herein as "Gulf Air Holding B.S.C." and hereinafter "Gulf Holding") (collectively the "Moving Defendants") respectfully submit this Reply Memorandum of Law in further support of their Motion to Dismiss Plaintiff's Complaint and Supplemental Complaint.

Plaintiff's Response in Opposition to the Motion to Dismiss ("Opposition Brief") fails to articulate any plausible claim for relief and does not add new facts or present legal arguments to refute the arguments addressed in the Motion to Dismiss. Instead, Plaintiff simply refers to the allegations in the Complaint as being sufficient to withstand a motion to dismiss. *See*, *e.g.*, ECF No. 316, Opposition at p. 11 ("Plaintiff elaborated in the complaint, carefully addressing all the arguments that Defendants were going to present with respect to [42 U.S.C. §§ 1985 and 1986]); *id.* at 11 ("This was addressed thoroughly in the Complaint."); *id.* at 21 ("Defendant seeks dismissal based on preemption, which has been addressed extensively in both this document and

1

the Complaint."). Plaintiff has failed completely to offer any arguments sufficient to withstand the Motion to Dismiss.

## ARGUMENT

### I. GULF HOLDING IS AN FSIA "FOREIGN STATE" IMMUNE FROM SUIT

As set forth in the Memorandum of Law in Support of Motion to Dismiss, Gulf Holding is not an air carrier and is wholly owned by Bahrain Mumtakalat Holding Co. B.S.C. (c) which is the sovereign wealth fund of the Kingdom of Bahrain established by Royal Decree in 2006 and is wholly owned by the Government of the Kingdom of Bahrain. *See* ECF No. 282, Gulf Holding Decl. at ¶ 6. Gulf Holding has presented *prima facie* evidence that it is a foreign sovereign through its Declaration (ECF No. 282) and its Rule 7.1 Disclosure Statement (ECF No. 96). Accordingly, the burden now rests with the Plaintiff to "establish by a preponderance of the evidence that an exception under the FSIA permits jurisdiction over" Gulf Holding. *Rukoro v. Fed. Republic of Germany*, 363 F. Supp. 3d 436, 444 (S.D.N.Y. 2019). Plaintiff failed to meet that burden. As such, the Court lacks subject matter jurisdiction over Gulf Holding as a "foreign state" within the meaning of FSIA.[1]

### II. PLAINTIFF FAILS TO MEET THE CONSTITUTIONAL REQUIREMENT FOR STANDING

To establish standing, Plaintiff is required to clearly allege facts demonstrating that he has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). "An injury in fact 'must be concrete and particularized, as well as actual or imminent,' rather than 'conjectural or hypothetical.'" *Carlone v. Lamont*, 2021 WL 5049455, at *2

---

[1]     Substitution of Gulf Air B.S.C. in place of Gulf Holding is futile as the arguments in support of the Motion to Dismiss apply equally to Gulf Air B.S.C.

2

(2d Cir. Nov. 1, 2021) (quoting *Carney v. Adams*, 141 S. Ct. 493, 498 (2020)). "'[A] grievance that amounts to nothing more than an abstract and generalized harm to a citizen's interest in the proper application of the law does not count as an 'injury in fact.'" *Id.*

Plaintiff asserts generally that he had a "genuine need" to travel, but fails to connect that alleged need to any of the Airline Defendants. Plaintiff concedes that he did not purchase, or even attempt to purchase, a ticket for travel on any of the Airline Defendants. Neither Plaintiff's Complaint, nor his Opposition Brief, identify in any way his alleged intended travel. He has not identified the dates on which he wanted to travel, the places he wanted to go, or the basis for his "genuine need" for such undisclosed travel. He also has not alleged any facts to establish that any of the Airline Defendants even operated the flights he allegedly wanted to take on the dates he wanted to travel. Moreover, it simply is not plausible that Plaintiff intended to, or could have, taken flights on all of the Airline Defendants, as well as the other air carrier defendants, to all of the far-flung destinations identified in his Opposition Brief and Complaint. Plaintiff's hypothetical, unknown and undisclosed travel plans simply cannot support a finding of "actual or imminent injury" traceable to the conduct of any of the Moving Defendants. *Harty v. West Point Realty, Inc.*, 28 F.4th 435, 443 (plaintiff's some-day intention to reserve a guest room with defendant hotel not sufficiently imminent to create an injury in fact); *Rendon v. Berry Glob. Inc.*, 2023 WL 3724795, at *4 (S.D.N.Y. May 30, 2023) (to establish injury from inability to access a service, plaintiff must plead sufficient factual detail to demonstrate when and how he would have used the service, not just conclusory statements of intent).

Accordingly, because Plaintiff has not established that he has standing to assert any of his claims against any of the Moving Defendants, the Complaint should be dismissed in its entirety.

3

### III. PLAINTIFF FAILS TO ALLEGE FACTS TO SUPPORT PERSONAL JURISDICTION OVER THE MOVING DEFENDANTS

Plaintiff fails to state an articulable nexus between the business transacted in the State of New York by the Moving Defendants and the causes of action in the Complaint. *Beacon Enterprises, Inc. v. Menzies*, 715 F.2d 757, 764 (2d Cir. 1983). In his Opposition Brief, Plaintiff states that the Airline Defendants have "substantial operations within the State of New York," but fails to state how their operations gave rise to the causes of action. ECF No. 316, p. 8. Plaintiff's reliance on the Order transferring this case from the Northern District of Texas to this Court is misplaced because the case was transferred pursuant to the venue statute, 28 USCA § 1391. Moreover, Plaintiff's alleged domicile in New York is irrelevant to the issue of whether personal jurisdiction exists over the Moving Defendants. Accordingly, Plaintiff has failed to meet his burden of establishing the existence of personal jurisdiction over the Moving Defendants, and the Complaint should be dismissed on that basis.

### IV. PLAINTIFF FAILS TO STATE A CLAIM UNDER 42 U.S.C. § 1983

Plaintiff fails to allege facts sufficient to state a Section 1983 Claim. The Opposition Brief refers to interactions between Plaintiff and defendants other than the Moving Defendants, and a Spirit Airlines incident that did not involve either Plaintiff or the Moving Defendants. *See* ECF No. 316, p. 10-11. None of these allegations plausibly allege that the Moving Defendants acted "under color of state law." Plaintiff's reliance on *West v. Atkins*, 487 U.S. 42 (1988) as support for his Section 1983 claims is misplaced because the defendant in that case was deemed to be acting under color of state law because he was a state employee acting pursuant to a contract with the state. *Id*. The Moving Defendants are not employed by the state, nor do they operate pursuant to a contract with the state. Plaintiff's conclusory allegation that "[t]he Airline Defendants most certainly violated 1983, and should be held accountable," ECF No. 316, p. 11, cannot withstand

4

dismissal of the Section 1983 claims. *See Cheruvu v. HealthNow New York, Inc.*, 2023 WL 3443362 (2d Cir. May 15, 2023) (dismissing complaint on the grounds that it contained nothing more than conclusory allegations that defendants acted under color of state law).

## V. THE ACAA DOES NOT PROVIDE A PRIVATE RIGHT OF ACTION

It is well-established that the Air Carrier Access Act does not provide a private right of action. *See, e.g., Lopez v. Jet Blue Airways*, 662 F.3d 593, 596 (2d Cir. 2011) ("[T]he ACAA manifests no congressional intent to create a private right of action in a federal district court."). Plaintiff has not cited any case law to the contrary, because none exists. He simply is not happy with the manner in which the DOT handles complaints against air carriers and urges this Court not to follow binding precedent based on his dissatisfaction. No basis exists for Plaintiff's argument and Counts Ten through Eighteen of the Complaint should be dismissed.

## VI. PLAINTIFF'S 42 U.S.C. § 1986 CLAIMS ARE TIME BARRED

Plaintiff's assertion that the statute of limitations applicable to his Section 1986 Claim was tolled during the pendency of the DOT petitions for review is without merit. As an initial matter, Plaintiff does not provide any details of these alleged petitions. A Section 1986 claim must be brought within one year of the date the cause of action accrued. *Yeadon v. New York City Transit Auth.*, 719 F. Supp. 204, 209 (S.D.N.Y. 1989); *Young v. Lord & Taylor, LLC*, 937 F. Supp. 2d 346, 354 (E.D.N.Y. 2013). A claim accrues when the plaintiff "knew or should have known the fact of his injury and its cause." *Id.* It is undisputed that Plaintiff knew the fact of his alleged injury and its cause at the time he emailed the Moving Defendants asking if he could travel without a mask. This is demonstrated by Plaintiff's admission that he lodged grievances with the DOT. ECF No. 316, p. 14. Plaintiff cannot now reasonably contend that he was unaware of when his claims accrued. Accordingly, Plaintiff's Section 1986 claims are time-barred and should be dismissed.

## VII.  PLAINTIFF'S CIVIL RIGHTS CLAIMS ARE PREEMPTED BY THE ADA

Plaintiff's argument that the "only time preemption exists is if there is a conflict" between federal and state laws is incorrect. *See* ECF No. 316, p. 15. The Airline Deregulation Act ("ADA") preempts any state law "having a connection with, or reference to airline 'rates, routes or services." The preemption does not depend on the existence of a conflict. *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 383-84); *see also* ADA, 49 U.S.C. § 41713(b)(1). The requisite connection exists either where "the law expressly references the air carrier's prices, routes or services, or has a forbidden significant effect upon the same." *United Parcel Services, Inc. v. Flores-Galarza*, 318 F.3d 323, 335 (1st Cir. 2003). The term "service" is interpreted broadly as "the provision or anticipated provision of labor from the airline to its passengers" such as "boarding procedures, baggage handling, and food and drink—matters incidental to and distinct from the actual transportation of passengers." *Dogbe v. Delta Air Lines, Inc.*, 969 F. Supp. 2d 261, 276 (E.D.N.Y. 2013).

Plaintiff's state law claims are based upon the passenger masking policies and boarding procedures of the Airline Defendants, which clearly are "services" within the meaning of the ADA. Accordingly, those claims are preempted. *See Montgomery v. Delta Air Lines, Inc.,* 2023 WL 2400743, at *5 (5th Cir. March 8, 2023) ("Delta's decision not to provide transportation to Appellants" who refused to wear a mask "is enough for us to hold that the Deregulation Act preempts their claims. Our precedent makes clear that boarding and transportation are undeniably 'services' under the Deregulation Act").

## VIII.  PLAINTIFF FAILS TO STATE A CLAIM FOR PROMISSORY ESTOPPEL

The statements from the Airline Defendants' websites concerning accommodations to persons with disabilities do not support Plaintiff's claims for promissory estoppel. *See* ECF No.

316, p. 18-20. To prevail on a theory of promissory estoppel, Plaintiff must establish a (1) clear and unambiguous promise, (2) upon which he reasonably relied, and that (3) reliance on the promise caused an injury. *Condor Funding, LLC v. 176 Broadway Owners Corp.*, 147 A.D.3d 409 (2017). These general statements regarding accessible air travel do not constitute clear and unambiguous statements giving rise to a claim for promissory estoppel. *See Esquire Radio & Elecs., Inc. v. Montgomery Ward & Co.*, 804 F.2d 787 (2d Cir. 1986) (finding a statement that was "specific, clear and unambiguous" as sufficient to create a question whether a promise was made). Moreover, Plaintiff cannot establish that he relied on these statements, or that such reliance caused him injury, because he never actually traveled, or even attempted to travel, on any of the Airline Defendants. Accordingly, Plaintiff's claims for promissory estoppel should be dismissed.

## IX. PLAINTIFF FAILS TO STATE A CLAIM FOR INJURIOUS FALSEHOODS

Plaintiff's Opposition Brief fails to present factual assertions that support his claim for injurious falsehoods. Plaintiff's claim that the Airline Defendants acted with malice when they failed to conduct an individualized assessment, *see* ECF No. 316, p. 20, is false as evidenced by the email exchanges between Plaintiff and the Airline Defendants wherein Plaintiff refused to participate in the assessment. Moreover, Plaintiff's claims for injurious falsehood are also time-barred, and preempted by the ADA, and therefore should be dismissed.

## X. THERE IS NO CONSTITUTIONAL RIGHT TO INTERNATIONAL TRAVEL

Plaintiff's Opposition Brief overlooks the fact that the Airline Defendants all are foreign air carriers engaged only in international transportation, and that there is "no constitutional right to international travel." *Weisshaus v. Cuomo*, 512 F. Supp. 3d 379, 392 (E.D.N.Y. 2021). The Moving Defendants could not have deprived Plaintiff of a constitutional right that does not exist.

XI. **THE FSIA PROHIBITS JURY TRIALS AGAINST A "FOREIGN STATE"**

Plaintiff argues that Emirates and Finnair (collectively the "FSIA Airline Defendants") are not immune from subject matter jurisdiction based on the commercial activity exception. *See* 28 U.S.C. § 1605(a)(2). The FSIA Airline Defendants did not make this argument in their Motion to Dismiss and do not make that argument now.

In response to the FSIA Airline Defendants' and Gulf Holding's motion to strike Plaintiff's request for a jury trial, Plaintiff does not refute the arguments, but instead simply states that the "issue of jury trial can be addressed later". *See* ECF No. 316, p. 30. Plaintiff also summarily states that the FSIA Airline Defendants and Gulf Holding "did not provide solid evidence that their airlines are owned completely by foreign states". ECF No. 316, p. 31. Plaintiff overlooks the *prima facie* evidence presented in the Declarations (ECF Nos. 291, 281 and 282) and Rule 7.1 Disclosure Statements (ECF Nos. 71, 72 and 96) stating the ownership structure of the FSIA Airline Defendants and Gulf Holding. Plaintiff fails to proffer evidence in opposition. *See Rukoro* at 436 (S.D.N.Y. 2019). The request to postpone the issue of a jury trial and conclusory statements are not sufficient to refute the arguments asserted by the FSIA Airline Defendants and Gulf Holding in the Motion to Dismiss.

**CONCLUSION**

For the reasons set forth above, and in the Motion to Dismiss, the Moving Defendants respectfully request that Plaintiff's Complaint be dismissed, with prejudice.

Dated: New York, New York
       February 23, 2024

Yours, etc.,

                                        CLYDE & CO US LLP

By: _____
      Andrew J. Harakas
      Christopher Carlsen
      Nicholas Magali
      Natalie D. Cox
The Chrysler Building
405 Lexington Avenue, 16th Floor
New York, New York 10174
(212) 710-3900

*Attorneys for Defendants*

9