UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AARON ABADI,

                              Plaintiff,

         - v -

AMERICAN AIRLINES, INC., *et al.*,

                              Defendants.

No. 23 Civ. 4033 (LJL)

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF FEDERAL
DEFENDANTS' MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL
PROCEDURE 12(B)(1) AND 12(B)(6)**

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
*Counsel for Federal Defendants*
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2689
E-mail: danielle.marryshow@usdoj.gov

DANIELLE J. MARRYSHOW
Assistant United States Attorney
    – Of Counsel –

**TABLE OF CONTENTS**

**PAGE**

ARGUMENT ............................................................................................................. 1

I.      Plaintiff's Claims for Injunctive Relief Should Be Dismissed As Moot ........................... 1

II.     Plaintiff Has Failed To Meet His Burden of Showing That His Tort Claims Do Not Fall
        Within the Discretionary Function Exception to the FTCA ............................................ 3

III.    Plaintiff Fails to State a Rehabilitation Act Claim .......................................................... 4

IV.     Plaintiff Fails to State a Claim Under *Bivens* ................................................................. 5

V.      Plaintiff's Claims Under State and Local Antidiscrimination Law Should Be
        Dismissed ...................................................................................................................... 7

CONCLUSION ......................................................................................................... 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Cangemi v. United States*,
13 F.4th 115 (2d Cir. 2021) ........................................................................................ 3, 4

*Egbert v. Boule*,
596 U.S. 482 (2022)...................................................................................................... 6, 7

*Health Freedom Defense Fund*,
71 F.4th 888 (11th Cir. 2023) .................................................................................... 1, 2

*Ladzinski v. Sperling S.S. & Trading Corp.*,
300 F. Supp. 947 (S.D.N.Y. 1969).............................................................................. 5

*Levine v. Lawrence*,
No. 03 Civ. 1694 (DRH), 2005 WL 1412143 (E.D.N.Y. 2005)................................... 1

*Video Tutorial Servs., Inc. v. MCI Telecomms. Corp.*,
79 F.3d 3 (2d Cir. 1996)............................................................................................... 2

*Wall v. Ctrs. for Disease Control & Prevention*,
No. 21 Civ. 975, 2022 WL 1619516 n.10 (M.D. Fl. Apr. 29, 2022)........................... 4

*Wall v. TSA*,
No. 21-1220, 2023 WL 1830810 (D.C. Cir. Feb. 9, 2023) .........................................2

**Statutes**

49 U.S.C. § 41705(c) ........................................................................................................... 5

14 C.F.R. § 382.159 ............................................................................................................. 5

Defendants Department of Health and Human Services ("HHS"), National Institutes of Health ("NIH"), Centers for Disease Control and Prevention ("CDC"), Dr. Anthony Fauci, in his individual capacity, and Dr. Robert Redfield, in his individual capacity (together, the "Federal Defendants") by their attorney, Damian Williams, United States Attorney for the Southern District of New York, respectfully submit this reply memorandum of law in further support of their motion to dismiss the complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff's opposition brief ("Opp."), ECF No. 322, abandons any challenge to the dismissal of his contract claims and fails to effectively counter any of the Federal Defendants' arguments for dismissal.[1]

## ARGUMENT

### I. PLAINTIFF'S CLAIMS FOR INJUNCTIVE RELIEF SHOULD BE DISMISSED AS MOOT

As the Eleventh Circuit held in *Health Freedom Defense Fund v. Biden*, all of Plaintiff's claims for injunctive relief are moot given that the challenged Order expired along with the public health emergency with respect to COVID-19 on May 11, 2023. *See* Mot. at 8-9; *Health Freedom Defense Fund*, 71 F.4th 888, 892-93 (11th Cir. 2023).[2] In response, Plaintiff first argues that many different entities are re-instituting mask mandates, and that if a "new pandemic" were to occur, the Government would likely reinstitute masking regulations. *See* Opp. at 3-4. But this is merely speculation of the type that the *Health Freedom* court specifically rejected. In that case, the Court

---

[1] Plaintiff fails to make any argument in his opposition brief that his contract claims survive dismissal as to the Federal Defendants. Therefore, those claims should be dismissed. *See, e.g.*, *Levine v. Lawrence*, No. 03 Civ. 1694 (DRH), 2005 WL 1412143, at *5 (E.D.N.Y. 2005) (citing *Raniola v. Bratton*, 243 F.3d 610, 613 n.1 (2d Cir. 2001)). Further, Plaintiff rests on his complaint with respect to his Section 1985(3) and 1986 claims. *See* Opp. at 8. For the reasons stated in Federal Defendants' opening brief, those claims should be dismissed. *See* ECF No. 307 ("Mot.") at 15-17.

[2] Plaintiff also argues that his claims for damages are not moot, *see* Opp. at 5-6, but Federal Defendants do not argue that any damages claims are moot.

reasoned that "conjectures of future harms like these do not establish a reasonable expectation that a mask mandate from the CDC will reissue . . . . Moreover, while we think a legal degree confers many advantages, we do not believe that it equips us to accurately predict if or when another global respiratory pandemic will infect our shared world." *Health Freedom*, 71 F.4th at 893. And importantly, for the "capable of repetition, yet evading review" exception to mootness to apply (which Plaintiff invokes here), a plaintiff must show that the "*same parties* are reasonably likely to find themselves again in dispute over the issues raised" in the case. *Video Tutorial Servs., Inc. v. MCI Telecomms. Corp.*, 79 F.3d 3, 6 (2d Cir. 1996) (per curiam) (citation omitted) (emphasis in original). Like the appellees in *Health Freedom*, Plaintiff cannot make that showing. That is because "putting aside the unanswerable question of where [Plaintiff] might be in this hypothetical situation, there is no guarantee that the president at that time would order agencies to issue a similar mask mandate or that such a mandate would come from the CDC as opposed to another agency." *Health Freedom*, 71 F.4th at 894.

Nor does Plaintiff's reliance on the D.C. Circuit's unpublished ruling in an older case that Plaintiff was involved in, *Wall v. TSA*, No. 21-1220, 2023 WL 1830810 (D.C. Cir. Feb. 9, 2023) change that conclusion. Although the D.C. Circuit concluded that appeal regarding the TSA's masking regulations was not moot, it reached that conclusion in February 2023, when the public health emergency was still in effect and *Health Freedom* was still pending on appeal. On that score, *Wall*'s conclusions on mootness are readily distinguishable from this case, even ignoring the fact that *Wall* involved a different order, issued by a different agency, relying on different statutory authorities. *Wall*, 2023 WL 1830810, at *1. Federal Defendants' (and the Eleventh Circuit's) theory of mootness is thus not at all implicated by the D.C. Circuit's disposition of *Wall*

2

or any arguments the Government made in that case—it is only since the public-health emergency

expired, in May of 2023, that Plaintiff's claims for injunctive relief have become moot.

II.    **PLAINTIFF HAS FAILED TO MEET HIS BURDEN OF SHOWING THAT HIS TORT CLAIMS DO NOT FALL WITHIN THE DISCRETIONARY FUNCTION EXCEPTION TO THE FTCA**

As Federal Defendants explained in their opening brief, the discretionary function

exception to the Federal Tort Claims Act ("FTCA") bars all of Plaintiff's tort claims against the

United States[3] because both the decision to promulgate a mask mandate and to superintend the

airlines' compliance with the disability exception in that mask mandate are not regulated by any

mandatory statute or regulation, and are grounded in public policy considerations. *See* Mot. at 9-

13.

In response, Plaintiff argues that a footnote of the Order indicating that carriers "may

impose requirements, or conditions for carriage, on persons requesting an exemption from the

requirement to wear a mask," and "may also impose additional protective measures that improve

the ability of a person eligible for an exemption to maintain social distance" violates the Air Carrier

Access Act ("ACAA"), such that Plaintiff's tort claims fall outside of the discretionary function

exception because the Government failed to comply with a mandatory statute. *See* Opp. at 7;

Compl. ¶¶ 100-104. But Plaintiff can only overcome a motion to dismiss on this score if he can

show that the Order or the manner in which the Government superintended the airlines'

compliance with the disability exception in the Order "was inconsistent with a . . . 'federal statute,

regulation, or policy [that] specifically prescribes a course of action for [the *federal government*]

to follow.'" *Cangemi v. United States*, 13 F.4th 115, 130 (2d Cir. 2021) (quoting *Berkovitz by*

---

[3] Plaintiff does not appear to dispute that the United States is the proper defendant in an FTCA action. *See* Opp. at 8.

*Berkovitz v. United States*, 486 U.S. 531, 536 (1988)) (alterations in original) (emphasis added). But crucially, ACAA does not govern either the promulgation of the Order or the airlines' compliance with the disability exception in the Order because "ACAA only applies to 'air carriers' and the CDC is not an 'air carrier.'" *Wall v. Ctrs. for Disease Control & Prevention*, No. 21 Civ. 975, 2022 WL 1619516, at *2 n.10 (M.D. Fl. Apr. 29, 2022) (quoting 49 U.S.C. § 41705(a)), *vacated as moot* No. 22-11532, 2023 WL 8667778 (11th Cir. Dec. 15, 2023). As such, Plaintiff's invocation of ACAA fails to meet his burden to demonstrate that the discretionary function exception does not apply to his tort claims.

Plaintiff's vague and conclusory assertions that the Order was promulgated "without sufficient empirical support" and "permitted, even encouraged, airlines and other federal entities to disregard federal disability laws" are no help either. *See* Opp. at 7-8. It is Plaintiff's burden to demonstrate "that [his] claims are not barred by the discretionary function exception." *Cangemi*, 13 F.4th at 130. Because he has failed to explain how either of these assertions show that (1) a mandatory statute or regulation that governs the conduct of the federal government was violated by the federal government or (2) that either the promulgation of the Order or the level of supervision regarding the compliance of the Order was not even "susceptible to policy analysis," Plaintiff has failed to meet that burden. *See id.*

## III.    PLAINTIFF FAILS TO STATE A REHABILITATION ACT CLAIM

As previously explained by the Federal Defendants, Plaintiff has failed to state a claim that the Federal Defendants aided and abetted the defendant airlines' violation of the Rehabilitation Act ("RA"). That is because the RA is inapplicable to the defendant airlines, which do not receive "federal financial assistance" within the meaning of the statute. *See* Mot. at 17-19. Plaintiff does not appear to dispute that the defendant airlines do not receive federal financial assistance that

4

would bring them within the RA's ambit.  Instead, Plaintiff argues that the defendant airlines are subject to the RA because the defendant airlines signed an agreement when they received CARES Act funds stating that they would "comply with . . . all applicable Federal statutes and regulations relating to nondiscrimination including . . . Section 504 of the Rehabilitation Act."  *See* Opp. at 8-9; Compl. ¶¶ 1147-50.  However, the plain meaning of the contractual language upon which Plaintiff relies is that the recipient agrees to comply with those federal nondiscrimination laws that apply to that recipient.  In other words, if a particular airline did receive "federal financial assistance" within the meaning of the RA, then a violation of the RA would also constitute a violation of the contract.  Plaintiff's contrary interpretation, positing that a contract can alter the meaning of a statute without the involvement of Congress, is impermissible.  *Cf. Ladzinski v. Sperling S.S. & Trading Corp.*, 300 F. Supp. 947, 954 (S.D.N.Y. 1969) ("[T]he parties did not and could not contract to expand the meaning and coverage of the word 'wages' in the penalty provision of the statute beyond that intended by Congress.").

## IV.    PLAINTIFF FAILS TO STATE A CLAIM UNDER *BIVENS*

Plaintiff does not dispute that his *Bivens* claims for a violation of his constitutional right to travel presents a new context or that there are special factors counseling hesitation in creating a *Bivens* remedy in this case.  *See* Mot. at 19-24; Opp. at 9.  Instead, Plaintiff argues that an implied damages remedy is necessary here because there is no alternative remedial structure for his ACAA claims.  *See* Opp. at 9; Compl. ¶ 1009.  Putting aside the fact that ACAA does not apply to the federal government, *see supra* p. 4, "[a]ny person believing that a carrier has violated" ACAA may seek assistance or file a complaint with the Department of Transportation, 14 C.F.R. § 382.159, *see also* 49 U.S.C. § 41705(c) (directing the Secretary of the Department of Transportation to investigate ACAA complaints).  Indeed, Plaintiff alleges that he took advantage of this alternative

remedial structure when he filed a complaint with the Department of Transportation against Allegiant Air. *See* Compl. ¶ 213. And in fact, the Department of Transportation ultimately found that Allegiant Air's implementation of the mask mandate violated ACAA. *See* Compl. ¶ 215; Compl. Ex. 22.

The existence of this alternative remedial scheme "foreclose[s] a *Bivens* action." *Egbert v. Boule*, 596 U.S. 482, 497 (2022); *see also id.* at 493 ("[O]ur cases hold that a court may not fashion a *Bivens* remedy if Congress has already provided, or has authorized the Executive to provide, an alternative remedial structure." (citations and internal quotation marks omitted)). Indeed, the Court in *Egbert* found that the Border Patrol's similar regulations accepting grievances from "[a]ny persons wishing to lodge a complaint" was an alternative remedy that counseled against extending the *Bivens* remedy. *Id.* at 497.

At bottom, the core of Plaintiff's complaint is that the Department of Transportation "did nothing" in his case. Compl. ¶ 216. But that is inaccurate—the Department of Transportation notified Allegiant Air of its determination that it had violated ACAA and "warn[ed] it that any similar incidents could lead to formal enforcement action." Compl. Ex. 22 at 1; *see id.* at 5. The Department of Transportation further explained that if it "decide[s] to seek enforcement action against the airline with respect to this issue," Plaintiff's "complaint will be among those considered, which may lead to the issuance of a cease and desist order and to the assessment of civil penalties." *Id.* at 4-5. That Plaintiff finds this outcome inadequate is irrelevant to the analysis. "[W]hether a given remedy is adequate is a legislative determination that must be left to Congress, not the federal courts. So long as Congress or the Executive has created a remedial process that it finds sufficient to secure an adequate level of deterrence, the courts cannot second-guess that calibration by superimposing a *Bivens* remedy. That is true even if a court independently

6

concludes that the Government's procedures are not as effective as an individual damages remedy." *Egbert*, 596 U.S. at 498 (citations and internal quotation marks omitted).   Because it is evident on the face of the complaint that an alternative remedial scheme is available for Plaintiff's ACAA claims, the Court should decline to imply a *Bivens* remedy in this case.

## V.    PLAINTIFF'S CLAIMS UNDER STATE AND LOCAL ANTIDISCRIMINATION LAW SHOULD BE DISMISSED

In response to Federal Defendants' arguments that the United States has not waived sovereign immunity for state and local antidiscrimination claims, Plaintiff argues that the state and local antidiscrimination claims against HHS, NIH, and the CDC are properly understood as tort claims under the FTCA.  *See* Opp. at 10-11.   Even if that was the proper way to understand Plaintiff's antidiscrimination claims, those claims should also be dismissed under the discretionary function exception to the FTCA for the reasons stated above and in Plaintiff's opening brief; Plaintiff's state and local antidiscrimination claims too are premised on the Government's policy decision to promulgate a mask mandate and to determine whether and how to superintend compliance with that mask mandate.  *See* Mot. at 9-13; *supra* Section II.

As to Dr. Fauci and Dr. Redfield, Plaintiff does not dispute his failure to allege that they took any challenged action in California, New Jersey, or Texas, which is fatal to his antidiscrimination claims under those states' antidiscrimination laws.  *See* Mot. at 24-25.   Instead, Plaintiff argues that because of Dr. Fauci and Dr. Redfield's "significant influence and reach . . . their decisions undoubtedly reverberate across all states within the United States and beyond." Opp. at 11.  But this falls far short of Plaintiff's burden to allege that either Dr. Fauci or Dr. Redfield "actually participated" in any discriminatory acts under the New York City Human Rights Law ("NYCHRL").  *See* Mot. at 25.  Plaintiff never alleges, as he must, that either of these defendants took any specific action to prevent Plaintiff from flying without a mask out of John F.

7

Kennedy International Airport or LaGuardia Airport—the basis of his NYCHRL claims. *See* Compl. ¶¶ 1190-1214.   Accordingly, all of Plaintiff's state and local antidiscrimination claims should be dismissed.

## CONCLUSION

For the foregoing reasons and those set forth in the Federal Defendants' opening memorandum of law, the Court should dismiss the Complaint for lack of subject matter jurisdiction and for failure to state a claim.

Dated: February 28, 2024
       New York, New York

                                        Respectfully submitted,

                                        DAMIAN WILLIAMS
                                        United States Attorney for the
                                        Southern District of New York

                              By:    /s/ *Danielle J. Marryshow*
                                        DANIELLE J. MARRYSHOW
                                        Assistant United States Attorney
                                        86 Chambers Street, 3rd Floor
                                        New York, New York 10007
                                        Tel.: (212) 637-2689
                                        E-mail: danielle.marryshow@usdoj.gov

8