# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AARON ABADI, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>AMERICAN AIRLINES, INC., et al., )<br>)<br>Defendants. ) | Case No. 1:23-cv-04033-LJL |

## REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS OF DEFENDANT SOUTHERN AIRWAYS EXPRESS, LLC D/B/A MOKULELE AIRLINES

Dated: March 5, 2024
New York, New York

**STINSON LLP**
Kieran M. Corcoran (KC4935)
100 Wall Street, Suite 201
New York, New York 10005
Tel: (646) 883-7480
Email: kieran.corcoran@stinson.com

Paul Lackey (PL7651)
2200 Ross Avenue, Suite 2900
Dallas, TX 75201
Tel: (214) 560-2206
Email: paul.lackey@stinson.com

M. Roy Goldberg *(Admitted Pro Hac Vice)*
1775 Pennsylvania Avenue, N.W., Suite 800
Washington, D.C. 20006
Tel: (202) 728-3005
Email: roy.goldberg@stinson.com

*Attorneys for Southern Airways Express, LLC (d/b/a Mokulele Airlines)*

# **TABLE OF CONTENTS**

                                                                                                                              **Page**

I.     PLAINTIFF HAS FAILED TO DEMONSTRATE THE EXISTENCE OF PERSONAL JURISDICTION OVER MOKULELE. .......................................................... 1

II.    PLAINTIFF LACKS STANDING TO PURSUE HIS CLAIM AGAINST MOKULELE. ................................................................................................................... 4

III.   THE COMPLAINT FAILS TO STATE A CLAIM UNDER 42 U.S.C. § 1983. ............... 5

IV.   THE COMPLAINT FAILS TO STATE A CLAIM UNDER 42 U.S.C. §§ 1985(3) AND 1986. ....................................................................................................................... 6

V.    PLAINTIFF HAS NO PRIVATE RIGHT OF ACTION TO PURSUE HIS CLAIM UNDER THE AIR CARRIER ACCESS ACT. ................................................................. 7

VI.   PLAINTIFF HAS NO CLAIM AGAINST MOKULELE UNDER THE REHABILTATION ACT. ............................................................................................... 7

VII.  PLAINTIFF'S STATE LAW CLAIMS ARE PREEMPTED BY FEDERAL LAW OR OTHERWISE FAIL TO STATE A CLAIM FOR RELIEF. ...................................... 7

VIII. PLAINTIFF'S CLAIMS ARE MOOT. ............................................................................. 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Best Van Lines, Inc. v. Walker*,
   490 F.3d 239 (2d Cir. 2007)..................................................................................................1

*Chloé v. Queen Bee of Beverly Hills, LLC*,
   616 F.3d 158 (2d Cir. 2010)..................................................................................................1

*Daimler AG v. Bauman*,
   571 U.S. 117 (2014)...............................................................................................................4

*EnviroCare Techs., LLC v. Simanovsky*,
   No. 11- cv-3458, 2012 WL 2001443 (E.D.N.Y. June 4, 2012)..............................................2

*Grand River Enters. Six Nations, Ltd. v. Pryor*,
   425 F.3d 158 (2d Cir. 2005)..................................................................................................2

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
   466 U.S. 408 (1984)...............................................................................................................2

*Levans v. Delta Airlines, Inc.*,
   988 F. Supp. 2d 330 (E.D.N.Y. 2013) ...................................................................................3

*Mirza v. Dolce Vida Med. Spa, LLC*,
   No. 19 Civ. 6444 (PGG), 2024 WL 307969 (S.D.N.Y. Jan. 26, 2024) ..................................3

*Morales v. Trans World Airlines, Inc.*,
   504 U.S. 374 (1992)...............................................................................................................8

*Phillips v. Reed Grp., Ltd.*,
   955 F. Supp. 2d 201 (S.D.N.Y. 2013)....................................................................................3

*Porina v. Marward Shipping Co.*,
   521 F.3d 122 (2d Cir. 2008)..................................................................................................2

*Solé Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*,
   450 F.3d 100 (2d Cir.2006)...................................................................................................3

*UTC Fire & Sec. Ams. Corp., Inc. v. NCS Power, Inc.*,
   844 F. Supp. 2d 366 (S.D.N.Y. 2012)....................................................................................3

*Wiwa v. Royal Dutch Petroleum Co.*,
   226 F.3d 88 (2d Cir. 2000)....................................................................................................4

*Yeadon v. New York City Transit Auth.*,
   719 F. Supp. 204 (S.D.N.Y. 1989) ................................................................................... 6

*Young v. Lord & Taylor, LLC*,
   937 F. Supp. 2d 346 (E.D.N.Y. 2013) .............................................................................. 6

**Statutes**

14 C.F.R. Part 382 ....................................................................................................................... 5

42 U.S.C. § 1983 ..................................................................................................................... 5, 6

42 U.S.C. § 1985(3) ..................................................................................................................... 6

42 U.S.C. § 1986 .......................................................................................................................... 6

Air Carrier Access Act, 49 U.S.C. § 41705 ............................................................................ 5, 7

Airline Deregulation Act, 49 U.S.C. § 41713(b) ......................................................................... 8

CARES Act, S. Rep. No. 100-64 (1987) ..................................................................................... 7

Rehabilitation Act, 29 U.S.C. § 794(a) ....................................................................................... 7

N.Y. C.P.L.R. § 302(a)(1) ........................................................................................................... 3

N.Y. C.P.L.R. § 301 ..................................................................................................................... 3

Southern Airways Express, LLC, d/b/a Mokulele Airlines ("Mokulele"), in this reply brief respectfully submits that nothing in the opposition brief filed by Plaintiff Aaron Abadi ("Plaintiff") (Dkt. No. 333), refutes the arguments raised by Mokulele in support of its motion to dismiss the Complaint and action (Dkt. No. 332). None of Plaintiff's assertions changes the fact that: (1) there is no personal jurisdiction over Mokulele – which operates solely within Hawaii; (2) Plaintiff lacks standing to pursue his claims against Mokulele; (3) Plaintiff's federal claims fail to state a claim for relief either because there is no private right of action, the statute is inapplicable, or Plaintiff has not alleged the requisite elements of the claim; and (4) Plaintiff's state law claims are preempted by federal law or otherwise fail to allege the requisite elements of the cause of action.

## ARGUMENT

### I. PLAINTIFF HAS FAILED TO DEMONSTRATE THE EXISTENCE OF PERSONAL JURISDICTION OVER MOKULELE.

Plaintiff has failed to meet his burden of demonstrating the existence of personal jurisdiction over Mokulele. Plaintiff does not deny that he never tried to purchase a ticket on Mokulele; or that since Mokulele only operates within Hawaii, there is no way that Plaintiff could have booked a flight on Mokulele to fly to or from Plaintiff's home in New York.

In response, Plaintiff claims that although he was attempting to fly within Hawaii on Mokulele, he also sued Southern Airways Express ("Southern"), of which Mokulele is a part. Dkt. No. 333, at 3. The problem with this argument is that it does not establish the basis for an assertion of personal jurisdiction over Mokulele or Southern.

To determine personal jurisdiction over a non-domiciliary, whether based on general or specific personal jurisdiction, New York courts engage in a two-part inquiry. *See Chloé v. Queen Bee of Beverly Hills*, *LLC*, 616 F.3d 158, 163 (2d Cir. 2010) (citing *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 243-44 (2d Cir. 2007)). Initially, the Court determines "whether Defendants' acts

1

bring them within the reach of [New York's] long-arm statute . . . ." *EnviroCare Techs., LLC v. Simanovsky*, No. 11- cv-3458, 2012 WL 2001443, at *2 (E.D.N.Y. June 4, 2012) (citing *Grand River Enters. Six Nations, Ltd. v. Pryor*, 425 F.3d 158, 165 (2d Cir. 2005)). The Court then considers whether the exercise of personal jurisdiction is consistent with the due process guarantees of the U.S. Constitution. *Id.*

Pursuant to this analysis, "*[s]pecific* jurisdiction exists where a forum exercises personal jurisdiction over a defendant 'in a suit arising out of or related to the defendant's contacts with the forum.'" *Porina v. Marward Shipping Co.*, 521 F.3d 122, 128 (2d Cir. 2008) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n. 8 (1984)). "A court's *general* jurisdiction over a non-resident, on the other hand, is based on a defendant's general business contacts with the forum, and 'permits a court to exercise its power in a case where the subject matter of the suit is unrelated to those contacts.'" *Porina*, 466 U.S. at 128.

Plaintiff maintains that specific personal jurisdiction exists over Mokulele because it is owned by Southern Airways, which, unlike Mokulele, has a connection to New York. However, there is no basis for an assertion of specific personal jurisdiction over Southern because it is undisputed that Plaintiff did not ask to be flown by Southern to or from any airport within the State of New York. Rather, Plaintiff expressly reached out to Mokulele Airlines to ask about flying onboard that airline. Plaintiff's September 2, 2021 E-mail (Compl. Ex. 58, Dkt. No. 3-63) was to "Mokulele Customer Service" – info@mokuleleairlines.com – and asked Mokulele "Can I travel on **your airline** without a mask"? (Emphasis added). No mention was made of transport onboard Southern Airways, and certainly there was no reference to being flown to or from the State of New York.

Under § 302(a)(1) of the New York Civil Practice Law and Rules ("C.P.L.R."), non-domiciliary defendants are subject to personal jurisdiction in New York if (1) the defendant "transacts any business within the state or contracts anywhere to supply goods or services in the state"; (2) "commits a tortious act within the state . . ."; or (3) "commits a tortious act without the state causing injury to a person or property within the state"; "if the defendant "(i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state … ." "Under either prong of § 302(a)(1), **the claim asserted must arise from that business activity**." *Levans v. Delta Airlines, Inc.*, 988 F. Supp. 2d 330, 334 (E.D.N.Y. 2013) (emphasis added) (citing *Solé Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC,* 450 F.3d 100, 103–06 (2d Cir.2006) (discussing "arising under" requirement in connection with transacts business clause); *UTC Fire & Sec. Ams. Corp., Inc. v. NCS Power, Inc.,* 844 F. Supp. 2d 366, 373 (S.D.N.Y. 2012) (discussing "arising under" requirement in connection with contracts to supply goods or services clause).

Here, Plaintiff's claim against Mokulele does not arise from any business activity within the State of New York, either by Mokulele or Southern.

Plaintiff does not appear to argue that general personal jurisdiction exists. For a court to exercise general personal jurisdiction over a foreign corporation under New York's general jurisdiction provision, N.Y. C.P.L.R. § 301, "the defendant must be engaged in such a continuous and systematic course of 'doing business' [in New York] as to warrant a finding of its 'presence' in" New York. *Mirza v. Dolce Vida Med. Spa, LLC*, No. 19 Civ. 6444 (PGG), 2024 WL 307969, at *4 (S.D.N.Y. Jan. 26, 2024) (cleaned up). "Occasional or causal business in New York does not confer general jurisdiction in New York such that a foreign corporation may be sued in New York on causes of action that are wholly unrelated to its activities in New York." *Phillips v. Reed*

3

*Grp., Ltd.*, 955 F. Supp. 2d 201, 226 (S.D.N.Y. 2013); *see Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 95 (2d Cir. 2000) ("In order to establish that this standard is met, a plaintiff must show that a defendant engaged in continuous, permanent, and substantial activity in New York").

General personal jurisdiction does not exist in this forum because there has been no allegation, much less showing, that Southern has engaged in continuous, permanent and substantial activity in New York. Among other things, it is undisputed that Southern is not organized under the laws of New York, and does not maintain its principal place of business in New York. *See* Declaration of David Anderman ("Anderman Decl."), Dkt. No. 332-1, ¶¶ 6, 10 (Florida is the state of organization and the principal place of business); *see also Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) ("With respect to a corporation, the place of incorporation and principal place of business are paradigm bases for general jurisdiction") (cleaned up).

## II. PLAINTIFF LACKS STANDING TO PURSUE HIS CLAIM AGAINST MOKULELE.

Nothing in Plaintiff's opposition brief refutes the fact that Plaintiff lacks standing to sue Mokulele because he does not allege that he flew on Mokulele with a mask or that he attempted to board a Mokulele flight without a mask but was precluded from doing so. Instead, Plaintiff claims that he asked Mokulele if he could fly without a mask and was told he would need to apply for and receive an exemption to the mask requirement. However, Plaintiff did not even apply for the mask exemption from Mokulele. *See* Compl., Dkt. No. 3, Ex. 58. Plaintiff also lacks standing to sue Mokulele because he has failed to allege the existence of any damages caused by the acts of Mokulele.

In response, Plaintiff contends that he possesses standing to sue Mokulele because he needed "to travel to multiple destinations, including the Middle East, India, Europe, California, Florida, Arizona, and others . . . ." Dkt. No. 333, at 5. Yet Plaintiff neither lists Hawaii, nor

explains how his business required him to travel solely within the State of Hawaii. Because Plaintiff cannot tie his alleged business losses to any act or omission of Mokulele, he lacks standing to pursue his claim against Mokulele.

### III.    THE COMPLAINT FAILS TO STATE A CLAIM UNDER 42 U.S.C. § 1983.

Count Seven should be dismissed because: (1) 42 U.S.C. § 1983 does not apply because Plaintiff challenges the conduct of private entities and persons to enforce **federal** law, not state law; (2) for a private person to be subject to liability under Section 1983, that person must be "jointly engaged with **state officials** in the challenged action"; (3) while the Complaint refers to the potential role that theoretically might be played by local law enforcement if Plaintiff were to refuse to wear a mask, but this is entirely speculative; (4) even if a state government rather than the federal government had imposed the FTMM, it still would be the case that Mokulele did not act "under color of state law"; (5) requiring a passenger to wear a mask onboard aircraft during a pandemic does not deprive the passenger of any rights, privileges, or immunities secured by the Constitution or laws of the United States; (6) to allow passengers to use Section 1983 to pursue claims for disability discrimination by an air carrier would improperly circumvent the exclusive regime under the Air Carrier Access Act ("ACAA"), 49 U.S.C. § 41705, and its implementing regulations at 14 C.F.R. Part 382; and (7) the Complaint fails to allege the existence of a conspiracy.

In response, Plaintiff asserts that "The entire mask mandate and the way it is handled by the airlines is completely under the color of the law. As described in the Complaint the airline employees were the police for the masks. JetBlue yelled at Plaintiff if he did not wear a mask. Delta Airline employees refused to allow Plaintiff onto the plane. The entire process has become a policing process." Dkt. No. 333, at 6.

5

However, merely because Plaintiff chooses to characterize airline employees as local police officers does not make it so. There is no basis whatsoever for alleging a violation of Section 1983 against Mokulele.

### IV. THE COMPLAINT FAILS TO STATE A CLAIM UNDER 42 U.S.C. §§ 1985(3) AND 1986.

As set forth in the opening brief, Count 8 fails to allege the necessary elements for a claim of conspiracy in violation of 42 U.S.C. § 1985(3). In response, Plaintiff asserts that he met his obligation to allege the existence of a conspiracy because "Forty-six airlines, federal agencies, medical advisory companies, and their employees all happen to be doing the exact same discrimination . . . ." Dkt. No. 333, at 9. However, Plaintiff cannot create the existence of an alleged conspiracy merely by assuming that airlines and their employees must have conspired because they all enforced a federal mask mandate. Among other things, such speculation ignores the fact that the airlines were required by federal law to implement the Federal Transportation Mask Mandate, or were otherwise interested in protecting passengers from COVID-19 exposure.

Plaintiff also fails to overcome the showing that his claim under Section 1986 is outside the one-year statute of limitations. A Section 1986 claim must be filed within one year of the date that the cause of action accrued. *See Yeadon v. New York City Transit Auth.*, 719 F. Supp. 204, 209 (S.D.N.Y. 1989); *Young v. Lord & Taylor, LLC*, 937 F. Supp. 2d 346, 354 (E.D.N.Y. 2013). A claim accrues when the plaintiff "knew or should have known of the fact of his injury and its cause." *Yeadon v. New York City Transit Auth.,* 937 F. Supp. 2d at 354. It is undisputed that Plaintiff knew the fact of his alleged injury and its cause at the time he emailed Mokulele regarding its masking policy, i.e., in September 2021 – which was much longer than a year before the Complaint was filed (in May 2023). Accordingly, Plaintiff's Section 1986 claim is time-barred and should be dismissed.

## V. PLAINTIFF HAS NO PRIVATE RIGHT OF ACTION TO PURSUE HIS CLAIM UNDER THE AIR CARRIER ACCESS ACT.

Counts 10, 11, 12, 13, 14, 15, 16, 17 and 18 purport to allege violations of the ACAA. As set forth in the opening brief, these claims should be dismissed because private plaintiffs such as Plaintiff lack a private right of action to allege that an airline violated the ACAA. Several circuit courts, including the Second Circuit, have ruled that the ACAA does not create a private right of action. *See* Dkt. No. 332, at 12-13. Despite all this, Plaintiff insists, with no case law support, that "There is no binding precedent or settled law saying there is no private right of action." Dkt. No. 333, at 13. This is simply contrary to the overwhelming authority against the existence of a private right of action.

## VI. PLAINTIFF HAS NO CLAIM AGAINST MOKULELE UNDER THE REHABILTATION ACT.

Count 9 should be dismissed because Plaintiff has no claim against Mokulele for violation of the federal Rehabilitation Act, 29 U.S.C. § 794(a) ("RA"). As set forth in the opening brief, the RA does not apply to the airlines because the financial assistance from the Cares Act was not paid directly to the airlines for their general coffers, but rather was expressly limited to payroll. Plaintiff's brief makes no attempt to refute the legal arguments raised by Mokulele.

## VII. PLAINTIFF'S STATE LAW CLAIMS ARE PREEMPTED BY FEDERAL LAW OR OTHERWISE FAIL TO STATE A CLAIM FOR RELIEF.

As set forth in the opening brief, Plaintiff's claims under state law are preempted by federal law, or otherwise fail to state a claim for relief. In response, Plaintiff asserts that "[p]reemption does not apply, as the entire purpose of state human rights laws are in addition to federal laws. If preemption existed, these laws would all be meaningless." Dkt. No. 333, at 15. Plaintiff cites no case law for this proposition. Plaintiff is also erroneous when he claims that "The only time preemption exists is if there is a conflict" between federal and state law. *Id*. To the contrary, the

Airline Deregulation Act, 49 U.S.C. § 41713(b), preempts state and local laws relating to air carrier prices, routes or services, regardless of whether there is an express conflict between the federal and state/local law. As the Supreme Court stated in *Morales v. Trans World Airlines, Inc.*, "Nothing in the language of [the Deregulation Act] suggests that its 'relating to' pre-emption is limited to *inconsistent* state regulation"; rather the "pre-emption provision" displaces all state laws "that fall within its sphere, even including state laws that are consistent . . . ." 504 U.S. 374, 386-87 (1992).

## VIII. PLAINTIFF'S CLAIMS ARE MOOT.

In response to Defendant's showing that Plaintiff's claims are moot, Plaintiff asserts that his opposition to a mask mandate is not moot because "suddenly there are companies, organizations, hospitals, schools and the like that are reinstating mask policies." Dkt. No. 333, at 22. However, Plaintiff fails to provide evidence of this broad statement, much less does he reference any tangible plan to reinstitute a federal Transportation Mask Mandate.

## CONCLUSION

For the reasons set forth above and its opening brief (Dkt. No. 332), Defendant Southern Airways Express, LLC d/b/a Mokulele Airlines respectfully requests that the Complaint and action as against it be dismissed.

Dated: March 5, 2024
      New York, New York

Respectfully submitted,

**STINSON LLP**

By: */s/ Kieran M. Corcoran*
    Kieran M. Corcoran (KC4935)
    100 Wall Street, Suite 201
    New York, New York 10005
    Tel: (646) 883-7480
    Email: kieran.corcoran@stinson.com

9

        Paul Lackey (PL7651)
        2200 Ross Avenue, Suite 2900
        Dallas, TX 75201
        Tel: (214) 560-2206
        Email: paul.lackey@stinson.com

        M. Roy Goldberg *(Admitted Pro Hac Vice)*
        1775 Pennsylvania Avenue, N.W., Suite 800
        Washington, D.C. 20006
        Tel: (202) 728-3005
        Email: roy.goldberg@stinson.com

        ***Attorneys for Southern Airways Express, LLC (d/b/a Mokulele Airlines)***

## CERTIFICATE REGARDING SERVICE

The undersigned counsel hereby certifies that on March 5, 2024 a copy of this document is being served via CM/ECF on all counsel of record who have agreed to accept service electronically in accordance with the applicable Local Rules and Federal Rules of Civil Procedure.

<i>/s/ Kieran M. Corcoran</i><br>
Kieran M. Corcoran