UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AARON ABADI,<br><br>                    Plaintiff,<br><br>          -against-<br><br>AMERICAN AIRLINES, INC., et al.,<br><br>                    Defendants. | Civil Action No.:<br>1:23-cv-04033 LJL |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT AZUL LINHAS AÉREAS BRASILEIRAS S.A.'S
<u>MOTION TO DISMISS THE COMPLAINT</u>**

RICHARD FRIEDMAN PLLC
420 Lexington Avenue, Suite 300
New York, New York 10170
TEL: 212-600-9539

*Attorneys for Defendant*
*Azul Linhas Aéreas Brasileiras S.A.*

**TABLE OF CONTENTS**

INTRODUCTION ......................................................................................................................1

SUMMARY OF ARGUMENT ...............................................................................................1

STATEMENT OF FACTS .......................................................................................................3

    A.    The Covid-19 Federal Transportation Mask Mandate ...........................3

    B.    Abadi and His Complaints ..........................................................................5

    C.    Additional Facts Relevant to the Claims Against Azul ...........................6

STANDARDS FOR DISMISSAL ...........................................................................................8

    A.    FRCP 12((b)(1) ............................................................................................8

    B.    FRCP 12(b)(2) .............................................................................................8

    C.    FRCP 12(b)(6) .............................................................................................8

ARGUMENT .............................................................................................................................9

I.    Abadi Lacks Standing to Assert His Claims Against Azul ................................9

II.    This Court Lacks Personal Jurisdiction Over Azul ...........................................12

    A.    Jurisdiction Does Not Exist Under CPLR § 302(a)(1) ..........................12

    B.    Jurisdiction Does Not Exist Under CPLR § 302(a)(2) ..........................14

    C.    Jurisdiction Does Not Exist Under CPLR § 302(a)(3) ..........................14

    D.    Jurisdiction Does Not Exist Under CPLR § 302(a)(4) ..........................15

    E.    The Exercise of Personal Jurisdiction Would Violate Due Process .....15

III.    Abadi Fails to State a Claim for Violation of §§ 1983, 1985, or 1986 ...............16

    A.    Abadi's § 1983 Claim (Count 7) Should be Dismissed .........................16

    B.    Abadi's § 1985 Claim (Count 8) Should be Dismissed .........................17

    C.    Abadi's § 1986 Claim (Count 9) Should be Dismissed .........................21

IV.     Abadi Has No Private Right of Action Under the ACAA ...................................................22

V.      Abadi Does Not Have a Claim Under the Rehabilitation Act ............................................23

VI.     Abadi's State Law Claims are Preempted and Fail to State a Claim ................................23

        A.      Abadi's State Law Claims Are Preempted ............................................................24

        B.      Abadi's State Regulatory and Tort Claims Fail to State a Claim ..........................26

VII.    Abadi's Request for Nominal and Punitive Damages and for Costs and Fees
        Should Be Stricken ...............................................................................................................30

VII.    Abadi's Requests for Declaratory and Injunctive Relief Are Moot ...................................30

        CONCLUSION ......................................................................................................................32

## <u>TABLE OF AUTHORITIES</u>

### <u>Case Law</u>

*Abadi v. City of New York*,
    No. 22-1560-CV, 2023 WL 3295949 (2d Cir. May 8, 2023),
    *cert. denied*, 144 S. Ct. 260, (2023) ...................................................................11

*Abadi v. Target Corp.*,
    No. 23-1050, 2023 WL 4045373 (3d Cir. June 16, 2023) ...................................12, 21

*Adamore v. Southwest Airlines Corp.*,
    No. H-11-0564, 2011 WL 6301398 (S.D. Tex. Dec. 15, 2011)............................20

*Air Transp. Ass'n of Am., Inc. v. Cuomo*, 520 F.3d 218 (2d Cir. 2008) .....................24

*Alhers v. Rabinowitz*, 684 F.3d 53 (2d Cir. 2012) ......................................................16

*American Airlines, Inc. v. Wolens¸* 513 U.S. 219 (1995).........................................25

*Amidax Trading Group v. S.W.I.F.T.*, 671 F.3d 140 (2d Cir. 2011) ...........................9

*Andreadakis v. CDC*,
    No. 22-cv-52 (DJN), 2022 WL 2674194 (E.D. Va. July 11, 2022).................... *passim*

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ....................................................................8

*Badar v. Swissport USA, Inc.*,
    2020 U.S. Dist. LEXIS 185392 (E.D.N.Y. Sept. 30, 2020)................................26

*Bank Brussels v. Fiddler Gonzalez Rodriguez*, 171 F.3d 779 (2d Cir. 1999) ...........14

*Bartell v. Lohiser*, 215 F.3d 550 (6th Cir. 2000) ......................................................18, 21

*Beacon Enterprises, Inc. v. Menzies*, 715 F.2d 764 (2d Cir. 1983)............................12

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)......................................................8

*Berkshire Capital Group, LLC v. Palmet Ventures, LLC*,
    307 Fed. Appx. 479 (2d Cir. 2008) ...................................................................13

*Best v. BWIA West Indies Airways Ltd.*, 581 F. Supp.2d 359 (E.D.N.Y. 2008) ...........26

*Best Van Lines, Inc. v. Walker*, 490 F.3d 239 (2d Cir. 2007).....................................12, 15

*Bisbee v. John C. Conover Agency, Inc.*, 452 A.2d 689 (N.J. App. Div. 1982)............27

*Boswell v. Skywest Airlines, Inc.*, 61 F.3d 1263 (10th Cir. 2004)...............................22

*Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cnty.*,
    582 U.S. 255, 264 (2017)...................................................................................16

*Carlone v. Lamont*, No. 21-871, 2021 WL 5049455 (2d Cir. Nov. 1, 2021) ............10, 11

*Carney v. Adams*, 592 U.S. 53 (2020).......................................................................10

*Casillas v. Madison Ave. Assocs., Inc.*, 926 F.3d 493 (7th Cir. 2019).......................10

*Compass Airlines, LLC v. Montana Dep't of Lab. and Indus.*,
     No. CV 12-105-H-CCL, 2013 WL 4401045 (D. Mont. Aug. 12, 2013).............18

*D & R Glob. Selections, S.L. v. Bodega Olegario Falcon Pineiro*,
     29 N.Y.3d 292 (2017).......................................................................................13

*D'Amato v. Wis. Gas Co.*, 760 F.2d 1474 (7th Cir. 1985).........................................18

*Davis v. DeBlasio*,
     21-CV-4853 (KAM) (LB), 2021 WL 4521878 (E.D.N.Y. Oct. 4, 2021)............11

*Deeper Life Christian Fellowship, Inc. v. Sobol*, 948 F.2d 79 (2d Cir. 1991)...........8

*DiFolco v. MSNBC Cable L.L.C.,* 622 F.3d 104 (2d Cir. 2010) ...............................8

*DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81 (2d Cir. 2001) ................................8

*Doe v. Mobile Video Tapes, Inc.*, 43 S.W.3d 40 (Tex. App. 2001)............................27

*El Al Israel Airlines, Ltd. v. Tseng*, 525 U.S. 155 (1999)...........................................26

*Elliott v. Grp. Med. & Surgical Serv.*, 714 F.2d 556 (5th Cir. 1983) ........................20

*Farmer v. Cnty. of Westchester*,
     No. 18 CIV. 2691, 2022 WL 3902729 (S.D.N.Y. Aug. 30, 2022) .....................21

*Fawemimo v. Am. Airlines, Inc.,* 751 F. App'x 16 (2d Cir. 2018)............................23

*Fiedler v. First City National Bank of Houston*, 807 F.2d 315 (2d Cir. 1986) .........13

*Friends of Falun Gong v. Pacific Cultural Enterprise, Inc.*,
     88 F. Supp. 2d 273 (E.D.N.Y. 2003) ................................................................19

*Gerritsen v. de la Madrid Hurtado*, 819 F.2d 1511 (9th Cir. 1985) .........................20

*Granite State Outdoor Advert., Inc. v. Town of Orange*,
     303 F.3d 450 (2d Cir. 2002)..............................................................................31

*Griffin v. Breckenridge*, 403 U.S. 88 (1971).............................................................19, 20

*Haig v. Agee*, 453 U.S. 280 (1981) ...........................................................................17

*Harrell v. New York State Dep't of Corr. & Cmty. Supervision*,
     No. 150-CV-7065, 2019 WL 3817190 (S.D.N.Y. Aug. 14, 2019).....................19

*Harris v. Mills*, 572 F.3d 66 (2d. Cir. 2009) ...............................................................27

*Harty v. W. Point Realty, Inc.*, 28 F.4th 435 (2d Cir. 2022) ......................................11

*Hayes v. KIK Custom Prod.*,
    No. 7:11-CV-00200, 2011 WL 4963774 (W.D. Va. Oct. 14, 2011) .....................28

*Health Freedom Def. Fund v. President of United States*,
    71 F.4th 888 (11th Cir. 2023) ..............................................................................4

*Hussein v. Dahabshiil Transfer Services Ltd.*,
    230 F. Supp. 3d 167 (S.D.N.Y. 2017) ...................................................................8

*Holgate v. Baldwin*, 425 F.3d 671 (9th Cir. 2005) .....................................................18

*Hopkins Hawley LLC v. Cuomo*, 2021 WL 1894277 (S.D.N.Y. May 11, 2021) .......31, 32

*Indelicato v. Liberty Transportation, Inc.*,
    2018 WL 3934074 (W.D.N.Y. Aug. 16, 2018) .....................................................16

*Jetblue Airways Corp. Priv. Litig.*,
    379 F. Supp. 2d 299 (E.D.N.Y. 2005) .................................................................28

*Johnson v. City of New York*, 593 F. Supp. 3d 58 (S.D.N.Y. 2022) .........................30

*Johnson v. Ward*, 4 N.Y.3d 516 (2005) .....................................................................13

*Lee v. Edwards*, 101 F.3d 805 (2d Cir. 1996) ............................................................30

*Levisohn, Lerner, Berger & Langsam v. Medical Taping Sys.*,
    10 F. Supp. 2d 334 (S.D.N.Y 1998) ....................................................................13

*Licci v. Lebanese Canadian Bank*, 20 N.Y.3d 327 (2012) .........................................13

*Lillbask v. Conn. Dep't of Educ.*, 397 F.3d 77 (2d Cir. 2005) ...............................30, 31

*Longobardi v. City of New York*,
    21-cv-2705, 2022 WL 1808902 (S.D.N.Y. June 2, 2022) ...................................22

*Lopez, v. Jetblue Airways*, 662 F.3d 593 (2d Cir. 2011) ............................................22

*Love v. Delta Air Lines*, 310 F.3d 1347 (11th Cir. 2002) ...........................................22

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) ..................................................9

*Malik v. Continental Airlines, Inc.*, 305 F. App'x 165 (5th Cir. 2008) ........................20

*Marcus v. CDC*,
    No. 2:22-cv-02383- SSS-AS, 2023 WL 3044614 (C.D. Cal. Feb. 21, 2023) ......4, 23

*Martin v. DHL Express (USA), Inc.*, 580 F. Supp. 3d 66 (D.N.J. 2022) .................28

*Messenger ex rel. Messenger v. Gruner + Jahr Printing & Pub.*,
　　94 N.Y.2d 436 (2000) ........................................................................ 28

*Miller v. Nat'l Broad. Co.*, 187 Cal. App. 3d 1463 (Cal. Ct. App. 1986) ................. 28

*Montgomery v. Delta Air Lines*, Inc.,
　　No. 22-10692, 2023 WL 2400743 (5th Cir. March 8, 2023) ............................. 4, 23, 24, 26

*Morales v. Trans World Airlines, Inc.*, 504 U.S. 374 (1992) .................................. 24

*National Collegiate Athletic Ass'n v. Smith*, 525 U.S. 459 (1999) ........................... 23

*Northwest, Inc. v. Ginsberg*, 572 U.S. 273 (2014) ............................................. 24

*O'Carroll v. Am. Airlines, Inc.*, 863 F.2d 11 (5th Cir. 1989) ................................. 26

*Pettenato v. Beacon Health Options, Inc.*, 425 F. Supp. 3d 264 (S.D.N.Y. 2019) ..... 16

*Rendon v. Berry Glob. Inc.*,
　　No. 22 CIV 10420 (CM), 2023 WL 3724795 (S.D.N.Y. May 30, 2023) ............ 11

*Reynolds v. Barrett*, 685 F.3d 193 (2d Cir. 2012) ............................................. 21

*Roman Catholic Diocese of Brooklyn v. Cuomo*, 592 U.S. 14 (2020) ...................... 31

*Rose v. Tyndale*, No. 23-1203, 2023 WL 4839371 (3d Cir. July 28, 2023) ............... 19

*Russman v. Bd. of Educ. of Enlarged City Sch. Dist. of Watervliet*,
　　260 F.3d 114 (2d Cir. 2001) .............................................................. 30, 31

*Schultz v. Sundberg*, 759 F.2d 714 (9th Cir. 1985) ........................................... 20

*Segalman v. Southwest Airlines Co.*, 895 F.3d 1219 (9th Cir. 2018) ...................... 22

*Sekleci v. CDC*, 635 F. Supp. 3d 15 (D. Mass. 2022) ...................................... 4, 18, 21

*Selevan v. N.Y. Thruway Auth.*, 584 F.3d 82 (2d Cir. 2009) ................................. 9

*Serris v. Chastaine*,
　　No. 2:22-cv-0434, 2022 WL 715115 (E.D. Cal. Mar. 10, 2022) ....................... 18

*Sever v. Alaska Pulp Corp.*, 978 F.2d 1529 (9th Cir. 1992) .................................. 20

*Shapiro v. Republic of Bolivia*, 930 F.2d 1013 (2d Cir. 1991) ............................... 15

*Shoe Co. v. Washington*, 326 U.S. 310 (1945) ............................................... 15

*Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*,
　　450 F.3d 100 (2d Cir. 2006) ............................................................... 13

*Sommer v. Dixon*, 709 F.2d 173 (2d Cir. 1983) ............................................. 19

iv

*Sosa v. Lantz*, No. 3:09-cv-869, 2010 WL 122649 (D. Conn. Jan. 5, 2010) ............21

*Spokeo, Inc. v. Robins*, 587 U.S. 330 (2016)............................................................9, 11

*Starker v. Spirit Airlines*, 2019 WL 4194572 (S.D.N.Y. Sept. 3, 2019) ...................30

*Summers v. Earth Island Institute*, 555 U.S. 448 (2009) ..........................................10

*Tandon v. Newsom*, 593 U.S. 61 (2021) .....................................................................31

*Town of Southold v. Town of E. Hampton*, 477 F.3d 38 (2d Cir. 2007) ...................29

*TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021)....................................................10

*Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*,
     73 F.3d 1423 (7th Cir. 1996).................................................................................30

*U.S. Bank Nat'l Ass'n v. Bank of Am. N.A.*, 916 F.3d 143 (2d Cir. 2019)..................15

*U.S. Dept. of Transp. v. Paralyzed Veterans of America*, 477 U.S. 597 (1986).........23

*Voigt v. Savell,* 70 F.3d 1552 (9th Cir. 1995)..............................................................20

*Washington v. James*, 782 F.2d 1134 (2d Cir. 1986)..................................................16

*Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196 (2d. Cir. 2001) ..............................14

*Wilhelm v. Cont'l Title Co.*, 720 F.2d 1173 (10th Cir. 1983) ....................................18

*Woods v. Empire Health Choice, Inc.*, 574 F.3d 92 (2d Cir. 2009) ...........................9

## <u>Statutes</u>

42 U.S.C. § 1983 .........................................................................................................2

42 U.S.C. § 1985 .........................................................................................................2

42 U.S.C. § 1986 .........................................................................................................2

42 U.S.C. § 264 (e).......................................................................................................24

49 U.S.C. § 41302 ........................................................................................................3

49 U.S.C. § 41705 .....................................................................................................2, 22

49 U.S.C. § 41713 ........................................................................................................2

CPLR 302(a)(1) .......................................................................................................12, 13

CPLR 302(a)(2) ...........................................................................................................14

CPLR 302(a)(3) ................................................................................................14

CPLR 302(a)(4) ................................................................................................15

**Federal Rules of Civil Procedure**

FRCP 12(b)(1)................................................................................................8, 12

FRCP 12(b)(2)....................................................................................................8

FRCP 12(b)(6)................................................................................................8, 26

**Regulations**

Federal Mask Mandate, 86 Fed. Reg. at 8029 ........................................................3

86 Fed. Reg. 7205 ..............................................................................................3

86 Fed. Reg. 8025-01 ..........................................................................................3

86 Fed. Reg. 8029 ..............................................................................................3

14 C.F.R. § 382 ..................................................................................................4

19 C.F.R. § 122.165(a).......................................................................................17

**INTRODUCTION**

Defendant Azul Linhas Aéreas Brasileiras S.A. ("Azul"), by and through its undersigned counsel, respectfully submits this Memorandum in Support of its Motion to Dismiss each of the counts asserted against it in the Complaint brought against 61 defendants, including numerous airlines (the "Airline Defendants") such as Azul, by Plaintiff Aaron Abadi ("Abadi" or "Plaintiff") which was filed on May 31, 2023 (the "Complaint").

Abadi alleges that the Airline Defendants, including Azul, denied him the opportunity to travel during the COVID-19 pandemic because of his refusal to wear a mask. Cmplt. at 1-4. Abadi contends that, as an individual with a disability, the Airline Defendants' actions were, among other things, discriminatory, unconstitutional, and conspiratorial. *Id.* at 4.

Of the 38 counts asserted against the 61 defendants, Azul understands and interprets the Complaint to assert causes of action against it in Counts 7 through 31, 33, 34, 36, and 37. As explained below, Azul respectfully requests that all counts asserted against it should be dismissed in their entirety, on multiple grounds, including lack of standing and lack of personal jurisdiction, preemption, expiration of the statutes of limitation, and failure to state a claim upon which relief can be granted.[1]

**SUMMARY OF ARGUMENT**

Abadi's claims against Azul should be dismissed for the following reasons:

1.     The Court has already recognized the problematic nature of Abadi's allegations regarding standing as to his claims against several of the Defendant Airlines from whom he never even purchased a ticket seeking supplementary briefing regarding standing. (*See* Dkt. 269). All of Abadi's claims against Azul also should be dismissed because he lacks standing to pursue them, as he never purchased a ticket for travel from Azul, and his claims are thus speculative and, accordingly, should all be dismissed for lack of subject matter jurisdiction. (See Point I below.)

---

[1] Mr. Abadi and Azul have agreed to the following page limits: (1) 45 pages for the opening brief and Mr. Abadi's response; and (2) 25 pages for Azul's reply brief.

2.      Abadi's claims against Azul should be dismissed because the Court lacks personal jurisdiction over Azul. (See Point II below.)

3.      <u>Counts 7 through 9</u>, for alleged violations of 42 U.S.C. §§ 1983, 1985, and 1986, should be dismissed because: (a) those statutes do not apply to Abadi or to Azul; (b) the claims are preempted by the Air Carrier Access Act (the "ACAA"), 49 U.S.C. § 41705;  (c) Abadi has failed to set forth facts sufficient to state a proper claim under any of these civil rights statutes; and (d) Count 9 is barred by the statute of limitations. (See Point III below.)

4.      <u>Counts 10 through 18</u>, alleging violation of the ACAA, should be dismissed because the ACAA does not provide Abadi with a private right of action. (See Point IV below.)

5.      <u>Count 19</u>, alleging violation of the Rehabilitation Act (the "RA"), 29 U.S.C. § 794(a), should be dismissed because Azul did not receive financial assistance from the U.S.  Government within the meaning of that statute, and Abadi cannot use the RA to circumvent the ACAA which preempts this claim. (See Point V below.)

6.      <u>Counts 20 through 26</u>, for alleged violations of California (Count 20), New Jersey (21-22), New York (23-25), and Texas (26) civil rights statutes, should be dismissed because: (a) they are preempted by the ACAA; (b) they do not apply to Abadi or to Azul; and (c) Abadi has failed to state a claim upon which relief could be granted. (See Point VI below.)

7.      <u>Counts 27 through 29</u>, for unspecified "intentional and unintentional torts" (27), negligence (28), and intentional infliction of emotional distress (29), should be dismissed because: (a) they are preempted by the Airline Deregulation Act ("ADA"), 49 U.S.C. § 41713; and (b) Abadi fails to set forth facts sufficient to state any of those claims. (See Point VI below.)

8.      <u>Count 30</u>, for breach of contract under various states' common laws, should be dismissed because even if Abadi had a contract with Azul, which he did not: (a) he has not pointed to any provision of any contract that was breached by Azul; (b) his claim is preempted by the ADA; and (c) to the extent that Abadi is referring to unspecified international flights, those claims would be preempted by the Montreal Convention. (See Point VI below.)

9.      <u>Counts 31, 33, 34 and 36</u>, alleging promissory estoppel (31), "injurious falsehoods," (33), invasion of privacy (34),  and fraudulent misrepresentation (36), should be dismissed because the ADA preempts them, and they fail to state a claim. (See Point VI below.) Further, <u>Count 37</u>, alleging violation of Abadi's right to travel,  should be dismissed because there is no "right to travel" on Azul flights. (See also Point III below.)

10.      <u>Abadi's claim for nominal and punitive damages and for the costs and fees in connection with this action</u> (*see* Cmplt., Dkt. 3-2 at 66 ¶ N, 66 ¶ O, 66-67 ¶ P) should be stricken because: (a) Abadi suffered no legal injury; (b) Abadi's claims are preempted by the ADA; and (c) there is no basis whatsoever for any such damages or awards. (See Point VII below.)

11.    Abadi's requests for declaratory and injunctive relief (Cmplt., Dkt. 3-2 at 64¶ E−66¶ L) should be denied because they are moot and there is nothing to declare or enjoin. (See Point VIII below.)

Accordingly, and as further demonstrated below, Abadi's Complaint against Azul should be dismissed in its entirety, with prejudice, and any request for leave to amend should be denied as futile.[2]

## STATEMENT OF FACTS

### A.    The Covid-19 Federal Transportation Mask Mandate

In response to the Covid-19 pandemic, on January 21, 2021, President Biden issued Executive Order 13998 ordering the "transportation industry" to promote mask wearing compliance. *See* Promoting COVID-19 Safety in Domestic and International Travel, 86 Fed. Reg. 7205. The CDC then issued an Order requiring all persons to wear masks on public conveyances, such as commercial aircraft, and the CDC directed air carriers to ensure passenger compliance. *See* CDC, Requirement for Persons to Wear Masks While on Conveyances and at Transportation Hubs, 86 Fed. Reg. 8025-01.

With respect to foreign air carriers, the Order specifically provided:

Conveyance operators must also require all persons to wear masks while boarding and for the duration of their travel on board conveyances departing from the United States until the conveyance arrives at the foreign destination., if at any time any of the persons onboard (passengers, crew, or conveyance operators) will return to the United States while this Order remains in effect.

Federal Mask Mandate, 86 Fed. Reg. at 8029.[3]

---

[2] Azul joins the previous motions to dismiss filed by other Airline Defendants in this action and incorporate their arguments to the extent any basis for dismissal they raise is not addressed in this memorandum.

[3] As a foreign air carrier, Azul operates flights to and from the United States pursuant to a Foreign Air Carrier Permit issued by the U.S. Department of Transportation (the "DOT") and authorized under federal law. 49 U.S.C. § 41302. The Foreign Air Carrier Permit requires each foreign air carrier to comply with all U.S. laws, regulations, and orders. *Id*. Accordingly, Azul was required to implement the Federal Mask Mandate. *See* Cmplt. Ex. 2.

The Federal Mask Mandate exempted from mandatory mask-wearing any "person with a disability who cannot wear a mask, or cannot safely wear a mask, because of the disability as defined by the Americans with Disabilities Act." *Id.* at 8027.

Following the issuance of the foregoing Federal Transportation Mask Mandate (the "Federal Mask Mandate), on February 5, 2021, the DOT issued a Notice of Enforcement Policy concerning disabled persons who could not safely wear masks on commercial aircraft.[4] In so doing, the DOT was exercising its responsibility to ensure that carriers were complying with the ACAA and its implementing regulations. *See id.* at 2; see generally, 49 U.S.C. § 41705 *et seq.* and 14 C.F.R. § 382 *et seq.* The Federal Mask Mandate was effectively ended by court order on April 18, 2022. *See* Cmplt. ¶ 218.

The Federal Mask Mandate expired as a matter of law at the conclusion of the COVID-19 Public Health Emergency on May 11, 2023. *See* CDC.gov, "Expired Order: Wearing of face masks while on conveyances and at transportation hubs" (May 12, 2023), *available at* https://www.cdc.gov/quarantine/masks/mask-travel-guidance.html. All of Abadi's alleged exemption requests to Azul occurred in 2021, while the Federal Mask Mandate was in effect. As explained below, to the extent Abadi seeks injunctive or declaratory relief against enforcement of the Mandate, his claims are moot and should be dismissed pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(1). *See Health Freedom Def. Fund v. President of United States*, 71 F.4th 888, 894 (11th Cir. 2023) (dismissing as moot claims for injunctive relief lifting the Mandate on the basis that it has been voluntarily lifted and there is no reasonable expectation it will be reinstated).

---

[4] *See* https://www.transportation.gov/sites/dot.gov/files/2021/Mask%20Notice%20Issued%20on%20Feb%205.pdf.

B.    **Abadi and His Complaints**

On May 1, 2023, Abadi filed an 805-page Complaint (including exhibits) in the U.S.

District Court for the Northern District of Texas against 46 air carriers, medical consultants,

attorneys, air carrier employees, and various federal agencies and officials alleging generally that

all defendants violated his rights in connection with the Federal Mask Mandate imposed by the

U.S. Government and which Azul and its fellow Airline Defendants followed. *See* Cmplt. That

court transferred the case here. *See* Dkt. 10.

Abadi is a member of online coalitions, including Americans Against Mask Mandates,

which seek to impose liability on airlines and the other defendants because of the U.S.

Government's Federal Mask Mandate. *See, e.g., Andreadakis v. CDC*, No. 22-cv-52 (DJN), 2022

WL 2674194 (E.D. Va. July 11, 2022) (appeal pending); *Marcus v. CDC*, No. 2:22-cv-02383-

SSS-AS, 2023 WL 3044614 (C.D. Cal. Feb. 21, 2023) (same) (leave to file amended complaint

granted); *Seklecki v. CDC*, 635 F. Supp. 3d 15, 19 (D. Mass. 2022) (same); *Montgomery v. Delta*

*Air Lines*, Inc., No. 22-10692, 2023 WL 2400743, *5 (5th Cir. March 8, 2023) (same). Abadi has

filed a number of other similar lawsuits against other corporate and government defendants in

this District. *See* Dkt. 122 at 16.4.

Abadi claims that he has "sensory processing disorder" which causes his senses to "go

into overload" when he wears anything on his head, so he cannot wear a mask. Cmplt. ¶ 141.

Abadi alleges generally that, because the Airline Defendants would not allow him an exemption

to fly without a mask during the Covid-19 pandemic, he allegedly missed out on business

opportunities that cost him billions of dollars. *See* Dkt. 3-1, ¶¶ 806-14. Specifically, Abadi states

that he missed out on business opportunities because he was unable to fly to: India, Cyprus,

Switzerland, the United Kingdom, Israel, Saudi Arabia, the United Arab Emirates, Texas,

Chicago, California, and Florida. *See* Cmplt. ¶ 243, Ex. 1, Cmplt. ¶¶ 838-39; *see also* Ex. 85.

But Abadi's allegations of injuries come from only a subset of these locations, and he failed to raise even speculative injuries arising out of any of the others. Abadi claims to have lost the opportunity to build a plant in India (*see* Cmplt. ¶¶ 816-20), raised a specific issue arising from an inability to fly to Paris (Cmplt. ¶¶ 836-37), attached an unsigned Declaration from an alleged colleague relating to a lost business opportunity involving the United Arab Emirates and Saudi Arabia (*see* Dkt. 3-85), and attached alleged flight itineraries for tickets on certain airlines going to and/or from India, Israel, the UAE, Saudi Arabia, Azerbaijan, England, Germany, and a number of destinations in the U.S. *See* Dkt. 3-83.

**Notably, however, these itineraries list no flights on Azul.** *See id.* at pp. 21-22, 38, 40, 43. In other words, Abadi has alleged no facts relating to Azul concerning any specific flight, location, or damages sustained as a result of any conduct by Azul.

**C.    Additional Facts Relevant to the Claims Against Azul**

Abadi asserts that his claims against Azul arise from email exchanges that occurred in September, October, and December 2021. Cmplt. ¶¶ 248-53. Abadi alleges that he emailed Azul a copy of a doctor's letter attesting to his inability to wear a mask, advising Azul that he had Covid in 2020, and asked whether he would be allowed to fly on an Azul aircraft without a mask. Cmplt. ¶ 248, Ex. 27. Abadi alleges that Azul ignored his email until October 3, 2021 when Azul advised him by email that it had unsuccessfully tried to contact him by phone and asked for another number to contact him to which Abadi responded with his contact information. Cmplt. ¶¶ 249-52 and Ex. 27. Abadi alleges that on December 31, 2021 Azul responded by email as follows:

> "Regarding your claim about the boarding request without the mask or face shield due to your medical disability, the sensory integration disorder: customers within the autism spectrum, intellectual disability or sensory integration disorder that prevent them from properly using a face mask must present at check-in: the passport; the medical certificate/declaration informing about the special health condition, or the medical certificate/declaration for exemption from the use of a mask."

*See* Cmplt. ¶ 253, Ex. 28.

As explained in the accompanying Declaration of Raphael Linares Felippe (the "Linares Declaration"), the Azul emails to which Abadi refers in Exhibits 27 and 28 to the Complaint were sent by a customer support agent working from Azul's Customer Experience Center located in Sao Paulo, Brazil. Linares Declaration ¶ 3.

Abadi claims that, as a result of the email exchanges above, he was "banned from flying," was "discriminated against," and that "Defendant's actions and/or inactions directly caused Plaintiff's injuries" without specifying any actual injury caused by Azul. *See* Cmplt. ¶¶ 257-61.

Nowhere in his Complaint does Abadi ever claim that he actually booked a flight with, or ever purchased a ticket from, Azul to any destination and, as shown in the Linares Declaration, Azul has no record of Mr. Abadi booking a flight or purchasing a ticket from Azul from September 2021 to date. Linares Declaration ¶ 4.

At the time of Abadi's email exchanges with Azul, the Federal Mask Mandate was in effect. *See* Dkt. 3-7, at 1- 4 (copy of CDC Order). Under the Federal Mask Mandate, aircraft operators were required to ensure passengers wear masks while boarding the aircraft and for the duration of their travel on board. *Id.* at 1. For those individuals requesting an exemption from the Federal Mask Mandate, the DOT allowed aircraft operators to permit passengers to fly without a mask if they could provide "medical evaluation documentation from the passenger's doctor sufficient to satisfy the airline that the passenger does, indeed, have a recognized medical condition precluding the wearing or safe wearing of a mask." *See* Notice of Enforcement Policy: Accommodation by Carriers of Persons with Disabilities Who Are Unable to Wear or Safely Wear Masks While on Commercial Aircraft, U.S. DOT (Feb. 5, 2021) (available online).

It is respectfully submitted that this case should not be viewed in a vacuum. It is part of a larger, coordinated series of similar actions filed by an online coalition of "anti-mask" activists,

including at least nine other mask-related lawsuits filed by Abadi since 2021, against numerous entities including Apple, Lyft, Amtrak, Walt Disney Parks and Resorts, Greyhound, and a range of government officials and agencies, including President Biden. *See* Dkt. 122 at 3-4 (motion to dismiss filed by another group of airlines and their agents and employees, discussing Abadi's membership in "Americans Against Mask Mandates" and other pending lawsuits).

**STANDARDS FOR DISMISSAL**

**A.    FRCP 12(b)(1)**

Dismissal under FRCP 12(b)(1) is proper when mootness deprives the Court of subject matter jurisdiction because of Article III's case or controversy requirement. *Deeper Life Christian Fellowship, Inc. v. Sobol*, 948 F.2d 79, 81 (2d Cir. 1991). It also is proper when, as in this case, a plaintiff lacks standing because he has not suffered a concrete injury and the injury alleged amounts to a generalized grievance with the law. *Id.* at 81, 84. (See Point I below.)

**B.    FRCP 12(b)(2)**

Abadi bears the burden of establishing personal jurisdiction. *Hussein v. Dahabshiil Transfer Services Ltd.*, 230 F. Supp. 3d 167, 174 (S.D.N.Y. 2017). Abadi must make a prima facie showing of jurisdiction through "legally sufficient allegations" to survive a Rule 12(b)(2) motion. *Id.* The Court is to construe "all pleadings and affidavits in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor." *Id.* But the Court may rely on materials outside the pleadings in considering a motion to dismiss for lack of personal jurisdiction. *See DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 84 (2d Cir. 2001). (See Point II below.)

**C.    FRCP 12(b)(6)**

To survive a motion to dismiss under FRCP 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007)). Allegations must be sufficient to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The court must "accept all factual allegations as true and draw all reasonable inferences in the plaintiff's favor," but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Moreover, the court must not "accept as true a legal conclusion couched as a factual allegation." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 110-11 (2d Cir. 2010).

## ARGUMENT

### I.     ABADI LACKS STANDING TO ASSERT HIS CLAIMS AGAINST AZUL

As the party invoking federal subject matter jurisdiction, the burden lies with Plaintiff to establish standing through adequate pleading and competent evidence. *Spokeo, Inc. v. Robins*, 587 U.S. 330, 338 (2016); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Abadi must provide the Court with sufficient allegations that affirmatively and plausibly suggest he has standing to bring his claims against Azul. *See Selevan v. N.Y. Thruway Auth.,* 584 F.3d 82, 88 (2d Cir. 2009). To establish standing, "a plaintiff is constitutionally required to have suffered (1) a concrete, particularized, and actual or imminent injury-in-fact (2) that is traceable to defendant's conduct and (3) likely to be redressed by a favorable decision." *Woods v. Empire Health Choice, Inc.*, 574 F.3d 92, 96 (2d Cir. 2009) (citing *Lujan*, 504 U.S. at 560-61). Abadi bears the burden of establishing standing "in the same way as any other matter on which [he] bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." *Lujan*, 504 U.S. at 561. Thus, Abadi must allege facts that affirmatively and plausibly suggest that he has standing to sue, including harm that is "particularized," and that "affect[s] [him] in a personal and individual way." *See Selevan v. N.Y. Thruway Auth.*, 584 F.3d 82, 88 (2d Cir. 2009); *Lujan*, 504 U.S. at 560, n.1.

The Court "need not credit [Abadi's] conclusory statements without reference to its factual context." *Amidax Trading Group v. S.W.I.F.T.*, 671 F.3d 140, 146 (2d Cir. 2011). As the

Second Circuit has emphasized, Abadi cannot "rely solely on conclusory allegations of injury or ask the court to draw unwarranted inferences in order to find standing." *Baur v. Veneman*, 352 F.3d 625, 637 (2d Cir. 2003); *accord Amidax Trading Grp. v. S.W.I.F.T.*, 671 F.3d 140, 146 (2d Cir. 2011). An injury in fact 'must be concrete and particularized, as well as actual or imminent,' rather than 'conjectural or hypothetical.'" *Carlone v. Lamont*, No. 21-871, 2021 WL 5049455, at *2 (2d Cir. Nov. 1, 2021) (quoting *Carney v. Adams*, 592 U.S. 53, 58 (2020)). "[A] grievance that amounts to nothing more than an abstract and generalized harm to a citizen's interest in the proper application of the law does not count as an 'injury in fact.'" *Carlone*, 2021 WL 5049455, at *2. The "concrete harm" requirement must be enforced because "Article III grants federal courts the power to redress harms that defendants cause plaintiffs, not a freewheeling power to hold defendants accountable for legal infractions." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 427 (2021) (quoting *Casillas v. Madison Ave. Assocs., Inc.*, 926 F.3d 329, 332 (7th Cir. 2019)).

**Abadi's lack of standing is obvious from the fact that his Complaint does not even allege that he booked a flight or purchased a ticket on any Azul flight.** *See Summers v. Earth Island Institute*, 555 U.S. 448, 496 (2009) (rejecting a standing theory premised on a speculative chain of possibilities). Abadi does not have standing to sue Azul because he has not alleged and cannot allege an injury in fact. His claims are based entirely on his alleged unspecified, hypothetical desire to travel on unidentified flights that may have been operated by one or more of the Airline Defendants, from unidentified departure points to unidentified destinations, on unidentified dates. Abadi does not allege that he purchased, or even attempted to purchase, a ticket for travel on any Azul flight. Abadi does not allege that Azul actually operated flights between the unidentified departure and destination points on the unidentified dates he allegedly wanted to travel, or even that his intended travel would have taken place during the period when the Federal Mask Mandate still was in effect. Nor does Abadi allege that Azul

refused to sell him a ticket or stopped him from boarding one of its flights without a mask. There is not a scintilla of factual support for Abadi's general allegations that he lost business – much less billions of dollars in business – because of any action by Azul. *Carlone*, 2021 WL 5049455, at *3 (plaintiff's "allegation is too conclusory to support a finding of a concrete and particularized injury: It simply states a conclusion that his business has been injured, unaccompanied by any supporting factual allegations about how 'preclud[ing] access to the civil courts' has resulted in any injury to his business or his financial position."); *Davis v. DeBlasio*, 21-CV-4853 (KAM) (LB), 2021 WL 4521878, at *2 (E.D.N.Y. Oct. 4, 2021) (finding that the plaintiff did not have standing to challenge New York City's mask mandate because, while she claimed the mandate was unconstitutional, she had not "allege[d] any facts to show that she ha[d] personally suffered a constitutional injury").

In sum, Abadi's claims are based on allegations that are simply too vague, speculative, and undefined to provide him standing to pursue this litigation against Azul. His alleged "plans" were not sufficiently concrete or imminent to establish standing. *See Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 443 (2d Cir. 2022); *Rendon v. Berry Glob. Inc.*, No. 22 CIV 10420 (CM), 2023 WL 3724795, at *4 (S.D.N.Y. May 30, 2023) (to establish injury from inability to access a service, plaintiff must plead sufficient factual detail to demonstrate when and how he would have used the service, not just conclusory statements of intent); cf. *Abadi v. City of New York*, No. 22-1560-CV, 2023 WL 3295949, at *2 (2d Cir. May 8, 2023), *cert. denied*, 144 S. Ct. 260, (2023).[5]

---

[5] This is not the first time Abadi has claimed "conjectural or hypothetical" injuries that are insufficient to confer standing. For example, one of Abadi's many other COVID-related lawsuits was a discrimination claim against the City of New York arising from its "Key to NYC" vaccination mandate. In that case, Abadi alleged that the vaccination mandate effectively banned him from entering an open-ended list of "tens of thousands of places throughout the city." *Abadi v. City of New York*, No. 22-1560-CV, 2023 WL 3295949, at *2 (2d Cir. May 8, 2023), cert. denied, 144 S. Ct. 260, 217 L. Ed. 2d 110 (2023). He also claimed the City's employee vaccination mandate injured him because he was "interested in applying for employment with the City but decided against it because of the vaccination requirement." *Id.* The Second Circuit held these "conjectural or hypothetical" injuries did not

The Third Circuit in a case brought by Abadi has already held that the lower court properly dismissed a similar claim brought by him against Target Corporation for lack of standing. *See Abadi v. Target Corp.*, No. 23-1050, 2023 WL 4045373, *1 (3d Cir. June 16, 2023). As the court explained there, Mr. Abadi's "allegations pertained to a one-time incident occurring in January 2021," after which the store lifted its mask mandate. *Id.* at *2. Although Abadi "argued that the mask requirement may be reinstated and that [he] may be again prevented from shopping in Target without a mask, [his] contentions [were] too speculative to establish Article III standing." *Id.* Likewise, here, Abadi's contention that the Federal Mask Mandate may soon return is purely speculative and insufficient to confer standing for him to pursue his claims against Azul since he purchased nothing from Azul.

In the absence of evidence demonstrating how he **actually** suffered an injury because of Azul's conduct, Abadi cannot allege the existence of any compensable or cognizable injury to establish standing. Abadi's lack of standing to assert his claims against Azul means that this Court lacks subject matter jurisdiction to adjudicate Abadi's claims. Accordingly, Abadi's Complaint against Azul should be dismissed in its entirety with prejudice pursuant to FRCP 12(b)(1).

## II.    THIS COURT LACKS PERSONAL JURISDICTION OVER AZUL

### A.    Jurisdiction Does Not Exist Under CPLR 302(a)(1).

To determine the existence of jurisdiction under CPLR 302(a)(1), a court must decide "(1) whether the defendant 'transacts any business' in New York and, if so, (2) whether this cause of action 'aris[es] from' such a business transaction." *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246 (2d Cir. 2007).  "Section 302(a)(1) is typically invoked for a cause of action against a

---

support standing. *Id.* If Plaintiff had actually been qualified for, applied for, and obtained a City job, he would have been eligible to apply for an exception to the mask mandate.  *Id.*  But since he never even applied, his alleged injury by the vaccine mandate remained "purely hypothetical and [did] not confer standing." *Id.* (citing *Spokeo*, 578 U.S. at 339).

defendant who breaches a contract with plaintiff or commits a commercial tort against plaintiff in the course of transacting business or contracting to supply goods or services in New York." *Beacon Enterprises, Inc. v. Menzies*, 715 F.2d 757, 764 (2d Cir. 1983).

CPLR 302(a)(1) does not provide a basis for personal jurisdiction over Azul here because Abadi has not alleged that any of his claims "arise from" any of Azul's activities in New York. "[A] claim 'aris[es] from' a particular transaction when there is 'some articulable nexus between the business transacted and the cause of action sued upon,' or when 'there is a substantial relationship between the transaction and the claim asserted.'" *Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 103 (2d Cir. 2006) (citations omitted). "[A]n articulable nexus or substantial relationship exists 'where at least one element [of the cause of action] arises from the New York contacts.'" *D & R Glob. Selections, S.L. v. Bodega Olegario Falcon Pineiro*, 29 N.Y.3d 292, 299 (2017) (quoting *Licci v. Lebanese Canadian Bank*, 20 N.Y.3d 327, 341 (2012)). "The nexus is insufficient where the relationship between the claim and transaction is 'too attenuated' or 'merely coincidental.'" *Id.* (quoting *Johnson v. Ward*, 4 N.Y.3d 516, 520 (2005)).

The email communications sent by Azul from Brazil, solely in response to Abadi's vague emails, are not sufficient to establish specific personal jurisdiction in New York. *Beacon Enterprises*, 715 F.2d at 766 ("New York courts have consistently refused to sustain § 302(a)(1) jurisdiction solely on the basis of defendant's communication from another locale with a party in New York."); *see also Berkshire Capital Group, LLC v. Palmet Ventures, LLC*, 307 Fed. Appx. 479 (2d Cir. 2008) (negotiation of an agreement by telephone calls and emails insufficient to establish personal jurisdiction over defendant in New York); *Fiedler v. First City National Bank of Houston*, 807 F.2d 315 (2d Cir. 1986) (no personal jurisdiction over defendant bank that made two telephone calls and a mailing to New York plaintiffs).

Jurisdiction does not exist under CPLR 302(a)(1) for the further reason that Abadi concedes that he never purchased tickets for travel from Azul. *Levisohn, Lerner, Berger & Langsam v. Medical Taping Sys.*, 10 F. Supp. 2d 334, 340 (S.D.N.Y 1998) (written communications must be shown to have been "used by the defendant to actively participate in business transactions in New York").

### B.    Jurisdiction Does Not Exist Under CPLR 302(a)(2).

Under CPLR 302(a)(2), "a court may exercise personal jurisdiction over any non-domiciliary ... who in person or through an agent ... commits a tortious act within the state." "To subject non-residents to New York jurisdiction under CPLR 302(a)(2) the defendant must commit the tort while he or she is physically in New York State." *Carlson v. Cuevas*, 932 F. Supp. 76, 80 (S.D.N.Y. 1996). *See also Ahava Food Corp. v. Donnelly*, 2002 WL 31757449, at *3 (S.D.N.Y. Dec. 9, 2002) (personal jurisdiction did not arise under CPLR 302(a)(2) with regard to tortious interference claims because defendant was not physically present in New York and "communication by post or telephone from outside of New York into New York is not an act committed 'within the state' for the purposes of § 302(a)(2)."). Even assuming that Azul's emails somehow constituted a "tortious act," they do not provide a basis for jurisdiction under CPLR 302(a)(2) because the emails were sent from Azul's Customer Service Center in Brazil and not from any location in New York. Accordingly, those emails cannot be considered to be a "tortious act" committed in New York. *See Carlson*, 932 F. Supp. at 80.

### C.    Jurisdiction Does Not Exist Under CPLR 302(a)(3).

This Court does not have jurisdiction over Azul under CPLR 302(a)(3) which permits the exercise of personal jurisdiction over a "non-domiciliary ... who in person or through an agent ... commits a tortious act without the state causing injury to person or property within the state." CPLR 302(a)(3). "[C]ourts determining whether there is injury in New York sufficient to warrant § 302(a)(3) jurisdiction generally apply a situs-of-injury test, which asks them to locate the

'original event which caused the injury.'" *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 209 (2d. Cir. 2001) (quoting *Bank Brussels v. Fiddler Gonzalez Rodriguez*, 171 F.3d 779, 791 (2d Cir. 1999)). "[T]he situs of the injury is the location of the original event which caused the injury, not the location where the resultant damages are felt by the plaintiff." *Id.* Even assuming the emails sent by Azul to Abadi could be considered to constitute a tort, that tort would have been committed in the location from which the email was sent, *i.e.,* Brazil, not New York. *Id.*

### D.    Jurisdiction Does Not Exist Under CPLR 302(a)(4).

CPLR 302(a)(4) requires that Abadi's claims arise from defendant's "own[ership], use [], or possess[ion] [of] any real property situated within the state." CPLR 302(a)(4). This section cannot provide the basis for jurisdiction here because none of Abadi's claims involve any real property owned, used, or possessed by Azul in New York.

### E.    The Exercise of Personal Jurisdiction Would Violate Due Process.

Because the requirements of New York's long-arm statute have not been met to exercise jurisdiction over Azul, the Court need not engage in the constitutional Due Process analysis. *See Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 242 (2d Cir. 2007) (the court proceeds to the constitutional prong of the analysis "[i]f, but only if" the court concludes that there is a statutory basis for personal jurisdiction). As it relates to Azul, there must be sufficient "minimum contacts" between Azul and New York "such that maintenance of suit does not offend 'traditional notions of fair play and substantial justice.'" *Shapiro v. Republic of Bolivia*, 930 F.2d 1013, 1020 (2d Cir. 1991) (quoting International *Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Azul also submits that the exercise of personal jurisdiction would violate constitutional due process, for the following reasons.

Specific jurisdiction can be exercised over a nonresident defendant without violating the due process protections of the Constitution if (1) the defendant has "purposefully availed itself of the privilege of conducting activities within the forum State," (2) "the plaintiff's claim ... arise[s]

out of or relate[s] to the defendant's forum conduct, and (3) "the exercise of jurisdiction is reasonable under the circumstances." *U.S. Bank Nat'l Ass'n v. Bank of Am. N.A.*, 916 F.3d 143, 150 (2d Cir. 2019). Here, the second and third requirements have not been met. Abadi's claims against Azul do not arise from its "forum conduct" because Azul has alleged no conduct by Azul that took place in New York.

With respect to the second element, "[w]hether considered under New York's long-arm statute or as a matter of constitutional due process, '[i]n order for a court to exercise specific jurisdiction over a claim, there must be an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State. When there is no such connection, as is the case here, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State.'" *Pettenato v. Beacon Health Options, Inc.*, 425 F. Supp. 3d 264, 274 (S.D.N.Y. 2019) citing *Indelicato v. Liberty Transportation, Inc.*, 2018 WL 3934074, at*7 (W.D.N.Y. Aug. 16, 2018) (quoting *Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cnty.*, 582 U.S. 255, 264 (2017)), report and recommendation adopted, 2019 WL 1506931 (W.D.N.Y. Apr. 6, 2019)). Because Abadi has not alleged specific facts sufficient to establish the required affiliation between New York and the underlying controversy, no jurisdiction lies here.

\*        \*        \*

For all the above stated reasons, Abadi has failed to carry his burden to show that the Court has jurisdiction over Azul to decide Abadi's claims against Azul and, accordingly, Abadi's claims against Azul must be dismissed for lack of jurisdiction.

III.    **ABADI FAILS TO STATE A CLAIM FOR VIOLATION OF §§ 1983, 1985, OR 1986**

    A.    **Abadi's § 1983 Claim (Count 7) Should be Dismissed.**

To state a claim under § 1983, the plaintiff must allege that "some person acting under color of state law deprived him of a federal right." *Alhers v. Rabinowitz*, 684 F.3d 53, 60-61 (2d

Cir. 2012). In assessing whether a violation of § 1983 has occurred, courts must evaluate whether: (1) the party that allegedly committed the violation was a state actor or "acting under color of state law;" and (2) the conduct alleged constitutes deprivation of a "federal right." *See e.g., Washington v. James*, 782 F.2d 1134, 1138 (2d Cir. 1986). Under the second prong of this analysis, it is well settled that international travel is not a federal right. *See e.g., Haig v. Agee*, 453 U.S. 280, 306 (1981) (explaining "the freedom to travel outside the United States must be distinguished from the right to travel within the United States").

As a foreign air carrier, Azul may not offer transportation "between points of the U.S. in a foreign civil aircraft." 19 C.F.R. § 122.165(a) (explaining prohibition on "air cabotage" for foreign-registered aircraft). Azul may only offer international transportation to and from the U.S. and does not and cannot offer interstate or intrastate transportation within the U.S.

Because Azul is a foreign air carrier that only offers international transportation, Abadi cannot allege that it violated his right to travel since there is no federally protected constitutional right to international travel. Accordingly, Abadi's claim under § 1983 for Count 7 fails as a matter of law. Abadi seemingly recognizes the limitations associated with his allegation, alleging that "the right to travel in the United States is basic to American liberty." *See* Dkt. 3-2, ¶ 1334. But, in the absence of any "constitutional right" to international travel, and, given that Azul only provides international transportation for its passengers to and from the U.S., Abadi's claim for infringement of his "constitutional right to travel" under Count 37 must be dismissed.

**B.    Abadi's § 1985 Claim Should be Dismissed.**

Count 8 of the Complaint fails to allege the necessary elements for a claim of conspiracy in violation of § 1985(3). Abadi asserts that "[p]eople with disabilities who, because of their disabilities cannot wear a mask, is a new class, subject to protection under § 1985(3)" and that "Airline Defendants as an industry conspired with each other, with federal agencies and the

Medical Defendants involved, and with the individual employees therein to discriminate against them due to their disabilities." Cmplt. ¶¶ 945, 972. This claim fails because it is not covered by § 1985, which cannot be used to circumvent the ACAA, and the facts alleged are insufficient to state such a claim thereunder.

"The original purpose of § 1985(3), which was passed as the Ku Klux Klan Act of 1871, was to enforce the rights of African Americans and their supporters." *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005). It has no application to claims for discrimination on the basis of physical disability. Stated simply, "[d]isabled individuals do not constitute a 'class' within the meaning of section 1985(3)." *Serris v. Chastaine*, No. 2:22-cv-0434, 2022 WL 715115 (E.D. Cal. Mar. 10, 2022) (citing *D'Amato v. Wis. Gas Co.*, 760 F.2d 1474, 1486 (7th Cir. 1985) ("The legislative history of Section 1985(3) does not suggest a concern for the handicapped")); *Wilhelm v. Cont'l Title Co.*, 720 F.2d 1173, 1176-77 (10th Cir. 1983) ("We must conclude that a class of 'handicapped persons' . . . was not included as a class in what is now § 1985(3)."); *Bartell v. Lohiser*, 215 F.3d 550, 559 (6th Cir. 2000) (plaintiff had no actionable §1985 claim because the statute does not cover claims based on disability).

Section 1985(3) does not apply to Azul's alleged conduct because disability discrimination claims by disabled airline passengers are exclusively governed by the ACAA and the DOT implementing regulations in 14 C.F.R. Part 382. As several courts have recognized, "[a]llowing [plaintiff] to pursue his claim through the mechanism of § 1985(3) would impermissibly intrude on the statutory scheme of both" the ACAA and § 1985(3). *See D'Amato*, 760 F.2d at 1487; *see also Compass Airlines, LLC v. Montana Dep't of Lab. and Indus.*, No. CV 12-105-H-CCL, 2013 WL 4401045, at *14 (D. Mont. Aug. 12, 2013) ("The air carrier is now answerable to the DOT for ACAA regulation violations, and it appears that Congress intended that this be the exclusive remedy in cases not involving breach of contract or bodily injury or

death."). Accordingly, Abadi cannot pursue claims for disability discrimination under section 1985(3) and his conspiracy claims must be dismissed. *See Sekleci*, 635 F. Supp. 3d at 22.

Count 8 also fails because Abadi failed to set forth facts to support his conclusory allegations of a conspiracy. To state a claim under § 1985(3), Abadi must assert: (1) the existence of a conspiracy to deprive him of equal protection of the laws, or of equal privileges and immunities under the laws;( 2) an act by one of the conspirators in furtherance of the conspiracy; and (3) a personal injury, property damage, or a deprivation of any right or privilege of a citizen of the United States. *See Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971); *see also Harrell v. New York State Dep't of Corr. & Cmty. Supervision*, No. 150-CV-7065, 2019 WL 3817190, at *4 (S.D.N.Y. Aug. 14, 2019).

Abadi's conclusory allegations of a conspiracy are "insufficient to survive a motion to dismiss." *Friends of Falun Gong v. Pacific Cultural Enterprise, Inc.*, 88 F. Supp. 2d 273, 279 (E.D.N.Y. 2003); *see also Sommer v. Dixon*, 709 F.2d 173, 175 (2d Cir. 1983) (conclusory, vague, or general allegations of a conspiracy cannot survive a motion to dismiss); *Rose v. Tyndale*, No. 23-1203, 2023 WL 4839371, *1 (3d Cir. July 28, 2023) (a failure to assert facts from which a conspiratorial agreement can be inferred is fatal to § 1985 claim).

A conspiracy claim similar to Abadi's Section 1985(3) claim here was recently dismissed in *Andreadakis*, in which the court explained:

> Plaintiff has not alleged a conspiracy with the required concrete facts. Instead, he merely makes conclusory allegations regarding a conspiracy. Specifically, he alleges that the "Airline Defendants conspired to deprive disabled Americans, a protected class, of our civil rights by adopting policies in Summer 2020 that banned any person medically unable to wear a face mask from using the nation's air transportation system." . . . He does not provide any details on how they conspired.
>
> Further, he alleges that he "expect[s] to prove through discovery that the Airline Defendants conspired — with each other, with other air carriers, within their own companies. . . to ban disabled flyers because of a discriminatory motive." . . . In doing so, he merely parrots the requirements of a prima facie claim under §

19

> 1985(3). He further alleges that the Airline Defendants "are motivated by a
> class-based, invidiously discriminatory animus resulting in an unfounded,
> ridiculous fear that healthy, uninfected disabled travelers who can't wear a face
> mask are somehow a grave danger." . . . Again, he offers no concrete facts to
> support these allegations. These allegations simply will not suffice to state a
> claim under § 1985(3).

2022 WL 2674194, at *9.

Abadi presents **no** factual allegations to support the assertion that Azul acted in concert

with anyone regarding the implementation of the Federal Mask Mandate and Abadi's exemption

requests. His mere assertions of conspiracy (Cmplt. ¶ 959) are not enough to survive a motion to

dismiss. *See Andreadakis*, 2022 WL 2674194, at *9; *see also Adamore v. Southwest Airlines

Corp.*, No. H-11-0564, 2011 WL 6301398, *5 (S.D. Tex. Dec. 15, 2011).

Abadi's allegations of discrimination fare no better. *See, e.g.*, Cmplt. ¶¶ 948-50, 963.

His "subjective belief that Defendants discriminated against [him] on the basis of race, sex,

disability, or age, without specific facts pointing to impermissible bias as the motivation, is

insufficient to maintain a claim of discrimination." *See Adamore*, 2011 WL 6301398, *5; *see

also Elliott v. Grp. Med. & Surgical Serv.*, 714 F.2d 556, 567 (5th Cir. 1983) ("a subjective

belief of discrimination, however genuine, [cannot] be the basis of judicial relief"); *Malik v.

Continental Airlines, Inc.*, 305 F. App'x 165, 170 (5th Cir. 2008) (unsupported speculation that

the airline's treatment of plaintiff was intentional discrimination is insufficient to support

discrimination claims.)

To survive a motion to dismiss, a plaintiff must allege some racial or other class-based,

invidiously discriminatory animus behind the conspirators' action. *See Griffin*, 403 U.S. at 102-

03. To make the requisite showing of class-based animus, "the plaintiff must be a member of a

class that requires special federal assistance in protecting its civil rights." *Gerritsen v. de la

Madrid Hurtado*, 819 F.2d 1511, 1519 (9th Cir. 1985); *see also Voigt v. Savell,* 70 F.3d 1552,

1564 (9th Cir. 1995). That is, Abadi must allege that he is a member of a class that the federal

courts have designated as a suspect or quasi-suspect class "requiring more exacting scrutiny or that Congress has indicated through legislation that the class required special protection." *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992) (quoting *Schultz v. Sundberg*, 759 F.2d 714, 718 (9th Cir. 1985)). Such allegations must be more than conclusory. *See Reynolds v. Barrett*, 685 F.3d 193, 201-02 (2d Cir. 2012).

    Abadi fails to demonstrate that Azul's enforcement of the Federal Mask Mandate was motivated by animus against "mask disabled" persons (*see, e g.*, Cmplt. ¶ 976). Like all the other Airline Defendants, Azul was merely complying with the DOT Enforcement Notice. Abadi's speculative, vague, and unsupported prayer for discovery is insufficient to support such a claim and without more should be rejected. *See, e.g.*, *Andreadakis*, 2023 WL 3044614, at *8; *Seklecki*, 635 F. Supp. 3d at 23.

    **C.**    **Abadi's § 1986 Claim (Count 9) Should Be Dismissed.**

    Since Abadi's Complaint fails to state a claim of a violation of § 1985(3), Count 9 for an alleged violation of § 1986 necessarily fails because a §1985(3) violation is a predicate for finding a violation of §1986. *See, e.g.*, *Bartell v. Lohiser*, 215 F.3d 550, 560 (6th Cir. 2000) (prerequisite for a claim under §1986 civil rights conspiracy is an actionable conspiracy under § 1985); *Sosa v. Lantz*, No. 3:09cv869, 2010 WL 122649, *1 (D. Conn. Jan. 5, 2010) ("a viable claim under § 1985 is a prerequisite for an actionable claim under § 1986…). Indeed, the Third Circuit recently dismissed Abadi's §1986 claim in a similar action, stating that "because a § 1986 claim cannot be maintained unless a plaintiff has established a cause of action under § 1985, the District Court correctly dismissed the § 1986 claim as well." *Abadi v. Target Corp.,* 2023 WL 4045373, *1.

    Abadi's Section 1986 claim is also time-barred because it was filed more than one year after the challenged conduct, which begins the one-year statute of limitations clock. *See Farmer*

*v. Cnty. of Westchester*, No. 18 CIV. 2691, 2022 WL 3902729, at *4 (S.D.N.Y. Aug. 30, 2022);

*see also* 42 U.S.C. § 1986 ("no action under the provisions of this section shall be sustained

which is not commenced within one year after the cause of action has accrued."). Abadi did not

file his Complaint in this action until May 2023, more than one year after the Federal Mask

Mandate was lifted, and even longer after his alleged contacts with Azul in 2021. *See*

*Longobardi v. City of New York*, 21-cv-2705, 2022 WL 1808902, at *6 (S.D.N.Y. June 2, 2022)

(dismissing § 1986 claim as time-barred under the one-year statute of limitations). Accordingly,

Abadi's § 1986 claim must be dismissed.

## IV.    ABADI HAS NO PRIVATE RIGHT OF ACTION UNDER THE ACAA

Counts 10 through 18 allege violations of the ACAA. The ACAA provides that an air

carrier:

> [m]ay not discriminate against an otherwise qualified individual on the following
> grounds: (1) the individual has a physical or mental impairment that
> substantially limits one or more major life activities; (2) the individual has a
> record of such an impairment; (3) the individual is regarded as having such an
> impairment.

49 U.S.C. § 41705(a).

But Abadi has **no** private right to sue for an alleged ACAA violation. The Second Circuit

has decided that Congress neither explicitly nor implicitly intended to codify a private cause of

action under the ACAA. *See Lopze v. Jetblue Airways*, 662 F.3d at 593, 597 (11th Cir. 2002)

(determining that "the text and structure of the ACAA manifests no congressional intent to create a

private right of action in a federal district court"). The conclusion reached by the Second Circuit is

consistent with the holdings in other circuits.[6]

---

[6] *See Segalman v. Southwest Airlines Co*., 895 F.3d 1219, 1229 (9th Cir. 2018) ("the statute's remedial scheme
forecloses an implied private cause of action."); *Boswell v. Skywest Airlines, Inc.*, 61 F.3d 1263, 1270 (10th Cir. 2004)
("Congress …did not intend to allow an additional remedy – a private right of action – that it did not expressly mention
at all."); *Love v. Delta Air Lines*, 310 F.3d 1347, 1354 (11th Cir. 2002) ("the text of the ACAA … and the surrounding
statutory and regulatory structure create an elaborate and comprehensive enforcement scheme that belies any
Congressional intent to create a private remedy[.]").

In *Andreadakis*, a case very similar to the instant one, the court held that "ACAA does not provide a private right of action for [the anti-mask] Plaintiff to sue the Airline Defendants in this Court." 2022 WL 2674194, *10. Indeed, to date **no** court has allowed a plaintiff to pursue a claim of the type alleged by Abadi here. *See Marcus*, 2023 WL 3044614 (granting airline motion to dismiss); *Montgomery*, 2023 WL 2400743, *5 (affirming airline motion to dismiss); *Seklecki*, 635 F. Supp. 3d 15 (granting airline motion to dismiss).

Accordingly, given the above referenced case law, and the Second Circuit's unequivocal conclusion that the ACAA does not afford Abadi a private right of action, Abadi's claims for violations of the ACAA in Counts 10 through 18 must be dismissed.

## V.    ABADI DOES NOT HAVE A CLAIM UNDER THE REHABILITATION ACT

Section 749(a) of the RA prohibits discrimination against individuals with a disability for programs or activities "receiving Federal financial assistance…." The inquiry to decide whether an entity receives "federal financial assistance" in this context is simple— the court assesses whether the defendant was the "recipient of [any] federal assistance." *U.S. Dept. of Transp. v. Paralyzed Veterans of America*, 477 U.S. 597, 604 (1986). If the answer is no, the RA does not apply. *Id.; see also National Collegiate Athletic Ass'n v. Smith*, 525 U.S. 459, 467-68 (1999) (reaffirming narrow scope of "recipient" language to include only "those who receive the aid" and not "those who benefit from it").

Azul has not received any federal financial assistance, and the Complaint does not allege that it received such aid. *See, e.g.,* Cmplt. ¶ 1129 (claiming generally that many airlines receive federal funding, without specifying that Azul or other foreign air carriers are outside this alleged scope). Accordingly, Abadi's claim against Azul in Count 19 must be dismissed.

## VI.    ABADI'S STATE LAW CLAIMS ARE PREEMPTED AND FAIL TO STATE A CLAIM.

Abadi asserts several state law statutory civil rights claims and common law tort, breach of contract, and similar claims against Azul and other Airline Defendants (Counts 20 through 31, 33,

34, 36 and 37). Each of these claims relates to the provision of "services" as that term is defined under the ADA and are therefore preempted. But the Federal Mask Mandate, the ACAA, and the Federal Aviation Act also preempt these claims. Moreover, each claim fails individually on its merits.

A.    **Abadi's State Law Claims Are Preempted.**

Section 41713(b)(1) of the ADA expressly preempts any state "law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier . . .." Under Second Circuit case law, this provision has been broadly interpreted to encompass and preempt any state law cause of action "having a connection with or reference to" any airline service, whether such action is based on a statute, regulation, or common law. *See Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 384 (1992); *Fawemimo v. Am. Airlines, Inc.,* 751 F. App'x 16, 18-19 (2d Cir. 2018) (citing *Air Transp. Ass'n of Am., Inc. v. Cuomo*, 520 F.3d 218, 223 (2d Cir. 2008) and *Northwest, Inc. v. Ginsberg*, 572 U.S. 273, 284 (2014)). Abadi alleges that he wrote to Azul requesting a medical exemption to fly on some unspecified flight, at some unspecified date and time, and that he was denied such exemption. Thus, his claims relate to a service — the provision of a ticket and actually transporting Abadi. Accordingly, since Abadi's claims are expressly preempted by the ADA, they all must be dismissed. *See Montgomery*, 2023 WL 2400743 at *5 (5th Cir. March 8, 2023) ("Delta's decision not to provide transportation to Appellants" who refused to wear a mask "is enough for us to hold that the Deregulation Act preempts their claims. Our precedent makes clear that boarding and transportation are undeniably 'services' under the Deregulation Act.")

Abadi's claims are also preempted by the Federal Mask Mandate issued following the Public Health Service Act, 42 U.S.C. § 264(e), which states that no state law can "conflict []"

with the exercise of federal authority" under that statute. Azul was simply following the

Federal Mask Mandate which preempts Abadi's state law claims.

The ACAA also preempts these claims because it governs passenger disability claims

exclusively. *See Fawemimo,* 751 F. App'x at 19-20 (citing *Goodspeed Airport LLC v. East

Haddam Inland Wetlands & Watercourses Comm'n*, 634 F.3d 206, 210 (2d Cir. 2011) (holding

that in instances, when, as here, federal regulations occupy a field of activity and enforcement

of state laws would interfere with such regulations, those regulations are preempted and barred.)

The DOT promulgated regulations under the ACAA pursuant to its statutory authority, and such

regulations preempt these claims. *See Marcus*, 2023 WL 3044614, at *9 (holding that the

ACAA preempts nearly identical state law claims.)

Abadi's state law claims are also preempted by the FAA, because they relate to Azul

decisions made for the purpose of enforcing FAA requirements relating to aircraft passenger

safety. Although the FAA does not contain an express preemption clause, most courts have held

that the FAA impliedly preempts state regulation of airline safety. *See, e.g., Fawemimo*, 751 Fed.

Appx. at 19-20 ("State laws that conflict with the FAA or sufficiently interfere with federal

regulation of air safety are thus preempted. As mask wearing during the pandemic directly

implicated air and aircraft safety, the Federal Aviation Act provides additional preemption

grounds upon which to dismiss Plaintiff's state law claims.")

Count 30 for breach of contract should also be dismissed because Abadi does not

allege that he purchased a ticket from Azul, and, thus, his claim fails for the simple

reason that he had no contract with Azul. Even if he had, Abadi has pointed to no

contractual provision that was breached and he cannot point to any obligation that Azul

voluntarily undertook and that it violated. *See American Airlines, Inc. v. Wolens¸* 513

U.S. 219, 228 (1995). As the *Andreadakis* court explained:

Here, Plaintiff's breach of contract claim arises out of the Airline Defendants requiring him to wear a mask on the flight or obtain a medical exemption. Put differently, Plaintiff sues the Airlines for enforcing the Mask Mandate — federal law. Thus, Plaintiff's breach of contract claim "directly implicates the airlines' discretion and/or duty under federal law," *id*, and, therefore, the Deregulation Act preempts it. The Court will dismiss Count Thirty-Five.

2022 WL 2674194, at *12. Indeed, in *Montgomery*, plaintiffs alleged that the airline improperly required them to wear a mask onboard flight and in dismissing the complaint, the court stated:

> Plaintiffs have failed to identify any self-imposed undertaking by Defendant in its contract for carriage that would allow *Wolens* exception to the preemption to apply in this instance. Plaintiffs' claims stem from the federal mask mandate and are directly related to air carrier service of transporting passengers.

*Montgomery*, 2023 WL 2400743, *5; *see also O'Carroll v. Am. Airlines, Inc.*, 863 F.2d 11, 12-13 (5th Cir. 1989) (ADA preempted a claim arising out of airline refusal to board passenger). Abadi's nearly identical allegation here requires this claim to fail here as well.[7]

Accordingly, all of Abadi's state claims are preempted and should be dismissed.

**B.    Abadi's State Regulatory and Tort Claims Fail to State a Claim.**

Furthermore, Abadi's state regulatory and tort claims should also be dismissed under FRCP 12(b)(6) because they are not supported by sufficient factual detail. Counts 20 through 26 allege violations of California, New Jersey, New York City, and Texas antidiscrimination laws, but provide no more than recitations of the text of each regulation and boilerplate assertions that "[a]ll to-be-named Individual Defendants in addition to the listed defendants are personally liable to Plaintiff for the violation of [the regulation]" or "[a]ll the defendants have

---

[7] If Abadi claims he would have flown to one of the limited number of international destinations to which Azul flies, none of which include the locations in which he claims to have lost business (*see generally* Statement of Facts, *supra*), such claims would be preempted by the Convention for the Unification of Certain Rules for International Carriage by Air," known as the "Montreal Convention" ("Montreal Convention"). The Montreal Convention "governs the uniform system of liability for international air carriers" and would provide the exclusive remedy to the exclusion of a breach of contract claim with respect to boarding one of Azul's flights, thereby requiring dismissal of this claim. *See Badar v. Swissport USA, Inc.*, 2020 U.S. Dist. LEXIS 185392, *5-*7 (E.D.N.Y. Sept. 30, 2020) (the Convention "preempts state and federal claims that fall within its scope."); *Best v. BWIA West Indies Airways Ltd.*, 581 F. Supp.2d 359, 362 (E.D.N.Y. 2008) ("By its own terms, the treaty …preempts the remedies of a signatory's domestic law, whether or not the application of the Convention will result in recovery in a particular case." (Citing *El Al Israel Airlines, Ltd. v. Tseng*, 525 U.S. 155, 161 (1999)).

violated these laws." *See* Cmplt. ¶¶ 1157, 1179, 1188, 1197, 1204, 1206, 1213, 1224, 1226. Counts 27 through 29 do not even recite the elements of any particular state law claim, but merely assert "intentional and/or unintentional tort," "negligence," and "infliction of emotional distress" under the laws of "Texas, New York, New Jersey, California and/or other states." The only factual allegation supporting each of these claims is that the Defendants injured Plaintiff by "mistreating him," Cmplt. at ¶ 1230 or failing to "help him circumvent a policy that would cause him the inability to travel" – *i.e.*, the Federal Mask Mandate. Cmplt. ¶ 1237. These are exactly the type of "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" that "do not suffice" under FRCP 12(b)(6). *Harris v. Mills*, 572 F.3d 66, 72 (2d. Cir. 2009).

Counts 31 (Promissory Estoppel) and 33 (Injurious Falsehoods) similarly fail for lack of specificity. Neither identifies any actionable statement by any Azul or any Airline Defendant. *See* Cmplt. ¶ 1273-74 (referring to "advertisements," "websites," and "brochures" of all defendants generally that "alleged that they are decent people"); ¶ 1287 (referring to generic, allegedly false statements about masks and COVID without attributing them to any speaker).

Count 34 (Invasion of Privacy) alleges Defendants "forced" Abadi to "disclose his medical condition and describe in detail his disabilities in order to possibly get an opportunity to fly with them." Cmplt. ¶ 1298. This allegation is directly contradicted by the Complaint itself, which makes clear that Abadi refused to disclose medical information to every airline that requested it. While it is not clear under what state tort law Abadi brings this claim, any possible claim would depend upon an allegation of an actual, intentional, and unjustified violation of Abadi's privacy or misappropriation of his name or image. *See, e.g., Doe v. Mobile Video Tapes, Inc.*, 43 S.W.3d 40, 48 (Tex. App. 2001) (Texas common law invasion of privacy claim requires an "unreasonable, unjustified, or unwarranted" intrusion upon "the solitude of another

27

or his private affairs"); *Bisbee v. John C. Conover Agency, Inc.*, 452 A.2d 689, 691 (N.J. App. Div. 1982) (New Jersey common law invasion of privacy arises when one "intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns"); *Miller v. Nat'l Broad. Co.*, 187 Cal. App. 3d 1463, 1482-83 (Cal. Ct. App. 1986) (California common law invasion of privacy also requires "intentional" intrusion).[8]  Given that Airline Defendants' requests for medical information were squarely required by the Federal Mask Mandate, they cannot plausibly be considered "unjustified" and "outrageous."

Count 36 (Fraudulent Misrepresentation) alleges that the Airline Defendants "falsely represented . . . that 'federal law' requires airline passengers wear face masks."  Cmplt. ¶ 1322. Abadi's premise is again directly contradicted by the Complaint itself, which cites the January 21, 2021 Executive Order and Federal Mask Mandate, two federal laws which required passengers to wear masks and airlines to enforce mask-wearing on flights.  Regardless, the claim fails to attribute any specific statement to any specific defendant, and therefore fails to meet the heightened pleading standard for fraud.  *See* FRCP 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.").  The ADA also preempts the claim because it constitutes a "direct effort to regulate the manner in which [a carrier] communicates with its customers in connection with" its services. *See In re Jetblue Airways Corp. Priv. Litig.*, 379 F. Supp. 2d 299, 315 (E.D.N.Y. 2005) (holding consumer fraud claims "fit[ ] squarely within the range of state law actions" preempted by the ADA); *Martin v. DHL Express (USA), Inc.*, 580 F. Supp. 3d 66, 73 (D.N.J. 2022) (finding that "state common law claims of fraud [. . .] are barred by the broad pre-emptive purpose of the

---

[8] **Neither** New York nor Virginia recognize a common law cause of action for invasion of privacy.  *See Messenger ex rel. Messenger v. Gruner + Jahr Printing & Pub.*, 94 N.Y.2d 436, 441 (2000); *Hayes v. KIK Custom Prod.*, No. 7:11-CV-00200, 2011 WL 4963774, at *1 (W.D. Va. Oct. 14, 2011).

ADA") (internal quotation marks omitted)). Further, the claim is preempted by the Federal

Mask Mandate and the ACAA for the reasons discussed above.

Count 37 (Infringement of the Constitutional Right to Travel) is also internally

inconsistent. Abadi claims the Airline Defendants "deprived this disabled American who cannot

wear masks for health reasons, of the ability to fly." Cmplt. ¶ 1332. But, according to his own

allegations, Abadi was never denied boarding by Azul as a result of its mask policies. Instead,

Azul asked Plaintiff to follow its procedures to qualify for an exemption and Abadi did not

attempt to purchase a ticket. He has not alleged that it was impossible for him to comply with

Azul's procedures. Azul's emails reflecting standard safety requirements do not constitute an

illegal denial of Abadi's alleged right to travel. *See Town of Southold v. Town of E. Hampton*,

477 F.3d 38, 54 (2d Cir. 2007) ("travelers do not have a constitutional right to the most

convenient form of travel, and minor restrictions on travel simply do not amount to the denial of

a fundamental right."); *Cramer v. Skinner*, 931 F.2d 1020, 1031 (5th Cir. 1991) ("Minor

restrictions on travel simply do not amount to the denial of a fundamental right that can be

upheld only if the Government has a compelling justification."). As a federal court recently ruled

in a similar case challenging the Federal Mask Mandate:

> [Plaintiff] may still travel by means other than aircraft. Further, he may travel by
> aircraft without a mask by obtaining an exemption. Or he may travel by airplane
> with a mask. Thus, the Mask Mandate amounts to nothing more than a minor
> restriction on his travel, such that he cannot bring a claim for the denial of a
> constitutional right.

*Andreadakis*, 2022 WL 2674194, at *13.

Abadi is in the same position: his "right to travel" has not been infringed and his

claim likewise should be dismissed.

**VII.    ABADI'S REQUEST FOR NOMINAL AND PUNITIVE DAMAGES AND FOR COSTS AND FEES SHOULD BE STRICKEN**

Abadi's Complaint requests an award of "nominal damages." Page 66. But there is **no** basis for **any** award of damages since Abadi's Complaint fails to allege the existence of any "legal injury" suffered by Abadi. Moreover, as explained above, recovery of nominal damages is preempted by the ADA, as it would be enforcing a state law in relation to air carrier "services."

Punitive damages are only available when a plaintiff proves that a defendant's conduct was motivated by an evil motive or intent, or when the defendant's conduct involved a reckless or callous indifference to the federally protected rights of others. *Johnson v. City of New York*, 593 F. Supp. 3d 58, 67-68 (S.D.N.Y. 2022) (citing *Lee v. Edwards*, 101 F.3d 805, 808 (2d Cir. 1996)). Abadi has not alleged any facts to even suggest that Azul's conduct, *i.e.,* giving effect to the Government-imposed Federal Mask Mandate during the COVID-19 pandemic, was motivated by an evil motive or intent. Further, Abadi's claim for punitive damages is preempted and barred by the ADA. *See, e.g., Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1432 n.8 (7th Cir. 1996); *Starker v. Spirit Airlines*, 2019 WL 4194572, at * 8 (S.D.N.Y. Sept. 3, 2019).

**VIII.    ABADI'S REQUESTS FOR DECLARATORY AND INJUNCTIVE RELIEF ARE MOOT.**

Article III's cases-and-controversies limitation is rooted in "the principle that, at all times, the dispute before the court must be real and live, not feigned, academic, or conjectural." *Russman v. Bd. of Educ. of Enlarged City Sch. Dist. of Watervliet*, 260 F.3d 114, 118 (2d Cir. 2001). Accordingly, "[w]hen the issues in dispute between the parties are no longer 'live,' a case becomes moot and the court—whether trial, appellate, or Supreme—loses jurisdiction over the suit, which therefore must be dismissed." *Lillbask v. Conn. Dep't of Educ.*, 397 F.3d 77, 84 (2d Cir. 2005). The Supreme Court has recognized an exception to the general rule regarding mootness in cases that are "capable of repetition yet evading review." *Id.* at 84-85.

But that exception "applies only in exceptional situations where two circumstances are simultaneously present: (1) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party would be subjected to the same action again." *Id.* at 85; *see also Granite State Outdoor Advert., Inc. v. Town of Orange*, 303 F.3d 450, 451 (2d Cir. 2002). "Mere speculation that the parties will be involved in a dispute over the same issue" is not sufficient. *Russman*, 260 F.3d at 120.

The Supreme Court has "provided the relevant legal framework for assessing mootness in COVID restriction lawsuits." *Hopkins Hawley LLC v. Cuomo*, 2021 WL 1894277, at *3-4 (S.D.N.Y. May 11, 2021). The Supreme Court has "articulate[d] two [COVID-19-specific] mootness principles ...: (1) a lawsuit brought against COVID restrictions is not simply moot because the restrictions at issue have been rescinded; and (2) if the COVID restrictions ... have been rescinded in the course of litigation, the relevant inquiry is whether the plaintiff remains under a 'constant threat' of those restrictions being reintroduced in the future." *Id.* (citing *Roman Catholic Diocese of Brooklyn v. Cuomo*, 592 U.S. 14, 19 (2020)); *see Tandon v. Newsom*, 593 U.S. 61, 63 (2021).

Abadi's requests for injunctive relief are moot because the Federal Mask Mandate has been rescinded.  Any argument by Abadi that his claims for injunctive relief are not moot because the Federal Mask Mandate could be reinstated are meritless because Abadi has alleged no facts supporting a "reasonable expectation" that the federal government and/or Azul will reimplement a mask mandate. *See Lillbask*, 397 F.3d at 85. Nor has Abadi alleged facts showing that he remains under a "constant threat" that the Federal Mask Mandate will be reimposed, which is necessary to establish a live controversy when a COVID-19 restriction is rescinded. *See Hopkins Hawley*, 2021 WL 1894277, at *3-4 (quoting *Roman Catholic Diocese*, 141 S. Ct

31

at 68).  Abadi's purported fear that that the Federal Mask Mandate will be reimposed is purely speculative.

Accordingly, Abadi's requests for declaratory and injunctive relief should be dismissed.

**<u>CONCLUSION</u>**

For the reasons set forth above, Azul requests that all counts in Abadi's Complaint against Azul be dismissed with prejudice and without leave to amend.

Dated:  March 11, 2024
      New York, New York

                        Respectfully submitted,
                        RICHARD FRIEDMAN PLLC

                        /s/ Richard B. Friedman
                        Richard B. Friedman
                        André G. Castaybert
                        420 Lexington Avenue, Suite 300
                        New York, New York   10170
                        (212) 600-9539
                        rfriedman@richardfriedmanlaw.com

                        *Attorneys for Defendant Azul Linhas Aerea*
                        *Brasilieras S.A.*

## CERTIFICATE OF SERVICE

I, Richard B. Friedman. Esq, hereby certify that a true and correct copy of the foregoing MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT AZUL LINHAS AÉREAS BRASILEIRAS S.A.'S MOTION TO DISMISS THE COMPLAINT was served on March 11, 2024 upon all counsel of record including the Plaintiff pro se (at the e-mail address below) via the Court's CM/ECF Filing Portal, through which service is complete upon the transmission and receipt of the notice of docket activity of this document:

Mr. Aaron Abadi
Abadi.me@gmail.com
*Plaintiff Pro Se*

Dated:  March 11, 2024
New York, New York

/s/ Richard B. Friedman
Richard B. Friedman
André G. Castaybert
Richard Friedman PLLC
420 Lexington Avenue, Suite 300
New York, New York 10170
(212) 600-9539
rfriedman@richardfriedmanlaw.com

*Attorneys for Defendant Azul Linhas Aéreas Brasilieras S.A.*