## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **AARON ABADI,**<br><br>　　　　　Plaintiff,<br><br>-against-<br><br>**AMERICAN AIRLINES, INC., et al.,**<br><br>　　　　　Defendants. | **Case 23-CV-4033 (LJL)** |

## MOTION TO CERTIFY DECISION AS FINAL
## UNDER FED. R. CIV. P. 54(B)

Comes Plaintiff, Aaron Abadi, pro se, and moves this Court to certify its decision (Titled: Order & Opinion Doc. 346) as final pursuant to Federal Rules if Civil Procedure Rule # 54 (b), thereby enabling an immediate appeal by the Plaintiff. Given the circumstances, it may be pragmatic for the Court and the Defendants to suspend proceedings in the district court until the Appellate Court renders its decision, as it will impact the entirety of the case.

The Rule # 54 (b) reads as follows:

"Judgment on Multiple Claims or Involving Multiple Parties. When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all,

claims or parties only if the court expressly determines that there is no just reason for delay."

The Supreme Court held the following:

"Federal Rule of Civil Procedure 54 (b) allows a district court dealing with multiple claims or multiple parties to direct the entry of final judgment as to fewer than all of the claims or parties; to do so, the court must make an express determination that there is no just reason for delay." Curtiss-Wright Corp. v. General Elec. Co., 446 US 1 - Supreme Court 1980.

The Court continues and says, "Nearly a quarter of a century ago, in Sears, Roebuck & Co. v. Mackey, 351 U. S. 427 (1956), this Court outlined the steps to be followed in making determinations under Rule 54 (b). A district court must first determine that it is dealing with a "final judgment." It must be a "judgment" in the sense that it is a decision upon a cognizable claim for relief, and it must be "final" in the sense that it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." 351 U. S., at 436.

Once having found finality, the district court must go on to determine whether there is any just reason for delay. Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims. The function of the district court under the Rule is to act as a "dispatcher." Id., at 435. It is left to the sound judicial discretion of the district court to determine the "appropriate time" when each final decision in a multiple claims action is ready for appeal. Ibid. This discretion is to be exercised "in the interest of sound judicial administration." Id., at 437.

Thus, in deciding whether there are no just reasons to delay the appeal of individual final judgments in a setting such as this, a district court must take into account judicial administrative interests as well as the equities involved." id

This case is about a person with sensory disabilities filing a claim against multiple airlines, government agencies, and several others, for depriving his rights. Abadi cannot wear a mask due to a disability, and these Defendants allegedly participated in barring him from flying on airplanes, and or violated his legal rights by restricting him unlawfully.

The judgment of this Court was to completely dismiss the case against about half the airline defendants on all of the dozens of causes of action.  Plaintiff is humbled by the Court's elaborate Order, spanning over a hundred pages, although he was not thrilled with the outcome. This decision, however, seems to be final. The Defendants that their motions to dismiss were granted, are technically free to go.  It is expected that the same issues will be presented by the other airlines, the medical advisors, and the employees.[1]  The Court and the attorneys will be reading and typing pages and pages unnecessarily.

Ultimately, Plaintiff plans to file an appeal on many of the issues presented. It would be most expeditious for everyone to allow the appeal process to start immediately, rather than go through months of filings, conferences, and emails back and forth until the case is completely over. Plaintiff believes that there is no

---

[1] Even the Federal Defendants will benefit from a pause, as we look to the Circuit Court of Appeals for guidance, as many of the issues in question will affect their case too.

<u>just reason for delay</u>.  Additionally, <u>judicial administrative interests as well as the</u> <u>equities involved would seem to point in this same direction</u>.

The Court filed an Order (Doc. 348) calling for a status conference for April 24, 2024. The Order "directs the parties to meet and confer to propose an economical, efficient, and fair way for the Court to address the remaining motions, with attention paid to those issues the Court has already decided and that therefore may be dispositive of Plaintiff's claims." It would seem that the Court is also concerned about repetitive filings and the unnecessary burden on the Court and on the Parties. I did not ask the Defendants, but I would guess that they would agree.

WHEREFORE Plaintiff asks this Court to certify the Order & Opinion (Doc. 346) as final, and to allow for an appeal.

Respectfully submitted this 3rd day of April, 2024.

*s/Aaron Abadi*

AARON ABADI, Plaintiff
82 Nassau Street Apt 140
New York, NY 10038
Tel: 516-639-4100
Email: abadi.rne@gmail.com

The Court will address this motion at the conference on April 24 along with a revised proposed briefing schedule for the pending motions to dismiss.  Defendants are relieved of any obligation to respond to Plaintiff's rule 54 motion absent further order of the court.
Date: April 8, 2024

LEWIS J. LIMAN
United States District Judge