UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

AARON ABADI,

                    Plaintiff,

    - against -

AMERICAN AIRLINES GROUP INC., et al,

                    Defendants.

Case No. 1:23-cv-04033-LJL

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MIGUEL MOREL'S MOTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60**

-----------------------------------------------------------------------x

    Defendant Miguel Morel respectfully submits this Memorandum of Law in support of his Motion pursuant to Federal Rule of Civil Procedure 60(a) and (b) to modify or amend the Court's Opinion and Order on the Motion to Dismiss by certain airline defendants and their attorneys and employees dated March 29, 2024 [DE 346] (the "MTD Order") and dismiss Plaintiff's claims against him.

## LEGAL STANDARD

    Federal Rule of Civil Procedure 60(a) provides that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice." The rule "allows for clarification and explanation, consistent with the intent of the original judgment, even in the absence of ambiguity, if necessary for enforcement[.]" *L.I. Head Start Child Dev. Servs., Inc. v. Econ. Opportunity Comm'n of Nassau Cnty., Inc.*, 956 F. Supp. 2d 402, 410 (E.D.N.Y. 2013). "District courts have considerable discretion in modifying their judgments under Rule 60(a) based on their subjective assessment as to whether their intentions are reflected accurately in the record." *Mohegan Lake Motiors, Inc. v. Maoli*, No. 16-CV-6717 (NSR), 2023 WL 1070247, at *5 (S.D.N.Y.

1

Jan. 27, 2023). A correction or clarification under Rule 60(a) may not substantively alter the rights of the parties and must "reflect the contemporaneous intent of the district court as evidenced by the record." *Id.* (quoting *Head Start*, 956 F. Supp. 2d at 410).

Rule 60(b) also allows a Court to amend a prior order due to "mistake, inadvertence, surprise, or excusable neglect." *See Head Start*, 956 F. Supp. 2d at 410.

## ARGUMENT

Miguel Morel is an attorney with the law firm of Littler Mendelson P.C. He corresponded with Plaintiff on behalf of Spirit Airlines, Inc. before Plaintiff commenced this litigation. Plaintiff's claims against Morel arise from his (Morel's) email communication with Plaintiff relating to Spirit's allegedly discriminatory enforcement of its mask-wearing policy. *See* [DE 3-81 and 3-82]. Plaintiff's Complaint does not assert any claims against Morel that do not derive from Plaintiff's claims against Spirit.

A group of airline Defendants, and one individual airline employee, represented by Condon & Forsyth LLP jointly filed a Motion to Dismiss Plaintiff's Complaint for failure to state a claim and, in the case of the individual airline employee, also for lack of personal jurisdiction, on November 20, 2023. *See* [DE 179-180].[1]

Attorney Morel subsequently was served with the Complaint on December 4, 2023. *See* U.S. Marshals Process Receipt & Return [DE 225]. He filed a Motion to Dismiss on January 8, 2024. *See* [DE 261-262]. The Memorandum of Law in support of his Motion stated:

> Defendant is represented by Condon & Forsyth LLP ("C&F") and hereby joins the Joint Motion to Dismiss previously filed by the other C&F-represented Defendants, [DE 179-180 and 228].

---

[1] In its MTD Order, the Court designated this group the "Foreign Defendants." [DE 346] at 2.

2

*See* [DE 262] at 1. Had Attorney Morel been served with the Complaint when the Foreign Defendants' original Motion to Dismiss was filed, he would have joined it at that time. Nonetheless, Attorney Morel joined the Foreign Defendants' original Motion to Dismiss while it was pending and prior to the Court's MTD Order. Plaintiff filed a response to Attorney Morel's motion on January 14, 2024. *See* [DE 270].[2]

The Court issued the MTD Order on March 29, 2024 dismissing all claims against the Foreign Defendants, including Spirit Airlines and the individual airline employee Defendant, Matthew Roberts. The MTD Order stated:

> Although Plaintiff has included in his Complaint claims against Spirit's outside counsel, Miguel Morel, Compl. ¶ 50, Morel did not join the Foreign Defendants' motion to dismiss with Spirit and has filed his own motion to dismiss, Dkt. No. 261, which the Court does not address in this Opinion.

*See* [DE 346] at 25 n.12.

Attorney Morel respectfully submits that this finding was a "mistake arising from oversight or omission" in light of Attorney Morel's January 8, 2024 Memorandum of Law stating that he joined the Foreign Defendants' original Motion to Dismiss. It appears to have been the Court's intention with the MTD Order to grant the Foreign Defendants' Motion to Dismiss [DE 179-180] with respect to all Defendants who had joined it. Pursuant to Rule 60(a), Attorney Morel respectfully submits that the Court should modify the MTD Order to clarify that Attorney Morel had joined the original Motion by deleting footnote 12 of the MTD Order and including Attorney Morel in its description of the "Foreign Defendants." If the Court's omission of Attorney Morel from the list of

---

[2] In addition to joining the Foreign Defendants' Motion to Dismiss, Attorney Morel's January 8 Memorandum of Law also incorporated the arguments made on Spirit's behalf – which the Court has now accepted. *See* [DE 262] at 2.

3

Foreign Defendants in spite of his January 8 Memorandum was the result of "mistake or inadvertence," Rule 60(b) permits the Court to amend the MTD Order to reflect his joinder.

## CONCLUSION

WHEREFORE, Defendant Miguel Morel respectfully requests that the Court's MTD Order [DE 346], be modified or amended to apply to him as one of the parties to the Foreign Defendants' Motion to Dismiss [DE 179-180] or, in the alternative, grant his Motion to Dismiss the Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6), together with such other and further relief that the Court deems just and proper.

Dated: New York, New York
April 16, 2024

            CONDON & FORSYTH LLP

            BY: /s/ Jonathan E. DeMay
                 Jonathan E. DeMay (JD 3604)
                 jdemay@condonlaw.com
                 Zachary Groendyk
                 zgroendyk@condonlaw.com
                 7 Times Square, 18th Floor
                 New York, New York 10036
                 (212) 490-9100

                 *Attorneys for Defendant*
                 Miguel Morel

## AFFIDAVIT OF SERVICE

UNITED STATES DISTRICT COURT            )
                                        ) ss.:
SOUTHERN DISTRICT OF NEW YORK           )

Matthew Aisenberg, duly sworn, deposes and says, that deponent is not a party to the action, is over 18 years of age and resides in New York, New York. That on the 16th day of April 2024, deponent served a copy of the within **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MIGUEL MOREL'S MOTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60** upon:

Aaron Abadi, *pro se*
82 Nassau Street, Apt. 140
New York, NY 10038

via ECF filing and at the address designated by said pro se litigant for that purpose by depositing same enclosed in a properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

_____
Matthew Aisenberg

Sworn to before me this
16th day of April 2024

_____
Notary Public

LORRAINE A. LINDSAY
Notary Public, State of New York
No. 01LI16185817
Qualified in King County
Commission Expires April 21, 2024