UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **AARON ABADI,**<br><br>    Plaintiff,<br><br>-against-<br><br>**AMERICAN AIRLINES, INC., et al.,**<br><br>    Defendants. | **Case 23-CV-4033 (LJL)** |

### AMENDED MOTION FOR ALTERNATIVE SERVICE

Comes now Plaintiff Aaron Abadi, appearing pro se, and respectfully moves this Honorable Court for the following relief.

On August 21, 2023, this Court granted Plaintiff's request to proceed in forma pauperis (Doc. 13), thereby waiving the associated fees. Subsequently, on August 31, 2023, after reviewing the case, the Court directed the Court Clerk to arrange for the United States Marshals ("Marshals") to serve the summons and complaint to all Defendants (Doc. 18).

On December 1, 2023, the Court extended the deadline for serving the Defendants until March 1, 2024 (Doc. 209), affording the Marshals additional time

for service. Notably, the Court explicitly stated that no further extensions would be entertained.

During that period, between submitted waivers of service and successful Marshals' service, fifty-seven out of sixty-one initial Defendants have been served. Regrettably, three Defendants remain unserved and have not submitted any waiver of service. They are as follows:

Defendant **AIR CHINA** LIMITED ("Air China"): Despite attempts by the Marshals to serve them at their listed address in Texas, no tenant was found at the location, resulting in an unexecuted service (Doc. 90). Subsequently, Plaintiff provided an updated address for service (Doc. 95), which is as follows:

> Air China Limited
> customer_relations@airchina.com
> 350 Fifth Ave. Suite 6905
> New York, NY 10118

Defendant **CHINA SOUTHERN AIRLINES** COMPANY LIMITED ("China Southern"): Despite being notified through attorneys, China Southern declined to authorize a waiver of service. Furthermore, when the Marshals attempted service at their New York address, they refused to accept service, providing an alternative address in California (Doc 251 – filed 12/27/2023).

Plaintiff believes, based on interactions with their New York office and attorneys, that China Southern is aware of this lawsuit. The new address provided by their New York Office is:

>China Southern Airlines Co. LTD
>95539@csair.com
>17800 Castleton Street - Suite 488
>City of Industry, CA 91748

Defendant SUN COUNTRY, INC. DBA **SUN COUNTRY AIRLINES** ("Sun Country"): Service upon Sun Country by the Marshals was unsuccessful, with the Marshals filing a document indicating unexecuted service (Doc. 191). The contact information listed on the Sun Country website is as follows:

>Sun Country Airlines
>Accessibility@suncountry.com
>2005 Cargo Road
>Minneapolis, MN 55450

Despite diligent efforts, these airlines have not responded to the summons and complaint, nor have they acknowledged the request for a waiver.

The Plaintiff respectfully requests the Court to direct the Court Clerk to inform the Marshals of the updated addresses and to grant the Marshals additional time to serve the remaining three Defendants.

## LEGAL STANDARD

The United States Marshals are required by law to effect service on all the Defendants in this case, as this Plaintiff was granted in-forma pauperis status. As the Federal Rules of Civil Procedure, Rule 4 (C) 3 reads:

> "At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. §1915…"

## ARGUMENTS

The Plaintiff was never given any contact information to reach out to the US Marshals. This is all handled directly by the Court. The Plaintiff provides information to the Court and the Court presents that information to the Marshals. In this case, three of the Defendants, listed above, were not reached by the Marshals.

See Sellers v. US, where the Circuit Court of Appeals overturned the Magistrate Judge's decision to dismiss "the case with respect to all four defendants for failure to perfect service within 120 days, as Fed.R.Civ.P. 4(j) requires in the

absence of "good cause"." Sellers v. US, 902 F. 2d 598 - Court of Appeals, 7th Circuit 1990.

The 7th Circuit held that in that case that the Plaintiff actually did have good cause for not serving the Defendants, since he gave basic information to the Marshal and that should have been enough. The Court wrote as follows:

> "The Marshal needs from the prisoner information sufficient to identify the guard ("John Doe No. 23" won't do); once that information has been provided, the Marshal should be able to obtain a current business address and complete service. If the Department of Justice declines to furnish the address to its own employee the Marshal, that hard-nosed attitude satisfactorily explains a prisoner's inability to serve papers within 120 days. How is the prisoner to obtain information the Bureau of Prisons will not entrust to a Marshal? We join the Ninth Circuit in holding that when the district court instructs the Marshal to serve papers on behalf of a prisoner, the prisoner need furnish no more than the information necessary to identify the defendant. Puett v. Blandford, 895 F.2d 630, 635 (1990). The Marshal's failure to accomplish the task is automatically "good cause" within the meaning of Rule 4(j). See also Romandette v. Weetabix Co., 807 F.2d 309, 311 (2d Cir.1986); Rochon v. Dawson, 828 F.2d 1107, 1109-10 (5th Cir.1987); and Mondy v. Secretary of the Army, 845 F.2d 1051, 1053 (D.C.Cir.1988), all holding that an indigent prisoner representing himself is entitled to rely on the Marshal to achieve service of process." Id

In our case, while it is not exactly a prisoner situation, Plaintiff argues that the Marshals were given sufficient information in a timely manner, where the Marshals should have been able to serve these three Defendants.

**AIR CHINA** no tenant was found at the location, resulting in an unexecuted service (Doc. 90). Subsequently, Plaintiff provided an updated address for service (Doc. 95). This new address was provided on November 12, 2023. The US Marshals had six months to serve them at this address. This was not done.

**CHINA SOUTHERN** refused to accept service, providing an alternative address in California (Doc 251 – filed 12/27/2023). On December 13, 2023, the US Marshals spoke to a person that works for China Southern at their New York office. That means the address that Plaintiff gave the Marshals was correct. Then the person refused to accept service, but gave an exact address in California where the main United States office is, and where they WILL accept service. The US Marshals had four months to serve the Defendant at the new location, but obviously did not even attempt it. Plaintiff believes that it is the responsibility of the Court to affect the service through the US Marshal, and therefore the Court should follow up with them to make sure they complete the service.

**SUN COUNTRY**, was not to be found at the address initially provided by Plaintiff, and the Marshals filed a document indicating unexecuted service (Nov. 22, 2023 - Doc. 191). The response that they received at the Texas address was that the Company went bankrupt and no longer resides at that address. A week later, on November 29, 2023, Plaintiff filed a statement (Doc. 208) with the Court

presenting the Defendant's New York registered address and its actual physical headquarters in Minneapolis.  As in the case with the previous two, the US Marshals did not continue to pursue them, while they had over four months to do that.

The Court has the responsibility to direct the US Marshals. Given that the Plaintiff lacked direct access to communicate with the Marshals, the Court serves as the intermediary. Updated addresses were promptly provided to the Court upon learning of the Marshals' inability to execute service. Subsequently, either the Court informed the Marshals and they overlooked it, or the Court failed to notify them altogether. In either scenario, the Plaintiff bears no fault. Relying solely on the US Marshals for service, the Plaintiff finds their failure to complete the task unwarranted. The information provided to the Marshals was timely and adequate, leaving no justification for their inability to carry out service. It was the Court's responsibility to coordinate and oversee this service. Thus, the Plaintiff has reasonable cause to request an extension and implore the Court to ensure the Marshals receive the necessary information to promptly serve the Defendants.

Initially, the Plaintiff proposed alternative service to ease the burden on both the US Marshals and the Court. However, upon further examination of the case and relevant laws, it became evident that the appropriate course of action would be to

seek an extension and petition the Court to facilitate service on the three Defendants through the US Marshals.

It's worth noting that all Defendants were notified via email, implying they are already aware of the case.

There is a lot of case law that supports this position. See Walker v. Schult where the 2nd Circuit Court of Appeals overturned the lower court judge's decision to dismiss the claims against two Defendants for failure to serve them. In the footnote (#6), the Court explains it's decision. It writes the following:

> "Walker received permission to proceed in forma pauperis. Generally, a pro se litigant proceeding in forma pauperis is entitled to rely on the U.S. Marshals Service to effect service. See 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process ... in [in forma pauperis] cases."); Fed.R.Civ.P. 4(c)(3); Wright v. Lewis, 76 F.3d 57, 59 (2d Cir.1996) (a plaintiff's in forma pauperis status "shift[s] the responsibility for serving the complaint from [the plaintiff] to the court"). **The failure of the U.S. Marshals Service to properly effect service of process constitutes "good cause" for failure to effect timely service, within the meaning of Federal Rule of Civil Procedure 4(m)**. See Romandette v. Weetabix Co., 807 F.2d 309, 311 (2d Cir.1986) (reversing dismissal where the U.S. Marshals Service failed to effect timely personal service through no fault of the plaintiff). Here, the Bureau of Prisons returned unsigned requests for waivers of service on behalf of Sepanek and Lappin, explaining that Sepanek was on "extended medical leave" and Lappin had retired. Under these circumstances, it was error for the district court to dismiss Walker's claims against Sepanek and Lappin for failure to serve without considering whether Walker attempted to effect personal service on them through the U.S. Marshals Service and whether the Marshals' failure to

serve them constitutes "good cause" for failure to effect proper service. See id. Walker does not contest the dismissal of his claims against Lappin. On remand, the district court shall consider whether Walker may be entitled to another opportunity to serve Sepanek." (Emphasis added) Walker v. Schult, 717 F. 3d 119 - Court of Appeals, 2nd Circuit 2013.

    The Sixth Circuit Court of Appeals also made a similar decision, and in this case, it was a non-prisoner, similar to our case.  The Court held the following:


"The district court decided that plaintiff was unable to demonstrate good cause for his failure to effect timely service. We disagree. Under the circumstances present here, the utter failure of the clerk and the Marshals Service to accomplish their respective duties to issue and serve process for plaintiff proceeding in forma pauperis constitutes a showing of good cause under Fed. R.Civ.P. 4. In so holding, we align ourselves with those other Courts of Appeal that confer a showing of automatic good cause on similarly situated plaintiffs. E.g., Dumaguin v. Secretary of Health and Human Servs., 28 F.3d 1218, 1221 (D.C.Cir.1994), cert. denied, ___ U.S. ___, 116 S.Ct. 94, 133 L.Ed.2d 50 (1995) (United States Marshals Service's failure to effectuate service of process constitutes good cause under Rule 4); Puett v. Blandford, 912 F.2d 270, 276 (9th Cir.1990) (plaintiff should not be penalized for failure to effect service where Marshals Service failed to perform duties required under § 1915(c)); Sellers v. United States, 902 F.2d 598, 602 (7th Cir.1990) (Marshal's failure to effect service is automatic good cause within Fed. R. Civil P. 4). We therefore decline to hold plaintiff responsible for the court's failure to effect timely service of his original complaint." Byrd v. Stone, 94 F. 3d 217 - Court of Appeals, 6th Circuit 1996.

   Also see Fowler v. Jones at the Eleventh Circuit as follows:


"Given the court officers' role in serving in forma pauperis complaints pursuant to 28 U.S.C. § 1915(c) and Fed.Rule.Civ.Pro. 4(c)(2)(B)(i), and the plaintiff's

reasonable belief that the defendants had been served, we find that the court's denial of a continuance was an abuse of discretion. The balance of factors, even given the considerable inconvenience to the court, tilts in favor of the appellant. Thus, we hold that plaintiff-appellant must be given the opportunity to serve the remaining defendants prior to the district court conducting a new trial." Fowler v. Jones, 899 F. 2d 1088 - Court of Appeals, 11th Circuit 1990

   Also see Richardson v. Johnson, at the Court of Appeals for the 11th Circuit:

"When a court grants a litigant leave to proceed IFP, the officers of the court must "issue and serve all process." 28 U.S.C. § 1915(d). "[T]he failure of the United States Marshal to effectuate service on behalf of an in forma pauperis plaintiff through no fault of that plaintiff constitutes `good cause' for the plaintiff's failure to effect timely service within the meaning of Rule 4(m)." Rance, 583 F.3d at 1288." Richardson v. Johnson, 598 F. 3d 734 - Court of Appeals, 11th Circuit 2010.

   Also see Graham v. Satkoski at the Seventh Circuit as follows:

"On remand, the district court must evaluate the Marshals Service's efforts and the adequacy of the state disclosure procedures in light of Sellers. If the Marshals Service could have obtained the new addresses of the defendants with reasonable efforts, the marshals' failure to serve process was "good cause" for purposes of Rule 4(m). Of course, if the failure to serve process was due to appellants' failure to cooperate with the Marshals Service, there may not be good cause and dismissal may be appropriate. See Del Raine v. Williford, 32 F.3d 1024, 1030 (7th Cir.1994)." Graham v. Satkoski, 51 F. 3d 710 - Court of Appeals, 7th Circuit 1995.

   Also see Terrell v. Brewer, at the Court of Appeals for the 9th Circuit:

"The record indicates that Morales was personally served. Even if service occurred after the 120-day limit set by Federal Rule of Civil Procedure 4(j), a pro se plaintiff should not be penalized for reliance on a United States marshal under Rule 4(c)(2)(B) and 28 U.S.C. § 1915(c). Puett v. Blandford, 912 F.2d 270, 273-75 (9th Cir.1990)." Terrell v. Brewer, 935 F. 2d 1015 - Court of Appeals, 9th Circuit 1991.

There are probably dozens of more cases just like this at the Circuit Court level, throughout all the Circuits. Plaintiff believes that this is settled law, based on the research he was able to do. This is a right that Plaintiff has and he should be entitled to a thorough and proper service, as if he was a paying customer, at the very least.

WHEREFORE, Plaintiff respectfully requests this Court to extend the time to serve these three Defendants, and to instruct the Marshals to carry out such service to the addresses provided, along with any other relief deemed appropriate by the Court in addressing these matters.

Respectfully submitted this 19th day of April, 2024.

*s/Aaron Abadi*

AARON ABADI, Plaintiff
82 Nassau Street Apt 140
New York, NY 10038
Tel: 516-639-4100
Email: abadi.rne@gmail.com