# COVINGTON

BEIJING  BOSTON  BRUSSELS  DUBAI  FRANKFURT
JOHANNESBURG  LONDON  LOS ANGELES  NEW YORK
PALO ALTO  SAN FRANCISCO  SEOUL  SHANGHAI  WASHINGTON

David W. Haller

Covington & Burling LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
T +1 212 841 1057
dhaller@cov.com

May 8, 2024

**By ECF**

Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Room 701
New York, New York  10007

Re: **Abadi v. American Airlines Group, Inc. et al., No. 23 Civ. 04033 (LJL)**

Dear Judge Liman:

     I write after consultation with and on behalf of counsel for the airline defendants that have not yet been dismissed from this case (the Remaining Airline Defendants) and Mr. Abadi. We write in response to the Court's March 29, 2024 Order (ECF 348)—entered after the Court issued an opinion and order dismissing all claims against 17 airlines and other defendants (ECF 346)—which "directs the parties to meet and confer to propose an economical, efficient, and fair way for the Court to address the remaining motions, with attention paid to those issues the Court has already decided and that therefore may be dispositive of Plaintiff's claims."  To that end, Mr. Abadi and counsel for the Remaining Airline Defendants conferred telephonically and have a primary proposal as well as an alternative proposal.

     For the primary proposal, counsel for the Remaining Airline Defendants asked Mr. Abadi whether he would consider dismissing all of his claims against the Remaining Airline Defendants without prejudice, with the dismissal to become automatically with prejudice:  (i) in the event Mr. Abadi did not appeal ECF 346 within the applicable period when appeal is possible and permitted (after certification or final judgment); (ii) in the event an appeal were taken but ECF 346 were upheld; and (iii) with respect to particular causes of action as to which ECF 346's dismissals were upheld.  But Mr. Abadi would have leave to refile in a timely manner against the Remaining Airline Defendants causes of action, if any, as to which ECF 346's dismissals were appealed and reversed.  Recognizing the likely effect of ECF 346 on his claims against the Remaining Airline Defendants, Mr. Abadi expressed a willingness to agree to this proposal, except Mr. Abadi would like to condition his agreement on the Court granting Mr. Abadi's Rule 54(b) motion.

     In the alternative, if the primary proposal is not implemented, the Remaining Airline Defendants and Mr. Abadi have agreed to the following briefing schedule and page limits:  The Remaining Airline Defendants to file an omnibus brief limited to 40 pages on common

**COVINGTON**
Page 2 of 2

arguments in support of their motions to dismiss due within 30 days after the conference; individual airlines to file briefs limited to 8 pages asserting non-common arguments with the same due date; Mr. Abadi to respond within 30 days with the same page limits (40 pages to respond to the omnibus brief and 8 pages each to respond to the individual briefs); and replies to be filed 14 days later limited to 20 pages for the omnibus reply and 4 pages for the individual replies.

We look forward to discussing these matters at the May 15 conference.

Respectfully submitted,

David W. Haller

cc:  Counsel of Record
     Aaron Abadi (by email)