```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
AARON ABADI,                                                     :
                                                                 :
                              Plaintiff,                         :
                                                                 :         23-cv-4033 (LJL)
          -v-                                                    :
                                                                 :              ORDER
AMERICAN AIRLINES et al.,                                        :
                                                                 :
                              Defendants.                        :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/15/24

LEWIS J. LIMAN, United States District Judge:

    Plaintiff Aaron Abadi brings thirty-seven claim for, *inter alia*, discrimination relating to mask mandates during the COVID-19 pandemic, against more than seventy defendants. Dkt. No. 3. Some of the defendants are airlines and employees thereof, some are medical delivery services, and some are government agencies and government officials. *See id.* Numerous motions to dismiss were filed. *See, e.g.*, Dkt. Nos. 121, 130, 179, 212, 217, 232, 234, 261, 264, 272, 306, 331, 338. On March 29, 2024, the Court resolved three of the motions to dismiss brought by some of the airline defendants and their employees, finding that Plaintiff failed to state a claim against those defendants ("Dismissed Defendants"). Dkt. No. 346. Plaintiff moved the Court to certify its March 29 Opinion as a final judgment immediately appealable to the Second Circuit Court of Appeals pursuant to Federal Rule of Civil Procedure 54(b). Dkt. No. 351. For the following reasons, the motion is denied without prejudice to renewal following disposition of the government defendants' claims.

    "Rule 54(b) provides an exception to the general principle that a final judgment is proper only after all claims have been adjudicated, and empowers the district court to enter a final

judgment on fewer than all of the claims in an action" when certain conditions are met. *Harriscom Svenska AB v. Harris Corp.*, 927 F.3d 627, 629 (2d Cir. 1991). The Second Circuit has instructed that "[a] certification under Rule 54(b) should be granted only if there are interests of sound judicial administration and efficiency to be served, or, in the infrequent harsh case, where there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *Id.* "In applying these principles," the Circuit has "repeatedly noted that the district court generally should not grant a Rule 54(b) certification if the same or closely related issues remain to be litigated." *Novick v. AXA Network, LLC*, 642 F.3d 304, 311 (2d Cir. 2011) (quoting *Harriscom*, 947 F.2d at 629).

In this instance, judicial administrative interests weigh against granting certification because Plaintiff's remaining claims arise out of largely overlapping factual allegations and similar legal issues. The Court today held a status conference to decide an economical and fair way to address the remaining motions to dismiss. At the conference, Plaintiff indicated that he intends to pursue all of his claims against the federal government defendants, including those claims that allege that the federal government defendants conspired with the private defendants.[1] Accordingly, certain of these surviving claims arise from the same underlying set of facts as the failed claims, and certification of the Court's March 29 Opinion is not warranted. *See, e.g.*, *FAT Brands Inc. v. PPMT Cap. Advisors, Ltd.*, 2021 WL 1392849, at *3 (S.D.N.Y. Apr. 13, 2021) ("[W]hether or not the legal questions raised by the dismissed and pending claims are the same, the two sets of claims 'are closely related and stem from essentially the same factual

---

[1] At today's conference, the Court set a somewhat accelerated schedule for briefing on the motion of the federal government defendants to dismiss, with the purpose of ensuring that, if the remaining claims are also dismissed, Plaintiff can appeal the Court's rulings to the Second Circuit without delay.

2

allegations.'" (quoting *LPD N.Y., LLC v. Adidas Am., Inc.*, 295 F. Supp. 3d 275, 288 (E.D.N.Y. 2017))); *Negrete v. Citibank, N.A.*, 2017 WL 2963494, at *2 (S.D.N.Y. July 11, 2017) (denying certification because dismissed and remaining claims arose out of the same factual circumstances, even if implicating different legal questions). Indeed, many of Plaintiff's claims brought against the Dismissed Defendants—including claims under 42 U.S.C. §§ 1983, 1985, and 1986, as well as approximately twenty state tort claims, each asserted under the laws of four different states, are also brought against the government defendants, reflecting the interrelated nature of the legal claims themselves. *See, e.g.*, *In re Bayou Hedge Fund Litig.*, 2007 WL 2363622, at *5 (S.D.N.Y. Aug. 16, 2007) ("The fact that plaintiffs plead negligence against all twenty-eight defendants only buttresses the conclusion that the [dismissed] claim is inseparable from the other twenty-seven negligence claims that arise from the . . . fraud."). The gravamen of some of the shared claims are that the Dismissed Defendants were co-conspirators with the other defendants in a common scheme to deprive Plaintiff of his civil rights. "To require [multiple] panels of appellate judges to familiarize themselves with this complicated factual history . . . would most certainly not serve the interests of judicial efficiency." *Uni-Rty Corp. v. Guangdong Bldg., Inc.*, 249 F.R.D. 149, 152 (S.D.N.Y. 2008); *accord Carpenter v. City of New York*, 984 F. Supp. 2d 255, 272 (S.D.N.Y. 2013).

Plaintiff has not identified any hardship or injustice that would be alleviated by immediate appeal that is not inherent in every denial of Rule 54(b) certification. *See, e.g.*, *Timperio v. Bronx-Lebanon Hosp. Ctr.*, 2020 WL 9211177, at *3 (S.D.N.Y. Mar. 9, 2020) (denying motion for entry of partial final judgment as plaintiff failed to articulate "'any unusual hardship or injustice [that] it, or any other party, would endure if required to await, in accordance with normal federal practice, the disposition of the entire case before obtaining' a final

3

judgment" (alteration in original) (quoting *City of New York v. Milhelm Attea & Bros.*, 2012 WL 4959502, at *3 (E.D.N.Y. Oct. 17, 2012))).  Accordingly, on the present record, Plaintiff has not made the necessary showing for certification of partial judgment.

Plaintiff's Rule 54(b) motion for certification of partial judgment is DENIED without prejudice to renewal following disposition of the government defendants' claims.

The Clerk of Court is respectfully directed to close Dkt. No. 351.

SO ORDERED.

Dated: May 15, 2024
       New York, New York

_____
                          LEWIS J. LIMAN
                          United States District Judge

4