UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AARON ABADI,

                              Plaintiff,

          - v -

AMERICAN AIRLINES, INC., *et al.*,

                              Defendants.

No. 23 Civ. 4033 (LJL)

**MEMORANDUM OF LAW IN SUPPORT OF FEDERAL DEFENDANTS' MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(1) AND 12(B)(6)**

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
*Counsel for Federal Defendants*
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2689
E-mail: danielle.marryshow@usdoj.gov

DANIELLE J. MARRYSHOW
Assistant United States Attorney
    – Of Counsel –

# TABLE OF CONTENTS

**PAGE**

PRELIMINARY STATEMENT ............................................................................................1

BACKGROUND ..............................................................................................................3

A.  Statutory and Regulatory Background ..................................................................3

B.  The CDC's Mask Transportation Order ...............................................................5

C.  This Lawsuit...........................................................................................................6

LEGAL STANDARD ......................................................................................................7

ARGUMENT ..................................................................................................................8

I.      Plaintiff's Claims for Injunctive Relief Should Be Dismissed As Moot........................... 8

II.     Plaintiff's Tort Claims Based on the CDC Order Should Be Dismissed for Lack of
        Subject Matter Jurisdiction .......................................................................... 10

III.    Plaintiff's Fails to State Any Tort Claims Based on Defendant Bostic's Conduct .......... 14

IV.     Plaintiff's Contract Claims Should Be Dismissed ........................................... 17

V.      Plaintiff's Rehabilitation Act, Section 1985(3), Section 1986, Air Carrier Access Act, and
        *Bivens* Claims Should Be Dismissed Under the Law of the Case Doctrine .................... 19

VI.     Plaintiff's Claims Under State and Local Antidiscrimination Law Should Be    Dismissed
        .............................................................................................................. 21

CONCLUSION..............................................................................................................24

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adeleke v. United States*,
  355 F.3d 144 (2d Cir. 2004).................................................................. 18

*Alroy v. City of New York Law Dep't*,
  69 F. Supp. 3d 393 (S.D.N.Y. 2014)........................................................ 8

*Aryai v. Forfeiture Support Assocs.*,
  25 F. Supp. 3d 376 (S.D.N.Y. 2012)....................................................... 14

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)........................................................................... 8

*B & A Marine Co. v. Am. Foreign Shipping Co.*,
  23 F.3d 709 (2d Cir. 1994).................................................................. 11

*Beam v. Johnson & Johnson*,
  No. 20 Civ. 19217, 2023 WL 5207832 (D.N.J. Aug. 14, 2023)........................ 22

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)........................................................................... 8

*Bell v. Jendell*,
  980 F. Supp. 2d 555 (S.D.N.Y. 2013)...................................................... 8

*Billings v. American Exp. Co.*,
  No. 10 Civ. 3487, 2011 WL 5599648 (D.N.J. Nov. 16, 2011)......................... 15

*Bocobo v. Radiology Consultants of South Jersey, P.A.*,
  No. 02 Civ. 1697, 2005 WL 3158053 (D.N.J. Nov. 21, 2005)......................... 19

*Borley v. United States*,
  22 F.4th 75 (2d Cir. 2021) ................................................................... 15

*Britt v. Merrill Lynch & Co., Inc*,
  No. 08 Civ. 5356 (GBD), 2011 WL 4000992 (S.D.N.Y. Aug. 26, 2011) .............. 22

*C.H. Sand,ers Co. v. BHAP Housing Devel. Fund Co.*,
  903 F.2d 114 (2d Cir. 1990).................................................................. 18

*C.P. Chem Co. v. United States,*
   810 F.2d 34 (2d Cir. 1987) .................................................................................. 11

*Callahan v. United States,*
   329 F. Supp. 2d 404 (S.D.N.Y. 2004) ............................................................. 13, 14

*Cangemi v. United States,*
   13 F.4th 115 (2d Cir. 2021) ............................................................................... 11

*Cardwell v. Davis Polk & Wardwell LLP,*
   No. 19 Civ. 10256 (GHW), 2020 WL 6274826 (S.D.N.Y. Oct. 24, 2020) ....................... 23, 24

*Cates v. Williams,*
   No. 08 Civ. 1529 (HB), 2009 WL 723021 (S.D.N.Y. Mar. 19, 2009) ..................................... 11

*Corley v. United States,*
   11 F.4th 79 (2d Cir. 2021) ................................................................................ 15

*Coulthurst v. United States,*
   214 F.3d 106 (2d Cir. 2000) .............................................................................. 13

*County of Los Angeles v. Davis,*
   440 U.S. 625 (1979) ........................................................................................... 9

*County of Suffolk v. Sebelius,*
   605 F.3d 135 (2d Cir. 2010) ................................................................................ 8

*Estrella v. Menifee,*
   275 F. Supp. 2d 452 (S.D.N.Y. 2003) ................................................................ 21

*Falchenberg v. N.Y. State Dep't of Educ.,*
   338 F. App'x 11 (2d Cir. 2009) .......................................................................... 20

*Farash v. Continental Airlines, Inc.,*
   574 F. Supp. 2d 356 (S.D.N.Y. 2008) ................................................................ 16

*Feingold v. New York,*
   366 F.3d 138 (2d Cir. 2004) .............................................................................. 22

*Friedman v. Self Help Cmty. Servs., Inc.,*
   647 F. App'x 44 (2d Cir. 2016) .......................................................................... 16

*Giamatti v. Newton,*
   452 F. App'x. 24 (2d Cir. 2011) .......................................................................... 8

*Goldfarb v. Solimine,*
   245 N.J. 326 (2021) .......................................................................................... 19

*Goode v. U.S. Dep't of Homeland Sec.,*
   815 F. App'x 643 (3d Cir. 2020) ..................................................................... 21

*Griffin v. Wachovia Mortgage,*
   No. 11 Civ. 148, 2011 WL 13228012 (C.D. Cal. July 25, 2011) ........................... 19

*HC2, Inc. v. Delaney,*
   510 F. Supp. 3d 86 (S.D.N.Y 2020) ...................................................................... 16

*Health Freedom Defense Fund v. Biden,*
   71 F.4th 888 (11th Cir. 2023) ............................................................................. 9

*Hernandez v. United States,*
   939 F.3d 191 (2d Cir. 2019) .................................................................................. 8

*In re Zyprexa Prod. Liab. Litig.,*
   No. 04 MDL 1596, 2007 WL 2332544 (E.D.N.Y. Aug. 15, 2007) ........................ 21

*JBF Interlude 2009 Ltd. v. Quibi Holdings LLC,*
   Nos. 20 Civ. 2299, 20 Civ. 2250, 2020 WL 6203555 (C.D. Cal. Oct. 19, 2020) ................. 19

*Kamen v. American Tel. & Co.,*
   791 F.2d 1006 (2d Cir. 1986) ................................................................................. 8

*Kaye v. Trump,*
   873 N.Y.S.2d 5 (1st Dep't 2009) .......................................................................... 16

*Kingsley v. Bureau of Prisons,*
   937 F.2d 26 (2d Cir. 1991) .................................................................................... 21

*La Ford v. Geo Grp. Inc.,*
   No. 13 Civ. 1978, 2013 WL 2249253 (E.D.N.Y. May 22, 2013) ........................... 21

*Larsen v. U.S. Navy,*
   525 F.3d 1 (D.C. Cir. 2008) ................................................................................... 9

*Logan v. Matveevskii,*
   57 F. Supp. 3d 234 (S.D.N.Y. 2014) .................................................................... 11

*Long Island Radio Co. v. NLRB,*
   841 F.2d 474 (2d Cir. 1988) .................................................................................. 7

*Loving v. Princess Cruise Lines, Ltd.*,
    No. 08 Civ. 2898, 2009 WL 7236419 (C.D. Cal. Mar. 5, 2009) ............................................. 22

*Makarova v. United States*,
    201 F.3d 110 (2d Cir. 2000) ................................................................................................... 7

*Marmon v. Mustang Aviation, Inc.*,
    430 S.W.2d 182 (Tex. 1968) .................................................................................................. 22

*Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*,
    715 F.3d 102 (2d Cir. 2013) .................................................................................................. 23

*Pierre v. Standard Ins. Co.*,
    No. 20 Civ. 257, 2021 WL 2420415 (W.D. Tex. May 11, 2021) ........................................... 19

*Pomerance v. McGrath*,
    2 N.Y.S. 436 (1st Dep't 2015) .............................................................................................. 19

*Ranbir v. Lynch*,
    640 F. App'x 105 (2d Cir. 2016) ........................................................................................... 20

*Restis v. Am. Coalition Against Nuclear Iran, Inc.*,
    53 F. Supp. 3d 705 (S.D.N.Y. 2014) ..................................................................................... 16

*Rivera v. United States*,
    928 F.2d 592 (2d Cir. 1991) .................................................................................................. 10

*Robinson v. Overseas Mil. Sales Corp.*,
    21 F.3d 502 (2d Cir. 1994) .................................................................................................... 21

*Sereika v. Patel*,
    411 F. Supp. 2d 397 (S.D.N.Y. 2006) ................................................................................... 11

*Small v. Lorillard Tobacco Co., Inc.*,
    94 N.Y.2d 43 (1999) .............................................................................................................. 17

*Sobel v. Eggleston*,
    No. 12 Civ. 2551 (DAB), 2013 WL 1344712 (S.D.N.Y. Mar. 28, 2013) .............................. 19

*Spinale v. USDA*,
    621 F. Supp. 2d 112 (S.D.N.Y. 2009) ............................................................................... 8, 18

*Stuto v. Fleishman*,
    164 F.3d 820 (2d Cir. 1999) .................................................................................................. 16

*Trinity Super Majority, LLC v. Milligan*,
   657 S.W.3d 349 (Tex. Ct. App. 2022) ................................................................ 19

*United States v. Gaubert*,
   499 U.S. 315 (1991) .............................................................................. 12, 13, 14

*United States v. Sherwood*,
   312 U.S. 584 (1941) ............................................................................................ 7

*Wall v. Ctrs. For Disease Control & Prevention*,
   No. 21 Civ. 975, 2022 WL 1619516 (M.D. Fl. Apr. 29, 2022) ............................. 21

*Weathers v. Millbrook Cent. Sch. Dist.*,
   486 F. Supp. 2d 273 (S.D.N.Y. 2007) ................................................................ 21

*Williams v. N.Y.C. Housing Auth.*,
   872 N.Y.S.2d 27 (1st Dep't 2009) ...................................................................... 23

**Statutes**

20 U.S.C. § 3508(b) ............................................................................................... 4

28 U.S.C. § 1346(a)(2) ......................................................................................... 18

28 U.S.C. § 1346(b) ............................................................................................. 15

28 U.S.C. § 1491 ................................................................................................. 18

28 U.S.C. § 2679(b)(1) ......................................................................................... 10

28 U.S.C. § 2679(d)(1) ......................................................................................... 11

28 U.S.C. § 2680(a) ......................................................................................... 2, 11

28 U.S.C. § 2680(h) ............................................................................................. 14

42 U.S.C. § 264 ..................................................................................................... 4

42 U.S.C. § 264(a) ............................................................................................... 12

42 U.S.C. § 1983 ................................................................................................. 21

42 C.F.R. pt. 70 ..................................................................................................... 4

42 C.F.R. § 70.2 ................................................................................................ 4, 5

42 C.F.R. § 71.32(b) ............................................................................................. 5

Defendants Department of Health and Human Services ("HHS"), National Institutes of Health ("NIH"), Centers for Disease Control and Prevention ("CDC"), Department of Transportation ("DOT"), Pete Buttigieg, Secretary of DOT, in his official capacity, the Transportation Security Administration ("TSA"), the Department of Justice ("DOJ"), (together, the "Agency Defendants"), David P. Pekoske, Administrator of TSA, in his individual capacity, Erinn Bostic, in her individual capacity, Dr. Anthony Fauci, in his individual capacity, and Dr. Robert Redfield, in his individual capacity (together, the "Individual Defendants," and together with the Agency Defendants, the "Federal Defendants") by their attorney, Damian Williams, United States Attorney for the Southern District of New York, respectfully submit this memorandum of law in support of their motion to dismiss the complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court should dismiss the Complaint for the reasons below.

## PRELIMINARY STATEMENT

Plaintiff Aaron Abadi has brought this action against the Federal Defendants, along with several airlines, medical consultants, and other individuals challenging the CDC's now expired order that individuals generally must wear a face mask while travelling in airports and on airplanes to help prevent the spread of COVID-19. Plaintiff further alleges that despite a disability preventing him from wearing a mask, which exempted him from the CDC's masking requirements, the airline defendants refused to allow him to travel without a mask. Plaintiff also alleges that Defendant Bostic, a TSA employee, asked him in a "rude" manner to wear a mask while undergoing security screening at John F. Kennedy International Airport, and required him to be escorted by an airline employee in order to complete the screening process. The Complaint and Supplemental Complaint raise a multitude of claims against the Federal Defendants. Namely,

Plaintiff brings claims against the Federal Defendants for violations of the Administrative Procedure Act ("APA"), unconstitutional delegation and separation of powers violations, as well as claims under the Federal Tort Claims Act ("FTCA"), the Air Carrier Access Act ("ACAA"), Civil Rights Act, and Rehabilitation Act. Plaintiff also brings *Bivens* claims, contract claims, and claims under state antidiscrimination law. He seeks injunctive and declaratory relief, as well as $4.5 billion in damages.

First, the Court should dismiss all of Plaintiff's claims for injunctive relief—namely, his APA, unconstitutional delegation and separation of powers claims—for mootness, given the expiration of the CDC's masking requirements in May 2023. Because, as the Eleventh Circuit has already held, there is no reasonable basis to expect that the masking requirements will be reinstated now that the COVID-19 related public health emergency declaration has expired, those claims are no longer live and should be dismissed.

Second, the Court should dismiss Plaintiff's FTCA claims—which can be brought only against the United States, rather than any of the named Federal Defendants—for lack of subject matter jurisdiction under the FTCA's discretionary function exception to the extent they are premised on the promulgation or enforcement of the CDC's mask mandate. The discretionary function exception bars claims that are "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). Because Congress has delegated broad discretionary authority to the Secretary of Health and Human Services to craft regulations needed to prevent the spread of communicable diseases like COVID-19, and at bottom Plaintiff seeks to second guess those policy judgments through a tort action, Plaintiff's tort claims premised on the CDC Order's promulgation and enforcement should

be dismissed. In addition, Plaintiff's tort claims that are premised on his alleged interaction with Defendant Bostic should be dismissed for failure to state a claim.

Third, the Court should dismiss Plaintiff's contract claims brought against HHS, the CDC, and NIH, because Plaintiff seeks more than $10,000 in damages for the alleged breach of contract. Under the Tucker Act and the "Little Tucker Act," the Court of Federal Claims has exclusive subject matter jurisdiction over non-tort claims against the United States exceeding $10,000 where, as here, there is no independent waiver of sovereign immunity other than the Tucker Act itself. Moreover, Plaintiff fails to state a breach of contract claim or promissory estoppel claim against Dr. Fauci and Dr. Redfield under applicable state law.

Fourth, Plaintiff's Rehabilitation Act, Section 1985(3), Section 1986, ACAA, and *Bivens* claims should be dismissed against the Federal Defendants under the law of the case doctrine because this Court's reasoning for dismissing those claims against other defendants in its March 29, 2024 opinion and order is equally applicable to the Federal Defendants.

Finally, Plaintiff's state antidiscrimination claims likewise fail. Such claims cannot be brought against the Agency Defendants because the United States has not waived sovereign immunity for such claims. And Plaintiff has failed to allege that the Individual Defendants took any action that would fall within the reach of the California, New Jersey, or Texas antidiscrimination laws Plaintiff claims were violated. In addition, Plaintiff has failed to state a claim that any of the Individual Defendants are liable under the New York City Human Rights Law.

## BACKGROUND

### A.  Statutory and Regulatory Background

Congress enacted the Public Health Service Act in 1944. *Consolidation & Revision of Laws Relating to the Public Health Service*, H.R. Rep. No. 1364, 78th Cong. 2d Sess., at 1 (1944). The

resulting statute, 42 U.S.C. § 264—part of a broader statutory scheme authorizing the HHS to take wide-ranging public-health actions, *see id.* §§ 264-272—authorizes the Secretary of HHS[1] "to make and enforce such regulations as in his judgment are necessary to prevent the introduction, transmission, or spread of communicable diseases from foreign countries into the States or possessions, or from one State or possession into any other State or possession." *Id.* § 264(a). The second sentence of subsection (a) further clarifies that "[f]or purposes of carrying out and enforcing such regulations," the Secretary "may provide for such inspection, fumigation, disinfection, sanitation, pest extermination, destruction of animals or articles found to be so infected or contaminated as to be sources of dangerous infection to human beings, and other measures, as in his judgment may be necessary." *Id.* The final subsection provides that the statute and any regulation adopted thereunder supersede state law "to the extent that such a provision conflicts with an exercise of Federal authority." *Id.* § 264(e).

The Secretary has promulgated several regulations implementing these provisions and delegating their enforcement to the CDC. *See* 42 C.F.R. pt. 70; *Control of Communicable Diseases, Apprehension and Detention of Persons With Specific Diseases, Transfer of Regulations*, 65 Fed. Reg. 49,906, 49,907 (Aug. 16, 2000). A regulation now codified at 42 C.F.R. § 70.2 provides the CDC with broad discretion to address the uncontrolled spread of communicable disease. Specifically, if the CDC Director "determines that the measures taken by health authorities of any State or possession (including political subdivisions thereof) are insufficient to prevent the spread of any of the communicable diseases" between or among states, he or she is empowered to "take such measures to prevent such spread of the diseases as he/she deems reasonably necessary."

---

[1] Although the statute assigns authority to the Surgeon General, all statutory powers and functions of the Surgeon General were transferred to the Secretary of HHS in 1966, 31 Fed. Reg. 8855 (June 25, 1966), 80 Stat. 1610 (1966); *see also* Pub. L. No. 96-88, § 509(b), 93 Stat. 668, 695 (1979) (codified at 20 U.S.C. § 3508(b)). The Secretary has retained these authorities despite the reestablishment of the Office of the Surgeon General in 1987.

42 C.F.R. § 70.2. These measures include, but are not limited to, "inspection, fumigation, disinfection, sanitation, pest extermination, and destruction of animals or articles believed to be sources of infection." *Id.* In addition, separate longstanding regulations provide that "[w]henever the Director has reason to believe that any arriving carrier . . . is or may be infected . . . with a communicable disease, he/she may require detention, disinfection, . . . or other related measures respecting the carrier or article or thing as he/she considers necessary to prevent the introduction, transmission, or spread of communicable diseases." 42 C.F.R. § 71.32(b); *see also id.* § 71.31(b) (allowing "detention of a carrier until the completion of the measures outlined in this part that are necessary to prevent the introduction or spread of a communicable disease"). And other regulations authorize the CDC to limit interstate travel of infected persons, *see id.* § 70.3, to apprehend and detain persons, *id.* § 70.6, and to conduct medical examinations, *id.* § 70.12, to control the spread of disease.

**B.  The CDC's Mask Transportation Order**

The CDC issued the transportation mask order (the "Order") on February 3, 2021 in response to the COVID-19 pandemic. CDC, *Order Under Section 361 of the Public Health Service Act, Requirement for Persons To Wear Masks While on Conveyances and at Transportation Hubs*, 86 Fed. Reg. 8025, 8026 (Feb. 3, 2021). Generally, the Order required persons to "wear masks over the mouth and nose when traveling on any conveyance . . . into or within the United States" and "at transportation hubs." *Id.* at 8026. In relevant part, the Order exempted anyone "with a disability who cannot wear a mask, or cannot safely wear a mask," among others. *Id.* at 8027.

On May 11, 2023, the public health emergency with respect to COVID-19 expired. *See End of the Federal COVID-19 Public Health Emergency (PHE) Declaration*, CDC, https://archive.cdc.gov/www_cdc_gov/coronavirus/2019-ncov/your-health/end-of-phe.html (last

visited June 28, 2024). The Order expired, by its terms, at the end of the public health emergency. *See* 86 Fed. Reg. 8025-01 at 8030 ("This Order . . . will remain in effect . . . until the Secretary of Health and Human Services rescinds the determination . . . that a public health emergency exists.").

### C. This Lawsuit

On May 1, 2023, Plaintiff filed the operative Complaint in the United States District Court for the Northern District of Texas against a subset of the Federal Defendants, various airlines, medical consultants, and other individuals. On May 8, 2023, the Northern District of Texas transferred the case to this Court *sua sponte*. *See* ECF No. 10. In his Complaint, Plaintiff alleges that he has been diagnosed with a sensory processing disorder that qualifies as a disability and prevents him from wearing a mask. *See* Compl. ¶¶ 141-42. Plaintiff alleges that various airlines refused to allow him to board their airplanes without a mask. *See* Compl. ¶ 166. And while he did not purchase a ticket for most of the airlines named in the Complaint, he claims that in 2020 and 2021 he submitted requests for exemption from the Order to the airlines and was rejected. *See* Compl. ¶ 178.

With respect to the Federal Defendants, Plaintiff alleges that despite the disability exception in the Order (which Plaintiff claims he was entitled to take advantage of), the Federal Defendants "negated" the disability exception "by authorizing airlines to discriminate against the disabled" by "allow[ing] them to create multiple requirements and demands" for the disabled to follow if they wished to fly without a mask. *See* Compl. ¶ 788. Plaintiff also appears to challenge the Order itself (despite his allegation that he is exempt from the Order due to his disability), alleging that the Order was unnecessary because masking does not provide significant protection against COVID-19. *See* Compl. ¶¶ 786-797.

On March 29, 2024, this Court issued an opinion and order dismissing all of Plaintiff's claims against numerous defendant airlines and associated individuals. *See* Dkt. No. 346 ("Op."). On that same day, this Court granted Plaintiff's motion to supplement the Complaint. *See* Dkt. No. 347. The Supplemental Complaint added several new Federal Defendants, namely DOT, Secretary Buttigieg, the TSA, David Pekoske, and Erinn Bostic. *See* Dkt. No. 12-1 ("Supp. Compl."). In the Supplemental Complaint, Plaintiff alleges that on March 14, 2022, he was asked by TSA staff to wear a mask at the security checkpoint in Terminal 1 of John F. Kennedy International Airport. *See* Supp. Compl. ¶¶ 35-38. When he informed TSA staff that he had a doctor's note explaining that he could not wear a mask and permission to fly on Air France without a mask, they explained that he had to speak to Defendant Bostic, who was allegedly "in charge" of the checkpoint. *See* Supp. Compl. ¶¶ 39-40. Plaintiff alleges that Defendant Bostic was "very rude and made a big scene," and would not allow him to pass through the security area without a mask. *See* Supp. Compl. ¶¶ 40-44. Ultimately, Defendant Bostic informed Air France staff that they would need to escort him through security, and he waited thirty minutes for a wheelchair he requested to arrive before he could go through security with the airline escort. *See* Supp. Compl. ¶¶ 44-49, 59.

## LEGAL STANDARD

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "The United States, as sovereign, is immune from suit save as it consents to be sued . . ., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941). "Any waiver of the government's sovereign immunity is to be strictly construed in favor of the government." *Long Island Radio Co. v. NLRB*, 841 F.2d 474, 477 (2d Cir. 1988). On a Rule

12(b)(1) motion, a district court "may refer to evidence outside the pleadings." *Makarova*, 201 F.3d at 113 (citing *Kamen v. American Tel. & Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986)). The plaintiff "has the burden of proving by a preponderance of the evidence that jurisdiction exists." *Giamatti v. Newton*, 452 F. App'x. 24, 27 (2d Cir. 2011).

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a court must accept as true the well-pleaded allegations in the complaint and draw all reasonable inferences in favor of the non-movant, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *Hernandez v. United States*, 939 F.3d 191, 198 (2d Cir. 2019). Ultimately, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Although a pro se complaint must be construed liberally and with 'special solicitude,' it still has to state a plausible claim for relief." *Alroy v. City of New York Law Dep't*, 69 F. Supp. 3d 393, 401 (S.D.N.Y. 2014) (citations omitted). *Pro se* litigants are "not exempt . . . from compliance with relevant rules of procedural and substantive law." *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013) (internal quotation marks omitted).

**ARGUMENT**

## I. PLAINTIFF'S CLAIMS FOR INJUCTIVE RELIEF SHOULD BE DISMISSED AS MOOT

As an initial matter, all of Plaintiff's claims that solely seek injunctive relief—namely, his APA, unconstitutional delegation, and separation of powers claims[2]—are moot because the Order

---

[2] To the extent Plaintiff seeks money damages for these claims, the Court should dismiss them. *See County of Suffolk v. Sebelius*, 605 F.3d 135, 143 (2d Cir. 2010) (noting that "money damages" are unavailable under the APA); *Spinale v. USDA*, 621 F. Supp. 2d 112, 120 (S.D.N.Y. 2009) ("[C]onstitutional claims for damages brought against the United States are routinely dismissed for lack of subject matter jurisdiction on the grounds of sovereign immunity." (citation

has expired and is no longer in force. "[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979) (citation and internal quotation marks omitted). The government's decision to end a policy challenged in litigation may moot a case when (1) "there is no reasonable expectation . . . that the alleged violation will recur," and (2) "interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Id.* (citation and internal quotation marks omitted) (alteration in original). For example, in *Larsen v. U.S. Navy*, 525 F.3d 1 (D.C. Cir. 2008), the D.C. Circuit considered whether the Navy's decision to rescind a policy had mooted certain challenges to that policy. 525 F.3d at 3-5. Although the plaintiffs alleged that the Navy's ongoing defense of the policy was evidence that it would reenact the policy, the D.C. Circuit found that "the mere power to reenact a challenged [policy] is not a sufficient basis on which a court can conclude that a reasonable expectation of recurrence exists. Rather, there must be evidence indicating that the challenged [policy] likely will be reenacted." *Id.* at 4 (citation omitted).

The Eleventh Circuit applied the same mootness principles articulated in *Larsen* to conclude that legal challenges to the Order no longer present a live controversy. The Court recognized that the Order has not been in force since 2022 and held that there was "no reasonable basis to expect the [Order] will be reinstated if" the litigation was dismissed as moot. *Health Freedom Defense Fund v. Biden*, 71 F.4th 888, 892-93 (11th Cir. 2023). That is because on May 11, 2023, the public health emergency with respect to COVID-19 expired. *See End of the Federal COVID-19 Public Health Emergency (PHE) Declaration*, CDC,

---

and internal quotation marks omitted)). In addition, Plaintiff alleges that these claims are not brought against any federal defendants added by the Supplemental Complaint. *See* Supp. Compl. ¶ 66.

https://archive.cdc.gov/www_cdc_gov/coronavirus/2019-ncov/your-health/end-of-phe.html (last visited June 28, 2024). The Order expired, by its terms, at the end of the public health emergency. *See* 86 Fed. Reg. 8025-01 at 8030 ("This Order . . . will remain in effect . . . until the Secretary of Health and Human Services rescinds the determination . . . that a public health emergency exists.").[3]

"[N]othing in the text of the [Order] suggests it can be revived after its expiration, and there is not a grain of evidence that the CDC has any plans" to do so. *Health Freedom Defense Fund*, 71 F.4th at 892. "[C]onjecture" that CDC may reintroduce a masking requirement in the future "do[es] not establish a reasonable expectation that a mask mandate from the CDC will reissue." *Id.* at 893. That reasoning applies with equal force to this case. Because there is no reasonable basis to expect the Order to be reinstated, and the effect of the alleged violation of the law (*i.e.*, a requirement to wear masks on airplanes) has been eliminated, the Court, following *Larsen* and *Health Freedom*, should dismiss all claims for injunctive relief as moot.

## II.    PLAINTIFF'S TORT CLAIMS BASED ON THE CDC ORDER SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION

Plaintiff's various tort claims should be dismissed for lack of subject matter jurisdiction to the extent they are premised on the Government's policy decision to promulgate a mask mandate during a global pandemic, and to determine whether and how to superintend compliance with that mask mandate in airports and on commercial airlines. These claims are barred by the discretionary function exception to the FTCA.

---

[3] Plaintiff also appears to challenge President Biden's January 21, 2021 executive order regarding mask mandates on certain modes of transportation, including airplanes. *See* Compl. ¶¶ 904-17. However, that executive order merely instructs the heads of various agencies to "take action, to the extent appropriate and consistent with applicable law, to require masks to be worn in compliance with CDC guidelines." *See* Compl. Ex. A at 1. That action was subsequently taken in the form of the Order, which has now expired.

As an initial matter, all of the Federal Defendants are improper defendants for FTCA purposes. The FTCA is the exclusive remedy for tort claims against the United States involving the purported negligence of a federal employee acting within the scope of his or her federal employment. 28 U.S.C. § 2679(b)(1); *see also Rivera v. United States*, 928 F.2d 592, 608-09 (2d Cir. 1991). And under the FTCA, "only the United States may be held liable for torts committed by a federal agency, and not the agency itself." *C.P. Chem Co. v. United States*, 810 F.2d 810 F.2d 34, 37 n.1 (2d Cir. 1987); *see also Sereika v. Patel*, 411 F. Supp. 2d 397, 409 (S.D.N.Y. 2006) ("The FTCA precludes tort suits against federal agencies and makes the only proper federal institutional defendant in such an action the United States."). Nor can the Individual Defendants be held liable under the FTCA. The FTCA also "requires that the United States be substituted as *the* party defendant" when "officers or employees of any federal agency" acting within the scope of their employment are sued under the Act.[4] *See, e.g.*, *B & A Marine Co. v. Am. Foreign Shipping Co.*, 23 F.3d 709, 713 (2d Cir. 1994) (emphasis in original). Therefore, for the purposes of Plaintiff's FTCA claims, the United States should be substituted as the defendant in place of the Federal Defendants in this matter.

But once that substitution is complete, this court lacks subject matter jurisdiction over any such claims. The discretionary function exception bars "[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of

---

[4] The FTCA contemplates substitution of the United States in place of an individual defendant "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose." 28 U.S.C. § 2679(d)(1). However, "[a]n express petition for certification is not required and a brief on behalf of named defendants may serve as a petition to certify that they were employees acting within the scope of their employment." *Cates v. Williams*, No. 08 Civ. 1529 (HB), 2009 WL 723021, at *5 (S.D.N.Y. Mar. 19, 2009) (citing *B & A Marine Co.*, 23 F.3d at 715-16). There are no allegations in the Complaint suggesting that the Individual Defendants were not acting within the scope of their employment, and the Government intends for this memorandum of law to serve as a petition to certify that these defendants were indeed employees acting within the scope of their employment. *See Logan v. Matveevskii*, 57 F. Supp. 3d 234, 285 (S.D.N.Y. 2014) (noting that the "law permits [the Government's] Memorandum of Law to serve [this] function"). Should the court, nonetheless, require a formal certification from the U.S. Attorney, such certification can be provided.

a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). "Thus, for acts that fall under the discretionary function exception, the United States has not waived its sovereign immunity, and federal courts lack subject matter jurisdiction over claims premised on those acts." *Cangemi v. United States*, 13 F.4th 115, 130 (2d Cir. 2021). "Because plaintiffs bear the initial burden of showing that their claims against the United States fall within the FTCA's limited waiver of sovereign immunity, plaintiffs also bear the initial burden of showing that their claims are not barred by the discretionary function exception." *Id.* The Supreme Court's jurisprudence on the discretionary function exception has yielded a two-prong test for determining whether the exception applies. *See United States v. Gaubert*, 499 U.S. 315, 324-25 (1991). The first inquiry is whether the alleged conduct contravened a mandatory statute or regulation. *Id.* at 324. "If the employee violates [a] mandatory regulation, there will be no shelter from liability because there is no room for choice and the action will be contrary to policy." *Id.* Here, no mandatory statute or regulation specifically prohibited the Government from promulgating a mask mandate in response to the COVID-19 pandemic. Quite the opposite—Congress has delegated broad discretionary authority to the HHS Secretary (and by extension to the CDC) "to make and enforce such regulations as *in his judgment* are necessary to prevent the introduction, transmission, or spread of communicable diseases from foreign countries into the States or possessions, or from one State or possession into any other State or possession." 42 U.S.C. § 264(a) (emphasis added).

To the extent that the basis for Plaintiff's tort claims is that the Government should have superintended the airlines' enforcement of the disability exception to the Order, that too is not grounded in any mandatory statute or regulation. Indeed, the enforcement authority in the Order itself is highly general and nonspecific. *See* 86 Fed. Reg. 8025-01 at 8030 ("[T]his Order shall be

enforced by the Transportation Security Administration under appropriate statutory and regulatory authorities . . . . This Order shall be further enforced by other federal authorities."). And crucially, Plaintiff does not allege that any mandatory statutes, regulations, or policies were violated in the way that the Government promulgated the Order or chose to superintend the disability exception within the Order.

The analysis therefore turns to the second prong, which considers whether "the judgment or choice in question [is] grounded in considerations of public policy or susceptible to policy analysis." *Coulthurst v. United States*, 214 F.3d 106, 109 (2d Cir. 2000) (citations and internal quotation marks omitted). It cannot be fairly disputed that the Order was grounded in public policy considerations. Faced with a deadly global pandemic, the Government made a policy decision that requiring masks on airlines would help stem the spread of COVID-19. *See* 86 Fed. Reg. 8025-01 at 8029 (noting that the Government has "determined" based on its review of the efficacy of masks and the acute harm posed by COVID-19 "that the mask-wearing requirements . . . are reasonably necessary to prevent the further introduction, transmission, or spread of COVID-19 into the United States and among the states and territories"). And the reason that preventing the spread of COVID-19 was a priority was entirely policy based. The Order makes clear that "[r]equiring masks on our transportation systems will protect Americans and provide confidence that we can once again travel safely even during this pandemic," and that "requiring masks will help us control this pandemic and aid in re-opening America's economy." *Id.*

And the way to superintend the disability exception in the Order was similarly grounded in public policy considerations. Indeed, "[t]he Supreme Court has noted that 'when established government policy, as expressed or implied by statute, regulations, or agency guidelines, allows the Government agent to exercise discretion, it must be *presumed* that the agent's acts are grounded

in public policy when exercising that discretion.'" *Callahan v. United States*, 329 F. Supp. 2d 404, 408 (S.D.N.Y. 2004) (quoting *Gaubert*, 499 U.S. at 324) (emphasis in original). And "for a complaint to survive a motion to dismiss, it must allege facts which would support a finding that the challenged actions are not the kind of conduct that can be said to be grounded in the policy of the regulatory regime." *Gaubert*, 499 U.S. at 324-35. Any alleged tort premised on the notion that the Government should have more closely supervised the airlines' implementation of the disability exception to the Order is grounded in various policy considerations, such as resource allocation when faced with myriad pandemic-related demands.

"The purpose of the discretionary function exception is to 'prevent judicial "second-guessing" of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort.'" *Callahan*, 329 F. Supp. 2d at 407 (quoting *Gaubert*, 499 U.S. at 323). Because Plaintiff's tort claims largely ask this Court to pass judgment on the promulgation and enforcement of the Order, any claims premised on these acts are barred under the discretionary function exception.[5]

## III.   PLAINTIFF FAILS TO STATE ANY TORT CLAIMS BASED ON DEFENDANT BOSTIC'S CONDUCT

Plaintiff asserts negligence, intentional infliction of emotional distress, fraudulent misrepresentation, and "intentional/unintentional tort" claims premised on an interaction that Plaintiff had with Defendant Bostic, who allegedly asked him in a "rude" manner to wear a mask at a TSA checkpoint in John F. Kennedy International Airport. *See* Compl. ¶¶ 1228-1248, 1319-1328; Supp. Compl. ¶ 67.  Plaintiff fails to state a claim as to any of these torts.

---

[5] Plaintiff's tortious interference claim fails for a separate reason. The Court lacks subject-matter jurisdiction over any such claim because the FTCA excludes from its waiver of sovereign immunity "[a]ny claim arising out of . . . interference with contract rights." 28 U.S.C. § 2680(h); *see also Aryai v. Forfeiture Support Assocs.*, 25 F. Supp. 3d 376, 391 (S.D.N.Y. 2012) (dismissing tortious interference claim pursuant to 28 U.S.C. § 2680(h)).

As an initial matter, Plaintiff's tort claims should be assessed under New York law. While Plaintiff alleges that his tort claims are brought under the law of "Texas, New York, New Jersey, California, and many other states," *see, e.g.*, Compl. ¶ 1235, the FTCA's waiver of sovereign immunity is limited with respect to the application of state law. "The FTCA's jurisdictional grant provides district courts with jurisdiction over tort suits against the United States 'if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" *Corley v. United States*, 11 F.4th 79, 85 (2d Cir. 2021) (quoting 28 U.S.C. § 1346(b)). Accordingly, "in an FTCA action, courts are bound to apply the law of the state where the tort occurred." *Borley v. United States*, 22 F.4th 75, 78 (2d Cir. 2021) (citation, internal quotation marks, and alterations omitted). Because Plaintiff's entire interaction with Defendant Bostic took place in New York, New York law applies.

First, Plaintiff fails to state a claim for negligence. "Under New York law, a tort plaintiff seeking to prove a defendant's negligence must show: '(1) the existence of a duty on defendant's part as to plaintiff; (2) a breach of this duty; and (3) injury to the plaintiff as a result thereof." *Id.* at 78. Plaintiff fails to satisfy even the first element. He alleges that "Defendants had a duty to treat Plaintiff with decency, to help him circumvent a policy that would cause him the inability to travel and/or the suffering due to his disability." Compl. ¶ 1237. Yet, Plaintiff fails to allege any facts demonstrating that Defendant Bostic had any duty beyond the ordinary duty of exercising reasonable care as she performed her job of supervising TSA security screening operations in accordance with applicable policies and procedures. Plaintiff's core complaint is that Defendant Bostic was "rude," "unaccommodating," and that he was forced to wait for thirty minutes for an Air France employee to escort him through security because he had requested a wheelchair that took time to arrive. *See* Supp. Compl. ¶¶ 40-60. But ultimately, Plaintiff was able to complete TSA

security screening and board his flight without wearing a mask. *See id.* ¶ 45. Even if Defendant Bostic "might have been rude," her alleged conduct "did not implicate any independent and legally cognizable duty" owed to Plaintiff. *Billings v. American Exp. Co.*, No. 10 Civ. 3487, 2011 WL 5599648, at *8 (D.N.J. Nov. 16, 2011). Indeed, Defendant Bostic had no "duty to provide plaintiff . . . with a customer service system that would provide him with his relief of choice." *See Farash v. Continental Airlines, Inc.*, 574 F. Supp. 2d 356, 367-68 (S.D.N.Y. 2008); *see also* Op. at 94 (airlines have no duty of care to relieve Plaintiff of mask exemption requirements).

Second, Plaintiff has failed to state an IIED claim. Under New York law, "a plaintiff claiming intentional infliction of emotional distress must plead four elements: (1) extreme and outrageous conduct, (2) intent to cause severe emotional distress, (3) a causal connection between the conduct and the injury, and (4) severe emotional distress." *Friedman v. Self Help Cmty. Servs., Inc.*, 647 F. App'x 44, 47 (2d Cir. 2016) (citation and internal quotation marks omitted). "New York courts have found liability for intentional infliction of emotional distress 'only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society.'" *Restis v. Am. Coalition Against Nuclear Iran, Inc.*, 53 F. Supp. 3d 705, 729 (S.D.N.Y. 2014) (quoting *Stuto v. Fleishman*, 164 F.3d 820, 827 (2d Cir. 1999)). Accordingly, mere rudeness and inconvenience do not meet the "extreme and outrageous" standard for an IIED claim. *See* Op. at 97 (citing *Kaye v. Trump*, 873 N.Y.S.2d 5 (1st Dep't 2009)). Nor has Plaintiff alleged any facts suggesting that Defendant Bostic intended to cause severe emotional distress. Instead, "Plaintiff offers nothing more 'than conclusory allegations that [Defendant Bostic] acted with the intent to cause, or in reckless disregard of a substantial probability of causing, severe emotional distress.'" Op. at 98 (quoting *HC2, Inc. v. Delaney*, 510 F. Supp. 3d 86, 106 (S.D.N.Y 2020)). Further,

16

Plaintiff has also failed to allege any facts to establish that he experienced actionably "severe" emotional distress. Plaintiff alleges only that Defendant Bostic's conduct made him feel "very uncomfortable and shameful." *See* Supp. Compl. ¶ 57. But as this Court has already observed, that is insufficient to state a claim for IIED under New York law. *See* Op. at 99-100.

Third, Plaintiff has failed to state a claim for fraudulent misrepresentation. As this Court has already indicated, "[w]hether understood as a fraud claim or a fraudulent concealment claim, the claim . . . fails on the merits." Op. at 117. "To make out a prima facie case of fraud, the complaint must contain allegations of a representation of material fact, falsity, scienter, reliance and injury." *Small v. Lorillard Tobacco Co., Inc.*, 94 N.Y.2d 43, 57 (1999). But as was true with the now-dismissed defendants, Plaintiff never alleges that Defendant Bostic made any statement that she knew was false or with reckless disregard as to its truth. *See* Op. at 118. And "Plaintiff . . . never alleges that he relied upon" any of Defendant Bostic's statements. *Id.* And because in New York "to state a claim for fraudulent concealment, a plaintiff must plead all the elements of fraud and additional elements," any such claim should likewise be dismissed. *Id.* at 119.

Fourth, Plaintiff's claim of "[i]intentional and/or unintentional Tort[s]" should be dismissed for the reasons stated in this Court's opinion. "The allegation appears to be a catch-all, intended to capture those torts suggested by his allegations but not specifically pled by him." Op. at 90 n.41. But "[b]ecause, even construing Plaintiff's claims broadly, none of them state a claim for relief," *id.*, these claims should be dismissed against the United States as well.

## IV.   PLAINTIFF'S CONTRACT CLAIMS SHOULD BE DISMISSED

Plaintiff alleges that HHS, the CDC, NIH, and Drs. Fauci and Redfield[6] somehow "aided and abetted" a breach of contract under California, Texas, New Jersey, and New York law between Plaintiff and various airlines (despite his concession that the Order specifically exempted those with disabilities from wearing a mask). *See* Compl. ¶¶ 1259-63. Plaintiff further alleges that these defendants are liable for promissory estoppel because they committed to "special treatment for those with disabilities," and he was nonetheless prevented from flying without a mask. Compl. ¶ 1275. This Court lacks subject-matter jurisdiction over these claims to the extent they are brought against the HHS, the CDC, and NIH, and Plaintiff fails to state a claim as to Dr. Fauci and Dr. Redfield.

Plaintiff seeks $4.5 billion in damages, including for the alleged breach of contract and promissory estoppel. *See* Prayer for Relief at M. Under the Tucker Act, 28 U.S.C. § 1491 and "Little Tucker Act," 28 U.S.C. § 1346(a)(2), the Court of Federal Claims has exclusive subject matter jurisdiction over non-tort claims against the United States exceeding $10,000 where there is no independent waiver of sovereign immunity other than the Tucker Act itself. *See C.H. Sanders Co. v. BHAP Housing Devel. Fund Co.*, 903 F.2d 114, 119 (2d Cir. 1990). Absent such a waiver, federal district courts lack jurisdiction over non-tort claims against the United States exceeding $10,000. *See Adeleke v. United States*, 355 F.3d 144, 151-52 (2d Cir. 2004); *see also Spinale v. USDA*, No. 05 Civ. 9294 (KMW), 2007 WL 747803, at *2 (S.D.N.Y. Mar. 8, 2007) (dismissing breach of contact claim seeking more than $10,000 in damages for lack of subject-matter jurisdiction). Because Plaintiff has identified no waiver of sovereign immunity for his breach of

---

[6] Plaintiff does not bring contract claims against any federal defendants added by the Supplemental Complaint. *See* Supp. Compl. ¶ 66.

contract or promissory estoppel claims, the Court should dismiss them for lack of subject matter jurisdiction.

Moreover, to the extent Plaintiff alleges that Drs. Fauci and Redfield "aided and abetted" any breach of contract between Plaintiff and various airlines in their individual capacities, those claims are not cognizable under Texas, New York, New Jersey, or California law.[7] And while Plaintiff does not specify which state's law applies to his promissory estoppel claim, any such claim against the Individual Defendants must similarly fail under Texas, New York, New Jersey, or California law—the states in which he claims there was a breach of contract. In each of these states, a plaintiff must allege that the defendant broke their promise to state a claim for promissory estoppel.[8] But Plaintiff never alleges that Dr. Fauci or Dr. Redfield broke any "promise" that those with disabilities would be exempt from mask mandates on planes. Indeed, it is the opposite— Plaintiff alleges that it is the airlines that failed to accommodate his alleged disability in contravention of CDC guidance. *See, e.g.*, Compl. ¶ 1251. And crucially, nowhere does Plaintiff allege that Dr. Fauci or Dr. Redfield took any personal action to interfere with his ability to fly on an airplane without his disability being accommodated. Accordingly, Plaintiff's breach of contract and promissory estoppel claims should be dismissed against Drs. Fauci and Redfield.

---

[7] *See, e.g.*, *1st & Trinity Super Majority, LLC v. Milligan*, 657 S.W.3d 349, 371 (Tex. Ct. App. 2022); *Pomerance v. McGrath*, 2 N.Y.S. 436, 484 (1st Dep't 2015); *JBF Interlude 2009 Ltd. v. Quibi Holdings LLC*, Nos. 20 Civ. 2299, 20 Civ. 2250, 2020 WL 6203555, at *7 (C.D. Cal. Oct. 19, 2020); *see also Bocobo v. Radiology Consultants of South Jersey, P.A.*, No. 02 Civ. 1697, 2005 WL 3158053, at *10 (D.N.J. Nov. 21, 2005) ("[O]ne who is not a party to a contract may not be sued for a breach arising out of it.").

[8] *See, e.g.*, *Pierre v. Standard Ins. Co.*, No. 20 Civ. 257, 2021 WL 2420415, at *12 (W.D. Tex. May 11, 2021) (dismissing promissory estoppel claim where "Plaintiff . . . fails to allege that Defendants broke the promise to her detriment"); *Goldfarb v. Solimine*, 245 N.J. 326, 341 (2021) (noting that a promissory estoppel claim requires "that the promise incurred a detriment due to [its] reliance [on the promise] when the promisor broke the promise"); *Sobel v. Eggleston*, No. 12 Civ. 2551 (DAB), 2013 WL 1344712, at *6 (S.D.N.Y. Mar. 28, 2013) ("[B]ecause Defendants never broke this promise, Plaintiff has failed to show that he was injured by any reliance on the promise."); *Griffin v. Wachovia Mortgage*, No. 11 Civ. 148, 2011 WL 13228012, at *2 (C.D. Cal. July 25, 2011) (dismissing promissory estoppel claim because *inter alia*, "Plaintiff [did] not sufficiently allege that Defendant broke [the] promise").

## V.    PLAINTIFF'S REHABILITATION ACT, SECTION 1985(3), SECTION 1986, AIR CARRIER ACCESS ACT, AND *BIVENS* CLAIMS SHOULD BE DISMISSED UNDER THE LAW OF THE CASE DOCTRINE

This Court has already dismissed Plaintiff's Rehabilitation Act ("RA"), Section 1985(3), Section 1986, Air Carrier Access Act ("ACAA"), and constitutional right to travel claims as to a subset of the airline defendants. And "[t]he law of the case doctrine commands that when a court has [explicitly or implicitly] ruled on an issue, that decision should generally be adhered to by that court in subsequent stages [of] the case." *Ranbir v. Lynch*, 640 F. App'x 105, 108 (2d Cir. 2016) (citation and internal quotation marks omitted). Because the Court's reasoning for dismissing these claims is equally applicable to the Federal Defendants, Plaintiff's RA, Section 1985(3), Section 1986, ACAA and *Bivens* claims should be dismissed for the reasons stated in this Court's March 29, 2024 opinion.

First, this Court dismissed Plaintiff's Rehabilitation Act claims on the ground that Plaintiff failed to allege that he was (1) denied benefits or excluded from participating in a federally funded program or activity, (2) solely because of his disability. *See* Op. at 67-74. Plaintiff alleges that the Federal Defendants aided and abetted the Airline Defendants' Rehabilitation Act violation. *See* Compl. ¶ 1125. But because under the Rehabilitation Act, "aiding and abetting is only a viable theory where an underlying violation has taken place," *Falchenberg v. N.Y. State Dep't of Educ.*, 338 F. App'x 11, 14 (2d Cir. 2009), Plaintiff's Rehabilitation Act claims should be dismissed against the Federal Defendants.

Second, this Court dismissed Plaintiff's Section 1985(3) claims and Section 1986 claims. Plaintiff's Section 1985(3) claims were dismissed on the ground that Plaintiff failed to allege the existence of a conspiracy, or the conspiracy was motivated by an invidious discriminatory motive. *See* Op. at 49-57. And Plaintiff's Section 1986 claims were dismissed on the ground that he failed

20

to plead a valid Section 1985 claim, and that his Section 1986 claim was time-barred. *See* Op. at 57-59. Because Plaintiff does not allege any additional facts that would support either of these claims against the Federal Defendants, those too should similarly be dismissed.

Third, this Court dismissed Plaintiff's ACAA claims because the Second Circuit has held that ACAA "did not create an implied private right of action for passengers injured by the discriminatory acts of a commercial airline." Op. at 64. Because there is no implied right of action under ACAA, this Court should similarly dismiss these claims against the Federal Defendants.[9]

Fourth, one reason this Court dismissed Plaintiff's claim of the violation of his "constitutional right to travel" was because the masking restrictions imposed by the airlines (as a consequence of the CDC's Order) "do not actually deter travel from one State to another or within a State." Op. at 122-23. Accordingly, "[h]aving failed to allege a constitutional violation, plaintiff's *Bivens* claim[s] [should be] dismissed for failure to state a claim upon which relief may be granted." *Estrella v. Menifee*, 275 F. Supp. 2d 452, 459 (S.D.N.Y. 2003).[10]

---

[9] In addition, ACAA does not apply to the Federal Defendants because they are not air carriers. *See Wall v. Ctrs. For Disease Control & Prevention*, No. 21 Civ. 975, 2022 WL 1619516, at *2 n.10 (M.D. Fl. Apr. 29, 2022), *vacated as moot* No. 22-11532, 2023 WL 8667778 (11th Cir. Dec. 15, 2023).

[10] Plaintiff also asserts claims under 42 U.S.C. § 1983. *See* Compl. ¶¶ 917-931, Supp. Compl. ¶¶ 66-67. However, Section 1983 claims "cannot lie against federal officers," *Kingsley v. Bureau of Prisons*, 937 F.2d 26, 30 n.4 (2d Cir. 1991), or federal agencies, *In re Zyprexa Prod. Liab. Litig.*, No. 04 MDL 1596, 2007 WL 2332544, at *1 (E.D.N.Y. Aug. 15, 2007). Courts have instead construed Section 1983 claims against federal officials and agencies as *Bivens* claims. *See La Ford v. Geo Grp. Inc.*, No. 13 Civ. 1978, 2013 WL 2249253, at *3 (E.D.N.Y. May 22, 2013) (characterizing *pro se* plaintiff's section 1983 claims against federal officials as *Bivens* claims); *Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) (affirming the construal of a *pro se* plaintiff's section 1983 claim against a federal agency as a *Bivens* claim and the dismissal of that claim on sovereign immunity grounds).

## VI.    PLAINTIFF'S CLAIMS UNDER STATE AND LOCAL ANTIDISCRIMINATION LAW SHOULD BE DISMISSED

Finally, Plaintiff fails to state any plausible claims under state and local antidiscrimination law.[11] As an initial matter, a claim under any state and local antidiscrimination law cannot be brought against the Agency Defendants because the United States has not waived sovereign immunity for such claims. *See Goode v. U.S. Dep't of Homeland Sec.*, 815 F. App'x 643, 645 (3d Cir. 2020) (noting that the United States has not waived sovereign immunity "for suits under state anti-discrimination laws").

As for the Individual Defendants, Plaintiff has failed to state a claim under any of the cited state laws. First, Plaintiff has failed to allege that the Individual Defendants took any challenged acts within the states of California, New Jersey, or Texas. That is fatal to Plaintiff's California Unruh Civil Rights Act, New Jersey Law Against Discrimination ("NJLAD") claims, and Texas civil rights law claims because those states' laws do not cover acts that took place outside the relevant jurisdiction. *See, e.g.*, *Loving v. Princess Cruise Lines, Ltd.*, No. 08 Civ. 2898, 2009 WL 7236419, at *8 (C.D. Cal. Mar. 5, 2009) ("[T]he Unruh Act . . . [does] not apply to claims of nonresidents of California injured by conduct occurring beyond California's borders."); *Beam v. Johnson & Johnson*, No. 20 Civ. 19217, 2023 WL 5207832, at *4 (D.N.J. Aug. 14, 2023) (dismissing NJLAD claims where claims were "based on conduct by non-New Jersey individuals outside of New Jersey"); *Marmon v. Mustang Aviation, Inc.*, 430 S.W.2d 182, 187 (Tex. 1968)

---

[11] To the extent that all federal claims in the suit are dismissed and all that remains are the state antidiscrimination claims, this Court should decline to exercise supplemental jurisdiction over the state claims. *See Weathers v. Millbrook Cent. Sch. Dist.*, 486 F. Supp. 2d 273, 276 (S.D.N.Y. 2007).

("[T]he presumption is that [Texas] statute[s] [are] intended to have no extraterritorial effect, but to apply only within the territorial jurisdiction of the state.").[12]

Plaintiff's New York City Human Rights Law claims fail because individual liability exists only where an individual "actually participated in the conduct giving rise to the discrimination claim." *Britt v. Merrill Lynch & Co., Inc*, No. 08 Civ. 5356 (GBD), 2011 WL 4000992, at *11 (S.D.N.Y. Aug. 26, 2011) (quoting *Feingold v. New York*, 366 F.3d 138, 157 (2d Cir. 2004)). The Complaint is devoid of allegations that any of the Individual Defendants, with the exception of Defendant Bostic, had any personal involvement in applying the mask requirement to Plaintiff.

And while Plaintiff's Supplemental Complaint does allege that Defendant Bostic was "rude" and asked him to wear a mask while undergoing TSA security screening, Plaintiff fails to state a claim as to her. The NYCHRL is not a "general civility code." *Williams v. N.Y.C. Housing Auth.*, 872 N.Y.S.2d 27, 40 (1st Dep't 2009). Even under the NYCHRL's liberal pleading standard, "the plaintiff must allege 'that the conduct is caused by a discriminatory motive.'" *Cardwell v. Davis Polk & Wardwell LLP*, No. 19 Civ. 10256 (GHW), 2020 WL 6274826, at *19 (S.D.N.Y. Oct. 24, 2020) (quoting *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 110 (2d Cir. 2013)). It is not enough to complain merely of "overbearing or obnoxious" conduct—Plaintiff must allege that "unlawful discrimination was one of the motivating factors . . . for [his] unequal treatment." *Id.* Plaintiff fails to plausibly allege any particular facts to allow this Court to draw the reasonable inference that Defendant Bostic had any discriminatory motive. To the contrary, Plaintiff alleges that Defendant Bostic repeatedly told him that her motivation as to "protect . . .

---

[12] In addition, as Plaintiff acknowledges, the Texas antidiscrimination law upon which he relies prohibits "airplane[s] . . . operating within the state" from "refus[ing] to accept as a passenger a person with a disability because of the person's disability." Tex. Hum Res. § 121.003; *see also* Compl. ¶ 1219. Plaintiff does not allege that any of the Individual Defendants are in the business of operating airlines within the state, placing them outside of the reach of the statute.

the people working in the security area." Supp. Compl. ¶¶ 44, 50. And in fact, Plaintiff alleges that "TSA must do a better job educating its people about the laws," thereby suggesting that Defendant Bostic was unaware of the mask mandate disability exemption rules, as opposed to knowingly making it more difficult for Plaintiff to take advantage of the disability exception to the Order. Supp. Compl. ¶ 57. Indeed, the only allegations in the Supplemental Complaint suggesting that Defendant Bostic had any discriminatory motive are Plaintiff's conclusory assertions that was the case. *See* Supp. Compl. ¶¶ 51, 59-60. Because Plaintiff has failed to allege any facts that allow this Court to give rise to the inference that Defendant Bostic had a discriminatory motive, this Court should dismiss any NYCHRL claims brought against her. *See Cardwell*, 2020 WL 6274826, at *19-26 (dismissing NYCHRL claims for failure to allege discriminatory motive).

Because the United States has not waived sovereign immunity for state antidiscrimination law claims, and Plaintiff has failed to allege that any conduct from the Individual Defendants fall within the ambit of California, New Jersey, Texas, or New York City law, all such claims should be dismissed.

**CONCLUSION**

For the foregoing reasons, the Court should dismiss the Complaint for lack of subject matter jurisdiction and for failure to state a claim.

Dated:  June 28, 2024
        New York, New York

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By:    /s/ *Danielle J. Marryshow*
       DANIELLE J. MARRYSHOW
       Assistant United States Attorney
       86 Chambers Street, 3rd Floor
       New York, New York 10007
       Tel.:  (212) 637-2689
       E-mail: danielle.marryshow@usdoj.gov