UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AARON ABADI,

                      Plaintiff,

     - v -

AMERICAN AIRLINES, INC., *et al.*,

                      Defendants.

No. 23 Civ. 4033 (LJL)

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF FEDERAL DEFENDANTS' MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(1) AND 12(B)(6)

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
*Counsel for Federal Defendants*
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2689
E-mail: danielle.marryshow@usdoj.gov

DANIELLE J. MARRYSHOW
Assistant United States Attorney
    – Of Counsel –

**TABLE OF CONTENTS**

ARGUMENT ......................................................................................................................................2

I.  Plaintiff's Claims for Injunctive Relief Should Be Dismissed As Moot ............................ 2

II. Plaintiff Has Failed To Meet His Burden of Showing That His Tort Claims Do Not Fall Within the Discretionary Function Exception to the FTCA ................................................ 4

III. Plaintiff's Fails to State Any Tort Claims Based on Defendant Bostic's Conduct ............ 5

CONCLUSION ..................................................................................................................................6

## TABLE OF AUTHORITIES

**Cases**                                                                                                                          **Page(s)**

*Cangemi v. United States*,
   13 F.4th 115 (2d Cir. 2021) ................................................................................................. 5

*Health Freedom Defense Fund*,
   71 F.4th 888 (11th Cir. 2023) ........................................................................................... 2, 3

*Levine v. Lawrence*,
   No. 03 Civ. 1694 (DRH), 2005 WL 1412143 (E.D.N.Y. 2005) ............................................... 1

*Nat'l Resource Def. Council v. Zinke*,
   No. 18 Civ. 6903 (AJN), 2020 WL 5766323 (S.D.N.Y. Sept. 28, 2020) ................................. 2

*Sesto v. Slaine*,
   171 F. Supp. 3d 194 (S.D.N.Y. 2016) ..................................................................................... 6

*Video Tutorial Servs., Inc. v. MCI Telecomms. Corp.*,
   79 F.3d 3 (2d Cir. 1996) .......................................................................................................... 2

*Wall v. Ctrs. for Disease Control & Prevention*,
   No. 21 Civ. 975, 2022 WL 1619516 (M.D. Fl. Apr. 29, 2022) ................................................ 5

*Wall v. TSA*,
   No. 21-1220, 2023 WL 1830810 (D.C. Cir. Feb. 9, 2023) ...................................................... 3

Defendants Department of Health and Human Services ("HHS"), National Institutes of Health ("NIH"), Centers for Disease Control and Prevention ("CDC"), Department of Transportation ("DOT"), Pete Buttigieg, Secretary of DOT, in his official capacity, the Transportation Security Administration ("TSA"), the Department of Justice ("DOJ"), (together, the "Agency Defendants"), David P. Pekoske, Administrator of TSA, in his individual capacity, Erinn Bostic, in her individual capacity, Dr. Anthony Fauci, in his individual capacity, and Dr. Robert Redfield, in his individual capacity, (together, the "Individual Defendants," and together with the Agency Defendants, the "Federal Defendants") by their attorney, Damian Williams, United States Attorney for the Southern District of New York, respectfully submit this reply memorandum of law in further support of their motion to dismiss the complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] Plaintiff's opposition brief ("Opp."), ECF No. 385, abandons any challenge to the dismissal of his contract claims and fails to effectively counter any of the Federal Defendants' arguments for dismissal.[2]

---

[1] Plaintiff claims that the Federal Defendants did not serve him with a "[n]otice" as is required by the Local Rules. *See* Opp. at 16. However, Plaintiff has consented to electronic service in this case, *see* ECF No. 11, and a notice of motion was filed on the docket, *see* ECF No. 383.

[2] Plaintiff fails to make any argument in his opposition brief that his contract claims survive dismissal. Therefore, those claims should be dismissed. *See, e.g.*, *Levine v. Lawrence*, No. 03 Civ. 1694 (DRH), 2005 WL 1412143, at *5 (E.D.N.Y. 2005) (citing *Raniola v. Bratton*, 243 F.3d 610, 613 n.1 (2d Cir. 2001)). Further, Plaintiff incorporates by reference his previously made arguments as to his Rehabilitation Act, Section 1985(3), Section 1986, Air Carrier Access Act ("ACAA"), and *Bivens* claims. *See* Opp. at 15. However, Plaintiff makes no argument as to why this Court's prior opinion and order dismissing this action against a subset of the airline defendants does not apply with equal force as to these claims against the Federal Defendants. *See* ECF No. 384 ("Mot.") at 20-21. Finally, Plaintiff rests on his complaint with respect to his state and local antidiscrimination claims. *See* Opp. at 16. For the reasons stated in Federal Defendants' opening brief, those claims should be dismissed. *See* Mot. at 22-24.

**ARGUMENT**

I. **PLAINTIFF'S CLAIMS FOR INJUNCTIVE RELIEF SHOULD BE DISMISSED AS MOOT**

As the Eleventh Circuit held in *Health Freedom Defense Fund v. Biden*, all of Plaintiff's claims for injunctive relief are moot given that the challenged Order expired along with the public health emergency with respect to COVID-19 on May 11, 2023. *See* Mot. at 8-10; *Health Freedom Defense Fund*, 71 F.4th 888, 892-93 (11th Cir. 2023).[3]  In response, Plaintiff first argues that many different entities are re-instituting mask mandates, and that if a "new pandemic" were to occur, the Government would likely reinstitute masking regulations. *See* Opp. at 3-4.  But this is merely speculation of the type that the *Health Freedom* court specifically rejected.  In that case, the Court reasoned that "conjectures of future harms like these do not establish a reasonable expectation that a mask mandate from the CDC will reissue . . . . Moreover, while we think a legal degree confers many advantages, we do not believe that it equips us to accurately predict if or when another global respiratory pandemic will infect our shared world." *Health Freedom*, 71 F.4th at 893.  And importantly, for the "capable of repetition, yet evading review" exception to mootness to apply (which Plaintiff appears to invoke here), a plaintiff must show that the "*same parties* are reasonably likely to find themselves again in dispute over the issues raised" in the case. *Video Tutorial Servs., Inc. v. MCI Telecomms. Corp.*, 79 F.3d 3, 6 (2d Cir. 1996) (per curiam) (citation omitted) (emphasis in original).  Like the appellees in *Health Freedom*, Plaintiff cannot make that showing.  That is because "putting aside the unanswerable question of where [Plaintiff] might be in this

---

[3] Plaintiff argues that his claims for damages are not moot, *see* Opp. at 5-6, but Federal Defendants do not argue that any damages claims are moot—Plaintiff simply cannot seek damages as a remedy for APA or constitutional claims against the Government, *see* Mot. at 8 n.2.  And to the extent Plaintiff seeks declaratory relief for these claims, that request cannot revive his moot claims. *See Nat'l Resource Def. Council v. Zinke*, No. 18 Civ. 6903 (AJN), 2020 WL 5766323, at *10 (S.D.N.Y. Sept. 28, 2020) ("[I]f a case is moot, a request for declaratory judgment will not resuscitate the lawsuit, unless an exception to the mootness doctrine applies." (citation omitted)).

hypothetical situation, there is no guarantee that the president at that time would order agencies to issue a similar mask mandate or that such a mandate would come from the CDC as opposed to another agency." *Health Freedom*, 71 F.4th at 894.

Nor does Plaintiff's reliance on the D.C. Circuit's unpublished ruling in an older case that Plaintiff was involved in, *Wall v. TSA*, No. 21-1220, 2023 WL 1830810 (D.C. Cir. Feb. 9, 2023) change that conclusion. Although the D.C. Circuit concluded that appeal regarding the TSA's masking regulations was not moot, it reached that conclusion in February 2023, when the public health emergency was still in effect and *Health Freedom* was still pending on appeal. On that score, *Wall*'s conclusions on mootness are readily distinguishable from this case, even ignoring the fact that *Wall* involved a different order, issued by a different agency, relying on different statutory authorities.[4] *Wall*, 2023 WL 1830810, at *1. Federal Defendants' (and the Eleventh Circuit's) theory of mootness is thus not at all implicated by the D.C. Circuit's disposition of *Wall* or any arguments the Government made in that case—it is only since the public-health emergency expired, in May of 2023, that Plaintiff's claims for injunctive relief have become moot.

Moreover, Plaintiff's argument that the newly passed FAA Reauthorization Act somehow helps his case is exactly backwards. *See* Opp. at 6. As an initial matter, the FAA is not a defendant in this action, and the law does not implicate the conduct of CDC, the agency that promulgated the challenged masking requirements. But even putting that aside, that the FAA Reauthorization Act prohibits the FAA from "implement[ing] or enforc[ing] any requirement that . . . passengers of air carriers . . . wear a mask as a result of a COVID-19 related public health measure," Pub. L. 118-63, 138 Stat. 1025, 1417 (2024), makes it *less* likely that Plaintiff will be subject to new masking

---

[4] Plaintiff alleges that these claims are not brought against any of the federal defendants added by the Supplemental Complaint, including the TSA. *See* Supp. Compl. ¶ 66.

3

restrictions, not *more* likely. Because there is no reasonable expectation that the CDC's mask mandate will be reinstated, Plaintiff's APA, unconstitutional delegation, and separation of powers claims should be dismissed as moot.

## II. PLAINTIFF HAS FAILED TO MEET HIS BURDEN OF SHOWING THAT HIS TORT CLAIMS DO NOT FALL WITHIN THE DISCRETIONARY FUNCTION EXCEPTION TO THE FTCA

As Federal Defendants explained in their opening brief, the discretionary function exception to the Federal Tort Claims Act ("FTCA") bars Plaintiff's tort claims against the United States[5] that are premised on the decision to promulgate a mask mandate and to superintend compliance with that mask mandate in airports and on commercial airlines because those actions are not regulated by any mandatory statute or regulation and are grounded in public policy considerations. *See* Mot. at 10-14.

In response, Plaintiff argues that a footnote of the Order indicating that carriers "may impose requirements, or conditions for carriage, on persons requesting an exemption from the requirement to wear a mask," and "may also impose additional protective measures that improve the ability of a person eligible for an exemption to maintain social distance," as well as similar language in the TSA's mask mandate and the DOT's Notice of Enforcement Policy, violate ACAA, such that Plaintiff's tort claims fall outside of the discretionary function exception because the Government failed to comply with a mandatory statute. *See* Opp. at 8-12; Compl. ¶¶ 100-104. But Plaintiff can only overcome a motion to dismiss on this score if he can show that the Order or the manner in which the Government superintended the airlines' compliance with the disability exception in the Order "was inconsistent with a . . . 'federal statute, regulation, or policy [that]

---

[5] Plaintiff does not appear to dispute that the United States is the proper defendant in an FTCA action. *See* Opp. at 15.

specifically prescribes a course of action for [the *federal government*] to follow.'" *Cangemi v. United States*, 13 F.4th 115, 130 (2d Cir. 2021) (quoting *Berkovitz by Berkovitz v. United States*, 486 U.S. 531, 536 (1988)) (alterations in original) (emphasis added). But crucially, ACAA does not govern either the promulgation of the Order or the manner in which the Government chose to superintend compliance with the Order because "ACAA only applies to 'air carriers'" and none of the Federal Defendants are "air carrier[s]." *Wall v. Ctrs. for Disease Control & Prevention*, No. 21 Civ. 975, 2022 WL 1619516, at *2 n.10 (M.D. Fl. Apr. 29, 2022) (quoting 49 U.S.C. § 41705(a)), *vacated as moot* No. 22-11532, 2023 WL 8667778 (11th Cir. Dec. 15, 2023).

It is Plaintiff's burden to demonstrate "that [his] claims are not barred by the discretionary function exception." *Cangemi*, 13 F.4th at 130. Plaintiff's invocation of ACAA fails to meet his burden to demonstrate that the discretionary function exception does not apply to his tort claims because he has failed to show that (1) a mandatory statute or regulation that governs the conduct of the federal government was violated by the federal government or (2) that either the promulgation of the Order or the level of supervision regarding the compliance of the Order was not even "susceptible to policy analysis." *See id.*

### III. PLAINTIFF FAILS TO STATE ANY TORT CLAIMS BASED ON DEFENDANT BOSTIC'S CONDUCT

As Federal Defendants argued in their opening brief, Plaintiff fails to state a claim for any torts premised on his interaction with Defendant Bostic. *See* Mot. at 14-17. In response, Plaintiff merely argues that Defendant Bostic "publicly embarrassed [him] for a period of time," and "paraded [him] across the airport," causing him "significant anxiety and emotional distress and trauma." Opp. at 15. But Plaintiff's arguments are not responsive to the Government's arguments in favor of dismissal of his negligence, fraudulent misrepresentation, and "intentional/unintentional tort" claims. And even as to his intentional infliction of emotional

5

distress claims, this Court has already observed that Plaintiff's allegations of public embarrassment do not rise to the level of severe emotional distress necessary to sustain an intentional infliction of emotional distress claim. *See* Dkt. No. 346 ("Op.") at 99. Nor is it sufficient to allege the "extreme and outrageous" conduct necessary to state a claim for intentional infliction of emotional distress. *See Sesto v. Slaine*, 171 F. Supp. 3d 194, 202 (S.D.N.Y. 2016) ("[C]onduct that causes inconvenience and embarrassment or places a person in an uncomfortable situation for a protracted time is not sufficient to state a claim for intentional infliction of emotional distress." (internal quotation marks and citation omitted)). Accordingly, all of Plaintiff's tort claims premised on Defendant Bostic's alleged conduct should be dismissed.

## CONCLUSION

For the foregoing reasons and those set forth in the Federal Defendants' opening memorandum of law, the Court should dismiss the Complaint for lack of subject matter jurisdiction and for failure to state a claim.

Dated: July 19, 2024
      New York, New York

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By:   /s/ *Danielle J. Marryshow*
DANIELLE J. MARRYSHOW
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2689
E-mail: danielle.marryshow@usdoj.gov